**Michael M. Maddigan (Bar No. 163450)**
michael.maddigan@hoganlovells.com
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600

**Neal Kumar Katyal**
neal.katyal@hoganlovells.com
**Anna Kurian Shaw**
anna.shaw@hoganlovells.com
**Lauren Cury**
lauren.cury@hoganlovells.com
**HOGAN LOVELLS US LLP**
555 Thirteenth Street NW
Washington, D.C. 20004
Telephone: (202) 637-5600

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **WPENGINE, INC.**, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**AUTOMATTIC INC.**, a Delaware corporation; and **MATTHEW CHARLES MULLENWEG**, an individual,<br><br>Defendants. | **Case No. 3:24-cv-06917-AMO**<br><br><br><br><br>**Judge: Hon. Araceli Martinez-Olguin**<br>**Crtrm: 10 – 19th Floor** |

# INTRODUCTION

Through its administrative motion for an order to shorten time, Plaintiff seeks to compress Defendants' time to respond to Plaintiff's important preliminary injunction motion (the "Motion") to a mere one week. Specifically, Plaintiff asks to move Defendants' deadline forward to October 25, 2024, from November 1, 2024, the date when Defendants' opposition ordinarily would be due under the local rules. Plaintiff's administrative motion comes at the very same time that, as Plaintiff well knows, Defendants are busy preparing their own motion to dismiss Plaintiff's claims. Defendants' motion to dismiss is due to be filed on October 30, 2024, just two days before the current due date for Defendants' opposition to the preliminary injunction Motion. Defendants' motion to dismiss will highlight the fundamental legal and factual defects in Plaintiff's Complaint – the same defects (in addition to others) that fatally undermine the preliminary injunction Motion.

Because of the overlap between Defendants' own motion to dismiss and Defendants' opposition to Plaintiff's Motion, shortening Defendants' time to respond to the preliminary injunction Motion also would, as Plaintiff well knows, have the practical effect of shortening the time Defendants have to finalize the arguments in their motion to dismiss. Plaintiff's effort to shorten time thus amounts to a tactical gambit that, by either design or effect, would unfairly and unnecessarily shrink the timeframe for Defendants to prepare and file ***both*** their own affirmative motion to dismiss ***and*** their opposition to the preliminary injunction Motion.

Plaintiff provides no compelling reason why Defendants should be required to respond to Plaintiff's Motion on an expedited basis. To the contrary, such a "short fuse" deadline will unfairly prejudice Defendants' ability to respond to Plaintiff's Motion, which is over 400 pages in length and raises many of the key issues in this dispute. While Defendants have no objection to advancing the hearing on Plaintiff's Motion, Defendants request that such hearing take place on a date that is convenient for the Court on or after November 29, 2024. This schedule will facilitate

-1-    Case No. 3:24-cv-06917-AMO
DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO SHORTEN TIME

efficient consideration of Plaintiff's Motion in the context of Defendants' motion to dismiss, the briefing for which will not be complete until November 20, 2024, and which will raise issues which overlap significantly with those in Plaintiff's preliminary injunction motion.

Defendants strongly object to Plaintiff's effort to shorten Defendants' time to complete their opposition to the preliminary injunction Motion. Plaintiff's request should be denied.

### I.  SUMMARY OF DISPUTE: CONTRARY TO PLAINTIFF'S ASSERTIONS, THIS CASE IS NOT ABOUT ACCESS TO WORDPRESS. (LOCAL RULE 6-3(A)(4)).

The administrative motion's misleading summary of the parties' dispute portrays this case as being about Defendants' supposed "abus[ing] of their control" of WordPress. Administrative Motion at 1:15-16. Not so. This case is *not* about Plaintiff's access to WordPress. WordPress is open source software that is, always has been, and remains freely available to Plaintiff— anyone in the world, including Plaintiff, can visit https://github.com/WordPress/WordPress and download WordPress software for their own use, for free. Rather than being about access to WordPress software, this case instead is about WordPress.org – a website owned and run by Defendant Matt Mullenweg individually, for the benefit of the community he loves.

WordPress.org is not WordPress. WordPress.org is not Automattic or the WordPress Foundation, and is not controlled by either. To the contrary, as Plaintiff itself acknowledges, WordPress.org is Mr. Mullenweg's responsibility.

Mr. Mullenweg has no contracts, agreements, or obligation to provide WP Engine access to the network and resources of WordPress.org. WP Engine points to no terms, conditions, or permissions that entitle them to such access. Nevertheless, WP Engine, a private equity-backed company, made the unilateral decision, at its own risk, to build a multi-billion dollar business around Mr. Mullenweg's website. In doing so, WP Engine gambled for the sake of profit that Mr. Mullenweg would continue to maintain open access to his website for free. That was their choice.

Now, because of WP Engine's conduct, because of the threat WP Engine poses to the beloved community Mr. Mullenweg has worked so hard to build, and because of WP Engine's legal threats and actions against him personally, Mr. Mullenweg has decided that he no longer will provide free access to his website to the corporation that is suing him. Understandably, WP Engine is not happy with Mr. Mullenweg's decision, and this lawsuit is WP Engine's attempt to use this Court to compel the access it never secured by contract and has no right to by law.

## II. PLAINTIFF WILL SUFFER NO GRAVE HARM OR PREJUDICE UNDER THE ORDINARY BRIEFING SCHEDULE. (LOCAL RULE 3-6 (A)(1), (A)(3)).

Plaintiff's administrative motion focuses on the supposed harm Plaintiff will suffer if the hearing on the preliminary injunction Motion is not advanced from March because "[t]wo months – let alone five months – in this industry is a lifetime." Administrative Motion at 4:3-4. But Plaintiff's administrative motion does not and could not plausibly point to any grave harm that Plaintiff will suffer by allowing Defendants the ordinary two-week time period to oppose Plaintiff's motion. Indeed, Plaintiff's (overly) dramatic description of its allegations only underscores that it is in the Court's interest, as well as Defendants' interest, to have the serious issues raised by Plaintiff's motion fully briefed in a careful fashion, not in an unduly compressed timeframe. As Defendants already have noted, Defendants have no objection to advancing *the hearing* on Plaintiff's Motion to a time on or after November 29 that is convenient for the Court. But Defendants need the two weeks allowed by the local rules to respond to Plaintiff's Motion, particularly given their parallel work on their motion to dismiss during this same short period.

More broadly, WP Engine's protestations of prejudice ring hollow because, as even its own administrative motion implicitly makes clear, WP Engine only has itself to blame for its current predicament. The purported harm WP Engine describes in its administrative motion results directly from its decision to build its business around a third-party website – Mr. Mullenweg's

website – that WP Engine has no legal entitlement to access or use.

WP Engine's preliminary injunction Motion asks this Court to compel that access, to require specific performance of a contract that does not exist, and to force Mr. Mullenweg to continue to provide free services to a private equity-backed company that would rather not expend the resources itself. There is no basis in law or equity for the Court to do so. Given the dramatic, factually unwarranted, and legally unsupportable effect the injunction sought by Plaintiff's Motion would have on Defendants, Defendants should be afforded the ordinary two-week period provided by the local rules in order to oppose Plaintiff's preliminary injunction Motion.

### III. DEFENDANTS INFORMED PLAINTIFF THAT THEY DO NOT OPPOSE ADVANCING THE HEARING ON PLAINTIFF'S MOTION, BUT PLAINTIFF ALSO REQUIRED DEFENDANTS TO AGREE TO ILL-DEFINED SUBSTANTIVE PROVISIONS TO OBTAIN THE ORDINARY TIME FOR BRIEFING UNDER THE LOCAL RULES. (LOCAL RULE 6-3 (A)(2), (A)(4)).

As Plaintiff's administrative motion describes, Plaintiff met and conferred with Defendants about its motion to shorten time on the afternoon of Friday, October 18, 2024, just a few hours before Plaintiff filed the motion. During the parties' discussion, Defendants explained that they did not oppose Plaintiff's proposal to move the hearing to an earlier date at a reasonable time after the parties' briefing on the Motion is completed. Decl. of Michael M. Maddigan, ¶ 3. Defendants explained that, due to their work on their motion to dismiss due on October 30, 2024, Defendants believe it would be appropriate and desirable for them to have a few extra days to complete work on their opposition to Plaintiff's preliminary injunction Motion. *Id*. In response, however, Plaintiff demanded that, in order for Plaintiff to agree not to proceed with its administrative motion to shorten time, Defendants would have to agree *that afternoon* to vague and ill-defined substantive relief for Plaintiff – relief that Plaintiff incorrectly described as preserving "the status quo" – until the Court can hold a hearing on Plaintiff's Motion. *Id*. at ¶¶ 3, 5.

While Plaintiff of course has the right to seek to shorten time, the practical reality is that Plaintiff's Friday afternoon ultimatum to Defendants did not give Defendants sufficient time to understand or consider the substantive terms Plaintiff proposed as a condition for its agreement not to proceed with its motion to shorten time. In any event, Defendants do not believe there is any good reason to condition the ordinary briefing schedule provided by the local rules on substantive agreements between the parties that would last until the to-be-determined hearing date on Plaintiff's Motion. Rather, Defendants merely seek – and believe the Court should afford them – the ordinary two-week time period provided by the local rules to respond to Plaintiff's Motion.

IV. **ALLOWING DEFENDANTS THE ORDINARY TWO WEEK TIME PERIOD TO OPPOSE WILL HAVE NO EFFECT ON THE CASE SCHEDULE. (LOCAL RULE 6-3(A)(6)).**

This case is a new case – the Complaint was just filed on October 2, 2024. The Court has not yet set a case schedule. The Court has not yet entered a scheduling order or set a trial date. Accordingly, allowing Defendants the customary two-week time period to respond to Plaintiff's preliminary injunction Motion will not have any effect on the case schedule.

V. **THE ONLY TIME MODIFICATION PREVIOUSLY AGREED TO BY THE PARTIES EXTENDED DEFENDANTS' TIME TO RESPOND TO THE COMPLAINT BY A FEW DAYS – FROM OCTOBER 28, 2024 TO OCTOBER 30, 2024. (LOCAL RULE 6-3(A)(5)).**

Defendants previously requested, and Plaintiff agreed to, a short extension for Defendants to respond to the Complaint, from October 28, 2024 to October 30, 2024.

### CONCLUSION

For these and all the foregoing reasons, Plaintiff's administrative motion to shorten time should be denied. Instead, Defendants' opposition to Plaintiff's Motion for a preliminary injunction should be briefed under the ordinary schedule provided by the local rules and, after briefing is completed, the Court should set a hearing date that is convenient for the Court.

| Dated: October 22, 2024 | By: | */s/ Michael M. Maddigan* |
|---|---|---|
| | | Michael M. Maddigan |
| | | **HOGAN LOVELLS US LLP** |
| | |    Michael M. Maddigan (Bar No. 163450) |
| | |    Neal Kumar Katyal |
| | |    Anna Kurian Shaw |
| | |    Lauren Cury |
| | | *Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg* |