Michael M. Maddigan (Bar No. 163450)
michael.maddigan@hoganlovells.com
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600

Neal Kumar Katyal, *pro hac vice*
neal.katyal@hoganlovells.com
Anna Kurian Shaw, *pro hac vice*
anna.shaw@hoganlovells.com
Lauren Cury, *pro hac vice*
lauren.cury@hoganlovells.com
**HOGAN LOVELLS US LLP**
555 Thirteenth Street NW
Washington, D.C. 20004
Telephone: (202) 637-5600

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>Defendants. | Case No. 3:24-cv-06917-AMO<br><br>**DECLARATION OF MICHAEL M. MADDIGAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR AN ORDER TO SHORTEN TIME TO HEAR MOTION FOR A PRELIMINARY INJUNCTION**<br><br>**[L.R. 6-3]**<br><br>Judge: Hon. Araceli Martinez-Olguin<br>Crtrm: 10 – 19th Floor |

# DECLARATION

I, Michael M. Maddigan, declare:

1. I am a partner in the law firm of Hogan Lovells US LLP, counsel of record for Defendants Automattic, Inc. and Matthew Charles Mullenweg. I am one of the attorneys responsible for representing Defendants in this action. I make this Declaration in support of Defendants' opposition to Plaintiff's Administrative Motion For An Order To Shorten Time To Hear Motion For A Preliminary Injunction. I have personal knowledge of the facts stated in this declaration and would, if called as a witness, competently testify to those facts.

2. On October 18, 2024, Plaintiff filed a Motion for a Preliminary Injunction in this case. (ECF No. 17). Also on October 18, 2024, counsel for Plaintiff requested to meet and confer with Defendants' counsel about an expedited briefing and hearing schedule for the preliminary injunction motion. On the afternoon of October 18, 2024, my colleagues Anna Kurian Shaw, Lauren Cury, Hadley Dreibelbis, and I participated in a Zoom conference with Plaintiff's counsel Rachel Kassabian, Yury Kapgan, and Yvonne Yi Zhang to discuss Plaintiff's request for an expedited briefing and hearing schedule.

3. During our discussion with Plaintiff's counsel, my colleagues and I explained that Defendants did not object to advancing the hearing on the preliminary injunction motion forward from March 2025 to a mutually agreeable date after the briefing on the motion is completed. We also explained that, since Defendants' motion to dismiss is due on October 30, 2024, we think it would make sense for Defendants' opposition to be due a few days later than the November 1, 2024 due date provided under the local rules. In response, Defendants' counsel indicated that they would not agree to any briefing schedule other than the shortened schedule they planned to request from the Court unless Defendants provided certain assurances to Plaintiff (which are discussed further in paragraph 5).

4. As the meet and confer discussion progressed, counsel addressed the following issues: (i) whether Plaintiff is requesting an expedited briefing schedule in addition to advancing the hearing forward from March 2025; (ii) the expedited date by which Plaintiff seeks to require Defendants to file an opposition brief; and (iii) the conditions that Plaintiff would demand

-1-   Case No. 3:24-cv-06917-AMO

1  Defendants satisfy in exchange for agreeing that Defendants can file their brief on the ordinary
2  due date under the local rules or on a later date soon thereafter pursuant to a stipulated agreement
3  between the parties.
4     5.  In order to agree to an ordinary, or longer, briefing schedule, Plaintiff demanded
5  assurances, through stipulation or in some other acceptable form, that Defendants would "maintain
6  the status quo," which Plaintiff's counsel defined as including agreements that (i) Defendants will
7  not make any new modifications or changes to the functioning of Plaintiff's plugins and
8  extensions, (ii) Defendants will not make any new modifications or changes to the functioning of
9  WordPress plugins and extensions used by Plaintiff or its customers, and (iii) Defendants will not
10 interfere with WPE's existing customer relationships on a going forward basis.  Plaintiff's counsel
11 indicated that, if Defendants did not agree to these terms by early Friday evening, then Plaintiff
12 would proceed to file its motion to shorten time.
13    6.  The timing of Plaintiff's proposal, the ambiguities in and seemingly inaccurate premises
14 of Plaintiff's requested "assurances," and the near-immediate response demanded by Plaintiff to
15 its demands all precluded the parties from reaching agreement on either (i) a briefing schedule that
16 would proceed according to the local rules or (ii) an expedited briefing schedule, before Plaintiff
17 filed its administrative motion to shorten time.
18    7.  Defendants plan to move to dismiss Plaintiff's claims and Defendants' motion is due on
19 or before October 30, 2024.  Because the arguments Defendants intend to make in their motion to
20 dismiss overlap in part with the arguments Defendants will advance against the motion for
21 preliminary injunction, Plaintiff's motion to shorten time, if granted, effectively also would
22 shorten the time for Defendants to complete their motion to dismiss, not just their opposition to
23 Defendants' motion for a preliminary injunction.  In addition, Defendants believe that Plaintiff's
24 preliminary injunction motion is entirely lacking in legal and factual support, and Defendants
25 deserve and request the ordinary time provided by the local rules to respond to the important
26 issues that Plaintiff's motion raises.  The abbreviated schedule sought by Plaintiff would unfairly
27 prejudice Defendants' ability to respond to the motion, particularly given the parallel work
28 Defendants must simultaneously complete on their motion to dismiss.

8. This case was filed less than a month ago. The Court has not yet issued a scheduling order and trial has not been set. Defendants requested, and Plaintiff agreed to, a short extension of a few additional days (to October 30, 2024) for Defendants to respond to Plaintiff's Complaint, while simultaneously resolving a disagreement between the parties over the validity of service. No other extensions or modifications of any deadline have been granted either by stipulation or Court order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 22nd day of October, 2024, in Los Angeles, California.

*/s/ Michael M. Maddigan*

Michael M. Maddigan