Michael M. Maddigan (Bar No. 163450)
michael.maddigan@hoganlovells.com
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600

Neal Kumar Katyal, *pro hac vice pending*
neal.katyal@hoganlovells.com
Anna Kurian Shaw, *pro hac vice pending*
anna.shaw@hoganlovells.com
Lauren Cury, *pro hac vice pending*
lauren.cury@hoganlovells.com
**HOGAN LOVELLS US LLP**
555 Thirteenth Street NW
Washington, D.C. 20004
Telephone: (202) 637-5600

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>Defendants. | Case No. 3:24-cv-06917-AMO<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION FOR AN ORDER TO SHORTEN TIME FOR BRIEFING AND TO ADVANCE HEARING ON MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>**[L.R. 6-3]**<br><br>Judge: Hon. Araceli Martinez-Olguin<br>Crtrm: 10 – 19th Floor |

**INTRODUCTION**

Through this administrative motion for an order to shorten time, Defendants Automattic, Inc. and Matthew Mullenweg ("Defendants") seek to shorten time for briefing and to advance the hearing on their motion to dismiss (ECF No. 36) and motion to strike (ECF No. 38) (collectively "the Motions"), filed on October 30, 2024. Specifically, Defendants request that (i) any opposition to the Motions be filed by November 11, 2024 (rather than the November 13, 2024 deadline that would otherwise apply under the local rules), (ii) any reply brief in support of the Motions be filed on November 18, 2024 (rather than the November 20, 2024 deadline that would otherwise apply under the local rules); and (iii) the Motions be heard on November 26, 2024 (rather than the March 6, 2025 noticed hearing date), when Plaintiff's motion for preliminary injunction, which involves overlapping issues, already is scheduled to be heard.

Proceeding with the hearing on Defendants' Motions on the same day as Plaintiff's' motion for a preliminary injunction makes sense, and would be efficient for both the parties and the Court because (i) the Motions will be fully briefed by the time the preliminary injunction motion is scheduled to be heard, (ii) the issues presented by the motion to dismiss overlap with the issues presented by the Plaintiff's preliminary injunction motion and the motion to strike is intertwined with the motion to dismiss, (iii) the viability of Plaintiff's claims is relevant to the Court's determination of the preliminary injunction motion; and (iv) as a result of the overlapping and intertwined issues between and among the Defendants' Motions and Plaintiff's preliminary injunction motion, Defendants will be prejudiced if the Court does not have the opportunity fully to consider the fatal deficiencies in Plaintiff's Complaint and allegations as the Court evaluates whether to grant Plaintiff's motion for a preliminary injunction.

**ARGUMENT**

Local Rules 6-1 and 6-3 provide that a request to shorten time may be made by administrative motion. Under Local Rule 6-3, the motion must: (1) set forth with particularity the reasons for the request to shorten time; (2) describe the efforts made to obtain a stipulation to the shortening; (3) identify the harm or prejudice that will occur if the Court does not shorten time; (4) describe the moving party's compliance with Local Rule 37-1, if applicable, and the nature of the

1  underlying dispute; (5) disclose all previous time modifications, whether by stipulation or order;
2  and (6) describe the effect the requested modification would have on the schedule for the case.
3  Local Rule 6-3(a).

4  **I.   SUMMARY OF THE UNDERLYING DISPUTE (LOCAL RULE 6-3(4)(ii))**

5  Two decades ago, Defendant Matt Mullenweg ("Matt") co-founded the WordPress
6  software.  This software allows anyone to create websites easily and effectively.  Devoted to the
7  ethos of open source, WordPress was made available under an open source license.  WordPress
8  software now powers over 43% of the internet and is the most widely-used content management
9  system in the world.

10  Defendant Automattic is a company that offers WordPress compatible hosting platforms
11  and operates under the WordPress.com brand.  The WordPress Foundation is a 501(c)(3) public
12  benefit corporation dedicated to educating the public about WordPress and open source software.
13  Separate from the WordPress software, from Automattic, and from the Foundation is a website
14  that Matt owns and supports called [www.WordPress.org](http://www.WordPress.org) ("the Website").  The Website provides
15  access to the WordPress software as well as countless plug-ins and other forms of support and
16  information. Matt and employees of Automatic spend thousands of hours maintaining the Website
17  and access to the Website is provided for free.

18  Plaintiff WPEngine ("WP Engine") is a private equity backed WordPress hosting service.
19  WP Engine uses various of the free resources on the Website.  However, WP Engine WPE has no
20  right to use the Website and no agreement with Matt or anyone else giving it the right to use the
21  Website's resources.  WP Engine has never attempted to secure that right.  Because of recent
22  actions by WP Engine that have harmed the WordPress community, Matt recently decided to
23  restrict WP Engine's access to certain portions of the Website.

24  This lawsuit and the preliminary injunction motion is WP Engine's response to those
25  restrictions.  WP Engine is asking this Court to compel Matt to provide certain Website resources
26  and support to WP Engine for free, in the absence of any contract, agreement, or promise to do so.
27  They are also seeking to restrict Matt's ability to express openly his perspective that WP Engine's
28  practices negatively impact the WordPress platform and community, and Automattic's ability to

compete to provide hosting services for the benefit of consumers. There is no legal or factual basis for this relief. The vast majority of WP Engine's claims should dismissed which will doom WP Engine's preliminary injunction motion.

## II. SHORTENING TIME WILL PROMOTE EFFICIENT CONSIDERATION OF OVERLAPPING ISSUES PRESENTED BY MULTIPLE MOTIONS AND WILL ENSURE THAT DEFENDANTS' CHALLENGES TO PLAINTIFF'S COMPLAINT ARE PROPERLY CONSIDERED (LOCAL RULE 6-3 (1), (3))

After filing this lawsuit, Plaintiff has sought to rush it forward based on false allegations and exaggerated claims of harm. Specifically, Plaintiff filed a motion for a preliminary injunction and then sought to expedite the briefing and hearing on that motion. As Defendants' motions to dismiss and to strike show, however, Plaintiff's legal claims are fundamentally flawed.

The defects in Plaintiff's pleading and the insufficiency of its legal and factual allegations underscore why Plaintiff's request for a preliminary injunction is improper and should be denied. Because assessing Plaintiff's likelihood of prevailing is an important component of the Court's analysis of the Plaintiff's preliminary injunction motion, it makes sense from both a substantive and efficiency perspective for the Court to consider Defendants' motion to dismiss at the same time as Plaintiff's preliminary injunction motion. And because the motion to strike is intertwined with the motion to dismiss, there are efficiencies gained by the Court considering both of Defendants' Motions together.

Although Defendants recognize that advancing the hearing on the Motions will undoubtedly impose an additional burden on the Court, *not* advancing the hearing also will create an additional burden. If the Court does not advance the hearing, then (i) at minimum, the Court will be forced to address the same overlapping issues twice – once in the context of Plaintiff's preliminary injunction motion and then again, later, in the context of Defendants' motion to dismiss, and (ii) the Court would be deprived of complete briefing on the sufficiency of Plaintiff's Complaint, potentially impacting the quality and timing of its decision on Plaintiff's preliminary injunction motion.

Because the issues raised in Defendants' motion to dismiss bear importantly on whether Plaintiff's preliminary injunction motion should be granted and because the motion to strike is intertwined with the motion to dismiss, the Court should consider the briefing and hold the hearing on Defendants' Motions at the same time as it evaluates Plaintiff's preliminary injunction motion.

### III. DEFENDANTS SOUGHT A STIPULATION TO THEIR REQUEST TO SHORTEN TIME AND PLAINTIFF REFUSED.  (LOCAL RULE 6-3 (2))

On October 30, 2024, after filing the Motions, Defendants' counsel Lauren Cury emailed Plaintiff's counsel proposing the expedited briefing schedule that Defendants now seek through this motion.  Specifically, Defendants proposed that Plaintiff's oppositions to Defendants' Motions be filed by November 11, 2024 (rather than the November 13, 2024 deadline that would otherwise apply under the local rules), Defendants reply briefs in support of their Motions be filed on November 18, 2024 (rather than the November 20, 2024 deadline that would otherwise apply under the local rules); and (iii) the Motions be heard on November 26, 2024 (rather than the March 6, 2025 noticed hearing date), on the same day that Plaintiff's motion for preliminary injunction, which involves overlapping issues, already is scheduled to be heard.

The parties further discussed Defendants' proposal to shorten time during their Rule 26 conference on October 31, 2024.  Following the conference, Plaintiff's counsel responded that Plaintiff is not willing to agree to shorten time because (i) Plaintiff does not agree that the Motions are interrelated in the way that Defendants believe they are, (ii) there is no "emergency" to Defendants' Motions, and (iii) Plaintiff is considering, or wishes to consider, amending its Complaint in light of Defendants' Motions.

Defendants disagree.  First, each of the five claims underlying Plaintiff's motion for preliminary injunction is also the subject of Defendants' motion to dismiss. Second, the "emergency" is one of Plaintiff's own creation, namely its ill-advised preliminary injunction motion on claims that are susceptible to dismissal.  The "emergency" is further exacerbated by Plaintiff's request for an expedited hearing on its motion for preliminary injunction, and its refusal to shorten the briefing schedule for Defendants' Motions by a mere two days and expedite the hearing so that all the motions could be heard together is nothing short of hypocrisy.

1 And finally, despite Defendants having advised Plaintiff that they intended to move to dismiss nearly two weeks ago, Plaintiff, for the first time, and after Defendants filed their expedited opposition to the preliminary injunction motion and Motions, raises the possibility that it may amend the Complaint and moot the Motion to Dismiss.  Such amendment, if permitted, would also likely moot Plaintiff's preliminary injunction motion.  If amendment is likely,  Plaintiff should inform the Court to avoid further wasting judicial and party resources.

### IV. THIS REQUEST IS SIMILAR TO PLAINTIFF'S OWN REQUEST TO EXPEDITE THE PRELIMINARY INJUNCTION MOTION AND WOULD HAVE NO DELAYING IMPACT ON THE OVERALL CASE SCHEDULE.  6-3 (5), (6)

The expedited briefing schedule Defendants seek is consistent with the expedited schedule granted by this Court with respect to Plaintiff's Motion for Preliminary Injunction.  ECF 34.  Plaintiff previously requested that the Court advance the hearing date on the preliminary injunction motion from March 2025 to the earliest date possible after briefing is completed and, as noted, the Court set the preliminary injunction hearing for November 26, 2024.  Additionally, the Court shortened Defendants' time to oppose Plaintiff's motion by 2 days, and Plaintiff's time to reply by 4 days.  These are the same adjustments Defendants seek here.

In addition, Defendants previously requested, and Plaintiff agreed to, a short three-day extension for Defendants to respond to the Complaint, from October 28, 2024 to October 30, 2024, as part of resolving a disagreement between the parties about the effectiveness of service on Matt.

The above have been the only adjustments of time in this case. The Court has not yet entered a scheduling order or set a trial date.  Defendants' Motions are currently noticed for hearing in March 2025.  Accordingly, expediting the brief on Defendants' Motions by a few days and having the hearing on the Motions at the same time as the hearing on the preliminary injunction motion will not have any effect on the case schedule and may help expedite the case's progress, in addition to ensuring efficient consideration of the overlapping issues implicated by all three motions.

## CONCLUSION

For these and all the foregoing reasons, Defendants respectfully request that their administrative motion be granted, that the briefing schedule on Defendants' motion be shortened, and that hearing on Defendants' motions be set at the same time as the hearing on Plaintiff's preliminary injunction motion.

Dated: November 1, 2024

By: */s/ Michael M. Maddigan*
Michael M. Maddigan

**HOGAN LOVELLS US LLP**
Michael M. Maddigan (Bar No. 163450)
Neal Kumar Katyal, *pro hac vice pending*
Anna Kurian Shaw, *pro hac vice pending*
Lauren Cury, *pro hac vice pending*

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*