QUINN EMANUEL URQUHART & SULLIVAN LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for Plaintiff WPEngine, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>Defendants. | Case No. 3:24-cv-06917-AMO<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION FOR AN ORDER TO SHORTEN TIME FOR BRIEFING AND TO ADVANCE HEARING ON MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>Judge: Honorable Araceli Martínez-Olguín |

By its Administrative Motion (Dkt. 43), Defendants seek to have their pending Motion to Dismiss (Dkt. 36) and Motion to Strike (Dkt. 38) briefed and heard on shortened time. Their request is unnecessary because, as WPEngine, Inc.'s ("WPE") counsel previewed for defense counsel last week, Plaintiff WPE will be filing an Amended Complaint next week, which will moot Defendants' pending motions. Defendants' Administrative Motion should therefore be denied.

**ARGUMENT**

As Defendants acknowledge, on October 31, 2024, the day after Defendants filed their Motion to Dismiss and Motion to Strike, WPE advised Defendants that it was considering amending its complaint, which of course would moot both motions. Dkt. 43 at 4. Now, having had the opportunity to further consider Defendants' motions, as well as the additional wrongful actions Defendants have taken to inflict further harm on WPE since the filing of the Complaint, WPE confirms it will be amending its complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B), including to add multiple new causes of action.

WPE's amended complaint will moot Defendants' Motion to Dismiss, Request for Judicial Notice, and Motion to Strike. *Gamble v. Kaiser Found. Health Plan, Inc.*, 2018 WL 2010974, at *1 (N.D. Cal. Apr. 30, 2018) (dismissing motion to dismiss and motion to strike "as moot" where plaintiff is granted leave to file an amended complaint); *Exeltis USA, Inc. v. First Databank, Inc.*, 779 F. App'x 486, 487 (9th Cir. 2019) ("the filing of an amended complaint mooted the appeal of the denial of an anti-SLAPP motion to strike" because "no effective relief" is available); *Optinrealbig.com, LLC v. Ironport Sys., Inc.*, 2004 WL 1737275, at *1 (N.D. Cal. July 28, 2004) ("the FAC mooted the anti-SLAPP Motion because a plaintiff's ability to amend a complaint as of right trumps a defendant's anti-SLAPP Motion"). Thus, there will be no need for a hearing on them, and Defendants' Administrative Motion will also be moot and therefore should be denied.

Defendants assert that an amended complaint "would also likely moot Plaintiff's preliminary injunction motion." (Dkt. 43 at 5.) Defendants are incorrect. Where the claim forming the basis for a motion for preliminary injunction "remains in an amended pleading and the motion for injunctive relief does not rely on factual allegations that substantially differ between the superseded and amended complaint, construing a motion for injunctive relief as relying on the amended

pleading is appropriate." *See JBF Interlude 2009 Ltd – Israel v. Quibi Hldgs., LLC*, 2020 WL 3963863, at *6 (C.D. Cal. Jul. 13, 2020). Indeed, "requiring the refiling [of a new preliminary injunction motion] . . . would be a needless waste of party and judicial resources. . . . the Motion is not rendered moot." *Id.* Stated another way, where (as here) the amendments to the complaint will not alter the core issues raised in the preliminary injunction motion, the filing of an amended complaint has no impact on the preliminary injunction proceedings. *See also Perlot v. Green*, 609 F. Supp. 3d 1106, 1112 (D. Idaho 2022) ("there is no need for Plaintiffs to refile the PI Motion as the issues raised therein remain the same between both complaints"); *16 Front St. LLC v. Miss. Silicon, LLC*, 2015 WL 4665223, at *5 n.8 (N.D. Miss. July 30, 2015) ("[A]s long as the issues raised in the [preliminary injunction] motion apply equally to the original and amended complaints, the court may simply consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance.") (internal quotation omitted).

Equally unavailing is Defendants' suggestion that a motion to dismiss must be heard contemporaneously with a preliminary injunction motion. Indeed, the entire reason emergency injunctive relief is available is so that irreparable harm can be avoided during the pendency of the proceeding, with the merits of the litigation being sorted out later. *See Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1024 (9th Cir. 2016) (The "purpose of a preliminary injunction is to preserve the status quo ante litem pending a determination of the action on the merits.") (citation omitted). The parties can litigate any challenges to the pleadings in due course; such routine motion practice does not warrant any expedited treatment.

## CONCLUSION

WPE respectfully requests that Defendants' Administrative Motion be denied.

Dated: November 5, 2024           Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN LLP


By */s/ Rachel Herrick Kassabian*
   Rachel Herrick Kassabian
   *Attorneys for Plaintiff, WPEngine, Inc.*