Michael M. Maddigan (Bar No. 163450)
michael.maddigan@hoganlovells.com
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600

Jiaxing (Kyle) Xu (Bar No. 344100)
kyle.xu@hoganlovells.com
**HOGAN LOVELLS US LLP**
4 Embarcadero Center, Suite 3500
San Francisco, CA 94103
Telephone: (415) 374-2300

Neal Kumar Katyal, *pro hac vice*
neal.katyal@hoganlovells.com
Anna Kurian Shaw, *pro hac vice*
anna.shaw@hoganlovells.com
Lauren Cury, *pro hac vice*
lauren.cury@hoganlovells.com
Hadley Dreibelbis, *pro hac vice*
hadley.dreibelbis@hoganlovells.com
**HOGAN LOVELLS US LLP**
555 Thirteenth Street NW
Washington, D.C. 20004
Telephone: (202) 637-5600

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>Defendants. | Case No. 3:24-cv-06917-AMO<br><br>**DEFENDANTS AUTOMATTIC INC. AND MATTHEW CHARLES MULLENWEG'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Araceli Martinez-Olguin<br>Courtroom: 3, 3rd Floor, Oakland<br>Hearing Date: November 26, 2024<br>Hearing Time: 10:30 a.m. |

Pursuant to Local Rule 7-11, Defendants Automattic Inc. and Matthew Charles Mullenweg (collectively, "Defendants") file this administrative motion to respectfully seek leave of the Court to file the attached short five-page Surreply in order to highlight misrepresented evidence and caselaw raised for first time by Plaintiff WPEngine Inc. ("WP Engine") in its reply brief in support of its motion for preliminary injunction ("Reply").

This Court may grant leave to file a Surreply and "[a] decision to grant or deny leave to file a sur-reply is generally committed to the sound discretion of the court." *Warren v. City of Chico*, No. 2:21-CV-00640-DAD-DMC, 2024 WL 4803960, at *1 (E.D. Cal. Nov. 15, 2024) (citing *Tounget v. Valley-Wide Recreation & Park Dist.*, No. 16-cv-00088-JGB-KK, 2020 WL 8410456 at *2 (C.D. Cal. Feb. 20, 2020) (acknowledging discretion to permit Surreply)); *see also In re PersonalWeb Technologies, LLC, et al.*, No. 18-md-02834-BLF, 2019 WL 1975432, at *1 (N.D. Cal Feb. 6, 2019) (granting administrative motion for leave to file Surreply). Courts "should" exercise their discretion to allow a surreply "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Id.*; *see also Baxter Bailey & Assocs. v. Ready Pac Foods, Inc.*, No. CV 18-8246 AB (GJSX), 2020 WL 3107889, at *1 (C.D. Cal. Feb. 14, 2020) (indicating that Surreplies can be warranted where the reply brief raises "new arguments" or "evidence," or "cites . . . new law"). Surreplies promote the "interest of fairness" by allowing parties "an opportunity to respond" to evidence or arguments "submitted for the first time in a reply brief." *Sherman v. Yahoo! Inc.*, No. 13CV0041-GPC-WVG, 2015 WL 5604400, at *3 (S.D. Cal. Sept. 23, 2015).

### I.     BACKGROUND

On November 4, 2024, WP Engine filed its Reply. ECF No. 44. The next day (November 5), WP Engine represented that it would be filing an amended complaint ("Amended Complaint"), which was ultimately filed on November 14, 2024. ECF No. 48 at 1; ECF No. 51. Defendants waited for the Amended Complaint to be filed to determine whether it would moot in part or in whole the Motion for Preliminary Injunction. Having now reviewed the 144-page Amended Complaint, Defendants do not believe that it moots the outstanding preliminary injunction motion. As a result, Defendants believe the Court would benefit from – and Defendants seek a fair

1  opportunity to submit – a response in advance of the November 26, 2024 hearing to new evidence
2  and arguments WP Engine raised for the first time in its Reply.

3        Although WP Engine's Amended Complaint influenced the timing of this motion,
4  Defendants do not understand the Amended Complaint to be at issue at the November 26 hearing.
5  That hearing is scheduled to address issues raised in WP Engine's preliminary injunction motion,
6  which was based on its original Complaint. As WP Engine itself admits, the Amended Complaint
7  – which has not yet been responded to – has no impact on the Motion for Preliminary Injunction
8  currently pending. *See* ECF No. 48 at 3 ("[W]here (as here) the amendments to the complaint will
9  not alter the core issues raised in the preliminary injunction motion, the filing of an amended
10 complaint has no impact on the preliminary injunction proceedings.").

11     **II.   ARGUMENT**

12       WP Engine's Reply in Support of Its Motion for Preliminary Injunction ("Reply") contains
13 new evidence and arguments that Defendants seek leave of the Court to address.

14       First, with respect to new evidence, WP Engine repeatedly relies on a quote it attributes to
15 Defendant Matt Mullenweg ("Matt") – a quote that Matt never said. WP Engine's concocted
16 quotation is in fact an amalgamation of phrases taken out of context over a nearly ***twenty-one minute***
17 ***span of time***. *See* Reply, ECF No. 44, at 1. Defendants request the opportunity to file a Surreply
18 in order to present the full context of statements made during Matt's interview, which do not support
19 WP Engine's assertions that Defendants "admit they have harmed" WP Engine and have "made
20 multiple threats of future harm." *Id.*

21       Second, in support of its attempted extortion claim, WP Engine launches new arguments that
22 misconstrue case law cited for the first time in its Reply. For example, relying on *Tran v. Nguyen*,
23 97 Cal. App. 5th 523 (2023), WP Engine argues that a common law civil cause of action for
24 attempted extortion exists independently of the criminal law. Reply, ECF No. 44, at 9. But the
25 common law claim referenced in *Tran* was the cause of action to recover money based on duress—
26 a claim that, at a minimum, requires proving Defendants knowingly made a false statement of fact
27 that caused WP Engine to pay money *as a result of* the alleged threats. *Id.* at 531-32; *see also Raiser*
28 *v. Ventura Coll. of L.*, No. CV-09-00254 RGK (AGRx), 2009 WL 10692058, at *2 (C.D. Cal. Sept.

1, 2009); *Intermarketing Media, LLC v. Barlow*, No. 8:20-CV-00889-JLS (DFMx), 2021 WL 5990190, at *12-13 & n.11 (C.D. Cal. May 4, 2021).  To the extent WP Engine now seeks to raise such a claim, it has not offered evidence to prove those elements in its Motion for Preliminary Injunction.  WP Engine further argues that *Monex Deposit Co. v. Gilliam*, 666 F. Supp. 2d 1135 (C.D. Cal. 2009), and *Cohen v. Brown*, 173 Cal. App. 4th 302 (2009), support its claim for attempted extortion.  Reply, ECF No. 44, at 9-10.  Yet neither of those cases involved an *attempted* civil extortion claim.

### III.  POSITION OF WP ENGINE ON THE MOTION

Defendants contacted WP Engine to obtain its position on Defendants' Motion.  It is Defendants' understanding that WP Engine opposes the Motion.

### IV.  CONCLUSION

For the reasons above, Defendants respectfully request that this Court issue an order granting this Motion and accepting the attached Surreply for filing.

Dated: November 21, 2024               Respectfully submitted,

                                       By:  */s/Michael M. Maddigan*
                                            Michael M. Maddigan

                                            **HOGAN LOVELLS US LLP**
                                            Michael M. Maddigan (Bar No. 163450)
                                            Neal Kumar Katyal, *pro hac vice*
                                            Anna Kurian Shaw, *pro hac vice*
                                            Lauren Cury, *pro hac vice*
                                            Jiaxing (Kyle) Xu (Bar No. 344100)
                                            Hadley Dreibelbis, *pro hac vice*

                                            *Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*