1  Michael M. Maddigan (Bar No. 163450)
   michael.maddigan@hoganlovells.com
2  **HOGAN LOVELLS US LLP**
3  1999 Avenue of the Stars, Suite 1400
   Los Angeles, CA 90067
4  Telephone: (310) 785-4600

5  Jiaxing (Kyle) Xu (Bar No. 344100)
   kyle.xu@hoganlovells.com
6  **HOGAN LOVELLS US LLP**
7  4 Embarcadero Center, Suite 3500
   San Francisco, CA 94103
8  Telephone: (415) 374-2300

9  Neal Kumar Katyal, *pro hac vice*
   neal.katyal@hoganlovells.com
10 Anna Kurian Shaw, *pro hac vice*
   anna.shaw@hoganlovells.com
11 Lauren Cury, *pro hac vice*
12 lauren.cury@hoganlovells.com
   Hadley Dreibelbis, *pro hac vice*
13 hadley.dreibelbis@hoganlovells.com
   **HOGAN LOVELLS US LLP**
14 555 Thirteenth Street NW
   Washington, D.C. 20004
15 Telephone: (202) 637-5600

16

17 *Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*
18

19             **IN THE UNITED STATES DISTRICT COURT**
               **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
20                      **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 21  WPENGINE, INC., a Delaware corporation, | Case No. 3:24-cv-06917-AMO |
| 22           Plaintiff, | **DEFENDANTS AUTOMATTIC INC. AND MATTHEW CHARLES MULLENWEG'S SURREPLY IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION** |
| 23     vs. | |
| 24  AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual, | |
| 25 | |
| 26 | Judge: Hon. Araceli Martinez-Olguin |
| 27           Defendants. | Courtroom: 3, 3rd Floor, Oakland |
| | Hearing Date: November 26, 2024 |
| 28 | Hearing Time: 10:30 a.m. |

Plaintiff WP Engine, Inc.'s ("WP Engine") Reply in Support of its Motion for Preliminary Injunction ("Reply") raises new evidence and issues for the first time. This new material grossly mischaracterizes both Defendants' statements and the case law. Defendants therefore request leave to submit this short Surreply to briefly respond to (i) a purported quotation, manufactured by WP Engine, upon which its preliminary injunction heavily relies, and (ii) new cases cited in the Reply, which WP Engine misrepresents.

**I.    WP Engine Misrepresents Matt Mullenweg's Statements and Invents a Purported Quotation That Matt Never Said.**

Within the first sentence of its Reply, and throughout its filing, WP Engine purports to quote Defendant Matt Mullenweg ("Matt"). This "quote" is in fact an amalgamation of phrases taken out of context over a nearly ***twenty-one minute span of time***. WP Engine claims that Matt said:

> [S]ince this started [with WPE] *they've had uh, we estimate tens of thousands of customers leave*. . . . So, um you know, I think *over the next few weeks, they're actually gonna lose far more than 8% of their business . . . we're at war with them. We're . . . going to go brick by brick and take . . . take every single one of their customers . . . if they weren't around guess what? . . . We'd happily have those customers, and in fact we're getting a lot of them*.

Reply, ECF No. 44, at 1; *see also* Declaration of Hadley Dreibelbis ¶ 1, Exhibit A (WP Engine's own transcript of Matt's interview, submitted in connection with WP Engine's Reply) ("Dreibelbis Decl.").

WP Engine has chopped up various sentences and phrases, omitted substantial portions of sentences and paragraphs, and left out additional statements that provide key context to Matt's statements and make clear that Matt was referring to the harm WP Engine has *caused itself* by creating marketplace confusion with its improper use of the WordPress trademarks.

| What WP Engine Quotes Matt As Saying | What Matt Actually Said (With material omitted from WP Engine's "Quote" in Bold/Italics) | Interview Time Stamp |
|---|---|---|
| "[S]ince this started [with WPE] they've had uh, we | ***"Oh absolutely, because they were abusing the trademark and creating a lot of*** | 9:12 |

-1-    Case No. 3:24-cv-06917-AMO
DEFENDANTS' SURREPLY IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

Hogan Lovells US LLP
Attorneys At Law

| | | |
|---|---|---|
| estimate tens of thousands of customers leave . . . So, um you know, I think over the next few weeks, they're actually gonna lose far more than 8% of their business." Reply, ECF No. 44, at 1. | ***confusion in the market. So if you look actually,*** since this started [with WPE] they've had uh, we estimate tens of thousands of customers leave***. And including like, I had a friend of mine, Bob Perkowitz, who was in the CNBC article. He's a close personal friend, I've known him for 15 years, he had eight sites on WP Engine. He thought it was me. So it wasn't until the story came out that he was like, oh, and so that was, you know, he was one of the customers that has left.*** So, um you know, I think over the next few weeks, they're actually gonna lose far more than 8% of their business. ***And so that's part of what they've they've said, actually, in their filings, that I think they had cancellations of 29% everything. So I think that shows that as their customers are learning, that they're actually not officially associated with the WordPress. In fact, are attacking WordPress. They're moving off.***" Dreibelbis Decl., Exhibit A, at 5. | |
| "We're at war with them. We're . . . going to go brick by brick and take . . . take every single | ***"You know I'm actually very surprised that Silver Lake hasn't come back to the negotiating table because I do feel like if you know if I were valuing WP Engine it*** | 26:06 |

| | | | |
|---|---|---|---|
| one of their customers . . . ." Reply, ECF No. 44, at 1, 2. | ***would be under their revenue right now, you know because they're they're not growing anymore, um they're in this legal battle which I think they're going to lose, and um, yeah, they're losing a lot of customers. So uh we'll see what happens. They're either gonna – you know, like I said,*** we're at war with them. We're ***either*** going to go brick by brick and take – ***us and other companies,*** take every single one of their customers ***or um, yeah, hopefully if they – they could end this all tomorrow but would happily uh negotiate, you know Heather, Lee, if you're watching this, like, happy to talk, you know how to reach me.***" Dreibelbis Decl., Exhibit A, at 12. | |
| "If they weren't around guess what? . . . We'd happily have those customers, and in fact we're getting a lot of them." Reply, ECF No. 44, at 1. | "***Yeah so I mean they host somewhere between eight hundred thousand nine hundred thousand sites um that's uh that is something, um but you know WordPress is far far larger than that so their market share of WordPress is you know under five percent so – um yeah under three percent actually, so yeah they're there. But*** if they weren't around guess what? ***Bluehost, SiteGround, all these other hosts would happily have those customers.*** We'd | 29:38 |

| | happily have those customers, and in fact we're getting a lot of them." Dreibelbis Decl., Exhibit A, at 14. | |

As the full context of these statements demonstrates, Matt did not say what WP Engine says he did. Instead, WP Engine has cobbled together a Frankenstein's monster of a quote from more than ten transcript pages and twenty-one minutes of an audio-visual recording in a misleading attempt to bolster its preliminary injunction arguments. WP Engine's misrepresentations of Matt's statements should themselves underscore the lack of merit in WP Engine's claims and the absence of any basis for a preliminary injunction.

## II. WP Engine Cites New Case Law Relating to a Claim It Is Not Asserting.

WP Engine also raises new arguments and cites new authorities to support its attempted extortion claim. But the new cases on which WP Engine relies do nothing to advance its case, and are significantly misconstrued.

WP Engine has asserted a claim for civil attempted extortion derived from criminal law. No published appellate decision in California or the Ninth Circuit has recognized such a claim. *See* Opposition, ECF No. 40, at 18. In an effort to distance itself from that reality, WP Engine relies on *Tran v. Nguyen*, 97 Cal. App. 5th 523 (2023), for the proposition that a civil cause of action for extortion exists under common law, separate and apart from the criminal extortion statute. Reply, ECF No. 44, at 9. WP Engine's citation of *Tran* is perplexing, however, because *Tran* concerned a cause of action for rescission based on menace, the "civil statutory counterpart" of criminal extortion. 97 Cal. App. 5th at 531. Indeed, the *Tran* court distinguished the civil statutory claim from the "common law claim for rescission based on duress," *id.* at 532—a type of "fraud" claim that requires showing the defendant knowingly made a false statement of fact, and that the plaintiff suffered monetary loss as a result of the defendant's allegedly extortionate threats. *Intermarketing Media, LLC v. Barlow*, No. 8:20-CV-00889-JLS (DFMx), 2021 WL 5990190, at *12-13 & n.11 (C.D. Cal. May 4, 2021); *Raiser v. Ventura Coll. Of L.*, No. CV-09-00254 RGK (AGRx), 2009 WL 10692058, at *2 (C.D. Cal. Sept. 1, 2009).

1  But WP Engine has not previously purported to raise that type of claim here. At no point in its Motion for Preliminary Injunction did WP Engine mention these elements. *See, e.g.*, Motion, ECF No. 17, at 17-19. Nor has WP Engine attempted to present evidence that Defendants knew their request for a trademark license contained a false statement of *fact*, or that WP Engine suffered monetary loss *as a result of* Defendants' allegedly extortionate *threats*. Accordingly, to the extent WP Engine is seeking to raise such a theory now, it has not presented the necessary evidence to do so. And *Tran* does not support WP Engine's common law claim derived from criminal law.

WP Engine's contentions with respect to *Monex Deposit Co. v. Gilliam*, 666 F. Supp. 2d 1135, 1136 (C.D. Cal. 2009), and *Cohen v. Brown*, 173 Cal. App. 4th 302, 317 (2009), are similarly misleading. For one thing, neither case involved a claim for *attempted* civil extortion. *Monex* implicated a cause of action for "civil extortion," derived from California Penal Code § 523—a provision that is indisputably distinct from § 524's crime of attempted extortion. 666 F. Supp. 2d at 1136-37; *see also* Reply, ECF No. 44, at 13 (identifying the applicable Penal Code provision for attempted extortion as § 524); *Evans Hotels, LLC v. Unite Here! Local 30*, No. 18-CV-2763 TWR (AHG), 2021 WL 10310815, at *28 (S.D. Cal. Aug. 26, 2021) (explaining the difference between private causes of action derived from § 523 (which some courts have allowed) and private causes of action for attempted extortion derived from § 524 (which do not exist)). *Cohen*, for its part, did not involve a civil common law extortion claim at all (much less an attempted one). *Cohen*, 173 Cal. App. 4th at 316-18 (addressing in context of anti-SLAPP motion whether conduct at issue constituted the crime of extortion). Moreover, no California Court of Appeal has embraced parties' reliance on *Monex* and similar federal court cases to assert a civil cause of action for attempted extortion. *See, e.g.*, *Tran v. Eat Club, Inc.*, No. H046773, 2020 WL 4812634, at *14-16 & n.8 (Cal. Ct. App. Aug. 18, 2020) (unpublished).

## CONCLUSION

For the reasons above, WP Engine's misstatements of evidence and misrepresentations of law should not be allowed to support its claims.

Dated: November 21, 2024

Respectfully submitted,

By:   */s/Michael M. Maddigan*
     Michael M. Maddigan

**HOGAN LOVELLS US LLP**
Michael M. Maddigan (Bar No. 163450)
Neal Kumar Katyal, *pro hac vice*
Anna Kurian Shaw, *pro hac vice*
Lauren Cury, *pro hac vice*
Jiaxing (Kyle) Xu (Bar No. 344100)
Hadley Dreibelbis, *pro hac vice*

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*