EXHIBIT A

1 | Michael M. Maddigan (Bar No. 163450)
2 | michael.maddigan@hoganlovells.com
  | **HOGAN LOVELLS US LLP**
3 | 1999 Avenue of the Stars, Suite 1400
  | Los Angeles, CA 90067
4 | Telephone: (310) 785-4600

5 | Jiaxing (Kyle) Xu (Bar No. 344100)
  | kyle.xu@hoganlovells.com
6 | **HOGAN LOVELLS US LLP**
7 | 4 Embarcadero Center, Suite 3500
  | San Francisco, CA 94103
8 | Telephone: (415) 374-2300

9 | Neal Kumar Katyal, *pro hac vice*
  | neal.katyal@hoganlovells.com
10 | Anna Kurian Shaw, *pro hac vice*
11 | anna.shaw@hoganlovells.com
   | Lauren Cury, *pro hac vice*
12 | lauren.cury@hoganlovells.com
   | Hadley Dreibelbis, *pro hac vice*
13 | hadley.dreibelbis@hoganlovells.com
   | **HOGAN LOVELLS US LLP**
14 | 555 Thirteenth Street NW
   | Washington, D.C. 20004
15 | Telephone: (202) 637-5600

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation, | Case No. 3:24-cv-06917-AMO |
| Plaintiff, | **STIPULATED PRELIMINARY INJUNCTION PURSUANT TO ECF 58** |
| vs. | |
| AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual, | |
| Defendants. | |

Hogan Lovells US LLP
Attorneys At Law

Case No. 3:24-cv-06917-AMO

DEFENDANTS' PROPOSED STIPULATED PRELIMINARY INJUNCTION

1   Defendants Automattic Inc. and Matthew Charles Mullenweg (together, "Defendants") and
2   Plaintiff WPEngine, Inc. ("Plaintiff") hereby submit this proposed stipulated preliminary
3   injunction as requested by the Court and pursuant to ECF 58.  The Parties disagree about whether
4   Plaintiff has made the necessary showing for issuance of a preliminary injunction in this case.
5   *See, e.g., All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (requiring
6   plaintiff to prove likelihood of success on or serious questions regarding the merits, irreparable
7   harm in the absence of an injunction, that the balance of the equities weighs in favor of entry of
8   the requested relief and that such relief is in the public interest).  As a result, the Parties
9   respectfully reserve all of their rights – including, specifically, Defendants' reservation of their
10  appellate rights – with respect to any injunction and/or order the Court may enter that differs from
11  this stipulated preliminary injunction order.

12  Nevertheless, the Parties submit this proposed stipulated injunction to efficiently resolve
13  Plaintiff's Motion for a Preliminary Injunction (ECF 17).

14  Defendants and Plaintiff agree to the following preliminary injunction:

15  (a)  Defendants shall make available to Plaintiff all publicly available resources
16  on [www.wordpress.org](http://www.wordpress.org), including access to the WordPress code and WordPress plugin
17  repository made available on the www.wordpress.org site as such resources were
18  available on September 24, 2024.

19  (b)  Defendants shall restore Plaintiff's and its users', customers,' and partners'
20  access to api.wordpress.org and downloads.wordpress.org, as such resources were
21  available on September 24, 2024.  Such restored access will allow those websites to
22  enjoy the same level of access and convenience as they did prior to September 25, 2024.
23  That access will also allow Plaintiff's administrative panels for WPE-hosted websites to
24  function as they did prior to September 25, 2024, alleviating the need for Plaintiff's
25  workaround solution identified in the Declaration of Ramadass Prabhakar at ECF 47
26  ("Prabhakar Reply Declaration"), ¶¶ 6-8;

27  (1)  Once they have been restored access to api.wordpress.org,
28  Plaintiff and its users, customers and partners will cease using any workaround solution, including

the interim mirror described in the Prabhakar Reply Declaration at ¶ 6.

   (c) Defendants shall restore (or where existing, maintain) Plaintiff's and its users', customers,' and partners' unauthenticated access to the following wordpress.org resources:

    (i) Functionality and Development Resources:

     (1) Plaintiff will be restored unauthenticated access to core.svn.wordpress.org; plugins.svn.wordpress.org; i18n.svn.wordpress.org; make.wordpress.org; and translate.wordpress.org, which will allow Plaintiff to access all historical and current source code for WordPress Core; all current and historical source code for the plugins in the WordPress.org plugin directory; all current and historical translation files for Core WordPress, as well as the plugins and themes on WordPress.org; and the discussion hub for WordPress contributors.

    (ii) Data resources:

     (1) Plaintiff and its users, customers, and partners will have unauthenticated access to WordPress Plugin, Theme, and Block Directories, repositories, and listings. Through these resources, plugins and themes can be searched, viewed and downloaded, and the ratings, reviews, and installation and download counts referenced in Prabhakar Reply Declaration at ¶ 8 can be accessed;

   (d) Defendants shall provide the following security and support services to Plaintiff:

    (i) <u>Security resources:</u> Defendants will provide Plaintiff with the ability to contact security@wordpress.org to report any vulnerabilities, share any patches, or identify any security concerns relating to themes or plugins hosted on WordPress.org; and

    (ii) <u>Support resources:</u> Plaintiff will have access to view all support services and information provided through trac.wordpress.org, which include bug reports, feature enhancements, and other information about WordPress Core development, but nothing herein will require Defendants to provide support for any questions submitted by Plaintiff or to allow Plaintiff to submit such questions.

For the avoidance of doubt, nothing herein shall require Defendants to provide WPE access to any password protected resources on WordPress.org, including the ability to modify any software, code, theme, or plugin hosted on WordPress.org, or to otherwise post to any WordPress.org forum or Slack channel. Additionally, nothing herein shall be deemed to override WordPress.org policies and review procedures and WordPress.org's ability to ensure the security and operability of its site.

    (e) With respect to the "domains.csv" file linked to Defendants' wordpressenginetracker.com website, Defendants shall remove any domains from that file upon request from the owner of any domain who identifies that domain as identifying a non-public site consistent with the general practice and custom associated with companies who provide such lists of domain names. Specifically, Defendants shall provide on wordpressenginetracker.com a means for owners of domain names to request removal from that file, and shall remove any identified domains within two (2) business days of such request.

Given the technical realities required to implement these measures, Defendants shall have five (5) business days following this Order to comply with this Order's terms with respect to those measures.

Dated: December 2, 2024    Respectfully submitted,

By:   */s/Michael M. Maddigan*
   Michael M. Maddigan

**HOGAN LOVELLS US LLP**
Michael M. Maddigan (Bar No. 163450)
Jiaxing (Kyle) Xu (Bar No. 344100)
Neal Kumar Katyal, *pro hac vice*
Anna Kurian Shaw, *pro hac vice*
Lauren Cury, *pro hac vice*
Hadley Dreibelbis, *pro hac vice*

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*