# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>Defendants. | Case No. 3:24-cv-06917-AMO<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF WPENGINE, INC.'S MOTION FOR PRELIMINARY INJUNCTION** |

The Court, having considered Plaintiff WPEngine, Inc.'s Motion for Preliminary Injunction (the "Motion"), and all briefing, evidence, and argument submitted in support of and opposition thereto, hereby finds that: (1) Plaintiff WPEngine, Inc. ("WPE") is likely to succeed on the merits of its claims against Defendants Automattic Inc. and Matthew Charles Mullenweg (together, "Defendants"); (2) absent a preliminary injunction, WPE is likely to suffer irreparable harm; (3) the balance of equities tips in WPE's favor; and (4) it is in the public interest to issue a preliminary injunction.

1.  Accordingly, and for good cause shown, this Court hereby orders as follows: Plaintiff's Motion for a preliminary injunction is **GRANTED**.

2.  Based upon the foregoing, and for the pendency of this action until it reaches a final resolution, Defendants, and Defendants' officers, agents, servants, employees, and attorneys, and other persons or entities who are in active concert or participation with them, are hereby **RESTRAINED AND ENJOINED**, from:

(a) blocking, disabling, or interfering with WPE's and/or its employees', users', customers', or partners' (hereinafter "WPE and Related Entities") access to wordpress.org resources. More specifically, Defendants shall "undo" their recent blocking and/or disabling of WPE's and Related Entities' access to wordpress.org, and restore WPE's and Related Entities' access as it existed on or around September 20, 2024, including as follows:

(i) reactivate and restore all WPE employee login credentials to wordpress.org resources (including login credentials to login.wordpress.org) as they existed as of September 20, 2024;

(ii) disable any technological blocking of WPE's and Related Entities' access to wordpress.org that occurred on or around September 25, 2024, including IP address blocking or other blocking mechanisms;

(iii) restore WPE's and Related Entities' access to wordpress.org in the manner that such access existed as of September 20, 2024, including for avoidance of doubt the following wordpress.org resources, which Plaintiff has demonstrated are necessary to its business operations and to the continuity of its service to its customers and users:

(1) <u>Functionality and development resources</u> (api.wordpress.org, core.svn.wordpress.org, plugins.svn.wordpress.org, themes.svn.wordpress.org, i18n.svn.wordpress.org, downloads.wordpress.org, make.wordpress.org, and translate.wordpress.org);

(2) <u>Data resources</u> (WordPress Plugin, Theme, and Block Directories, repositories, listings, and other password-protected resources within wordpress.org);

(3) <u>Security resources</u> (login.wordpress.org); and

(4) <u>Support resources</u> (trac.wordpress.org and slack.wordpress.org); and

(iv) remove the checkbox at login.wordpress.org that Defendants added on or about October 8, 2024 asking users to confirm that they are "not affiliated with WP Engine in any way, financially or otherwise," which, if not checked, blocks access to wordpress.org;

(b) interfering with WPE's control over, or access to, plugins or extensions (and their respective directory listings) hosted on wordpress.org that were developed, published, or maintained by WPE, including those that had been published, developed, or maintained by WPE as of September 20, 2024.  More specifically, Defendants shall return and restore WPE's access to and control of its Advanced Custom Fields ("ACF") plugin directory listing at https://wordpress.org/plugins/advanced-custom-fields, which Defendants took from WPE on or about October 12, 2024, thereby impairing WPE's access to its ACF data, interfering with its ACF customer relationships, and impairing WPE's ability to service its ACF customers and users;

(c) interfering with WPE's and Related Entities' WordPress installations (*i.e.*, websites built with WordPress software) by using auto-migrate or auto-update commands to delete, overwrite, disable, or modify any WPE plugin[1] without the express request by or consent of WPE and/or its users, customers, or partners (as applicable); and

---

[1] WPE's plugins include Smart Search, Advanced Custom Fields (ACF), Atlas Content Modeler

(d)     interfering with WPE's customer relationships by disclosing any purported lists of current or former WPE customers, or domains associated with current or former WPE customers. More specifically, Defendants shall remove the purported list of WPE customers contained in the "domains.csv" file linked to Defendants' wordpressenginetracker.com website (which was launched on or about November 7, 2024) and stored in the associated GitHub repository located at https://github.com/wordpressenginetracker/wordpressenginetracker.github.io, and otherwise cease from taking intentional steps to cause or solicit interference with Plaintiff's customer relationships.

3.     Defendants contend that restoring WPE's access to password-protected resources accessed via login.wordpress.org is not warranted because such access is merely a convenience for WPE, and is not necessary to ensure continuity of services for WPE's customers. The Court disagrees. Plaintiff has demonstrated that such access is indeed needed, both to avoid irreparable harm to WPE and also to ensure continuity of services for WPE's customers and users. For this reason, providing Plaintiff only "unauthenticated access" (i.e., without login access) to select resources on wordpress.org would be insufficient, including because it would not fully restore WPE's access to the status quo prior to the blocking Defendants imposed on or about September 24-25, 2024.

4.     WPE has shown that its access to these functionality, data, support and security resources on wordpress.org should be restored as it existed on or about September 20, 2024, to enable WPE to respond to customer requests, monitor the status of other developers' plugins utilized on WPE's customers' websites, submit updates to its own plugins to address security vulnerabilities,

---

(ACM), Better Search Replace, Faust.js, PHP Compatibility Checker, WP Engine GeoTarget, WP Migrate Lite, WP Offload Media Lite, WP Offload SES Lite, NitroPack, Genesis Beta Tester, Genesis Blocks, Genesis Connect For WooCommerce, Genesis Custom Blocks, Genesis Simple Hooks, Genesis Simple Menus, WP Migrate DB Anonymization, SEO Data Transporter, Pattern Manager, SQL Buddy, Database Backup for WordPress, Amazon Web Services, ACF Blocks, and Image Processing Queue.

submit and monitor bug reports, and access community-based forums tracking and discussing same, among other things.

5. Defendants' suggestion that it should merely be ordered to maintain WPE's current access to publicly available wordpress.org resources such as the WordPress software and the plugin repository (for manual download purposes) misses the point of WPE's motion entirely, and would effectuate none of the requested relief whatsoever. WPE has always had access to these publicly available resources, which were never blocked. For example, WPE can already access the WordPress code and plugin repository made available on the unauthenticated portions of www.wordpress.org, like any other Internet user. Defendants' proposal to merely continue this access therefore would not remedy the irreparable harm cause by Defendants' blocking of the password-protected resources on www.wordpress.org, as well as Defendants' blocking of access to api.wordpress.org. Defendants' suggestion is therefore rejected.

6. Accordingly, for all of the reasons articulated in WPE's briefing and at the November 26 hearing, the Court thus finds that Defendants' blocking of WPE's and Related Entities' access to wordpress.org should be undone in its entirety, and restored to the state in which it existed as of September 20, 2024, as set forth in Paragraph 2(a) above.

7. These restrictions shall extend not just to acts targeting or impacting WPE and its systems, servers or computers, but also WPE's affiliates, partners, employees, users, or customers, and all systems, servers, or computers owned or operated by or for the benefit of the foregoing. For the sake of clarity, these protections apply regardless of whether these persons or entities are acting in their personal or professional capacities.

8. This preliminary injunction shall become immediately effective upon its entry and shall remain in full force and effect through the date on which judgment is entered following the trial of this action. To the extent Defendants have already put in place technology to prevent WPE from accessing or controlling the above-referenced resources, they are ordered to remove any such barriers within 24 hours of issuance of this Order. Defendants have demonstrated that they can effectuate such changes in comparable time periods. *See, e.g.*, Dkt. 47-1.

9.     Given the ongoing pattern of conduct by Defendants, and to the extent any future actions by Defendants targeting WPE violate the spirit of this Order by interfering with WPE's customer relationships, violating the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a), unfairly competing with WPE in violation of Cal. B&P Code § 17200, or constitute extortionate or retaliatory actions, WPE may petition this Court on an expedited basis for further relief, including amendment of this Order to address those actions as needed.  Any such request by WPE shall be filed as soon as practicable, and shall be limited to a 5-page brief with supporting declaration(s) as needed; Defendants shall have two (2) business days to respond, limited to a 5-page brief with supporting declaration(s) as needed; WPE shall have two (2) business days to reply, limited to a 2-page brief. The Court will either rule on the papers or advise the parties if a hearing is needed.

10.     Because Defendants have confirmed they do not charge wordpress.org visitors like WPE any fee for access, and given Defendants' failure to demonstrate any need or justification for a bond, WPE shall not be required to provide security or post a bond for the issuance of this preliminary injunction.

**IT IS SO ORDERED.**

DATED: _____

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　The Honorable Araceli Martínez-Olguín
　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE