Your Name: Michael Willman

Address: 5 Mecca Lane Washington, ME 04574

Phone Number: 1 (207) 242-4767

Email Address: michael@websiteredev.com

Pro Se

FILED
JAN 13 2025
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

Division: San Francisco

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>　　　　Defendant. | Case Number: 3:24-cv-06917-AMO<br>**NON-PARTY MICHAEL WILLMAN'S**<br>**MOTION TO INTERVENE**<br>**AND MEMORANDUM IN SUPPORT**<br>DATE: February 23rd, 2025<br>TIME: 2PM<br>COURTROOM: Courtroom 10 - 19th Floor<br>JUDGE: Hon. Araceli Martinez-Olguin |

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on Thursday, February 23rd at 2PM, or as soon thereafter as a motion may be heard in Courtroom 10 of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave., San Francisco, California, before the Honorable Araceli Martínez-Olguín, I will, and hereby do, move to intervene in the above-captioned matter pursuant to Rule 24 of the Federal Rules of Civil Procedure.

The motion will be based on this Notice and Motion, the Memorandum of Points and Authorities below, the Declaration(s) of Michael Willman (filed herewith) and attached exhibits, the Court's records, and any other matters the court may consider at the hearing.

## I. ISSUES TO BE DECIDED

1. **Whether Intervention as of Right Is Warranted Under Rule 24(a)(2)**
    a. Whether the motion to intervene is timely.
    b. Whether the proposed intervenor, Michael Willman, has a significant, legally protectable interest in the subject matter of the action.
    c. Whether disposition of the action may impair or impede the proposed intervenor's ability to protect his interest.
    d. Whether the proposed intervenor's interest is adequately represented by the existing parties.
2. **Whether Permissive Intervention Is Warranted Under Rule 24(b)**
    a. Whether the proposed intervenor's claims share common questions of law or fact with the main action.
    b. Whether allowing intervention will unduly delay or prejudice the adjudication of the original parties' rights.
3. **Whether the Preliminary Injunction Has Been Violated**
    a. Whether the ban of Michael Willman from the Make.WordPress.org Slack workspace constitutes a violation of the preliminary injunction issued on December 10, 2024.

4. **Whether the Proposed Intervenor Is Entitled to Assert Additional Claims**
    a. Whether the alleged actions by the defendants constitute tortious interference, unfair competition, defamation, and other claims identified by the proposed intervenor.
    b. Whether these claims are sufficiently related to the underlying action to warrant consideration in this case.

## II. MEMORANDUM

## A. INTRODUCTION

Michael Willman respectfully seeks to intervene in this action under Rule 24(a)(2) (intervention as of right) or, alternatively, Rule 24(b) (permissive intervention). This motion arises from Matt Mullenweg's ongoing violations of the preliminary injunction issued by this Court on December 10, 2024, which expressly prohibits interference with access to WordPress community resources, including the Make.WordPress.org Slack instance.

Despite these protections, Michael Willman—a direct beneficiary of the injunction—was banned from accessing the Make.WordPress.org Slack workspace on or around January 4, 2025. This ban was accompanied by a broader pattern of retaliatory conduct by Defendant Mullenweg, including public and private comments that sought to undermine Mr. Willman's professional reputation, discourage his participation in the WordPress community, and interfere with his business relationships. Mr. Willman's intervention is necessary to ensure compliance with the injunction, protect his legally protectable interests, and address the significant harm caused by these actions.

Michael Willman is the beneficial owner and majority shareholder of Website Redevelopment Corporation, a closely held C Corporation. Website Redevelopment Corporation is actively engaged in the business of website development and providing client referrals for hosting services. Through his work, Mr. Willman has actively engaged with WordPress.org's resources and the broader WordPress community, including the Make.WordPress.org Slack workspace.

The preliminary injunction issued in this matter explicitly prohibits Matt Mullenweg from interfering with the access of WP Engine related entities to WordPress.org resources. Despite this, Mr. Willman was banned from the Slack workspace shortly after raising concerns about Automattic's conduct and its impact on his business. This ban followed repeated retaliatory actions by Defendant Mullenweg, including:

    A. Criticism of Professional Work: In an early Slack interaction, Defendant Mullenweg publicly critiqued a website he mistakenly attributed to Mr. Willman's business. After being corrected, Defendant Mullenweg continued to offer unsolicited critiques of Mr. Willman's work, further undermining his reputation within the WordPress community.

    B. Public Mockery on Reddit: Defendant Mullenweg posted a thread titled "What drama should I create in 2025?" to r/WPDrama, a subreddit moderated by Mr. Willman, mocking critics and trivializing their concerns.

    C. Banning Mr. Willman's Account: Following the injunction, Mr. Willman's account on the Make.WordPress.org Slack workspace was deactivated, depriving him of access to essential resources despite the injunction's explicit protections.

These actions caused substantial harm to Mr. Willman's business, including lost contracts, reputational damage, and increased operational expenses.

Additionally, in conversations between Michael Willman and Matt Mullenweg, Michael informed Matt that he is a web developer engaged in referring clients to hosting companies in return for referral or affiliate fees. As part of his alleged attempt to extort WP Engine, Matt offered to refer clients to Michael Willman's business if Michael ceased working with WP Engine and attempted to recruit him into Automattic's own affiliate program. This conduct, combined with the banning of Michael Willman and his clients from WordPress.org services during the initial action against WP Engine, and the subsequent personal ban, underscores the need for intervention and raises additional potential legal claims.

Michael Willman also seeks to intervene to assert a set of broader claims that include, but are not limited to; tortious interference, unlawful access to a computer system, antitrust claims, unfair competition, damages to his business and reputation arising from Automattic's and Matt Mullenweg's actions. These claims include lost contracts and ongoing relationships as a result of being banned from Wordpress.org services, the financial harm caused by the forced replacement of the Advanced Custom Fields plugin with Secure Custom Fields, as well as the costs of mitigating actions such as developing a mirror repository for WordPress.org plugins. The broader context of these claims ties directly to the issues in this case and demonstrates the need for Michael Willman's participation.

### B. Legal Standard

Under Rule 24(a)(2), a court must grant intervention as of right when the movant demonstrates that:

(1) the motion is timely;

(2) the movant has a significant, legally protectable interest in the subject of the action;

(3) the movant's ability to protect that interest may be impaired or impeded absent intervention; and

(4) the movant's interest is inadequately represented by existing parties. See Smith v. Marsh, 194 F.3d 1045, 1049 (9th Cir. 1999).

Alternatively, Rule 24(b) allows permissive intervention when the movant has a claim or defense sharing a common question of law or fact with the main action, provided the court's jurisdiction and case management will not be prejudiced. See Fed. R. Civ. P. 24(b).

### C. Argument

**1. Michael Willman Has a Significant, Legally Protectable Interest**

The preliminary injunction expressly prohibits interference with access to the WordPress.org community and related resources (ECF No. 64), explicitly referring to the Make.Wordpress.org Slack instance in particular. As a "related entity" as defined in the preliminary injunction and a registered

participant in the Make.WordPress.org Slack workspace, Michael Willman was actively engaged with this resource before the ban. The injunction's protections encompass individuals similarly situated, making Michael Willman a direct beneficiary whose interests are tied to the injunction's enforcement.

Additionally, Mr. Willman's business, Website Redevelopment Corporation, has suffered financial harm, including:

    A. The loss of a $14,500 website development contract directly attributable to Automattic's actions;

    B. The loss of an ongoing relationship with Trellis, Inc that dates back several years, with 2024 invoices valued at $77,638.65, active marketing retainers valued at $4000 per month, and an existing contract with a remaining value of $5,526.35 with an option for a second round valued in excess of $14,000;

    C. Over 50 hours in employee labor to develop a mirror repository for WordPress.org plugins to ensure service continuity for clients.

Furthermore, Michael Willman has also suffered significant mental anguish and stress as a result of the actions of the Defendants. Since the initial loss of contract, Michael has suffered a series of panic attacks and depressive episodes, to the point that it impacts his ability to work and to provide services to his clients. Not only has this impacted him mentally and financially, but it has also caused further damage to his reputation. Critically, Michael Willman has also been unable to seek mental health services due to a lack of ability to pay, as a direct result of his loss of contracts due to the tortious interference of the Defendants.

These financial and mental harms further illustrate a direct, legally protectable interest in the enforcement of the injunction and the resolution of the issues underlying this case.

**2. The Disposition of This Action May Impair or Impede Michael Willman's Interests**

Absent intervention, Michael Willman faces an ongoing denial of access to WordPress.org services and the Make.WordPress.org Slack workspace. This impedes Michael Willman's ability to

participate in discussions and resources essential to their engagement with the WordPress community. Furthermore, as clients have indicated an unwillingness to continue working with Michael Willman if he is banned from Wordpress.org resources. Resolving this action without considering this issue could leave Michael Willman's interests unprotected.

Additionally, the conduct described above—including Matt Mullenweg's efforts to recruit Michael Willman into Automattic's affiliate program and offer referrals contingent on leaving WP Engine—further demonstrates interference that directly impacts Michael Willman's business and reputation. Such actions heighten the need for this Court's review.

### 3. Michael Willman's Interests Are Not Adequately Represented by Existing Parties

The existing parties do not directly represent the interests of individual community members affected by the injunction's violation. While the plaintiff and defendants may address broader implications, Mr. Willman's specific experience—involving direct banning from the Slack server—requires personal representation. Moreover, as someone uniquely affected by the Advanced Custom Fields fork and the mass banning of WP Engine customers and users, his interests are distinct and inadequately represented.

### 4. This Motion Is Timely

Mr. Willman acted promptly upon learning of the ban, which occurred on January 4, 2025, following their last known access on January 3, 2025. Intervention at this stage will not prejudice the parties due to a lack of timeliness or delay proceedings but will instead ensure a full examination of compliance with the injunction.

### 5. Granting This Motion Will Not Prejudice the Existing Parties

Mr. Willman's claims overlap with the issues already before the Court. His participation will speed the resolution of related claims, rather than duplicating litigation in separate proceedings.

Furthermore, the terms of the preliminary injunction were designed to protect entities like Mr. Willman from the harm Matt's actions have caused. Addressing Mr. Willman's claims within this

case ensures a more complete evaluation of the injunction's enforcement without expanding its scope or introducing unrelated issues. Intervention at this stage does not alter the procedural posture of the case. The existing parties have ample opportunity to respond to Mr. Willman's arguments, and his participation will not delay the Court's consideration of pending matters.

Intervention by Michael Willman will not prejudice WP Engine or its claims. The argument for damages and tortious interference in this case hinges on the relationship between WP Engine and its customers and partners. Michael Willman's long-standing and multi-faceted relationship with WP Engine—as a customer, affiliate, and manager of accounts for both individual website owners and professional website development and marketing agencies—closely represents the broader class of people impacted by Defendants' actions.

By joining this action, Michael Willman also brings a truly unique perspective that enhances WP Engine's case. His ability to highlight the repeated retaliation by Matt Mullenweg, which led to direct violations of the injunction, cannot be adequately represented by any other party. This underscores the complementary nature of his involvement, ensuring that his claims strengthen rather than disrupt WP Engine's case.

By granting intervention, the Court ensures that the rights and experiences of individual community members directly affected by Defendant's conduct are adequately represented. This aligns with the broader public interest in fair enforcement of judicial orders and equitable treatment within community-based platforms like WordPress.

**5. Granting This Motion Will Not Prejudice the Existing Parties**

### D. Claims for Relief

Wherefore, Michael Willman requests judgement as follows:

**1. Intentional Interference with Contractual Relations**

Defendant Matt Mullenweg's actions, including banning Michael Willman from the Make.WordPress.org Slack workspace and retaliating against him, disrupted existing contractual

relationships. Some specific examples are the $14,500 website development contract that was canceled due to Michael Willman being banned from Wordpress.org, the remainder of another contract with Trellis that was lost valued at $5,526.35, and an ongoing relationship with Trellis that included active retainers valued at $4,700 per month in addition to regular ad-hoc work, the combination of which generated $77,638.65 in invoices in 2024.

2. **Intentional Interference with Prospective Economic Relations**

By targeting and banning Michael Willman from essential WordPress platforms, Defendants interfered with potential business opportunities. The absence of new website development projects, loss of existing relationships and the unease expressed by clients about the WordPress ecosystem are direct results of these retaliatory actions.

3. **Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030(a)(7) & 18 U.S.C. § 1030(a)(5)**

Defendants' actions in serving SCF files as a replacement for the requested ACF files, constitute unauthorized interference and access to computer systems critical to Michael Willman's business.

4. **Attempted Extortion**

During discussions, Matt Mullenweg offered to refer clients to Michael Willman's business on the condition that he cease working with WP Engine and join Automattic's affiliate program. This constitutes coercive conduct aimed at disrupting Michael Willman's business relationships.

5. **Promissory Estoppel**

Defendants, through WordPress.org's policies and practices, created reasonable expectations that users would retain access to essential resources unless guidelines were violated. Defendants' actions violated these implied promises, causing harm to Michael Willman.

6. **Libel**

Matt Mullenweg publicly claimed that Michael Willman made threats of physical violence, a

statement that is objectively false and defamatory. This damaged Michael Willman's reputation within the WordPress community and beyond.

### 7. Trade Libel

Public statements by Matt Mullenweg disparaged Michael Willman's professional services and integrity, causing harm to his business relationships and reputation.

### 8. Monopolization (Sherman Act, 15 U.S.C. §2)

Matt Mullenweg and Automattic's actions in taking over the Advanced Custom Fields plugin and replacing it with Secure Custom Fields represent an effort to maintain monopoly power in the WordPress plugin ecosystem.

### 9. Attempted Monopolization (Sherman Act, 15 U.S.C. §2)

Matt Mullenweg and Automattic's conduct, including its efforts to dominate WordPress.org resources, demonstrates an intent to monopolize the WordPress ecosystem.

### 10. Illegal Tying (Sherman Act, 15 U.S.C. §1)

Matt Mullenweg and Automattic's conduct, including efforts to compel Michael Willman to work with Automattic, Inc as an affiliate instead of WP Engine, and offers to refer clients to Michael Willman if he stops working with WP Engine, demonstrate an attempt to illegally tie further access to Wordpress and Automattic services to the signing of an affiliate deal with Automattic, Inc.

### 11. Illegal Tying (California Cartwright Act, Cal. Bus. & Prof. Code § 16700 et seq.;)

Matt Mullenweg and Automattic's conduct, including efforts to compel Michael Willman to work with Automattic, Inc as an affiliate instead of WP Engine, and offers to refer clients to Michael Willman if he stops working with WP Engine, demonstrate an attempt to illegally tie further access to Wordpress and Automattic services to the signing of an affiliate deal with Automattic, Inc.

### 12. Unfair Competition (Lanham Act, 15 U.S.C. § 1125(a)(1)

Defendants' actions, including public misrepresentations of updates to the Advanced Custom Fields plugin and retaliatory conduct, constitute unfair competition by creating an uneven playing

13. **False Advertising (Lanham Act, 15 U.S.C. § 1125(a)(1)(B)**

Defendants' actions in misrepresenting updates and changes to WP Engine's Advanced Custom Fields software product as being authored by WP Engine, constitute false statements about their or a competitor's product and deception due to their intent to deceive a substantial portion of the intended audience.

14. **Exceptional Case Status, Fees and Costs**

Defendants' actions make this case "exceptional" within the meaning of 15 U.S.C. § 1117 and a corresponding award of attorneys' fees in Michael Willman's favor is justified. In addition, any additional fees and costs incurred in this action by Michael WIllman should also be awarded.

15. **Additional Claims**

Restitution, disgorgement, and/or the imposition of a constructive trust in an amount to be proven at trial; pre-and post-judgment interest, as available under law; injunctive relief; and any and all other relief as the Court may deem appropriate and just under the circumstances.

### E.  Conclusion

For the foregoing reasons, Michael Willman respectfully requests that the Court grant this Motion to Intervene and allow him to participate in this action to address compliance with the preliminary injunction and to assert broader claims of damages to his business and reputation.

Respectfully submitted,

Date: 2025-01-13

Signature: *Michael Willman*

Print Name: Michael Willman