QUINN EMANUEL URQUHART & SULLIVAN LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for Plaintiff WPEngine, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>Defendants. | Case No. 3:24-cv-06917-AMO<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AND STRIKE AMENDED COMPLAINT**<br><br>Judge:  Honorable Araceli Martínez-Olguín<br>Courtroom: 10<br>Hearing Date: June 5, 2025<br>Hearing Time: 2:00 p.m. |

1    Defendants' Request for Judicial Notice (Dkt. 69, "RJN") constitutes an improper invocation
2  of the judicial notice doctrine.  Defendants ask the Court to take judicial notice of (1) various
3  webpages and (2) recordings of Defendants' speeches.  While courts certainly can take judicial notice
4  of the *existence* of a webpage or an A/V file – and Plaintiff WP Engine ("WPE") has no objection to
5  that – Defendants seek something different.  Specifically, they ask the Court to deem the *contents* of
6  those webpages and recordings as true, and on that basis dispute and dismiss certain claims in WPE's
7  First Amended Complaint (Dkt. 51, "FAC").  This is improper.  Because the contents of these
8  webpages and speeches do not qualify for judicial notice, Defendants' attempt to use statements
9  within those documents to undermine WPE's well-pleaded causes of action should be denied.

## LEGAL STANDARD

11   Rule 201 of the Federal Rules of Evidence permits a court to take judicial notice of "a fact
12  that is not subject to reasonable dispute" because it is either "generally known within the trial court's
13  territorial jurisdiction" or capable of being "accurately and readily determined from sources whose
14  accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  "The party requesting judicial
15  notice bears the burden of persuading the court" that these conditions are met.  *Harrison v. Milligan*,
16  2012 WL 1835428, at *1 (N.D. Cal. May 21, 2012).  "Just because the document itself is susceptible
17  to judicial notice does not mean that every assertion of fact within that document is judicially
18  noticeable for its truth."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).
19  Rather, only facts within documents that are "not subject to reasonable dispute" are candidates for
20  judicial notice.  *Id.* (quoting Fed. R. Evid. 201(b)).

21   Where a fact subject to judicial notice does not contradict or negate the well-pleaded
22  allegations of a complaint, it is irrelevant to the resolution of a motion to dismiss.  *See Novation Sols.,*
23  *Inc. v. Issuance Inc.*, 2023 WL 5505908, at *3-4 (C.D. Cal. June 27, 2023) (declining to take judicial
24  notice of facts irrelevant to the resolution of defendant's motion to dismiss).  In such cases, a court
25  may deny a request for judicial notice.  *Rouse v. Conner*, 2012 WL 2589240, at *1 (N.D. Cal. July 3,
26  2012) ("[W]hile Federal Rule of Evidence 201 allows the court to judicially notice adjudicative facts
27  that are 'not subject to reasonable dispute,' the court may deny a request for judicial notice of facts
28  that are not relevant to the question at issue.").  That is because "relevance is a threshold requirement

of taking [judicial] notice." *Zolensky v. Am. Medflight, Inc.*, 2017 WL 1133926, at *3 (E.D. Cal. Mar. 27, 2017).

**ARGUMENT**

**I.     JUDICIAL NOTICE MAY NOT BE INVOKED TO DEEM THE CONTENTS OF A WEBPAGE AS TRUE**

Defendants ask the Court to accept as true the contents of numerous webpages, including statements made by Defendant Mullenweg on his personal online blog, as well as statements made by Defendants on various of their websites. *See* RJN Exs. 1-9, 11-12, and 14-16. This is improper. While the Court can take judicial notice of a webpage's existence, its contents may not be assumed true under the judicial notice doctrine.

The Ninth Circuit has established a clear rule: when courts take judicial notice of the existence of documents such as a public website, that doctrine may not be invoked to deem the entire contents of those documents as true. *Threshold Enterprises Ltd. V. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("To the extent the Court takes judicial notice that these [screenshots and printouts of websites of the parties, social media websites, and information and news websites] contain certain information, the Court notices only the fact that the documents contain the referenced content. The Court does not take judicial notice of the truth of that content."); *2Die4Kourt v. Hillair Cap. Mgmt., LLC*, 2016 WL 4487895, at *1 n.1 (C.D. Cal. Aug. 23, 2016), *aff'd,* 692 F. App'x 366 (9th Cir. 2017) (taking judicial notice of online news articles and social media posts "solely for their existence and content, and not for the truth of any statements in the documents"). That is, the Court may only take judicial notice of the *existence* of the webpages attached to Defendant's RJN as Exhibits 1-9, 11-12, and 14-16, not the truth of what they say. WPE does not object to the Court taking judicial notice of the existence of the aforementioned webpages.

That said, WPE objects to Defendants' attempt to invoke the judicial notice doctrine to deem all of the various statements therein as true, and then to use those purported facts to dispute WPE's allegations, because these webpages do not contain facts "not subject to reasonable dispute" and thus do not meet the governing standard for judicial notice. Fed. R. Evid. 201(b). *Compare Eidson v.*

*Medtronic, Inc.*, 981 F. Supp. 2d 868, 879 (N.D. Cal. 2013) (finding that "because all of the documents at issue appear on the FDA's public website, they may be judicially noticed").

## II. JUDICIAL NOTICE MAY NOT BE INVOKED TO DEEM THE CONTENTS OF DEFENDANTS' SPEECHES POSTED ONLINE AS TRUE

Defendants also ask the Court to accept as true the contents of Defendants' own online speeches. *See* RJN Exs. 10 and 13. This too is improper. For the same reasons described above, the Court can take judicial notice of the speeches' existence, but the judicial notice doctrine may not be used to assume the truth of the contents of those speeches. Because the underlying statements within the speeches do not meet the strict standard for judicial notice, any such notice is limited to the existence of those speeches, not the truth of all statements contained within them. *Khoja*, 899 F.3d at 999-1000.

## III. THE EXHIBITS AT ISSUE IN DEFENDANTS' RJN ARE IMMATERIAL TO RESOLUTION OF DEFENDANTS' MOTION TO DISMISS

Finally, Defendants' RJN proffers documents that are immaterial to the Court's resolution of Defendants' motion to dismiss (Dkt. 68, "Mot."), which is a basis for denying Defendants' RJN as moot. *Rouse*, 2012 WL 2589240, at *1; *Zolensky*, 2017 WL 1133926, at *3. For instance, Defendants proffer Exhibits 1, 2A and 2B, consisting of different webpages from WPE's website, to argue that WPE's attempted extortion claim should be dismissed because Defendants had a right to demand a trademark license from WPE. Mot. at 11. But as WPE has explained in its concurrently filed Opposition to Defendants' Motion to Dismiss ("MTD Opp."), WPE has validly pleaded its attempted extortion claim, and the existence of these WPE webpages is irrelevant to that pleading standard. MTD Opp. § III. For this same reason, the existence of RJN Exhibits 4 and 16, consisting of the online trademark policies for Defendant Automattic's WooCommerce brand and the WordPress brand are likewise immaterial to WPE's well-pleaded attempted extortion claim. *See Novation Sols.*, 2023 WL 5505908, at *3-4; *see also* MTD Opp. § III.

Likewise, Defendants rely on Exhibits 5 and 6 to argue that WPE's users were still able to access WPE plugins through WPE's webpage and that WPE's users enabled the WordPress software to update their plugins. Mot. at 14, 16. But the existence of these webpages is immaterial to WPE's well-pleaded allegations supporting its CFAA claims, which are based on Defendants' impairment of

access to wordpress.org resources and Defendants' masquerading of their SCF plugin as WPE's ACF plugin.  MTD Opp. § IV.

As for the Exhibits containing the defamatory statements (RJN Exs. 7, 8, 10, and 13), WPE agrees that the Court can incorporate those exhibits by reference to examine the context of the statements.  But again here, these Exhibits are immaterial because the context does not change the import of the defamatory statements.  MTD Opp. § VI.  Because these exhibits are immaterial to the Court's resolution of Defendants' motion to dismiss, Defendants' RJN may also be denied as moot.

## **CONCLUSION**

For the foregoing reasons, while the Court may judicially notice the existence of Exhibits 1-16, they are immaterial to and do not impact the resolution of Defendants' motion to dismiss.  Additionally, because the truth of the contents of these exhibits are capable of reasonable dispute and thus do not meet the judicial notice standard, the Court should not take judicial notice of the truth of their contents.

Dated:  January 22, 2025               Respectfully submitted,
                                       QUINN EMANUEL URQUHART & SULLIVAN LLP

                                       By */s/ Rachel Herrick Kassabian*
                                          Rachel Herrick Kassabian
                                          *Attorneys for Plaintiff, WPEngine, Inc.*