# EXHIBIT A

**quinn emanuel**  trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(650) 801-5005**

WRITER'S EMAIL ADDRESS
**rachelkassabian@quinnemanuel.com**

February 2, 2025

**VIA E-MAIL**

Rose Ring, Esq.                                    Michael Willman
Gibson, Dunn & Crutcher LLP                        5 Mecca Lane
One Embarcadero Center, Suite 2600                 Washington, ME 04574
San Francisco, CA 94111                            Phone:  (207) 242-4767
Phone:  (415) 393-8247                             michael@websiteredev.com
rring@gibsondunn.com

Re:     Defendants' Opposition to Mr. Willman's Motion to Intervene, *WPEngine, Inc. v.*
        *Automattic, Inc.*, No. 3:24-cv-06917-AMO

Dear Ms. Ring and Mr. Willman:

We write to correct a misleading statement Defendants Automattic, Inc. and Matthew Charles
Mullenweg (collectively, "Defendants") made in their Opposition to Non-Party Michael
Willman's Motion to Intervene ("Opposition," Dkt. 81) regarding the identities of "Related
Entities" under the Court's Order re Motion for Preliminary Injunction ("Preliminary
Injunction," Dkt . 64).

WPEngine, Inc. ("WPE") filed its Motion for a Preliminary Injunction along with a [Proposed]
Order on October 18, 2024 (Dkts. 17, 17-1), and the Court entered the Preliminary Injunction on
December 10, 2024 (Dkt. 64).  The Preliminary Injunction prohibits Defendants from taking
specified actions with respect to WPE and "Related Entities"—which are defined as WPE's
employees, users, customers, or partners.  Dkt. 64 at 41.  In their Opposition, Defendants assert
that they "requested from [WPE] a list of any person it considered a related entity," as that term
is used in the Preliminary Injunction, and that "Mr. Willman was not on [WPE's] list."  Dkt. 81
at 15.  This statement is inaccurate and misleading.

First, the list that WPE provided on December 11, 2024, identified certain WPE "Related
Entities" who were banned in or around September 2024.  But Mr. Willman, who is a WPE user,
does not contend that he was banned in that timeframe.  Rather, Mr. Willman contends that he
was banned from a WordPress Slack channel in January 2025 (Dkt. 70 at 7).  So Defendants'

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON |
LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO |
SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

suggestion that Mr. Willman should have been on a list that WPE provided to Defendants in December 2024 (Dkt. 83-16 at 2), before Mr. Willman was banned, does not make sense.

Second, in any event, Defendants never asked WPE to provide Defendants with a list identifying every individual it considered to be a Related Entity, nor did WPE ever provide such a comprehensive list. As shown by Exhibit 16 to the Declaration of Hadley Dreibelbis in Support of Defendants' Opposition, the day after the Court issued the Preliminary Injunction, Defendants sent an email stating they were "in the process of restoring access to [wordpress.org for] any accounts registered with [WPE] email addresses." Dkt. 83-16 at 3. Defendants also said that they did "not have a means by which to identify accounts belonging to 'Related Entities' who do not have [WPE] email addresses." *Id.* Defendants therefore requested WPE's "assistance in identifying such accounts" and requested that WPE "identify the specific email addresses of accounts who would be considered Related Entities that do not use [WPE] email addresses." *Id.* In response, WPE did not purport to provide an exhaustive list of "Related Entities." *Id.* at 2. Instead, WPE stated that it was "working to verify which accounts lack access" and identified seven such accounts based on its "current information." *Id.* Because WPE's list of banned accounts based on then-current information was not exhaustive, Defendants' representation to the Court in the Opposition is inaccurate.

WPE expects Defendants to correct their misstatement with the Court. If Defendants fail to do so, Mr. Willman has WPE's permission to bring this issue to the attention of the Court in his reply brief, including by attaching this letter to his reply if needed.

Sincerely,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Rachel Herrick Kassabian