| | |
|---|---|
| 1 | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| 2 | Rachel Herrick Kassabian (SBN 191060)<br>rachelkassabian@quinnemanuel.com |
| 3 | Yury Kapgan (SBN 218366)<br>yurykapgan@quinnemanuel.com |
| 4 | Margret M. Caruso (SBN 243473)<br>margretcaruso@quinnemanuel.com |
| 5 | 555 Twin Dolphin Dr., 5th Floor<br>Redwood Shores, CA 94065 |
| 6 | Telephone: (650) 801-5000 |
| 7 | Facsimile: (650) 801-5100 |
| 8 | Brian Mack (SBN 275086) |
| 9 | brianmack@quinnemanuel.com<br>50 California Street, 22nd Floor |
| 10 | San Francisco, CA 94111<br>Telephone: (415) 875-6400 |
| 11 | Facsimile: (415) 875-6700 |
| 12 | *Attorneys for Plaintiff WPEngine, Inc.* |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>Defendants. | Case No. 3:24-cv-06917-AMO<br><br>**DECLARATION OF BRIAN MACK IN SUPPORT OF PROPOSED STIPULATED PROTECTIVE ORDER**<br><br>Judge: Honorable Araceli Martínez-Olguín |

I, Brian Mack, declare as follows:

1. I am a Partner at Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff WPEngine, Inc. ("WPE") in this action against Defendants Automattic Inc. and Matthew Charles Mullenweg (together, "Defendants"). I am licensed to practice law in California and admitted to practice in the Northern District of California. I make this submission in support of the Parties' Proposed Stipulated Protective Order filed herewith. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify thereto.

2. The Parties' Proposed Stipulated Protective Order is substantively identical to the Court's model protective order for cases involving highly sensitive confidential information found at https://cand.uscourts.gov/forms/model-protective-orders/, and includes the model protective order's optional language regarding the source code tier, as can be seen at sections 2.4, 2.8, 2.15, 5.2(a), 5.2(c), 7.3, portions of 7.4, 7.4(a), 8, 9, and 10(a) of the Proposed Stipulated Protective Order. However, it excludes other optional language, such as optional sections found in the Court's model protective order at 2.4, 7.3(b), and language in 7.4 and 9 relating to who may access information labeled "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," optional patent and export related provisions found at sections 8 and 14.3 of the Court's model protective order, and deleted, except as indicated, the language in the model order's footnotes. Minor language changes for clarification were also made to 5.2(b), 7.3(e), and 8(c) of the Proposed Stipulated Protective Order. Those changes are further explained in the chart below. The Proposed Stipulated Protective Order is otherwise identical to the Court's aforementioned model protective order as shown in the redline also filed herewith.

| Paragraph | Modification | Explanation |
| --- | --- | --- |
| 5.2(b) | Addition | Adds "after the final transcript is received" as a more precise definition of when the 21-day clock starts. |
| 7.3(e) | Addition | Adds "mock jurors" to the list should that become necessary and clarifies the conditions under which information may be shared with mock jurors. |
| 8(c) | Addition | Incorporates footnote 16 into the body. |

1  I declare under penalty of perjury under the laws of the United States of America and the
2  State of California that the foregoing is true and correct.
3  Executed on this 5th day of February, 2025, in San Francisco, California.

By */s/ Brian Mack*
Brian Mack