1  Michael M. Maddigan (Bar No. 163450)
   michael.maddigan@hoganlovells.com
2  **HOGAN LOVELLS US LLP**
   1999 Avenue of the Stars, Suite 1400
3  Los Angeles, CA 90067
   Telephone: (310) 785-4600
4
5  Anna Kurian Shaw, *pro hac vice*
   anna.shaw@hoganlovells.com
6  Lauren Cury, *pro hac vice*
   lauren.cury@hoganlovells.com
7  Hadley Dreibelbis, *pro hac vice*
   hadley.dreibelbis@hoganlovells.com
8  **HOGAN LOVELLS US LLP**
9  555 Thirteenth Street NW
   Washington, D.C. 20004
10 Telephone: (202) 637-5600

11
   Jiaxing (Kyle) Xu (Bar No. 344100)
12 kyle.xu@hoganlovells.com
   **HOGAN LOVELLS US LLP**
13 4 Embarcadero Center, Suite 3500
   San Francisco, CA 94103
14 Telephone: (415) 374-2300

15

16 **IN THE UNITED STATES DISTRICT COURT
17 FOR THE NORTHERN DISTRICT OF CALIFORNIA
   SAN FRANCISCO DIVISION**
18

19 WPENGINE, INC., a Delaware corporation,        Case No. 3:24-cv-06917-AMO

20          Plaintiff,                            **OPPOSITION TO NON-PARTY
                                                  MICHAEL WILLMAN'S MOTION FOR
21     vs.                                        ORDER TO SHOW CAUSE**

22 AUTOMATTIC INC., a Delaware                    Judge: Hon. Araceli Martinez-Olguin
   corporation; and MATTHEW CHARLES              Courtroom: 10
23 MULLENWEG, an individual,                      Hearing Date: June 5, 2025
                                                  Hearing Time: 2:00 p.m.
24          Defendants.

25

26

27

28

                                                         Case No. 3:24-cv-06917-AMO

1

**TABLE OF CONTENTS**

2

Page

3    INTRODUCTION .................................................................................................................. 1

ARGUMENT ........................................................................................................................ 1
4
    A.   LEGAL STANDARD ................................................................................................ 1
5
    B.   MR. WILLMAN'S MOTION IS PROCEDURALLY IMPROPER ................................... 2
6
    C.   MR. WILLMAN'S MOTION IS WITHOUT MERIT ........................................................ 3
7        i.    Mr. Willman Did Physically Threaten Mr. Mullenweg, As Evidenced By The
                Exhibits Mr. Willman Himself Attached To His Declaration ........................................ 3
8        ii.   Prior Defense Counsel's Collaboration With WPE In Identifying "Related
                Entities" Was For The Purpose Of Complying With The Preliminary Injunction
9               Order— Not Circumventing It .................................................................................... 4
10       iii.  Mr. Willman's Contention That Prior Defense Counsel Was Required To
                Question Any Quoted Third Party As To The Intention Behind Their Statements
                Is Without Basis ....................................................................................................... 5
11
         iv.   Prior Defense Counsel's Statements That Mr. Willman's Slack Account Was
12              Banned Are Supported By Sworn A Declaration – and Consistent With Mr.
                Willman's Own Contempt Motion ............................................................................. 7
13   CONCLUSION .................................................................................................................... 8

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allers-Petrus v. Columbia Recovery Group, LLC,*
    No. C08-5533 FDB, 2009 WL 1160061 (W.D. Wash. Apr. 29, 2009) ......................................2

*Benedict v. Hewlett-Packard Co.,*
    No. 13-CV-00119-LHK, 2014 WL 234207 (N.D. Cal. Jan. 21, 2014)...................................1, 2

*Certain Underwriters at Lloyd's London v. Rauw,*
    No. C 05-2377, 2007 WL 2729117, (N.D. Cal. Sept. 18, 2007)....................................................2

*Greenberg v. Sala,*
    822 F.2d 882 (9th Cir.1987)..........................................................................................................1

*Hamer v. Career College Ass'n,*
    979 F.2d 758 (9th Cir. 1992)........................................................................................................7

*Holgate v. Baldwin,*
    425 F.3d 671 (9th Cir. 2005).....................................................................................................2, 3

*In re Keegan Mgmt. Co., Sec. Litig.,*
    78 F.3d 431 (9th Cir.1996)............................................................................................................1

*Operating Eng'rs Pension Trust v. A-C Company,*
    859 F.2d 1336 (9th Cir.1988)........................................................................................................1

*Retail Flooring Dealers of America, Inc. v. Beaulieu of America, LLC,*
    339 F.3d 1146 (9th Cir.2003)........................................................................................................2

*Tom Growney Equip., Inc. v. Shelley Irr. Dev., Inc.,*
    834 F.2d 833 (9th Cir.1987)..........................................................................................................2

*Townshend v. Holman Consulting Corp.,*
    929 F.2d 1358 (9th Cir.1990)........................................................................................................1

*United States v. Poschwatta,*
    829 F.2d 1477 (9th Cir. 1987)......................................................................................................5

*United States v. Powell,*
    936 F.2d 1056 (9th Cir.1991)........................................................................................................5

*Yack v. Washington Mut. Inc.,*
    No. C 07-5858 PJH, 2008 WL 3842918 (N.D. Cal. Aug. 14, 2008) ...........................................1

OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE

-iii-

**Other Authorities**

Fed. R. Civ. P.  11 ...............................................................................................................1, 2, 5, 7

1

**INTRODUCTION**

2      Without any prior notice to Lauren Cury or Hogan Lovells (collectively, "Prior Defense

3    Counsel"), and without ever serving his motion on Prior Defense Counsel who had withdrawn

4    from this action by the time of his filing, *see* ECF Nos. 91-96, non-party Michael Willman ("Mr.

5    Willman") moves this Court for an Order to Show Cause against Prior Defense Counsel for

6    allegedly making four "materially false representations in Court filings." (ECF 99 (the "Motion")

7    at 3). Because the representations Mr. Willman points to are directly supported by the record—

8    including sworn party declarations and exhibits filed by Mr. Willman himself, and because the

9    Motion is additionally procedurally improper, Mr. Willman's Motion should be denied.

10

**ARGUMENT**

11      **A.      LEGAL STANDARD**

12      "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Yack v.*

13    *Washington Mut. Inc.*, No. C 07-5858 PJH, 2008 WL 3842918, at *3 (N.D. Cal. Aug. 14, 2008)

14    (quoting *Operating Eng'rs Pension Trust v. A-C Company*, 859 F.2d 1336, 1345 (9th Cir.1988)).

15    Because of this, Rule 11 sanctions "are reserved for 'rare and exceptional case[s].'" *Benedict v.*

16    *Hewlett-Packard Co.*, No. 13-CV-00119-LHK, 2014 WL 234207, at *5 (N.D. Cal. Jan. 21, 2014)

17    (quoting *Operating Eng'rs Pension Trust v. A-C Company*, 859 F.2d 1336, 1344 (9th Cir.1988)).

18      "The Ninth Circuit has identified two circumstances where Rule 11 sanctions may be

19    imposed: where a litigant makes a 'frivolous filing,' that is where he files a pleading or other paper

20    which no competent attorney could believe was well-grounded in fact and warranted by law, and

21    where a litigant files a pleading or paper for an 'improper purpose,' such as personal or economic

22    harassment." *Benedict v. Hewlett-Packard Co.*, No. 13-CV-00119-LHK, 2014 WL 234207, at *4

23    (N.D. Cal. Jan. 21, 2014) (quoting *Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir.1987)). A

24    frivolous filing is one that is "*both* baseless *and* made without a reasonable and competent

25    inquiry." *In re Keegan Mgmt. Co., Sec. Litig.,* 78 F.3d 431, 434 (9th Cir.1996) (citation omitted)

26    (emphasis in original). "The requisite factual investigation required under [this standard] is 'an

27    inquiry reasonable under all the circumstances of a case.'" *Yack v. Washington Mut. Inc.*, No. C

28    07-5858 PJH, 2008 WL 3842918, at *3 (N.D. Cal. Aug. 14, 2008) (quoting *Townshend v. Holman*

1   *Consulting Corp.*, 929 F.2d 1358, 1364 (9th Cir.1990).

2       "When Rule 11 sanctions are party-initiated, the burden is on the moving party to

3   demonstrate why sanctions are justified.  *Benedict v. Hewlett-Packard Co.*, No. 13-CV-00119-

4   LHK, 2014 WL 234207, at *5 (N.D. Cal. Jan. 21, 2014) (citing *Tom Growney Equip., Inc. v.*

5   *Shelley Irr. Dev., Inc.*, 834 F.2d 833, 837 (9th Cir.1987)).  For the reasons detailed below, Mr.

6   Willman has not and cannot meet this burden here.

7       **B.       MR. WILLMAN'S MOTION IS PROCEDURALLY IMPROPER**

8       Mr. Willman's Motion should be denied in the first instance because it is procedurally

9   improper.  Mr. Willman purports to move this Court pursuant to Fed. R. Civ. P. 11.  Mot. at 3.

10  Rule 11, however, "place[s] stringent notice and filing requirements on parties seeking sanctions**."**

11  *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005).  Specifically, Rule 11 imposes a "strict

12  requirement that a motion be served on the opposing party twenty-one days prior to filing."

13  *Certain Underwriters at Lloyd's London v. Rauw*, No. C 05-2377 SBA, 2007 WL 2729117, at *5

14  (N.D. Cal. Sept. 18, 2007).  The "purpose of th[is] safe harbor requirement is to provide parties

15  with proper notice of the allegations against them and an adequate opportunity to cure the alleged

16  deficiencies."  *Holgate v. Baldwin*, 425 F.3d 671, 679 (9th Cir. 2005).  Courts "enforce this safe

17  harbor provision strictly."  *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005).  "The twenty-

18  one day hold is mandatory, and a Rule 11 motion will be denied for failure to abide by that

19  provision." *Allers-Petrus v. Columbia Recovery Group, LLC*, No. C08-5533 FDB, 2009 WL

20  1160061, at *2 (W.D. Wash. Apr. 29, 2009) (citing *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th

21  Cir.2005); *Retail Flooring Dealers of America, Inc. v. Beaulieu of America, LLC*, 339 F.3d 1146,

22  1150–51 (9th Cir.2003)).

23      Mr. Willman failed to comply with Rule 11's procedural requirements and safe harbor

24  provision.  Mr. Willman did not serve Prior Defense Counsel with a copy of his intended motion

25  prior to filing the Motion.  Declaration of Lauren Cury at ¶ 4.  Indeed, Mr. Willman has not served

26  Prior Defense Counsel with a copy of the Motion at all.  *Id.*  Nor can Mr. Willman satisfy that safe

27  harbor requirement, as Prior Defense Counsel has withdrawn from the action, and thus has no

28  ability to revise or withdraw the paper at issue under the safe harbor, although none are warranted

1    here. *Holgate v. Baldwin*, 425 F.3d 671, 679 (9th Cir. 2005) (holding that service of Rule 11

2    Motion on withdrawn counsel was untimely because such counsel "essentially had no power to

3    correct the offending paper or to counsel [the party] to withdraw it"). Mr. Willman's Motion

4    should be denied for these reasons alone. *Id.*

5            **C.      MR. WILLMAN'S MOTION IS WITHOUT MERIT**

6            Mr. Willman's Motion should also be denied because it is entirely without merit. Mr.

7    Willman bases his Motion on four supposed misrepresentations by Prior Defense Counsel: 1) "The

8    false assertion that Michael Willman made a physical threat against Matt Mullenweg;" 2) "[t]he

9    misrepresentation of the preliminary injunction's scope;" 3) "[t]he false claim that Michael

10   Willman's second Slack account was banned" and 4) "[t]he selective omission of key portions of

11   Slack conversations." Mot. at 3. As detailed below, each of these positions and representations

12   by Prior Defense Counsel were supported by a diligent investigation and in many cases sworn

13   party declarations and evidence filed in connection with the papers at issue; they do not form a

14   basis for sanctions.

15           **i.      Mr. Willman Did Physically Threaten Mr. Mullenweg, As Evidenced**

16           **By The Exhibits Mr. Willman Himself Attached To His Declaration**

17           First, Mr. Willman claims that Prior Defense Counsel falsely "impl[ied] that Mr. Willman

18   made a physical threat" against Mr. Mullenweg. Mot. at 7. This was not a "misrepresentation" or

19   "false implication," however, but rather accurately reflects how Mr. Mullenweg perceived – and

20   characterized – Mr. Willman's messages. Mr. Willman is aware of this, having attached to his

21   own declaration the post in which Mr. Mullenweg informs him that his message "feels like a

22   physical threat":

| **Mr. Willman's Physical Threat And Mr. Mullenweg's Reaction** |
|---|
|  |

-3-                                                    Case No. 3:24-cv-06917-AMO

1

2

3



4    Willman Decl. Ex. B pp. 42-43.

5        This perception and characterization were reasonable, and it was not "frivolous" for Prior

6    Defense Counsel to bring it to the Court's attention.  Mr. Willman's post threatened to escalate

7    months of online taunting, baiting and harassment to an in-person confrontation.  And while Mr.

8    Willman claims "the reason for travel to Houston, [was] to make a legal claim," Mot. at 8, he and

9    Mr. Mullenweg are both aware that it is not necessary to physically travel to a jurisdiction to file

10   claims—nor are these proceedings pending in Houston.  Rather, the only connection to Houston is

11   Mr. Mullenweg's residence.  For all of these reasons, Prior Defense Counsel's characterization of

12   Mr. Willman's post as a physical threat was both reasonable and justified, not sanctionable.

13                    **ii.       Prior Defense Counsel's Collaboration With WPE In Identifying**

14                             **"Related Entities" Was For The Purpose Of Complying With The**

15                             **Preliminary Injunction Order— Not Circumventing It**

16       Next, Mr. Willman argues that Prior Defense Counsel's collaboration with WPE to

17   identify "Related Entities" subject to the Preliminary Injunction Order so that Defendants could

18   restore those entities' and individuals' wordpress.org access in compliance with that Order was

19   "an active effort to mislead a third party (WP Engine), evade the enforcement of a judicial order,

20   and fundamentally alter the rights conferred by the injunction through extrajudicial means."  Mot.

21   at 4.  It was the exact opposite.

22       The Preliminary Injunction Order defines "Related Entities" for purposes of the

23   preliminary injunction as WPE's employees, users, customers and partners.  ECF 64 at 41.

24   Contrary to Mr. Willman's argument, the Order does not "includ[e] a specific list of Related

25   Entities."  Mot. at 4.  Nor is it possible for Defendants, Prior Defense Counsel, or even the Court

26   to know who WPE's employees, users, customers and partners are; this information resides solely

27   with WPE.  Because of this reality, and in a good faith attempt to ensure compliance with the

28   Preliminary Injunction Order, Prior Defense Counsel contacted WPE and sought WPE's

1  assistance in identifying those Related Entities who do not use WPE email addresses, so that

2  Defendants could ensure their access was restored in compliance with the Order.  Prior Defense

3  Counsel attached this correspondence at ECF 83-15.

4       As that correspondence makes clear, Prior Defense Counsel at no point attempted to

5  "misrepresent[]" or "redefin[ ] the scope of the injunction," "improperly limit its enforcement,"

6  "manipulate WP Engine," or "rewrite the injunction's terms without judicial approval."  Mot. at 4,

7  17-18.  Because there is no indication that Prior Defense Counsel acted in any way improperly,

8  and because the communications at issue were instead a good faith attempt to comply with the

9  Preliminary Injunction Order, there is no basis to sanction Prior Defense Counsel in connection

10  with those communications.

11       **iii.      Mr. Willman's Contention That Prior Defense Counsel Was Required**

12             **To Question Any Quoted Third Party As To The Intention Behind**

13             **Their Statements Is Without Basis**

14       Next, Mr. Willman accuses Prior Defense Counsel of "misrepresent[ing] the statements of

15  a third party" by "selectively quot[ing] slack messages."  Mot. at 10.  In so doing, Mr. Willman

16  suggests that Prior Defense Counsel was obligated not only to include in its filing over a page-

17  and-a-half of slack conversations as "context" for one post, but also to "question[] [the quoted]

18  user about his statement and the intent behind it."  Mot. at 11-13.  There is no basis for the

19  imposition of any such requirement.  The reasonable excerpting of documents is a well-established

20  practice—not a violation of Rule 11.  *See United States v. Poschwatta*, 829 F.2d 1477, 1483 (9th

21  Cir. 1987), overruled on other grounds as recognized by *United States v. Powell*, 936 F.2d 1056,

22  1064 n. 3 (9th Cir.1991) (permitting excerpts and finding that the government "was not required to

23  introduce contemporaneously the complete documents").  Nor was Prior Defense Counsel's

24  interpretation of the slack messages at issue "deceptively manipulat[ive]" or "an intentional act of

25  deception" as Mr. Willman suggests.  Mot. at 14.  Mr. Willman himself recognized the potential

26  for multiple interpretations of those messages in his communications with the user.  Mot. at 13

27  ("asking which interpretation was legitimate").  What's more, the point the communications at

28  issue were used to illustrate—third party characterizations of Mr. Willman's posts, was a mere

1    aside to the arguments being advanced, which arguments instead surrounded the baiting and

2    taunting nature of Mr. Willman's posts themselves.

3        Nor did Prior Defense Counsel "misrepresent[] the timeline of events" as Mr. Willman

4    alleges.  Mot. at 16.  While Mr. Willman claims "Defense Counsel attempts to retroactively justify

5    their client's actions by citing statements made by Mr. Willman after the violation of the

6    preliminary injunction and falsely implying that these statements were made before the violation

7    occurred," Mot. at 16, Mr. Willman himself concedes that he was "only banned after egging Matt

8    on," taking the position not that this was untrue, but that his self-described "argumentative and

9    combative" posts did not justify his banning due to the particular channel they were posted in:



ECF 83-6 at 3.

21       Indeed, and in the statement Mr. Willman points to as "misrepresenting the timeline," Prior

22   Defense Counsel *explicitly noted the date of the statement at issue*.  See Mot. at 16 (pointing to the

23   statement "Mr. Willman's January 4, 2025 post was a specific, factual assertion by someone who

24   had been, in his own words, 'pissed off and angry' and was now on his way to confront Matt in

25   person.").  There has been no obfuscation of the timeline of events, or other conduct on which

26   sanctions are justified.

27

28

1              **iv.      Prior Defense Counsel's Statements That Mr. Willman's Slack Account**

2                        **Was Banned Are Supported By Sworn A Declaration – and Consistent**

3                        **With Mr. Willman's Own Contempt Motion**

4              Finally, Mr. Willman accuses Prior Defense Counsel of failing to verify that Mr.

5    Willman's second slack account had been banned.  Mot. at 15-16.  But Prior Defense Counsel did

6    verify this fact, which was included in the sworn declaration of Mr. Mullenweg.  ECF 82 at ¶ 11.

7    Instead, Mr. Willman's argument appears to be that Prior Defense Counsel was required to

8    independently verify the sworn statements of their then-client.  Mot. at 15.  But Prior Defense

9    Counsel had no reason to question these statements, including because the blocking of Mr.

10   Willman from the WordPress.org Slack is the basis of Mr. Willman's own Motion for Contempt.

11   ECF 71 at 4 (alleging "Defendants violated [the Preliminary Injunction Order] by banning

12   Michael Willman from the Make.WordPress.Org Slack workspace…. *Defendants' failure to*

13   *restore access* despite the injunction further evidences their disregard for this Court's order"

14   (emphasis added).  *See also id.* at 6-7 (claiming "the ban has severely impaired [Mr. Willman's]

15   ability to serve this [community moderator] role effectively… and limits his contributions to the

16   broader WordPress ecosystem" and detailing harm Mr. Willman alleges will occur "if this

17   violation is allowed to stand.").  Indeed, the relief Mr. Willman seeks in his Motion for Contempt

18   includes that this Court "[o]rder Defendants to immediately restore Michael Willman's access to

19   the Make.WordPress.org Slack workspace." *Id.* at 7.  The position Mr. Willman now takes,

20   namely that he has *not* been banned from the WordPress.org Slack and in fact has such access,

21   moots the relief he is seeking in his Motion for Contempt.

22           Because Prior Defense Counsel reasonably relied on Mr. Mullenweg's sworn declaration

23   in making the representations at issue, including in light of Mr. Willman's own consistent

24   statements to this Court, there is no basis for the imposition of sanctions in connection therewith.

25   *Hamer v. Career College Ass'n*, 979 F.2d 758, 759 (9th Cir. 1992) (holding attorney's "rel[iance]

26   upon the declaration of her client, made 'under penalty of perjury"… should be sufficient to

27   constitute reasonable investigation for purposes of Rule 11").

28

OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE

1

## CONCLUSION

2     For the reasons above, Mr. Willman's Motion should be denied.

3

Dated: February 18, 2025

4

By:   */s/ Lauren Beth Cury*
        Lauren Beth Cury

5

6     **HOGAN LOVELLS US LLP**
        Michael M. Maddigan (Bar No. 163450)

7     Anna Kurian Shaw, *pro hac vice*
        Lauren Cury, *pro hac vice*

8     Jiaxing (Kyle) Xu (Bar No. 344100)
        Hadley Dreibelbis, *pro hac vice*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE