| | |
|---|---|
| ROSEMARIE T. RING, SBN 220769<br>  rring@gibsondunn.com<br>JOSEPH R. ROSE, SBN 27902<br>  jrose@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center<br>San Francisco, CA  94111-3715<br>Telephone:   415.393.8200<br>Facsimile:   415.801.7358 | JOSH A. KREVITT, SBN 208552<br>  jkrevitt@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>310 University Ave<br>Palo Alto, CA 94301-1744<br>Telephone:   650.849.5300<br>Facsimile:   650.849.5333 |
| MICHAEL H. DORE, SBN 227442<br>  mdore@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone:   213.229.7000<br>Facsimile:   213.229.6652 | ORIN SNYDER *(admitted pro hac vice)*<br>  osnyder@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone:   212.351.2400<br>Facsimile:   212.351.6335 |

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>           Plaintiff,<br><br>      v.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>           Defendants. | Case No. 3:24-cv-06917-AMO<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE [DKT. 69]**<br><br>**Hearing:**<br>Date:      June 5, 2025<br>Time:      2:00 p.m.<br>Place:     Courtroom 10<br><br>Hon. Araceli Martínez-Olguín |

**REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE [DKT. 69]**

On the first page of its response (Dkt. 76), Plaintiff WPEngine ("WPE") concedes that all 16 of the publicly available websites, blog posts, online customer support forum posts, transcripts of podcast episodes, and audio-visual recordings included in Defendants' Request for Judicial Notice (Dkt. 69) and referenced in WPE's Amended Complaint are proper subjects for judicial notice under Rule 201(b)(2) of the Federal Rules of Evidence. WPE also confirms that it has "no objection to" this Court taking "judicial notice of the existence of" these items. Dkt. 76 at 2; *see also id.* at 5 ("the Court may judicially notice the existence of Exhibits 1-16" to Defendants' Request for Judicial Notice). That is sufficient to take judicial notice of Exhibits 1–16 to Defendants' Request for Judicial Notice. *See* Fed. R. Evid. 201(c)(2) (A court "must take judicial notice if a party requests it and the court is supplied with the necessary information.").

Rather than stop there, however, WPE goes on to essentially (and impermissibly) supplement its opposition to Defendants' Motion to Dismiss and Strike WPE's Amended Complaint by attempting to explain away the fact that the content of Exhibits 1–16 contradict many of the allegations in WPE's Amended Complaint. Dkt. 76 at 2–5. In doing so, WPE makes a pair of arguments that mischaracterize the purpose and import of Defendants' Request for Judicial Notice.

*First*, while acknowledging that Exhibits 1–16 are proper subjects of judicial notice, WPE objects to "Defendants' attempt to invoke the judicial notice doctrine to deem all of the various statements" included in the exhibits as true. Dkt. 76 at 3; *see also id.* at 4 (accusing Defendants of improperly asking "the Court to accept as true the contents of [Mullenweg's] online speeches"). To be clear, it is well-settled that a court may "consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment." *Cal. Spine & Neurosurgery Inst. v. Oxford Health Ins. Inc.*, 2019 WL 6171040, at *2 (N.D. Cal. Nov. 20, 2019) (internal citations and quotations omitted).

Moreover, "when documents contain statements that contradict allegations in a complaint, the documents control and a court need not '[a]ccept as true allegations that contradict matters properly subject to judicial notice or by exhibit.'" *Williams v. Kidiley*, 2013 WL 6247972, at *2 (C.D. Cal. Dec.

3, 2013) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 1998)); *see also, e.g.*, *M. L.A. v. Maisels*, 2022 WL 1489473, at *3 (N.D. Cal. May 11, 2022) ("courts 'need not accept as true allegations contradicting documents that are referenced in the complaint'" (quoting *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008))); *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014) ("Here, Gonzalez did not plausibly state a claim under the FCA because his assertion that Planned Parenthood knowingly submitted false claims for reimbursement is compellingly contradicted by a series of letters he attaches to his complaint.").

Similarly, where a complaint quotes from documents, courts may consider "the full contents" of the documents "from which the truncated quotations were drawn" in evaluating a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 568 n.13 (2007); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (considering full contents of website pages in resolving motion to dismiss where complaint included only excerpts).

In both their Motion to Dismiss and Strike and concurrently filed reply in support of that motion, Defendants properly rely on judicially noticeable materials cited and quoted in WPE's FAC to demonstrate that WPE's allegations misstate the contents of these materials (including misstating what Mullenweg allegedly said as the basis for WPE's slander claim). The full contents of the judicially noticeable materials likewise undermine WPE's selected quotations from the materials (for example, the WordPress plugin developer guidelines undercut the demonstrably false premise of WPE's promissory estoppel claim that Defendants promised unfettered access to WordPress.org). Defendants also include judicially noticeable materials in support of their argument that Defendants' assertion of trademark rights was not a "sham" as WPE contends.

WPE does not (and cannot) dispute that these are proper uses of judicially noticeable materials, and so it instead accuses Defendants, without citing a single example, of improperly attempting to rely on the materials for the truth of statements within the materials. Dkt. 76 at 2–4. That is not the purpose of Defendants' Request for Judicial Notice, and the Court should grant the request and credit the full contents of the documents over any of WPE's allegations regarding their content.

*Second*, WPE generally objects that Exhibits 1–16 "are immaterial to the court's resolution of Defendants' motion to dismiss[.]" Dkt. 76 at 4. But the materials are obviously relevant where they

contradict material allegations about them in WPE's amended complaint, or where their full contents provide context absent from quotations in WPE's pleadings, as explained in Defendants' Motion to Dismiss and Strike and concurrently filed reply in support of that motion. *See, e.g.*, *Baker v. L.A. Herald Examiner*, 42 Cal.3d 254, 261 (1986) ("The publication in question must be considered in its entirety; it may not be divided into segments and each portion treated as a separate unit. It must be read as a whole to understand its import and the effect which it was calculated to have on the reader and construed in the light of the whole scope and apparent object of the writer, considering not only the actual language used, but the sense and meaning which may have been fairly presumed to have been conveyed to those who read it." (cleaned up)). Taking WPE's libel, trade libel, and slander claims as an example, the full blog posts, keynote address, and YouTube livestream are especially relevant to show that Defendants' allegedly defamatory statements were protected opinion that included the bases for Mullenweg's stated views.

## CONCLUSION

For the foregoing reasons, and for the reasons included in Defendants' Request for Judicial Notice (Dkt. 69), Defendants respectfully request that this Court grant their Request for Judicial Notice of Exhibits 1–16.

DATED: February 19, 2025                     Respectfully submitted,

                                             GIBSON, DUNN & CRUTCHER LLP

                                             By: */s/ Rosemarie T. Ring*
                                                    Rosemarie T. Ring

                                             *Attorney for Defendants Automattic Inc. and Matthew Charles Mullenweg*