QUINN EMANUEL URQUHART & SULLIVAN LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for Plaintiff WPEngine, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual, <br><br> Defendants. | Case No. 3:24-cv-06917-AMO <br><br> **PLAINTIFF WP ENGINE, INC.'S OBJECTION TO DEFENDANTS' REPLY EVIDENCE** <br><br> Judge: Honorable Araceli Martínez-Olguín <br> Courtroom: 10 <br> Hearing Date: June 5, 2025 <br> Hearing Time: 2:00 p.m. |

Pursuant to Northern District of California Civil Local Rule 7-3(d)(1), Plaintiff WP Engine ("WPE") objects to new evidence Defendants Automattic Inc. and Matthew Charles Mullenweg ("Defendants") filed in support of their Reply in Support of Motion to Dismiss and Strike Plaintiff's Amended Complaint (Dkt. 106, "Reply").  Specifically, WPE objects to the six exhibits (the "Exhibits") attached to Defendants' Supplemental Request for Judicial Notice (Dkt. 107) and cited in Defendants' Reply (Dkt. 106 at 1, 6, 10-16), on the grounds below.

## ARGUMENT

### I. EXHIBITS 5 AND 6 ARE MISDESCRIBED AND EXHIBIT 5 IS FACIALLY INCOMPLETE

Defendants claim Exhibit 5 is a copy of a September 21, 2024 article available at https://wordpress.org/news/2024/09/wp-engine/ and Exhibit 6 is a copy of a September 25, 2024 article available at https://wordpress.org/news/2024/09/wp-engine-banned/. Dkt. 107 at 1.  Yet, the content of Exhibits 5 and 6 differ from what appears if one clicks on these URLs.  Based on the markings on Exhibits 5 and 6, it appears that they may be printouts from the Wayback Machine. *Compare* https://wordpress.org/news/2024/09/wp-engine/ ("And they're profiting off of the confusion.  WP Engine needs a trademark license to continue their business. I spoke yesterday at WordCamp . . . "), *with* 107-5 at 2 ("And they're profiting off of the confusion. I spoke yesterday at WordCamp . . . "); *compare* https://wordpress.org/news/2024/09/wp-engine-banned ("Any WP Engine customers having trouble with their sites should contact WP Engine support and ask them to fix it. WP Engine needs a trademark license, they don't have one. I won't bore you with the story . . ."), *with* 107-6 at 2 ("Any WP Engine customers having trouble with their sites should contact WP Engine support and ask them to fix it. I won't bore you with the story . . . ").  Because Exhibits 5 and 6 do not appear to be authentic copies of what Defendants claim them to be, they do not constitute facts that are not subject to a reasonable dispute and they should not be admitted under Rule 201 of the Federal Rules of Evidence.  Fed. R. Evid. 201(b).  For the avoidance of doubt, WPE has no objection to the Court taking judicial notice of the existence of these articles if they accurately depicted their contents.

Exhibit 5 is also objectionable for the independent reason that it is apparent from the face of the document that it is incomplete. *M.O.R.E., LLC v. United States*, 2015 WL 5093621, at *3 (N.D. Cal. Aug. 28, 2015) (denying request for judicial notice of document that "appears to be both incomplete and with pages out of order"); *see City of Miami Gen. Emps.' & Sanitation Emps' Ret. Tr. v. RH, Inc.*, 302 F. Supp. 3d 1028, 1033 n.1 (N.D. Cal. 2018) ("Courts frequently decline to take judicial notice of filings which are incomplete or truncated"). Exhibit 5 purports to be an article, but it contains incomplete sentences that are unintelligible. *See* Dkt. 107-5 at 3 (incomplete sentence that reads "Every change"), Dkt. 107-5 at 5 (incomplete sentence that says "We must set a higher standard to"). It is also apparent on the face of Exhibit 5 that it is missing other substantive content. Exhibit 5 specifically refers to a screenshot and states that the screenshot is pasted into the text, but the screenshot is not visible in Exhibit 5. *See* Dkt. 107-5 at 3 (stating "Here is a screenshot of their support page saying they disable this across their 1.5 million WordPress installs").

## II.  THE CONTENTS OF EXHIBITS 1, 2, 5, AND 6 MAY NOT BE ADMITTED FOR THEIR TRUTH

WPE objects to Exhibit 1, a printout of a webpage titled "Plugin Developer FAQ" from wordpress.org, Exhibit 2, a printout of a webpage titled "Detailed Plugin Guidelines" from wordpress.org and Exhibits 5 and 6, to the extent the above objection to Exhibits 5 and 6 in their entirety is not sustained, because these exhibits cannot be considered for their truth. The Ninth Circuit has established a clear rule: when courts take judicial notice (as Defendants request here) of the existence of documents such as public websites, such notice does not extend to deeming the entire contents of those documents as true. *Threshold Enterprises Ltd. V. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("To the extent the Court takes judicial notice that these [screenshots and printouts of websites of the parties, social media websites, and information and news websites] contain certain information, the Court notices only the fact that the documents contain the referenced content. The Court does not take judicial notice of the truth of that content.") "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Rather, only facts within documents that are "not subject to reasonable

-2-    Case No. 3:24-cv-06917-AMO
PLAINTIFF WP ENGINE, INC.'S OBJECTION TO REPLY EVIDENCE

dispute" are candidates for judicial notice. *Id.* (quoting Fed. R. Evid. 201(b)). Accordingly, WPE objects to the admission of the content of these exhibits for their truth, which contradicts the well-established Ninth Circuit rule.

### III.   THE CONTENTS OF EXHIBITS 3 AND 4 MAY NOT BE ADMITTED FOR THEIR TRUTH

Exhibits 3 and 4 are purported transcripts of Defendants' own online speeches. For the same reasons described above, WPE objects to the use of these exhibits for the truth of the statements contained therein. *Khoja*, 899 F.3d at 999-1000.

### CONCLUSION

For the foregoing reasons, WPE respectfully requests that the Court sustain this objection under L.R. 7-3(d)(1), decline to take judicial notice of the evidence in Exhibits 5 and 6 because they are subject to reasonable dispute, and refuse to consider the statements in any of the exhibits for their truth.

Dated:  February 26, 2025

Respectfully submitted,
QUINN EMANUEL URQUHART & SULLIVAN LLP

By */s/ Rachel Herrick Kassabian*
    Rachel Herrick Kassabian
    *Attorneys for Plaintiff, WPEngine, Inc.*