IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>Defendants. | Case No. 3:24-cv-06917-AMO<br><br>**JOINT STATEMENT REGARDING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO ITS REQUESTS FOR PRODUCTION**<br><br>Judge: Honorable Araceli Martínez-Olguín |

## I.  WPE'S POSITION

WPE brings this motion to compel after exhausting all reasonable efforts to obtain basic discovery compliance from Defendants.  For nearly four months, Defendants have failed to produce a single page of documents or even serve written responses to WPE's RFPs, claiming it would be too burdensome to do so and that they would move for a protective order unless WPE withdrew *all* RFPs—which they have not done.  Defendants have also claimed they will seek a stay of all discovery—though they have not done that either.  Yet during this same period, Defendants aggressively pursued their own discovery, to which WPE has timely responded and produced nearly 20,000 pages of documents.  Defendants may not have it both ways, nor may they continue to flout the Federal Rules.

**Defendants Have No Excuse for Their Failure to Respond to WPE's RFPs.**  More than 110 days have elapsed since service of WPE's RFPs in early November 2024, yet Defendants have neither provided written objections nor produced a single document.  "A motion to compel is appropriate when a party fails to produce relevant, non-privileged documents requested pursuant to Rule 34."  *Owen v. Hyundai Motor Am.*, 344 F.R.D. 531, 535 (E.D. Cal. 2023).  Each of WPE's RFPs seeks documents directly relevant to the claims and allegations in this litigation.

Defendants' complaints about the number and scope of WPE's requests ring hollow for several reasons.  First, the number of requests—119—is entirely proportional to the complexity of this case.  *See Yazdi v. Aetna Life & Cas. (Bermuda) Ltd.*, 2019 WL 6719535, at *3 (C.D. Cal. Sept. 9, 2019) ("voluminous discovery" proportional in complex cases); *Union Pac. R.R. Co. v. Mike's Train House, Inc.*, 2006 WL 8458361, at *6 (D. Neb. Aug. 10, 2006) (approving over 400 RFPs).  Second, Rule 34 imposes no numerical limit on requests.  *Anthony v. Harmon*, 2010 WL 11698183, at *1 (E.D. Cal. Sept. 17, 2010).  Third, Defendants' own discovery requests expose their disproportionality argument as mere pretext.  For example, Automattic's RFP 16 parallels WPE's RFP 112 (each seek documents about WPE's CEO) and Automattic's RFP 1 mirrors WPE's RFP 52 (each concern WordPress-related terms on WPE's website).  Finally, while Defendants cite to examples of RFPs they suggest are overbroad or irrelevant, WPE offered at the outset to discuss any individual RFPs Defendants believed were objectionable based on their written responses, and to

narrow if necessary, but Defendants refused—making the tactical decision instead that they would file a motion for protective order *after* the deadline for doing so—which they never did anyway.

While Defendants have the right to hire counsel of their own choice, their decision to switch counsel does not absolve their prior and continuing failures to participate in discovery. The Court should reject Defendants' numerous excuses for discovery stonewalling.

**Defendants Have Waived All Objections By Ignoring Rule 34's Requirements.**
Defendants' complete failure to serve timely written responses or objections to WPE's RFPs has serious consequences: the waiver of all objections, which is automatic under settled law. *See* Fed R. Civ. P. 34(b)(2)(A); *Vietnam Veterans of Am. v. CIA*, 2010 WL 11730757, at *7 (N.D. Cal. Nov. 12, 2010). Defendants suggest their November 8 email somehow preserves their objections. But a cursory meet and confer email claiming blanket "burden" cannot satisfy Rule 34(b)(2)(B)'s explicit requirement for specific, individualized objections. *See Lurensky v. Wellinghoff*, 258 F.R.D. 27, 30 (D.D.C. 2009) (rejecting blanket objection); *Eureka Fin. Corp. v. Hartford Acc. & Indem. Co.*, 136 F.R.D. 179, 182 (E.D. Cal. 1991) (finding waiver based on blanket objection). Moreover, Defendants' reliance on *Glass Egg* underscores Defendants' failure here: in that case, the defendants actually *complied* with Rule 34 by serving individual responses and objections before seeking a protective order. *Glass Egg*, No. 3:17-cv-04165, Joint Discovery Letter Brief at 99–344 (N.D. Cal. Oct. 31, 2019) (Dkt. 220-1). Finally, Defendants attempt to manufacture "good cause" by citing *Lopez* , but that case involved an innocent miscommunication between counsel that led to delayed discovery responses. Here, Defendants admit they made a calculated decision to ignore their obligations. This was no inadvertent oversight—it was a tactical effort to dodge their discovery obligations, carried out over many months while being represented by two separate, large law firms.

While Defendants suggest WPE somehow delayed or did not sufficiently confer with them, the fact is that WPE has met and conferred with Defendants for months, via numerous video conferences and emails, in order to attempt to avoid burdening the Court with a dispute. Mack Decl. ¶¶ 3-8. But Defendants' ever-shifting positions—from wholesale refusal to respond to WPE's RFPs for months and repeated claims they intended to seek a protective order, to offering responses by February 26, to reversing course and requesting a complete stay of all discovery, to retracting this

-2-   Case No. 3:24-cv-06917-AMO
JOINT STATEMENT REGARDING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO ITS REQUESTS FOR PRODUCTION

request with promises to respond by February 28, and to provide undefined initial production on March 7 —betray their true objective: delaying and evading discovery obligations by whatever means available.  *Id.*  While WPE welcomes Defendants' recently announced purported willingness to finally participate in discovery, their wholesale refusal to respond to WPE's RFPs for months, tactical reversals, flip-flopping and further delay, are not cured by an eleventh hour capitulation, even if it is genuine this time.  *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) ("Last-minute tender of documents does not cure the prejudice to opponents").

Defendants' tactical decision to ignore Rule 34 for months has consequences, and it has become clear that court intervention is necessary to ensure Defendants fully comply with their discovery obligations.  If there ever were a case for confirming waiver of objections and ordering expeditious document production, this is it.  Defendants should be ordered to serve written responses within five days of the Court's ruling, without objections, and produce all responsive documents forthwith.  If this motion is granted, WPE requests leave to seek reimbursement of its fees incurred seeking this basic discovery pursuant to Rule 37, either via separate joint statement or noticed motion as the Court instructs,  pursuant to Civil L.R. 7-8.

## II.   DEFENDANTS' POSITION

WPE's motion is unnecessary and ignores the affirmative steps Defendants have taken in good faith to address the issues raised in the motion.  Defendants' new counsel have informed WPE that, in lieu of filing a motion for a protective order on which WPE and Defendants' former counsel have been meeting and conferring and exchanging drafts until recently, Defendants will serve responses and objections to the RFPs by February 28, 2025 and begin producing documents by March 7, 2025.  While Defendants maintain their objections to WPE's First Set of RFPs (238 total) as overbroad and unduly burdensome, and do not understand WPE's unwillingness to reach a compromise on these issues, Defendants do not believe Court intervention is necessary at this time.

In the one month since Defendants' new counsel appeared in this case, WPE has delivered letter briefs on issues it let sit for weeks with former counsel.  Defendants' new counsel has investigated those issues promptly and proposed compromises to avoid burdening the Court, (*see* Dore Decl. ¶¶ 4-10), including one that mooted WPE's letter brief on entry of a protective order to

govern discovery, (Dkt. 103).  As to the RFPs, WPE discussed them with new counsel for a few minutes during a meet and confer on a separate issue on February 5, 2025.  Defendants' new counsel told WPE they were investigating the matter. (*Id.* ¶ 9.)  Days later, WPE delivered yet another letter brief (this motion to compel) and then threatened to file it unilaterally.  (*See id.* Ex. 5, ¶ 10.)

**WPE's RFPs**.  On November 7, 2024, WPE served Defendants with 238 RFPs.  (Dore Decl., Ex. 1 at 4.)  Defendants objected in writing to the service of the RFPs the day after receiving them, saying the 119 (identical) RFPs for each defendant were burdensome and disproportional to the needs of the case, particularly at the early stage when WPE's claims were not even settled.  (*Id.*)  Indeed, one week later WPE amended its complaint to add nine claims (including antitrust claims).  *See* Dkt. 51.  That day, November 14, 2024, the parties met and conferred and Defendants informed WPE that they wanted to quickly bring the dispute to the Court via joint telephone conference.  (*See* Dore Decl., Ex. 1 at 1.)  WPE refused.  (*Id.* ¶ 3.)  Defendants then provided their portion of a joint letter brief for a motion for a protective order to WPE on December 6, less than 30 days after they received the RFPs and before the deadline for specific objections.  (*Id.* ¶ 4, Ex. 2.)  After Defendants further revised their draft on December 16, WPE waited more than *three weeks* to return its portion, and then, when Defendants sent back their revised draft on January 16, 2025, WPE waited another more than *two weeks* to send back their further revisions.  (*Id.* ¶¶ 4-8.)  WPE is at least as responsible as Defendants for the duration of this dispute.

**WPE's 238 RFP's are Objectionable.**  The vast majority of WPE's claims are subject to a pending motion to dismiss and strike.  *See, e.g.*, RFP Nos. 25, 73, 77, 81, 82, 86, 87, 91, 92, 95.  They also predate WPE's addition of (deficient) antitrust claims, which if they remain in the case could result in significant additional discovery requests.  *See, e.g., Arcell v. Google*, 2022 WL 16557600, at *1 (N.D. Cal. Oct. 31, 2022) (staying discovery and holding that "discovery in antitrust cases tends to be broad, time-consuming and expensive") (quotations omitted).  Among other things, the RFPs seek detailed revenue and expense information going back fifteen years (RFP No. 36), organizational information going back 19 years (RFP Nos. 33-35), and irrelevant WordPress.org donation information with no date limitation (RFP No. 117).  Whatever claims remain in this case—which is not nearly as complex as WPE's bloated pleading would suggest—WPE's 238 RFPs are

improper and harassing based on their volume alone. *See, e.g.*, *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 WL 5720731, *2-3 (N.D. Cal. Nov. 5, 2019); *Berkadia Real Est. Advisors LLC v. Wadlund*, 2023 WL 2072494, at *4 (D. Ariz. Feb. 17, 2023). Moreover, many of WPE's RFPs are substantively flawed in seeking broad information about distinct entities WPE has not sued (*e.g.*, WordPress Foundation). (*See, e.g.*, RFP Nos. 31, 32, 37.)

**No Waiver.** Defendants' decision to seek a protective order was appropriate, as was its decision not to seek one after waiting weeks at a time for WPE to provide new turns of its section of the motion and considering WPE's last position after receiving it on January 31, 2025. (*See* Dore. Decl. Ex. 1 at 1 (citing *Booker v. Ariz.*, 2010 WL 2720828, at *1 n.1 (D. Ariz. July 9, 2010) ("The Federal Rules do not require a party to respond to discovery with specific objections before seeking a protective order."); *Nelson v. Capital One Bk.*, 206 F.R.D. 499, 500 (N.D. Cal. 2001) ("It would make little sense to hold that in order to preserve objections to written discovery, the responding party must file written objections rather than moving for a protective order."). Where, as here, there is no bad faith or lack of diligence, courts may relieve a party from waiver's harsh consequences. *E.g.*, *Lopez v. Equifax Info. Servs. LLC*, 2020 WL 12674368, *2 (N.D. Cal. May 7, 2020).

**Proposed Compromise**. As explained above, Defendants have agreed to forego filing the motion for protective order the parties had been exchanging until recently and to respond to the RFPs this week and begin producing documents next week. WPE has nevertheless insisted on filing this motion, requiring Defendants to respond. (Dore Decl. Ex. 5 at 1-2.)

For the reasons explained above, Defendants request that the Court (1) deny WPE's motion, including the request to find that Defendants' objections are waived and allow Defendants to serve responses and objections by February 28, 2025; or (2) if WPE's motion is granted, deny WPE's request for fees as unwarranted under FRCP 37(a)(5)(A). Defendants' decision to agree to the very relief WPE is seeking by responding to WPE's RFPs rather than seek a protective order after exchanging drafts of a motion seeking that relief with WPE, with delays on both sides, even while WPE was refusing to engage in any meaningful meet and confer with Defendants' new counsel, is not conduct that should be punished.

| | | |
|---|---|---|
| Dated: February 26, 2025 | | Respectfully submitted, |
| | By: | */s/ Rachel Kassabian* |
| | | **QUINN EMANUEL URQUHART & SULLIVAN LLP** |
| | | Rachel Herrick Kassabian (Bar No. 191060) |
| | | Yury Kapgan (Bar No. 218366) |
| | | Margret M. Caruso (Bar No. 243473) |
| | | Brian Mack (Bar No. 275086) |
| | | *Attorneys for Plaintiff WPEngine, Inc.* |
| Dated: February 26, 2025 | By: | */s/ Michael H. Dore* |
| | | **GIBSON, DUNN & CRUTCHER, LLP** |
| | | Rosemarie Theresa Ring (Bar No. 220769) |
| | | Josh A. Krevitt (Bar No. 208552) |
| | | Orin Snyder, *pro hac vice* |
| | | Joseph Richard Rose, (Bar No. 279092) |
| | | Michael H. Dore, (Bar No. 227442) |
| | | *Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg* |