QUINN EMANUEL URQUHART & SULLIVAN LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for Plaintiff WPEngine, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>Defendants. | Case No. 3:24-cv-06917-AMO<br><br>**DECLARATION OF BRIAN MACK IN SUPPORT OF JOINT STATEMENT REGARDING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO ITS REQUESTS FOR PRODUCTION**<br><br>Judge: Honorable Araceli Martínez-Olguín |

-1-    Case No. 3:24-cv-06917-AMO

DECLARATION OF BRIAN MACK IN SUPPORT OF JOINT STATEMENT REGARDING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO ITS REQUESTS FOR PRODUCTION

I, Brian Mack, declare as follows:

1. I am a Partner at Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff WPEngine, Inc. ("WPE") in this action. I am licensed to practice law in California and admitted to practice in the Northern District of California. I make this submission in support of WPE's portion of the Joint Statement regarding WPE's Motion to Compel written responses to its First Set of Requests for Production, and the production of responsive documents. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify thereto.

2. On November 6, 2024, at 11:57 PM PST, WPE served its First Set of Requests for Production ("RFP") on Defendants. Attached hereto as Exhibit 1 is a true and correct copy of an excerpt of these RFPs, in conformance with the Court's Standing Order limiting supporting documentation to 12 pages. *See* Standing Order I.(b). Should the Court wish to review the entire document, WPE would be happy to file it at the Court's instruction. For the Court's convenience, listed below are the general subjects WPE's RFPs cover.

   a. Customer interference (RFP Nos. 1-6, 10, 12-15, 18-20, 64, 67, 97-101, 108).

   b. ACF plugin and takeover (RFP Nos. 7-9, 11, 65, 89).

   c. WPE Contributions to the WordPress community (RFP Nos. 21-22, 90-96).

   d. Extortion attempt (RFP Nos. 16-17, 23, 30, 118).

   e. Defendants' and related entities' organizational structure, financing, and control (RFP Nos. 26-29, 31-42, 48, 66, 106, 113, 117).

   f. WordPress and WooCommerce Trademark use, ownership, enforcement, and licensing (RFP Nos. 43-47, 52-63, 68-70, 76).

   g. Defendants' communications regarding WPE and bases for the same (RFP Nos. 24-25, 49-51, 71-75, 77-78, 85-88, 102, 107, 109-112, 114-116, 119).

   h. Technical details regarding the WordPress software (RFP Nos. 79-84, 103-105).

3. On November 8, Defendants informed us that Defendants considered the volume of WPE's requests to be too burdensome and claimed they were designed to "annoy" Defendants, and that they intended to seek a protective order if WPE failed to withdraw all of its RFPs.

4.      Defendants failed to serve written responses to WPE's RFPs by their December 6, 2024 deadline.

5.      The parties met and conferred on various dates in November and December, discussing WPE's claim of entitlement to written responses and production of responsive documents, and Defendants' claim of entitlement to a protective order.

6.      I understand that during a meet and confer on November 14, 2024 WPE offered to discuss any individual RFPs that Defendants believed were objectionable, clarify any requests as needed, and consider narrowing, but reminded Defendants that they nevertheless were required to serve written responses identifying those objections. Defendants ultimately refused and insisted that WPE withdraw its entire set of RFPs and start over. No agreement was reached.

7.      On December 6, 2024 at 8:37 pm PT, Defendants sent an email attaching a "draft joint statement to the Court regarding the dispute over Plaintiff's RFPs" and requesting that WPE "[p]lease return this statement with Plaintiff's portion inserted by Thursday, December 12." WPE responded, pointing out that Defendants' portion violated the Court's standing order and asking Defendants to shorten their portion of the draft joint statement to the allowable length. On December 16, 2024, Defendants sent back a revised joint statement. After the holidays, on January 7, 2025, January 16, 2025 and January 31, 2025 the parties exchanged further revisions, and on January 31, 2025, WPE informed Defendants that they had our approval to file the joint statement, and requested that they do so within the next two business days. Defendants did not do so. At the Parties' meet and confer on February 5, 2025, Defendants indicated that they do not know if Defendants will proceed with seeking a protective order or not. As of this writing, Defendants still have not filed their joint statement in support of their previously announced motion for a protective order.

8.      On February 12, Defendants changed course and indicated they were willing to serve responses and objection to WPE's RFPs by February 26, and might also produce documents. On February 18, Defendants changed course again, revealing in their portion of the joint statement on WPE's motion to compel that they were also moving for a stay of all discovery, except for their belated service of written responses and objections to WPE's first set of RFPs which they claimed

they would still provide, though without serving any documents. WPE then revised its portions of the joint statement, served it on Defendants, and requested permission to file. The next business day, Defendants refused to grant WPE permission to file, and on a subsequent video conference call, informed WPE that they were withdrawing their request to stay discovery, were now willing to provide responses and objections to WPE's RFPs by an even later date, February 28, and to make an unspecified initial production on March 7. We do not know whether this is Defendants' final position, or whether they will again reverse course. And, to date, Defendants still have not served any written responses to WPE's RFPs, nor have they produced any documents.

9.   WPE, on the other hand, is fully participating in the discovery process, as Defendants have insisted. Defendant Automattic served its First Set of RFPs on WPE on October 31, 2024, a week before WPE served its First Set of RFPs in dispute here. WPE timely served its written responses on December 2, 2024, agreeing to produce many categories of documents. On December 20, 2024, Defendants sent a meet and confer letter to WPE concerning WPE's document responses, complaining that although WPE agreed to produce documents, "it did not make any accompanying production, and has not done so in the nearly three weeks following service of its responses," and further demanding that WPE provide a date certain by which time the production would be made. A week later, on December 27, 2024, WPE sent its first production to Defendants, and has sent several additional productions to Defendants since then. To date, in total, WPE has produced more than 17,500 pages of documents to Defendants, and more productions are forthcoming as WPE continues to search for, review and produce documents in response to Defendants' RFPs. WPE is also prepared to commence the exchange of privilege logs with Defendants in the coming month.

10.   Defendant Automattic's RFPs and Plaintiff WPE's RFPs concern similar subjects, and several of Automattic's individual requests overlap with WPE's requests. For example, Automattic's Request No. 16 asks for "**Documents and communications between Heather Brunner and Defendants or concerning any meetings, discussions, professional development opportunities or employment offers** between Heather Brunner and Defendants or otherwise relating to the WEBSITE." This is in substance similar to WPE's Request No. 112 (*see* Ex. 1 at 4) which asks for "All **Documents and Communications Relating to (i) Heather Brunner allegedly**

**interviewing with Defendants** or (ii) Heather Brunner leaving WPE, Including any Documents substantiating or refuting Mullenweg's public statements regarding the same." As another example, Automattic's Request No. 1 requests "Documents sufficient to show all versions of YOUR website from 2014 to present, including **documents sufficient to show any use of the terms 'WordPress,' 'WooCommerce,' or 'Woo' on WPEngine.com and its subpages**, including uses in connection with product names, and any changes to YOUR use of the terms 'WordPress,' WordPress,' 'WooCommerce,' or 'Woo' on WPEngine.com." This is also in substance similar to WPE's Request No. 52 (*see* Ex. 1 at 3) which asks for "All Documents and Communications Relating to **WPE's use of the Challenged Terms [WordPress, WooCommerce,** and any other word or design marks Defendants are asserting, or intend to assert, against WPE], **Including on WPE's website** or in its marketing materials from January 1, 2010 to the present."

      11.    I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

      Executed on this 26th day of February, 2025, in San Francisco, California.

By */s/ Brian Mack*
Brian Mack