JOSH A. KREVITT, SBN 208552
  jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Ave
  Palo Alto, CA 94301-1744
  Telephone: 650.849.5300
  Facsimile: 650.849.5333

ROSEMARIE T. RING, SBN 220769
  rring@gibsondunn.com
JOSEPH R. ROSE, SBN 27902
  jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

ORIN SNYDER *(admitted pro hac vice)*
  osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

MICHAEL H. DORE, SBN 227442
  mdore@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation, <br><br>Plaintiff, <br><br>v. <br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual, <br><br>Defendants. | Case No. 3:24-cv-06917-AMO <br><br>**DECLARATION OF MICHAEL H. DORE IN SUPPORT OF JOINT STATEMENT REGARDING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO ITS REQUESTS FOR PRODUCTION** |

# DECLARATION OF MICHAEL H. DORE

I, Michael H. Dore, declare as follows:

1.  I am a member in good standing of the California Bar and am admitted to practice before this Court. I am a partner in the law firm of Gibson, Dunn, & Crutcher LLP ("Gibson Dunn"), which has been retained by Defendants Automattic Inc. and Matthew Charles Mullenweg (collectively, "Defendants") to represent them in the above-captioned action. I submit this declaration in support of Defendants' Opposition to WPE's Motion to Compel Responses to its Requests for Production ("Motion"). Unless otherwise stated, the following facts are within my personal knowledge and, if called and sworn as a witness, I could and would testify competently to these facts.

2.  Attached hereto as **Exhibit 1** is a true and correct copy of the correspondence that Gibson Dunn received from former counsel for Defendants (Hogan Lovells), dated November 7, 2024, through November 14, 2024. Exhibit 1 contains multiple email exchanges between former counsel and WPE between November 7, 2024, and November 14, 2024, and appears to confirm former counsel's assertion to the Gibson Dunn team that the parties met and conferred by telephone on November 14, 2024.

3.  Based on my review of a true and correct copy of correspondence that Gibson Dunn received from former counsel for Defendants, dated November 14, 2024, I understand that WPE did not agree to a joint teleconference with the Court related to WPE's requests for production that Defendants' former counsel had proposed.

4.  Attached hereto as **Exhibit 2** is a true and correct copy of correspondence the Gibson Dunn team received from former counsel for Defendants, dated December 6, 2024. Based on my colleague's conversation with former counsel, and as confirmed by this email exchange, I understand that Defendants sent their portion of the letter brief addressing their motion for protective order to WPE on December 6, 2024. My understanding is that Defendants sent a revised version of their portion of the letter brief to WPE on December 16, 2024.

5.  Attached hereto as **Exhibit 3** is a true and correct copy of excerpts of correspondence the Gibson Dunn team received from former counsel for Defendants, dated January 8, 2025. Based on my colleague's conversations with former counsel, and as appears to be confirmed by this email

1
DECLARATION OF MICHAEL H. DORE IN SUPPORT OF JOINT STATEMENT
CASE NO. 3:24-CV-06917-AMO

exchange, my understanding is that Defendants first received a response from WPE to their December 6 letter brief, revised on December 16 (see Exhibit 3), on January 8, 2025.

6. Attached hereto as **Exhibit 4** is a true and correct copy of excerpts of correspondence the Gibson Dunn team received from former counsel for Defendants, dated January 16, 2025. Based on my colleague's conversation with former counsel, and as appears to be confirmed by this email exchange, my understanding is that Defendants sent their response to WPE's January 8, 2025 letter brief on January 16, 2025.

7. On January 22, 2025, Gibson Dunn was retained to represent Defendants in this matter. I and the attorneys at my firm have worked diligently in an effort to resolve existing disputes with WPE without burdening the Court. For example, Defendants agreed to a compromise that mooted a WPE letter brief regarding the protective order in this case (*see* Dkt. 103).

8. On January 31, 2025, WPE sent a revised portion of the letter brief as to a motion for a protective order by Defendants related to WPE's RFPs.

9. On February 5, 2024, I and others on the Gibson Dunn team met with lead counsel for WPE to discuss an issue separate from WPE's RFPs. In that conversation, the parties discussed WPE's RFPs for less than 5 minutes and the Gibson Dunn team told WPE that we were investigating the RFP issue.

10. On February 7, 2024, I and others on the Gibson Dunn team received a joint letter brief from WPE regarding a motion to compel relating to WPE's First RFPs. At that time the Gibson Dunn team was continuing to investigate the RFP dispute. Attached hereto as **Exhibit 5** is a true and correct copy of correspondence the Gibson Dunn team exchanged with WPE's counsel between February 7, 2025, and February 13, 2025.

11. Based on the parties' correspondence, I understand WPE intends to attach an excerpt of the RFPs at issue as an attachment to the Declaration of Brian Mack. To the extent that changes, or WPE does not include certain of the RFPs at issue in its excerpt, Defendants would welcome permission to file the RFPs and/or to provide a courtesy copy to the Court. Defendants also are happy to provide any additional materials to the Court that it determines would aid its ruling on the motion.

1  I declare under penalty of perjury under the laws of the United States and the State of California
2  that the foregoing is true and correct.
3  Executed in Los Angeles, California on this 26th day of February, 2025.

5  DATED: February 26, 2025          GIBSON, DUNN & CRUTCHER LLP

                                     By:  */s/ Michael H. Dore*
                                              Michael H. Dore

108724015.1