# EXHIBIT 1

# Cury, Lauren B.

| | |
|---|---|
| **From:** | Cury, Lauren B. |
| **Sent:** | Thursday, November 14, 2024 10:22 PM |
| **To:** | 'Sara Jenkins'; Yury Kapgan; Greg Fuoco; QE-WPE; Rachel Herrick Kassabian |
| **Cc:** | Maddigan, Michael M.; Katyal, Neal K.; Xu, Kyle; Kurian Shaw, Anna; Dreibelbis, Hadley; HLWORDPRESS |
| **Subject:** | RE: WPEngine, Inc. v. Automattic Inc. & Mullenweg |

Counsel:

Thank you for your time this afternoon. During the parties' conferral, WP Engine stated that it was unaware of any authority by which a party could seek a protective order prior to responding to the discovery requests at issue, taking the position that Defendants were required to first respond to its 238 requests for production before seeking relief from the Court.

There is ample authority to the contrary. Courts throughout the Ninth Circuit have consistently held that "[t]he Federal Rules do not require a party respond to discovery with specific objections before seeking a protective order." *Booker v. Arizona*, No. CV-09-00902PHX ROS, 2010 WL 2720828, at *1 (D. Ariz. July 9, 2010) (describing the position taken by WP Engine as an "unconvincing procedural argument"). Rather, as the Northern District of California has explained, "the party responding to written discovery may either 'object properly or seek a protective order.'" *Nelson v. Capital One Bank*, 206 F.R.D. 499, 500 (N.D. Cal. 2001) (quoting 8 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2035 (2d ed 1994)). The Ninth Circuit endorses this approach. *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1336 (9th Cir. 1985) (recognizing that under the Federal Rules, a party may "respond or object to the interrogatories *or seek a protective order* within thirty days") (emphasis added). Indeed, the Northern District of California has noted that WP Engine's position "would make little sense," and that "[f]iling a motion for protective order rather than serving objections puts the disputed matters at issue as quickly… [and] give[s] timely notice to the propounding party of the respondent's objections." *Nelson v. Cap. One Bank*, 206 F.R.D. 499, 500 (N.D. Cal. 2001).

Having been made aware of this authority, please advise by Tuesday, November 19, whether WP Engine will revisit the requests at issue, and which are overbroad and irrelevant for the reasons we have detailed. If WP Engine declines to revisit those requests, please provide your availability for a telephone conference with Judge Martinez-Olguin by that same time, and per section I(2)(a) of the Court's Civil Standing Order.

Regards,

Lauren

---

**From:** Sara Jenkins <sarajenkins@quinnemanuel.com>
**Sent:** Thursday, November 14, 2024 1:36 PM
**To:** Cury, Lauren B. <lauren.cury@hoganlovells.com>; Yury Kapgan <yurykapgan@quinnemanuel.com>; Greg Fuoco <gregfuoco@quinnemanuel.com>; QE-WPE <qe-wpe@quinnemanuel.com>; Rachel Herrick Kassabian <rachelkassabian@quinnemanuel.com>
**Cc:** Maddigan, Michael M. <michael.maddigan@hoganlovells.com>; Katyal, Neal K. <neal.katyal@hoganlovells.com>; Xu, Kyle <kyle.xu@hoganlovells.com>; Kurian Shaw, Anna <anna.shaw@hoganlovells.com>; Dreibelbis, Hadley <hadley.dreibelbis@hoganlovells.com>; HLWORDPRESS <HLWORDPRESS@hoganlovells.com>
**Subject:** RE: WPEngine, Inc. v. Automattic Inc. & Mullenweg

[EXTERNAL]
Lauren,

We are available to meet and confer at 2:00 pm PT today. Please circulate an invitation.

Thank you,
Sara


**From:** Cury, Lauren B. [mailto:lauren.cury@hoganlovells.com]
**Sent:** Wednesday, November 13, 2024 5:28 PM
**To:** Yury Kapgan <yurykapgan@quinnemanuel.com>; Greg Fuoco <gregfuoco@quinnemanuel.com>; QE-WPE <qe-wpe@quinnemanuel.com>; Rachel Herrick Kassabian <rachelkassabian@quinnemanuel.com>
**Cc:** Maddigan, Michael M. <michael.maddigan@hoganlovells.com>; Katyal, Neal K. <neal.katyal@hoganlovells.com>; Xu, Kyle <kyle.xu@hoganlovells.com>; Kurian Shaw, Anna <anna.shaw@hoganlovells.com>; Dreibelbis, Hadley <hadley.dreibelbis@hoganlovells.com>; HLWORDPRESS <HLWORDPRESS@hoganlovells.com>
**Subject:** RE: WPEngine, Inc. v. Automattic Inc. & Mullenweg

**[EXTERNAL EMAIL from lauren.cury@hoganlovells.com]**

Yury:

We disagree with WPE's positions below. We decline requests 1-3 of your email on the grounds that they seek to require Defendants to preemptively provide objections and responses to the abusive set of requests Defendants have asked WPE to withdraw— including weeks before any such objections or responses would be due. We also decline request 4 of your email to the extent it seeks to require defendants to brief our position in advance of the parties' conferral or the submission of any associated joint statement.

In the interest of facilitating the parties' meet and confer and by way of example only, Defendants direct WPE to *Glass Egg Digital Media v. Gameloft, Inc.*, No. 17CV04165MMCRMI, 2019 WL 5720731 (N.D. Cal. Nov. 5, 2019), in which the Northern District of California found plaintiff's propounding of 256 RFPs at the outset of a case to be "an indiscriminate and haphazard approach to the discovery process." Just as the Court found in that case, "the sheer volume of the requests" WPE has propounded here is itself "unduly burdensome and oppressive."

With respect to that volume and in response to request 5 of your email, WPE has propounded 119 RFPs against each of the two defendants. The RFPs purport to require each defendant to respond to and comply with each RFP. These voluminous requests have been served at the outset of the case, prior to filing of an amended complaint that you represented would be filed this week and which is likely to change the scope of the case. In serving 119 RFPs against two defendants, Plaintiff WPE Engine has thus propounded 238 requests. If WPE is taking the position that each defendant need not respond to or comply with each request, please let us know and specify the requests to which each defendant is required to respond.

Your email does not provide any authority for WPE's position that the volume of its requests is appropriate. If WPE has any such authority, please provide it to us in advance of the parties' conferral for purposes of facilitating a meaningful discussion.

From your email, we understand WPE to be asserting that the volume of its requests is justified because it has pled 11 claims against Defendants. As we have indicated in our Motion to Dismiss and Motion to Strike, however, the vast majority of those claims are subject to dismissal and furthermore may be subject to amendment.

In addition to their excessive volume, the RFPs propounded by WPE are also substantively problematic, including for the reasons described in our November 8 email, further highlighting WPE's haphazard approach. For example, several of WPE's requests seek documents from third party WordPress Foundation, including the Foundation's financial statements, balance sheets, Board minutes and regulatory filings. *See e.g.,* RFP Nos. 31, 32, 35, 37. Other requests purport to ask Automattic for the factual bases of statements made by Matt individually. *See, e.g.,* RFP Nos. 77, 78, 86,

87, 93, 94, 95, 96, 107, 108, 109, 110, 114, 115, 116.  And still others are vastly overbroad to the extent they can be understood or are even relevant at all.  *See* RFPs 33, 34, 35 (seeking documents going back 19 years -- half a decade before WPE came into existence).  *See also* RFP No. 118 (seeking "all documents and communications relating to Automattic's performance since January 2023, and strategies for improving same).

With respect to WPE's November 5 letter, we disagree with the basis and allegations of that letter, as well as the characterizations in your email.  We will be providing a written response to that letter early next week, and can be available to confer thereafter, if necessary.

We are available to meet and confer regarding WPE's requests for production from 1-4pm PT tomorrow.  Please let us know what time within that window works for you.

Regards,

Lauren

**From:** Yury Kapgan <yurykapgan@quinnemanuel.com>
**Sent:** Monday, November 11, 2024 9:23 PM
**To:** Cury, Lauren B. <lauren.cury@hoganlovells.com>; Greg Fuoco <gregfuoco@quinnemanuel.com>; QE-WPE <qe-wpe@quinnemanuel.com>; Rachel Herrick Kassabian <rachelkassabian@quinnemanuel.com>
**Cc:** Maddigan, Michael M. <michael.maddigan@hoganlovells.com>; Katyal, Neal K. <neal.katyal@hoganlovells.com>; Xu, Kyle <kyle.xu@hoganlovells.com>; Kurian Shaw, Anna <anna.shaw@hoganlovells.com>; Dreibelbis, Hadley <hadley.dreibelbis@hoganlovells.com>; HLWORDPRESS <HLWORDPRESS@hoganlovells.com>
**Subject:** RE: WPEngine, Inc. v. Automattic Inc. & Mullenweg

**[EXTERNAL]**
Lauren,

Defendants' accusations are unfounded.  WPE's document requests are appropriate in both substance and quantity, and are designed to solicit the production of the documents supporting its causes of action, and to disclose Defendants' wrongful actions in this case which the Complaint describes span more than a decade.

To facilitate the parties' meet and confer and narrow the issues in dispute, please provide us with the following information:

1. Please identify the specific RFPs you claim are improper.
2. Please identify the specific RFPs you agree are proper.
3. With respect to the RFPs you agree are proper, please confirm that Defendants have begun their collection and review, and will make a timely production.
4. Please provide your authorities (if any) supporting your argument that 119 RFPs are inappropriate in a case with two defendants, 11 pending claims and involving events that span more than a decade.
5. Please explain how you arrived at the conclusion that WPE has served 238 requests.  We understand there are 119 RFPs directed to each defendant, but we presume there will be significant overlap in what is required to collect and produce between the two defendants, given Mr. Mullenweg's role at Automattic.  Let us know if you are representing that Automattic is refusing to search for documents of Mr. Mullenweg as part of those documents within Automattic's possession, custody and control.

Additionally, we'd like to meet and confer concerning Defendants' destruction of documents as referenced in our letter sent on November 5.  Accordingly, prior to our meet and confer this coming week, please provide a written response to that letter, so that we can discuss that as well during our call.

We would propose a meet and confer on Nov. 14.  Please propose times you are available.

Regards,
Yury


**Yury Kapgan**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP
LA office 213-443-3222
SV office 650-801-5222
yurykapgan@quinnemanuel.com
LinkedIn / Quinn Emanuel

---

**From:** Cury, Lauren B. <lauren.cury@hoganlovells.com>
**Sent:** Friday, November 8, 2024 12:54 PM
**To:** Greg Fuoco <gregfuoco@quinnemanuel.com>; QE-WPE <qe-wpe@quinnemanuel.com>; Rachel Herrick Kassabian <rachelkassabian@quinnemanuel.com>; Yury Kapgan <yurykapgan@quinnemanuel.com>
**Cc:** Maddigan, Michael M. <michael.maddigan@hoganlovells.com>; Katyal, Neal K. <neal.katyal@hoganlovells.com>; Xu, Kyle <kyle.xu@hoganlovells.com>; Kurian Shaw, Anna <anna.shaw@hoganlovells.com>; Dreibelbis, Hadley <hadley.dreibelbis@hoganlovells.com>; HLWORDPRESS <HLWORDPRESS@hoganlovells.com>
**Subject:** RE: WPEngine, Inc. v. Automattic Inc. & Mullenweg

**[EXTERNAL EMAIL from lauren.cury@hoganlovells.com]**

---

Counsel:

We are in receipt of WP Engine's First Set of Requests for Production to Defendants, through which WP Engine purports to propound a total of 238 production requests, with 119 requests directed at each Defendant.

These requests represent an abuse of the discovery process, and appear designed primarily to annoy, oppress and cause undue burden and expense on Defendants. Many of these requests are also vastly overbroad, seek information regarding entities WP Engine has not sued (including several requests directed at Audrey Capital and the WordPress Foundation), and have been haphazardly propounded against both defendants when they appear properly directed at only one. Defendants request that WP Engine withdraw these Requests for Production, and intend to seek a protective order if WP Engine refuses to do so.

Per Section I(2) of Judge Martinez-Olguin's Civil Standing Order, please provide your availability to confer on the above Monday or Tuesday of next week.

Regards,

Lauren

---

**From:** Greg Fuoco <gregfuoco@quinnemanuel.com>
**Sent:** Thursday, November 7, 2024 2:57 AM
**To:** Maddigan, Michael M. <michael.maddigan@hoganlovells.com>; Katyal, Neal K. <neal.katyal@hoganlovells.com>; Xu, Kyle <kyle.xu@hoganlovells.com>; Kurian Shaw, Anna <anna.shaw@hoganlovells.com>; Cury, Lauren B. <lauren.cury@hoganlovells.com>; Dreibelbis, Hadley <hadley.dreibelbis@hoganlovells.com>; HLWORDPRESS <HLWORDPRESS@hoganlovells.com>

**Cc:** QE-WPE <qe-wpe@quinnemanuel.com>
**Subject:** WPEngine, Inc. v. Automattic Inc. & Mullenweg

**[EXTERNAL]**
Counsel:

Please see the attached for service in the above-referenced matter.

Best,

**Greg Fuoco**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3147 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
gregfuoco@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**About Hogan Lovells**
Hogan Lovells is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP. For more information, see www.hoganlovells.com.

CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.

PRIVACY. Hogan Lovells processes personal data, including data relating to email communications, in accordance with the terms of its privacy policy which is available at www.hoganlovells.com/en/privacy.