QUINN EMANUEL URQUHART &
SULLIVAN LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for Plaintiff WPEngine, Inc.*

ROSEMARIE T. RING, SBN 220769
  rring@gibsondunn.com
JOSEPH R. ROSE, SBN 279092
  jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA  94111-3715
Telephone: 415.393.8200
Facsimile:  415.801.7358

JOSH A. KREVITT, SBN 208552
  jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Ave
Palo Alto, CA 94301-1744
Telephone:  650.849.5300
Facsimile:  650.849.5333

*[Additional Counsel listed on next page]*

*Counsel for Defendants Automattic Inc. and
Matthew Charles Mullenweg*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>Defendants. | Case No. 3:24-cv-06917-AMO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:  Honorable Araceli Martínez-Olguín<br><br>Date:        March 6, 2025<br>Time:        10:00 AM<br>Location:   San Francisco, Courtroom 10, 19th Floor<br><br>Trial Date:     None Set |

1

2
ORIN SNYDER *(admitted pro hac vice)*
  osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:   212.351.2400
Facsimile:   212.351.6335

MICHAEL H. DORE, SBN 227442
  mdore@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:    213.229.7000
Facsimile:   213.229.6652

3

4

5

6

7

8

9

10
*Counsel for Defendants Automattic Inc. and
Matthew Charles Mullenweg*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff WPEngine, Inc. ("WPE") and Defendants Automattic Inc. ("Automattic") and Matthew Charles Mullenweg ("Mullenweg") jointly submit this Case Management Statement.

## I.    JURISDICTION AND SERVICE

Subject matter jurisdiction is proper in this Court because this litigation arises under federal law, namely 15 U.S.C. §§ 1051 *et seq.*, 15 U.S.C. §§ 1 *et seq.* and 18 U.S.C. §§ 1030 *et seq.*  The Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 28 U.S.C. § 2201, and supplemental jurisdiction under 28 U.S.C. § 1367.   There are no issues regarding personal jurisdiction or venue.  All Defendants have been served.  Dkt. 14, 15.

## II.    FACTS

### A.    Plaintiff's Statement

This case concerns wrongful acts committed by Defendants against WPE after it refused Defendants' extortive financial demands.  Defendants publicly admitted their intention to destroy WPE "brick by brick," forcing WPE to file this action seeking emergency relief, which the Court granted, and compensation for the harm Defendants have inflicted, and continue to inflict, on WPE.

WordPress is open source software that allows people to create and publish websites.  The WordPress code and trademarks were previously controlled by Mullenweg's for-profit company, Automattic.  Defendants later purported to transfer them to the nonprofit Mullenweg created, the WordPress Foundation, which promised perpetual free and open access for all.  But Defendants did not disclose that the Foundation contemporaneously granted exclusive rights in the trademarks back to Automattic.  Defendants also concealed that Mullenweg personally owned wordpress.org, the repository for WordPress software and plugins vital to the functioning of WordPress websites, which the Foundation's founding documents listed as its website.  Defendants now admit that wordpress.org was always personally owned by Mullenweg and that he retains the ability to block access to anyone Defendants deem a competitive threat.

Defendants' promises and concealment of key facts enabled them to gain a monopoly over several web-related markets and induced companies, including WPE, to build their businesses around WordPress.  Relying on those promises, WPE devoted its entire business to WordPress over other similar platforms, investing hundreds of millions of dollars and 14 years of hard work.

In September 2024, Defendants threatened to ban WPE from the WordPress community unless it agreed to pay tens of millions of dollars to Automattic, purportedly for a trademark "license" covering marks WPE openly used for more than a decade.  When WPE did not capitulate, Defendants threatened, disparaged and defamed WPE, encouraged customers to take their business to Automattic's competing service providers, expropriated WPE's popular plugin, blocked WPE and its customers from accessing wordpress.org servers, and demanded a loyalty oath from visitors to wordpress.org.  Defendants prevented WPE from accessing functionality long available to the WordPress community, causing significant and irreparable harm.

On October 2, 2024, WPE filed its Complaint (amended November 14, 2024).  On October 18, 2024, WPE sought a preliminary injunction, which was granted in December.  Dkt. 64 at 41-42.

**B.    Defendants' Statement**

This lawsuit is a meritless attempt by WPE, under the control of private equity, to distract from its own conduct which poses an existential threat to the WordPress community and to punish Matt Mullenweg for holding them accountable. Long before the 2024 WordCamp, WPE and Defendants were discussing a deal to address concerns that WPE (1) had become a "Taker" in the WordPress community, maximizing its own profits by free-riding on the contributions of "Makers" who invest in the WordPress open-source software, and (2) was using trademarks in increasingly confusing ways. Believing that WPE was stringing them along, Mullenweg presented WPE with a choice before the 2024 WordCamp: close a deal to address these issues or Mullenweg would share his concerns with the WordPress community. WPE describes the deal as a demand to pay Automattic a trademark royalty, but WPE also had the option to work on the WordPress open-source software without any payment to Automattic. WPE rejected both options and Mullenweg gave his keynote. Rather than address the concerns raised, WPE tried to silence Mullenweg by sending (and widely publicizing) a cease-and-desist letter threatening litigation. In response, WPE's access to WordPress.org was revoked and Mullenweg continued sharing his concerns in blog posts and a livestream YouTube interview. WPE then filed this lawsuit, falsely claiming surprise at the concerns, accusing Mullenweg of attempted extortion, defamation, and hacking, and seeking a declaratory judgment of trademark non-infringement (after changing its use of the

trademarks). When WPE failed to adequately address a security vulnerability, the WordPress.org security team created a new version of the ACF plugin, which WPE continued to control and make available on WPE's website. WPE then filed an amended complaint, asserting further claims for supposed antitrust violations and computer hacking, bringing the total number of claims to 20. At bottom, WPE filed this lawsuit because of a dispute with Defendants over what is best for the WordPress community. Because that dispute involves only two legal issues—whether WPE infringed trademarks and whether Defendants interfered with WPE's business (through its contractual relations and false advertising)—all other claims should be dismissed.

## III.    LEGAL ISSUES

**Plaintiff's Statement:** The parties' legal issues include: whether Defendants intentionally interfered with WPE's contractual and prospective economic relations; whether Defendants violated the Computer Fraud and Abuse Act; whether Defendants attempted to extort WPE; whether Defendants engaged in unfair competition under California's Business and Professions Code § 17200, *et seq.*; whether Defendants are liable under the doctrine of promissory estoppel; whether WPE's use of the "WordPress," "WooCommerce," and other similar marks (the "Challenged Terms") dilute or infringe upon any trademark rights held by Automattic; whether Automattic can enforce any alleged rights in the Challenged Terms on grounds of trademark misuse; whether Defendants are liable for monopolization or attempted monopolization under Section 2 of the Sherman Act; whether Defendants engaged in illegal tying under Section 1 of the Sherman Act or under the California Cartwright Act; whether Defendants have defamed WPE and are thus liable for libel, trade libel, and slander; whether Defendants engaged in unfair competition under the Lanham Act; whether Defendants engaged in false advertising under the Lanham Act; and whether Defendants were unjustly enriched by receiving and unjustly retaining benefits from WPE.

**Defendants' Statement:** The primary legal issues, at this time, concern WPE's Amended Complaint and include: (1) whether Counts 9–11 (libel, trade libel, and slander) should be stricken pursuant to California's Anti-SLAPP law, California Code of Civil Procedure section 425.16; and (2) whether, except for Counts 7–8 and 17–18, WPE has alleged facts sufficient to state a claim under FRCP 12(b)(6) for any of the causes of action asserted. WPE's claims target protected First

Amendment activities under, *inter alia*, the Noerr-Pennington doctrine, California litigation privilege (Cal. Civ. Code § 47(b)), and binding judicial precedent.

**IV.    MOTIONS**

**A.    Prior Motions**

On October 18, 2024, WPE filed its Motion for Preliminary Injunction, Dkt. 17, and an Administrative Motion to Shorten Time, Dkt. 22. The Administrative Motion was granted on October 22, 2024, Dkt. 34, and the Motion for Preliminary Injunction was granted on December 10, 2024, Dkt. 64.  On October 30, 2024, Defendants filed a Motion to Dismiss, Dkt. 36, and an anti-SLAPP Motion to Strike, Dkt. 38. On November 1, 2024, Defendants filed a Motion to Shorten Time for these motions. Dkt. 43. On November 15, 2024, all three motions were denied as moot in light of WPE's Amended Complaint. Dkt. 52.

**B.    Pending Motions**

On December 19, 2024, Defendants filed a Motion to Dismiss and Strike WPE's Amended Complaint, which is fully briefed and set for hearing on June 5, 2025, at 2:00 p.m. Dkts. 68, 75, 85, 106. On January 13, 2025, putative intervenor Michael Willman filed a Motion to Intervene and a Motion to Hold Defendants in Contempt (Dkts. 70, 71), followed by a Motion for Order to Show Cause against Defendants' former counsel on February 1, 2025 (Dkt. 99). All motions are fully briefed and set for hearing on June 5, 2025, at 2:00 p.m.

**C.    Anticipated Motions**

The parties anticipate filing discovery motions, Daubert motions, and motions for summary judgment and/or summary adjudication.

**V.    AMENDMENT OF PLEADINGS**

WPE reserves the right to amend its Amended Complaint based on evidence obtained through discovery or other new information. WPE proposes a deadline of June 30, 2025 for amending pleadings, other than amendments made in response to orders on motions to dismiss with leave to amend, to the extent the Court determines any of WPE's claims are insufficiently pled.

Defendants intend to file a timely Answer once Plaintiff's pleadings are settled. Defendants reserve the right to file counterclaims on or before the deadline for Defendants' Answer, to amend

1   their pleading(s) as necessary based on further information and investigation, and to object to any

2   Motion for Leave to Amend filed by Plaintiff. Defendants believe it is premature to set a deadline

3   for amended pleadings until the Court has ruled on Defendants' Motion to Dismiss and Strike.

4   **VI.      EVIDENCE PRESERVATION**

5          The parties certify that they have reviewed the Guidelines Relating to the Discovery of

6   Electronically Stored Information and the Court's Checklist for ESI Meet and Confer. The parties

7   have met and conferred pursuant to Fed. R. Civ. P. 26(f). WPE and Defendants each respectively

8   confirm that they have taken reasonable and proportionate steps to preserve relevant evidence, such

9   as implementing a litigation hold with respect to documents and information reasonably likely to be

10  subject to discovery in this litigation.

11  **VII.    DISCLOSURES**

12         Per Rule 26(a)(1)(C), WPE and Defendants exchanged Initial Disclosures on November 14,

13  2024, including the information required under Rule 26(a)(1).

14  **VIII.   DISCOVERY**

15         **A.      Discovery Taken to Date**

16         **Discovery Between the Parties.** The parties conducted a Rule 26(f) conference on October

17  31, 2024. WPE served its First Set of Interrogatories on November 1, 2024, to which Defendants

18  responded on December 2. 2024. WPE served its First Set of Requests for Production of Documents

19  ("RFPs") on November 6, 2024, which are the subject of a motion to compel discussed below.

20  Defendant Automattic served its First Set of Interrogatories and its First Set of RFPs on October 31,

21  2024, to which WPE responded on December 2, 2024.

22         **Non-party discovery**. On November 6, 2024, Automattic served a subpoena on non-party

23  Silver Lake Technology Management, LLC seeking documents and a Rule 30(b)(6) deposition. The

24  deposition was taken off calendar but the subpoena has not been withdrawn.

25         **B.      The Scope of Anticipated Discovery**

26         **Plaintiff's Statement:** WPE anticipates taking further written discovery and depositions of

27  Defendants.  WPE may subpoena documents and potentially testimony from third parties, including

28  (a) Mullenweg's company Audrey Capital, LLC; (b) certain of Defendants' former employees; and

(c) various web hosts that have been the target of Defendants' financial and purported licensing demands.  The scope of WPE's anticipated discovery includes all documents and information regarding the claims alleged in the Amended Complaint and Defendants' defenses to them.

**Defendants' Statement:** Defendants anticipates seeking discovery from Plaintiff and third parties on subjects including, but not limited to, Plaintiff's and its investors' efforts to monetize and freeride on the WordPress open-source project and plans to sell WPE; Plaintiff's use of Defendant's trademarks; Plaintiff's modification of WordPress and/or disabling of WordPress features; Plaintiff's financial information, including sales, revenues, profits, and projections; customer complaints regarding Plaintiff's products and services; security issues related to Plaintiff's product and services; and Plaintiff's knowledge of its adverse impact on the WordPress community.

### C.    Proposed Limitations or Modification of the Discovery Rules

WPE proposes that (1) the parties exchange initial privilege logs on March 24, 2025, or two weeks after Defendants' first production of documents, whichever is later; (2) exchange second privilege logs on October 2, 2025; and (3) the parties' obligation to produce privilege logs be limited to documents and communications created before October 2, 2024.

Defendants propose that the parties meet and confer regarding a schedule for privilege logs within 14 days after the Court sets a schedule for the case.

### D.    Whether the Parties Have Considered Entering into a Stipulated E-Discovery Order

The parties have not entered an e-discovery stipulation.

### E.    Discovery Schedule

The parties propose the schedule for discovery set forth in Section XV below.

### F.    Identified Discovery Disputes

#### 1.    Plaintiff's Statement

**WPE's First Set of RFPs to Defendants.**  After WPE served RFPs on November 6, 2024, Defendants failed to serve responses, claiming that the 119 requests were unduly burdensome, and that they intended to seek a protective order.  After conferring, the parties prepared a draft joint statement, and following multiple rounds of revisions WPE authorized Defendants to file it on

January 31, 2025. Defendants have not filed it, nor served written responses or produced documents. Accordingly, on February 4, 2025, WPE sent its portion of a Joint Statement to compel responses to the RFPs. By failing to respond to WPE's RFPs or move for a protective order by their December 6, 2024 deadline, Defendants waived any objections. WPE seeks an order compelling Defendants to respond without objections and to produce documents forthwith, and leave to move for reimbursement of its attorney's fees.

**Defendants' Responses to WPE's First Set of Interrogatories.** On January 17, 2025, WPE sent Defendants a letter indicating that Defendants' responses to WPE's Interrogatory Nos. 1-6 and 9 are deficient, including because Defendants have offered only partial responses by responding "by way of example only"; improperly limited the scope of their responses; and appear to be withholding discoverable, nonprivileged information under the guise of privilege objections. WPE further objected that Defendants' responses as a whole are deficient because they are unverified. To date, Defendants have not responded to WPE's letter. Defendants have agreed to "meet and confer with WP Engine regarding a narrowed scope" for Interrogatory No. 4.

**Defendants' Failure to Preserve Documents.** A pending dispute exists over whether Defendants are properly preserving evidence. Defendants have publicly acknowledged deleting materials relevant to the lawsuit. The parties continue to confer. As Defendants have failed to produce any documents, the full extent of their potential failure to preserve is not yet known.

WPE disagrees with Defendants' claim below that they have adequately investigated and addressed the issues noted above.

## 2. Defendants' Statement

Plaintiff's characterization of discovery "disputes" is inaccurate. In the past three weeks, WPE has sent a deluge of letters concerning issues on which it had, for weeks, either been silent or was exchanging letter briefs with Defendants' prior counsel. Coincidentally, this newfound urgency came just as Defendants were preparing their reply in support of their motion to dismiss WPE's complaint.

In any event, Defendants' new counsel promptly investigated and addressed all of the issues. This successfully avoided the need for Court intervention for all but one of them—WPE's RFPs—

1  for which WPE insisted on filing a motion to compel seeking relief Defendants had already agreed

2  to provide. On WPE's interrogatories, Defendants have asked for a meet and confer, so there is no

3  "dispute," unless WPE decides to create one by refusing that invitation. And, there is also no

4  "dispute" on the document preservation issues, which Defendants again investigated and explained

5  to WPE in numerous meet and confers and email exchanges. WPE's attempt to characterize these

6  issues as "disputes" and litigate them through a Case Management Conference statement is improper

7  under Section I of the Court's Standing Order.

8  **IX.      CLASS ACTIONS.**  Not applicable.

9  **X.       RELATED CASES.**  *Keller, et al. v. Automattic, Inc.*, Case No. 3:25-cv-01892, was filed

10  on February 21, 2025, and is a related case pursuant to Local Rule 3-12(a).

11  **XI.      RELIEF.**  WPE seeks remedies including monetary damages, restitution, disgorgement,

12  imposition of a constructive trust, exemplary and punitive damages, costs, fees, pre- and post-

13  judgment interest, and other relief the Court deems appropriate.  WPE also seeks permanent

14  injunctive relief to maintain the preliminary injunctive relief already granted by the Court.  Dkt. 64.

15  WPE also seeks a judgment declaring that it does not infringe or dilute any enforceable, valid

16  trademarks owned by Automattic, that Automattic may not enforce any purported trademark rights

17  on grounds of misuse, and such further relief as set forth in the Amended Complaint.  Dkt. 51.

18  Defendants contend that Plaintiff is not entitled to any of the relief identified in the foregoing

19  paragraph or requested in the Amended Complaint.

20  **XII.     SETTLEMENT AND ADR**

21  As required by ADR Local Rule 3.5(a), the parties met and conferred on December 18, 2024,

22  to select an ADR process and filed their ADR Certifications on the same day. Dkts. 65-67. The

23  parties are amenable to either private mediation or a settlement conference with a magistrate judge,

24  to occur within 90 days of the Court's Case Management Order, pursuant to ADR Local Rule 3-7.

25  **XIII.    OTHER REFERENCES.**  This case is not suitable for reference to binding arbitration, a

26  special master, or the Judicial Panel on Multidistrict Litigation.

27  **XIV.  NARROWING OF ISSUES**

28  WPE contends that Defendants' Motion to Dismiss and Strike should be denied in full, and

1  thus will not narrow any of the issues in the case. Defendants contend the pending Motion to

2  Dismiss and Strike will narrow the issues in the case. The parties are not otherwise aware of any

3  issues that can be narrowed at this time and do not currently have any suggestions to expedite the

4  evidence at trial. The parties do not wish to bifurcate issues, claims, or defenses in this action.

5  **XV.    SCHEDULING.** The parties propose the following deadlines:

| Event | Plaintiff's Proposed Date | Defendants' Proposed Date |
|---|---|---|
| First Exchange of Privilege Logs | 3/24/2025[1] | TBD[2] |
| Deadline to Complete Court Ordered ADR Process | 5/30/2025[3] | TBD |
| Substantial Completion of the Production of Documents | 9/10/2025 | TBD |
| Second Exchange of Privilege Logs | 10/2/2025 | TBD |
| Non-expert discovery cutoff | 11/20/2025 | 3/19/2026 |
| Expert reports for the party bearing the substantive burden of proof on an issue | 1/15/2026 | 4/16/2026 |
| Expert reports for the party not bearing the substantive burden of proof on an issue | 2/26/2026 | 5/14/2026 |
| Expert discovery cutoff | 3/19/2026 | 6/18/2026 |
| Deadline for Defendants to file their dispositive motion | 4/9/2026 | 7/16/2026 |
| Deadline for Plaintiff's combined cross-dispositive-motion and opposition to Defendants' dispositive motion | 5/14/2026 | 9/3/2026 |
| Deadline for Plaintiff's Daubert motion(s) | 5/14/2026 | 9/3/2026 |
| Deadline for Defendants' combined opposition to cross-dispositive-motion and reply in support of Defendants' dispositive motion | 6/11/2026 | 10/15/2026 |
| Deadline for Defendants' Daubert motion(s) and opposition(s) to Plaintiff's Daubert motion(s) | 6/11/2026 | 10/15/2026 |
| Deadline for Plaintiff's reply in support of cross-dispositive-motion | 7/2/2026 | 11/12/2026 |
| Deadline for Plaintiff's reply in support of Plaintiff's Daubert motion(s) and opposition(s) to Defendants' Daubert Motion(s) | 7/2/2026 | 11/12/2026 |
| Deadline for Defendants' reply in support of their Daubert motion(s) | 7/16/2026 | 12/10/2027 |

---

[1]  Or two weeks after Defendants' first production of documents, whichever is later.
[2]  Defendants propose that the parties confer on all "TBD" deadlines after the Court sets a schedule, including discovery cutoff dates.
[3]  Or 90 days after issuance of the Court's Case Management Order.

| | | |
|---|---|---|
| Deadline to hear dispositive motions | 8/27/2026 (2:00 p.m.) | 1/21/2027 |
| Pretrial conference | 10/1/2026 (11:00 a.m.) | To be set by the Court |
| Trial | 11/3/2026 (8:30 a.m.) | |

## XVI.  TRIAL

WPE has demanded a jury trial on all claims so triable. WPE estimates the trial will require approximately 10-15 days. Defendants estimate that the trial will require approximately 5-10 days, depending on the scope of the issues remaining after motion practice.

## XVII.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

All parties have filed Certifications of Interested Entities or Persons pursuant to Civil Local Rule 3-15.  WPE restates the contents of its certification by identifying the following entities: (1) WPEngine, Inc.; (2) SLP Cannonball Holdings, L.P.; (3) North Bridge Growth Equity II, L.P.; (4) Shareholders who own less than 10% of WPEngine, Inc.

Defendants restate the contents of their certifications as follows: Automattic Inc. has no parent corporation. Salesforce is a publicly held corporation which owns 10% or more of Automattic's stock. The following persons or entities have a financial or non-financial interest in the subject matter in controversy: (a) Automattic Inc.; (b) Matthew Charles Mullenweg; (c) WordPress Foundation; (d) Tiger Global; and (e) Shareholders who own less than 10% of Automattic Inc.

## XVIII. PROFESSIONAL CONDUCT.   Attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XIX.  OTHER.  The parties are unaware of other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

1   Dated: February 27, 2025

2

3   Respectfully submitted,
    QUINN EMANUEL URQUHART & SULLIVAN LLP

    By /s/ Rachel Herrick Kassabian
        Rachel Herrick Kassabian
        *Attorneys for Plaintiff WPEngine, Inc.*

4

5   GIBSON, DUNN & CRUTCHER LLP

6

7   By /s/ Rosemarie T. Ring
        Rosemarie T. Ring
        *Attorneys for Defendants Automattic Inc. and*
        *Matthew Charles Mullenweg*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ATTESTATION**

I, Rachel Herrick Kassabian, am the ECF user whose ID and password are being used to file the above Joint Case Management Statement. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Rosemarie T. Ring has concurred in the aforementioned filing.

By */s/ Rachel Herrick Kassabian*
Rachel Herrick Kassabian