JOSH A. KREVITT, SBN 208552
  jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Ave
  Palo Alto, CA 94301-1744
  Telephone:  650.849.5300
  Facsimile:   650.849.5333

ROSEMARIE T. RING, SBN 220769
  rring@gibsondunn.com
JOSEPH R. ROSE, SBN 27902
  jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA  94111-3715
Telephone:  415.393.8200
Facsimile:   415.801.7358

ORIN SNYDER *(admitted pro hac vice)*
  osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.2400
Facsimile:   212.351.6335

MICHAEL H. DORE, SBN 227442
  mdore@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.6652

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>　　　　　Defendants. | Case No. 3:24-cv-06917-AMO<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION FOR CLARIFICATION REGARDING THE COURT'S SCHEDULING ORDER [DKT. 119]**<br><br>Hon. Araceli Martínez-Olguín |

Pursuant to Local Rule 7-11, Defendants Automattic Inc. and Matthew Charles Mullenweg respectfully submit this administrative motion seeking clarification regarding the extent to which the Court's Case Management Scheduling Order (Dkt. 119) (the "Scheduling Order") and its April 30, 2025 deadline to "add parties or amend pleadings" is intended to modify Defendants' right, pursuant to Rules 13, 19, and 20 of the Federal Rules of Civil Procedure, to file counterclaims and add parties with their Answer, which is not due until after April 30, 2025. Defendants do not believe the Scheduling Order is meant to affect Defendants' right to file counterclaims and add parties at the time they file their Answer, but out of an abundance of caution are seeking clarification.

Defendants intend to file counterclaims and add parties pursuant to Federal Rules of Civil Procedure 13, 19, and 20, which can only be done as part of Defendants' Answer. *See, e.g.*, *UDAP Indus., Inc. v. Bushwacker Backpack & Supply Co.*, 2017 WL 1653260, at *2 (D. Mont. May 2, 2017) ("because a counterclaim is not one of the pleadings recognized under Rule 7(a), a party seeking to assert a counterclaim must do so in its answer"); *Thanh v. Tran*, 2018 WL 4944992, at *1 (C.D. Cal. Jan. 25, 2018) ("A counterclaim filed independent of any such pleading is not permitted."). And Defendants' Answer is not due until after the Court rules on Defendants' Motion to Dismiss Plaintiff's Amended Complaint, which is set for hearing on June 5, 2025. *See* Dkt. 68; Fed. R. Civ. P. 12(a)(4)(A), 15(a)(3); *see also Batdorf v. Trans Union*, 2000 WL 635455, at *5 (N.D. Cal. May 8, 2000) ("The filing of a motion to dismiss the other causes of action enlarge[s] the time for [a defendant] to respond to the entire complaint, including those causes of action it did not move to dismiss."). Accordingly, Defendants interpret the April 30, 2025 deadline to "add parties or amend pleadings" in the Court's Schedule Order (Dkt. 119) to apply only to existing pleadings and not to pleadings that have not yet been filed, such as Defendants' Answer and counterclaims and parties that may be joined as part of that pleading.

Defendants' counsel reached out to Plaintiff's counsel to confirm this common-sense interpretation. Surprisingly, Plaintiff's counsel informed Defendants' counsel via email that Plaintiff disagrees and intends to oppose the instant motion, arguing that the Scheduling Order requires Defendants to file their counterclaims and add any additional parties, along with their Answer, by April

30, 2025. *See* Email from Y. Kapgan to J. Rose (attached hereto as **Exhibit A**). Plaintiff's reading of the Scheduling Order should be rejected.

*First*, Plaintiff conflates "amending" pleadings with "finalizing" pleadings and reads in a *sub silentio* deadline of April 30 for Defendants' yet-to-be-filed Answer, notwithstanding the fact that Defendants cannot "finalize" their responsive pleading until Plaintiff has finalized its Complaint. Defendants are not aware of any case in this Circuit in which a deadline to "amend pleadings" has been interpreted to preclude a party from answering a complaint or bringing counterclaims that are not yet due. To the contrary, courts have consistently recognized that similar deadlines do not bar defendants' Answers and counterclaims where the deadline to answer under the Federal Rules has not passed. *See, e.g.*, *Open Text, Inc. v. Northwell Health, Inc.*, 2020 WL 8025315, at *2 (C.D. Cal. Dec. 11, 2020) (scheduling order's deadline to "amend as to any claims, defenses and/or parties" did not bar defendant's later-filed answer, counterclaims, and third-party complaint because the scheduling order did not "speak to when [defendant] could file an answer, counterclaims, or a third-party complaint *in the first instance*" (emphasis added)); *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 2014 WL 2450815, at *4-5 (D. Haw. May 30, 2014) (defendants had no obligation to file answer and counterclaim until pending motion to dismiss was resolved, even though operative scheduling order set earlier deadline to "join additional parties or to amend the pleadings").

*Second*, Plaintiff attempts to use the parties' discussions with Magistrate Judge Beeler regarding scheduling for the Court-ordered mediation session as some sort of waiver of Defendants' substantive rights. On February 28, the Court referred the parties to Magistrate Judge Beeler for settlement mediation, and the parties attended a settlement scheduling conference with Magistrate Judge Beeler on March 20. Dkt. 128. During that conference, Defendants' counsel made the unremarkable observation that it would facilitate the mediation process if Plaintiff were able to see Defendants' counterclaims before the mediation and that Defendants were planning to file them by April 30, since the parties had been discussing potential mediation dates in late April or early May. Defendants did not suggest—and the Federal Rules of Civil Procedure do not allow for—a *waiver* of the right to assert counterclaims and/or add parties simply by suggesting they were to be filed by a certain date. In any event, Judge Beeler and the parties have continued discussing potential dates, the earliest of which is

at the end of May (though dates in June are also being discussed), so there is no reason for Defendants to file their Answer and counterclaims joining additional parties by April 30. That said, Defendants are of course willing to discuss other ways to disclose information to Plaintiff to facilitate the mediation process without waiving the right to pursue appropriate, and in this case compulsory, counterclaims invited by Plaintiff's declaratory judgment claims.

*Finally*, Plaintiff's concern about discovery relating to Defendants' Answer and counterclaims joining additional parties does not justify its reading of the Scheduling Order's April 30, 2025 deadline "to add parties or amend pleadings" to apply to an Answer that has not yet been filed and is not due until well after the April 30, 2025, or as precluding Defendants from asserting counterclaims or adding parties which can only be done through that Answer. Moreover, the parties are already conducting discovery on Plaintiff's claims seeking declaratory judgement on the claims Defendants plan to assert as counterclaims. And while Defendants are prepared to promptly file their Answer and counterclaims adding additional parties consistent with the Federal Rules of Civil Procedure, neither the Scheduling Order nor the Federal Rules permit potential discovery efficiencies to curtail Defendants' right to file counterclaims and add parties in response to Plaintiff's declaratory judgment claims with Defendants' Answer.

Given the dispute between the parties regarding this issue, and out of an abundance of caution, Defendants seek to confirm their understanding of the Court's Scheduling Order. Specifically, Defendants request confirmation that the April 30, 2025 deadline in the Scheduling Order was not meant to prohibit or limit Defendants' right to assert counterclaims and to join additional parties (if appropriate) through those counterclaims in an Answer filed after April 30, 2025.

DATED: April 25, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Rosemarie T. Ring
Rosemarie T. Ring

*Attorney for Defendants Automattic Inc. and Matthew Charles Mullenweg*