# Exhibit A

# Rose, Joseph R.

| | |
|---|---|
| **From:** | Yury Kapgan <yurykapgan@quinnemanuel.com> |
| **Sent:** | Thursday, April 24, 2025 5:03 PM |
| **To:** | Rose, Joseph R.; Ring, Rose; Rachel Herrick Kassabian |
| **Cc:** | Dore, Michael H.; Samplin, Ilissa |
| **Subject:** | RE: Defendants' proposal re the Scheduling Order's 4/30 deadline |

**This Message Is From an External Sender**
This message came from outside your organization.

Joe,

We have a very different interpretation of the Scheduling Order. The Court set April 30, 2025, as the deadline for adding parties and amending (i.e., finalizing) the pleadings. It is mandatory for the Court to do so. Fed. R. Civ. P. 16(b)(3)(A) ("The scheduling order must limit the time to join other parties, amend the pleadings."). When it entered that Order, the Court was plainly aware that a Motion to Dismiss had been filed in December and would not be heard until June 2025. See Dkt. 118 at 4. As your draft motion notes, the default deadline to answer following a motion to dismiss is 14 days after the Court's ruling. But that timing applies "[u]nless the court sets a different time." Fed. R. Civ. P. 12(a)(4)(A). Here, the Court appears to have done exactly that by setting the April 30 deadline. It therefore seems the Court has already rejected your Case Management Statement proposal to defer that deadline until after the Motion to Dismiss is resolved. See Dkt. 118 at 5. Further, Defendants clearly interpreted the Scheduling Order this same way up until earlier this week. You have represented to us and the Court that Defendants intend to file counterclaims by April 30, 2025. As such, Defendants had been planning to file these counterclaims by that date for some time now.

Your current interpretation of the Scheduling Order would upend the entire schedule set by the Court, which we do not believe the Court would have intended. Defendants' new position is that they can wait until all of the pleadings are settled, which could be several months after the June 5 hearing date if there is an amended complaint and subsequent rounds of motions to dismiss, before filing counterclaims and adding new parties. By that time, the current November 2025 deadline for fact discovery might be closed. Perhaps that is Defendants' intent but either way, it is not a result that would be fair to plaintiff and it would potentially force an extension of the current deadlines, to which plaintiff is opposed.

We see no reason why Defendants could not file a partial answer to the claims they did not move to dismiss and include their counterclaims with that partial answer by April 30, as Defendants had planned to do all along. This will allow discovery on the counterclaims to proceed on a parallel track and the current deadlines can remain in place.

If you disagree, you are of course free to seek clarification from the Court. Should you do so, we will respond along the lines of the foregoing as we cannot agree that parties should amend pleadings or add parties at some undefined future point—particularly given we shouldn't be forced to redo discovery after new parties and claims are added, that could be added now.

Please advise how you intend to proceed.

Thanks,
Yury

**Yury Kapgan**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP
LA office 213-443-3222
SV office 650-801-5222
yurykapgan@quinnemanuel.com
LinkedIn / Quinn Emanuel

---

**From:** Rose, Joseph R. <JRose@gibsondunn.com>
**Sent:** Thursday, April 24, 2025 12:44 PM
**To:** Ring, Rose <RRing@gibsondunn.com>; Rachel Herrick Kassabian <rachelkassabian@quinnemanuel.com>
**Cc:** Yury Kapgan <yurykapgan@quinnemanuel.com>; Dore, Michael H. <MDore@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>
**Subject:** RE: Defendants' proposal re the Scheduling Order's 4/30 deadline

**[EXTERNAL EMAIL from jrose@gibsondunn.com]**

Counsel,

Upon further consideration, we do not think there is any plausible reading of the Court's Scheduling Order that would preclude Defendants from filing their Answer and counterclaims (and adding any appropriate parties pursuant to Rules 19 and 20) after the Court rules on the pending motion to dismiss. Accordingly, we do not think it is necessary to bother the Court with this filing. If you believe that it is necessary to bring this issue before the Court, please let us know by 5 PM today.

Joe

**Joseph R. Rose**
Partner

T: +1 415.393.8277 | M: +1 408.209.9392
JRose@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

---

**From:** Rose, Joseph R.
**Sent:** Wednesday, April 23, 2025 4:42 PM
**To:** Ring, Rose <RRing@gibsondunn.com>; Herrick Kassabian Rachel <rachelkassabian@quinnemanuel.com>
**Cc:** Kapgan Yury <yurykapgan@quinnemanuel.com>; Dore, Michael H. <MDore@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>
**Subject:** RE: Defendants' proposal re the Scheduling Order's 4/30 deadline

Rachel,

As a follow up, I want to emphasize that we are confident in our reading of the Scheduling Order to not prohibit Defendants from filing counterclaims with our Answer (including, potentially, with additional parties) when the Answer is ultimately due, after April 30. If you have the same reading of the Scheduling Order, please let us know and we may be able to avoid bothering the Court with this filing.

Joe

**Joseph R. Rose**
Partner

T: +1 415.393.8277 | M: +1 408.209.9392
JRose@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

---

**From:** Rose, Joseph R.
**Sent:** Wednesday, April 23, 2025 3:10 PM
**To:** Ring, Rose <RRing@gibsondunn.com>; Herrick Kassabian Rachel <rachelkassabian@quinnemanuel.com>
**Cc:** Kapgan Yury <yurykapgan@quinnemanuel.com>; Dore, Michael H. <MDore@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>
**Subject:** RE: Defendants' proposal re the Scheduling Order's 4/30 deadline

Hi Rachel,

Here's the proposed filing. As Rose noted, we would like to file ASAP, so please let us know if we may style it as "unopposed," as indicated in the draft.

Joe

**Joseph R. Rose**
Partner

T: +1 415.393.8277 | M: +1 408.209.9392
JRose@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

---

**From:** Ring, Rose <RRing@gibsondunn.com>
**Sent:** Wednesday, April 23, 2025 2:44 PM
**To:** Herrick Kassabian Rachel <rachelkassabian@quinnemanuel.com>
**Cc:** Kapgan Yury <yurykapgan@quinnemanuel.com>; Rose, Joseph R. <JRose@gibsondunn.com>; Dore, Michael H. <MDore@gibsondunn.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>
**Subject:** Re: Defendants' proposal re the Scheduling Order's 4/30 deadline

Hi, Rachel.  Looping in the team.

We'll send something to you as soon as possible and hopefully today.  As I explained when we talked, given the timing, we really need to file tomorrow.
The issue is very straightforward and will reflect exactly what we discussed in detail this morning.

Happy to discuss further any time today as well.

Thanks,

Rose

**Rose Ring**
Partner

T: +1 415.393.8247 | M: +1 415.260.8559
RRing@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

> On Apr 23, 2025, at 2:34 PM, Rachel Herrick Kassabian <rachelkassabian@quinnemanuel.com> wrote:
>
> Hi Rose,
>
> Thanks for the call a few hours ago.  Can you please send along whatever request or motion for clarification Defendants intend to file concerning the Scheduling Order?  To ensure that we have sufficient time to consider your proposed filing and provide you with Plaintiff's position on it, we'd appreciate it if you could please send it over at least 48 hours before your intended file date/time.
>
> Thanks,
> Rachel
>
> **Rachel Herrick Kassabian**
> *Partner,*
> Quinn Emanuel Urquhart & Sullivan, LLP
>
> 555 Twin Dolphin Drive, 5th Floor
> Redwood Shores, CA 94065
> 650-801-5005 Direct
> 650.801.5000 Main Office Number
> 650.801.5100 FAX
> rachelkassabian@quinnemanuel.com
> www.quinnemanuel.com
>
> NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.