QUINN EMANUEL URQUHART & SULLIVAN LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
Sara Jenkins (SBN 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

Michael E. Williams (SBN 181299)
michaelwilliams@quinnemanuel.com
Kevin Teruya (SBN 235916)
kevinteruya@quinnemanuel.com
Brantley Pepperman (SBN 322057)
brantleypepperman@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Nathan Archibald (*admitted pro hac vice*)
2755 E. Cottonwood Parkway, Suite 430
Salt Lake City, UT 84121
Telephone: (801) 515-7300
Facsimile: (801) 515-7400

*Attorneys for Plaintiff WPEngine, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>Defendants. | Case No. 3:24-cv-06917-AMO<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION FOR CLARIFICATION REGARDING THE COURT'S SCHEDULING ORDER [DKT. 119]**<br><br>Hon. Araceli Martínez-Olguín |

1  Pursuant to Local Rule 7-11, Plaintiff WPEngine, Inc. ("WPE") respectfully submits this Response in Opposition to Defendants' Administrative Motion for Clarification Regarding the Court's Scheduling Order ("Mot."). WPE defers to the Court's interpretation of the Scheduling Order, but offers the following to assist the Court in addressing Defendants' Administrative Motion.

***The Parties' Agreement Regarding this Motion***. For the reasons explained further below, WPE disagrees with the arguments set forth in Defendants' Administrative Motion. However, after Defendants filed their Administrative Motion, the parties agreed to moot this dispute by agreeing on a 30-day extension of the April 30, 2025 deadline to add parties or amend pleadings, subject to the Court's approval, such that the new deadline is May 30, 2025. WPE respectfully requests that the Court enter an order extending the deadline accordingly. WPE opposes any extension beyond that time, for the reasons stated below.

***Background.*** WPE brought this action against Defendants on October 2, 2024. Dkt. 1. On October 18, WPE filed a Motion for a Preliminary Injunction (Dkt. 17), which the Court granted on December 10, 2024, finding that WPE was likely to prevail on its claim for tortious interference with contractual relations, and enjoining Defendants from ongoing tortious conduct (Dkt. 64). Defendants filed a Motion to Dismiss and Strike on December 19, 2024, and noticed it for hearing on June 5, 2025. Dkt. 68.

On February 27, 2025, the parties filed a Joint Case Management Statement. Dkt. 118. On February 28, 2025, the Court issued the Scheduling Order and set April 30, 2025 as the "[d]eadline to add parties or amend pleadings." Dkt. 119. It also set the fact discovery deadline for November 20, 2025, subsequent deadlines for expert discovery, and further motion and pre-trial deadlines. *Id.*

Since the Court issued the Scheduling Order, Defendants have consistently referred to the April 30, 2025 date as the deadline for filing their counterclaims in their communications to WPE and the Court: including at the parties' March 20, 2025 conference with Judge Beeler, where Defendants' counsel represented they planned to file their counterclaims by April 30, 2025 (Mot. at 2); and again on April 1, 2025, when Defendants emailed Judge Beeler stating they were "get[ting] closer to filing their counterclaims on April 30." *See* Exhibit A attached hereto at 1. Defendants

-1-   Case No. 3:24-cv-06917-AMO

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION FOR CLARIFICATION REGARDING THE COURT'S SCHEDULING ORDER [DKT. 119]

have also previously stated, as they do in their Administrative Motion, that they intend to add parties as part of their counterclaims.

WPE was therefore surprised when Defendants first approached WPE's counsel on April 23, 2025—a week before the deadline—asking for their "reading" of the deadline, and suggesting they would be filing a request for clarification that the deadline would not prevent them from filing counterclaims and adding parties in an Answer filed after the deadline.  *See* Dkt. 138-2.  Later the same day, Defendants sent WPE a draft motion claiming that that they *could not* file their counterclaims "on or before the April 30 deadline," as they "lack[ed] a procedural mechanism to do so" because their "Answer is not due until after the pending motion to dismiss is resolved," and requested if they could style their motion as "unopposed."  *See id.*; *see also* Exhibit B filed herewith at 2.

On April 24, 2025, WPE's counsel responded, explaining that they believe the April 30 deadline is the operative deadline to add new parties and amend the pleadings, as all the parties understood; that the Court set that deadline knowing that Defendants' Motion to Dismiss and Strike would not be heard until June 5; and that Defendants' Answer would not be due until sometime after that, which could be after the close of fact discovery if the Court granted leave to amend the Complaint and there was another round of Motions to Dismiss.  *See* Dkt 138-2 at 2.  WPE explained that Defendants could file a partial Answer to the claims they are not seeking to dismiss and include their counterclaims with that pleading on April 30.  *Id.*  WPE further explained that because Defendants' new interpretation would necessarily, and needlessly, disrupt the Court's Scheduling Order, WPE could not agree to extend the schedule in a manner that could protract litigation for a material amount of time.  *Id.*  Without responding further to WPE's proposal, Defendants filed their Administrative Motion on Friday, April 25, 2025.

**Deadline to Amend or Add Parties.**  Under Federal Rule of Civil Procedure 16(b)(3)(A), "[t]he scheduling order must limit the time to join other parties [and] amend the pleadings."  "The deadline for joining additional parties is set very early in the case so that all interested parties have a full and fair opportunity to participate in discovery."  *TMF Tr. Ltd. v. M/T Megacore Philomena*, 2018 WL 6175700, at *2 (C.D. Cal. Sept. 4, 2018) (quoting *Muse Apartments, LLC v. Travelers*

*Cas.*, 2014 WL 11997862, at *1 (W.D. Wash. Nov. 12, 2014)). If Defendants intend to file counterclaims, and more specifically "add parties pursuant to Federal Rules of Civil Procedure 13, 19, and 20" (Mot. at 1), the Scheduling Order establishes the applicable deadline—April 30, 2025. No ambiguity exists, and no "clarification" is needed on this point. As here, "where the plain terms of a court order unambiguously apply . . . they are entitled to their effect." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 150 (2009); *Morris Law Firm, Professional Limited Liability Co. v. Javogue*, 2008 WL 11338465, at *2 (D. Ariz. Sept. 29, 2008) ("Courts speak through their orders and judgments, and where unambiguous, their express language controls.").

As a practical matter, Defendants cannot plausibly argue that they are unable to comply with this April 30, 2025 deadline. As noted above, Defendants have repeatedly acknowledged this deadline and represented that they intended to file their counterclaims adding a new party by this date. Defendants' claim that there is no procedural mechanism to do so is incorrect. As WPE explained, Defendants can file a partial Answer as to those claims they have not moved to dismiss and include their counterclaims with that pleading. *See* Plaintiff's Opposition to Defendants' Motion to Dismiss and Strike Plaintiff's Amended Complaint (Dkt. 75) at 1. *See, e.g.*, *Matter v. Clearlake Vill. Homeowner's Ass'n, Inc.*, 2019 WL 2869060, at *2 (M.D. Fla. July 3, 2019) ("[A] partial answer does not moot a partial motion to dismiss when the two involve different counts of the same complaint . . . Further . . . permitting such a partial answer before a partial motion to dismiss is filed or while it is pending serves its goal of efficient litigation."). Defendants have expressly stated they intend to assert as counterclaims at least some of these same legal issues. Mot. at 3. There is nothing preventing Defendants from asserting their counterclaims and adding new parties with their partial Answer. Defendants' Administrative Motion thus does not present a genuine procedural obstacle.

Defendants now claim their deadline to answer under Federal Rule of Civil Procedure 12(a)(4)(A) extends to 14 days after the Motion to Dismiss is decided, and with it their deadline to add parties or file counterclaims. Mot. at 1. Yet, Rule 12(a)(4)(A) does not override deadlines set under Rule 16. *See Wood v. LP Conversions Inc.*, 2014 WL 6387543, at *1 (D. Kan. Nov. 14, 2014) (denying motion to add additional parties outside of the time allowed in scheduling order and noting

"Fed.R.Civ.P. 12(a)(4) . . . does not relate to or impact deadlines contained in a Court's Scheduling Order."). Moreover, even if the two deadlines were somehow linked, Defendants overlook that the default deadline to answer after a Motion to Dismiss is *only* the default, and expressly yields if "the court sets a different time." Fed. R. Civ. P. 12(a)(4)(A). The Court did set a different time as to amending pleadings or adding parties—April 30, 2025. Defendants' argument thus collapses.[1]

Indeed, the Court has already rejected the argument once before. In the parties' Joint Case Management Statement, Defendants argued that they "believe[d] it [was] premature to set a deadline for amended pleadings until the Court has ruled on Defendants' Motion to Dismiss and Strike." Dkt. 118 at 4-5. The Court rejected that notion and set the April 30 deadline with full knowledge that it was before the Motion to Dismiss and Strike would be heard. *Id.* at 4 (noting pending motions). The Administrative Motion doesn't so much seek to "clarify" the Court's deadline—but to ask the Court to come to a different conclusion.

***Defendants' Interpretation of the Scheduling Order Unfairly Prejudices WPE.*** WPE respectfully requests that should the Court decline to adopt the parties' 30-day agreed extension, then the Court maintain the current deadline of April 30, 2025 for amending pleadings or adding parties in order to preserve the existing Scheduling Order. It should reject Defendants' requested atextual interpretation of the Scheduling Order that they may amend pleadings or add parties at any time they file an Answer, even if after April 30, 2025. Waiting to file counterclaims and join new parties until after hypothetical amended pleadings (which may include multiple successive motions to dismiss) would derail the current schedule and risk nullifying months of coordinated case management. Even if the Court denies Defendants' motions entirely at the June 5 hearing and they file their Answer two weeks later, that still leaves a truncated window of time for motion practice

---

[1] Defendants reject the plain meaning of the Scheduling Order, relying on two distinguishable cases. *See* Mot. at 2 (citing *Open Text, Inc. v. Northwell Health, Inc.*, 2020 WL 8025315 (C.D. Cal. Dec. 11, 2020) and *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 2014 WL 2450815 (D. Haw. May 30, 2014)). Neither case dealt with "adding parties," the principal "clarification" at issue here. And in both cases defendants missed the contested deadlines—and a contrary result may have prevented them from asserting counterclaims entirely. Here, Defendants can still timely file counterclaims and add a new party before April 30, just as they had already represented to the Court they planned to do.

and discovery on their counterclaims, and severely prejudices any new parties. Only by adhering to the April 30 deadline (or a short, 30-day extension thereof) will the parties have the ability to maintain the current schedule. Defendants will suffer little prejudice by maintaining the Order as written, as they have known about this deadline since February and have planned to file it on that date for months.

Dated: April 29, 2025

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN LLP

By /s/ Rachel Kassabian
Rachel Kassabian
*Attorneys for Plaintiff*
*WPEngine Inc.*