# Exhibit B

JOSH A. KREVITT, SBN 208552
  jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Ave
  Palo Alto, CA 94301-1744
  Telephone: 650.849.5300
  Facsimile: 650.849.5333

ROSEMARIE T. RING, SBN 220769
  rring@gibsondunn.com
JOSEPH R. ROSE, SBN 27902
  jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

ORIN SNYDER *(admitted pro hac vice)*
  osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

MICHAEL H. DORE, SBN 227442
  mdore@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>  v.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>              Defendants. | Case No. 3:24-cv-06917-AMO<br><br>**DEFENDANTS' UNOPPOSED ADMINISTRATIVE MOTION FOR CLARIFICATION REGARDING THE COURT'S SCHEDULING ORDER [DKT. 119]**<br><br>**Hearing:**<br>Date:     N/A<br>Time:    N/A<br>Courtroom:  10<br><br>Hon. Araceli Martínez-Olguín |

Pursuant to Local Rule 7-11, Defendants Automattic Inc. and Matthew Charles Mullenweg respectfully submit this unopposed administrative motion seeking clarification regarding the extent to which the Court's Case Management Scheduling Order (Dkt. 119) (the "Scheduling Order") and its deadline to "add parties or amend pleadings" is intended to modify Defendants' right to file counterclaims pursuant to Rule 13 of the Federal Rules of Civil Procedure. Defendants do not believe it is meant to affect that right, but out of an abundance of caution are seeking clarification.

The Scheduling Order sets a deadline of April 30, 2025, to "add parties or amend pleadings." Dkt. 119. Defendants interpret this deadline to apply only to existing pleadings and not to pleadings that have yet to be filed, such as Defendants' Answer, which will be due after the Court rules on the pending Motion to Dismiss filed by Defendants on December 19, 2024, which the Court set for hearing on June 5, 2025.

Defendants intend to file counterclaims pursuant to Rule 13 as part of their Answer and may join additional parties as part of its counterclaims pursuant to Rules 19 and 20 of the Federal Rule of Civil Procedure. Defendants may properly join as a counterdefendant a party against whom a right to relief is asserted jointly, severally, or in the alternative arising out of the same transaction. Fed. R. Civ. P. 20(a)(2)

Under the Federal Rules of Civil Procedure, however, Defendants cannot file counterclaims independently of an Answer or other pleading recognized under Rule 7(a). *See, e.g.*, *UDAP Indus., Inc. v. Bushwacker Backpack & Supply Co.*, 2017 WL 1653260, at *2 (D. Mont. May 2, 2017) ("because a counterclaim is not one of the pleadings recognized under Rule 7(a), a party seeking to assert a counterclaim must do so in its answer"); *Andy Thanh v. Oanh Tran*, 2018 WL 4944992, at *1 (C.D. Cal. Jan. 25, 2018) ("A counterclaim filed independent of any such pleading is not permitted.").

Defendants filed a motion to dismiss WP Engine's Amended Complaint, which is set for hearing on June 5, 2025. *See* Dkt. 68. Defendants' deadline to Answer is not due until the Court has ruled on the pending motion to dismiss. Fed. R. Civ. P. 12(a)(4)(A), 15(a)(3); *see also Batdorf v. Trans Union*, 2000 WL 635455, at *5 (N.D. Cal. May 8, 2000) ("The filing of a motion to dismiss the other causes of action enlarge[s] the time for [a defendant] to respond to the entire complaint, including those

causes of action it did not move to dismiss."). Accordingly, Defendants' Answer will not be due until well after the April 30 deadline to "add parties or amend pleadings."

However, Defendants may need to add parties through their counterclaims, which again cannot be filed separately from Defendants' Answer. For parties that might be appropriately joined through Defendants' counterclaims, Defendants lack a procedural mechanism to do so on or before the April 30 deadline to "add parties or amend pleadings" because Defendants' Answer is not due until after the pending motion to dismiss is resolved.

Defendants therefore understand the Scheduling Order and the April 30 deadline to apply only to amendments to *existing* pleadings and to joining additional parties to *existing* pleadings and not to prohibit Defendants from filing an Answer upon resolution of the motion to dismiss, asserting counterclaims as part of the Answer, and joining through its Answer any required or permissive parties pursuant to Rules 19 and 20. Out of an abundance of caution, Defendants seek to verify their understanding with the Court and request that the Court confirm that the Scheduling Order does not prohibit or limit Defendants' ability to assert counterclaims through their Answer and to join additional parties (if appropriate) through those counterclaims.

1  DATED: April 23, 2025                         Respectfully submitted,

2                                                GIBSON, DUNN & CRUTCHER LLP

3
                                                 By: */s/ DRAFT*
4                                                    Rosemarie T. Ring

5                                                *Attorney for Defendants Automattic Inc. and
                                                 Matthew Charles Mullenweg*