ROSEMARIE T. RING, SBN 220769
  rring@gibsondunn.com
JOSEPH R. ROSE, SBN 27902
  jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

MICHAEL H. DORE, SBN 227442
  mdore@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

*Attorneys for Defendant
Automattic Inc. and Matthew Charles
Mullenweg*

QUINN EMANUEL URQUHART
& SULLIVAN LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Counsel for Plaintiff WPEngine, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>        Defendants. | CASE NO. 3:24-cv-06917-AMO<br><br>**[PROPOSED] STIPULATED ORDER RE FEDERAL RULE OF EVIDENCE 502(d)**<br><br>Judge:    Hon. Araceli Martínez-Olguín |

Plaintiff WPEngine, Inc. and Defendants Automattic Inc. and Matthew Charles Mullenweg (collectively, the "parties"), by and through their respective counsel, hereby stipulate to and request that the Court enter the following Stipulated Order Re Federal Rule of Evidence 502(d):

**A.  Purpose.**

1. Pursuant to Federal Rule of Evidence 502(d), the production or disclosure of any documents protected from discovery, including under the attorney-client privilege, work product doctrine, the joint defense or common interest privilege, privacy laws and regulations, or any other privilege, protection, or immunity from discovery (collectively "privilege or protection"), and accompanying metadata ("Protected Documents"), does not, alone, result in the waiver of any privilege or protection, including subject matter waiver, associated with such Protected Documents as to the receiving party or any third parties in this or in any other state or federal proceeding regardless of the circumstances of the disclosure. This Paragraph provides the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Protected Documents. Federal Rule of Evidence 502(b) does not apply to any disputes regarding Protected Documents, and instead this Stipulated 502(d) Order governs all disputes regarding Protected Documents produced in this litigation. Nothing contained herein requires the production of Protected Documents, and no party is required to undertake a "quick peek" process under Fed. R. Civ. P. 26(b)(5).

**B.  Applicability.**

2. This Order shall be applicable to any privileged or otherwise protected or exempted information contained in deposition transcripts and/or videotapes, Protected Documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, and all other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial or during any hearing (collectively "Protected Information").

**C.  Production of Discovery Materials Containing Potentially Protected Information.**

3. Pursuant to Federal Rule of Evidence 502(d), the production of any Protected Information in this case shall not be deemed a waiver or impairment of any claim of privilege or

protection in this case or in any other federal or state proceeding, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, statutory privileges and protections, or the subject matter thereof, as to the produced document and any related material.

4. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for responsiveness and/or segregation of privileged and/or protected information before production.

**D.    Clawback Agreement.**

5. The producing party must notify the receiving party promptly, in writing, upon discovery that a Protected Document or Protected Information has been produced. This "Clawback Notice" shall include the bates range of the produced materials (if any).

6. Within seven (7) days of serving a Clawback Notice, or another time period as agreed upon by the parties, the producing party shall provide a privilege log listing the item(s) produced, and a new copy of the material (utilizing the same bates number as the original material, if applicable) with the privileged or protected material redacted (if the producing party claims that only a portion of the document contains privilege or other protected). If the producing party claims that the entire Protected Document is privileged or protected, then the producing party shall provide a slip sheet noting that the document has been withheld.

**E.    Procedures Following Clawback Notice.**

7. Upon receipt of a Clawback Notice relating to Protected Document(s) or Protected Information, all such information, and all copies thereof, shall be destroyed and the receiving party shall not use such information for any purpose. The receiving party shall also attempt, in good faith, to retrieve and destroy all copies of the documents in electronic format.

8. The receiving party may contest the producing party's assertion of privilege or other protection. In that instance, within fourteen (14) days from receipt of the Clawback Notice, the receiving party shall give the producing party written "Notice of Clawback Challenge" providing the reason for said disagreement. The producing party will have seven (7) business days to respond to the Notice of Clawback Challenge, in writing, by either: (i) agreeing to withdraw the claim of privilege or other protection; or (ii) stating the reasons for such claim. If the producing party's response to the

Notice of Clawback Challenge does not resolve the issue, the parties shall meet and confer within five (5) business days of the response. If the conference does not resolve the dispute, within five (5) business days of the conference, the parties shall jointly submit the dispute to the Court for resolution. The submission shall not exceed five (5) pages. The producing party retains the burden of establishing the applicability of the privilege or other protection as to any inadvertently produced materials. The parties may agree on alternative deadlines regarding the clawback procedure without seeking leave of Court.

9. Any analyses, memoranda or notes or portions thereof which were internally generated and contain or were based upon the Protected Document(s) or Protected Information subject to the Clawback Notice shall immediately be destroyed and not referred to or used in any way.

10. If, during a deposition, a producing party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) is a Protected Document or reflects Protected Information (a "Protected Exhibit"), the producing party shall serve a Clawback Notice within ten (10) business days of the receipt of the final deposition transcript, after which the parties shall follow the procedures set forth in paragraphs 6 through 8. This deadline can be changed by agreement of the parties without seeking leave of Court.

11. If a receiving party uses Protected Information in a brief or at a hearing, and the producing party has not served a Clawback Notice in advance of the briefing event or hearing, the producing party shall serve a Clawback Notice within ten (10) business days of the briefing event or hearing. Thereafter, the procedures set forth in paragraphs 6 through 8 shall apply.

12. This Order does not preclude a party from voluntarily waiving any claims of privilege or protection. The provisions of Fed. R. Evid. 502(a) apply when a party uses privileged or other protected information to support a claim or defense.

**IT IS SO STIPULATED**.

DATED: June 5, 2025                    GIBSON, DUNN & CRUTCHER LLP

                                       By: */s/ Michael H. Dore*
                                            Michael H. Dore

                                       *Attorneys for Defendant Automattic Inc. and Matthew Charles Mullenweg*

DATED: June 5, 2025                    QUINN EMANUEL URQUHART & SULLIVAN LLP

                                       By: */s/ Sara Jenkins*
                                            Sara Jenkins

                                       *Attorneys for Plaintiff WPEngine, Inc.*


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


DATED: _____, 2025


                                       _____
                                       HONORABLE ARACELI MARTÍNEZ-OLGUÍN
                                       United States District Judge

**E-FILING ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I hereby attest that counsel for Plaintiff has concurred in this filing.

                                          */s/ Michael H. Dore*
                                          Michael H. Dore