# EXHIBIT A

**RFP No. 6:** Documents and communications relating to complaints about YOUR PRODUCTS or SERVICES, including by current, past or prospective CUSTOMERS.

WPE incorporates its General Objections as if fully set forth herein. WPE further objects to this Request to the extent that it seeks documents that are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence. WPE further objects to this Request as vague, ambiguous, overbroad, and lacking particularity to the extent that it seeks discovery regarding subject matters not at issue in this litigation. WPE objects to this Request on the ground that it calls for information or documents protected by attorney-client privilege, the work-product doctrine, common-interest and/or joint-defense privilege, and/or any other applicable privilege or protection. WPE further objects to this Request to the extent that it seeks confidential, proprietary, and sensitive business information that cannot be produced absent entry of an adequate protective order. Subject to, as limited by, and without waiver of the foregoing objections, WPE responds as follows: WPE will produce non-privileged, responsive documents relating to complaints about its products or services by customers caused by Defendants' self-proclaimed nuclear war, launched against WPE on September 20, 2024, that are in WPE's possession, custody, or control and identified through a reasonable and diligent search, to the extent such documents exist.

**RFP No. 13:** Documents relating to any loss of sales or CUSTOMERS for any reason during the relevant time period, including but not limited to documents indicating the number of sales or CUSTOMERS lost, the identity of the specific sale and CUSTOMER lost, the CUSTOMER'S term of subscription, the date of the loss, the reason for the loss, the location of the CUSTOMER, and any tracking or reporting of renewals, cancellations, migrations to and migrations from WP Engine PRODUCTS or SERVICES.

WPE incorporates its General Objections as if fully set forth herein. WPE further objects to this Request as vague, ambiguous, overbroad, and lacking particularity to the extent that it seeks discovery regarding subject matters not at issue in this litigation. WPE objects to this Request on the ground that it calls for information or documents protected by attorney-client privilege, the workproduct doctrine, common-interest and/or joint-defense privilege, and/or any other applicable privilege or protection. WPE further objects to this Request to the extent that it seeks confidential, proprietary, and sensitive business information that cannot be produced absent entry of an adequate protective order. WPE further objects to this Request on the basis that it is overbroad as to time, given that Automattic defines the relevant time period for this Request as 2014 to present. Subject to, as limited by, and without waiver of the foregoing objections, WPE responds as follows: WPE will produce responsive, non-privileged documents sufficient to show the customers and prospective customers that it lost from September 20, 2024 onward. (Dkt. 51).

**RFP No. 14:** Documents and communications with or concerning Defendants, the WEBSITE, WordPress.com, and/or the WordPress Foundation, including documents referring or relating to Defendants, the WEBSITE, WordPress.com, and/or the WordPress Foundation.

WPE incorporates its General Objections as if fully set forth herein. WPE further objects to

this Request to the extent that it seeks documents that are not relevant, are not reasonably calculated to lead to the discovery of admissible evidence, and are not proportional to the needs of the case. WPE further objects to this Request as vague, ambiguous, overbroad, and lacking particularity to the extent that it seeks discovery regarding subject matters not at issue in this litigation. WPE objects to this Request on the ground that it calls for information or documents protected by attorney-client privilege, the work-product doctrine, common-interest and/or joint-defense privilege, and/or any other applicable privilege or protection. WPE further objects to this Request to the extent that it seeks confidential, proprietary, and sensitive business information that cannot be produced absent entry of an adequate protective order. WPE further objects to this Request on the basis that it is overbroad as to time, given that Automattic defines the relevant time period as 2014 to present. Subject to, as limited by, and without waiver of the foregoing objections, WPE responds as follows: WPE is willing to meet and confer regarding the scope of this request.