# EXHIBIT A

Case 3:24-cv-06917-AMO     Document 153-1     Filed 07/14/25     Page 2 of 5

Franceschi v. Baldwin, Not Reported in Cal.Rptr. (2025)

2025 WL 1528629
Not Officially Published
(Cal. Rules of Court, Rules 8.1105 and 8.1110, 8.1115)
Only the Westlaw citation is currently available.

California Rules of Court, rule 8.1115, restricts citation of unpublished opinions in California courts.

Court of Appeal, Second District, Division 8, California.

Ernest J. FRANCESCHI, Jr., Plaintiff and Appellant,
v.
Christopher BALDWIN, Defendant and Respondent.

B335948
|
Filed May 29, 2025

APPEAL from a judgment of the Superior Court of Los Angeles County. Colin Leis, Judge. Affirmed. (Los Angeles County Super. Ct. No. 21STCV35596)

**Attorneys and Law Firms**

Ernest J. Franceschi, Jr., in pro. per., for Plaintiff and Appellant.

Davis Wright Tremaine, Mary H. Haas and Daniel H. Leigh for Defendant and Respondent.

**Opinion**

STRATTON, P. J.

**\*1** Plaintiff Ernest J. Franceschi, Jr., appeals from a judgment of dismissal entered after the trial court granted defendant Christopher Baldwin's motion for summary judgment on plaintiff's claim for extortion. We affirm the judgment.

**FACTS**

Plaintiff sued defendant and his mother, Gloria Baldwin, alleging three causes of action, including one for extortion. The two other causes of action were eliminated when the court sustained defendant's demurrer without leave to amend. Gloria Baldwin is no longer a defendant; we affirmed an order granting her motion to quash for lack of personal jurisdiction. (*Franceschi v. Baldwin* (Aug. 30, 2024, B323870) [nonpub. opn.].) Plaintiff's extortion cause of action against defendant Christopher Baldwin is the only one at issue.

Plaintiff, an attorney, alleged he had represented Christopher Baldwin in two lawsuits in which Baldwin's father funded the upfront payments of plaintiff's fees and costs. Plaintiff alleged Baldwin refused to settle or mediate the lawsuits, and plaintiff withdrew as counsel. After that, Baldwin sent an e-mail to plaintiff stating plaintiff failed to provide receipts for the monies paid to him and demanding return of the funds under threat of reporting plaintiff's "fraudulent tax scheme" to the Internal Revenue Service (IRS). The complaint alleged the e-mail was "a 'writing' within the meaning of [Penal Code] section 523, which renders the very act of sending the writing extortion, irrespective of whether or not the consideration or property was actually obtained. The sending of the writing completes the crime."

Defendant filed a motion for summary judgment contending that an essential element of a cause of action for civil extortion is the payment of money or the transfer of something of value as a result of the extortion. Defendant relied on *Fuhrman v. California Satellite Systems* (1986) 179 Cal.App.3d 408, 426, 231 Cal.Rptr. 113 (*Fuhrman*) (civil extortion "is essentially a cause of action for moneys obtained by duress," and the "fatal flaw" in the plaintiff's extortion action was that "she apparently *never paid* the money defendants demanded in their letters").[1]

Here, it was undisputed that plaintiff did not pay defendant any money or provide anything of value because of the allegedly extortionate e-mail. Plaintiff claimed only "severe mental an[d] emotional distress" for which he did not seek medical treatment.

In opposition to defendant's summary judgment motion, plaintiff argued that under Penal Code section 523, the victim need not pay the demand or part with anything of value to the extortionist for the crime to be complete. (§ 523, subd. (a) [a person who, "with intent to extort property or other consideration from another, sends or delivers to any person any letter or other writing, whether subscribed or not, expressing or implying, or adapted to imply, any threat such as is specified in Section 519 is punishable in the same manner as if such property or other consideration were actually obtained by means of such threat"].)

**\*2** In his reply, defendant reiterated the contention that plaintiff's cause of action for civil extortion fails because

plaintiff did not pay money as a result of the alleged extortion. Defendant pointed out that plaintiff offered no authority that California courts have recognized a civil cause of action based on Penal Code section 523. Defendant stated, among other points, that plaintiff "cannot unilaterally transform a section of the Penal Code into a civil wrong," and "there is no language creating a private right of action in Penal Code [section] 523."

The trial court granted defendant's motion for summary judgment. The court stated: "Penal Code section 523 ... provides that individuals who intend to extort property from another by way of threatening letter may be punished as if property were actually obtained through the threat. The statute thus criminalizes attempted extortion. But plaintiff does not cite any authority for the proposition that Penal Code section 523 gives rise to a private right of action, or that section 523 legislatively abrogated *Fuhrman*." [2] (Italics added.) In addition, the court concluded *Fuhrman* rendered plaintiff's evidence of severe emotional distress "immaterial to a cause of action for civil extortion," and plaintiff did not allege a cause of action for intentional infliction of emotional distress in the operative complaint.

Because plaintiff did not create a triable issue of material fact, the court granted defendant's motion for summary judgment. Plaintiff filed a timely appeal.

### DISCUSSION

1. **The Standard of Review**
A defendant moving for summary judgment must show "that one or more elements of the cause of action ... cannot be established, or that there is a complete defense to the cause of action." (Code Civ. Proc., § 437c, subd. (p)(2).) Summary judgment is appropriate where "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (*Id.*, subd. (c).) Our review is de novo.

2. **Contentions and Conclusions**
There are no material factual disputes. We agree with the trial court that under California law as it stands today, the *Fuhrman* principle governs: civil extortion "is essentially a cause of action for moneys obtained by duress" (*Fuhrman, supra,* 179 Cal.App.3d at p. 426, 231 Cal.Rptr. 113). Defendant obtained nothing of value from plaintiff as a result of the alleged threat to report plaintiff to the IRS, and consequently plaintiff cannot establish an essential element of his claim.

The *Fuhrman* case involved a demand for sums of money "under a threat of apparent civil and criminal prosecution." (*Fuhrman, supra,* 179 Cal.App.3d at pp. 425–426, 231 Cal.Rptr. 113.) The court rejected the defendant's contention that extortion could not form the basis for a civil action in tort, stating: "However denominated (e.g., extortion, menace, duress), our Supreme Court has recognized a cause of action for the recovery of money obtained by the wrongful threat of criminal or civil prosecution," and "[i]t is essentially a cause of action for moneys obtained by duress, a form of fraud." (*Id.* at p. 426, 231 Cal.Rptr. 113.) But, as already stated, *Fuhrman* tells us that if no monies are paid, the cause of action fails. (*Id.* at p. 428, 231 Cal.Rptr. 113 ["An action for duress is an action for the recovery of moneys received by a defendant under the influence of duress. [Citations.] As she did not pay the money demanded by defendants, plaintiff did not sustain damages cognizable in a cause of action for duress."].)

**\*3** No published California cases have disagreed with *Fuhrman* on this point. Another case, on very different facts, finds a "civil version of extortion" in a rescission action based on menace, where the plaintiff sought to recover $500,000 he had paid in response to the defendant's threats. (*Tran v. Nguyen* (2023) 97 Cal.App.5th 523, 525–526, 315 Cal.Rptr.3d 607). Under the Civil Code, a party has a right to rescind a transaction "in cases in which a person's consent to a transaction was obtained by 'menace': threats of confinement, of unlawful violence to the person or his or her property, or of injury to a person's character. This is effectively the civil version of extortion." (*Id.* at p. 525.) The court reversed the judgment against the plaintiff and granted leave to amend the cause of action "*for recovery of the funds he paid to [the defendant]* as a result of her threats to reveal their affair—and the existence of their child—to his wife." (*Id.* at p. 526, italics added.) Because the action seeking rescission sounded in contract rather than tort, no emotional distress damages were recoverable, and the plaintiff's separate cause of action for intentional infliction of emotion distress could not be maintained. (*Ibid.*)

Defendant also cites and discusses several federal district court cases that have followed *Fuhrman* in one context or another and acknowledges that *Monex Deposit Co. v. Gilliam* (C.D.Cal. 2009) 666 F.Supp.2d 1135 (*Monex*) departs from *Fuhrman*. *Monex* declined to dismiss a civil extortion

cause of action where plaintiff pleaded it would not pay the defendants' extortionate demands. (*Id.* at p. 1136.) Defendant characterizes *Monex* as an "outlier in California law." Another district court had this to say about *Monex*: "No published California case has adopted the reasoning in *Monex*.... In the absence of adoption of *Monex*'s reasoning by California appellate courts or the California Supreme Court, the Court declines to adopt it here." (*Intermarketing Media, LLC v. Barlow,* (C.D.Cal. May 4, 2021, No. 8:20-CV-00889-JLS (DFMx)), 2021 U.S.Dist. Lexis 243264, 2021 WL 5990190; see also *Talkdesk, Inc. v. Pham* (C.D.Cal. Aug. 9, 2024, No. 2:22-cv-05961-MCS-JPR), 2024 U.S.Dist. Lexis 142235 p. *18, 2024 WL 4866690 ["the Court doubts attempted extortion is a civil cause of action under California law"]; *Talkdesk.* at p. *19, ["[t]he Court joins the chorus of authorities that have declined to follow the nonbinding reasoning of *Monex*"].)[3]

On appeal, plaintiff engages in no meaningful discussion of *Fuhrman*, or the cases that continue to rely on *Fuhrman*, or even *Monex*. He offers four arguments.

First, plaintiff contends the trial court erred by finding no private right of action under Penal Code section 523, but he takes a new tack on appeal. He argues that the Supreme Court in *Flatley v. Mauro* (2006) 39 Cal.4th 299, 46 Cal.Rptr.3d 606, 139 P.3d 2 (*Flatley*) "implicit[ly] disapprov[ed]" the *Fuhrman* decision, and "by implication" authorized a civil action under section 523. Plaintiff concludes that the trial court's ruling was "contrary to the ... decision in *Flatley,* and was reversible error."

Plaintiff is mistaken. *Flatley* neither considered nor decided the question whether a plaintiff may bring a civil action for extortion without having paid the extortionate demand. The question in *Flatley* was whether conduct constituting criminal extortion is protected under the anti-SLAPP (strategic lawsuit against public participation) statute. The court said no. (*Flatley, supra*, 39, Cal.4th at p. 305.)

**\*4** In *Flatley,* the plaintiff sued the defendant for civil extortion, intentional infliction of emotional distress and wrongful interference with economic advantage. (*Flatley, supra,* 39 Cal.4th at p. 305, 46 Cal.Rptr.3d 606, 139 P.3d 2.) The defendant filed a motion to strike the complaint under the anti-SLAPP statute. The Supreme Court concluded the defendant's conduct "constituted criminal extortion as a matter of law in violation of Penal Code sections 518, 519 and 523." (*Id.* at p. 332.) *Flatley* held communications that constituted criminal extortion as a matter of law were unprotected by constitutional free speech guarantees, and therefore defendant could not use the anti-SLAPP statute to strike plaintiff's complaint. (*Id.* at p. 305, 46 Cal.Rptr.3d 606, 139 P.3d 2.)

No other issue was before the *Flatley* court, "implicitly" or otherwise. And, as *Flatley* itself observes, " 'A decision, of course, does not stand for a proposition not considered by the court.' " (*Flatley, supra,* 39 Cal.4th at p. 320, 46 Cal.Rptr.3d 606, 139 P.3d 2.)

Plaintiff's second contention is that the trial court based its decision granting summary judgment on "a new legal theory" that defendant raised for the first time in its reply brief: namely, that Penal Code section 523 does not give rise to a private right of action. The trial court rejected plaintiff's contention at the outset of the hearing, stating, "based upon my own review of the reply, there were no[ ] improper new arguments." We agree. Defendant's theory from the outset was that a cause of action for civil extortion requires the payment of monies or something of value as a result of the extortionate demand. Plaintiff argued otherwise—in essence contending that he could bring a civil action based on a criminal statute that does not require the payment of money. That is the crux of the case, whether couched in terms of a "private right of action" under section 523 or otherwise.

Plaintiff's third contention is that the trial court erred in concluding that, under *Fuhrman*, alleged severe emotional distress does not support a cause of action for civil extortion. As the trial court pointed out, *Fuhrman* makes such evidence immaterial. (*Fuhrman, supra,* 179 Cal.App.3d at p. 428, 231 Cal.Rptr. 113 [the plaintiff sought damages for her emotional distress, but "[a]s she did not pay the money demanded by defendants, plaintiff did not sustain damages cognizable in a cause of action for duress"].) The authorities plaintiff cites involve the intentional infliction of emotional distress, a cause of action plaintiff did not allege in his complaint.

Plaintiff's final contention is that Penal Code section 523 does not require the extortion attempt to be successful. That is a correct statement, but irrelevant in light of the points discussed above.

## DISPOSITION

Franceschi v. Baldwin, Not Reported in Cal.Rptr. (2025)

Case 3:24-cv-06917-AMO    Document 153-1    Filed 07/14/25    Page 5 of 5

The judgment is affirmed. Respondent to recover costs on appeal.

We concur:

WILEY, J.

VIRAMONTES, J.

**All Citations**

Not Reported in Cal.Rptr., 2025 WL 1528629

---

**Footnotes**

1   *Fuhrman* was disapproved on other grounds in *Silberg v. Anderson* (1990) 50 Cal.3d 205, 219, 266 Cal.Rptr. 638, 786 P.2d 365.

2   The substance of the provision of Penal Code section 523 on which plaintiff relies (§ 523, subd. (a)) has been in effect since 1872.

3   *Monex* reasoned that *Fuhrman* predated the Supreme Court's endorsement of section 874A of the Restatement Second of Torts that "courts, exercising their authority over the common law, may, in appropriate circumstances, recognize a tort action for damages to remedy a constitutional violation." (*Katzberg v. Regents of University of California* (2002) 29 Cal.4th 300, 325, 127 Cal.Rptr.2d 482, 58 P.3d 339, citing Rest.2d Torts, § 874A, com. g.) Section 874A applies to "legislative provisions" such as criminal statutes that proscribe certain conduct but say nothing about civil liability. (Rest.2d Torts, § 874A, com. c.) With virtually no analysis, *Monex* concluded that the plaintiff stated a claim for civil extortion "because the civil tort for extortion is derived from the crime of extortion, and because recognizing a claim for civil extortion furthers the purpose of California Penal Code section 523." (*Monex, supra*, 666 F.Supp.2d at p. 1137.)

---

**End of Document**   © 2025 Thomson Reuters. No claim to original U.S. Government Works.