## EXHIBIT TO JOINT LETTER RE WPE'S RFPS
## 12-15, 17, 19, 23, 50, 71, 88, 90-91, 98, 100, 103-105, and 114-115

**WPE'S REQUEST FOR PRODUCTION NO. 12.** All Communications from January 1, 2023 to the present between Defendants and customers or prospective customers of WPE, whether such customers are free or paid, and Including direct customers, customers through agency partners, and/or plugin users such as Advanced Custom Fields users.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 12**. Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic objects to this Request on the grounds that "customers," "prospective," "direct," and "agency partners" are vague and ambiguous. Automattic objects to this Request on the grounds that it lacks foundation.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected communications by or between Automattic and any third-party where the communication indicates on its face that Automattic knew that the third party was a customer of WPE, that is dated between August 1, 2024, and November 14, 2024, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 12.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg objects to this Request on the grounds that "customers," "prospective," "direct," and "agency partners" are vague and ambiguous. Mullenweg objects to this Request on the grounds that it lacks foundation.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected communications by or between Mullenweg and any third-party where the communication indicates on its face that Mullenweg knew that the third party was a customer of WPE, that is dated between August 1, 2024, and November 14, 2024, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**WPE'S REQUEST FOR PRODUCTION NO. 13.** All Documents and Communications Relating to Defendants asking, requesting, or requiring any agency customers to choose between WPE and Automattic.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 13**. Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic objects to this Request on the grounds that "agency customers" and "choose between" are vague and ambiguous. Automattic objects to this Request to the extent it is duplicative of (at least) Request No. 12.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, that are responsive to this Request, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 13.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg objects to this Request on the grounds that "agency customers" and "choose between" are vague and ambiguous. Mullenweg objects to this Request to the extent it is duplicative of (at least) Request No. 12.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, that are responsive to this Request, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**WPE'S REQUEST FOR PRODUCTION NO. 14.** All Documents and Communications from January 1, 2024 to the present Relating to any efforts by Defendants to encourage customers, employees, users, partners or other third parties who have a relationship with WPE to discontinue or reevaluate the nature of such relationship, Including any Communications with such customers, employees, users, partners, or other third parties related to WPE or its services.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 14**. Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic objects to this Request on the grounds that "efforts," "encourage," "users," "partners," "relationship," "discontinue," "reevaluate," "nature," and "relationship" are vague and  ambiguous. Automattic objects to this Request on the grounds that it is duplicative of (at least) Request No. 12.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, that are responsive to this Request, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 14.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg objects to this Request on the grounds that "efforts," "encourage," "users," "partners," "relationship," "discontinue," "reevaluate," "nature," and "relationship" are vague and ambiguous. Mullenweg objects to this Request on the grounds that it is duplicative of (at least) Request No. 12.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, that are responsive to this Request, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**WPE'S REQUEST FOR PRODUCTION NO. 15.** All Documents and Communications Relating to Your knowledge of WPE's contractual relationships with its customers, users, partners, employees or other third parties, Including any data transferred from wordpress.org to Defendants identifying websites potentially hosted by WPE and plugins used by the same.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 15**. Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request as vague and ambiguous in its reference to "hosted by WPE and plugins used by the same." Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic objects to this Request as stating a legal conclusion and lacking foundation in assuming that data identifying a website potentially hosted by WPE and "plugins used by the same" relates to "knowledge of WPE's contractual relationships" with any third party.

Subject to and without waiver of the foregoing objections, Automattic is willing to meet and confer with WPE regarding the scope of this Request.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 15.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request as vague and ambiguous in its reference to "hosted by WPE and plugins used by the same." Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg objects to this Request as stating a legal conclusion and lacking foundation in assuming that data identifying a website potentially hosted by WPE and "plugins used by the same" relates to "knowledge of WPE's contractual relationships" with any third party.

Subject to and without waiver of the foregoing objections, Mullenweg is willing to meet and confer with WPE regarding the scope of this Request.

**<u>WPE'S REQUEST FOR PRODUCTION NO. 17.</u>** All Documents and Communications Relating to any calculations of WPE's free cash flow, Including but not limited to those Relating to your statement on October 30, 2024, at TechCrunch Disrupt 2024 that "[w]e estimate [WPE has] $50-60 million in free cash flow."

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 17**. Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic also objects to this Request on the grounds that it includes selective quotations that are argumentative and misrepresents it as Automattic's assertion. Automattic objects to this Request on the grounds that "calculations" and "free cash flow" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, that are responsive to this Request, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 17.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg also objects to this Request on the grounds that it includes selective quotations that are argumentative and misrepresents it as Mullenweg's assertion. Mullenweg objects to this Request on the grounds that "calculations" and "free cash flow" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, that are responsive to this Request, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**WPE'S REQUEST FOR PRODUCTION NO. 19.** All Documents and Communications Relating to any campaigns, advertising, promotions, or statements by Defendants, or on wordpress.org from January 2023 until present, to encourage customers to switch from WPE's products or services to (i) Defendants' products or services or (ii) any other company's products or services.

> **DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 19**. Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic objects to this Request on the grounds that "campaigns," "encourage," and "switch" are vague and ambiguous.
>
> Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, that are responsive to this Request, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.
>
> **DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 19.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg objects to this Request on the grounds that "campaigns," "encourage," and "switch" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, that are responsive to this Request, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**WPE'S REQUEST FOR PRODUCTION NO. 23.** All Documents and Communications Relating to any request or demand by You that WPE pay Automattic a percentage of WPE's gross revenues for a trademark license.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 23**. Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Automattic. Automattic objects to this Request on the grounds that "gross revenues" is vague and ambiguous.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between January 1, 2024, and November 14, 2024, that are responsive to this Request, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 23.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request to the extent it seeks documents or information that is exclusively available to WPE or as readily available to WPE as to Mullenweg. Mullenweg objects to this Request on the grounds that "gross revenues" is vague and ambiguous.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between January 1, 2024, and November 14, 2024, that are responsive to this Request, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**WPE'S REQUEST FOR PRODUCTION NO. 50.** All Documents and Communications Relating to any public statements about WPE made by Automattic or Mullenweg (whether attributed to Automattic or Mullenweg by name or not), Including blog posts, social media posts, speech transcripts, and other Communications.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 50**. Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Automattic. Automattic further objects to this Request on the grounds that "and other Communications" is vague and ambiguous.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, sufficient to show any public statements by Mullenweg relating to WPE, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 50.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request to the extent it seeks documents or information that is exclusively available to WPE or as readily available to WPE as to Mullenweg. Mullenweg further objects to this Request on the grounds that "and other Communications" is vague and ambiguous.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, sufficient to show any public statements by Mullenweg relating to WPE, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

**WPE'S REQUEST FOR PRODUCTION NO. 71.** Documents sufficient to show wordpress.org's usage information, Including daily server load, traffic, logins, and downloads since September 1, 2024.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 71**. Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request on the grounds that "usage information," "traffic," logins," and "downloads" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents responsive to this Request and dated between September 1, 2024, and November 14, 2024, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 71.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request on the grounds that "usage information," "traffic," "logins," and "downloads" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents responsive to this Request and dated between September 1, 2024, and November 14, 2024, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

**WPE'S REQUEST FOR PRODUCTION NO. 88.** All Documents and Communications Relating to Your knowledge or access to information regarding of (i) WPE sponsoring WordCamps, (ii) WPE producing DE{CODE}, (iii) WordPress Roundup, (iv) the Building WordPress series, (v) WPE hosting, funding, and maintaining of open source projects, Including but not limited to, ACF, Genesis, WPGraphOL, and faust.js, (vi) WPE's provision of free developer tools, Including but not limited to, Local; (vii) WPE sponsoring development of WP-CLI, and (viii) WPE producing informative webinars, podcasts, and tutorials Relating to WordPress Software, the WordPress Community, and/or WordPress Plugins.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 88**. Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Automattic. Automattic further objects to this Request on the grounds that "access to," "sponsoring," "hosting," "funding," "maintaining," "provision," and "informative" are vague and ambiguous. Automattic further objects to this Request as seeking irrelevant information.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents sufficient to show Automattic's knowledge (if any) of WPE and any of the following: (i) WordCamp U.S., (ii) DE{CODE}; (iii) WordPress Roundup; (iv) Building WordPress; (v) Genesis; (vi) WPGraphOL; (vii) faust.js (viii) Local; (ix) WP-CLI; (x) webinars, podcasts, or tutorials relating to WordPress Software or WordPress Plugins, dated between January 1, 2020, and November 14, 2024, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 88.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Mullenweg. Mullenweg further objects to this Request on the grounds that "access to," "sponsoring," "hosting," "funding," "maintaining," "provision," and "informative" are vague and ambiguous. Mullenweg further objects to this Request as seeking irrelevant information.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents sufficient to show Mullenweg's knowledge (if any) of WPE and any of the following: (i) WordCamp U.S., (ii) DE{CODE}; (iii) WordPress Roundup; (iv) Building WordPress; (v) Genesis; (vi) WPGraphOL; (vii) faust.js (viii) Local; (ix) WP-CLI; (x) webinars, podcasts, or tutorials relating to WordPress Software or WordPress Plugins, dated between January 1, 2020, and November 14, 2024, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

**WPE'S REQUEST FOR PRODUCTION NO. 90.** All Documents and Communications Relating to WPE's contributions to wordpress.org or the WordPress community, Including any analysis of such contributions and all Documents concerning the purpose for which any such analysis was undertaken.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 90**. Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Automattic. Automattic further objects to this Request on the grounds that "contributions" and "WordPress Community" are vague and ambiguous. Automattic further objects to this Request on the grounds that it is duplicative of (at least) Request No. 73.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents sufficient to show WPE's contributions to wordpress.org, and any assessment thereof, as Automattic understands "contributions," and to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 90.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request to the extent it seeks documents or information that is exclusively available to WPE or as readily available to WPE as to Mullenweg. Mullenweg further objects to this Request on the grounds that "contributions" and "WordPress Community" are vague and ambiguous. Mullenweg further objects to this Request on the grounds that it is duplicative of (at least) Request No. 73.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents sufficient to show WPE's contributions to wordpress.org, and any assessment thereof, as Mullenweg understands "contributions," to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

**WPE'S REQUEST FOR PRODUCTION NO. 91.** All Documents and Communications Relating to Automattic's contributions to wordpress.org or the WordPress community, Including (1) any calculations/evidence supporting the contribution figures in Automattic's Five for the Future numbers, and (2) any calculations regarding what value Automattic received in return, directly or indirectly, from any source, for any such contributions.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 91**. Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request on the grounds that "contributions," "WordPress Community," and "value" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents sufficient to show Automattic's contributions to wordpress.org, and any assessment thereof, as Automattic understands "contributions" to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 91.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request on the grounds that "contributions," "WordPress Community," and "value" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents sufficient to show Automattic's contributions to wordpress.org, and any assessment thereof, as Mullenweg understands "contributions" to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

14

**WPE'S REQUEST FOR PRODUCTION NO. 98.** All Documents and Communications Relating to Defendants' calculations or tracking of the number and identity of WPE customers (Including those who have ended their relationships with WPE since September 20, 2024), Including the source of and permissions obtained for disclosing the information Automattic is publishing at https://wordpressenginetracker.com/ as of the date of these Requests.

> **DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 98**. Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request on the grounds that the "calculations," "tracking," "customers," "ended," "their relationship," and "permissions" are vague and ambiguous.
>
> Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents sent or received from/to Automattic and any third-party where the communication indicates on its face that Automattic knew that the third party was a customer of WPE, that is dated between September 20, 2024, and November 14, 2024, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.
>
> **DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 98.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request on the grounds that the "calculations," "tracking," "customers," "ended," "their relationship," and "permissions" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents sent or received from/to Mullenweg and any third party where the communication indicates on its face that Mullenweg knew that the third party was a customer of WPE, dated between September 20, 2024, and November 14, 2024, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**WPE'S REQUEST FOR PRODUCTION NO. 100.** All Documents and Communications Related to the "data" referenced in the X post by @WordPress dated October 23, 2024, reproduced in the screenshot below:



**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 100**. Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request on the grounds that it is duplicative of (at least) Request No. 98.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents sufficient to show the data referenced in the October 23, 2024 X post by @WordPress and to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 100.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request on the grounds that it is duplicative of (at least) Request No. 98.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents sufficient to show the data referenced in the October 23, 2024 X post by @WordPress and to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

**WPE'S REQUEST FOR PRODUCTION NO. 103.** All Documents and Communications Relating to the ability of others to create a version of WordPress Software that does not rely on wordpress.org, Including the time, expertise or costs for others to do so.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 103**. Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Automattic. Automattic objects to this Request on the grounds that "ability," "others," "version," "rely," and "expertise" are vague and ambiguous. Automattic further objects to this Request on the grounds that "others" is overly broad and unduly burdensome as its scope is unlimited. Automattic further objects to this Request on the grounds that it is based on a speculative premise that Automattic does not concede. Automattic further objects to this Request on the grounds that it is subject to expert discovery.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between January 1, 2020, and November 14, 2024, that are sufficient to show the ability of others to create a version of WordPress Software that does not rely on wordpress.org and the time, expertise or costs for others to do so, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 103.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request to the extent it seeks documents or information that is exclusively available to WPE or as readily available to WPE as to Mullenweg. Mullenweg objects to this Request on the grounds that "ability," "others," "version," "rely," and "expertise" are vague and ambiguous. Mullenweg further objects to this Request on the grounds that "others" is overly broad and unduly burdensome as its scope is unlimited. Mullenweg further objects to this Request on the grounds that it is based on a speculative premise that Mullenweg does not concede. Mullenweg further objects to this Request on the grounds that it is subject to expert discovery.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between January 1, 2020, and November 14, 2024, that are sufficient to show the ability of others to create a version of WordPress Software that does not rely on wordpress.org and the time, expertise or costs for others to do so, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**WPE'S REQUEST FOR PRODUCTION NO. 104.** All Documents and Communications Relating to the ability of others to create a mirror of wordpress.org's repositories or fork of WordPress Software, Including the time, expertise or costs for others to do so.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 104**. Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Automattic. Automattic objects to this Request on the grounds that "ability," "others," "mirror," "repositories," "fork," and "expertise" are vague and ambiguous. Automattic further objects to this Request on the grounds that "others" is overly broad and unduly burdensome as its scope is unlimited. Automattic further objects to this Request on the grounds that it is based on a speculative premise that Automattic does not concede. Automattic further objects to this Request on the grounds that it is subject to expert discovery.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between January 1, 2020, and November 14, 2024, that are sufficient to show the ability of others to create a mirror of wordpress.org's repositories or fork of WordPress Software and the time, expertise or costs for others to do so, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 104.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request to the extent it seeks documents or information that is exclusively available to WPE or as readily available to WPE as to Mullenweg. Mullenweg objects to this Request on the grounds that "ability," "others," "mirror," "repositories," "fork," and "expertise" are vague and ambiguous. Mullenweg further objects to this Request on the grounds that "others" is overly broad and unduly burdensome as its scope is unlimited. Mullenweg

further objects to this Request on the grounds that it is based on a speculative premise that Mullenweg does not concede. Mullenweg further objects to this Request on the grounds that it is subject to expert discovery.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between January 1, 2020, and November 14, 2024, that are sufficient to show the ability of others to create a mirror of wordpress.org's repositories or fork of WordPress Software and the time, expertise or costs for others to do so, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**WPE'S REQUEST FOR PRODUCTION NO. 105.** All Documents and Communications Relating to anyone actually or potentially creating a mirror of wordpress.org's repositories or fork of WordPress Software.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 105**. Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic objects to this Request on the grounds that "mirror," "repositories," "fork," and "expertise" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between January 1, 2020, and November 14, 2024, sufficient to show whether a mirror of wordpress.org's repositories has actually been created, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 105.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg objects to this Request on the grounds that "mirror," "repositories," "fork," and "expertise" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between January 1, 2020, and November 14, 2024, sufficient to show whether a mirror of wordpress.org's repositories has actually been created, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**WPE'S REQUEST FOR PRODUCTION NO. 114.** All Documents and Communications Relating to Mullenweg's claim in his ThePrimeTime interview, posted to Youtube.com on September 26, 2024, that WPE "just tried to delay and delay which they've been doing for now, 18 months basically," Including all Documents Relating to the alleged deal Mullenweg claimed he was negotiating with WPE for 18 months.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 114**. Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic also objects to this Request on the grounds that it includes selective quotations that are argumentative and misrepresents it as Automattic's assertion. Automattic objects to this Request on the grounds that "just tried to delay and delay which they've been doing for now, 18 months basically" is vague and ambiguous.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between March 1, 2023, and September 20, 2024, relating to licensing the Challenged Terms to WPE, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 114.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg also objects to this Request on the grounds that it includes selective quotations that are argumentative and misrepresents it as Mullenweg's assertion. Mullenweg objects to this Request on the grounds that "just tried to delay and delay which they've been doing for now, 18 months basically" is vague and ambiguous.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between March 1, 2023, and September 20, 2024, relating to licensing the Challenged Terms to WPE, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**WPE'S REQUEST FOR PRODUCTION NO. 115.** All Documents and Communications Relating to Mullenweg's claim in his interview with CIO, as referenced in the October 31, 2024 CIO article by Evan Schuman, that WPE has engaged in "18 months of gaslighting."

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 115**. Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic also objects to this Request on the grounds that it includes selective quotations that are argumentative and misrepresents it as Automattic's assertion. Automattic objects to this Request on the grounds that "18 months of gaslighting" is vague and ambiguous.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between March 1, 2023, and September 20, 2024, relating to licensing the Challenged Terms to WPE, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 115.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg also objects to this Request on the grounds that it includes selective quotations that are argumentative and misrepresents it as Mullenweg's assertion. Mullenweg objects to this Request on the grounds that "18 months of gaslighting" is vague and ambiguous.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between March 1, 2023, and September 20, 2024, relating to licensing the Challenged Terms to WPE, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession,

custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.