UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WPENGINE, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., et al.,<br><br>    Defendants. | Case No. 24-cv-06917-AMO<br><br>**ORDER RE MOTION TO INTERVENE, MOTION FOR CONTEMPT, AND MOTION FOR ORDER TO SHOW CAUSE**<br><br>Re: Dkt. Nos. 70, 71, 99 |

This order assumes familiarity with the underlying facts of this case, its procedural history, and the arguments in the parties' papers on the pending motion to intervene, motion for contempt, and motion for an order to show cause. The Court **DENIES** these motions due to a threshold issue that neither party has raised but must be resolved before the Court can consider the merits of the pending motions. Willman, who seeks to intervene in this litigation without the assistance of counsel, can only do so on his own behalf. *See C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear in propria persona in [their] own behalf, that privilege is personal to [them]"). However, the papers Willman has filed in support of his motion to intervene, motion for contempt, and motion for an order to show cause appear to complain of purported harms Defendants allegedly inflicted on Willman's company and Willman personally, without making clear which facts are specific to him and which pertain solely to his company. *See, e.g.*, ECF 70 at 8 (asserting intentional interference with contractual relations claim based on lost website development contracts; alleging that Defendants engaged in coercive conduct aimed at disrupting Willman's business relationships; asserting libel claim stemming from Defendants' assertions that Willman threatened physical violence). So long as Willman remains unrepresented, he may only proceed on behalf of himself, not on behalf of his company. That

entity must appear through counsel. *See In re Highley*, 459 F.2d 554, 555 (9th Cir. 1972) ("A corporation can appear in a court proceeding only through an attorney at law."); *see also United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (district court did not err in denying motion to intervene because permitting intervention would grant the defendant corporation's sole shareholder an end run around the requirement that corporations appear through counsel). Accordingly, the Court **DENIES** the motion to intervene on this basis and **DENIES** the motion for contempt and the application for an order to show cause, without reaching the merits of those motions.

**IT IS SO ORDERED.**

Dated: August 13, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**