# Exhibit A

**RFP No. 19**: All documents concerning trade, customer, or consumer confusion, mistake, inquiries, comments, feedback, or complaints as to whether you or any of your products, services, promotional materials, advertisements, Internet website(s) or other public statements are or were related to, delivered by, displayed by, licensed by, offered by, sponsored by, endorsed by, approved by, or otherwise in any way associated or affiliated with Defendants, its products, services, advertisements, public statements, or Internet websites, including WordPress.org and WordPress.com.

WPE incorporates its General Objections as if fully set forth herein. WPE further objects to this Request because it seeks documents that are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, including documents that relate to alleged confusion, mistake, inquiries, comments, feedback, or complaints originating from non-U.S. residents. WPE further objects to this Request as vague, ambiguous, overbroad, and lacking particularity to the extent that it seeks discovery regarding subject matters not at issue in this litigation. WPE objects to this Request on the ground that it calls for information or documents protected by attorney-client privilege, the work-product doctrine, common-interest and/or joint-defense privilege, and/or any other applicable privilege or protection. WPE further objects to this Request as overbroad and unduly burdensome to the extent that this request seeks "all" or "any" documents, which would include documents that are irrelevant, privileged, and duplicative. WPE further objects to this Request as overbroad to the extent it seeks or may be construed as seeking information outside the relevant timeframe of this action. To the extent WPE produces documents to this request, it will produce documents from an appropriate time period. WPE further objects to the extent Automattic seeks documents or information that is exclusively available to Automattic or as readily available to Automattic as to WPE. WPE also objects to the extent the Request seeks documents that are unrelated to WPE's use of the terms "WordPress," "WooCommerce," and "Woo," or confusion caused by WPE's use of the terms. WPE also objects to the Request as overbroad and irrelevant to the extent responsive records have no bearing any claims or defenses at issue in this action or disproportionate to the needs of the case, including to the extent it asks for documents regarding Wordpress.com. WPE also objects to the term "concerning" as vague and overbroad. WPE also objects to this Request as duplicative and burdensome to the extent that it calls for information responsive to RFP No. 19, in response to which WPE has already agreed to produce certain nonprivileged, responsive documents.

WPE maintains its objections and does not intend to produce additional documents in response to these requests.

**RFP No. 20**: All documents concerning trade, customer, or consumer confusion, mistake, inquiries, comments, feedback, or complaints regarding your use of the WordPress Marks or WooCommerce Marks.

WPE incorporates its General Objections as if fully set forth herein. WPE further objects to this Request to the extent that it seeks documents that are not relevant and are not reasonably calculated

to lead to the discovery of admissible evidence, including documents that relate to alleged confusion, mistake, inquiries, comments, feedback, or complaints originating from non-U.S. residents. WPE further objects to this Request as vague, ambiguous, overbroad, and lacking particularity to the extent that it seeks discovery regarding subject matters not at issue in this litigation. WPE objects to this Request on the ground that it calls for information or documents protected by attorney-client privilege, the work-product doctrine, common-interest and/or joint-defense privilege, and/or any other applicable privilege or protection. WPE further objects to this Request as overbroad and unduly burdensome to the extent that this request seeks "all" or "any" documents, which would include documents that are irrelevant, privileged, and duplicative. WPE further objects to this Request on the grounds that "use" is vague and indefinite. WPE further objects to this Request as overbroad to the extent it seeks or may be construed as seeking information outside the relevant timeframe of this action. To the extent WPE produces documents to this request, it will produce documents from an appropriate time period. WPE further objects to the extent Automattic seeks documents or information that is exclusively available to Automattic or as readily available to Automattic as to WPE. WPE also objects to the term "concerning" as vague and overbroad.

WPE maintains its objections and does not intend to produce additional documents in response to these requests.

**RFP No. 21**: All communications received in any forum, including https://wpengine.com/support-contact/, where you solicit, collect, or aggregate customer or consumer support requests that reference Defendants, its products, services, or Internet websites, including WordPress.org and WordPress.com.

WPE incorporates its General Objections as if fully set forth herein. WPE further objects to this Request to the extent that it seeks documents that are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, including documents that relate to communications directed to or originating from outside of the U.S. WPE further objects to this Request as vague, ambiguous, overbroad, and lacking particularity to the extent that it seeks discovery regarding subject matters not at issue in this litigation. WPE further objects to this request as overly broad and not proportional to the needs of the case. WPE objects to this Request on the ground that it calls for information or documents protected by attorney-client privilege, the work-product doctrine, common-interest and/or joint-defense privilege, and/or any other applicable privilege or protection. WPE further objects to this Request as overbroad and unduly burdensome to the extent that this request seeks "all" or "any" documents, which would include documents that are irrelevant, privileged, and duplicative. WPE further objects to the extent Automattic seeks documents or information that is exclusively available to Automattic or as readily available to Automattic as to WPE. WPE also objects to the Request as overbroad and irrelevant to the extent responsive records have no bearing any claims or defenses at issue in this action or disproportionate to the needs of the case, including to the extent it asks for documents regarding Wordpress.com.

WPE objects to this Request as unreasonably duplicative and burdensome to the extent that it calls for information responsive to Automattic's RFP Nos. 14, 19, 20, in response to which WPE has already produced and/or agreed to produce non-privileged, responsive documents. Subject to and without waiving the foregoing objections, WPE responds as follows: WPE maintains its objections and does not intend to produce additional documents in response to these requests.

**RFP No. 22**: All documents concerning trade, customer, or consumer complaints, dissatisfaction, frustration, or criticism of Defendants, its products, services, or Internet websites, including WordPress.org and WordPress.com.

WPE incorporates its General Objections as if fully set forth herein. WPE further objects to this Request to the extent that it seeks documents that are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence. WPE further objects to this Request as vague, ambiguous, overbroad, and lacking particularity to the extent that it seeks discovery regarding subject matters not at issue in this litigation. WPE further objects to this request as overly broad and not proportional to the needs of the case. WPE objects to this Request on the ground that it calls for information or documents protected by attorney-client privilege, the work-product doctrine, common-interest and/or joint-defense privilege, and/or any other applicable privilege or protection. WPE further objects to this Request as overbroad and unduly burdensome to the extent that this request seeks "all" or "any" documents, which would include documents that are irrelevant, privileged, and duplicative. WPE further objects to this Request as overbroad to the extent it seeks or may be construed as seeking information outside the relevant timeframe of this action. WPE also objects to the term "concerning" as vague and overbroad. WPE further objects to the extent Automattic seeks documents or information that is exclusively available to Automattic or as readily available to Automattic as to WPE. WPE also objects to the Request as overbroad and irrelevant to the extent responsive records have no bearing any claims or defenses at issue in this action or disproportionate to the claims at issue, including to the extent it asks for documents regarding Wordpress.com.

WPE objects to this Request as unreasonably duplicative and burdensome to the extent that it calls for information responsive to Automattic's RFP Nos. 14, 19, 20, in response to which WPE has already produced and/or agreed to produce non-privileged, responsive documents. Subject to and without waiving the foregoing objections, WPE responds as follows: WPE refers Defendants to RFP 6, which seeks the same or substantially overlapping information as RFPs 22 and 23. The parties have engaged in extensive negotiations regarding RFP 6 and are continuing to meet and confer on that request. To date, WPE agreed to produce complaints from January 1, 2022, onward for any customer who left WPE after September 2024 in response to RFP 6. However, we understand that discussions are still ongoing with regards to WPE's response to RFP 6. WPE believes final resolution of RFP 6 will govern the appropriate scope of any response to RFPs 22 and 23.

**RFP No. 23**: All documents concerning trade, customer, or consumer complaints, dissatisfaction, frustration, or criticism related to the WordPress or WooCommerce software, including but not limited to any complaints concerning your modification of WordPress or disabling of any features in WordPress in connection with your products and services.

WPE incorporates its General Objections as if fully set forth herein. WPE further objects to this Request to the extent that it seeks documents that are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence. WPE further objects to this Request as vague, ambiguous, overbroad, and lacking particularity to the extent that it seeks discovery regarding subject matters not at issue in this litigation. WPE objects to this Request on the ground that it calls for information or documents protected by attorney-client privilege, the work-product doctrine, common-interest and/or joint-defense privilege, and/or any other applicable privilege or protection. WPE further objects to this Request as overbroad and unduly burdensome to the extent that this request seeks "all" or "any" documents, which would include documents that are irrelevant, privileged, and duplicative. WPE further objects to this Request as overbroad to the extent it seeks or may be construed as seeking information outside the relevant timeframe of this action. WPE further objects to the extent Automattic seeks documents or information that is exclusively available to Automattic or as readily available to Automattic as to WPE. WPE also objects to the terms "concerning," "modification," and "disabling" as vague and overbroad. WPE also objects to this Request as duplicative to the extent that it calls for information responsive to Automattic's RFP No. 6, in response to which WPE has already produced and/or agreed to produce certain non-privileged, responsive documents.

Subject to, as limited by, and without waiver of the foregoing objections, WPE responds as follows: WPE refers Defendants to RFP 6, which seeks the same or substantially overlapping information as RFPs 22 and 23. The parties have engaged in extensive negotiations regarding RFP 6 and are continuing to meet and confer on that request. To date, WPE agreed to produce complaints from January 1, 2022, onward for any customer who left WPE after September 2024 in response to RFP 6. However, we understand that discussions are still ongoing with regards to WPE's response to RFP 6. WPE believes final resolution of RFP 6 will govern the appropriate scope of any response to RFPs 22 and 23.

**RFP No. 30**: Documents sufficient to identify your actual and target customers or consumers.

WPE incorporates its General Objections as if fully set forth herein. WPE further objects to this Request to the extent that it seeks documents that are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence. WPE further objects to this Request as vague, ambiguous, overbroad, and lacking particularity to the extent that it seeks discovery regarding subject matters not at issue in this litigation, including documents relating to actual and target consumers outside of the U.S. WPE further objects to this request as overly broad and not proportional to the needs of the case. WPE objects to this Request on the ground that it calls for information or documents protected by attorney-client privilege, the work-product doctrine,

common-interest and/or joint-defense privilege, and/or any other applicable privilege or protection. WPE further objects to this Request as overbroad to the extent it seeks or may be construed as seeking information outside the relevant timeframe of this action. WPE further objects to the extent Automattic seeks documents or information that is exclusively available to Automattic or as readily available to Automattic as to WPE. WPE also objects to the terms "actual" and "target" as vague and overbroad. WPE objects that the undue burden of providing documents identifying its "actual and target customers" would far outweigh any minimal relevance.

Subject to, as limited by, and without waiver of the foregoing objections, WPE responds as follows: WPE will produce non-privileged, responsive documents as stated in its responses to Defendants' RFPs 13, 71, 72, 73, 74 and 77 that are in WPE's possession, custody, or control and identified through a reasonable and diligent search, to the extent such documents exist.

**RFP No. 31**: All documents concerning current or former customers or consumers of Automattic who were, are, have been, or are solicited to be customers or consumers of your products or services.

WPE incorporates its General Objections as if fully set forth herein. WPE further objects to this Request to the extent that it seeks documents that are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, including documents relating to customers or consumers outside of the U.S. WPE further objects to this Request as vague, ambiguous, overbroad, and lacking particularity to the extent that it seeks discovery regarding subject matters not at issue in this litigation. WPE further objects to this request as overly broad and not proportional to the needs of the case. WPE objects to this Request on the ground that it calls for information or documents protected by attorney-client privilege, the work-product doctrine, common-interest and/or joint-defense privilege, and/or any other applicable privilege or protection. WPE further objects to this Request as overbroad and unduly burdensome to the extent that this request seeks "all" or "any" documents, which would include documents that relate to customers or consumers outside of the U.S, are irrelevant, privileged, and duplicative. WPE further objects to this Request as overbroad to the extent it seeks or may be construed as seeking information outside the relevant timeframe of this action. WPE further objects to the extent Automattic seeks documents or information that is exclusively available to Automattic or as readily available to Automattic as to WPE. WPE also objects to the terms "solicited" and "concerning" as vague and overbroad. WPE objects that the undue burden of providing documents identifying "current or former customers or consumers of Automattic" would far outweigh any minimal relevance.

Subject to, as limited by, and without waiver of the foregoing objections, WPE responds as follows: WPE maintains its objections and does not intend to produce additional documents in response to these requests.

**RFP No. 33**: All investigations, surveys, studies, research, polls, and focus groups concerning your actual and target customers' or consumers' knowledge of Defendants, its products, services,

advertisements, public statements, or Internet websites, including WordPress.org and WordPress.com.

WPE incorporates its General Objections as if fully set forth herein. WPE further objects to this Request to the extent that it seeks documents that are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, including documents relating to perceptions of actual and target customers or consumers outside of the U.S. WPE further objects to this Request as vague, ambiguous, overbroad, and lacking particularity to the extent that it seeks discovery regarding subject matters not at issue in this litigation. WPE further objects to this request as overly broad and not proportional to the needs of the case. WPE objects to this Request on the ground that it calls for information or documents protected by attorney-client privilege, the work-product doctrine, common-interest and/or joint-defense privilege, and/or any other applicable privilege or protection. WPE further objects to this Request as overbroad and unduly burdensome to the extent that this request seeks "all" or "any" documents, which would include documents that relate to perceptions of actual and target customers or consumers outside of the U.S, are irrelevant, privileged, and duplicative. WPE further objects to this Request as overbroad to the extent it seeks or may be construed as seeking information outside the relevant timeframe of this action. To the extent WPE produces documents to this request, it will produce documents from an appropriate time period. WPE further objects to the extent Automattic seeks documents or information that is exclusively available to Automattic or as readily available to Automattic as to WPE. WPE also objects to the terms "concerning," "actual," "target," "studies," "research," and "knowledge of" as vague and overbroad. WPE objects to the Request to the extent it seeks documents that are unrelated to Automattic's and Mr. Mullenweg's actions against WPE beginning on September 20, 2024, which are not relevant to any claims and defenses in this action, including to the extent it asks for documents regarding Wordpress.com. WPE objects to this Request as unreasonably duplicative and burdensome to the extent that it calls for information responsive to Automattic's RFP No. 14, which WPE continues to discuss with Automattic.

Subject to, as limited by, and without waiver of the foregoing objections, WPE responds as follows: WPE maintains its objections and does not intend to produce additional documents in response to these requests.