Michael Willman

5 Mecca Lane Washington, ME 04574

1 (207) 242-4767

michael@websiteredev.com

Pro Se

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

Division: San Francisco

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>　　　　Defendant. | Case Number: 3:24-cv-06917-AMO<br>**NON-PARTY MICHAEL WILLMAN'S**<br>**MOTION FOR LEAVE TO AMEND**<br>**MOTION FOR CONTEMPT**<br><br>Courtroom 10 - 19th Floor<br>Hon. Araceli Martinez-Olguin |

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that in Courtroom 10 of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave., San Francisco, California, the Honorable Araceli Martínez-Olguín presiding, non-party Michael Willman (hereby "Movant"), will and hereby does move this Court for leave to file an Amended Motion for Contempt.

The motion will be based on this Notice and Motion, the accompanying Memorandum in Support, the attached Amended Motion for Contempt, the Court's records, and any other matters the court may consider at the hearing. Movant met and conferred with Defendant's counsel on August 20, 2025 and they stated that they take no position regarding this motion. Given this, Movant humbly requests that the Court rule on this motion without oral arguments pursuant to N.D. Cal. Civ. L.R. 7-1(b).

## MEMORANDUM IN SUPPORT

### I.     Introduction and Background

On January 13, 2025, Movant filed an initial Motion for Contempt alongside a Motion to Intervene in this case (ECF No. 70 & 71). This Motion for Contempt refers to an alleged violation of the Preliminary Injunction granted by this Court on December 10, 2024 (ECF No. 64) that names "users" and "customers" of the Plaintiff as protected parties. On January 27, 2025, Defendants filed an opposition to this motion (ECF No. 84).

On August 13, 2025, this Court issued an order (ECF No. 155) denying the motions in question "due to a threshold issue that neither party has raised but must be resolved before the Court can consider the merits of the pending motions." In this decision, the Court states that the threshold issue in question is related to Movant's claims of "purported harms Defendants allegedly inflicted on Willman's company and Willman personally", going on to state that Movant "may only proceed on behalf of himself, not on behalf of his company. That entity must appear through counsel." *Id.*

## II. Proposed Amended Complaint

To address the threshold issues identified by the Court, amendments have been made to the Motion for Contempt at issue in this case to remove any and all direct references to damages caused to Movant's company. Any remaining references are incidental, being left to preserve the chain of events in question and demonstrate how Defendants conduct impacted Movant personally. No new factual assertions have been made in this Motion.

## III. Legal Basis for Amendment

Movant's motion is governed by Federal Rule of Civil Procedure 15(a)(2), which states that "[t]he court should freely give leave when justice so requires." This Court has recognized this when ruling on similar motions, stating that "[t]he Ninth Circuit has emphasized that leave to amend is to be granted with "extreme liberality." *Johnson v. Serenity Transp, Inc.,* No. 15-cv-02004-JSC, 2015 WL 4913266, at *2 (N.D. Cal. Aug. 17, 2015) (citing *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987)) and that a "determination should be performed with all inferences in favor of granting the motion." *Carson v. Seaspan Corp.,* No. 19-cv-01551-JSC, 2019 WL 6828342, at *1 (N.D. Cal. Dec. 13, 2019) (citing *Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 880 (9th Cir. 1999)).

In making its determination, the Court "must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Castillo-Antonio v. Mejia,* 2014 WL 6735523 at *1 (citing *Eminence Capital, LLC v. Aspirin, Inc.,* 316 F.3d 1048, 1051-52 (9th Cir. 2003)). The Supreme Court has established five reasons that would justify refusal to grant leave, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962). Below, Movant outlines how each of these five factors are not applicable to the motion in question.

### A. The proposed amendment is timely

While the deadline for parties to amend pleadings was set by this Court at April 30, 2025, a date which has since passed, the Court has found that a Plaintiff who "delayed in filing her amended complaint until after the time for an amendment as of right." had not met the standard of undue delay because "there is no suggestion that the delay was in bad faith." *Card v. Ralph Lauren Corp.,* No. 18-cv-02553, 2018 WL 3108082, at *3 (N.D. Cal Aug. 29, 2018). In this case, the threshold issue that prompted the motion denial by the court was only brought to the attention of Movant on August 13, 2025. This motion has been filed in response a mere 11 days after the Court's order. This court has found that a movant could not be "aware of the facts and theories supporting the amendment" when "the documents underlying [movant's] proposed claims only came into existence months after the deadline to amend had already passed". *Impossible Foods Inc. v. Impossible X LLC,* No. 5:21-cv-02419-BLF, ECF No. 149, at  11 (N.D. Cal. Mar. 04, 2025) (citing *Jacobson v. Persolve, LLC,* No. 14-cv-00735-LHK, 2015 WL 2061712, at *4 (N.D. Cal. May 1, 2015). Such is the case here.

In addition, the Ninth Circuit has held that a complaint of a pro-se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers," *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (citing *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197 (2007))  and that the Court has an "obligation … where the petitioner is pro se … to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Id.* (citing *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985). Given these standards that a pro-se litigant is held to, any expectation that an attorney would be aware of the deficiency in question at the commencement of proceedings, need not apply in this case. This is especially true when Defendants did not bring up this procedural issue in their opposition, requiring a sua ponte decision by the Court to be made. Finally, this Court has recognized that "[u]ndue delay by itself … is insufficient to justify denying a motion to amend." *SAP Aktiengesellschaft v. i2 Techs., Inc.,* 250 F.R.D. 472, 474 (N.D. Cal. 2008) (citing *Bowles v. Reade,* 198 F.3d 752, 757-758 (9th Cir. 1999).

### B. The proposed amendment is not in bad faith

This Court has established that, "[i]n order for a court to find that a moving party filed for leave to amend in bad faith, the adverse party must offer evidence that shows 'wrongful motive' on the part of the moving party." *Misle v. Schnitzer Steel Indus., Inc.,* No. 15-cv-06031-JSW, 2017 WL 661366, at *3 (N.D. Cal. Feb. 17, 2017). Such bad faith exists where the proposed amendment "will not save the complaint." *Albers v. Yarbrough World Sols., LLC,* No. 5:19-CV-05896-EJD, 2020 WL 6064334, at *10 (N.D. Cal. Oct. 14, 2020) (citing *Griggs v. Pace Am. Grp., Inc.* 170 F.3d 877, 881 (9th Cir. 1999). Such a wrongful motive is not present in this case. The motion in question is being filed solely to address a procedural issue identified by the Court, which the amended filings do address. No new evidence is being admitted, no new parties are being added, and no additional legal claims are being made at this time.

### C. This is Movant's first attempt to amend the motion

Movant has not sought leave to amend this motion prior to this date, nor were any amendments made to the motion when leave was granted by right under the scheduling order established by the Court.

### D. The proposed amendment does not prejudice the defendants

This Court has established that "[t]he party opposing amendment bears the burden of showing prejudice. *DCD Programs,Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987) (citing *Beeck v. Aqua-slide 'N' Dive Corp.,* 562 F.2d 537, 540 (8th Cir.1977)). Given that Defendants take no position regarding this motion, this burden has not been met. Furthermore, given this Court's case management scheduling order establishing close of fact discovery on November 20, 2025 (ECF No. 119), there are close to three months between the filing of this motion and the close of discovery. Such a period grants more than sufficient time to address this motion, especially given the lack of new parties, facts or evidence in this case. *See Grinder v. Experian Info. Sols., Inc.,* No. C 17-00343 WHA, 2017 WL 3478845, at *3-4 (N.D. Cal. Aug 14, 2017) (finding no prejudice to the defendant where the moving party sought to add new claims to their pleading just ten weeks before the

discovery deadline). All claims made by Movant in the proposed amended motion have already been heard by Defendants, who have had ample time to review the matter in question. Furthermore, given the attempt by Defendants to seek leave to extend the time to file a response to the original motion (ECF No. 80) and the denial of this request by the Court (ECF No. 85), there is reason to believe that the opportunity to file a new opposition to the motion would be of benefit to the Defendants. This is especially true when considering the fact that Defendants have retained new counsel, who were the ones seeking an extension. Granting of this motion would give Defendants the ability to re-address the motion for contempt, a right that would not be granted if Movant were to retain counsel and request reconsideration of the initial motion as it stands. Given these facts, there is no justification to find this motion prejudicial to the Defendants.

### E.  The proposed amendment is not futile

This Court has held that a "proposed amendment is futile only if it would be immediately subject to dismissal." *Johnson v. Serenity Transp., Inc.,* 2015 WL 3913266, at *3 (N.D. Cal. Aug. 17, 2015) (citing *Nordyke v. King,* 644 F.3d 776, 788 n.12 (9th Cir. 2011)). To determine whether this is true in this case, "the proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Id.* (citation omitted). In this case, there is a clear claim being made upon which relief can be granted. As a non-party that was granted relief by the preliminary injunction, "the procedure for enforcing the order is the same as for a party." Fed R. Civ. P. 71. The Ninth Circuit has found that "[i]t seems clear that Rule 71 was intended to assure that process be made available to enforce court orders in favor of and against persons who are properly affected by them, even if they are not parties to the action." *Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks,* 915 F.2d 1301, 1304 (9th Cir. 1990) (citing *Lasky v. Quinlan,* 558 F.2d 1133, 1137 (2d Cir. 1977)). Movant alleges that Defendants have violated the terms of a preliminary injunction granted by this Court, which restrain and enjoin Defendants from "blocking, disabling, or interfering with WPEngine's and/or its employees', users', customers', or partners' … access to wordpress.org". (*See* ECF No. 64

at 41).

This is not merely an incidental mention; of the three actions that Defendants are restrained and enjoined from taking by the injunction, two of them explicitly refer to Related Entities. *Id.* Of the five actions that Defendants are ordered to take to comply with the injunction, two name Related Entities as intended recipients of the imposed relief, and a third applies to users of Wordpress.org services. (*See Id.* at 42, which orders "removing the checkbox at login.wordpress.org that Defendants added on or about October 8, 2024 asking users to confirm that they are 'not affiliated with WP Engine in any way, financially or otherwise'"). These explicit mentions of Related Entities, customers and users of WPEngine's services make it clear that these Related Entities (including Movant) are an intended beneficiary of the injunction, not merely an incidental one. As such, all Related Entities so situated have the right to enforce the terms of the injunction.

Finally, the proposed amendment seeks to limit the cause of action to actions taken against Movant personally, precluding any damages caused to his company, which addresses the threshold issue identified by the Court (ECF No. 155). Given these facts, the amendment is not futile.

## IV.    Conclusion

For the foregoing reasons, non-party Michael Willman's motion for leave to amend should be granted.

Respectfully submitted,

Date: Aug. 24, 2025         Signature: /s/ Michael Willman

Print Name: Michael Willman