Michael Willman

5 Mecca Lane Washington, ME 04574

1 (207) 242-4767

michael@websiteredev.com

Pro Se

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

Division: San Francisco

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>             Plaintiff,<br><br>       v.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>             Defendants. | Case Number: 3:24-cv-06917-AMO<br><br>**REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND MOTION FOR CONTEMPT**<br><br>Courtroom 10 - 19th Floor<br><br>Hon. Araceli Martínez-Olguín |

After meeting and conferring with Mr. Willman, and stating that they would "take no position" regarding the motion to amend, Defendants chose instead to oppose on procedural grounds. The sole objection is that Mr. Willman has not renewed his intervention motion. In their response, Defendants cite two cases that involve would-be intervenors. However, any allegation that "the motion is procedurally improper" because Mr. Willman "has not moved to intervene under Rule 24" is not valid in this case. *James v. Uber Techs. Inc*., 2022 WL 4004763, at *2 (N.D. Cal. Sept. 1, 2022). It is true that "[i]ntervention is governed by Federal Rule of Civil Procedure 24", the standards for which have not been met subsequent to the denial of the motion to intervene by this Court. *Id.* However, an intervention **is not** what Mr. Willman's amended motion for contempt seeks to accomplish. In this case, it is **Rule 71** that governs whether Mr. Willman may proceed with a motion for contempt, not Rule 24. *See* Fed. R. Civ. P. 71 ("When an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party.").

This Court has held that "Rule 71 was intended to assure that process be made available to enforce court orders in favor of and against persons who are properly affected by them, even if they are not parties to the action." *Nikko Materials USA, Inc. v. R.E. Service Co., Inc.,* 2006 WL 1749550, at *4 (N.D. Cal. June 22, 2006) (citing *Westlake North Property Owners Ass'n v. Thousand Oaks,* 915 F.2d 1301, 1304 (9th Cir. 1990)). Rule 24 **does not** supersede other Federal Rules of Civil Procedure, as Defendants own cited case shows. In *Uber Techs,* "because Mr. Mendel was a class member, the Court noted that Mr. Mendel was entitled to object to the preliminarily approved settlement pursuant to Rule 23(e)(5)." This is despite the fact that it "'d[id] not appear that Mr. Mendel has addressed or followed [Rule 24's] requirements.'" *Id.* This demonstrates that a non-party who is otherwise entitled to relief, may seek such relief even if the requirements of Rule 24 have not been met.

While Defendants did attempt to narrow the scope of the preliminary injunction to a handful of individuals named by WPEngine, Plaintiff lacks the authority to conduct such a narrowing of

scope, and their own filings indicate they never intended to explicitly define which individuals are "Related Entities". Dreibelbis Decl., Dkt. No. 83, Exhibit 16 (where Defendants ask "[i]f WP Engine could identify the specific email addresses of accounts who would be considered Related Entities that do not use WP Engine email addresses" and Plaintiffs respond with a small list of employees only). As the terms of the preliminary injunction explicitly refers to "users', customers', or partners'" of WPEngine, Mr. Willman is explicitly granted relief by the terms of the preliminary injunction, and he is entitled to enforce the order against the Defendants. Prelim. Inj. Order, Dkt. No. 64, at 41. This is in contrast to a case where "no common question of law and fact exists". *Nat'l Council of United States, Soc'y of St. Vincent De Paul, Inc. v. Del Norte Council of Soc'y of St. Vincent De Paul,* 2024 WL 3924555, at *6 (N.D. Cal. Aug. 23, 2024) (where a proposed intervenor lacked a significantly protectable interest in the action and was denied intervention). Given these facts, there is no need to file an amended motion to intervene to continue with the motion for contempt, because Rule 71 gives Mr. Willman direct standing to seek contempt

As the amended complaint addresses the threshold issue identified by the court, and Defendants raise no objections regarding the factors governing a motion for leave to amend, Movant respectfully requests that the court GRANT the motion for leave to amend. *Foman v. Davis,* 371 U.S. 178 (1962) (establishing five factors that justify denial of leave to amend, and that leave should be "freely given" if these factors are not met).

Respectfully submitted,

Date: Sept. 9, 2025    Signature: /s/ Michael Willman

Print Name: Michael Willman