# EXHIBIT A

**REQUEST NO. 7**:

All documents and communications related to complaints, including without limitation, consumer, regulatory, industry or governmental complaints, criticism or negative press coverage, feedback or reviews relating to PLAINTIFF, PLAINTIFF'S PRODUCTS or SERVICES, or Silver Lake.

**RESPONSE TO REQUEST NO. 7**:

Silver Lake incorporates by reference the above-stated general objections and objections to Automattic Inc.'s definitions as if fully set forth herein. Silver Lake further objects to this Request to the extent that it seeks documents that are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence. Silver Lake further objects to this Request as vague, ambiguous, overbroad, and lacking particularity to the extent that it seeks discovery regarding subject matters not at issue in this litigation. Silver Lake further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, joint defense/common interest privilege, or any other claim of privilege, protection, law, or rule. Silver Lake further objects to this Request to the extent that it seeks confidential, proprietary, and sensitive business information that cannot be produced absent entry of an adequate protective order. Silver Lake further objects to this Request to the extent it is duplicative of other discovery propounded in this litigation. Silver Lake further objects to this Request as unduly burdensome to the extent it seeks to obtain documents from non-party Silver Lake before attempting to obtain them from parties to this litigation. *E.g., Davis v. Pinterest, Inc.*, 2021 U.S. Dist. LEXIS 136985, *9 (N.D. Cal. July 20, 2021) ("When the requesting party has 'not shown [that it] attempted to obtain documents from the [opposing party] in an action prior to seeking documents from a non-party, a subpoena duces tecum places an undue burden on a nonparty.'"); *Athalonz, LLC v. Under Armour, Inc.*, 2024 U.S. Dist. LEXIS 130080, *8 (N.D. Cal. July 23, 2014) ("Athalonz must pursue party discovery before burdening non-parties with requests more properly directed at its adversary") (Judge Martinez-Olguin). Silver Lake further objects to the extent this Request seeks documents in the possession of parties in this litigation. *Id.* Silver Lake further objects to this Request on the basis that it is overbroad as to time. Silver Lake further objects to this Request to the extent that it seeks documents in the public domain that are equally or more accessible to Automattic Inc.

Subject to and without waiving the foregoing objections, Silver Lake responds as follows: Silver Lake will produce responsive, non-privileged documents regarding WPEngine, Inc., WPEngine, Inc.'s products, and WPEngine, Inc.'s services in its possession, custody or control dated on or after September 20, 2024 that are located after a reasonable and diligent search, to the extent such documents are not available from WPEngine, Inc.

**REQUEST NO. 8:**

All documents and communications related to DEFENDANTS, the WEBSITE, the Block, the Checkbox Requirement, WordPress.com, WooCommerce, or WordPress Foundation.

**RESPONSE TO REQUEST NO. 8:**

Silver Lake incorporates by reference the above-stated general objections and objections to Automattic Inc.'s definitions as if fully set forth herein. Silver Lake further objects to this Request to the extent that it seeks documents that are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence. Silver Lake further objects to this

Request as vague, ambiguous, overbroad, and lacking particularity to the extent that it seeks discovery regarding subject matters not at issue in this litigation. Silver Lake further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, joint defense/common interest privilege, or any other claim of privilege, protection, law, or rule. Silver Lake further objects to this Request to the extent that it seeks confidential, proprietary, and sensitive business information that cannot be produced absent entry of an adequate protective order. Silver Lake further objects to this Request to the extent it is duplicative of other discovery propounded in this litigation. Silver Lake further objects to this Request as unduly burdensome to the extent it seeks to obtain documents from non-party Silver Lake before attempting to obtain them from parties to this litigation. *E.g., Davis v. Pinterest, Inc.*, 2021 U.S. Dist. LEXIS 136985, *9 (N.D. Cal. July 20, 2021) ("When the requesting party has 'not shown [that it] attempted to obtain documents from the [opposing party] in an action prior to seeking documents from a non-party, a subpoena duces tecum places an undue burden on a nonparty.'"); *Athalonz, LLC v. Under Armour, Inc.*, 2024 U.S. Dist. LEXIS 130080, *8 (N.D. Cal. July 23, 2014) ("Athalonz must pursue party discovery before burdening non-parties with requests more properly directed at its adversary") (Judge Martinez-Olguin). Silver Lake further objects to the extent this Request seeks documents in the possession of parties in this litigation. *Id*. Silver Lake further objects to this Request on the basis that it is overbroad as to time.

Subject to and without waiving the foregoing objections, Silver Lake responds as follows: Silver Lake will produce responsive, non-privileged documents in its possession, custody, or control dated May 1, 2024 to the present that are located through a reasonable and diligent search, to the extent such documents are not available from WPEngine, Inc.

**REQUEST NO. 12:**

All documents and communications regarding any measures instituted or actions taken by PLAINTIFF, including at Silver Lake's direction, in order to increase or maximize profits or revenues associated with PLAINTIFF'S PRODUCTS or SERVICES, including with respect to any changes made by PLAINTIFF to WordPress as incorporated into PLAINTIFF'S PRODUCTS or SERVICES, and any limitations or restrictions on PLAINTIFF'S contributions to the WEBSITE or WordPress Foundation.

**RESPONSE TO REQUEST NO. 12:**

Silver Lake incorporates by reference the above-stated general objections and objections to Automattic Inc.'s definitions as if fully set forth herein. Silver Lake further objects to this Request to the extent that it seeks documents that are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence. Silver Lake further objects to this Request as vague, ambiguous, overbroad, and lacking particularity to the extent that it seeks discovery regarding subject matters not at issue in this litigation. Silver Lake further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, joint defense/common interest privilege, or any other claim of privilege, protection, law, or rule. Silver Lake further objects to this Request to the extent that it confidential, proprietary, and sensitive business information that cannot be produced absent entry of an adequate protective order. Silver Lake further objects to this Request

to the extent it is duplicative of other discovery propounded in this litigation. Silver Lake further objects to this Request on the basis that it is overbroad as to time.

Subject to and without waiving the foregoing objections, Silver Lake responds as follows: Silver Lake does not intend to produce documents in response to this Request.

**REQUEST NO. 13:**

All documents and communications regarding any Key Performance Indicators ("KPIs") or other benchmarks or business goals set or suggested by Silver Lake with respect to PLAINTIFF or PLAINTIFF'S PRODUCTS or SERVICES.

**RESPONSE TO REQUEST NO. 13:**

Silver Lake incorporates by reference the above-stated general objections and objections to Automattic Inc.'s definitions as if fully set forth herein. Silver Lake further objects to this Request to the extent that it seeks documents that are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence. Silver Lake further objects to this Request as vague, ambiguous, overbroad, and lacking particularity to the extent that it seeks discovery regarding subject matters not at issue in this litigation. Silver Lake further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, joint defense/common interest privilege, or any other claim of privilege, protection, law, or rule. Silver Lake further objects to this Request to the extent that it seeks confidential, proprietary, and sensitive business information that cannot be produced absent entry of an adequate protective order. Silver Lake further objects to this Request to the extent it is duplicative of other discovery propounded in this litigation. Silver Lake further objects to this Request on the basis that it is overbroad as to time.

Subject to and without waiving the foregoing objections, Silver Lake responds as follows: Silver Lake does not intend to produce documents in response to this Request.