Your Name: Michael Willman

Address: 5 Mecca Lane Washington, ME 04574

Phone Number: 1 (207) 242-4767

Email Address: michael@websiteredev.com

Pro Se

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

Division: San Francisco

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>　　　　Defendant. | Case Number: 3:24-cv-06917-AMO<br>**NON-PARTY MICHAEL WILLMAN'S AMENDED MOTION FOR CONTEMPT AND MEMORANDUM IN SUPPORT**<br>DATE: November 6, 2025<br>TIME: 2PM<br>COURTROOM: Courtroom 10 - 19th Floor<br>JUDGE: Hon. Araceli Martínez-Olguín |

## I.  NOTICE OF MOTION

PLEASE TAKE NOTICE that on Thursday, November 6 at 2PM, or as soon thereafter as a motion may be heard in Courtroom 10 of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave., San Francisco, California, before the Honorable Araceli Martínez-Olguín, I will, and hereby do, move this Court to hold Defendant Matt Mullenweg in criminal contempt and furthermore hold Defendants Matt Mullenweg and Automattic, Inc. in civil contempt for violation of the preliminary injunction issued by this Court on December 10, 2024.

The motion will be based on this Notice and Motion, the Memorandum of Points and Authorities below, the Declaration(s) of Michael Willman (filed herewith) and attached exhibits, a proposed order for contempt (filed herewith), the Court's records, and any other matters the court may consider at the hearing.

### A.  ISSUES TO BE DECIDED

1. Whether Defendants Matt Mullenweg and Automattic, Inc. violated the preliminary injunction issued by this Court on December 10, 2024, which explicitly prohibits interference with WP Engine's and its affiliates' access to WordPress.org and related platforms.

2. Whether Defendant Matt Mullenweg's actions, including repeated retaliation against Michael Willman for making legitimate statements of legal claims in a forum designated for such behavior, constitute willful and intentional non-compliance with the terms of the injunction, and thus rise to the level of criminal contempt.

3. Whether Defendants' justifications for their actions, including community management considerations, are sufficient to excuse or mitigate their failure to comply with the injunction.

4. What remedies or sanctions, including monetary and non-monetary penalties, are appropriate to address Defendants' civil and/or criminal contempt, compensate for harm caused, and ensure compliance with the Court's orders moving forward.

## II. MEMORANDUM

### A.  INTRODUCTION

On December 10, 2024, this Court issued a preliminary injunction restraining Defendants from engaging in actions that interfere with WP Engine's and its affiliates' access to WordPress.org platforms and resources. The injunction aimed to preserve the status quo and prevent harm while this case proceeds.

Michael Willman is a customer, user, and affiliate of WP Engine and a direct beneficiary of the protections afforded by the injunction. Despite the injunction, Defendants disabled Michael Willman's access to the Make.WordPress.org Slack workspace on January 4, 2025. This action occurred after Michael Willman had adhered to the community's guidelines and participated in discussions regarding Automattic's practices. The ban was retaliatory in nature and directly violated the terms of the preliminary injunction.

Non-Party Michael Willman seeks an order holding Defendant Matt Mullenweg and Automattic, Inc. in contempt for their willful violation of the preliminary injunction issued by this Court on December 10, 2024. The injunction explicitly prohibits Defendants from "blocking, disabling, or interfering with WP Engine's and/or its related entities' access to wordpress.org and its related platforms." Despite this clear mandate, Defendants have engaged in actions that directly violate these terms, causing harm to Michael Willman and his professional reputation.

### B.  Legal Standard

A court may hold a party in contempt if the movant demonstrates by clear and convincing evidence that:

1.  The contemnor violated a specific and definite court order; and
2.  The contemnor's conduct was willful.

See In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir.

1993). The injunction issued by this Court is specific, definite, and unambiguous. Defendants' actions constitute a willful violation of its terms.

### C. Argument

**1. Defendants Violated the Preliminary Injunction**

The preliminary injunction expressly prohibits Defendants from interfering with access to WordPress.org resources. Defendants violated this order by banning Michael Willman from the Make.WordPress.org Slack workspace, a critical platform for accessing WordPress resources and engaging with the community. This ban constitutes interference with access as defined by the injunction.

**2. Defendants' Actions Were Willful**

The timing and nature of Defendants' actions demonstrate willfulness. The ban occurred shortly after Michael Willman's participation in discussions critical of Automattic's practices, underscoring its retaliatory intent. Additionally, Defendants' failure to restore access despite the injunction further evidences their disregard for this Court's order.

**3. Defendants' Actions Lacked Legitimate Community Management Justification**

Defendants may assert that the ban was implemented for legitimate community management reasons. However, this justification is without merit for the following reasons:

    *I.    Lack of Consistent Application of Code of Conduct and Community Standards:*

Defendant Mullenweg has previously invoked claims of threats of physical violence to justify banning users. In one such incident on Tumblr, a website owned by Automattic, he banned a trans user for making a statement with the text "i hope photomatt dies forever a painful death involving a car covered in hammers that explodes more than a few times and hammers go flying everywhere". This moderation action was widely panned by the community and the original comment largely seen as satire, and the whole situation would go on to become a meme about "hammer cars" that would

end up being featured repeatedly on the popular website "Know Your Meme". In another incident involving Samuel "otto4242" Wood that involved Samuel posting a message to the r/Wordpress subreddit that he moderated as a volunteer for Wordpress.org and employee of Audrey Capital, Samuel posts a message to this subreddit stating "if you attack anybody else like you just attacked me in that post, I will slap you back so hard your head will roll". When this comment was brought to his attention, Matt Mullenweg actively refrained from taking action despite a direct threat of violence which would fall under the Wordpress Code of Conduct. These past actions demonstrate a lack of a consistent policy regarding application of the Code of Conduct, especially regarding threats of violence and other behavior that far exceeds any potential claimed wrongdoing by Michael Willman.

    II.    *Contradictory Conduct:*

Defendant Mullenweg created a Slack channel named "#ranting" specifically for discussions and disagreements about his practices. Michael Willman adhered to this directive by voicing concerns within this designated space. Banning him for participating in this manner contradicts any claim that such behavior was not allowed.

    III.    *Retaliation for Intent to Pursue Legal Action:*

Defendants removed Michael Willman from the community after he stated that he intended to pursue legal action. This action constitutes retaliation, not legitimate community management. Removing a user for expressing their intent to protect their legal rights is inconsistent with principles of fairness and transparency.

    IV.    *Matt Mullenweg's Own Use of Legal Threats:*

Any claim that legal threats represent a violation of the Code of Conduct is undermined by Matt Mullenweg's own behavior. In communications with Kellie Peterson, a former employee, Defendant Mullenweg directly threatened legal action via an X (formerly Twitter) direct message, alleging tortious interference. His willingness to use legal threats in a similar context highlights the

inconsistency and retaliatory nature of his justification for banning Michael Willman.

V. *Prior Announcements Highlighting Retaliatory Motives:*

In past conversations, Michael Willman discussed damages caused by Defendants' actions and his potential legal claims. Defendant Mullenweg publicly referenced this discussion, using it as an example of how to "kill them with kindness.". This public framing underscores an ongoing intent to dismiss and retaliate against critics.

**4. Harm Resulting from Defendants' Actions and Defamatory Conduct**

Defendants' violation of the injunction has caused significant harm to Michael Willman. The ban disrupted his ability to engage with the WordPress community, damaging his professional reputation. Further, Matt Mullenweg made a knowingly false and defamatory statement in a public Slack comment, claiming that Michael Willman's message about traveling to Houston to file a legal case was a threat of physical violence.

This statement is objectively false, as the message clearly pertained to pursuing legal remedies. Coupled with the broader backdrop of retaliatory behavior, this falsehood was intentionally defamatory in nature and further exacerbates the harm caused to Michael Willman's reputation and standing within the WordPress community.

As a moderator of a community of over 1,400 WordPress users, Michael Willman frequently utilized the Make.WordPress.org Slack workspace to address important questions and advocate for community members.

The ban has severely impaired his ability to serve this role effectively, which further damages his professional reputation and limits his contributions to the broader WordPress ecosystem. Moreover, if this violation is allowed to stand, there is a significant risk that Matt Mullenweg could ban Michael Willman from other essential WordPress.org services, such as the WordPress.org plugin repository.

**5. Relief Requested**

For the foregoing reasons, Michael Willman respectfully requests that this Court:

A. Hold Defendants Matt Mullenweg and Automattic Inc. in civil contempt for violating the preliminary injunction;

B. Hold Defendant Matt Mullenweg in criminal contempt for violating the preliminary injunction in a willful and intentional manner;

C. Order Defendants to immediately restore Michael Willman's access to the Make.WordPress.org Slack workspace;

D. Order Defendant Matt Mullenweg to establish a Governance Oversight Board as defined in the Proposed Order For Contempt filed by Michael Willman;

E. Impose sanctions sufficient to coerce compliance and compensate Michael Willman for the harm caused by Defendants' actions. Given Defendant Matt Mullenweg's public statements referring to himself as "post-economic" and his claim of having made more than he could ever spend in a lifetime, monetary sanctions alone may not suffice to compel compliance or ensure accountability. The Court is therefore urged to consider additional non-monetary sanctions, including, but not limited to: imprisonment, restrictions on Matt Mullenweg's access to certain Wordpress Foundation and WordPress.org administrative functions and his control over related entities, or other remedies designed to address the gravity of the violation and deter further misconduct; and

F. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Date: Aug. 24, 2025        Signature: s/ Michael Willman

Print Name: Michael Willman