JOSEPH R. ROSE, SBN 27902
  jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

MICHAEL H. DORE, SBN 227442
  mdore@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

JOSH A. KREVITT, SBN 208552
  jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER *(admitted pro hac vice)*
  osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>  Defendants. | Case No. 3:24-cv-06917-AMO<br><br>**DEFENDANTS' OPPOSITION TO NON-PARTY MICHAEL WILLMAN'S AMENDED MOTION FOR CONTEMPT**<br><br>**Hearing:**<br>Date:    November 6, 2025<br>Time:   2:00 p.m.<br>Place:   Courtroom 10<br><br>Hon. Araceli Martínez-Olguín |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND .................................................................................................................. 1

    A. Factual Background ................................................................................................. 1

    B. Procedural Background ............................................................................................ 3

III. ARGUMENT ....................................................................................................................... 4

    A. Legal Standard ......................................................................................................... 4

    B. Mr. Willman Cannot Meet the Standard for Civil Contempt .................................. 4

        1. Mr. Willman Has No Standing to Enforce the Injunction Because He Is Not a "Related Entity" ................................................................................. 5

        2. The Injunction Allowed Defendants to Remove Mr. Willman from the wordpress.slack.com Workspace .............................................................. 7

    C. Mr. Willman Cannot Meet the Elevated Standard for Criminal Contempt ............. 11

IV. CONCLUSION .................................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arabian Gas & Oil Dev. Co. v. Wisdom Marines Lines, S.A.*,
  2017 WL 4390184 (N.D. Cal. Oct. 3, 2017) ................................................................................11

*Clemente v. United States*,
  766 F.2d 1358 (9th Cir. 1985) ......................................................................................................4

*Craters & Freighters v. Daisychain Enters.*,
  2014 WL 3899239 (N.D. Cal. Aug. 7, 2014) ...........................................................................4, 11

*Craters & Freighters v. Daisychain Enters.*,
  2015 WL 12941881 (N.D. Cal. Apr. 23, 2015) ..........................................................................11

*DBD Credit Funding LLC v. Silicon Lab'ys, Inc.*,
  2016 WL 6893882 (N.D. Cal. Nov. 23, 2016) .............................................................................5

*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*,
  10 F.3d 693 (9th Cir. 1993) ......................................................................................................4, 7

*Forever 21, Inc. v. Ultimate Offprice, Inc.*,
  2013 WL 4718366 (C.D. Cal. Sept. 3, 2013) ...............................................................................6

*FTC v. Affordable Media, LLC*,
  179 F.3d 1228 (9th Cir. 1999) ......................................................................................................4

*Hansen Beverage Co. v. Nat'l Beverage Corp.*,
  2006 WL 8445762 (C.D. Cal. Dec. 15, 2006) .............................................................................7

*Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc.*,
  2020 WL 816135 (C.D. Cal. Jan. 23, 2020) ................................................................................7

*Harmon v. City of Santa Clara*,
  323 F.R.D. 617 (N.D. Cal. 2018) .................................................................................................4

*Miami Herald Publ'g Co. v. Tornillo*,
  418 U.S. 241 (1974) ...................................................................................................................10

*Moody v. NetChoice*,
  603 U.S. 707 (2024) ...................................................................................................................10

*Moore v. Tangipahoa Paris Sch. Bd.*,
  625 F.2d 33 (5th Cir. 1980) ..........................................................................................................5

*Reno Air Racing Ass'n., Inc. v. McCord*,
  452 F.3d 1126 (9th Cir. 2006) ..............................................................................................4, 6, 7

*Santore v. Cuomo*,
  2020 WL 9810016 (N.D.N.Y. Aug. 14, 2020) .............................................................................5

*Smith v. Masterson*,
    538 F. Supp. 2d 653 (S.D.N.Y. 2008).................................................................................6

*SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*,
    2015 WL 13719574 (N.D. Cal. May 1, 2105).................................................................10

*United States v. Laurins*,
    857 F.2d 529 (9th Cir. 1988)...........................................................................................11

*United States v. Rylander*,
    714 F.2d 996 (9th Cir. 1983)...........................................................................................4

*Wang v. Gordon*,
    715 F.2d 1187 (7th Cir. 1983).........................................................................................5

**Rules**

Fed. R. Civ. P. 71 ...........................................................................................................................5

Fed. R. Crim. P. 42.................................................................................................................1, 4, 11

## I. INTRODUCTION

Non-Party Michael Willman asks this Court to hold Defendants Matthew Mullenweg and Automattic, Inc. ("Defendants") in both civil and criminal contempt because they allegedly "disabled [Mr. Willman's] access to the [wordpress.slack.com] workspace on January 4, 2025," in purported violation of the Court's Preliminary Injunction. Dkt. 171, at 3; *see also* Dkt. 64. His motion reflects the insidious harm created by WPEngine's assault on Defendants' First Amendment rights in its own suit that has normalized litigation to chill disfavored speech in the WordPress community. Indeed, Mr. Willman demands that this Court send Mullenweg to *federal prison* to punish his constitutionally protected speech activity that also is permitted both by the WordPress.org Code of Conduct and this Court's preliminary injunction.

Willman's motion fails for multiple reasons. First, as a threshold issue, Mr. Willman does not have standing to enforce the Preliminary Injunction because he is not a "Related Entity" as defined in the Court's order. Second, in any event, there was no violation of the Preliminary Injunction because the Court's order allowed the moderators of the wordpress.slack.com workspace to remove Mr. Willman for engaging in unacceptable behavior, including harassment and taunting, in violation of its existing policies. *See* Dkt. 64, at 41. Finally, Mr. Willman's request for criminal sanctions fails for lack of compliance with Federal Rule of Criminal Procedure 42—namely, notice of charges, appointment of a prosecutor, assistance of counsel, ability to present a defense, and a jury trial. For these reasons, the Court should deny his motion.

## II. BACKGROUND

### A. Factual Background

The wordpress.slack.com workspace is a platform for contributors to build community through discussion and collaboration on WordPress software developments and issues. Dkt. 82 (Declaration of Matthew Mullenweg ("Mullenweg Decl.")) ¶ 4. The wordpress.slack.com workspace has various channels that WordPress.org organizes by topic in which users can participate. *Id.* ¶ 5. Users must adhere to the WordPress Contributor Handbook and the WordPress Community Code of Conduct (the "Code"). *See* Dkt. 83 (Declaration of Hadley Dreibelbis ("Dreibelbis Decl.")) at Ex. 7. The Code provides "examples of unacceptable behavior," including "[i]nsulting or derogatory comments,

Gibson, Dunn & Crutcher LLP

DEFENDANTS' OPPOSITION TO NON-PARTY MICHAEL WILLMAN'S
AMENDED MOTION FOR CONTEMPT, CASE NO. 3:24-CV-06917-AMO

1

taunting or baiting, and personal or political attacks," "public or private harassment," and "other conduct which could reasonably be considered inappropriate in a professional setting." *Id.* at 1–2. The Code identifies several enforcement guidelines for Code violations, including temporary and permanent bans. Bans are recommended for users demonstrating "a pattern of violation of community standards," including "sustained inappropriate behavior" or "harassment of an individual." *Id.* The Code was effective prior to September 20, 2024, and at the time Mr. Willman joined the wordpress.slack.com workspace on October 10, 2024. *Id.* at Ex. 8.

On October 10, 2024, Mr. Willman made his first post in the wordpress.slack.com workspace in the #meta channel, tagging Mr. Mullenweg, and stating, "Hey @matt, I wanted to let you know that I willfully clicked your checkbox on the new account . . . wanted to send over my legal details so you know where to send any demand letters or lawsuits" and provided his mailing address. Dreibelbis Decl. at Ex. 2. Despite Mr. Willman's taunting, Mr. Mullenweg responded to him in a respectful manner saying, "I haven't filed any lawsuits, only WPE has" and recommended that he directly message him instead of post in the public Slack channel. *Id.* Mr. Mullenweg further responded, "I checked out your site, I think it's amazing you've built a business with 8 employees (distributed!) building WordPress sites," and "I hope you're very successful and can scale even beyond what you've achieved already." *Id.*

Over the next two weeks, Mr. Willman continued to post comments baiting Mr. Mullenweg in the #meta Slack channel, tagging him each time. *See* Dreibelbis Decl. at Exs. 9, 10. On October 12, Mr. Willman tagged Mr. Mullenweg to raise his awareness that "his recent actions may be in violation of" "a certain California law," and suggesting that Mr. Mullenweg "misrepresent[ed] reviews of WPEngine's product." *Id.* at Ex. 9. On October 16, a fellow user condemned Mr. Willman for his "mud-slinging" in his comments about Mr. Mullenweg. *Id.* at Ex. 10. On January 2, 2025, in an exchange with Mr. Mullenweg regarding Automattic's forking of WPEngine's plugin, Mr. Willman wrote that "I will be moving into a travel trailer. . . . That means I can bring it to anywhere I need to, like to file legal actions in Texas, California and Delaware"—apparently threatening to travel to Texas, Matt's primary state of residence. Willman Decl. at Ex. B, at 18. On January 3, in light of Mr.

Gibson, Dunn & Crutcher LLP

DEFENDANTS' OPPOSITION TO NON-PARTY MICHAEL WILLMAN'S
AMENDED MOTION FOR CONTEMPT, CASE NO. 3:24-CV-06917-AMO

2

Willman's repeated violations of the Code, the account operated by username "Michael Willman" was banned from the wordpress.slack.com workspace. Mullenweg Decl. ¶ 9.

On January 4, Mr. Willman rejoined the Slack under a new account (@mwillman1991). That same day, Mr. Willman posted in the #ranting channel, "@matt You banned me in violation of a court order now, you realize that? I'm booking my tickets to Houston now to file an emergency injunction, I'll see you on Monday." Willman Decl. at Ex. B, at 19. In response, Mr. Mullenweg said, "saying you're flying to Houston (where I guess you think I am?) feels like a physical threat, which is not okay. Please leave this space." *Id.* at 20. In his Reddit post in r/WPDrama subreddit, Mr. Willman admitted that he "d[id not] dispute in any way that [he] was being argumentative or combative" in the wordpress.slack.com workspace. Dreibelbis Decl. at Ex. 6, at 2.

**B.     Procedural Background**

On December 10, 2024, the Court issued an order on Plaintiff WPEngine, Inc.'s ("Plaintiff" or "WPEngine") motion for a preliminary injunction, which Defendants opposed. Dkt. 64. Therein, the Court enjoined Defendants from "blocking, disabling or interfering with WPEngine's and/or its employees', users', customers', or partners' (collectively, 'WPE and Related Entities') access to wordpress.org" and from interfering with WPEngine's control over, or access to, plugins or extensions hosted on wordpress.org and WPE's WordPress installations. *Id.* at 41. The Court ordered Defendants to "restore WPEngine's and Related Entities' access to wordpress.org as it existed as of September 20, 2024." *Id.* Defendants promptly complied with the preliminary injunction.

On January 13, 2025, Mr. Willman filed his original motion for contempt, along with a motion to intervene and a motion for an order to show cause. Dkt. 70, 71, 99. On August 13, the Court denied all three motions because Mr. Willman appeared to be proceeding *pro se* on behalf of both himself and his company, but "[s]o long as [he] remains unrepresented, he may only proceed on behalf of himself, not on behalf of his company" because an "entity must appear through counsel." Dkt. 155, at 1–2.

On September 22, Mr. Willman filed his amended motion for contempt, dropping his motion to intervene in this matter. Dkt. 171, 171-8. In his amended motion for contempt, Mr. Willman requests that this Court hold Defendants in civil and criminal contempt; order "Defendants [] immediately [to] restore Michael Willman's access to the [wordpress.slack.com] workspace"; order that Mr. Mullenweg

establish a "Governance Oversight Board"; and impose monetary and non-monetary sanctions, including "imprisonment." Dkt. 171, at 7.

### III.    ARGUMENT

#### A.    Legal Standard

To find a party in civil contempt, the moving party "has the burden of showing by clear and convincing evidence that the [non-moving party] violated a specific and definite order of the court." *Harmon v. City of Santa Clara*, 323 F.R.D. 617, 626 (N.D. Cal. 2018) (citing *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999)). In applying this standard, "a person should not be held in contempt if his action 'appears to be based on a good faith and reasonable interpretation of the court's order.'" *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). For this reason, even "'[s]ubstantial compliance' with the court order is a defense to civil contempt, and is not vitiated by 'a few technical violations' where every reasonable effort has been made to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).

"Any motion for criminal contempt must be made in compliance with the requirements of due process and Federal Rule of Criminal Procedure 42." *Craters & Freighters v. Daisychain Enters.*, 2014 WL 3899239, at *3 (N.D. Cal. Aug. 7, 2014). "The court must give the person notice in open court, in an order to show cause, or in an arrest order" and "request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney." Fed. R. Crim. P. 42(a)(1)–(2). "To sustain a judgment of criminal contempt, willful disobedience must be proved beyond a reasonable doubt." *Clemente v. United States*, 766 F.2d 1358, 1367 (9th Cir. 1985). "'Willfulness' means, in this context, a deliberate or intended violation of the court's order." *Id.* A "good faith effort to comply with the order" is a defense to criminal contempt. *United States v. Rylander*, 714 F.2d 996, 1003 (9th Cir. 1983).

#### B.    Mr. Willman Cannot Meet the Standard for Civil Contempt

Mr. Willman cannot meet the standard for civil contempt for two reasons: (1) Mr. Willman does not have standing to bring the instant motion because he is not a "Related Entity" and is not protected by the injunction; and (2) assuming Mr. Willman is a "Related Entity," the injunction permits the decision to remove Mr. Willman from the wordpress.slack.com workspace.

### 1. Mr. Willman Has No Standing to Enforce the Injunction Because He Is Not a "Related Entity"

As a threshold issue, Mr. Willman does not have the requisite standing to bring a motion for contempt. As he has acknowledged, he has not renewed his motion to intervene in this litigation and instead seeks to enforce the injunction as a non-party under Federal Rule of Civil Procedure 71. *See* Dkt. 167, at 2; *see also* Fed. R. Civ. P. 71. But Rule 71 "is properly invoked in situations in which a non-party is 'specifically identified as a beneficiary of an order, or the order specifically grants the non-party a form of relief." *DBD Credit Funding LLC v. Silicon Lab'ys, Inc.*, 2016 WL 6893882, at *9 (N.D. Cal. Nov. 23, 2016); *see Santore v. Cuomo*, 2020 WL 9810016, at *2 (N.D.N.Y. Aug. 14, 2020) (finding non-parties had no standing for seeking enforcement of an injunction because they were not the intended beneficiaries of the injunction); *see also Wang v. Gordon*, 715 F.2d 1187, 1190 (7th Cir. 1983) (finding consent decree was not made in favor of plaintiff, so that under Rule 71 he has no standing to enforce it); *Moore v. Tangipahoa Paris Sch. Bd.*, 625 F.2d 33, 34–35 (5th Cir. 1980) (finding non-party had no standing to bring a motion pursuant to Rule 71 because non-party's interest "in no way implicat[ed] the same constitutional guarantees" of the order).

Mr. Willman does not satisfy the Rule 71 standing requirement because he is not an intended beneficiary of the Preliminary Injunction. The Preliminary Injunction enjoins Defendants from "blocking, disabling, or interfering with [WPEngine's and Related Entities'] access to wordpress.org" and "interfering with WPEngine's and Related Entities' WordPress installations." Dkt. 64, at 41. The injunction defines "WPEngine and Related Entities" as WPEngine and its employees, users, customers, and partners. *Id.* In his motion, Mr. Willman claims to be "a customer, user, and affiliate of WPEngine and a direct beneficiary of the protections afforded by the injunction," Dkt. 171, at 3, but the evidence confirms he is none of these things.

When Defendants requested that WPEngine identify all Related Entities for purposes of the injunction, WPEngine did not include Mr. Willman, confirming he was neither an employee, user, customer, or partner of WPEngine. Specifically, once the Court issued the injunction, Defendants' counsel reached out to WPEngine's counsel to identify all "Related Entities" as Defendants could not reasonably determine which individuals were employees, users, customers, or partners of WPEngine

if they did not have a WPE-affiliated email address. Dreibelbis Decl. at Ex. 16. At that time, Defendants were actively working to restore access to any user who had a WPE-affiliated email address. On December 13, 2024, WPEngine's counsel provided the list of Related Entities, identifying four individual accounts and three company accounts, and the list did not include Mr. Willman. *Id.* at Ex. 16. That same day, Defendants restored access to those identified accounts, acting on "a good faith and reasonable interpretation of the court's order." *Reno Air Racing*, 452 F.3d at 1130; *see also Forever 21, Inc. v. Ultimate Offprice, Inc.*, 2013 WL 4718366, at *4 (C.D. Cal. Sept. 3, 2013) (denying plaintiff's motion to hold defendant in contempt because defendant made a "reasonable attempt to comply with the Court's order"). Mr. Willman is not on WPE's list of "Related Entities," indicating that he is not protected by the injunction and lacks standing to bring the instant motion. *See Smith v. Masterson*, 538 F. Supp. 2d 653, 660–61 (S.D.N.Y. 2008) (finding movant lacked standing to seek contempt because the record demonstrated that he was neither a party nor a member of the class sought to be protected by the court's order).

Mr. Willman provides no evidence to the contrary. In his declaration, Mr. Willman asserts that he is "an affiliate" of WPEngine but the term "affiliate" does not appear in the injunction's definition of "Related Entity." *See* Dkt. 64, at 41. And even if an "affiliate" counted, Mr. Willman does not establish, as he must given his *pro se* capacity, that he is *personally* "affiliated" with WPEngine rather than seeking to evade the Court's previous order precluding him from obtaining relief on behalf of his various companies without counsel. *See* Dkt. 155, at 1–2 (directing that, as long as Mr. Willman proceeds *pro se*, he is not permitted to proceed "on behalf of his company" or any other company— only "on behalf of himself"). To the contrary, his declaration indicates that is exactly what he is doing. *See* Dkt. 171-1, ¶¶ 5–8 (describing himself as "sign[ing] an affiliate agreement on behalf of my employer Nowspeed Marketing in 2019" and engaging a potential customer "in [his] position as CEO of Redev"). His failure to establish his *personal* status as a "Related Entity" is reason alone to deny his motion.

### 2. The Injunction Allowed Defendants to Remove Mr. Willman from the wordpress.slack.com Workspace

Even assuming that Mr. Willman is protected by the Preliminary Injunction (he is not), Mr. Willman does not demonstrate by clear and convincing evidence that Defendants violated the Preliminary Injunction because he points to no evidence establishing that Defendants failed to act in "substantial compliance" with the court order, *In re Dual-Deck*, 10 F.3d at 695, and that their actions were not "based on a good faith and reasonable interpretation of the court's order," *Reno Air Racing*, 452 F.3d at 1130. Rather, in compliance with the Preliminary Injunction, Defendants promptly restored access to WPEngine and its Related Entities' access to WordPress.org as it existed as of September 20, 2024. *See* Dkt. 64, at 41. The decision to ban Mr. Willman did not violate the injunction because that order allows the removal of Mr. Willman from the wordpress.slack.com workspace to ensure the security and operability of WordPress.org consistent with its policies. *See Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc.*, 2020 WL 816135, at *6, *10 (C.D. Cal. Jan. 23, 2020) (denying plaintiffs' motion for contempt because defendants "fully compl[ied] with the injunction"); *Hansen Beverage Co. v. Nat'l Beverage Corp.*, 2006 WL 8445762, at *1 (C.D. Cal. Dec. 15, 2006) (denying motion for contempt because court found that the preliminary injunction did not enjoin the conduct that plaintiffs alleged defendants engaged in).

The Preliminary Injunction "does not preclude wordpress.org's ability to ensure the security and operability of its site consistent with procedures and policies in place as of September 20, 2024." Dkt. 64, at 41. The WordPress Contributor Handbook and the Code are policies that were in place as of September 20, 2024, and WordPress.org is entitled to enforce these policies to facilitate the operation of its website and related resources, including Slack. The Code applies to all channels on the Slack workplace, including #ranting, and users in the wordpress.slack.com workspace are required to adhere to the Code. Dreibelbis Decl. at Exs. 7, 8. The Code provides "examples of unacceptable behavior," including "[i]nsulting or derogatory comments, taunting or baiting, and personal or political attacks," "public or private harassment," and "other conduct which could reasonably be considered inappropriate in a professional setting." *See* Dreibelbis Decl. at Ex. 7, at 1–2. The Code also explains in its "Enforcement Guidelines" that a "Permanent Ban" is warranted when a community member

"demonstrat[es] a pattern of violation of community standards, including sustained inappropriate behavior, [and] harassment of an individual." *Id.*, at 3–4. Assuming arguendo that Mr. Willman is a Related Entity of WPEngine, WordPress.org is nevertheless entitled to enforce its policies, which Mr. Willman violated.

Based on a reasonable interpretation of the Preliminary Injunction, Defendants had at least two good-faith reasons for removing Mr. Willman from the wordpress.slack.com workspace. **First**, as explained above, Mr. Willman's statements created considerable uncertainty as to whether he qualified as a "Related Entity" under the Preliminary Injunction. Regardless of whether Mr. Willman was *in fact* a "Related Entity," Defendants had a good-faith basis for concluding that he did not qualify. Mr. Willman made public, contradictory statements online that suggested he was not an employee, user, customer, or partner of WPEngine. *See, supra*, at 5–6. Mr. Willman made multiple public statements he no longer recommends WPEngine or refers clients to it. *See* Dreibelbis Decl. at Exs. 3, 12, 13; *see also, supra*, at 1–3, 6. It was therefore reasonable for Defendants to conclude that Mr. Willman was no longer an employee, user, customer, or partner of WPEngine and, thus, not a "Related Entity" for purposes of complying with the injunction. Defendants thus had no reason to consider Mr. Willman a "Related Entity" protected by the Preliminary Injunction.

**Second**, there was a good-faith basis to bar Mr. Willman from the wordpress.slack.com workspace based on the Preliminary Injunction's explicit carveout permitting the enforcement of existing safety and operability standards. *See* Dkt. 64, at 41 (Preliminary Injunction "does not preclude wordpress.org's ability to ensure the security and operability of its site consistent with procedures and policies in place as of September 20, 2024."). Mr. Willman's series of threatening posts directed to Mr. Mullenweg from October 2024 to January 2025—one of which included a threat to travel to Mr. Mullenweg's presumed place of residence, and which Mr. Mullenweg reasonably interpreted as a physical threat—violated the Code. *See* Dreibelbis Decl. at Ex. 7, at 2. His conduct included tagging Mr. Mullenweg in accusatory posts, referencing legal action, and expressing an apparent intention to make in-person contact with Mullenweg. *See* Dreibelbis Decl. at Ex. 2, 9, 10, 11.

Despite receiving multiple written warnings, Mr. Willman escalated his behavior, accusing Mr. Mullenweg of violating California law and misrepresenting product reviews. *Id.* at Ex. 9. He admitted

to being "argumentative or combative" and was publicly criticized by other users. *Id.* at Ex. 9. On January 2, 2025, he appeared to threaten to put himself in physical proximity to Mr. Mullenweg by stating he could bring his travel trailer to file lawsuits in states including Texas, California, and Delaware—one of which is Mr. Mullenweg's known residence. Willman Decl. at Ex. B, at 18. Following continued violations, the account operated by username "Michael Willman" was banned from the wordpress.slack.com workspace. Mullenweg Decl. ¶ 9. Mr. Willman rejoined under a new account and posted, "I'm booking my tickets to Houston now to file an emergency injunction, I'll see you on Monday," a message which Mr. Mullenweg reasonably interpreted as a physical threat. Willman Decl. at Ex. B, at 19–20. Mr. Willman's conduct—taunting, personal attacks, and threats—violated the Code because he "demonstrat[ed] a pattern of violation of community standards," including harassing Mr. Mullenweg. Dreibelbeis Decl. at Ex. 7 at 3–4. Mr. Willman's behavior thus supported WordPress's decision to remove him from the wordpress.slack.com workspace, as is specifically contemplated by the Code. *Id*.

Mr. Willman argues that the Code has been unevenly applied and thus should not be enforceable. Dkt. 171, at 4–5. However, violations of the Code are evaluated on an individual basis, and WordPress community leaders are responsible for enforcing the Code's "standards of acceptable behavior," taking "appropriate and fair corrective action in response to any behavior that they deem inappropriate, threatening, offensive, or harmful." Dreibelbis Decl. at Ex. 7, at 3. Mr. Willman cites alleged instances that took place on Tumblr, Reddit, and X (formerly Twitter) that violated the Code, but actions taken on these external websites are not governed by the Code. *See* Dkt. 171, at 4–6. Even if the alleged instances on Tumblr, Reddit, and X were relevant, Mr. Willman's disagreement with enforcement decisions made in response to those posts does not negate the validity of Defendants' decision to enforce the Code here or place Defendants' in violation of the Preliminary Injunction.

Mr. Willman further asserts that his statements were all made "within th[e] designated space" of the #ranting channel. Dkt. 171, at 5. As a factual matter, this is not true because Mr. Willman also sent messages in the #meta channel. Regardless of whether Mr. Willman posted in one Slack channel or another, however, the Code applies to the entire wordpress.slack.com workspace, including #ranting. Individuals can, and have, expressed disagreement about Mr. Mullenweg's actions within the #ranting

channel without violating the Code. Mullenweg Decl. ¶ 6. Nonetheless, nothing in the Preliminary Injunction prevents the enforcement of the WordPress.org policies, including content moderation of threatening, taunting, and harassing messages on the wordpress.slack.com workspace. Indeed, WordPress.org's content moderation is First Amendment-protected activity. *See Miami Herald Publ'g Co. v. Tornillo*, 418 U.S. 241, 256, 258 (1974) (holding that law violated First Amendment where it forced a newspaper to print what "it would not otherwise print" because it "intru[ded] into the function of editors."); *see also Moody v. NetChoice, LLC*, 603 U.S. 707, 738 (2024) ("The choice of material, the decisions made as to content, the treatment of public issues—whether fair or unfair—all these constitute the exercise of editorial control and judgment.") (quotation marks omitted) (citing *Miami Herald*, 418 U.S. at 258).

Finally, Mr. Willman claims that the decision to ban him from the wordpress.slack.com workspace was an act of retaliation for pursuing legal action. Dkt. 171, at 5–6. To start, this contention ignores the cumulative impact of Mr. Willman's behavior, as he repeatedly violated the Code in October 2024, engaging in combative and argumentative behavior in the wordpress.slack.com workspace. *See* Dreibelbis Decl. at Ex. 6, at 2. This argument also ignores that Mr. Willman did not merely threaten legal action, but instead stated his intent to pursue legal action on January 2, 2025, ***by going in person to Mr. Mullenweg's place of primary residence***. *See* Willman Decl. at Ex. B, at 18. Two days later, the situation escalated even further, when Mr. Willman made another Slack account to state publicly that he would confront Mr. Mullenweg in person in Houston. *Id.* at Ex. B, at 19. In consideration of the totality of Mr. Willman's threatening and harassing posts directed to Mr. Mullenweg, it is implausible to suggest that barring him from Slack was based on retaliatory intent, as opposed to concerns for security and the civility of the Slack workplace. Moreover, even if Defendants did operate with a retaliatory intent, the Preliminary Injunction does not prohibit such actions.

\* \* \*

In sum, the Court must deny Mr. Willman's motion because he failed to show by clear and convincing evidence that Defendants violated the injunction. *See SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 2015 WL 13719574, at \* 6 (N.D. Cal. May 1, 2015) (denying plaintiffs' motion that

defendant be held in civil contempt because plaintiffs failed to show by clear and convincing evidence that the injunction was violated).

### C. Mr. Willman Cannot Meet the Elevated Standard for Criminal Contempt

Mr. Willman claims that Defendants retaliated against Mr. Willman for "making legitimate statements of legal claims in a forum designated for such behavior" in alleged violated of the injunction, rising to the level of criminal contempt. Dkt. 171, at 2. However, Mr. Willman did not comply with Federal Rule of Criminal Procedure 42's requirements for a motion for criminal contempt. *See Craters & Freighters*, 2014 WL 3899239, at *3 ("Any motion for criminal contempt must be made in compliance with the requirements of due process and Federal Rule of Criminal Procedure 42."). These requirements include notice of charges, appointment of a prosecutor, assistance of counsel, ability to present a defense, and a jury trial. *Arabian Gas & Oil Dev. Co. v. Wisdom Marines Lines, S.A.*, 2017 WL 4390184, at *4 (N.D. Cal. Oct. 3, 2017); *see also Craters & Freighters v. Daisychain Enters.*, 2015 WL 12941881, at *6 (N.D. Cal. Apr. 23, 2015) (Rule 42 requires a plaintiff to "file a proposed order that gives notice to Defendants and states the 'essential facts constituting the charged criminal contempt and describe it as such'"; to "prepare a proposed order appointing the United States Attorney for this district as a special prosecutor and include a brief specifying the due process protections that must be provided"; and to get the district court to issue "an order to show cause as to why Defendants should not be held in criminal content"). None of those steps has been taken here.

Furthermore, Mr. Willman cannot satisfy the standard for criminal contempt, which requires that a defendant's "'disobedience or resistance'" to a court's order be willful. *United States v. Laurins*, 857 F.2d 529, 534 (9th Cir. 1988); *see also id.* ("Willfulness is an essential element of criminal contempt."). Mr. Willman does not demonstrate that Defendants willfully violated the injunction. *See, supra*, § B. Mr. Willman states only that the "timing and nature" of his Slack ban demonstrate willfulness, Dkt. 171, at 4, but this assertion does not take into account Defendants' good-faith reasons for believing that Mr. Willman is *not* a "Related Entity" within the meaning of the preliminary injunction order, or his repeated violations of the Code, including direct targeting, harassment, and personal attacks of Mr. Mullenweg. *See, supra*, § B. Therefore, Mr. Willman fails to demonstrate that Defendants have engaged in any conduct meeting the standard for criminal contempt.

IV.   CONCLUSION

For the reasons set forth above, Mr. Willman's Motion for Contempt should be denied.

DATED: October 6, 2025                                  Respectfully submitted,

                                                        GIBSON, DUNN & CRUTCHER LLP

                                                        By: /s/ Joseph R. Rose
                                                                Joseph R. Rose

                                                        *Attorney for Defendants Automattic Inc. and Matthew Charles Mullenweg*