October 6, 2025                                                                         <u>Via ECF</u>
Hon. Donna M. Ryu
Re: *WPEngine, Inc. v. Automattic Inc. et al.*, No. 3:24-cv-06917 (N.D. Cal.)

Dear Judge Ryu:

Plaintiff WPEngine, Inc. ("WPE") and Defendants Matthew Mullenweg and Automattic Inc. ("Defendants") respectfully submit this joint letter brief regarding the production of Mr. Mullenweg's WhatsApp, Signal, and Telegram communications. Counsel conferred via Zoom meetings on February 4, February 24, September 24, and September 29, but reached an impasse. Fact discovery closes on November 20, 2025; expert discovery closes on March 19, 2026; the last day for Defendants to file for summary judgment is April 8, 2026; the last day for Plaintiff to file a combined cross-motion and opposition to Defendants' summary judgment motion is May 14, 2026; and the pretrial conference and trial are set for January 28, 2027, and February 22, 2027.

## I.   <u>WPE'S STATEMENT</u>

WPE respectfully moves this Court to compel Defendants to produce documents from Mr. Mullenweg's accounts on the WhatsApp, Signal, and Telegram messaging platforms by a date certain, and to provide a sworn declaration explaining why certain communications can no longer be produced, including the date and circumstances of their loss or destruction.

### A.   **Mr. Mullenweg's Failure to Preserve Relevant Evidence**

Mr. Mullenweg, as CEO of Automattic and owner of wordpress.org, is central to this dispute. Despite acknowledging his use of multiple messaging platforms, he has produced no documents from WhatsApp or Signal—platforms that undoubtedly contain relevant communications about the matters at issue in this case—and has produced a paltry number of documents from Telegram. The record establishes the following:

**November 2024**: WPE served document requests that explicitly defined "Communications" to include WhatsApp, Signal, Telegram, and other messaging platforms. These requests sought (and Mr. Mullenweg ultimately agreed to produce) communications regarding Mr. Mullenweg's self-described "war" against WPE (RFP 1), his "scorched earth nuclear approach to WPE" (RFP 2), blocking of WPE's and its customers' access to wordpress.org (RFP 3), and communications referencing WPE with third parties who, at the time of the communication, were not Defendants' customers (RFP 99), among other subjects. Subsequently, WPE learned that Mr. Mullenweg had intentionally deleted several relevant posts from the X.com accounts for WordCamp Sydney and wordpress.org, and had also deleted plugin reviews from wordpress.org. WPE raised the potential spoliation concerns to counsel, who claimed the material was either preserved or not relevant.

**January 2025**: WPE again learned that Mr. Mullenweg had knowingly deleted relevant evidence, including certain posts on X.com and an entire Post Status Slack channel, both of which contained material relevant to the litigation. WPE again raised the potential spoliation concerns to counsel.

**February 2025**: Counsel acknowledged that Mr. Mullenweg deleted the foregoing materials during the pendency of this litigation, but claimed the evidence was preserved elsewhere, including with screenshots. After Mr. Mullenweg made a public post directing individuals to contact him via "Signal with disappearing messages" (https://x.com/photomatt/status/1837291862136365107)

and to avoid using work devices to do so, WPE raised additional concerns that Mr. Mullenweg's intentional use of ephemeral messaging was likely resulting in spoliation. WPE also inquired whether Mr. Mullenweg's direct messages on X.com were being preserved.

**April 3, 2025:** Counsel acknowledged in writing that Mr. Mullenweg uses WhatsApp, Telegram, and Signal, and represented that they had "taken all reasonable steps to preserve relevant documents in this case, including with respect to Signal, Telegram, and WhatsApp."

**Present:** Despite counsel's assurances, as of September 1, 2025, Mr. Mullenweg had produced only **15 documents** from his custodial files. While Defendants finally made a production of 1,836 Mullenweg custodial documents on September 12, no communications from Mr. Mullenweg's WhatsApp or Signal applications have been produced.[1] Tellingly, when the parties exchanged search terms and custodial data sources in mid-September 2025, counsel did ***not*** list WhatsApp, Signal, or Telegram as custodial sources for Mr. Mullenweg, though counsel later claimed Telegram was searched.

The conflicting information regarding Mr. Mullenweg's document collection and preservation efforts have continued. On a September 24 call, counsel ***refused to state*** whether communications from Mr. Mullenweg's WhatsApp and Signal accounts had been collected. On September 29, counsel claimed they were in fact collecting material from WhatsApp and Signal, but refused to state when the documents would be produced. Given Mr. Mullenweg's admitted, prior destruction of evidence and stated preference for using technology with "disappearing messages," coupled with the classic "runaround" WPE is being given by Defendants' counsel in meet and confer, WPE now seeks court intervention. WPE is entitled to receive clear, consistent and unambiguous assurances that Mr. Mullenweg is taking his discovery obligations seriously and has preserved evidence critical to this case. And given that discovery is closing in just seven weeks, Defendants must cease the foot-dragging and produce all relevant and responsive documents from these messaging platforms without further delay.

### B. Mr. Mullenweg Has a Duty to Preserve His Communications Related to WPE and this Lawsuit

Parties have a duty to preserve potentially relevant evidence once litigation is reasonably anticipated, and this duty extends to electronic communications, including those stored on ephemeral messaging applications. *See* Fed. R. Civ. P. 37(e); *HUB Bellevue Props., LLC*, 2020 WL 2512872, at *4 (W.D. Wash. May 15, 2020) (letter contemplating legal action and containing preservation demand triggered the duty to preserve evidence). WPE sent Defendants a preservation demand in September 2024, and WPE has reason to believe Defendants contemplated

---

[1]    Defendants now claim for the first time in this joint letter that Mr. Mullenweg's Telegram messages have been produced. But the documents and corresponding metadata do not have any identifying information related to Telegram and it is impossible to verify whether the communications actually originated from Mr. Mullenweg's Telegram application. Further, Defendants identified only 16 messages with 10 senders from September to November 2024 produced from Mr. Mullenweg's Telegram application. This is plainly deficient in both scope and time frame, and has heightened WPE's concern that Mr. Mullenweg did not preserve or produce data from this platform consistent with his discovery obligations.

litigation against WPE several months before that date. Mr. Mullenweg's preservation obligations clearly encompass his WhatsApp, Signal, and Telegram communications.

### C.    The Court Should Compel Defendants to Produce Mr. Mullenweg's Messaging Communications Without Further Delay

In September 2024, at the onset of what he characterized as his "nuclear war" against WPE, Mr. Mullenweg publicly directed individuals to contact him through "Signal with disappearing messages" while simultaneously launching his campaign to destroy WPE's business. These platforms almost certainly contain the most probative evidence of his strategic decisions, bad acts, inculpatory admissions, coordination with third parties, and contemporaneous reactions to key events. However, nearly a year into the discovery period, Defendants have failed to produce any documents from Mr. Mullenweg's accounts on these platforms. His counsel has offered conflicting information about his collection efforts and are unable to provide a date by which the messaging communications—if they exist—will be produced.

Given Defendants' stalling tactics, WPE cannot presently determine whether Mr. Mullenweg's failure to produce materials from these messaging platforms is due to evidence destruction, or if Defendants simply want to delay their production of damaging evidence as much as possible. Either answer is unacceptable. Defendants should be ordered to: (1) produce all non-privileged, responsive communications from Mr. Mullenweg's WhatsApp, Signal, and Telegram accounts responsive to WPE's document requests (along with a privilege log if needed), or otherwise confirm their production from these sources is complete, within 5 days of the Court's order; and (2) provide a sworn declaration from Mr. Mullenweg detailing (a) the dates and extent of his usage of WhatsApp, Signal and Telegram for communications relevant to this litigation, (b) what steps he took to preserve communications from each platform and when, (c) whether any auto-delete or disappearing messages features were enabled during the relevant preservation period, (d) the date ranges of any preserved communications from each platform, and (e) the date ranges for any deleted communications from each platform. WPE also requests that Defendants be instructed to confirm the preservation status of Mr. Mullenweg's X.com direct messages, as well as any screenshots from Post Status Slack that counsel claims to have captured, and complete his production of those materials within 5 days of the Court's order.

This narrowly-tailored relief will clarify whether Defendants have complied with their discovery obligations, and allow the Court to determine appropriate next steps if they have not. If it is determined that responsive documents were not preserved, WPE reserves the right to seek all appropriate relief, including under Rule 37(e).

## I.    MATTHEW MULLENWEG'S STATEMENT

WPE's motion should be denied. WPE filed this letter brief knowing full well there is no live dispute requiring the Court's intervention. Defendants have unequivocally confirmed to WPE that Mullenweg's responsive Signal, Telegram, and WhatsApp communications have been preserved and either have been (with respect to Telegram) or will be (with respect to Signal and WhatsApp) produced (to the extent they are non-privileged). WPE's motion serves no legitimate purpose—it is a transparent attempt to manufacture a discovery controversy and to cast unfounded aspersions of spoliation.

### A.    No Production Issue Exists.

During the September 29 meet-and-confer—before WPE circulated its portion of this letter—Defendants confirmed that:

1) Each of Mullenweg's Signal, Telegram, and WhatsApp accounts was searched for responsive material;
2) Responsive, non-privileged communications will be produced; and
3) Mullenweg did not enable ephemeral or auto-deletion settings on those applications.

Defendants also advised that Mullenweg's Signal records date back to at least 2019, and WhatsApp to at least 2015. Mullenweg's Telegram records date to at least March 2021. In fact, Mullenweg's responsive, non-privileged Telegram communications were produced on September 12, *before* WPE initiated this joint letter process. These facts were known to WPE before it filed this motion.

### B.    Defendants Have Exceeded Their Discovery Obligations; WPE Is Delinquent.

Defendants have collected more than 6.1 terabytes (6,100 GB) of data and have reviewed more than 1.5 million documents, which they are producing on a rolling basis. To date, Defendants have produced more than 44,000 documents, including nearly 2,000 from Mullenweg's custodial files, plus approximately one thousand more where he appears as sender or recipient. Other than the production of Mr. Mullenweg's Telegram responsive, non-privileged communications—which were produced on September 12—Defendants have never represented that production is complete; they have clearly stated that Signal and WhatsApp materials will be produced.

By contrast, WPE's own production has been deficient. As of last week, WPE has produced only 396 custodial documents from CEO Heather Brunner, only 28,615 total documents, and just 376 total internal emails. Silver Lake—the private equity owner of WPE that is represented by WPE's counsel—has produced zero documents in response to a subpoena served over eleven months ago. This motion appears to be an effort to divert attention from WPE's own discovery shortcomings.

### C.    WPE's Assertions Are Misleading and Waste Judicial Resources.

WPE's purported "preservation concerns" are based on cherry-picked and inaccurate claims, many relating to X.com or Slack, which are irrelevant to this motion. Defendants have been unequivocal: Mullenweg's Signal and WhatsApp responsive data were searched and will be produced to the extent they are non-privileged; Telegram responsive data were searched and responsive, non-privileged messages were produced, and Mullenweg did not enable ephemeral settings. WPE's footnoted suggestion that the volume of produced Telegram messages indicates Mullenweg's production is "deficient" (and supports WPE's unfounded spoliation accusations) is yet another baseless fabrication by WPE and assumes without any basis that Mullenweg used Telegram frequently and for purposes relevant to this case. WPE's insistence on creating a false dispute in the face of those facts is a waste of the parties' and the Court's time.

After circulating a draft letter brief on September 30 that accused Mullenweg of failing to preserve data on the messaging platform Telegram (as well as Signal and WhatsApp), WPE was apparently surprised to discover when it read Defendants' portion of the brief that Mullenweg had not merely

preserved his Telegram messages; he had already *produced* them. This underscores the recklessness of its spoliation accusations. Similarly, WPE's assertion that it cannot "verify" whether Mullenweg's Telegram communications "actually originated from Mr. Mullenweg's Telegram application" appears to *presume* misconduct by Defendants, without any basis. Discovery should proceed from a mutual presumption of good faith, and WPE's haste in resorting to unfounded accusations is improper.

### D.    WPE's Conduct Violates the Spirit of the Local Rules.

The Northern District's joint-letter procedure is intended for genuine discovery disputes, not tactical posturing. WPE's decision to submit this letter after clear assurances that there is no dispute is inconsistent with that purpose. WPE knows that Telegram was searched and responsive, non-privileged materials were produced; and that Signal and WhatsApp data was searched and responsive materials will be produced to the extent they are not privileged. Defendants have acted in good faith throughout discovery—producing tens of thousands more documents than WPE, participating in multiple meet-and-confers, and cooperating to avoid unnecessary motion practice. WPE, by contrast, has repeatedly narrowed or refused to respond to Automattic's requests, prolonging discovery through delay and misdirection.

***

WPE's motion is meritless and wasteful. Defendants have met all preservation and production obligations, and there is no factual or legal basis for judicial relief. The Court should deny WPE's motion in its entirety and, pursuant to Fed. R. Civ. P. 37(a)(5)(B), award Defendants their reasonable expenses and attorneys' fees incurred in responding to this improper filing.


Dated:  October 6, 2025

QUINN, EMANUEL URQUHART & SULLIVAN, LLP

By:  */s/ Rachel Herrick Kassabian*
Rachel Herrick Kassabian
Yury Kapgan
Margret M. Caruso
Brian Mack
*Attorneys for Plaintiff WPEngine, Inc.*

GIBSON DUNN & CRUTCHER, LLP

By:  */s/ Joseph R. Rose*
Josh A. Krevitt
Orin Snyder
Michael H. Dore
Joseph R. Rose
Ilissa S. Samplin

*Attorneys for Defendants Automattic Inc. and*
*Matthew Charles Mullenweg*

## **E-FILING ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I hereby attest that counsel for Plaintiff and Defendants have concurred in the filing of this document.

*/s/ Rachel Herrick Kassabian*
Rachel Herrick Kassabian