October 6, 2025                                                                                              <u>Via ECF</u>
Hon. Donna M. Ryu
Re: *WPEngine, Inc. v. Automattic Inc. et al.*, No. 3:24-cv-06917 (N.D. Cal.)

Dear Judge Ryu:

Plaintiff WPEngine, Inc. ("WPE") and Defendants Automattic Inc. and Matthew Mullenweg ("Defendants") respectfully submit this joint letter brief to address: (a) the end date of the date limiters applied to Defendants' document productions; and (b) a dispute regarding Defendants' disclosure of document collection parameters. Counsel conferred via Zoom on March 3, 10, 11, 13, 17, 24, 26, 31, 2025 and September 11, 24, and 29, 2025, to resolve these disputes but reached an impasse. Fact discovery closes on November 20, 2025; expert discovery closes on March 19, 2026; the last day for Defendants to file for summary judgment is April 8, 2026; the last day for Plaintiff to file a combined cross-motion and opposition to Defendants' summary judgment motion is May 14, 2026; and the pretrial conference and trial are set for January 28, 2027, and February 22, 2027.

**I.      WPE'S STATEMENT**

**A. Defendants' Refusal to Supplement Their Production Beyond December 10, 2024**

Defendants have frozen their document collection and production at December 10, 2024, claiming that the Court's preliminary injunction order somehow justifies this arbitrary date range limitation for their document production.[1] This position is baseless and ignores the continuing conduct central to WPE's claims. WPE respectfully requests that the Court order Defendants to supplement their production to include relevant, responsive documents created after December 10, 2024, as the Federal Rules require. *See* Fed. R. Civ. P. 26(e).

***The Injunction Did Not End Defendants' "War" Against WPE, Nor Did It Relieve Defendants of Their Duty to Supplement.*** The Court's preliminary injunction order does not somehow absolve Defendants of the duty to supplement their production. Documents evidencing post-December 10, 2024 conduct are essential to establishing ongoing wrongful conduct, causation, and damages. At minimum, the following categories of continuing conduct require supplemental production:

- **Customer and Employee Poaching**: Through various ongoing actions, Defendants continue to intentionally interfere with WPE's customer relationships (SAC ¶¶ 122, 124-125, 127, 131, 133) and employee relationships (SAC ¶¶ 136-38), exploiting the market disruption they created. ***Defendants maintain websites that are still up today, showing their ongoing customer poaching*** (https://wordpress.org/news/2024/10/wp-engine-promotions/; https://pressable.com/pressable-vs-wpengine/; https://wordpressenginetracker.com/ (bragging about WPE's customer losses).

---

[1] This dispute impacts all of the following discovery requests: RFPs 1-5, 7-9, 16, 20, 24-25, 30, 32, 36, 38, 43, 45-46, 51-54, 57, 64-70, 72, 74, 77-78, 86-87, 89, 97, 99, 108, 111, 118-122, 127-130, 132-138, 140-145, 147-154, 156-157, 162, 166, 177-180, 189-195, 197, and 205-223. For the Court's convenience, each of these requests have been included in the attached appendix, although the dispute presently before the Court focuses solely on the appropriate "end date" for any production of documents responsive to these requests.

1

- **Mullenweg's Ongoing Actions and Communications Regarding WPE**: Mullenweg continues to make disparaging statements about WPE, including about the very matters at issue in this lawsuit, and has also taken new actions to harm WPE's business, including post-dating the complaint. His post-December 10 communications are highly relevant to this action. *See, e.g.*, https://make.wordpress.org/project/2025/04/16/a-new-cadence-for-wordpress-core/; https://www.youtube.com/watch?v=xQDNgy774sg at 28:48 - 31:07.
- **SCF Plugin Distribution**: Defendants continue to offer their SCF plugin, which they launched by hijacking WPE's ACF plugin customer relationships, resulting in ongoing damages. SAC ¶¶ 156-68, 568-574.

Given Defendants' ongoing conduct, as well as the ongoing harm to WPE, the production of documents and communications for the period after December 10, 2024, is critical. Moreover, to the extent Defendants' actions may violate the Court's preliminary injunction order (Dkt. 64) in any way, WPE is entitled to discovery of the relevant facts and circumstances so that it can seek appropriate relief. Rule 26 expressly imposes an affirmative duty to supplement discovery to address new facts and evidence, which naturally includes supplementation to include documents created *after* the filing of the complaint in instances where the relevant conduct is ongoing. Fed. R. Civ. P. 26(e); *see id*. Advisory Committee's note to 1993 amendments (supplementation "should be made at appropriate intervals during the discovery period, and with special promptness as the trial date approaches."). Indeed, many courts have held that the duty of supplementation extends beyond the close of fact discovery. *Gamevice, Inc. v. Nintendo Co., Ltd*., 18-CV-01942-RS (TSH), 2019 WL 5565942, at *3 (N.D. Cal. Oct. 29, 2019) ("the supplementation requirement in Rule 26(e) applies even after the close of fact discovery"); *Spears v. First Am. Eappraiseit*, 508CV00868RMWHRL, 2014 WL 11369808, at *1–3 (N.D. Cal. June 17, 2014) (ordering production of responsive documents created after close of discovery).

***Defendants Should Not Be Allowed to Renege on Production Commitments.*** Although Defendants are now refusing to produce any documents created after December 10, 2024, for any of the requests that WPE served, Defendants previously agreed to produce documents responsive to at least certain RFPs (including 1-5, 7-9, 20, 24-25, 32, 51, 64-66, 70, 74, 77-78, 86-87, 108, 130, 142, 150-152, 177-178, and 189-194) without any end-date limitation. This concession was made only after WPE invested substantial time in conferral efforts and was forced to threaten motions to compel. Defendants may not now renege.

***WPE's Proposed Compromise and Requested Relief is Reasonable.*** WPE has proposed August 15, 2025, as the cutoff date to be applied to each side's productions (barring any unforeseen factual or procedural developments). This proposal appropriately balances Defendants' purported burden concerns against the needs of this case, which—unlike the typical litigation—involves allegations of specific, ongoing conduct extending well beyond the complaint filing date. Supplementing through August 15, 2025 is therefore both necessary and proportional to capture evidence of Defendants' ongoing conduct. With discovery closing in seven weeks, time is of the essence, and WPE is suffering ongoing prejudice from Defendants' incomplete production. WPE requests expeditious relief and asks the Court to order Defendants to supplement their document production

through August 15, 2025, consistent with WPE's reasonable compromise proposal, within 14 days of the Court's order.

### B.  Defendants' Failure to Disclose The Parameters of Their Document Collection

On September 16, 2025, the parties entered into an e-discovery agreement which provided for a simultaneous exchange of the custodians, custodial data sources, and search terms used by each side to collect and produce responsive documents.  The protocol expressly required the parties to disclose (1) "the date range applied for each such search string" and (2) "*[t]he date range applied to each source of documents collected from each custodian*." WPE fully complied with the protocol, as agreed.  Defendants did not.  They have refused to provide item (2) – the date range applied to each source of  documents collected from each custodian.  Defendants' assertion that they provided this information is incorrect. The "date limiters" Defendants identify in their portion of this letter brief reflect only item (1) – the date range that is part of the search string filters. Without the *collection* date ranges, WPE cannot determine whether gaps in Defendants' production reflect an absence of hits on documents collected but not responsive, or an absence of data for certain time periods that simply was not collected in the first place.  To illustrate, applying a search string to a document source for a two-year date range does no good if the document source was collected for only a two-month time period.  WPE is entitled to know **both** the date ranges applied to each search string, as well as the date ranges collected for each source.  This information is required under the parties' agreed protocol, and imposes no undue burden as Defendants necessarily already have this information.  Defendants' staunch refusal to provide it is particularly concerning given the spoliation concerns discussed in the parties' other joint letter filed today. WPE requests an order compelling Defendants to disclose the information the parties agreed to in writing within 5 days of the Court's order. WPE respectfully submits that this issue is amenable to expeditious resolution on the papers.

## II.    DEFENDANTS' STATEMENT

### A. WPE's Claims Are Grounded in Past Conduct and Do Not Require Burdensome, Ongoing Document Collection

WPE is asking this Court to order Defendants to collect nearly one year of documents post-dating WPE's filing of this case. But this case does not involve any claims of ongoing harm. This case is focused on Defendants' *past conduct*. As in every such case, there needs to be a reasonable end date for discovery. That date is typically around the date of the complaint's filing—so as not to burden the parties with a continuing obligation to collect documents from custodians after their documents are collected the first time, and also to avoid requiring the parties to review an overwhelming number of privileged documents likely to accumulate in the months or years after the litigation begins. For these reasons, Defendants agreed to produce documents and communications created, sent, or received through December 10, 2024—more than two months after this litigation began and the day on which the Court issued its preliminary injunction order. WPE's proposed cutoff date of August 15, 2025, would require Defendants to expend unnecessary time and resources to collect, process, search, and review a large volume of documents that will be overwhelmingly (if not exclusively) (1) irrelevant or (2) attorney-client communications and work product related to this litigation. The Court should reject WPE's proposal for at least the following reasons.

***No Ongoing Conduct.*** None of the allegations in this case justify document collections through 2025. WPE's claims relate to conduct by Defendants *in September and October 2024*—namely (1) statements by Mullenweg in September 2024, (2) restricting WPE's access to WordPress.org in September 2024; and (3) taking actions in October 2024 to address vulnerabilities related to the ACF plugin. The only conduct WPE alleged was ongoing was its lack of access to WordPress.org, and that *ended* with the Court's December 10, 2024 order granting a preliminary injunction—which is why Defendants proposed that date as the discovery cutoff. *See* Dkt. 64 at 41–42 (enjoining Defendants from "blocking, disabling, or interfering with WPEngine's . . . access to wordpress.org" and ordering Defendants to "restore WPEngine's . . . access to wordpress.org as it existed as of September 20, 2024," among other relief). WPE's conclusory assertion that Defendants are "exploiting [a] market disruption" by "intentionally interfer[ing] with WPE's customer relationships . . . and employee relationships" simply restates the allegations that gave rise to the preliminary injunction. The websites that WPE cites simply reflect normal, vigorous competition and otherwise clearly protected speech, including competitive comparison on Automattic's websites—not actionable "ongoing misconduct" under any theory alleged in the Second Amended Complaint. Mullenweg's supposed "disparaging statements" about WPE are irrelevant: WPE's slander and libel claims relate to *specific statements* that Mullenweg made in September 2024. And the fact that WPE believes it is suffering *ongoing harm* through the availability of the SCF plugin is merely an argument about the time period for calculating damages, which does not remotely justify requiring Defendants to expend hundreds of additional hours and extensive resources on refreshing their document collections.

***Undue Burden and Expense.*** The document collection process in this case has been time-consuming and expensive because of the number of data sources and volume of data involved, and repeating that process again in order to capture all documents and communications sent, received, or created through August 15, 2025, would be unduly burdensome. Defendants' document efforts in this case have involved collecting and searching numerous communications platforms and processing large volumes of data: To date, Defendants have already collected and processed more than 6.1 terabytes (6,100 GB) of data and reviewed more than 1.5 million documents. WPE's proposed cutoff date would require Defendants to expend considerable time and resources re-collecting, processing, searching, and reviewing data and documents from the last ten months. That burden is disproportionate to the needs of this case. Discovery of documents and communications sent or created *during litigation* is not necessary or proportional in most cases, unless the case involves allegations of specific, ongoing conduct. Here, as explained above, this case does not. Moreover, relevant documents and communications from after December 10, 2024, if they exist, are also particularly likely to be privileged, which makes reviewing these documents more burdensome and decreases the utility of repeating the document collection process.

***No FRCP Requirement.*** WPE's citation to Federal Rule of Civil Procedure 26(e) misses the point. Rule 26(e) simply requires that parties supplement discovery to the extent they discover responsive information or documents *from the relevant time period* not previously produced. It does not stand for the proposition that there is *no end date on the relevant time period*, nor does it require parties to re-collect documents from all custodians and sources on a recurring basis. Defendants' proposed cutoff date of December 10, 2024 is entirely consistent with Rule 26(e).

### C. Defendants *Already* Provided the Requested Date Ranges

WPE's request that the Court "compel[] Defendants to disclose" their "custodial collection date ranges" makes no sense, because Defendants *did* disclose that information back on September 16, nearly two weeks before WPE sent its portion of this letter brief. This appears to be yet another example of WPE trying to manufacture a dispute and misuse the joint-letter-brief process. When the parties exchanged document production information on September 16, 2025, Defendants provided a list of custodians, a list of data sources, and a list of "search terms and date limiters [that] were applied to" *all* the "sources and custodians identified" therein, except where different date ranges were expressly noted for specific document sources. Defendants therefore complied with the parties' agreement to disclose both "[t]he date range applied to each source of documents collected from each custodian" and "[t]he date range applied for each such search string."

On September 18, WPE sent an email accusing Defendants of "fail[ing] to provide" date range information "for any of the listed custodians." Defendants wrote back the next day, explaining again that "the search terms <u>and</u> date limiters identified" in the email "were <u>all</u> applied to <u>all</u> sources unless otherwise stated." WPE thus already has the information it seeks, as Defendants have told WPE repeatedly.

To the extent WPE now insists that Defendants should also have identified how far back all the data sources go, this dispute appears to be a misunderstanding in how the parties interpreted the provisions of the protocol. In fact, the parties were in the process of working through this issue before WPE rushed to bring it to the Court's attention. Defendants have no objection to providing this information. There is thus no live issue for the Court to address.

| | |
|---|---|
| Dated: October 6, 2025 | QUINN, EMANUEL URQUHART & SULLIVAN, LLP<br><br>By: /s/ Rachel Herrick Kassabian<br>Rachel Herrick Kassabian<br>Yury Kapgan<br>Margret M. Caruso<br>Brian Mack<br>*Attorneys for Plaintiff WPEngine, Inc.*<br><br>GIBSON DUNN & CRUTCHER, LLP<br><br>By: /s/ Joseph R. Rose<br>Josh A. Krevitt<br>Orin Snyder<br>Michael H. Dore<br>Joseph R. Rose<br>Ilissa S. Samplin<br><br>*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg* |

**E-FILING ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I hereby attest that counsel for Plaintiff and Defendants have concurred in the filing of this document.

*/s/ Rachel Herrick Kassabian*
Rachel Herrick Kassabian
