**Exhibit to Joint Letter**

**REQUEST FOR PRODUCTION NO. 1.** All Documents and Communications regarding Defendants' self-proclaimed nuclear war against WPE, Including the planning for, execution of, intentions regarding, reasons for, and anticipated consequences of that nuclear war.

> **DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 1.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic objects to this Request on the grounds that "self-proclaimed" and "nuclear war" are vague and ambiguous. Automattic objects that "Defendants' self-proclaimed nuclear war" is argumentative, lacks foundation, and states a legal conclusion by asserting that "Defendants" engaged in a "nuclear war against WPE."
>
> Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, that relate to Mullenweg's alleged September 20, 2024 statement in advance of his WordCamp US 2024 keynote address that he would proceed with the scorched earth nuclear approach to WPE, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.
>
> **DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 1.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg objects to this Request on the grounds that "self-proclaimed" and "nuclear war" are vague and ambiguous. Mullenweg objects that "Defendants' self-proclaimed nuclear war" is argumentative, lacks foundation, and states a legal conclusion by asserting that "Defendants" engaged in a "nuclear war against WPE."

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, that relate to his alleged September 20, 2024 statement in advance of his WordCamp US 2024 keynote address that he would proceed with the scorched earth nuclear approach to WPE, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**REQUEST FOR PRODUCTION NO. 2.** All Documents and Communications Relating to Your stated plan to carry out a "scorched earth nuclear approach to WPE" if WPE does not agree to pay Automattic for a trademark license, as referenced in Mullenweg's text message to WPE's board member dated September 20, 2024, see Dkt. 21 (Brunner Declaration) ¶ 31, Including when it was conceived of, who approved it, and all steps and stages of it.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 2.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic also objects to this Request on the grounds that it lacks foundation, misstates the evidence, is argumentative, and is vague and ambiguous in its use of "Your." Automattic also objects to this Request as duplicative of (at least) Request No. 1.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, relating to the September 20, 2024 text message cited in paragraph 96 of the First Amended Complaint (Dkt. 51) ("FAC"), to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 2.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg

further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg also objects to this Request on the grounds that it lacks foundation, misstates the evidence, is argumentative, and is vague and ambiguous in its use of "Your." Mullenweg also objects to this Request as duplicative of (at least) Request No. 1.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, relating to the September 20, 2024 text message cited in paragraph 96 of the First Amended Complaint (Dkt. 51) ("FAC"), to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**REQUEST FOR PRODUCTION NO. 3.** All Documents and Communications Relating to the blocking of WPE's or WPE's customers' access to wordpress.org, or any other site owned or operated by Defendants, Including but not limited to the reasons for such blocking, the anticipated consequences of such blocking, and the variables Defendants are using to institute those blocks, such as IP addresses or other data used to identify WPE or its customers for blocking purposes.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 3.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic objects to the use of the term "variables" as vague and ambiguous.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, relating to the blocking of WPE's access to wordpress.org or the blocking of WPE's customers' access to wordpress.org as a result of them being customers of WPE, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 3.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg objects to the use of the term "variables" as vague and ambiguous.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, relating to the blocking of WPE's access to wordpress.org or the blocking of WPE's customers' access to wordpress.org as a result of them being customers of WPE, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**REQUEST FOR PRODUCTION NO. 4.** All Documents and Communications Relating to any considered, possible, or actual suspension of or interference with WPE's employees', users', agency partners', or customers' access to or use of WooCommerce, Jetpack, or any other plugins.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 4.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic objects to this Request on the grounds that "interference" and "agency partners" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, relating to any planned or implemented suspension of WPE's access to WooCommerce or Jetpack or WPE's customers' access to WooCommerce or Jetpack as a result of them being customers of WPE, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between

the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 4.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg objects to this Request on the grounds that "interference" and "agency partners" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, relating to any planned or implemented suspension of WPE's access to WooCommerce or Jetpack or WPE's customers' access to WooCommerce or Jetpack as a result of them being customers of WPE, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**REQUEST FOR PRODUCTION NO. 5.** All Documents and Communications Relating to any mechanism considered or implemented by Defendants to disallow WPE, anyone affiliated with WPE, or anyone with a financial connection to WPE from accessing wordpress.org, Including the introduction of a check box requiring website users to agree that they are not affiliated with WPE.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 5.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic objects to this Request on the grounds that "mechanism," "disallow," "affiliated," and "financial connection" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, relating to any planned or implemented action that is or is akin to a

checkbox on wordpress.org indicating an affirmation, explicitly or in substance, that "I am not affiliated with WP Engine in any way, financially or otherwise.", to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 5.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg objects to this Request on the grounds that "mechanism," "disallow," "affiliated," and "financial connection" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, relating to any planned or implemented action that is or is akin to a checkbox on wordpress.org indicating an affirmation, explicitly or in substance, that "I am not affiliated with WP Engine in any way, financially or otherwise.", to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**REQUEST FOR PRODUCTION NO. 7.** All Documents and Communications Relating to actions Defendants contemplated taking or did take with respect to WPE's Advanced Custom Fields, Including but not limited to (1) changing the listing page for the Advanced Custom Fields plugin, (2) renaming the plugin from "Advanced Custom Fields" to "Secured Custom Fields"; (3) changing the description of the plugin; (4) changing the attribution of the plugin from "WP Engine" to "Wordpress.org"; (5) retaining the Advanced Custom Fields slug, reviews, comments, ratings, and download counts as those of the "Secured Custom Fields" plugin; (6) removing or hiding certain user reviews, Including those that were critical of Defendants' actions; and/or (7) switching Advanced Custom Fields users or customers to become Secured Custom Fields users or customers.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 7.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client

privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Automattic. Automattic objects to this Request on the grounds that "listing page," "description," "attribution," "retaining," "slugs," "reviews," "comments," and "ratings" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, relating to WPE's Advanced Custom Fields plugin, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 7.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Mullenweg. Mullenweg objects to this Request on the grounds that "listing page," "description," "attribution," "retaining," "slugs," "reviews," "comments," and "ratings" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, relating to WPE's Advanced Custom Fields plugin, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**REQUEST FOR PRODUCTION NO. 8.** All Documents and Communications Relating to attempts by Defendants to (1) break, interfere with, or alter in any way the functionality of any plugin published, controlled, developed, or maintained by WPE; or (2) break, interfere with, or

alter in any way the functionality of any WordPress site or installation of any WPE user or customer.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 8.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited to time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic objects to this Request as argumentative in its use of "break" and "interfere with." Automattic objects to this Request on the grounds that it is duplicative of (at least) Request No. 7.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, relating to WPE's Advanced Custom Fields plugin, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 8.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg objects to this Request as argumentative in its use of "break" and "interfere with." Mullenweg objects to this Request on the grounds that it is duplicative of (at least) Request No. 7.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, relating to WPE's Advanced Custom Fields plugin, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**REQUEST FOR PRODUCTION NO. 9.** All Documents and Communications Relating to Defendants changing the code of the "Advanced Custom Fields" or "Secured Custom Fields" plugins to alter or remove links that allow users to upgrade to the "PRO" version of "Advanced Custom Fields."

> **DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 9.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic objects to this Request on the grounds that it is duplicative of (at least) Request No. 7.
>
> Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, relating to WPE's Advanced Custom Fields plugin, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.
>
> **DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 9.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg objects to this Request on the grounds that it is duplicative of (at least) Request No. 7.
>
> Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, relating to WPE's Advanced Custom Fields plugin, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**REQUEST FOR PRODUCTION NO. 16.** All Documents and Communications Relating to Defendants' Communications with any potential acquiror of WPE.

> **DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 16.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period or subject matter. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic objects to this Request on the grounds that "any potential acquiror" is vague and ambiguous, and overly broad. Automattic objects to this Request on the grounds that it is duplicative of (at least) Request No. 107.

> **DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 16.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period or subject matter. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg objects to this Request on the grounds that "any potential acquiror" is vague and ambiguous, and overly broad. Mullenweg objects to this Request on the grounds that it is duplicative of (at least) Request No. 107.

**REQUEST FOR PRODUCTION NO. 20.** All Documents and Communications Relating to Your assertions in Your October 30, 2024 Opposition to WP Engine's Motion for Preliminary Injunction that the harms alleged by WPE are self-inflicted, and/or not attributable to Defendants' actions.

> **DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 20.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic objects to this Request on

the grounds that "self-inflicted" is vague and ambiguous. Automattic objects to this Request on the grounds that it is duplicative of (at least) Request No. 50.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 20.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited to time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg objects to this Request on the grounds that "self-inflicted" is vague and ambiguous. Mullenweg objects to this Request on the grounds that it is duplicative of (at least) Request No. 50.

**REQUEST FOR PRODUCTION NO. 24.** All Documents and Communications Relating to Mullenweg's keynote presentation at WordCamp US 2024 in Portland, Oregon, on September 20, 2024, and the slides presented, Including (i) all versions and drafts of the presentation and/or slides (ii) any alternative potential slides or presentations, and all versions and drafts thereof, and (iii) all communications with Automattic employees regarding same.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 24.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Automattic.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, that are responsive to this Request, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 24.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks

communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Mullenweg.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, that are responsive to this Request, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**REQUEST FOR PRODUCTION NO. 25.** All Documents and Communications regarding the post titled "WordCamp US & Ecosystem Thinking" (posted on September 17, 2024 and available here: https://ma.tt/2024/09/ecosystem-thinking/), Including all drafts and versions thereof.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 25.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, that are responsive to this Request, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 25.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client

privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, that are responsive to this Request, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**REQUEST FOR PRODUCTION NO. 30.** All Documents since January 2022 discussing or analyzing Automattic's cash balance, liquidity, and solvency, Including but not limited to any plans and/or analyses showing a deteriorating financial situation.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 30.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic objects to this Request on the grounds that "cash balance," "liquidity," "plans," and "deteriorating financial situation" are vague and ambiguous. Automattic objects to this Request on the grounds that it seeks information that is irrelevant to this action.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 30.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg objects to this Request on the grounds that "cash balance," "liquidity," "plans," and "deteriorating financial situation" are vague and ambiguous. Mullenweg objects to this Request on the grounds that it seeks information that is irrelevant to this action.

**REQUEST FOR PRODUCTION NO. 32.** All Documents and Communications, for the WordPress Foundation Regarding organizational documents, governance documents, Board minutes, regulatory filings, charitable donations (whether monetary, via provision of free services or products, or in-kind donations), documents Relating to donation of trademarks and assignment of trademarks, all board minutes, all discussions concerning conflicts of interest and related-party transactions, and all disclosure documents Relating to related-party transactions.

> **DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 32.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request on the grounds that it is irrelevant to this action.

> **DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 32.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request on the grounds that it is irrelevant to this action.

**REQUEST FOR PRODUCTION NO. 36.** Documents sufficient to show the annual revenues and expenses of wordpress.org from 2010 to the present, Including (i) how expenses are paid, (ii) by whom expenses are paid, and (iii) the sources and amounts of wordpress.org's revenue.

> **DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 36.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request on the grounds that it is irrelevant to this action.

> **DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 36.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client

privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request on the grounds that it is irrelevant to this action.

**REQUEST FOR PRODUCTION NO. 38.** Documents sufficient to show who directs and controls access to and work on WordPress core and/or other code available on wordpress.org, Including (1) how decisions are made; (2) who can contribute to the code and in what way; (3) how changes to the code are prioritized; (4) who can access which portions of the site; and (5) management of plugins, themes, or other community contributions.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 38.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic further objects to this Request on the grounds that "access to," "work on," "WordPress core," "contribute," "prioritized," "management," and "community contributions" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, relating to who directs and controls access to and work on WordPress Software, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 38.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg further objects to this Request on the grounds that "access to," "work on," "WordPress core," "contribute," "prioritized," "management," and "community contributions" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, relating to who directs and controls access to and work on WordPress Software, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly

agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**REQUEST FOR PRODUCTION NO. 43.** All Documents and Communications relating to the ownership, donation, licensing, or sub-licensing of any trademarks by Automattic, Mullenweg, the WordPress Foundation, wordpress.org, or any other entity owned by one or more of them.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 43.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request on the grounds that "donation" and "entity" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents sufficient to show the ownership and/or licensing of the Challenged Terms, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 43.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request on the grounds that "donation" and "entity" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents sufficient to show the ownership and/or licensing of the Challenged Terms, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

**REQUEST FOR PRODUCTION NO. 45.** All Communications between or among any of Automattic, Mullenweg, and the WordPress Foundation regarding trademarks or WPE.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 45.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between January 1, 2010, and November 14, 2024, that are responsive to this Request and relate to both WPE and trademarks in the Challenged Terms, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 45.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between January 1, 2010, and November 14, 2024, that are responsive to this Request and relate to both WPE and trademarks in the Challenged Terms, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**REQUEST FOR PRODUCTION NO. 46.** All Documents and Communications Relating to any enforcement, potential enforcement, licensing or monetization of all WordPress and WooCommerce trademarks or design marks, including all cease and desist letters, all trademark license agreements, and all draft or filed complaints, as well as the blog post shared with

TechCrunch and made public at: https://techcrunch.com/2024/10/15/internal-blog-post-reveals-automattics-plan-to- enforce-the-wordpress-trademark-using-nice-and-not-nice-lawyers/.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 46.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited in time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Automattic.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents that are responsive to this Request and relate to the Challenged Terms, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 46.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Mullenweg.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents that are responsive to this Request and relate to the Challenged Terms, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**REQUEST FOR PRODUCTION NO. 51.** Documents sufficient to show all email addresses and social media handles Defendants have used in the past year in connection with making any reference to WPE or causing any reference to WPE to be made by virtue of influence or control over such email address or social media account.

> **DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 51.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic further objects to this Request on the grounds that "social media," "handles," "causing any reference to WPE to be made," and "by virtue of influence or control over" are vague and ambiguous. Automattic further objects to this Request on the grounds that this Request would be more properly framed as an interrogatory instead of a request for production.

> **DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 51.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg further objects to this Request on the grounds that "social media," "handles," "causing any reference to WPE to be made," and "by virtue of influence or control over" are vague and ambiguous. Mullenweg further objects to this Request on the grounds that this Request would be more properly framed as an interrogatory instead of a request for production.

**REQUEST FOR PRODUCTION NO. 52.** All Documents and Communications Relating to WPE's use of the Challenged Terms, Including on WPE's website or in its marketing materials from January 1, 2010 to the present.

> **DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 52.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Automattic. Automattic further objects to this Request on the grounds that "use" and "marketing materials" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between November 14, 2018, and November 14, 2024, responsive to this Request, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 52.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Mullenweg. Mullenweg further objects to this Request on the grounds that "use" and "marketing materials" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between November 14, 2018, and November 14, 2024, responsive to this Request, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**REQUEST FOR PRODUCTION NO. 53.** All Documents and Communications Relating to any third party's use of the Challenged Terms on that third party's website or in its marketing materials from January 1, 2010 to the present.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 53.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Automattic. Automattic further objects to this Request on the grounds that "any third party" is vague and ambiguous, and unduly burdensome and

oppressive. Automattic further objects to this Request on the grounds that "use" and "marketing materials" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between November 14, 2018, and November 14, 2024, responsive to this Request, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 53.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request to the extent it seeks documents or information that is exclusively available to WPE or as readily available to WPE as to Mullenweg. Mullenweg further objects to this Request on the grounds that "any third party" is vague and ambiguous, and unduly burdensome and oppressive. Mullenweg further objects to this Request on the grounds that "use" and "marketing materials" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between November 14, 2018, and November 14, 2024, responsive to this Request, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**REQUEST FOR PRODUCTION NO. 54.** All Documents and Communications Relating to Automattic's, Mullenweg's, WordPress Foundation's, or wordpress.org's guidelines, policies, or statements regarding whether others are, were, or will be permitted to use any of the Challenged Terms.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 54.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic

further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request on the grounds that "use" is vague and ambiguous.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between November 14, 2018, and November 14, 2024, that are responsive to this Request, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 54.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request on the grounds that "use" is vague and ambiguous.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between November 14, 2018, and November 14, 2024, that are responsive to this Request, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**REQUEST FOR PRODUCTION NO. 57.** All Documents and Communications relating to whether WordPress or WooCommerce can be identified without use of the Challenged Terms.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 57.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly

burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request on the grounds that "use" is vague and ambiguous.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between November 14, 2018, and November 14, 2024, that are responsive to this Request, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 57.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request on the grounds that "use" is vague and ambiguous.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between November 14, 2018, and November 14, 2024, that are responsive to this Request, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**REQUEST FOR PRODUCTION NO. 64.** All Documents and Communications Relating to the extent to which You have stated, encouraged, recommended, or requested that users go to wordpress.org (as opposed to any other website, such as github.com) for downloads Related to WordPress.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 64.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly

burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Automattic. Automattic further objects to this Request on the grounds that "encouraged," "recommended," and "users" are vague and ambiguous.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 64.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Mullenweg. Mullenweg further objects to this Request on the grounds that "encouraged," "recommended," and "users" are vague and ambiguous.

**REQUEST FOR PRODUCTION NO. 65.** All Documents and Communications Relating to the extent to which You have stated, encouraged, recommended, requested or required that developers post and / or update their plugins on wordpress.org.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 65.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Automattic. Automattic further objects to this Request on the grounds that "encouraged," "recommended," and "users" are vague and ambiguous. Automattic further objects to this Request on the grounds that "developers" and "plugins" are overly broad and overly burdensome as they scope in entities and technology that are not relevant to the claims at issue.

Subject to and without waiver of the foregoing objections, Automattic responds that it is willing to meet and confer with WPE about this Request.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 65.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Mullenweg. Mullenweg further objects to this Request on the grounds that "encouraged," "recommended," and "users" are vague and ambiguous. Mullenweg further objects to this Request on the grounds that "developers" and "plugins" are overly broad and overly burdensome as they scope in entities and technology that are not relevant to the claims at issue.

Subject to and without waiver of the foregoing objections, Mullenweg responds that it is willing to meet and confer with WPE about this Request.

**REQUEST FOR PRODUCTION NO. 66.** All Documents and Communications Relating to any discussions by or amongst Defendants about potential conflicts between their for-profit businesses and the WordPress Foundation for which Mullenweg serves as a board member.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 66.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request on the grounds that "potential conflicts" is vague and ambiguous. Automattic further objects to this Request on the grounds that "their for-profit businesses" is overly broad and overly burdensome as it scopes in entities and technology that are not relevant to the claims at issue. Automattic further objects to this Request on the grounds that it is irrelevant to this action.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 66.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period.

Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request on the grounds that "potential conflicts" is vague and ambiguous. Mullenweg further objects to this Request on the grounds that "their for-profit businesses" is overly broad and overly burdensome as it scopes in entities and technology that are not relevant to the claims at issue. Mullenweg further objects to this Request on the grounds that it is irrelevant to this action.

**REQUEST FOR PRODUCTION NO. 67.** All Documents and Communications relating to any instances in which Mullenweg, Automattic, or wordpress.org banned, prevented, disabled, or barred users from accessing wordpress.org.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 67.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request on the grounds that "banned," "prevented," "disabled," and "barred" are vague and ambiguous. Automattic further objects to this Request on the grounds that "users" is overly broad and unduly burdensome as it purports to scope not just developers like WPE, but all users, who are not relevant to the claims at issue.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, sufficient to show any instances in which Automattic intentionally took steps to prevent a specific developer from accessing wordpress.org, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 67.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently

include documents that are irrelevant and privileged. Mullenweg further objects to this Request on the grounds that "banned," "prevented," "disabled," and "barred" are vague and ambiguous. Mullenweg further objects to this Request on the grounds that "users" is overly broad and unduly burdensome as it purports to scope not just developers like WPE, but all users, who are not relevant to the claims at issue.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, sufficient to show any instances in which Mullenweg intentionally took steps to prevent a specific developer from accessing wordpress.org, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**REQUEST FOR PRODUCTION NO. 68.** All Documents and Communications relating to Mullenweg, Automattic, WordPress Foundation, or wordpress.org discussing actual or potential trademark violations.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 68.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between November 14, 2018, and November 14, 2024, that are responsive to this Request and relate to the Challenged Terms, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 68.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg

further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between November 14, 2018, and November 14, 2024, that are responsive to this Request and relate to the Challenged Terms, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**REQUEST FOR PRODUCTION NO. 69.** All Documents and Communications relating to Defendants demanding any type, form or amount of payment from any WordPress hosting companies.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 69.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad and vague because it is not limited by time period or by what the payment would be for. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request on the grounds that "any type, form, or amount of payment" is vague and ambiguous. Automattic further objects to this Request on the grounds that "any WordPress hosting companies" is overly broad and unduly burdensome.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents that relate to any demand by Automattic for a trademark license related to the Challenged Terms, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 69.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad and vague because it is not limited by time

period or by what the payment would be for. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request on the grounds that "any type, form, or amount of payment" is vague and ambiguous. Mullenweg further objects to this Request on the grounds that "any WordPress hosting companies" is overly broad and unduly burdensome.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents that relate to any demand by Automattic for a trademark license related to the Challenged Terms, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

**REQUEST FOR PRODUCTION NO. 70.** All Documents and Communications relating to Defendants' agreements with any WordPress hosting companies.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 70.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request on the grounds that "agreements" is vague and ambiguous. Automattic further objects to this Request on the grounds that "any WordPress hosting companies" is overly broad and unduly burdensome.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 70.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request on the grounds that "agreements" is vague and ambiguous. Mullenweg further objects to this Request on the grounds that "any WordPress hosting companies" is overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 72.** All Documents and Communications Relating to WPE's company name, marketing assets, and/or its use of the Challenged Terms.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 72.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Automattic.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between November 14, 2018, and November 14, 2024, sufficient to show WPE's use of the Challenged Terms, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 72.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Mullenweg.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between November 14, 2018, and November 14, 2024, sufficient to show WPE's use of the Challenged Terms, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

**REQUEST FOR PRODUCTION NO. 74.** All Documents and Communications Relating to Defendants' allegation that WPE is "siphoning money" via WooCommerce.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 74.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic

further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic also objects to this Request on the grounds that it includes an unsourced quotation.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents responsive to the Request, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 74.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg also objects to this Request on the grounds that it includes an unsourced quotation.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents responsive to the Request, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

**REQUEST FOR PRODUCTION NO. 77.** All Documents and Communications Relating to Your factual basis for stating WPE offers and/or has offered a "hacked up, bastardized simulacra of WordPress's GPL code to their customers," as referenced in WPE's October 2, 2024 Complaint filed in this action.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 77.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Automattic. Automattic also objects to this Request on the grounds that it includes a selective quotation that is argumentative, misrepresents the quote as stating that WPE "offers and/or has offered" a hacked up,

bastardized simulacra, and misrepresents it as Automattic's assertion. Automattic also objects to this Request as it is argumentative and irrelevant and based on an incorrect legal premise that a statement of pure opinion requires any factual basis.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents that are responsive to this Request, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

### DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 77. Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Mullenweg. Mullenweg also objects to this Request on the grounds that it includes a selective quotation that is argumentative, misrepresents the quote as stating that WPE "offers and/or has offered" a hacked up, bastardized simulacra, and misrepresents it as Mullenweg's assertion. Mullenweg also objects to this Request as it is argumentative and irrelevant and based on an incorrect legal premise that a statement of pure opinion requires any factual basis.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents that are responsive to this Request, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

**REQUEST FOR PRODUCTION NO. 78.** All Documents and Communications Relating to the factual basis for Your statement that "What WP Engine gives you is not WordPress, it's something that they've chopped up, hacked, butchered to look like WordPress, but actually they're giving you a cheap knock-off and charging you more for it," as referenced in WPE's October 2, 2024 Complaint filed in this action.

### DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 78. Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently

include documents that are irrelevant and privileged. Automattic further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Automattic. Automattic also objects to this Request on the grounds that it includes a selective quotation that is argumentative and misrepresents it as Automattic's assertion. Automattic also objects to this Request as it is argumentative and based on an incorrect legal premise that a statement of pure opinion requires any factual basis.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents that are responsive to this Request, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 78.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Mullenweg. Mullenweg also objects to this Request on the grounds that it includes a selective quotation that is argumentative and misrepresents it as Mullenweg's assertion. Mullenweg also objects to this Request as it is argumentative and based on an incorrect legal premise that a statement of pure opinion requires any factual basis.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents that are responsive to this Request, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

**REQUEST FOR PRODUCTION NO. 86.** All Documents and Communications Relating to the factual basis for Your statement that WPE has "given nothing back to WordPress."

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 86.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently

include documents that are irrelevant and privileged. Automattic further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Automattic. Automattic also objects to this Request on the grounds that it includes a selective quotation that is argumentative and misrepresents it as Automattic's assertion. Automattic further objects to this Request on the grounds that "given nothing back to WordPress" is vague and ambiguous. Automattic further objects to this Request on the grounds that it is duplicative of (at least) Request Nos. 22 and 73. Automattic also objects to this Request as it is argumentative and based on an incorrect legal premise that a statement of pure opinion requires any factual basis.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents that are responsive to this Request, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 86.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Mullenweg. Mullenweg also objects to this Request on the grounds that it includes a selective quotation that is argumentative and misrepresents it as Mullenweg's assertion. Mullenweg further objects to this Request on the grounds that "given nothing back to WordPress" is vague and ambiguous. Mullenweg further objects to this Request on the grounds that it is duplicative of (at least) Request Nos. 22 and 73. Mullenweg also objects to this Request as it is argumentative and based on an incorrect legal premise that a statement of pure opinion requires any factual basis.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents that are responsive to this Request, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

**REQUEST FOR PRODUCTION NO. 87.** All Documents and Communications Relating to the factual basis for Your statement at the keynote presentation at WordCamp US 2024 in Portland, Oregon, on September 20, 2024, that WPE is one of a number of "parasitic entities" who "just want to feed off" WordPress "without giving anything back."

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 87.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks

communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request to the extent it seeks documents or information that are exclusively available to WPE or as readily available to WPE as to Automattic. Automattic also objects to this Request on the grounds that it includes selective quotations that are argumentative and misrepresents it as Automattic's assertion. Automattic further objects to this Request on the grounds that "parasitic entities," "just want to feed off," and "without giving anything back" are vague and ambiguous. Automattic further objects to this Request on the grounds that it is duplicative of (at least) Request Nos. 22, 73, and 86. Automattic also objects to this Request as it is argumentative and based on an incorrect legal premise that a statement of pure opinion requires any factual basis.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents that are responsive to this Request, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 87.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request to the extent it seeks documents or information that is exclusively available to WPE or as readily available to WPE as to Mullenweg. Mullenweg also objects to this Request on the grounds that it includes selective quotations that are argumentative and misrepresents it as Mullenweg's assertion. Mullenweg further objects to this Request on the grounds that "parasitic entities," "just want to feed off," and "without giving anything back" are vague and ambiguous. Mullenweg further objects to this Request on the grounds that it is duplicative of (at least) Request Nos. 22, 73, and 86. Mullenweg also objects to this Request as it is argumentative and based on an incorrect legal premise that a statement of pure opinion requires any factual basis.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents that are responsive to this Request, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation.

**REQUEST FOR PRODUCTION NO. 89.** All Documents and Communications Relating to Your analysis or valuation of the ACF plugin, and all plans You have or had to acquire or take ACF, Including when those plans arose.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 89.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic further objects to this Request on the grounds that "valuation," "plans," and "take" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, that relate to WPE's Advanced Custom Fields plugin, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 89.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg further objects to this Request on the grounds that "valuation," "plans," and "take" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, that relate to WPE's Advanced Custom Fields plugin, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**REQUEST FOR PRODUCTION NO. 97.** All Documents and Communications Relating to all former customers, users, or business partners of WPE that have switched their business over from WPE to Defendants since September 20, 2024, Including the identity of those referenced in Mullenweg's October 30, 2024 statement at TechCrunch Disrupt that "We'd happily have those [WPE] customers, and in fact we're getting a lot of them." See https://www.youtube.com/watch?v=Fn_HzfI_sW0.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 97**. Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic also objects to this Request on the grounds that it includes selective quotations that are argumentative and misrepresents it as Automattic's assertion. Automattic further objects to this Request on the grounds that the "users," "business partners," "switched," "their business," and "over" are vague and ambiguous. Automattic further objects to this Request on the grounds that the "We'd happily have those [WPE] customers, and in fact we're getting a lot of them." is vague and ambiguous.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between communications by or between Automattic and any third-party where the communication indicates on its face that Automattic knew that the third party was a customer of WPE, that is dated between September 20, 2024, and November 14, 2024, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 97.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg also objects to this Request on the grounds that it includes selective quotations that are argumentative and misrepresents it as Mullenweg's assertion. Mullenweg further objects to this Request on

the grounds that the "users," "business partners," "switched," "their business," and "over" are vague and ambiguous. Mullenweg further objects to this Request on the grounds that the "We'd happily have those [WPE] customers, and in fact we're getting a lot of them." is vague and ambiguous.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between communications by or between Mullenweg and any third-party where the communication indicates on its face that Mullenweg knew that the third party was a customer of WPE, that is dated between September 20, 2024, and November 14, 2024, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**REQUEST FOR PRODUCTION NO. 99.** All sales pitches, solicitations, or other Documents used by YOU to solicit new customers since September 20, 2024 that reference WPE in any way.

### DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 99.
Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request on the grounds that the "sales pitches," "solicitations," "solicit," and "customers" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected communications with third parties who, at the time of the communication, were not customers of Automattic, that reference WPE and are dated as of September 20, 2024, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

### DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 99.
Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request on the grounds that the "sales pitches," "solicitations," "solicit," and "customers" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected communications with third parties who, at the time of the communication, were not customers of Automattic, that reference WPE and are dated as of September 20, 2024, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**REQUEST FOR PRODUCTION NO. 108.** All Documents and Communications Relating to Mullenweg's claims made in his October 30, 2024 statement at TechCrunch Disrupt that "[WPE is] either gonna -- you know, like I said, we're at war with them. We're either going to go brick by brick and take -- us and other companies, take every single one of their customers or um, yeah, hopefully if they – they could end this all tomorrow but would happily negotiate, you know Heather, Lee, if you're watching this, like, happy to talk, you know how to reach me."

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 108.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic also objects to this Request on the grounds that it includes selective quotations that are argumentative and is duplicative of other requests. Automattic objects to this Request on the grounds that "either gonna -- you know, like I said, we're at war with them. We're either going to go brick by brick and take -- us and other companies, take every single one of their customers or um, yeah, hopefully if they – they could end this all tomorrow but would happily negotiate, you know Heather, Lee, if you're watching this, like, happy to talk, you know how to reach me" is vague and ambiguous. Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, that relate to the licensing of the Challenged Terms, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 108.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client

privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg also objects to this Request on the grounds that it includes selective quotations that are argumentative and is duplicative of other requests. Mullenweg objects to this Request on the grounds that "either gonna -- you know, like I said, we're at war with them. We're either going to go brick by brick and take -- us and other companies, take every single one of their customers or um, yeah, hopefully if they – they could end this all tomorrow but would happily negotiate, you know Heather, Lee, if you're watching this, like, happy to talk, you know how to reach me" is vague and ambiguous.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between August 1, 2024, and November 14, 2024, that relate to the licensing of the Challenged Terms, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**REQUEST FOR PRODUCTION NO. 111.** All Documents and Communications Relating to Automattic's market position and revenues, and any comparisons to WPE.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 111.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic objects to this Request on the grounds that "market position," "revenues," and "any comparisons" are vague and ambiguous. Automattic also objects to this Request on the grounds that it seeks information that is relevant to the claims at issue.

Subject to and without waiver of the foregoing objections, Automattic is willing to meet and confer with WPE regarding the scope of this Request.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 111.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client

privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg objects to this Request on the grounds that "market position," "revenues," and "any comparisons" are vague and ambiguous. Mullenweg also objects to this Request on the grounds that it seeks information that is relevant to the claims at issue.

Subject to and without waiver of the foregoing objections, Mullenweg is willing to meet and confer with WPE regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 118.** All Documents and Communications Relating to Automattic's performance since January 2023, and strategies for improving same.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 118.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic objects to this Request on the grounds that "performance," "strategies," and "improving" is vague and ambiguous. Automattic further objects to this Request on the grounds that it seeks information that is not relevant to the claims at issue.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 118.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg objects to this Request on the grounds that "performance," "strategies," and "improving" is vague and ambiguous. Mullenweg further objects to this Request on the grounds that it seeks information that is not relevant to the claims at issue.

**REQUEST FOR PRODUCTION NO. 119.** All Documents and Communications Relating to questions, concerns or feedback defendants have received at https://automattic.com/contact/ that reference WPE.

**DEFENDANT AUTOMATTIC'S RESPONSE TO REQUEST FOR PRODUCTION NO. 119.** Automattic incorporates by reference its General Objections and Objections to Definitions and Instructions. Automattic also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Automattic further objects to this Request as overbroad because it is not limited by time period. Automattic objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Automattic objects to this Request on the grounds that "concerns" and "feedback" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Automattic will produce nonprivileged, non-work protected documents dated between January 1, 2022, and November 14, 2024, that are responsive to this Request, to the extent they are in its possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Automattic, using (ii) specific search terms negotiated between the parties.

**DEFENDANT MULLENWEG'S RESPONSE TO REQUEST FOR PRODUCTION NO. 119.** Mullenweg incorporates by reference his General Objections and Objections to Definitions and Instructions. Mullenweg also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Mullenweg further objects to this Request as overbroad because it is not limited by time period. Mullenweg objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" documents as this would inherently include documents that are irrelevant and privileged. Mullenweg objects to this Request on the grounds that "concerns" and "feedback" are vague and ambiguous.

Subject to and without waiver of the foregoing objections, Mullenweg will produce nonprivileged, non-work product protected documents dated between January 1, 2022, and November 14, 2024, that are responsive to this Request, to the extent they are in his possession, custody, or control; not already produced; and relate to the claims or defenses at issue in this litigation. Unless otherwise expressly agreed in writing by the parties, a reasonably diligent search shall be limited to a search of (i) the files of specific custodians negotiated between the parties, whose files are in the possession, custody, or control of Mullenweg, using (ii) specific search terms negotiated between the parties.

**REQUEST FOR PRODUCTION NO. 120:** All Communications with GitHub or the GitHub Support team Relating to or involving the wordpressenginetracker.github.io repository, the domains.csv file, the URL https://raw.githubusercontent.com/wordpressenginetracker/wordpressenginetracker.github.io/226

b5b a00867830b227d448f4d1c80853bf699a9/domains.csv, or Defendants' attempts to comply with the Preliminary Injunction Order.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 120:** Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 97 and 98.

Subject to and without waiver of the foregoing objections, pursuant to the parties' negotiated agreement as to RFP No. 97, and as Defendants already proposed with respect to RFP No. 98 (and subject to the Court's ruling on the Joint Letter Brief (Dkt. 154) as to RFP No. 98), Defendants have performed a reasonable search for and produced (and will continue to produce on a rolling basis) nonprivileged, non-work product protected Documents and Communications Relating to all entities Defendants understood to be former customers, users, or business partners of WPE that have switched their business over from WPE to Defendants from January 1, 2023, to December 10, 2024, including materials responsive to this Request, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 121:** All Documents and Communications Relating to the creation, maintenance, and operation of the GitHub repository at wordpressenginetracker.github.io, including but not limited to the source of data used, methodologies for tracking website migrations, and access permissions.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 121:** Defendants incorporate by reference their General Objections and Objections. Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 97 and 98.

Subject to and without waiver of the foregoing objections, pursuant to the parties' negotiated agreement as to RFP No. 97, and as Defendants already proposed with respect to RFP No. 98 (and subject to the Court's ruling on the Joint Discovery Letter Brief (Dkt. 154) as to RFP No. 98), Defendants have performed a reasonable search for and produced (and will continue to produce on a rolling basis) nonprivileged, non-work product protected Documents and Communications Relating to all entities Defendants understood to be former customers, users, or business partners of WPE that have switched their business over from WPE to Defendants from January 1, 2023, to December 10, 2024, including materials responsive to this Request, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 122:** All Documents and Communications Relating to any tools, methods, or systems used by Defendants to track, measure, or estimate WPE customer

losses or website migrations away from WPE, including but not limited to algorithms, data sources, and validation processes.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**
> Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 97 and 98.
>
> Subject to and without waiver of the foregoing objections, pursuant to the parties' negotiated agreement as to RFP No. 97, and as Defendants already proposed with respect to RFP No. 98 (and subject to the Court's ruling on the Joint Discovery Letter Brief (Dkt. 154) as to RFP No. 98), Defendants have performed a reasonable search for and produced (and will continue to produce on a rolling basis) nonprivileged, non-work product protected Documents and Communications Relating to all entities Defendants understood to be former customers, users, or business partners of WPE that have switched their business over from WPE to Defendants from January 1, 2023, to December 10, 2024, including materials responsive to this Request, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 127:** All Documents and Communications with any private equity firm, investment bank, or financial advisor regarding potential acquisition, valuation, or investment related to WPE, from January 1, 2023 to present.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**
> Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 16 and 63.
>
> Subject to and without waiver of the foregoing objections, pursuant to the parties' negotiated agreement as to RFP No. 16, and as Defendants' already proposed with respect to RFP No. 63, Defendants have performed a reasonable search for and will produce on a rolling basis non-privileged, non-work product protected Documents and Communications Relating to any potential acquisition or investment (or divestment) in WPE dated between January 1, 2011, and December 10, 2024, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 128:** All Documents and Communications Relating to the expected costs for developing workarounds to Defendants' Acts of Interference.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**
> Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents

that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 4, 7, 8, and 9. Defendants object to the use of the term "workarounds" as vague and ambiguous. Defendants also object to this Request on the grounds that it is argumentative. Defendants further object to the use of the defined term "Acts of Interference."

Subject to and without waiver of the foregoing objections, pursuant to the parties' negotiated agreement as to RFP No. 4, and as Defendants already proposed with respect to RFP No. 7, Defendants have performed a reasonable search for and will produce non-privileged, non-work product protected Documents and Communications Relating to any blocking of the Subject Entities' access to, preventing the Subject Entities' access to, or interfering with the Subject Entities' use of or access to (including considering, implementing, or planning any of the foregoing):

i.      WordPress.org,

ii.     WordPress plugins, and/or

iii.    WordPress-related websites owned or operated by Defendants.

This will include relevant materials related to analyses of cost or impact of such alleged actions (or any "workarounds" thereto), to the extent to the extent they are in their possession, custody, or control. Pursuant to the parties' negotiated agreement with respect to RFP No. 4, for the purposes of this response only, "Subject Entities" shall mean (a) WPE, (b) those entities Defendants understood to be WPE's customers or users, (c) those entities Defendants understood to be affiliated with WPE, and/or (d) those entities Defendants understood to have a financial connection to WPE.

**REQUEST FOR PRODUCTION NO. 129:** All Documents and Communications Relating to the consequences Defendants expected to occur to the wider WordPress community as a result of Defendants' Acts of Interference.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 129:** Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 4, 7, 8, and 9. Defendants object to the use of the term "consequences" as vague and ambiguous. Defendants also object to this Request on the grounds that it is argumentative. Defendants further object to the use of the defined term "Acts of Interference."

Subject to and without waiver of the foregoing objections, pursuant to the parties' negotiated agreement as to RFP No. 4, and as Defendants already proposed with respect to RFP No. 7, Defendants have performed a reasonable search for and will produce non-privileged, non-work product protected Documents and Communications Relating to any blocking of the Subject Entities' access to, preventing the Subject Entities' access to, or

interfering with the Subject Entities' use of or access to (including considering, implementing, or planning any of the foregoing):

i.        WordPress.org,

ii.       WordPress plugins, and/or

iii.      WordPress-related websites owned or operated by Defendants.

This will include relevant materials related to analyses of cost or impact of such alleged actions (or any "workarounds thereto), to the extent to the extent they are in their possession, custody, or control. Pursuant to the parties' negotiated agreement with respect to RFP No. 4, for the purposes of this response only, "Subject Entities" shall mean (a) WPE, (b) those entities Defendants understood to be WPE's customers or users, (c) those entities Defendants understood to be affiliated with WPE, and/or (d) those entities Defendants understood to have a financial connection to WPE.

**REQUEST FOR PRODUCTION NO. 130:** All Documents and Communications Relating to any analyses, assessments, or projections of the financial impact of the dispute with WPE on Defendants, WPE, or the broader WordPress ecosystem.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**
Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request No. 1. Defendants also object to this Request on the grounds that it is argumentative. Defendants further object to the use of the defined term "Acts of Interference." Subject to and without waiver of the foregoing objections, pursuant to the parties' negotiated agreement as to RFP No. 1, Defendants have performed (and will continue to perform) a reasonable search for and produced (and will continue to produce on a rolling basis) non-privileged, non-work product protected Documents and Communications Relating to the consequences (financial or otherwise) of the dispute with WPE, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 132**: All Documents and Communications Relating to the impact of Defendants' actions on search engine optimization (SEO) or search rankings for WPE or websites hosted by WPE.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**
Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is not relevant to any claim or defense raised by WPE. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants further object to this Request as overbroad because it is not limited by time period. Defendants object to the use of the term "Defendants' actions" as vague and ambiguous. Defendants also object to this

Request on the grounds that it is argumentative. Defendants object to this Request on the grounds that it lacks foundation.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with WPE regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 133:** All Documents and Communications Relating to Defendants' awareness of, involvement in, or planning for any attempts to create a fork of WordPress independent of wordpress.org in response to the dispute with WPE.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**
> Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 103, 104, and 105. Defendants further object to this Request as overbroad because it is not limited by time period.
>
> Subject to and without waiver of the foregoing objections, as Defendants already proposed with respect to RFP Nos. 103, 104, and 105 (and subject to the Court's order on Joint Discovery Letter Brief (Dkt. 154) as to RFP Nos. 103, 104, and 105), Defendants have performed a reasonable search for and will produce non-privileged, non-work product protected Documents and Communications Relating to the ability to create or actual implementation of: (i) a version of the WordPress software that does not rely on WordPress.org; (ii) a "mirror" of WordPress.org's repositories; or (iii) a "fork" of the WordPress software, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 134:** All Documents and Communications Relating to Your review, analysis, evaluation, and/or discussion of competitive conditions in the markets for Web Content Management Systems, WordPress Web Hosting Services, WordPress Custom Field Plugins, and WordPress Plugin Distribution, as well as substitutes (or lack of substitutes) in these markets.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**
> Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 135, 136, 137, 138, 140, and 200. Defendants further object to this Request as overbroad because it is not limited by time period.
>
> Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with WPE regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 135:** All Documents and Communications Relating to Your Strengths, Weaknesses, Opportunities, and Threats ("SWOT") analyses and similar reports.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**
Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 134, 136, 137, 138, 140, and 200. Defendants further object to this Request as overbroad because it is not limited by time period.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with WPE regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 136:** All Documents and Communications Relating to competition between WPE, You, and/or other firms with respect to the provision of Web Content Management Systems, web hosting services, custom field plugins, and plugin distribution.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**
Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 134, 135, 137, 138, 140, and 200. Defendants further object to this Request as overbroad because it is not limited by time period.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with WPE regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 137:** All Documents and Communications Relating to the markets for Web Content Management Systems, WordPress Web Hosting Services, WordPress Custom Field Plugins, and WordPress Plugin Distribution, including but not limited to Your reports and analyses of market conditions and market shares of providers, Including You.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**
Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 134, 135, 136, 138, 140, and 200. Defendants further object to this Request as overbroad because it is not limited by time period.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with WPE regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 138:** All Documents and Communications Relating to barriers to entry in the markets for Web Content Management Systems, WordPress Web Hosting Services, WordPress Custom Field Plugins, and WordPress Plugin Distribution.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**
Defendants incorporate by reference their General Objections and Objections. Defendants

object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 134, 135, 136, 137, 140, and 200. Defendants further object to this Request as overbroad because it is not limited by time period.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with WPE regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 140:** All Documents and Communications Relating to the effect of Your statements Regarding free and open access to wordpress.org on competition between WordPress and other web content management systems.

### DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 140:

Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request No. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 39, 134, 135, 136, 137, 138, and 200. Defendants further object to this Request as overbroad because it is not limited by time period. Defendants object to the use of the term "effect of Your statements" as vague and ambiguous.

Subject to and without waiver of the foregoing objections, pursuant to the parties' negotiated agreement as to RFP No. 39, Defendants have performed a reasonable search for and produced (and will continue to produce on a rolling basis), non-work product protected Documents and Communications Relating to statements Relating to the ownership, control, or access to WordPress.org, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 141:** All Documents and Communications Relating to Defendants' knowledge of, involvement with, or response to any attempts to create alternative plugin distribution channels outside of wordpress.org.

### DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 141:

Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request No. 103, 104, and 105. Defendants further object to this Request as overbroad because it is not limited by time period. Defendants object to the use of the term "alternative plugin distribution channels" as vague and ambiguous.

Subject to and without waiver of the foregoing objections, as Defendants already proposed with respect to RFP Nos. 103, 104, and 105 (and subject to the Court's order on Joint Discovery Letter Brief (Dkt. 154) as to RFP Nos. 103, 104, and 105), Defendants have

performed a reasonable search for and will produce non-privileged, non-work product protected Documents and Communications Relating to the ability to create or actual implementation of an alternative source for plugin distribution other than WordPress.org, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 142:** All Documents and Communications Relating to Your revision of the login checkbox on wordpress.org to state "Pineapple is delicious on pizza."

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**
> Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants further object to the relevance of this Request. Defendants further object to the relevance of this Request. Subject to and without waiver of the foregoing objections, Defendants will perform a reasonable search for and produce non-privileged, non-work product protected Documents and Communications responsive to this request, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 143:** Documents sufficient to show Your document retention and/or destruction policies, procedures, and practices, Including any departure or variance from those policies, procedures, and/or practices.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**
> Defendants incorporate by reference their General Objections and Objections. Defendants further object to this Request as overbroad because it is not limited by time period. Defendants object to this Request on the grounds that it lacks foundation.
>
> Subject to and without waiver of the foregoing objections, Defendants will perform a reasonable search for and produce Documents sufficient to show the relevant official Automattic policies, procedures, and practices, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 144:** All Documents Relating to Your antitrust policies— Including any training, guidelines, presentations, seminars, programs, and/or memoranda related to federal, state, or international antitrust, abuse of dominance, anti-monopoly, anti-cartel, and/or competition laws—as well as any departures or variances from those policies.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**
> Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants further object to this Request as overbroad because it is not limited by time period. Defendants object to this Request on the grounds that it lacks foundation. Defendants also objects to this Request to the extent it seeks communications, documents, and/or things protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection.

Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with WPE regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 145:** All Documents and Communications that you have provided to, received from, exchanged with, or had with any governmental entities or officials concerning this litigation or the subject matter of this litigation, Including regulatory, prosecutorial, or legislative entities.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**
> Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants further object to this Request as overbroad because it is not limited by time period. Defendants object to this Request on the grounds that it lacks foundation.
>
> Subject to and without waiver of the foregoing objections, Defendants are willing to meet and confer with WPE regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 147:** Documents sufficient to show each unique advertisement or promotional effort concerning ACF or SCF.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**
> Defendants incorporate by reference their General Objections and Objections. Defendants further object to this Request as overbroad because it is not limited by time period. Defendants object to this Request on the grounds that it is duplicative of (at least) Request No. 7. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, as it is not proportional to the needs of the case.
>
> Subject to and without waiver of the foregoing objections, as Defendants already agreed to with respect to RFP No. 7, and consistent with Defendants' RFP No. 105 (and Plaintiff's responses thereto), Defendants will perform a reasonable search for and produce nonprivileged, non-work product protected Documents and Communications Relating to WPE's Advanced Custom Fields plugin or SCF, including at least one copy of each of its external U.S. advertising, marketing, and promotional material showing use of the Advanced Custom Fields Marks and ACF Marks from the date of WPE's first use to December 10, 2024, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 148:** Documents sufficient to show Your monthly advertising and promotion expenditures and advertising and promotion budgets for ACF or SCF.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**
> Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 7 and 149. Defendants further object to this Request as overbroad because it is not limited by time period. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, as it is not proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, as Defendants already agreed to with respect to RFP No. 7, and consistent with Defendants' RFP No. 106 (and Plaintiff's responses thereto), Defendants will perform a reasonable search for and produce non-privileged, non-work product protected Documents and Communications Relating to WPE's Advanced Custom Fields plugin or SCF, including Documents sufficient to show annual marketing and advertising expenditures for marketing using the Advanced Custom Fields Marks and ACF Marks through December 10, 2024, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 149:** Documents sufficient to show Your monthly advertising and promotion expenditures and advertising and promotion budgets for ACF or SCF.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**
Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 7 and 148. Defendants further object to this Request as overbroad because it is not limited by time period. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, as it is not proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, as Defendants already agreed to with respect to RFP No. 7, and consistent with Defendants' RFP No. 106 (and Plaintiff's responses thereto), Defendants will perform a reasonable search for and produce non-privileged, non-work product protected Documents and Communications Relating to WPE's Advanced Custom Fields plugin or SCF, including Documents sufficient to show annual marketing and advertising expenditures for marketing using the Advanced Custom Fields Marks and ACF Marks through December 10, 2024, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 150:** Documents sufficient to show each unique targeted marketing or sales outreach communication concerning ACF or SCF.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**
Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 7, 147, 151, and 153. Defendants further object to this Request as overbroad because it is not limited by time period. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, as it is not proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, as Defendants already agreed to with respect to RFP No. 7, and consistent with Defendants' RFP No. 105 (and Plaintiff's responses thereto), Defendants will perform a reasonable search for and produce non-privileged, non-work product protected Documents and Communications Relating to WPE's Advanced Custom Fields plugin or SCF, including Documents responsive to this Request, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 151:** Documents reflecting Your Communications with third parties concerning Your marketing and promotional efforts Regarding ACF or SCF.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**
Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 7, 99, and 153. Defendants further object to this Request as overbroad because it is not limited by time period. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, as it is not proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, as Defendants already agreed to with respect to RFP No. 7, Defendants will perform a reasonable search for and produce non-privileged, non-work product protected Documents and Communications Relating to WPE's Advanced Custom Fields plugin or Secure Custom Fields, including Documents responsive to this Request, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 152:** Documents and Communications Regarding any list, directory, or register of customers You generated for ACF or SCF before December 13th, 2024.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 152**:
Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 7, 147, 148, 149, 150, 151, and 153. Defendants further object to this Request as overbroad because it is not limited by time period. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, as it is not proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, as Defendants already agreed to with respect to RFP No. 7, Defendants will perform a reasonable search for and produce non-privileged, non-work product protected Documents and Communications Relating to WPE's Advanced Custom Fields plugin or Secure Custom Fields, including Documents responsive to this Request, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 153:** All Documents and Communications Regarding Your attempts to solicit customers of ACF.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**
Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 7, 147, 148, 149, 150, 151, and 152. Defendants further object to this Request as overbroad because it is not limited by time period. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, as it is not proportional to the needs of the case.

Subject to and without waiver of the foregoing objections, as Defendants already agreed to with respect to RFP No. 7, Defendants will perform a reasonable search for and produce non-privileged, non-work product protected Documents and Communications Relating to WPE's Advanced Custom Fields plugin or Secure Custom Fields, including Documents responsive to this Request, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 154:** All Documents and Communications Mullenweg and/or Mark Davies have sent or received that mention WPE, any infringement of or actual or potential trademark license to the Challenged Terms, the Preliminary Injunction Order, or this litigation.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**
> Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 1, 45, 52, and 156. Defendants further object to this Request as overbroad because it is not limited by time period.
>
> Subject to and without waiver of the foregoing objections, Defendants respond as follows: (1) pursuant to the parties' negotiated agreement with respect to RFP No. 1, Defendants have performed a reasonable search for and produced (and will continue to produce on a rolling basis) non-privileged, non-work product protected Documents and Communications Relating to the dispute with WPE; (2) as Defendants already proposed with respect to RFP No. 45, Defendants have performed a reasonable search for and produced (and will continue to produce on a rolling basis) non-privileged, non-work product protected Documents and Communications dated between January 1, 2010, and November 14, 2024, that Relate to WPE and the Challenged Terms; to the extent (1) and/or (2) are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 156:** All Documents and Communications Relating to Your analysis or assessment of WPE's use and/or alleged infringement of the Challenged Terms.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**
> Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 45, 52, 54, 68, 72, and 154. Defendants further object to this Request as overbroad because it is not limited by time period.
>
> Subject to and without waiver of the foregoing objections, as Defendants already proposed in response to RFP No. 52, Defendants have performed a reasonable search for and produced (and will continue to produce on a rolling basis) non-privileged, non-work product protected Documents and Communications dated January 1, 2010, through November 14, 2024, that Relate to WPE's use of the Challenged Terms, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 157:** All Documents and Communications Relating to Your efforts to recruit WPE employees, Including Jason Bahl.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**
> Defendants incorporate by reference their General Objections and Objections. Defendants

object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request No. 14. Defendants further object to this Request as overbroad because it is not limited by time period.

Subject to and without waiver of the foregoing objections, as Defendants already proposed in response to RFP No. 14, Defendants have performed a reasonable search for and produced (and will continue to produce on a rolling basis) non-privileged, non-work product protected Documents and Communications responsive to the request from January 1, 2023, to December 10, 2024, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 162:** All Documents and Communications concerning the creation of the website www.wordpressenginetracker.com, including the domains.csv file that was linked thereto.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 162:** Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 97 and 98.

Subject to and without waiver of the foregoing objections, pursuant to the parties' negotiated agreement with respect to RFP No. 97, and as Defendants already agreed with respect to RFP No. 98 (and subject to the Court's ruling on the Joint Discovery Letter Brief (Dkt. 154) as to RFP No. 98), Defendants have performed a reasonable search for and produced (and will continue to produce on a rolling basis) non-privileged, non-work product protected Documents and Communications Relating to all entities Defendants understood to be former customers, users, or business partners of WPE that have switched their business over from WPE to Defendants from January 1, 2023, to December 10, 2024, including materials responsive to this Request, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 166:** All Documents and Communications Relating to Your use of ephemeral communication platforms, excluding email platforms, that automatically erase or can be set to automatically erase information transmitted between parties immediately or after a short amount of time.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 166:** Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants further object to this Request as overbroad because it is not limited by time period.

Subject to and without waiver of the foregoing objections, Defendants will perform a reasonable search for and produce non-privileged, non-work product protected Documents sufficient to show the relevant official Automattic policies, procedures, and practices Relating to ephemeral messaging, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 177:** Documents sufficient to show how the search function on the wordpress.org plugin directory, available at https://wordpress.org/plugins/, operates, including whether results are returned based on keywords, AI, or natural language processing, and whether it employs a firewall, blacklist, blocklist, or access restriction of any kind.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**
> Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 6, 132, 178, 179, and 180. Defendants further object to this Request as overbroad because it is not limited by time period. Subject to and without waiver of the foregoing objections, Defendants will perform a reasonable search for and produce non-privileged, non-work product protected Documents responsive to this request, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 178:** Documents sufficient to show all ways search results are or have been prioritized in response to search queries on the wordpress.org plugin directory, available at https://wordpress.org/plugins/

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 178:**
> Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 6, 132, 177, 179, and 180. Defendants further object to this Request as overbroad because it is not limited by time period.
>
> Subject to and without waiver of the foregoing objections, Defendants will perform a reasonable search for and produce non-privileged, non-work product protected Documents responsive to this request, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 179:** All Documents and Communications Relating to any changes to the operation of the search function on the wordpress.org plugin directory, available at https://wordpress.org/plugins/, from January 1, 2018 to present.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 179:**
> Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 6, 132, 177, 178, and 180.
>
> Subject to and without waiver of the foregoing objections, Defendants will perform a reasonable search for and produce non-privileged, non-work product protected Documents

responsive to this request dated August 1, 2024, to December 10, 2024, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 180:** Documents sufficient to show all reasons for any changes to the operation of the search function on the wordpress.org plugin directory, available at https://wordpress.org/plugins/, from January 1, 2018 to present.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 180:** Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 6, 132, 177, 178, and 179. Defendants object to the time frame specified in the Request as unduly burdensome.
>
> Subject to and without waiver of the foregoing objections, Defendants will perform a reasonable search for and produce non-privileged, non-work product protected Documents responsive to this request, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 189:** All Documents and Communications, including with any third party, that suggest, assume, inquire about, or refer to an association, connection, or relationship between ACF or WP Engine and SCF.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 189:** Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 7, 190, 191, 192, 193, 194, 202, and 203. Defendants further object to this Request as overbroad because it is not limited by time period.
>
> Subject to and without waiver of the foregoing objections, as Defendants already agreed to with respect to RFP No. 7, Defendants will perform a reasonable search for and produce non-privileged, non-work product protected Documents and Communications Relating to WPE's Advanced Custom Fields plugin or Secure Custom Fields, including Documents responsive to this Request, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 190:** All Documents and Communications, including with any third party, Relating to any complaints, dissatisfaction, frustration, or criticism Relating to ACF.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 190:** Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 7, 189, 191, 192, 193, 194, 202, and 203. Defendants further object to this Request as overbroad because it is not limited by time period.

Subject to and without waiver of the foregoing objections, as Defendants already agreed to with respect to RFP No. 7, Defendants will perform a reasonable search for and produce non-privileged, non-work product protected Documents and Communications Relating to WPE's Advanced Custom Fields plugin or Secure Custom Fields, including Documents responsive to this Request, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 191:** All Documents and Communications, including with any third party, Relating to any complaints, dissatisfaction, frustration, or criticism Relating to SCF.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 191:**
> Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 7, 189, 190, 192, 193, 194, 202, and 203. Defendants further object to this Request as overbroad because it is not limited by time period. Subject to and without waiver of the foregoing objections, as Defendants already agreed to with respect to RFP No. 7, Defendants will perform a reasonable search for and produce non-privileged, non-work product protected Documents and Communications Relating to WPE's Advanced Custom Fields plugin or Secure Custom Fields, including Documents responsive to this Request, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 192:** All Documents and Communications Relating to any statements by Defendants Regarding ACF.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 192:**
> Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 7, 189, 190, 191, 193, 194, 202, and 203. Defendants further object to this Request as overbroad because it is not limited by time period.
>
> Subject to and without waiver of the foregoing objections, as Defendants already agreed to with respect to RFP No. 7, Defendants will perform a reasonable search for and produce non-privileged, non-work product protected Documents and Communications Relating to WPE's Advanced Custom Fields plugin or Secure Custom Fields, including Documents responsive to this Request, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 193:** All Documents and Communications Relating to any statements by Defendants Regarding SCF.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 193:**
> Defendants incorporate by reference their General Objections and Objections. Defendants

object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 7, 189, 190, 191, 192, 194, 202, and 203. Defendants further object to this Request as overbroad because it is not limited by time period.

Subject to and without waiver of the foregoing objections, as Defendants already agreed to with respect to RFP No. 7, Defendants will perform a reasonable search for and produce non-privileged, non-work product protected Documents and Communications Relating to WPE's Advanced Custom Fields plugin or Secure Custom Fields, including Documents responsive to this Request, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 194:** All Documents and Communications Relating to the development of SCF.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 194:** Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 7, 189, 190, 191, 192, 193, 202, and 203. Defendants further object to this Request as overbroad because it is not limited by time period.

Subject to and without waiver of the foregoing objections, as Defendants already agreed to with respect to RFP No. 7, Defendants will perform a reasonable search for and produce non-privileged, non-work product protected Documents and Communications Relating to WPE's Advanced Custom Fields plugin or Secure Custom Fields, including Documents responsive to this Request, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 195:** All Documents and Communications Relating to the reinstatement or unblocking of user accounts from wordpress.org or the WordPress Slack channel, the reasons for reinstating or unblocking the user accounts, the criteria used to determine which accounts to reinstate or unblock, and the identity of all users reinstated or unblocked.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 195:** Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 3 and 39. Defendants further object to this Request as overbroad because it is not limited by time period.

Subject to and without waiver of the foregoing objections, pursuant to the parties' negotiated agreement with respect to RFP No. 3, Defendants have performed a reasonable search for and produced (and will continue to produce on a rolling basis) non-privileged,

non-work product protected Documents and Communications Relating to any blocking of the Subject Entities' access to, preventing the Subject Entities' access to, or interfering with the Subject Entities' use of or access to (including considering, implementing, or planning any of the foregoing), dated between August 1, 2024, and November 14, 2024, to the extent they are in their possession, custody, or control, and not already produced; and Relate to the claims or defenses at issue in this litigation:

i.      WordPress.org,

ii.     WordPress plugins, and/or

iii.    WordPress-related websites owned or operated by Defendants.

Pursuant to the parties' negotiation, for the purposes of this response only, "Subject Entities" shall mean (a) WPE, (b) those entities Defendants understood to be WPE's customers or users, (c) those entities Defendants understood to be affiliated with WPE, and/or (d) those entities Defendants understood to have a financial connection to WPE.

**REQUEST FOR PRODUCTION NO. 197:** All Documents concerning the demographic makeup of Your actual and target customers or consumers, including but not limited to any investigations, surveys, studies, research, polls, and focus groups.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 197:**
> Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants further object to this Request as overbroad because it is not limited by time period.
>
> Subject to and without waiver of the foregoing objections, consistent with Defendants' RFP No. 32 (and Plaintiff's response thereto), Defendants will perform a reasonable search for and produce non-privileged, non-work product protected Documents sufficient to show the demographic makeup of Automattic's actual and target customers or consumers, including but not limited to any investigations, surveys, studies, research, polls, and focus groups, from 2018 to present, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 205:** All Documents concerning the importance, role, or significance of the Challenged Terms in connection with advertising, promoting, marketing, selling, offering, or distributing Your products and services.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 205:**
> Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 57, 58, 59, 60, and 62. Defendants further object to this Request as overbroad because it is not limited by time period.

Subject to and without waiver of the foregoing objections, as Defendants already proposed with respect to RFP No. 57, Defendants have performed a reasonable search for and produced (and will continue to produce on a rolling basis) non-privileged, non-work product protected Documents Relating to the WordPress or WooCommerce Marks that are dated between January 1, 2010, to November 14, 2024, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 206:** All Documents concerning whether and to what extent Your products and services can be identified without use of the WordPress Marks and/or the WooCommerce Marks.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 206:** Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 57, 60, and 62. Defendants further object to this Request as overbroad because it is not limited by time period.

Subject to and without waiver of the foregoing objections, as Defendants already proposed with respect to RFP No. 57, Defendants have performed a reasonable search for and produced (and will continue to produce on a rolling basis) non-privileged, non-work product protected Documents Relating to the WordPress or WooCommerce Marks that are dated between January 1, 2010, to November 14, 2024, to the extent they are in their possession, custody, or control. Because Defendants have been and continue to be integral to the creation, management, improvement, marketing, and offering of products and services offered under the WordPress and WooCommerce Marks, and because Defendant Automattic makes extensive use of the WordPress and WooCommerce Marks in its business subject to license agreements, Defendants are not aware of any documents that show Defendants' products and services cannot be identified without use of the WordPress or WooCommerce Marks.

**REQUEST FOR PRODUCTION NO. 207:** All investigations, surveys, studies, research, polls, and focus groups concerning Your actual and target customers' or consumers' knowledge of WPE, its products, services, advertisements, public statements, or Internet websites.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 207:** Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request No. 55. Defendants further object to this Request as overbroad because it is not limited by time period.

Subject to and without waiver of the foregoing objections, as Defendants already proposed to with respect to RFP No. 55, Defendants have performed a reasonable search for and produced (and will continue to produce on a rolling basis) non-privileged, non-work

product protected Documents and Communications Relating to confusion Relating to the Challenged Terms, dated between January 1, 2010, and November 14, 2024, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 208:** All Documents concerning any investigations, surveys, studies, research, polls and focus groups of customer or consumer perception of Your goods and services, and the Challenged Terms.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 208:**
> Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 55, 57, 60, and 62. Defendants further object to this Request as overbroad because it is not limited by time period.
>
> Subject to and without waiver of the foregoing objections, as Defendants already proposed to with respect to RFP No. 55, and consistent with Defendants' RFP No. 34 (and Plaintiff's response thereto), Defendants have performed a reasonable search for and produced (and will continue to produce on a rolling basis) non-privileged, non-work product protected Documents and Communications Relating to confusion Relating to the Challenged Terms, dated between January 1, 2010, and November 14, 2024, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 209:** Exemplars of each unique instance of advertising, promotional, and marketing materials in each media utilized (e.g., print, television, radio, Internet, billboards) to advertise Your products and services Related to WordPress.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 209:**
> Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 19, 59, and 99. Defendants further object to this Request as overbroad because it is not limited by time period.
>
> Subject to and without waiver of the foregoing objections, consistent with Defendants' RFP No. 36 (and Plaintiff's response thereto), Defendants will perform a reasonable search for and produce non-privileged, non-work product protected Documents sufficient to show one copy of each of Defendants' external U.S. advertising, marketing, and promotional material that reference the WordPress or WooCommerce Challenged Terms, dated from January 1, 2023, through November 14, 2024, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 210:** Documents sufficient to identify annual marketing and advertising expenditures for Your advertising, marketing and promotional material containing or using the terms "WordPress," "WooCommerce," or "Woo," including without limitation sponsored advertisements, keywords, and social media advertising.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 210:**
Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 19, 59, and 99. Defendants further object to this Request as overbroad because it is not limited by time period.

Subject to and without waiver of the foregoing objections, consistent with Defendants' RFP No. 37 (and Plaintiff's response thereto), Defendants will perform a reasonable search for and produce non-privileged, non-work product protected Documents sufficient to show annual marketing expenses solely for marketing that displays the marks (i.e., "WordPress," "WooCommerce," or "Woo"), as opposed to marketing that does not, dated from January 1, 2023, to December 14, 2024, present, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 211:** All Documents concerning any valuation of the Challenged Terms.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 211:**
Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 43 and 46. Defendants further object to this Request as overbroad because it is not limited by time period.

Subject to and without waiver of the foregoing objections, as Defendants already proposed to with respect to RFP No. 46, Defendants have performed a reasonable search for and produced (and will continue to produce on a rolling basis) non-privileged, non-work product protected Documents and Communications Relating to any enforcement, potential enforcement, licensing, or monetization of the Challenged Terms, dated between January 1, 2010, and November 14, 2024, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 212:** All Communications received in any forum, including https://automattic.com/contact/, where You solicit, collect, or aggregate customer or consumer support requests that reference WPE, its products, services, or Internet websites.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 212:**
Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 12, 14, 15, 55, 98, and 119. Defendants further object to this Request as overbroad because it is not limited by time period.

Subject to and without waiver of the foregoing objections, as Defendants already proposed with respect to RFP Nos. 12, 15, and 119, Defendants have performed a reasonable search for and produced (and will continue to produce on a rolling basis) non-privileged, non-work product protected Documents Relating to customer Communications regarding WPE, dated between January 1, 2018, and November 14, 2024, including Documents responsive to this request, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 213:** All Documents, including Communications with any third party, that suggest an association between You and WPE, and/or any products and services offered by WPE.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 213:**
> Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 10, 55, 56, and 72. Defendants further object to this Request as overbroad because it is not limited by time period. Subject to and without waiver of the foregoing objections, and consistent with what Defendants already proposed with respect to RFP No. 56, Defendants have performed a reasonable search for and produced (and will continue to produce on a rolling basis) non-privileged, non-work product protected Documents and Communications, including with any third party, that suggests an association between Defendants and WPE, and/or any products and services offered by WPE, dated between January 1, 2010, and November 14, 2024, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 214:** All Documents and Communications Related to the valuation of the WordPress Foundation's assets on IRS Form 990.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 214:**
> Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request No. 32. Defendants further object to this Request as overbroad because it is not limited by time period. Defendants object to this Request on the grounds that it lacks foundation.
>
> Subject to and without waiver of the foregoing objections, pursuant to the parties' negotiated agreement with respect to RFP No. 32, Defendants have performed a reasonable search for and produced (and will continue to produce on a rolling basis) non-privileged, non-work product protected Documents and Communications Relating to the following topics, to the extent they are in their possession, custody, or control:
>
> a.    Governance Documents (including, but not limited to, organizational Documents and board minutes);
>
> b.    Documents related to the donation of trademarks and assignment of trademarks;
>
> c.    Documents concerning contracts, loans, leases or other financial transactions between the WordPress Foundation and any officer, director, trustee, or employee of the WordPress Foundation, either directly or with an entity in which any such officer, director, trustee or employee had any financial interest;
>
> d.    Documents concerning any conflicts of interest;

e.      Regulatory filings or submissions related to trademarks; contracts, loans, leases or other financial transactions between the WordPress Foundation and any officer, director, trustee, or employee of the WordPress Foundation, either directly or with an entity in which any such officer, director, trustee or employee had any financial interest; antitrust or competition issues; statements regarding the "free" or "open" nature of WordPress; any "markets" alleged in the FAC; or the WordPress Foundation's organizational purpose or mission; and

f.      Documents sufficient to show charitable donations valued at $1,000 or more (whether monetary, via provision of free services or products, or in-kind donations) made to the WordPress Foundation, including the dates of each donation, the identity of the donor, and any conditions or restrictions attached to said donations.

Defendants do not intend to produce tax returns which are protected from disclosure under California law.

**REQUEST FOR PRODUCTION NO. 215:** All Documents and Communications Related to the valuation of the WordPress Foundation's assets on the California Form RRF-1.

### DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 215:

Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request No. 32. Defendants further object to this Request as overbroad because it is not limited by time period.

Subject to and without waiver of the foregoing objections, pursuant to the parties' negotiated agreement as to RFP No. 32, Defendants have performed a reasonable search for and produced (and will continue to produce on a rolling basis) non-privileged, non-work product protected Documents and Communications Relating to the following topics, to the extent they are in their possession, custody, or control:

a.      Governance Documents (including, but not limited to, organizational Documents and board minutes);

b.      Documents related to the donation of trademarks and assignment of trademarks;

c.      Documents concerning contracts, loans, leases or other financial transactions between the WordPress Foundation and any officer, director, trustee, or employee of the WordPress Foundation, either directly or with an entity in which any such officer, director, trustee or employee had any financial interest;

d.      Documents concerning any conflicts of interest;

e.      Regulatory filings or submissions related to trademarks; contracts, loans, leases or other financial transactions between the WordPress Foundation and any officer, director, trustee, or employee of the WordPress Foundation, either directly or with an entity in which

any such officer, director, trustee or employee had any financial interest; antitrust or competition issues; statements regarding the "free" or "open" nature of WordPress; any "markets" alleged in the FAC; or the WordPress Foundation's organizational purpose or mission; and

f.      Documents sufficient to show charitable donations valued at $1,000 or more (whether monetary, via provision of free services or products, or in-kind donations) made to the WordPress Foundation, including the dates of each donation, the identity of the donor, and any conditions or restrictions attached to said donations.

Defendants do not intend to produce tax returns which are protected from disclosure under California law.

**REQUEST FOR PRODUCTION NO. 216:** All Documents and Communications Related to the WordPress Foundation's consideration of submitting Schedule L of IRS Form 990 to the IRS.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 216:**
Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request No. 32. Defendants further object to this Request as overbroad because it is not limited by time period.

Subject to and without waiver of the foregoing objections, pursuant to the parties' negotiated agreement as to RFP No. 32, Defendants have performed a reasonable search for and produced (and will continue to produce on a rolling basis) non-privileged, non-work product protected Documents and Communications Relating to the following topics, to the extent they are in their possession, custody, or control, and not already produced; and Relate to the claims or defenses at issue in this litigation:

a.      Governance Documents (including, but not limited to, organizational Documents and board minutes);

b.      Documents related to the donation of trademarks and assignment of trademarks;

c.      Documents concerning contracts, loans, leases or other financial transactions between the WordPress Foundation and any officer, director, trustee, or employee of the WordPress Foundation, either directly or with an entity in which any such officer, director, trustee or employee had any financial interest;

d.      Documents concerning any conflicts of interest;

e.      Regulatory filings or submissions related to trademarks; contracts, loans, leases or other financial transactions between the WordPress Foundation and any officer, director, trustee, or employee of the WordPress Foundation, either directly or with an entity in which any such officer, director, trustee or employee had any financial interest; antitrust or competition issues; statements regarding the "free" or "open" nature of WordPress; any

"markets" alleged in the FAC; or the WordPress Foundation's organizational purpose or mission; and

f.      Documents sufficient to show charitable donations valued at $1,000 or more (whether monetary, via provision of free services or products, or in-kind donations) made to the WordPress Foundation, including the dates of each donation, the identity of the donor, and any conditions or restrictions attached to said donations.

Defendants do not intend to produce tax returns which are protected from disclosure under California law.

**REQUEST FOR PRODUCTION NO. 217:** All Documents and Communications Related to (i) the WordPress Foundation's consideration of a conflict of interest policy; and (ii) any conflict of interest policy adopted by the WordPress Foundation.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 217:** Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request No. 32. Defendants further object to this Request as overbroad because it is not limited by time period.

Subject to and without waiver of the foregoing objections, pursuant to the parties' negotiated agreement as to RFP No. 32, Defendants have performed a reasonable search for and produced (and will continue to produce on a rolling basis) non-privileged, non-work product protected Documents and Communications Relating to the following topics, including Documents responsive to this request, to the extent they are in their possession, custody, or control:

a.      Governance Documents (including, but not limited to, organizational Documents and board minutes);

b.      Documents related to the donation of trademarks and assignment of trademarks;

c.      Documents concerning contracts, loans, leases or other financial transactions between the WordPress Foundation and any officer, director, trustee, or employee of the WordPress Foundation, either directly or with an entity in which any such officer, director, trustee or employee had any financial interest;

d.      Documents concerning any conflicts of interest;

e.      Regulatory filings or submissions related to trademarks; contracts, loans, leases or other financial transactions between the WordPress Foundation and any officer, director, trustee, or employee of the WordPress Foundation, either directly or with an entity in which any such officer, director, trustee or employee had any financial interest; antitrust or competition issues; statements regarding the "free" or "open" nature of WordPress; any

"markets" alleged in the FAC; or the WordPress Foundation's organizational purpose or mission; and

f.    Documents sufficient to show charitable donations valued at $1,000 or more (whether monetary, via provision of free services or products, or in-kind donations) made to the WordPress Foundation, including the dates of each donation, the identity of the donor, and any conditions or restrictions attached to said donations.

**REQUEST FOR PRODUCTION NO. 218:** All Documents and Communications Related to any investigation of the WordPress Foundation or inquiry directed to the WordPress Foundation by the IRS, California Attorney General, or any other governmental or administrative agency since 2006 Related to any actual or potential non-disclosure of conflicts of interest, any actual or potential non-disclosure of related-party transactions, or any inaccurate or incomplete information on any form or Document submitted by the WordPress Foundation to the IRS, California Attorney General, or any other governmental or administrative agency.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 218:** Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request No. 32. Defendants further object to this Request as overbroad because it is not limited by time period.

Subject to and without waiver of the foregoing objections, pursuant to the parties' negotiated agreement as to RFP No. 32, Defendants have performed a reasonable search for and produced (and will continue to produce on a rolling basis) non-privileged, non-work product protected Documents and Communications Relating to the following topics, to the extent they are in their possession, custody, or control:

a.    Governance Documents (including, but not limited to, organizational Documents and board minutes);

b.    Documents related to the donation of trademarks and assignment of trademarks;

c.    Documents concerning contracts, loans, leases or other financial transactions between the WordPress Foundation and any officer, director, trustee, or employee of the WordPress Foundation, either directly or with an entity in which any such officer, director, trustee or employee had any financial interest;

d.    Documents concerning any conflicts of interest;

e.    Regulatory filings or submissions related to trademarks; contracts, loans, leases or other financial transactions between the WordPress Foundation and any officer, director, trustee, or employee of the WordPress Foundation, either directly or with an entity in which any such officer, director, trustee or employee had any financial interest; antitrust or competition issues; statements regarding the "free" or "open" nature of WordPress; any

"markets" alleged in the FAC; or the WordPress Foundation's organizational purpose or mission; and

f.    Documents sufficient to show charitable donations valued at $1,000 or more (whether monetary, via provision of free services or products, or in-kind donations) made to the WordPress Foundation, including the dates of each donation, the identity of the donor, and any conditions or restrictions attached to said donations.

Defendants do not intend to produce tax returns which are protected from disclosure under California law.

**REQUEST FOR PRODUCTION NO. 219:** All Documents and Communications Relating to revenue, royalties, fees, or other compensation received by Defendants from licensing or otherwise monetizing the Challenged Terms.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 219:**
Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 43, 46, 220, 221, and 223. Defendants further object to this Request as overbroad because it is not limited by time period.

Subject to and without waiver of the foregoing objections, as Defendants already proposed with respect to RFP No. 46, Defendants have performed a reasonable search for and produced (and will continue to produce on a rolling basis) non-privileged, non-work product protected Documents and Communications Relating to any enforcement, potential enforcement, licensing, or monetization of the Challenged Terms, dated between January 1, 2010, and November 14, 2024, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 220:** All Documents, Including but not limited to financial records, accounting statements, profit and loss statements, or revenue reports, that reflect income derived from the Challenged Terms.

**DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 220:**
Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 43, 46, 220, 221, and 223. Defendants further object to this Request as overbroad because it is not limited by time period.

Subject to and without waiver of the foregoing objections, as Defendants already proposed with respect to RFP No. 46, Defendants have performed a reasonable search for and produced (and will continue to produce on a rolling basis) non-privileged, non-work product protected Documents and Communications Relating to any enforcement, potential enforcement, licensing, or monetization of the Challenged Terms, dated between January

1, 2010, and November 14, 2024, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 221:** All Documents, Including but not limited to, any investigations, studies, research, or non-privileged opinions Relating to the decision whether to license or otherwise monetize the Challenged Terms.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 221:**
> Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 23, 43, 46, 219, 220, and 223. Defendants further object to this Request as overbroad because it is not limited by time period.
>
> Subject to and without waiver of the foregoing objections, as Defendants already proposed with respect to RFP No. 46, Defendants have performed a reasonable search for and produced (and will continue to produce on a rolling basis) non-privileged, non-work product protected Documents and Communications Relating to any enforcement, potential enforcement, licensing, or monetization of the Challenged Terms, dated between January 1, 2010, and November 14, 2024, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 222:** All Documents in which You represented or implied that You would not pursue Your legal rights in the Challenged Terms.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 222:**
> Defendants incorporate by reference their General Objections and Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 23, 43, 46, and 54. Defendants further object to this Request as overbroad because it is not limited by time period. Subject to and without waiver of the foregoing objections, as Defendants already proposed to with respect to RFP No. 46, Defendants have performed a reasonable search for and produced (and will continue to produce on a rolling basis) non-privileged, non-work product protected Documents and Communications Relating to any enforcement, potential enforcement, licensing, or monetization of the Challenged Terms, including Documents responsive to this Request, dated between January 1, 2010, and November 14, 2024, to the extent they are in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 223:** All Documents Relating to any discussions, investigations, studies, research, or non-privileged opinions Relating to the decision whether and on what terms to license the Challenged Terms.

> **DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 223:**
> Defendants incorporate by reference their General Objections and Objections. Defendants

object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that this request seeks "all" Documents as this would inherently include Documents that are irrelevant and privileged. Defendants object to this Request on the grounds that it is duplicative of (at least) Request Nos. 23, 43, 46, 54, 219, 220, and 221. Defendants further object to this Request as overbroad because it is not limited by time period.

Subject to and without waiver of the foregoing objections, as Defendants already proposed with respect to RFP No. 46, Defendants have performed a reasonable search for and produced (and will continue to produce on a rolling basis) non-privileged, non-work product protected Documents and Communications Relating to any enforcement, potential enforcement, licensing, or monetization of the Challenged Terms, dated between January 1, 2010, and November 14, 2024, to the extent they are in their possession, custody, or control.