| | |
|---|---|
| JOSEPH R. ROSE, SBN 27902<br>  jrose@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center<br>San Francisco, CA 94111-3715<br>Telephone: 415.393.8200<br>Facsimile: 415.801.7358 | JOSH A. KREVITT, SBN 208552<br>  jkrevitt@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>310 University Avenue<br>Palo Alto, CA 94301-1744<br>Telephone: 650.849.5300<br>Facsimile: 650.849.5333 |
| MICHAEL H. DORE, SBN 227442<br>  mdore@gibsondunn.com<br>ILISSA SAMPLIN, SBN 314018<br>  isamplin@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile: 213.229.6652 | ORIN SNYDER *(admitted pro hac vice)*<br>  osnyder@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone: 212.351.2400<br>Facsimile: 212.351.6335 |

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*
*(Additional Counsel on Next Page)*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>        Defendants. | Case No. 3:24-cv-06917-AMO<br><br>**JOINT STIPULATION TO AMEND CASE SCHEDULE**<br><br>Hon. Araceli Martínez-Olguín |

QUINN EMANUEL URQUHART & SULLIVAN LLP
Rachel Herrick Kassabian (SBN 191060)
  rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
  yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
  margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael E. Williams (SBN 181299)
michaelwilliams@quinnemanuel.com
Kevin Teruya (SBN 235916)
kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Brian Mack (SBN 275086)
  brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for Plaintiff WPEngine, Inc.*

1   Pursuant to Civil Local Rules 6-1(b), 6-2, and 7-12, Defendants Automattic Inc. and Matthew
2   Charles Mullenweg ("Defendants") and Plaintiff WPEngine, Inc. ("WPE") (collectively, the "Parties"),
3   by and through their respective counsel, hereby stipulate and agree, and respectfully request that the
4   Court order the following:
5   WHEREAS, under the Court's Case Management Scheduling Order, fact discovery is currently
6   scheduled to close on November 20, 2025 (Dkt. No. 119);
7   WHEREAS, Plaintiff filed its Second Amended Complaint on October 3, 2025, and a Notice
8   of Errata regarding same on October 7, 2025 (Dkt. Nos. 174, 180);
9   WHEREAS, Defendants moved to dismiss the Second Amended Complaint on October 17,
10  2025, and intend to file their answer and certain unspecified counterclaims against WPE the week of
11  October 20, 2025;
12  WHEREAS, since the opening of fact discovery, the Parties have worked diligently and in good
13  faith to pursue discovery on WPE's 18 causes of action, including serving and responding to numerous
14  requests for written discovery, including interrogatories, requests for production, and third-party
15  subpoenas, and collectively producing more than 79,000 documents to date;
16  WHEREAS, several discovery disputes remain outstanding, and the Parties have filed seven
17  joint discovery letters, three of which were addressed by Magistrate Judge Ryu during the October 9,
18  2025 discovery conference, at which the Court resolved certain disputes and instructed the Parties to
19  continue meeting and conferring to resolve others;
20  WHEREAS, following the October 9 hearing, the Parties are redoubling their efforts to engage
21  constructively in discovery, have already reached certain agreements that moot certain pending
22  disputes, and have agreed to meet to resolve additional outstanding disputes and to establish an
23  expeditious process for the completion of discovery, with the goal of reducing or if possible eliminating
24  the need for further judicial intervention;
25  WHEREAS, WPE is scheduled to take two depositions of Defendants' witnesses in the coming
26  weeks and has requested dates for six additional depositions, and Defendants will be commencing
27  depositions soon as well;
28  WHEREAS, the Parties believe that a modest extension of the fact discovery cutoff—from

November 20, 2025, to March 12, 2026—is warranted to provide each side a fair opportunity to develop the factual record, including concerning Defendants' planned counterclaims against WPE, which WPE has not yet seen, and to allow sufficient time to meet and confer and resolve discovery disputes between the Parties;

WHEREAS, the Parties have agreed to adjust subsequent deadlines in order to maintain the existing February 22, 2027, trial date, including by shortening the intervals between events, as reflected in the Proposed Amended Deadlines below:

WHEREAS, the Parties have agreed to additional measures to facilitate efficient discovery, including:

(i) a substantial completion deadline of December 10, 2025, for Party document productions responsive to document requests to which the Parties have served written responses and objections as of October 15, 2025; for avoidance of doubt this substantial completion deadline applies to the Parties' original and supplemental collections of documents dated through August 15, 2025;

(ii) a commitment to make at least five Party witnesses per side available for deposition before the end of 2025;

(iii) a commitment to complete document productions for each Party witness at least one week before their deposition; and

(iv) a continuing commitment to work in good faith and cooperatively to resolve any future discovery disputes without Court intervention wherever possible;

WHEREAS, the Parties believe good cause exists for the requested extension, as demonstrated above, and that it serves the interests of justice, promotes judicial economy, and comports with Rule 1 of the Federal Rules of Civil Procedure by encouraging a just, speedy, and efficient determination of this action while conserving judicial resources;

WHEREAS, the Parties have not previously sought any schedule modifications in this case, with the exception of the following: the Parties previously stipulated to extend the time to respond to the Complaint (Dkt. No. 24), the Court granted a motion to shorten time to hear Plaintiff's motion for a preliminary injunction (Dkt. No. 34), granted a stipulation to extend the time to respond to the

1  Amended Complaint (Dkt. No. 61), granted a stipulation to extend the time to reply in support of the
2  motion to dismiss (Dkt. No. 90), and reset a motion hearing date (Dkt. No. 149);
3      WHEREAS, the requested schedule modification will not impact the trial date in this case;
4      WHEREAS, nothing in this stipulation alters any other rights or obligations of the Parties, who
5  expressly reserve the right to seek further relief from the Court as necessary, and this stipulation is
6  without prejudice to WPE's right to object to, oppose, or otherwise respond to Defendants' planned
7  filings (which WPE has not yet seen) on any basis;
8      NOW, THEREFORE, subject to the approval of the Court, and for good cause shown, the
9  parties hereby stipulate and agree, and request that the Court enter an order to amend the case schedule
10 as follows:

| Event (with Parties' proposed modifications to account for the possibility of both sides filing dispositive motions) | Current Operative Deadline | Proposed Modified Deadline |
|---|---|---|
| Close of fact discovery | November 20, 2025 | March 12, 2026 |
| Parties to provide initial expert disclosure(s) and report(s) | January 15, 2026 | April 23, 2026 |
| Parties to provide rebuttal expert disclosure(s) and report(s) | February 26, 2026 | May 28, 2026 |
| Close of expert discovery | March 19, 2026 | June 25, 2026 |
| Deadline for moving party to file summary judgment motion (25 pages max.) | April 9, 2026 | July 16, 2026 |
| Deadline for non-moving party to file combined cross-motion and opposition to moving party's summary judgment motion (25 pages max.) | May 14, 2026 | August 13, 2026 |
| Deadline for Daubert motions (to be filed simultaneously with the non-moving party's opposition to the moving party's summary judgment motion) | May 14, 2026 | August 13, 2026 |
| Deadline for moving party to file combined opposition and reply in support of summary judgment motion (15 pages max.) | June 11, 2026 | September 3, 2026 |
| Deadline for oppositions to Daubert motions (to be filed simultaneously with the moving party's combined opposition | June 11, 2026 | September 3, 2026 |

| | | |
|---|---|---|
| and reply in support of summary judgment motion) | | |
| Deadline for non-moving party to file a reply in support of cross-motion for summary judgment (15 pages max.) | July 2, 2026 | September 17, 2026 |
| Deadline for reply in support of Daubert motions (to be filed simultaneously with the non-moving party's reply in support of cross-motion for summary judgment) | July 2, 2026 | September 17, 2026 |
| Hearing on summary judgment and Daubert motions | To be noticed by the moving party based on the Court's availability at the time of filing | To be noticed by the moving party based on the Court's availability at the time of filing |
| Joint pretrial conference statement | January 4, 2027 | December 18, 2026 |
| Pretrial conference | January 28, 2027, at 11:00 a.m. | January 28, 2027, at 11:00 a.m. |
| Jury Trial (10 days) | February 22, 2027, at 8:30 a.m. | February 22, 2027, at 8:30 a.m. |

IT IS SO STIPULATED.

DATED: October 19, 2025                                             Respectfully submitted,

                                                                                   /s/ Joseph R. Rose
                                                                                    Joseph R. Rose
                                                                                    GIBSON, DUNN & CRUTCHER LLP

*Attorney for Defendants Automattic Inc. and Matthew Charles Mullenweg*

DATED: October 19, 2025                                             */s/ Rachel Herrick Kassabian*
                                                                                        Rachel Herrick Kassabian
                                                                                    QUINN EMANUEL URQUHART & SULLIVAN LLP

*Attorney for Plaintiff WPEngine Inc.*

**ATTORNEY ATTESTATION**

Pursuant to Civil Local Rule 5-1, I, Joseph R. Rose, hereby attest that concurrence in the filing of this document has been obtained from all signatories.

Dated: October 19, 2025

GIBSON, DUNN & CRUTCHER LLP

*/s/ Joseph R. Rose*
Joseph R. Rose
*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*