QUINN EMANUEL URQUHART & SULLIVAN LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael E. Williams (SBN 181299)
michaelwilliams@quinnemanuel.com
Kevin Y. Teruya (SBN 235916)
kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for Plaintiff WPEngine, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>Defendants. | Case No. 3:24-cv-06917-AMO<br><br>**PLAINTIFF WPENGINE, INC.'S CERTIFICATE OF CONFERENCE REGARDING ITS MOTION TO DISMISS COUNTERCLAIMS** |

1
2  AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES
3  MULLENWEG, an individual; WORDPRESS FOUNDATION, a
4  California corporation; and WOOCOMMERCE INC., a Delaware
5  corporation,
6              Counterclaimants,
7       vs.
8
9  WPENGINE, INC., a Delaware corporation,
10
11             Counterdefendant.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF CONFERENCE**

WPEngine, Inc.'s ("WPE") files this certificate pursuant to the Court's requirement of certification, which states that "until the judiciary is funded, parties shall meet and confer before filing any substantive motion."  https://cand.uscourts.gov/judges/amo/martinez-olguin-araceli. Based on the information currently available on the Northern District of California's website, which links to an article on uscourts.gov, it is WPE's understanding that: "Due to enactment of a continuing resolution that extends funding through January 30, 2026, the judicial branch returned to full, paid operations on November 13."  *See* https://cand.uscourts.gov/ (linking to https://www.uscourts.gov/data-news/judiciary-news/2025/10/17/judiciary-funding-runs-out-only-limited-operations-continue?utm_campaign=usc-news&utm_medium=email&utm_source=govdelivery.)

Because it is unclear whether the certification requirement continues to apply, out of an abundance of caution WPE hereby certifies that the parties met and conferred on November 12, 2025, but were unable to resolve the issues raised in WPE's Motion to Dismiss Counterclaimants' Counterclaims ("WPE's Motion").  WPE's Motion should be timely heard because, if granted, it would end the litigation filed against it, narrow the scope of WPE's lawsuit by mooting WPE's declaratory judgment claims regarding trademark infringement and dilution, and narrow the scope of discovery.  It would also dispose of two parties who are attempting to join this lawsuit via the Counterclaims, WooCommerce, Inc. and the WordPress Foundation.  The Court's timely resolution of the Counterclaims thus would promote judicial efficiency and narrow the scope of disputes requiring adjudication.

DATED:  November 13, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Rachel Herrick Kassabian*
Rachel Herrick Kassabian
*Attorney for Plaintiff WPEngine, Inc.*