QUINN EMANUEL URQUHART & SULLIVAN LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael E. Williams (SBN 181299)
michaelwilliams@quinnemanuel.com
Kevin Y. Teruya (SBN 235916)
kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for Plaintiff WPEngine, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>Defendants. | Case No. 3:24-cv-06917-AMO<br><br>**PLAINTIFF WPENGINE, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS COUNTERCLAIMS** |

| | |
|---|---|
| 1 | AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation, |
| 2 | |
| 3 | |
| 4 | |
| 5 | Counterclaimants, |
| 6 | vs. |
| 7 | WPENGINE, INC., a Delaware corporation, |
| 8 | |
| 9 | Counterdefendant. |

# REQUEST FOR JUDICIAL NOTICE

**PLEASE TAKE NOTICE THAT** Plaintiff/Counterdefendant WPEngine, Inc. ("WPE") respectfully requests that the Court take judicial notice of the following exhibits in support of its Motion to Dismiss the Counterclaims of Defendants/Counterclaimants Automattic, Inc. ("Automattic"), Matthew Charles Mullenweg ("Mullenweg"), the WordPress Foundation ("the Foundation"), and WooCommerce Inc. ("WooCommerce") (collectively, "Counterclaimants"), true and correct copies of which are attached to this request. WPE requests judicial notice of WPE's current and historical website, including the following blog posts and webpages either currently posted on the WPE website or formerly posted and/or appearing on the WPE website as captured with the Internet Archive's Wayback Machine:

1. http://web.archive.org/web/20120102121605/http://wpengine.com/blog/, WPE's December 30, 2011 "At WP Engine, There's No Confusing Caching Plugins" blog post as it appeared on the WPE website on January 2, 2012 (attached hereto as **Exhibit 1**).

2. http://web.archive.org/web/20120402073017/http://wpengine.com/, WPE's homepage as it appeared on the WPE website on April 2, 2012 (attached hereto as **Exhibit 2**).

3. http://web.archive.org/web/20131005024113/http://wpengine.com/, WPE's homepage as it appeared on October 5, 2013 (attached hereto as **Exhibit 3**).

4. http://web.archive.org/web/20171001144849/https://wpengine.com/blog/wp-engine-summit-2017-a-preview/, WPE's September 27, 2017 Summit 2017 blog post as it appeared on the WPE website on October 1, 2017 (attached hereto as **Exhibit 4**).

5. https://web.archive.org/web/20180322011236/https://wpengine.com/wp-content/uploads/2015/04/WP-CS-AMD-113-web.pdf, WPE's March 22, 2018 AMD Case Study blog post as it appeared on WPE's website on March 22, 2018 (attached hereto as **Exhibit 5**).

6. https://web.archive.org/web/20210218160745/https://wpengine.com/blog/wp-engine-now-available-in-aws-marketplace/, WPE's February 17, 2021 "WP Engine Now Available in AWS Marketplace" blog post as it appeared on WPE's website on February 18, 2021 (attached hereto as **Exhibit 6**).

7. http://web.archive.org/web/20211004024650/https://wpengine.com/ecommerce/, WPE's eCommerce subpage as it appeared on WPE's website on October 4, 2021 (attached hereto as **Exhibit 7**).

8. https://web.archive.org/web/20240909024135/https://wpengine.com/content-management-system/, WPE's CMS subpage as it appeared on WPE's website on September 9, 2024 (attached hereto as **Exhibit 8**).

## ARGUMENT

### I. Legal Standard

When ruling on a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted). A court may take judicial notice of relevant facts that are "not subject to reasonable dispute because [they] … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Separately, a court may consider materials the complaint references and relies upon under the judicially-created doctrine of incorporation by reference. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

### II. The Court May Properly Take Judicial Notice of WPE's Website and Exhibits 1-8 as Webpages and Blog Posts in the Public Domain

WPE requests that the Court take judicial notice of WPE's website, including historical versions and specifically Exhibits 1 through 8, which consist of both current and previously publicly available webpages and blog posts from WPE's website. The archival webpages and blog posts were captured by the Internet Archive's Wayback Machine. The Court may take judicial notice of webpages at WPE's current and historical website. WPE seeks judicial notice of these webpages to establish that they existed at the specified times and contained the content displayed, and not for the truth of any statement contained therein. The judicial notice doctrine is properly invoked for these

purposes. *See, e.g.*, *Robinson v. Binello*, 771 F. Supp. 3d 1114, 1122 (N.D. Cal. 2025) (taking judicial notice of the "existence and contents" of various publicly available webpages); *see also In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 813 (N.D. Cal. 2020) (citing *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010)) ("It is well-established that '[c]ourts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'"). Courts routinely take judicial notice of webpages preserved through the Wayback Machine under Rule 201(b)(2), as facts that can readily be determined from sources whose accuracy cannot reasonably be questioned, as the Court may do here. *See e.g., Erickson v. Nebraska Mach. Co.*, 2015 WL 4089849, at *1 n.1 (N.D. Cal. Jul. 6, 2015) (taking judicial notice of Internet Archive captures of older versions of plaintiffs' website); *UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, 604 n.2 (C.D. Cal. 2017) (same). WPE relies on these webpages to establish the Counterclaims are barred by statutes of limitation and laches, and to support its arguments to dismiss Counterclaimants' false advertising and trademark claims.

Exhibit 8 is also incorporated by reference into the Counterclaims because Counterclaimants expressly rely upon this document in their allegations. *See Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 795 (N.D. Cal. 2011). Under the doctrine of incorporation by reference, "the Court may consider on a Rule 12(b)(6) motion not only documents attached to the complaint, but also documents whose contents are alleged in the complaint, provided the complaint 'necessarily relies' on the documents or contents thereof, the document's authenticity is uncontested, and the document's relevance is uncontested." *Id.* Exhibit 8 contains a complete version of WPE's Content Management Systems Subpage, as cited and screenshotted in the Counterclaims as support for Counterclaimants' trademark infringement claims. Dkt. 195 (Counterclaims), ¶ 218. Because Counterclaimants expressly reference and base certain claims upon this webpage, it is incorporated into the Counterclaims and may be considered on WPE's Motion. *See Libman v. Apple, Inc.*, 2024 WL 4314791, at *4 (N.D. Cal. Sept. 26, 2024) (incorporating by reference documents that were "integral to" and "form[ed] the basis" for Plaintiffs' claims).

## CONCLUSION

WPE respectfully requests that the Court grant its request for judicial notice.

DATED: November 13, 2025          QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Rachel Herrick Kassabian*
Rachel Herrick Kassabian
*Attorneys for Plaintiff WPEngine, Inc.*