| | |
|---|---|
| JOSEPH R. ROSE, SBN 27902<br>jrose@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center<br>San Francisco, CA 94111-3715<br>Telephone: 415.393.8200<br>Facsimile: 415.801.7358 | JOSH A. KREVITT, SBN 208552<br>jkrevitt@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>310 University Ave<br>Palo Alto, CA 94301-1744<br>Telephone: 650.849.5300<br>Facsimile: 650.849.5333 |
| MICHAEL H. DORE, SBN 227442<br>mdore@gibsondunn.com<br>ILISSA SAMPLIN, SBN 314018<br>isamplin@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile: 213.229.6652 | ORIN SNYDER *(admitted pro hac vice)*<br>osnyder@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone: 212.351.2400<br>Facsimile: 212.351.6335 |

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>　　　　　Defendants. | Case No. 3:24-cv-06917-AMO<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>**Hearing:**<br>Date:　　March 5, 2026<br>Time:　　2:00 p.m.<br>Place:　　Courtroom 10<br><br>Hon. Araceli Martínez-Olguín |

**REQUEST FOR JUDICIAL NOTICE**

Defendants respectfully request that the Court take judicial notice of the following exhibits in support of Defendants' concurrently filed Motion to Dismiss Plaintiff's Corrected Second Amended Complaint, true and correct copies of which are attached to or referenced in this Request.

- A copy of the "Plugin Developer Frequently Asked Questions" from Wordpress.org, available at https://developer.wordpress.org/plugins/wordpress-org/plugin-developer-faq/, as it appeared on September 24, 2024 (**Exhibit 1**);

- A copy of "Market shares of web hosting providers" published by W3Techs.com on October 17, 2025, available at https://w3techs.com/technologies/overview/web_hosting/ (**Exhibit 2**).

**AUTHORITY**

**A. Legal Standard**

When ruling on a Rule 12(b)(6) motion, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007) (emphasis added).

Federal Rule of Evidence 201 allows the Court to take judicial notice of any fact (1) "generally known" within the territorial jurisdiction of the trial court or any fact that (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Rule 201(c) provides that the Court "must take judicial notice" of such a fact "if a party requests it and the court is supplied with the necessary information." *Id.* 201(c)(2). Facts subject to judicial notice may be considered on a motion to dismiss. *See, e.g.*, *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012).

Relevant here, courts routinely take judicial notice of information available on publicly accessible websites at the motion-to-dismiss stage, *see In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 829 (N.D. Cal. 2019) (taking judicial notice of the page on Facebook's website containing its

2013 data policy); *Vitt v. Apple Comput., Inc.*, 2007 WL 9662403, at *2 (C.D. Cal. Mar. 12, 2007) (taking judicial notice of Apple's website).

Separately, under the incorporation by reference doctrine, "courts may take into account 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (alteration in original) (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)). "A court 'may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)); *see also Falkenberg v. Alere Home Monitoring, Inc.*, 2014 WL 5020431, at *1 n.1 (N.D. Cal. Oct. 7, 2014); *In re Turbodyne Techs., Inc. Sec. Litig.*, 2000 WL 33961193, at *10 (C.D. Cal. Mar. 15, 2000) ("By incorporating the documents, plaintiffs have made the allegations their own, and they must thus be considered true for purposes of this motion to dismiss.").

The purpose of the incorporation by reference doctrine is to "[p]revent . . . plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (quotation omitted); *see also Peel v. BrooksAmerica Mortg. Corp.*, 788 F. Supp. 2d 1149, 1158 (C.D. Cal. 2011). Thus, the court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998); accord *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."). Furthermore, documents referenced in a complaint may be considered even if a complaint fails to physically attach those documents as exhibits. *See, e.g.*, *Knievel*, 393 F.3d at 1076.

**B. The Court May Take Judicial Notice of Websites, Both of Which WPEngine Incorporated by Reference**

Exhibits 1–2 consist of pages from publicly available websites. The Court may take judicial notice of such material as an indication of information available in the public realm. *See Unsworth v. Musk*, 2019 WL 5550060, at *4 (N.D. Cal. Oct. 28, 2019) (citing *Von Saher v. Norton Simon Museum*

*of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010)); *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 813 (N.D. Cal. 2020) (taking judicial notice of Google "blog post for the fact that Google made the statements it contains"). Exhibits 1–2 are also incorporated by reference in WPEngine's Corrected Second Amended Complaint. WPEngine's Corrected Second Amended Complaint relies on and references these exhibits: Exhibit 1, "Plugin Developer Frequently Asked Questions" on Wordpress.org (SAC ¶ 88 & nn. 52–55 ("Wordpress.org's developer website also contains a 'Frequently Asked Questions' which provides the process by which plugins are approved to be posted on wordpress.org.")); and Exhibit 2, market share statistics located on W3Techs.com (SAC ¶ 281 & n.116 ("W3Techs is a source that others in the industry, such as other web hosts like Blue Host, use to report market share information.")).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their Request for Judicial Notice of the above-referenced materials.

DATED: November 17, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Joseph R. Rose*
     Joseph R. Rose

*Attorney for Defendants Automattic Inc. and Matthew Charles Mullenweg*