QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Rachel Herrick Kassabian (Bar No. 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (Bar No. 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
T: (650) 801-5000
F: (650) 801-5100

Michael E. Williams (Bar No. 181299)
michaelwilliams@quinnemanuel.com
Kevin Teruya (Bar No. 235916)
kevinteruya@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
T: (213) 443-3000
F: (213) 443-3100

Brian Mack (Bar No. 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
T: (415) 875-6600
F: (415) 875-6700

*Attorneys for Plaintiff WPEngine, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>Defendants.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>vs,<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | Case No. 3:24-cv-06917-AMO<br><br>**PLAINTIFF WPENGINE, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: March 5, 2026<br>Time: 2:00 p.m.<br>Place: Courtroom 10<br>Judge: Hon. Araceli Martínez-Olguín |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 5, 2026 at 2 p.m., or as soon as counsel may be heard, before the Honorable Araceli Martínez-Olguín, in Courtroom 10 located on the 19th Floor at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff/Counterdefendant WPEngine, Inc. ("WPE") will, and hereby does, move this Court pursuant to Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4), for leave to amend its Second Amended Complaint and file a Third Amended Complaint adding Counterclaimant WooCommerce, Inc. ("WooCommerce") as a separately named defendant in order to align the relevant parties in the case-in-chief whose actions are at issue in WPE's claims with those who have asserted related Counterclaims. WPE's Motion is based on this Notice of Motion and supporting Memorandum of Points and Authorities and Declaration filed herewith, the materials on file in this action, and such other written or oral argument as may be presented at or before the time this motion is heard and/or taken under submission by the Court.

## STATEMENT OF RELIEF SOUGHT

WPE requests leave to file a Third Amended Complaint to name Counterclaimant WooCommerce as a defendant pursuant to Rules 15(a)(2) and 16(b)(4) of the Federal Rules of Civil Procedure.

## MEMORANDUM OF POINTS AND AUTHORITIES

In October 2024, WPE filed a complaint against Automattic Inc. ("Automattic") and its CEO Matthew Charles Mullenweg ("Mullenweg"), asserting certain claims arising from misconduct Automattic and Mullenweg committed against WPE, including via Automattic's wholly-owned subsidiary, WooCommerce. Prior to and as of the time WPE filed the original Complaint, Automattic had held WooCommerce out as a business unit and brand of Automattic rather than an independent company, including with respect to the underlying actions giving rise to WPE's original Complaint such as Automattic's demand that WPE pay Automattic (not WooCommerce) for a purported license to use WooCommerce's trademarks. Among other things, WPE's original Complaint included declaratory judgment claims against Automattic based on Automattic's assertion that WPE had infringed certain WooCommerce trademarks (the "WooCommerce

Trademarks"). Automattic never disputed that it was the proper defendant with respect to the WooCommerce-related actions and issues underlying WPE's claims, and WPE had no reason to name WooCommerce as a separate defendant given Automattic's apparent authority to direct WooCommerce's actions both before and during this litigation.

In late October 2025, Defendants Automattic and Mullenweg filed their Answer to WPE's Second Amended Complaint and Counterclaims. In these Counterclaims, rather than having Automattic assert WooCommerce's purported intellectual property as it had done previously, WooCommerce elected to appear in this lawsuit in its own name, to assert its own "counterclaims" against WPE related to the same WooCommerce trademarks Automattic had previously asserted against WPE. Because Counterclaimant WooCommerce has now elected to insert itself in this action and assert counterclaims against WPE as a separate entity, WPE seeks to add WooCommerce as a named defendant in the case-in-chief to align the named parties across all relevant claims.

The proposed amendment adds no new claims, theories, or substantively different facts. WPE's claims, and the parties' discovery efforts to date, have encompassed WooCommerce's conduct and trademarks since this case was filed. WooCommerce has had notice throughout, and has now voluntarily inserted itself as a purported counterclaimant, and thus would not be prejudiced by this amendment. Good cause exists to amend the Scheduling Order under Rule 16(b) to permit amendment of the Second Amended Complaint to name WooCommerce as a defendant. Likewise, all four *Foman* factors support amendment under Rule 15(a). WPE respectfully requests that the Court grant WPE's Motion.

## FACTUAL BACKGROUND

Defendants' relentless self-proclaimed "scorched earth" campaign to steal WPE's customers and destroy WPE's business involved a number of wrongful acts, including misusing trademarks, abusing their control over wordpress.org to block proper functioning of the WordPress-built websites that WPE hosts and manages for its customers, and luring away WPE's customers in light of that block. *See* Dkt. 180 (Corrected Second Amended Complaint) ("SAC") ¶¶ 27-28, 91-138. As alleged in the SAC, Automattic's wholly owned subsidiary WooCommerce took part in all of

these wrongful acts. On information and belief, WooCommerce's conduct was directed by Defendants Mullenweg and Automattic.

For instance, Defendants Automattic and Mullenweg had made exorbitant and extortive demands insisting that WPE pay Automattic tens of millions of dollars in exchange for a purported license to the WordPress and WooCommerce trademarks that WPE did not need, as it was not infringing either mark. Dkt. 180 ¶ 5. Despite the fact that WooCommerce holds the registered trademarks for the WooCommerce marks, Automattic held itself out as authorized to license them, and demanded that WPE (1) sign a license to which WooCommerce was not a party, and (2) pay Automattic (not WooCommerce) all such license fees for the WooCommerce marks. *Id.* ¶¶ 5, 12, 21; *see also* Dkt. 195, Counterclaims ¶ 267 (alleging that Automattic holds intellectual property rights in the WooCommerce Marks); *id.* ¶ 268 (alleging that Automattic, not WooCommerce, proposed a trademark license agreement that would allow WPE to use the WooCommerce marks in exchange for payment to Automattic). As previously alleged, WooCommerce also took part in Defendants' improper efforts to intentionally interfere with WPE's customer relationships following Defendants' blocking of WPE's access to wordpress.org. *See, e.g.,* Dkt. 180 ¶ 127 (email from WooCommerce employee to WPE customer soliciting customer to switch over to Automattic hosting services, because "WP Engine's access to wordpress.org has been restricted, which could impact sites, especially regarding plugin and theme installations or updates…")

WPE initiated this action against Defendants Mullenweg and Automattic on October 2, 2024. *See* Dkt. 1. Based on Defendants' attacks, WPE asserted, among others, claims for intentional interference with contractual relations and prospective economic relations, violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(7), unfair competition, and declaratory judgment of non-infringement and non-dilution of the "WordPress" and "WooCommerce" trademarks. *See id.* Defendants' attacks intensified and WPE filed its First Amended Complaint ("FAC") on November 14, 2024. *See* Dkt. 51; *see also* Dkt. 180 ¶¶ 150-168. Defendants then moved to dismiss. Dkt. 68. Following the Court's ruling on Defendants' motion to dismiss the FAC, WPE filed its SAC on October 3, 2025. *See* Dkt. 174; corrected on October 7 at Dkt. 180. Prior to and throughout this entire period, Automattic and WooCommerce have acted and litigated

1  as one entity, under Automattic's corporate umbrella, including with respect to the enforcement of
2  the WooCommerce Trademarks.  That changed only recently.

3  Specifically, one year after this action was initiated, on October 23, 2025, Defendants filed
4  their Answer to the SAC.  *See* Dkt. 195 ("Answer").  In the same filing, WooCommerce elected for
5  the first time to act as a separate entity with respect to this dispute by filing "counterclaims" against
6  WPE to assert its claimed rights to the WooCommerce Trademarks, including counterclaims for
7  federal and common law trademark infringement; false advertising, false designation of origin and
8  unfair competition; federal and state trademark dilution; and state and common law unfair
9  competition.  *See id.* ("Counterclaims").  WPE filed its motion to dismiss the counterclaims on
10 November 13, 2025.  *See* Dkt. 207.

11 Under the Scheduling Order in this action, the deadline to add parties or amend pleadings
12 was April 30, 2025.  *See* Dkt. 119 ("Scheduling Order").  This deadline expired approximately six
13 months prior to Defendants' filing of their Counterclaims.  The Court recently amended the case
14 schedule pursuant to the parties' stipulation on October 21, 2025.  Dkt. 193.  Upcoming relevant
15 deadlines include the close of fact discovery on March 12, 2026, the deadline to file a motion for
16 summary judgment on July 16, 2026; and trial beginning on June 14, 2027.  *Id.*

## LEGAL STANDARD

18 To show entitlement to relief from the April 30, 2025 deadline for amendment of pleadings,
19 WPE must show (1) good cause exists for the schedule modification under Rule 16(b) and (2) that
20 amending the SAC is proper under Rule 15(a).  Fed. R. Civ. P. 16(b)(4).

21 The good cause requirement of Rule 16(b) focuses on the "moving party's reasons for
22 seeking modification."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir.
23 1992).  New information learned via the assertion of counterclaims can constitute such good cause.
24 *See Larchmont Holdings, LLC v. N. Shore Servs., LLC*, 2017 WL 11579702, at *3 (W.D. Wis. May
25 10, 2017) (finding good cause under Rule 16 to grant motion for leave to amend complaint where
26 the "primary purpose" of the amendment was to add information learned from defendants' recently
27 filed counterclaim).

Once good cause is shown, the Court must then determine whether amendment is proper under the liberal standard of Rule 15(a).  Fed. R. Civ. P. 15(a)(2) (A "court should freely give leave [to amend] when justice so requires"); *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (noting that the policy in favor of granting leave to amend "should be applied with extreme liberality").  In determining whether a motion for leave to amend should be granted, the Court should draw "all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).  There are four factors courts consider in evaluating a motion for leave to amend under Rule 15: (i) prejudice to the opposing party, (ii) undue delay, (iii) bad faith or dilatory motive, and (iv) futility of amendment.  *Webb*, 655 F.2d at 980 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Although courts consider all four *Foman* factors, they do not all "merit equal weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Rather, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.*  Without prejudice, or a strong showing of any of the other factors, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*

## ARGUMENT

I. **GOOD CAUSE EXISTS FOR SCHEDULE MODIFICATION UNDER RULE 16**

Good cause exists under Rule 16(b) for relief from the April 30, 2025 deadline set forth in the Scheduling Order because WooCommerce's October 23, 2025 Counterclaims gave rise to the need for this amendment.  *See generally* Dkt. 195, Counterclaims (adding WooCommerce as a Counterclaimant and separate litigating entity asserting claims against WPE).  Automattic never disputed that it was the proper defendant with respect to the WooCommerce-related actions and issues underlying WPE's claims, and WPE had no reason to name WooCommerce as a separate defendant given Automattic's apparent authority to direct WooCommerce's actions both before and during this litigation.  It was not until the counterclaims were filed that WooCommerce elected to act in its own name as to the instant dispute, electing previously to have its parent company Automattic assert and enforce the WooCommerce Trademarks directly, and to defend its actions with respect to Defendants' "nuclear war" against WPE.  But because WooCommerce was directly involved in underlying misconduct alleged in the SAC and is now litigating in its own name, good

cause exists to add WooCommerce as a defendant for the claims related to its conduct already alleged in the SAC, including: intentional interference with contractual relations (Count 1); intentional interference with prospective economic relations (Count 2); violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(7) (Count 3); unfair competition, Cal. Bus. Prof. Code § 17200 (Count 4); declaratory judgment of non-infringement (Count 6); and declaratory judgment of non-dilution (Count 7).

In adding Counterclaimant WooCommerce as a named defendant in this action, WPE seeks to conform the case caption and named parties to the facts and current procedural posture, given WooCommerce's recent election to appear and sue WPE independently via its Counterclaims. *See generally* Dkt. 195, Counterclaims. While prior to and during this litigation WooCommerce had enforced and attempted to monetize the WooCommerce trademarks through its parent Automattic (SAC ¶¶ 21-22), WooCommerce's recent filing of Counterclaims in its own name signals its voluntary desire to prosecute its claimed rights as to the WooCommerce Trademarks on its own, as well as to defend its conduct as alleged by WPE, necessitating WPE's amendment of the SAC.

## II. LEAVE TO AMEND THE SAC IS PROPER UNDER RULE 15

All four *Foman* factors support amendment under Rule 15(a). Specifically, the amendment to add WooCommerce as a defendant (i) will not unduly prejudice Defendants or WooCommerce, (ii) is not the result of undue delay, (iii) is not being made in bad faith or for dilatory motives, and (iv) is not futile. *See Webb*, 655 F.2d at 980 (citing *Foman*, 371 U.S. at 182).

### A. The Amendment Will Not Cause Prejudice

There is no prejudice because WooCommerce already voluntarily inserted itself into this case as a Counterclaimant. WPE's proposed amendment does not alter or enlarge the scope of the legal claims being asserted; the amendment merely adds a named defendant whose wrongful actions are already alleged in this case, and who recently—and voluntarily—inserted itself as a counterclaimant.

"The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). And that prejudice "must be substantial." *James ex rel. James Ambrose Johnson, Jr., 1999 Trust v. UMG Recordings, Inc.*, 2012 WL 4859069, at *2

(N.D. Cal. Oct. 11, 2012) (internal citation omitted); *see G.P.P., Inc. v. Guardian Prot. Prods., Inc.*, No. 1:15-cv-00321-SKO, 2016 WL 4041194, at *6 (E.D. Cal. July 27, 2016) (no prejudice where the "proposed amendments do not significantly change the course of the litigation"). WooCommerce has been involved in the underlying wrongdoing against WPE, and all the same facts that were pleaded in the SAC in support of WPE's trademark, intentional interference with business relations and protected computers, and unfair competition claims against Defendants support the assertion of the same claims against WooCommerce. *See, e.g.*, Dkt. 180, SAC ¶¶ 10, 21-22, 40, 90, 120 n. 66, 127, 279-284, 381-387, 388-397, 398-428, 414, 429-436, 441-460.

For example, the SAC expressly seeks a declaratory judgment of WPE's proper use of the WooCommerce Trademarks, which WooCommerce misused against WPE. *See id.* ¶¶ 21-22, 40, 90, 441-460. Further, the SAC includes allegations of WooCommerce's involvement in Defendants' "nuclear war" against WPE, including a screenshot of an email WooCommerce sent to WPE customers during that period, attempting to induce WPE's customers to switch to Automattic's services due to the wordpress.org block. *See id.* ¶ 127. Both Defendants and WooCommerce have been on notice of these allegations since the day WPE filed its original Complaint in October 2024 and have had and still have a full and fair opportunity to take related discovery through the end of fact discovery in March 2026. Indeed, WooCommerce has been the subject of extensive discovery in this case already. *See* Declaration of Sara Jenkins in support of WPE's Motion ("Jenkins Decl.") ¶ 2. WooCommerce cannot shield itself from liability by litigating through Automattic, then assert independent rights via counterclaims, all the while avoiding being named as a defendant for the same conduct. Mullenweg, Automattic, and WooCommerce will not suffer any prejudice if the Court grants WPE leave to amend.

**B.     There is No Undue Delay, Bad Faith, or Futility**

Defendants also cannot credibly contend that the amendment is futile, or that it is being made in bad faith or with undue delay. First, the standard for a finding of futility is high. *Kang v. Harrison*, 2017 WL 6558676, at *5 (N.D. Cal. Dec. 22, 2017) (quoting *Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988)). "A proposed amendment may be denied as futile 'if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient

claim or defense.'" *Id.* The legal claims at issue here, which also alleged WooCommerce's participation, survived Defendants' motion to dismiss (Dkt. 169), so futility is not at issue. Nor is the amendment being made in bad faith or because of undue delay. WPE moved promptly after WooCommerce filed its Counterclaims in late October 2025. Any earlier amendment would have been premature or unnecessary while WooCommerce litigated through Automattic, with Automattic appearing to take full responsibility for WooCommerce's actions. WPE's Motion comes 18 months before trial with no impact on the case schedule, particularly given that Woo-related discovery is already ongoing. Given the absence of prejudice, futility, bad faith, or undue delay, the policy of "extreme liberality" in favor of granting leave to amend controls and supports the granting of WPE's Motion for Leave to Amend its SAC to add WooCommerce as a defendant to the relevant claims. *Howey v. U.S.*, 481 F.2d 1187, 1190-91 (9th Cir. 1973) (denial of leave to amend is an abuse of discretion "[w]here there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith").

## CONCLUSION

For the foregoing reasons, WPE respectfully requests that the Court grants its Motion For Leave to Amend and allow it to file a Third Amended Complaint naming WooCommerce as a defendant as to its claims for intentional interference with contractual relations (Count 1); intentional interference with prospective economic relations (Count 2); violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(7) (Count 3); unfair competition, Cal. Bus. Prof. Code § 17200 (Count 4); declaratory judgment of non-infringement (Count 6); and declaratory judgment of non-dilution (Count 7).

DATED:  December 2, 2025          QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP

                                  By */s/ Rachel Herrick Kassabian*
                                     Rachel Herrick Kassabian
                                     *Attorneys for Plaintiff WPEngine, Inc.*