JOSEPH R. ROSE, SBN 27902
   jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

MICHAEL H. DORE, SBN 227442
   mdore@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
   isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

JOSH A. KREVITT, SBN 208552
   jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER *(admitted pro hac vice)*
   osnyder@gibsondunn.com
HOWARD S. HOGAN *(admitted pro hac vice)*
   hhogan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg and Counterclaimants WordPress Foundation and WooCommerce Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>    Defendants.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>    Counterclaimants,<br><br>    v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>    Counterdefendant. | Case No. 3:24-cv-06917-AMO<br><br>**COUNTERCLAIMANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS COUNTERCLAIMS**<br><br><u>**Hearing:**</u><br>Date:    February 5, 2026<br>Time:    2:00 p.m.<br>Place:    Courtroom 10<br><br>**HON. ARACELI MARTÍNEZ-OLGUÍN** |

## I. INTRODUCTION

WPEngine, Inc.'s ("WPE") Request for Judicial Notice (Dkt. 208, "RJN") inappropriately attempts to expand its motion to dismiss beyond the factual allegations in the counterclaims. WPE cites seven cherry-picked blog posts and archival versions of its homepage over an 11-year timespan to argue that Automattic Inc., Matthew Charles Mullenweg, WordPress Foundation, and WooCommerce Inc.'s (collectively, the "WordPress Parties") claims are time-barred. But WPE cannot invoke the judicial notice doctrine to introduce disputed facts on a motion to dismiss that a fact-finder must assess on a complete record. The exhibits WPE seeks to introduce are irrelevant to resolving the legal sufficiency of the counterclaims under Rule 12(b)(6). The Court should not take judicial notice of Exhibits 1-7.

## II. LEGAL STANDARD

Judicial notice of adjudicative facts is proper only if the fact can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Court "cannot take judicial notice of disputed facts contained in . . . public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Even if the existence of a document is generally susceptible to judicial notice, the assertions of fact contained within the document may not be, and the Court must "consider—and identify—which fact or facts it is noticing" from each noticed document. *Id.*; *see also* Dkt. 76 at 1 (WPE's opposition to Automattic's RJN arguing same).

"[R]elevance is a threshold requirement of taking [judicial] notice." *Zolensky v. Am. Medflight, Inc.*, 2017 WL 1133926, at *3 (E.D. Cal. Mar. 27, 2017). The Court may decline to judicially notice documents that do not bear on the sufficiency of the pleadings. *See, e.g.*, *Brickman v. Fitbit, Inc.*, 2016 WL 3844327, at *2 (N.D. Cal. July 15, 2016).

## III. ARGUMENT

**A.  Exhibits 1-5 Should Not Be Judicially Noticed Because WPE Uses Exhibits 1-5 to Dispute Well-Pleaded Factual Allegations**

As explained in the WordPress Parties' concurrently filed Opposition to WPE's Motion to Dismiss ("Merits Opposition"), WPE's challenges to the WordPress Parties' counterclaims, including

WPE's laches and nominative fair use defenses, turn on factual disputes that cannot be resolved at the pleadings stage. WPE's RJN attempts to use the doctrine of judicial notice to introduce new facts into the record in furtherance of these fact-bound defenses. This is improper. The Ninth Circuit has expressly warned against this tactic, explaining that "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Khoja*, 899 F.3d at 998. A movant may not "ask the Court to take judicial notice of documents that they then use as a basis to challenge the factual averments in the complaint." *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018). And yet WPE attempts to do precisely that.

WPE cites Exhibits 1-5 to argue that the WordPress Parties' trademark infringement claims are time-barred, claiming the webpages demonstrate "uses" of certain contested terms. Mot. 8-9. Although WPE says it is asking the Court to judicially notice the *existence* of the webpages it cites, it is actually asking the Court to make merits determinations. For example, WPE asks the Court to conclude that WPE was making *trademark* use of the phrases "'Headless WordPress' on its website at least as early as September 27, 2017" and "Managed WordPress" as of November 2021. Mot. 3-4. This is a disputed issue in the case. *See* Merits Opp. Section III.A.3. One of the key issues in this case is when WPE's usage of terms like "WordPress" changed from nominative fair use to the kind of use that infringes the WordPress Parties' trademark rights by signaling that the WordPress Parties sponsor or endorse WPE's products and services. In effect, WPE is attempting to use judicial notice to short circuit the litigation process and ask the Court to decide that the merits of the WordPress Parties' counterclaims on a motion to dismiss.

WPE's characterizations of the webpages' *contents* is misleading, disputed, and decontextualized, rendering the exhibits improper to consider on a Rule 12(b)(6) motion. *See Nelson v. Clark*, 2008 WL 619041, at *1 (E.D. Cal. Mar. 5, 2008) ("The Court cannot take judicial notice of factual circumstances in a vacuum. Rather, the facts must be placed in context."); *Brickman*, 2016 WL 3844327, at *2 (declining to take notice of documents that test "the ultimate merits of plaintiffs' claims" and not "the sufficiency of the complaint"). A careful review of each exhibit and WPE's accompanying arguments reveals why judicial notice of the exhibits should not be countenanced.

WPE cites Exhibits 1 and 2, where WPE used the term "managed WordPress" in 2011 and 2012, to argue that the WordPress Parties are time-barred from now enforcing against "WPE's identical use of the exact same phrase [as] in 2021." Mot. 9 (citing CC ¶ 119). WPE's argument elides key contextual differences between the 2011 and 2012 webpages and the infringing use cited in the counterclaims. Exhibit 1 states in the middle of a lengthy text page that "WP[E] leads the managed WordPress hosting segment with fastest page-load times, scalability, security and a staff of WordPress experts." RJN Ex. 1 at 5. And Exhibit 2 uses the phrase in small print at the footer of a page with other descriptive text. RJN Ex. 2 at 4. These are both markedly different from the reference to "Managed WordPress" identified in the counterclaims: WPE used "Managed WordPress" as the name of a *commercial product* available for purchase on its website in November 2021, in violation of the WordPress Foundation trademark policy. CC ¶ 119. The Court cannot judicially notice WPE's claim that it used "Managed WordPress" in an identical manner in 2011 and 2012. Not only is the claim facially specious based on WPE's own evidence, but it also requires a detailed analysis of the evidentiary record that is inappropriate at the pleadings stage. *Rollins*, 338 F. Supp. 3d at 1031; *Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881, 893 (N.D. Cal. 2012) ("Plaintiffs make factual arguments about what the proofs do and do not show, and that is enough at the motion to dismiss stage so that the court should not take notice of them.").

WPE's other exhibits fare no better. WPE claims that its exhibits show it was using the contested terms "Enterprise WordPress," "Headless WordPress," and "Core WordPress" before 2021. But as the counterclaims make clear, the infringement stems from WPE using those phrases for the names of its commercial products, not from simply putting those words together in a sentence:

- Exhibit 3 shows a product called "WP Engine Enterprise," which is described as "Enterprise WordPress Solutions For World-Class Web Experiences," RJN Ex. 3 at 3; WPE's product "Enterprise WordPress" was not offered until 2024, CC ¶ 220.
- Exhibit 4 promotes an event hosted by WPE with discussion of "how to take advantage of headless WordPress technology for the optimal user experiences," RJN Ex. 4 at 3; WPE's product "Headless WordPress" was launched in March 2021, CC ¶ 117.
- Exhibit 5 is a case study about one of WPE's clients that explains that WPE "assumed full

responsibility for managing all core WordPress and infrastructure updates for the site," RJN Ex. 5 at 2; WPE's product "Core WordPress" was launched in 2024, CC ¶ 123.

WPE may not "present [its] own version of the facts at the pleading stage." *Khoja*, 899 F.3d at 999. The history of WPE's use of the WordPress Marks is a key disputed issue in this litigation—perhaps *the* key disputed issue. The WordPress Parties' allegations require context and a full evidentiary record to place before the jury; the claims cannot be resolved on the basis of judicially noticing a few cherry-picked webpages with certain words from longer sentences highlighted and decontextualized. WPE's request to judicially notice Exhibits 1-5 should be denied.

**B.     Exhibits 1-7 Are Irrelevant and Should Not Be Judicially Noticed**

WPE's Exhibits 1-7 are irrelevant to the issues raised in the counterclaims and WPE's motion to dismiss. WPE attempts to use a selection of blog posts and archival versions of its homepage over an 11-year time period to support its laches and statute of limitations arguments, but these documents do not show that the WordPress Parties delayed in bringing suit against WPE. Because all "document[s] to be judicially noticed must be relevant to an issue in the case," Exhibits 1-7 are not proper subjects of judicial notice. *See, e.g.*, *Bd. of Cement Masons S. Cal. Health Welfare Fund v. Galvan & Brown Concrete Decking, Inc.*, 2009 WL 10675912, at *7 (C.D. Cal. Dec. 4, 2009).

As explained *supra* Section III.A, Exhibits 1-5 contain only passing references to the phrases "managed WordPress," "enterprise WordPress," "headless WordPress," and "core WordPress," largely buried in text and not prominently displayed. Even if the exhibits demonstrated what WPE claims they do, there is no basis to conclude that the WordPress Parties knew or should have known about obscure blog posts and every iteration of WPE's homepage. *See, e.g.*, *Luna Distrib. LLC v. Stoli Grp. (USA), LLC*, 2018 WL 5099277, at *6 (C.D. Cal. July 10, 2018) ("trademark holders are not required to 'constantly monitor every nook and cranny of the entire nation'" (citation omitted)). Because the exhibits do not support WPE's laches argument, they are fundamentally irrelevant.

Exhibits 6 and 7 demonstrate WPE's use of contested terms within the limitations period, which, as the WordPress Parties explained in its Merits Opposition, began in October 2020. These exhibits therefore do not have any bearing on WPE's legal arguments. Exhibit 7 is especially irrelevant because WPE cites it only for the proposition that WPE used the term "WooCommerce." Mot. 9. The

WordPress Parties do not and have not argued that WPE may not use the term "WooCommerce" on its own under any circumstances or that use of the term standing alone constitutes infringement. The WordPress Parties' position is that the nature and character of WPE's use of the WooCommerce Marks after October 2020 constitutes trademark infringement. Merits Opp. Section III.A.3. These exhibits do not bear on any issue in WPE's motion to dismiss and are not proper subjects for judicial notice.

## IV.   CONCLUSION

For the foregoing reasons, the Court should deny judicial notice as to Exhibits 1-7.

DATED: December 8, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Howard S. Hogan*
　　　Howard S. Hogan

*Attorney for Defendants Automattic Inc. and Matthew Charles Mullenweg and Counterclaimants WordPress Foundation and WooCommerce Inc.*