JOSEPH R. ROSE, SBN 27902
jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

MICHAEL H. DORE, SBN 227442
mdore@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

JOSH A. KREVITT, SBN 208552
jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER *(admitted pro hac vice)*
osnyder@gibsondunn.com
HOWARD S. HOGAN (*admitted pro hac vice*)
HHOGAN@GIBSONDUNN.COM
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg and Counterclaimants WordPress Foundation and WooCommerce Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>Defendants.<br><hr>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | Case No. 3:24-cv-06917-AMO<br><br>**DEFENDANTS' STATEMENT IN CONNECTION WITH PLAINTIFF'S ADMINISTRATIVE MOTION RE: SEALING [DKT. 215]** |

Pursuant to Local Rules 7-11 and 79-5, Defendants Automattic Inc. ("Automattic") and Matthew Charles Mullenweg (collectively, "Defendants") respectfully submit this statement in connection with the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Plaintiff WPEngine, Inc. ("WPE") in connection with its Proposed Third Amended Complaint ("TAC"). Dkt. 215. The provisionally redacted material is the same as the provisionally redacted material in WPE's Corrected Second Amended Complaint, to which Defendants responded on October 10, 2025. Dkt. 186. The arguments below are the same as the ones raised in Defendants' October 10 response. For the Court's convenience, Defendants reattach the declarations of Matthew Charles Mullenweg and Stephen G. Deckert filed October 10.

The provisionally redacted material in the TAC (the "Designated Material") reflects confidential, highly sensitive information concerning Defendants' negotiations with actual and potential business partners, communications with customers, and internal strategic discussions that would cause competitive harm to Defendants if disclosed. For the reasons articulated herein and in the accompanying declarations, Defendants respectfully request that the Designated Material remains sealed.

The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original). District courts in the Ninth Circuit have applied the "compelling reasons" standard to requests to seal all or part of a complaint, meaning that there must be "compelling reasons supported by specific factual findings" to justify sealing. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted); *see, e.g.*, *In re NVIDIA Corp. Derivative Litig.*, 2008 WL 1859067, at *4 (N.D. Cal. Apr. 23, 2008).

Courts in this Circuit regularly find compelling reasons to seal nonpublic material contained in pleadings that reveals "confidential business information, the disclosure of which would cause competitive harm." *Actian Corp. v. AB Sciex LLC*, 2023 WL 7166811, at *2 (N.D. Cal. Oct. 30, 2023); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("business information that might harm a litigant's competitive standing" provides basis for sealing). The compelling reasons standard

may also be satisfied by information concerning the "licensing terms, royalties paid or owed under license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the compelling reasons standard, *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017); trade secrets that are used by the designating party to "obtain an advantage over competitors who do not know or use [the information]," *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); and information that a competitor could use to "undermine [the designating party's] position in the marketplace," *Miotox LLC v. Allergan, Inc.*, 2016 WL 3176557, at *2 (C.D. Cal. June 2, 2016).

Compelling reasons exist to seal the material provisionally redacted by WPE, with the exception of the material in paragraphs 199, 211, and 212, which Defendants do not maintain is confidential and warrants sealing. *See* Mullenweg Decl. ¶ 6-7; Deckert Decl. ¶ 13-17. The chart below provides a brief summary of the basis for sealing[1]:

| Document Description | Bates No. | Reason for Sealing |
|---|---|---|
| Highlighted Material in TAC ¶¶ 135; 208; 219; 413 | Excerpt from A8C00190048 | Internal strategy discussions concerning trademark license and business partnership negotiations |
| Highlighted Material in TAC ¶¶ 135; 213; 214 | Excerpt from A8C00190444 | Internal strategy discussions concerning trademark license and business partnership negotiation, including pricing terms |
| Highlighted Material in TAC ¶¶ 223; 224; 524 | Excerpt from A8C00205092 | Internal strategy discussions concerning trademark license and business partnership negotiations |
| Highlighted Material in TAC ¶ 121 | Excerpt from A8C00212397 | Negotiations with third-party business partner concerning partnership terms |
| Highlighted Material in TAC ¶ 231 | Excerpt from A8C00221365 | Communications with potential customer concerning business acquisition |

---

[1] The following paragraphs in the TAC are provisionally redacted but were not included in WPE's Motion or Proposed Order: 196, 216, 224, 225. Defendants have included these paragraphs in the above chart with the appropriate document.

| Document Description | Bates No. | Reason for Sealing |
|---|---|---|
| Highlighted Material in TAC ¶¶ 202; 215; 216 | Excerpt from A8C00221515 | Internal strategy discussions concerning trademark license and business partnership negotiations |
| Highlighted Material in TAC ¶ 246 | Excerpt from A8C00223254 | Internal strategy discussions concerning competition with Plaintiff and Automattic's business positioning |
| Highlighted Material in TAC ¶¶ 200; 209; 210; 374 | Excerpt from A8C00238928 | Internal strategy discussions concerning trademark license and business partnership negotiations |
| Highlighted Material in TAC ¶¶ 213; 214; 218 | Excerpt from A8C00255977 | Internal strategy discussions concerning trademark license and business partnership negotiations |
| Highlighted Material in TAC ¶¶ 250; 419 | Excerpt from A8C00263914 | Internal strategy discussions concerning competition with Plaintiff and Automattic's business positioning |
| Highlighted Material in TAC ¶¶ 225, 238; 297; 324; 336 | Excerpt from A8C00675249 | Negotiations with potential third-party business partner concerning trademark license and partnership terms |
| Highlighted Material in TAC ¶¶ 100 fn. 59; 196, 220, 225 | Excerpt from A8C00679403 | Negotiations with potential third-party business partner concerning partnership terms |
| Highlighted Material in TAC ¶ 220 | Excerpt from A8C00679530 | Negotiations with potential third-party business partner concerning partnership terms, including pricing terms |
| Highlighted Material in TAC ¶ 256 | Excerpt from A8C00679875 | Internal strategy discussions concerning trademark license and business partnership negotiations |

As demonstrated by the chart above, the vast majority of the Designated Material concerns nonpublic details about existing and potential trademark license and partnership agreements, both in internal strategic discussions and direct negotiations. As part of its overall business strategy, Automattic negotiates and enters into agreements with third parties, including competitors offering web hosting services, regarding their web hosting services and use of the WordPress and WooCommerce trademarks. Deckert Decl. ¶ 6. These communications are confidential and reveal nonpublic "financial

terms, details of confidential licensing negotiations, and business strategies," and their disclosure would "harm [Automattic's] competitive standing by releasing such information to competitors" and providing competitors with "insight into [Automattic's] business model and strategy," causing harm "in future negotiations with existing customers, third-parties, and other entities with whom [it] do[es] business." *Qualcomm*, 2017 WL 5176922, at *2; *see* Deckert Decl. ¶ 7-9, 15-17. The communications also reflect Automattic's considerations and requirements when entering into a deal, which constitute trade secrets that would harm Automattic if disclosed publicly. Deckert Decl. ¶ 14; *Elec. Arts*, 298 F. App'x at 569 (trade secrets may consist of any "information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it" (citation omitted)); *Aya Healthcare Servs. v. Amn Healthcare, Inc.*, 2020 WL 1911502, at *3 (S.D. Cal. Apr. 20, 2020) (agreement reflected terms upon which defendant was willing to deal, constituting trade secrets). The information related to Automattic's license and partnership agreements therefore comprise sensitive, nonpublic information that would cause competitive harm to Automattic, satisfying the compelling reasons standard. Deckert Decl. ¶ 15-17; *see, e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015) (finding compelling reasons to seal information concerning third-party agreements that would put designating party "at a disadvantage in future negotiations for similar agreements"); *Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (finding compelling reasons to "seal confidential information regarding a party's business partners where the disclosure of that information would harm the party's competitive standing").

In addition to negotiations between Automattic and third parties, the Designated Material includes communications between Mullenweg and a third party concerning negotiations for the third party to be endorsed on WordPress.org. Mullenweg Decl. ¶ 5-6. These nonpublic communications reveal commercially sensitive information, including financial terms, Mullenweg's business strategies, and the terms on which Mullenweg is willing to deal concerning endorsements on WordPress.org. Mullenweg Decl. ¶ 5; *see Qualcomm*, 2017 WL 5176922, at *2; *Aya Healthcare*, 2020 WL 1911502, at *3. The public disclosure of these communications would cause competitive harm to Mullenweg,

including by unfairly advantaging potential counterparties in future negotiations for similar agreements. Mullenweg Decl. ¶ 7; *see Icon-IP*, 2015 WL 984121, at *3.

The Designated Material also includes a communication between Automattic and a potential customer. Automattic's communications with actual and potential customers are confidential. Deckert Decl. ¶ 10. Nonpublic details concerning Automattic's acquisition of new business constitute trade secrets, the disclosure of which would put Automattic at a competitive disadvantage. Deckert Decl. ¶ 14-17; *see Elec. Arts*, 298 F. App'x at 569; *Exeltis USA Inc. v. First Databank, Inc.*, 2020 WL 2838812, at *2 (N.D. Cal. June 1, 2020) (finding compelling reasons to seal "confidential and proprietary business, sales, or licensing information, including the identities of the customers … and company strategy").

Finally, the Designated Materials include internal, confidential strategy discussions concerning competition with Plaintiff and Automattic's business positioning, both with respect to its product offerings and its positioning in the WordPress community. Deckert Decl. ¶ 4, 11. These nonpublic discussions reveal details about Automattic's internal strategy concerning its competitive positioning overall and with respect to specific products. Deckert Decl. ¶ 14-17; *see In re Hydroxycut Mktg. & Sales Pracs. Litig.*, 2011 WL 864897, at *2 (S.D. Cal. Mar. 11, 2011) (finding compelling reasons to seal emails that "reveal business and marketing strategy" and "information regarding product development"). Public disclosure of such information could provide "non-party competitors an unfair advantage in the development or marketing of rival products." *Exeltis*, 2020 WL 2838812, at *2.

Defendants respectfully request that the Court order that the Designated Material remain sealed pursuant to the compelling reasons standard.

DATED: December 9, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Joseph R. Rose*
      Joseph R. Rose

*Attorney for Defendants Automattic Inc. and Matthew Charles Mullenweg*