QUINN EMANUEL URQUHART & SULLIVAN LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

Michael E. Williams (SBN 181299)
michaelwilliams@quinnemanuel.com
Kevin Y. Teruya (SBN 235916)
kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Plaintiff WPEngine, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>Defendants.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>vs,<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | Case No. 3:24-cv-06917-AMO<br><br>**PLAINTIFF WPENGINE, INC.'S RESPONSE TO DEFENDANTS' STATEMENT IN CONNECTION WITH PLAINTIFF'S ADMINISTRATIVE MOTION RE: SEALING [L-R 79-5(f)(4)]** |

Defendants' request to seal portions of WPEngine, Inc.'s proposed Third Amended Complaint ("TAC") (Dkt. No. 218) should be denied because Defendants have failed to meet their burden. Courts rarely seal complaints and will do so only where the party requesting such sealing provides compelling reasons supported by specific factual findings. *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1161 (N.D. Cal. 2021) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Compelling reasons have been found, for example, where trade secrets or proprietary technical information are at issue and may harm a party's competitive advantage if publicly disclosed in a complaint. *See, e.g.*, *Microsoft Corp. v. Hon Hai Precision Industry Co., Ltd.*, 2019 WL 11890609 (N.D. Cal. Aug. 15, 2019). No such compelling reasons are present here, including because the brief excerpts of documents quoted or described in the TAC do not identify any trade secrets, notwithstanding Defendants' generalized claims that the excerpts purportedly reflect "business strategy" and "trademark strategy." Such vague claims are insufficient to justify sealing. In any event, Defendants already publicly disclosed both the details of their purported business and trademark licensing strategies as well as their nuclear war against WPE, and thus cannot now plausibly claim that these matters are so secret that they must be sealed. Moreover, the excerpts Defendants seek to seal are central to WPE's claims, and concern matters of great public interest. That they might reflect unlawful conduct, inculpatory admissions, or contradictions of Defendants' public statements do not warrant sealing. Third party names can be narrowly redacted to the extent the Court deems it necessary.

### A. Defendants Have Failed to Meet Their Sealing Burden

Defendants fail to carry their burden of showing "compelling reasons" for sealing a complaint as the law requires. The TAC quotes discrete excerpts of certain documents, and Defendants fail to articulate any compelling reasons why those excerpts should not be unsealed. Their submission offers only vague, unsubstantiated assertions that disclosure could reveal "insight into [Automattic's] business model and strategy" or "unfairly advantag[e] potential counterparties in future negotiations." Dkt. No. 218 at 3-5. Courts repeatedly reject such "generic explanation[s]" and "vague boilerplate" as insufficient to overcome the strong presumption of public access. *Open Text S.A. v. Box, Inc.*, 2014 WL 7368594, at *2 (N.D. Cal. Dec. 26, 2014); *Bronson v. Samsung*

*Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) ("nebulous assertions of potential harm" insufficient); *Pardi v. Tricida, Inc.*, 2023 WL 6165694, at *3 (N.D. Cal. Sept. 21, 2023) (denying defendants' motion to seal complaint, finding "broad assertions" of "competitive[] harm" do not justify sealing, "particularly when [they] are critical to Plaintiff's claims in this case."); *In re Meta Pixel Tax Filing Cases*, 2025 WL 1872974, at *3 (N.D. Cal. May 9, 2025) ("vague references to competitive harms" insufficient to seal complaint). Defendants fail to identify how any particular passage would cause clearly-defined harm. Indeed, Defendants mischaracterize many of the redactions which are not even excerpts from Defendants' documents, as can be seen by comparing the unredacted passages with Defendants' claimed bases for sealing.

### B. Defendants Cannot Credibly Claim Confidentiality in Their Publicly Disclosed Trademark Licensing Campaign or Their Nuclear War against WPE

Defendants' claim that they are entitled to request sealing as to their "trademark license and business partnership negotiations" (Dkt. No. 218 at 3-5) fails for the additional reason that Defendants have publicly disclosed those activities extensively—including in prior court filings, on their website, at industry conferences, during podcast interviews, and via social media—thus waiving any right to seal such material. *See, e.g.*, *United States v. Seugasala*, 670 F. App'x 641, 642 (9th Cir. 2016) ("A confidentiality claim is generally lost by voluntary disclosure of the allegedly confidential information…."); *Flores v. United States Immigr. & Customs Enf't*, 2018 WL 5825314, at *3 (W.D. Wash. Nov. 7, 2018) (Defendants waived right to request sealing after publicly filing materials earlier in the litigation, then later trying to seal them). Stated another way, "information that has already entered the public domain cannot in any meaningful way be later removed from the public domain." *In re Google Inc. Gmail Litig.*, 2014 WL 10537440, at *5 (N.D. Cal. Aug. 6, 2014).

Here, Defendants published articles on wordpress.org's "News" section sharing their trademark strategy with the public. *See e.g.*, TAC ¶¶ 108, 110. Defendant Mullenweg also spoke publicly at length about Defendants' licensing terms, including their pricing strategy. *See id.* ¶ 27 (Defendants publicly stating at TechCrunch Disrupt 2024 that their demand for 8% of WPE's revenues was based on business analysis of WPE's free cash flows). Indeed, Defendants even posted the actual terms of their proposed trademark license and business partnership agreement online for

1  all the world to see. *See* https://automattic.com/wp-content/uploads/2024/09/term-sheet-wp-engine-
2  inc.-automattic-trademark-license_09.19.2024-1.pdf. Having disclosed their trademark licensing
3  scheme, Defendants cannot now claim the details thereof would cause them serious competitive
4  harm if publicly filed. *See* Bates Numbered Documents '048, '444, '092, '977, '403, '530.

5       Likewise, Defendants have repeatedly publicized the details of their "nuclear war" against
6  WPE, including, for example, their plan to "go brick by brick and [] take every single one of
7  [WPE's] customers" unless WPE paid Automattic 8% of its revenues (TAC ¶¶ 5-7, 27-28); *see also*
8  Dkt. No. 106 at 1, 6 (Defendants admitting that it used the trademark issue as a weapon to coerce
9  WPE and threaten WPE with unrelated retaliatory acts if it refused to pay). Given Defendants'
10 public war against WPE, they are not entitled to seal the details of it now. *See* Bates Numbered
11 Documents '254, '914, '875. To the extent the Court determines that any third-party names warrant
12 sealing, those names can be redacted while un-redacting the remainder of these passages.

13       **C.    The Redacted Portions of the TAC Concern Matters of Great Public Interest**

14       Public access "bolsters understanding of the judicial process and confidence in the
15 administration of justice." *Realtek Semiconductor Corp. v. MediaTek, Inc.*, 769 F. Supp. 3d 1067,
16 1101 (N.D. Cal. 2025) (quotation omitted). The presumption of public access is at its strongest
17 where, as here, the sealed material goes to the heart of the dispute and implicates matters of
18 significant public concern, such as alleged unfair competition, antitrust violations and coercive
19 tactics that threaten to harm competition, innovation, and consumers across an entire industry. The
20 portions of the TAC that Defendants seek to seal do precisely that. *See, e.g.*, TAC ¶¶ 5–7, 27–28;
21 see also '048, '444, '092, '397, '515, '977, '403, '254, '928, '914, '954, '530, and '875 documents.
22 Litigants cannot recast allegations of unlawful conduct as confidential business information to
23 justify sealing, particularly where those allegations are "critical (even central)" to the claims at issue,
24 as they are here. *See M.A. Silva Corks USA, LLC v. Silva Holdings, Inc.*, 2023 WL 2940031, at *2
25 (N.D. Cal. Mar. 10, 2023). Likewise, in *Tevra Brands LLC v. Bayer HealthCare LLC*, 2020 WL
26 1245352, at *2–3 (N.D. Cal. Mar. 16, 2020), the court denied sealing of antitrust allegations in a
27 complaint and allowed narrow sealing of specific price terms only, emphasizing that such
28 allegations are "essential to the public's understanding" of the claims and their merits. So too here.

### D. Damaging or Inculpatory Evidence Does Not Justify Sealing

Materials that reflect unlawful conduct, inculpatory admissions, or contradictions of Defendants' own public statements do not justify sealing. "[T]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

WPE's specific responses to Defendants' sealing reasons are reflected below:

| Document Description | Bates No. | Defendants' Reason for Sealing | WPE's Response |
|---|---|---|---|
| TAC ¶¶ 135; 208; 219; 413 | A8C00 190048 | Internal strategy discussions concerning trademark license and business partnership negotiations. | The brief excerpts cited contain no trade secrets; Defendants already publicly disclosed their trademark license and partnership strategy and war against WPE; Defendants' actions concern a matter of great public interest. |
| TAC ¶¶ 135; 213; 214 | A8C0 0190444 | Internal strategy discussions concerning trademark license and business partnership negotiation, including pricing terms. | The brief excerpts cited contain no trade secrets; Defendants already publicly disclosed their trademark license and partnership strategy and war against WPE; Defendants' actions concern a matter of great public interest. |
| TAC ¶¶ 223; 224; 524 | A8C0 0205092 | Internal strategy discussions concerning trademark license and business partnership negotiations. | The brief excerpts cited contain no trade secrets; Defendants already publicly disclosed their trademark license and partnership strategy and war against WPE; Defendants' actions concern a matter of great public interest. |
| TAC ¶ 121 | A8C0 0212397 | Negotiations with third-party business partner concerning partnership terms. | Defendants' statements to third parties, made with no request for confidentiality, do not satisfy the compelling reasons standard. |
| TAC ¶ 231 | A8C0 0221365 | Communications with potential customer concerning business acquisition. | Defendants' communication with WPE's customer fail to meet the compelling reasons standard. |
| TAC ¶¶ 202; 215; 216 | A8C0 0221515 | Internal strategy discussions concerning trademark license and business partnership negotiations. | The brief excerpts cited contain no trade secrets; Defendants already publicly disclosed their trademark license and partnership strategy and war against WPE; Defendants' actions concern a matter of great public interest. |
| TAC ¶ 246 | A8C0 0223254 | Internal strategy discussions concerning competition with Plaintiff and Automattic's business positioning. | The brief excerpts cited contain no trade secrets; Defendants already publicly disclosed their war against WPE; Defendants' actions concern a matter of great public interest. |
| TAC ¶¶ 200; 209; 210; 374 | A8C0 0238928 | Internal strategy discussions concerning trademark license and business partnership negotiations. | The brief excerpts cited contain no trade secrets; Defendants already publicly disclosed their trademark license and partnership strategy and war against WPE; Defendants' actions concern a matter of great public interest. |

| Document Description | Bates No. | Defendants' Reason for Sealing | WPE's Response |
|---|---|---|---|
| TAC ¶¶ 213; 214; 218 | A8C0025977 | Internal strategy discussions concerning trademark license and business partnership negotiations. | The brief excerpts cited contain no trade secrets; Defendants already publicly disclosed their trademark license and partnership strategy and war against WPE; Defendants' actions concern a matter of great public interest. |
| TAC ¶¶ 250; 419 | A8C0026914 | Internal strategy discussions concerning competition with Plaintiff and Automattic's business positioning. | The brief excerpts cited contain no trade secrets; Defendants already publicly disclosed their war against WPE; Defendants' actions concern a matter of great public interest. |
| TAC ¶¶ 225, 238; 297; 324; 336 | A8C0067249 | Negotiations with potential third-party business partner concerning trademark license and partnership terms. | Defendants' statements to third parties, made with no request for confidentiality, do not satisfy the compelling reasons standard. |
| TAC ¶¶ 100 fn. 59; 196, 220, 225 | A8C0067403 | Negotiations with potential third-party business partner concerning partnership terms. | The brief excerpts cited contain no trade secrets; Defendants already publicly disclosed their trademark license and partnership strategy and war against WPE; Defendants' actions concern a matter of great public interest. |
| TAC ¶ 220 | A8C0067953 0 | Negotiations with potential third-party business partner concerning partnership terms, including pricing terms. | Defendants' statements to third parties, made with no request for confidentiality, do not satisfy the compelling reasons standard. |
| TAC ¶ 256 | A8C0067987 5 | Internal strategy discussions concerning trademark license and business partnership negotiations. | The brief excerpts cited contain no trade secrets; Defendants already publicly disclosed their trademark license and partnership strategy and war against WPE; Defendants' actions concern a matter of great public interest. |

## CONCLUSION

Plaintiff respectfully requests that the Court deny Defendants' sealing request.

DATED: December 15, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Rachel Herrick Kassabian*
Rachel Herrick Kassabian
*Attorneys for Plaintiff WPEngine, Inc.*