JOSEPH R. ROSE, SBN 27902
    jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

MICHAEL H. DORE, SBN 227442
    mdore@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
    isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

JOSH A. KREVITT, SBN 208552
    jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER *(admitted pro hac vice)*
    osnyder@gibsondunn.com
HOWARD S. HOGAN (*admitted pro hac vice*)
    hhogan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg and Counterclaimants WordPress Foundation and WooCommerce Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>Defendants.<br><br>───────────<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | Case No. 3:24-cv-06917-AMO<br><br>**COUNTERCLAIMANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND SECOND AMENDED COMPLAINT**<br><br>**Hearing:**<br>Date:     March 5, 2026<br>Time:     2:00 p.m.<br>Place:    Courtroom 10<br><br>**HON. ARACELI MARTÍNEZ-OLGUÍN** |

**TABLE OF CONTENTS**

Page

I.  INTRODUCTION ............................................................................................................. 1

II. FACTUAL AND PROCEDURAL BACKGROUND.............................................................. 2

III. LEGAL STANDARD ....................................................................................................... 4

IV. ARGUMENT ................................................................................................................... 4

    A.  There Is No Good Cause to Amend the Scheduling Order to Permit WPE's
        Late Amendment ........................................................................................................ 4

    B.  Leave to Amend Is Not Proper Under Rule 15 ............................................................. 9

V.  CONCLUSION ............................................................................................................... 14

COUNTERCLAIMANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
CASE NO. 3:24-CV-06917-AMO

1

**TABLE OF AUTHORITIES**

2

<u>Page(s)</u>

3

**Cases**

*Alvarado v. Amazon.com, Servs. LLC*,
 2022 WL 899850 (N.D. Cal. Mar. 28, 2022).................................................................................12

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
 465 F.3d 946 (9th Cir. 2006)..........................................................................................................9

*Ashcraft v. White Pine Cnty. Hosp. Dist.*,
 2012 WL 961257 (D. Nev. Mar. 21, 2012)....................................................................................9

*Bertolina v. Wachovia Mortg., FSB*,
 2011 WL 3473527 (N.D. Cal. Aug. 9, 2011)................................................................................12

*Bonin v. Calderon*,
 59 F.3d 815 (9th Cir. 1995)............................................................................................................9

*Burgess v. Rios*,
 2014 WL 3809400 (E.D. Cal. Aug. 1, 2014), *report and recommendation adopted*,
 2014 WL 6872595 (E.D. Cal. Dec. 3, 2014)................................................................................10

*Chang v. Cashman*,
 723 F. Supp. 3d 772 (N.D. Cal. 2024) ...........................................................................................6

*Cryer v. Idaho Dep't of Lab.*,
 2018 WL 3636529 (D. Idaho July 30, 2018) ..............................................................................4, 8

*Denham v. Glob. Distribution Services, Inc.*,
 2020 WL 2218966 (S.D. Cal. May 6, 2020)...................................................................................7

*Eliott v. Lions Gate Ent. Corp.*,
 639 F. Supp. 3d 1012 (C.D. Cal. 2022)..........................................................................................9

*Gardner v. Martino*,
 563 F.3d 981 (9th Cir. 2009)..........................................................................................................9

*Johnson v. Mammoth Recreations, Inc.*,
 975 F.2d 604 (9th Cir. 1992)......................................................................................................4, 5

*Kamal v. Eden Creamery, LLC*,
 88 F.4th 1268 (9th Cir. 2023).........................................................................................................7

*Kaneka Corp. v. SKC Kolon PI, Inc.*,
 2013 WL 11237203 (C.D. Cal. May 6, 2013) ...........................................................................4, 13

*Kaplan v. Rose*,
 49 F.3d 1363 (9th Cir. 1994).....................................................................................................8, 14

*Ketab Corp. v. Mesriani & Assocs.*,
 2015 WL 8022874 (C.D. Cal. Dec. 4, 2015) ................................................................................12

*Keller v. Automattic, Inc.*,
  No. 25-cv-01892-AMO (N.D. Cal. Dec. 16, 2025) ....................................................................10

*Kremerman v. Open Source Steel, LLC*,
  2018 WL 4700526 (W.D. Wash. Oct. 1, 2018) ........................................................................6

*Mansourian v. Bd. of Regents of Univ. of California at Davis*,
  2007 WL 841739 (E.D. Cal. Mar. 20, 2007) ..........................................................................8

*Marlor v. Hous. Co.*,
  2025 WL 2531147 (D. Idaho Sept. 3, 2025).........................................................................10

*Oby v. Clear Recon Corp.*,
  2017 WL 950449 (E.D. Cal. Mar. 10, 2017) ........................................................................11

*Pac. Vibrations, LLC v. Slow Gold Ltd.*,
  2023 WL 1934436 (S.D. Cal. Feb. 10, 2023) .......................................................................12

*Parker v. Columbia Pictures Indus.*,
  204 F.3d 326 (2d Cir. 2000)....................................................................................................5

*Philadelphia Indem. Ins. Co. v. IEC Corp.*,
  2017 WL 5664988 (C.D. Cal. July 27, 2017) .........................................................................5

*Reddy v. Litton Indus., Inc.*,
  912 F.2d 291 (9th Cir. 1990)............................................................................................11, 12

*Rodarte v. Alameda Cty.*,
  2015 WL 5440788 (N.D. Cal. Sept. 15, 2015) ........................................................................4

*Royal Ins. Co. of Am. v. Sw. Marine*,
  194 F.3d 1009 (9th Cir. 1999)..................................................................................................9

*S. California Stroke Rehab. Assocs., Inc. v. Nautilus, Inc.*,
  2012 WL 273140 (S.D. Cal. Jan. 30, 2012)..........................................................................11

*S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*,
  315 F.3d 533 (5th Cir. 2003)....................................................................................................5

*Siliga v. Deutsche Bank Nat. Tr. Co.*,
  637 F. App'x 438 (9th Cir. 2016) .............................................................................................5

*Sosa v. Airprint Sys., Inc.*,
  133 F.3d 1417 (11th Cir. 1998)................................................................................................5

*Union Pac. R. Co. v. Nevada Power Co.*,
  950 F.2d 1429 (9th Cir. 1991)..................................................................................................4

*Valladares v. Hubbard*,
  2011 WL 4434230 (C.D. Cal. Aug. 26, 2011), *report and recommendation
  adopted*, 2011 WL 4412986 (C.D. Cal. Sept. 21, 2011), *aff'd*, 490 F. App'x 72
  (9th Cir. 2013)..........................................................................................................................7

*Wasco Prods., Inc. v. Southwall Techs., Inc.*,
  435 F.3d 989 (9th Cir. 2006)..................................................................................................14

Gibson, Dunn &
Crutcher LLP

*Williams v. Thompson*,
  2021 WL 4461373 (E.D. Cal. Sept. 29, 2021) ..................................................................................10

**Statutes**

18 U.S.C. § 1030 ..................................................................................................................................5

Cal. Bus. & Prof. Code § 17200 .........................................................................................................5

**Rules**

Fed. R. Civ. P. 16 ................................................................................................................................4

**Other Proceedings**

*WooCommerce, Inc. v. Shukexingqiu (Zhuhai) Information Technology Co., Ltd.*,
  Opp'n No. 91283699 (T.T.A.B.),
  https://ttabvue.uspto.gov/ttabvue/v?qt=adv&procstatus=All&pno=91283699 ...............................3

*WooCommerce, Inc. v. Style House Ventures LLC*, Opp'n No. 91283329 (T.T.A.B.),
  https://ttabvue.uspto.gov/ttabvue/v?qt=adv&procstatus=All&pno=91283329 ...............................3

*WooCommerce, Inc. v. Wheatfield Guard Technology Co., Ltd.*, Opp'n No. 91283555
  (T.T.A.B.), https://ttabvue.uspto.gov/ttabvue/v?qt=adv&procsta-
  tus=All&pno=91283555 ..................................................................................................................3

1

## I.    INTRODUCTION

Over a year after filing this lawsuit, seven months after the Court's deadline to amend the pleadings or add parties, and with the close of fact discovery rapidly approaching, WPEngine, Inc. ("WPE") asks for extraordinary relief: leave to amend its complaint for a third time to add a defendant it has indisputably known about from day one. *See* Dkt. 213 ("Mot."). This is not diligence. It is strategic—exactly the sort of tactical delay that the Federal Rules are designed to prevent.

WPE now seeks to add Counterclaimant WooCommerce Inc. ("WooCommerce")—an affiliate of Automattic Inc. ("Automattic")—as a defendant to claims for tortious interference, "extortion" under the Computer Fraud and Abuse Act ("CFAA"), unfair competition, and declaratory judgments of non-infringement and non-dilution. WPE's claim that it learned "new information" only when WooCommerce intervened to protect its longstanding trademark rights is not just wrong—it is incompatible with WPE's own allegations.

From its very first complaint, WPE alleged that WooCommerce and Automattic jointly sent WPE a September 23, 2024 letter putting WPE on explicit notice that WooCommerce owned the relevant trademarks and expected WPE to stop its unauthorized use. WPE knew, before filing this lawsuit, that WooCommerce claimed the rights at issue and intended to enforce them in its own name. WPE nevertheless elected not to sue WooCommerce. That was a voluntary strategic choice—one WPE is not entitled to undo a year later.

Even setting WPE's extensive delay aside, the proposed amendment would significantly prejudice Automattic, Matthew Mullenweg ("Defendants"), and WordPress Foundation and WooCommerce (collectively, the "Counterclaimants" or the "WordPress Parties"). WPE's eleventh-hour maneuver would:

- Delay adjudication of Defendants' pending motion to dismiss;

- Expand and complicate discovery just as fact discovery is closing; and

- Inject unnecessary motion practice while adding nothing meaningful to WPE's claims.

WPE's proposed amendments are also futile on their face because they do not plausibly establish any causes of action against WooCommerce. The proffered Third Amended Complaint ("TAC") does not explain in any way how WooCommerce—a company that offers open-source e-commerce

COUNTERCLAIMANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
CASE NO. 3:24-CV-06917-AMO
1

1  plug-ins that do not compete with WPE—could possibly tortiously interfere with WPE's customer

2  relationships, extort anything from WPE, or unfairly compete with WPE. Neither the proposed amend-

3  ment nor WPE's motion identifies a single factual allegation supporting these new theories. In fact,

4  these claims are ***directly contradicted*** by WPE's own premise that it supposedly was not aware of

5  WooCommerce's role until WooCommerce asserted counterclaims to enforce its trademarks. And there

6  is no need for a declaratory judgment claim that simply mirrors WooCommerce's infringement claim—

7  nor any basis for a new declaration of non-dilution when WooCommerce has asserted no dilution claim

8  at all.

9      Most troubling, WPE assures the Court that its proposed amendment "adds no new claims,

10  theories, or substantively different facts." Mot. 2. That is demonstrably untrue. The TAC quietly intro-

11  duces numerous new or modified factual allegations—including regarding events WPE has known

12  about for more than a year—in an effort to broaden and reshape its existing claims under the pretense

13  of merely adding WooCommerce as a defendant. That is improper and underscores the tactical nature

14  of this request.

15      WPE's motion is not about clarifying parties or advancing the merits. It is a litigation gambit

16  aimed at disruption, delay, and leverage—an effort to unwind its own strategic decisions and compli-

17  cate this case as it nears the finish line. The WordPress Parties, by contrast, have acted consistently,

18  transparently, and in good faith throughout this dispute. The Federal Rules do not permit amendment

19  as a weapon against the orderly progression of a case.

20      The Court should deny WPE's motion in its entirety.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

22      WooCommerce is the owner and registrant of numerous trademark registrations, consisting or

23  comprising WOOCOMMERCE and WOO, in connection with goods and services related to its open-

24  source e-commerce plug-ins (the "WooCommerce Marks"). *See* Dkt. 1 ("Compl.") ¶ 42; Dkt. 195

25  ¶¶ 47-48 & Ex. C. WooCommerce is a wholly owned subsidiary of Automattic. Compl. ¶ 9.

26      On September 23, 2024, counsel for Automattic and WooCommerce sent a letter to WPE on

27  behalf of "Automattic Inc. and WooCommerce, Inc. (collectively, our 'Client')" explaining that "our

28  Client own[s] all intellectual property rights globally in and to the world-famous WOOCOMMERCE

Gibson, Dunn &
Crutcher LLP

1    and WOO trademarks" and demanding that WPE cease its unauthorized use of the marks. Dkt. 1-1

2    ("Compl. Ex. A") at 2-3.

3            In direct response to that letter, WPE filed its complaint initiating this litigation on October 2,

4    2024. In the complaint, WPE alleged that it received a letter from "counsel for Automattic and its

5    subsidiary, WooCommerce, Inc. … alleging that WPE's use of the Challenged Terms constitutes trade-

6    mark infringement and was diluting their rights, tarnishing their reputation, and harming their good-

7    will" and attached the letter as an exhibit. Compl. ¶ 17 & Ex. A. WPE also alleged that WooCommerce

8    "owns trademark registrations for the WOOCOMMERCE and WOO marks." Compl. ¶ 42. In other

9    words, since before filing its initial complaint in this case, WPE was specifically aware of WooCom-

10   merce's intent to assert trademark rights under its own name, alongside Automattic.

11           Discovery in this litigation has included discovery into WooCommerce, including its history of

12   enforcing the WooCommerce Marks. *See* Mot. 2; Rose Decl. ¶ 2. For instance, WooCommerce has

13   initiated opposition proceedings before the Trademark Trial and Appeal Board to enforce its trademark

14   rights. *WooCommerce, Inc. v. Style House Ventures LLC*, Opp'n No. 91283329 (T.T.A.B.),

15   https://ttabvue.uspto.gov/ttabvue/v?qt=adv&procstatus=All&pno=91283329; *WooCommerce, Inc. v.*

16   *Wheatfield Guard Technology Co., Ltd.*, Opp'n No. 91283555 (T.T.A.B.),

17   https://ttabvue.uspto.gov/ttabvue/v?qt=adv&procstatus=All&pno=91283555; *WooCommerce, Inc. v.*

18   *Shukexingqiu (Zhuhai) Information Technology Co., Ltd.*, Opp'n No. 91283699 (T.T.A.B.),

19   https://ttabvue.uspto.gov/ttabvue/v?qt=adv&procstatus=All&pno=91283699. These public enforce-

20   ment actions all took place before WPE filed its lawsuit. During discovery, Automattic produced on

21   June 18, 2025, publicly available records documenting these enforcement proceedings and identified

22   the proceedings in an interrogatory response served October 9, 2025. Rose Decl. ¶ 3.

23           The Court's scheduling order set a deadline of April 30, 2025, to amend the pleadings or add

24   parties. Dkt. 119. WPE filed its First Amended Complaint on November 14, 2024, Dkt. 52, and filed a

25   Corrected Second Amended Complaint ("SAC") on October 7, 2025, after the Court partially granted

26   Defendants' motion to dismiss, *see* Dkt. 173, 180. Defendants' motion to dismiss the SAC is currently

27   pending. Dkt. 209.

28           On October 23, 2025, Defendants filed their Answer to the SAC, and the WordPress Parties

Gibson, Dunn &
Crutcher LLP

COUNTERCLAIMANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
CASE NO. 3:24-CV-06917-AMO

1    filed counterclaims against WPE, asserting claims of trademark infringement and unfair competition.

2    Dkt. 195.

3                          III.    LEGAL STANDARD

4          Once a pretrial scheduling order has been entered, a plaintiff may only amend its complaint

5    upon a showing of "good cause" and with consent of the Court. Fed. R. Civ. P. 16(b)(4). The "good

6    cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v.*

7    *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If the moving party fails to show dili-

8    gence, "the inquiry should end." *Id.* The court may also consider "existence or degree of prejudice to

9    the party opposing the motion" under the good cause standard. *Cryer v. Idaho Dep't of Lab.*, 2018 WL

10   3636529, at *3 (D. Idaho July 30, 2018).

11         If the Court finds good cause, the moving party must also demonstrate that its amendment is

12   proper under Rule 15. *Rodarte v. Alameda Cty.*, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015).

13   Leave to amend under Rule 15 "is not automatic," and the Court should consider "bad faith, undue

14   delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously

15   amended the complaint." *Kaneka Corp. v. SKC Kolon PI, Inc.*, 2013 WL 11237203, at *2 (C.D. Cal.

16   May 6, 2013). Additionally, the Ninth Circuit distinguishes between "pleadings attempting to amend

17   *claims* from those seeking to amend *parties*" and applies a higher standard to the latter. *Union Pac. R.*

18   *Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

19                          IV.    ARGUMENT

20   **A.    There Is No Good Cause to Amend the Scheduling Order to Permit WPE's Late**

21   **        Amendment**

22         WPE's sole explanation for seeking leave to amend the SAC to add a defendant over seven

23   months after the Court's deadline is that WooCommerce joining the litigation as a counterclaimant

24   communicated new information. Mot. 6. WPE alleges that, through the counterclaims, WooCommerce

25   is now "signal[ing] its voluntary desire to prosecute its claimed rights as to the WooCommerce Trade-

26   marks on its own, as well as to defend its conduct as alleged by WPE." *Id.* But this is not new infor-

27   mation. WooCommerce has long enforced its trademark rights, including against WPE *before this lit-*

28   *igation commenced*. In any event, WooCommerce's past and current enforcement has no bearing on

Gibson, Dunn &
Crutcher LLP

WPE's affirmative claims for which it seeks to add WooCommerce as a defendant: intentional interference with contractual relations (Count 1); intentional interference with prospective economic relations (Count 2); violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(7) (Count 3); and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 (Count 4).

Because WPE has long been on notice of WooCommerce's role in enforcing the WooCommerce Marks, it cannot show diligence in moving to add a defendant at this late date and therefore cannot satisfy the good cause standard to amend. WPE's lack of diligence alone is sufficient to deny its motion. *See Johnson*, 975 F.2d at 609. But its proposed amendment would also cause prejudice to the WordPress Parties, providing an additional basis for denial.

### 1.    WPE Cannot Show Diligence

The key question in assessing WPE's diligence is whether it "has demonstrated that it unearthed specific new facts that caused it to realize it could or should amend its pleading after the scheduled deadline." *Philadelphia Indem. Ins. Co. v. IEC Corp.*, 2017 WL 5664988, at *3 (C.D. Cal. July 27, 2017). As courts in this Circuit and around the country have recognized, a party is not diligent if it already knows or was on notice of the information forming the basis of the motion to amend. *Id.*; *Siliga v. Deutsche Bank Nat. Tr. Co.*, 637 F. App'x 438, 440 (9th Cir. 2016) (affirming denial of leave to amend where "facts and claims that [plaintiff] wished to add to her complaint were known to her well in advance of the amendment deadline, and she failed to either seek an amendment or ask for an extension of the deadline"); *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) (affirming denial of leave to amend where "the same facts were known to [plaintiff] from the time of its original complaint"); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 341 (2d Cir. 2000) (similar); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (similar).

It is evident from the face of WPE's original complaint that it knew of WooCommerce's ownership of the WooCommerce Marks and role in enforcing them against WPE. WPE alleged in its original complaint that Automattic "owns and operates several for-profit businesses that operate within the WordPress ecosystem, including … WooCommerce Inc. (which offers an ecommerce tool)" and that WooCommerce "owns trademark registrations for the WOOCOMMERCE and WOO marks." Compl.

¶¶ 9, 42. WPE alleged that it received a letter on September 23, 2024, from "counsel for Automattic and its subsidiary, WooCommerce, Inc." concerning WPE's unauthorized uses of intellectual property including the WooCommerce Marks, and WPE attached the letter as an exhibit. Compl. ¶ 17, Ex. A. The letter referred to Automattic and WooCommerce collectively as "Client," which is consistent with WooCommerce's current role in the counterclaims enforcing the trademarks collectively with the other WordPress Parties. WPE's own allegations therefore establish that it knew of WooCommerce's operations and role as owner and enforcer of the WordPress Marks before it filed its complaint in October 2024, meaning it cannot show diligence in its attempt to belatedly add a defendant to its pleading. *See Chang v. Cashman*, 723 F. Supp. 3d 772, 780 (N.D. Cal. 2024) (Martínez-Olguín, J.) (no good cause to amend to add defendant where plaintiff had knowledge of the entity and "how the entity operated").

Further, WooCommerce has a long history of enforcing the WooCommerce Marks publicly. WooCommerce is the owner and registrant of the WooCommerce Marks and has initiated public opposition proceedings before the TTAB. This information has been readily available to WPE through the exercise of reasonable diligence, and Defendants produced the relevant TTAB records showing WooCommerce's enforcement to WPE nearly six months ago. Rose Decl. ¶ 4. Because the information demonstrating that WooCommerce enforces its trademarks has both been in WPE's "possession and produced in this litigation," WPE "cannot in good faith deny" its awareness. *Kremerman v. Open Source Steel, LLC*, 2018 WL 4700526, at *4-5 (W.D. Wash. Oct. 1, 2018) (denying leave to amend for lack of diligence, where plaintiff "knew or should have known the facts and theory upon which he bases his proposed amendment before the amendment deadline").

Because WPE has not acted with diligence, it does not have good cause to amend the SAC. This conclusion is underscored by the proposed amendments in the TAC. WPE does not make any substantively new allegations demonstrating new facts; rather, it simply adds a few references to WooCommerce in the body of the allegations and Counts 6 and 7. *See* Dkt. 214-3 ("TAC") ¶¶ 10, 22, 92, 441-60 (Counts 6 and 7). Counts 1 through 4, which WPE now seeks to bring against WooCommerce, do not reflect any newly discovered facts concerning WooCommerce, *id.* ¶¶ 381-436—and in fact seek to make improper amendments to the substance of the preexisting allegations, *id.* ¶ 22 (altering description of 2024 letter from Automattic and WooCommerce to WPE); *id.* ¶ 92 (altering description of

1    conversations between Automattic and WPE); *id.* ¶ 400 (altering allegation that "Defendants caused

2    'damage'" to "Defendants made threats to cause, and actually caused, 'damage'").

3        The court in *Denham v. Glob. Distribution Services, Inc.* rejected a similar attempt to add a

4    defendant after the scheduling order deadline where the proposed amendments made allegations against

5    the proposed new defendant that were "no different in substance than the allegations against the exist-

6    ing" defendants and added only a fact that plaintiff knew "well before the amendment cutoff date."

7    2020 WL 2218966, at *2 (S.D. Cal. May 6, 2020). Denial of leave to amend is equally appropriate

8    here. WPE pleads no new facts to support its late amendment, and it certainly had access to all pertinent

9    facts concerning its own communications with Automattic and WooCommerce.

10        Additionally, WPE's argument that its proposed amendment is justified because "WooCom-

11    merce's recent filing of Counterclaims in its own name signals its voluntary desire to prosecute" its

12    trademark rights "on its own" (Mot. 6) makes no sense. WPE seeks to add WooCommerce as a defend-

13    ant for claims of tortious interference, CFAA extortion, and unfair competition. Those claims have

14    nothing to do with WooCommerce's enforcement of its trademark rights. If WPE wanted to assert

15    liability against WooCommerce for any of those claims, the proper time to bring those claims was

16    before April 30. Even with respect to all trademark-related claims, for the reasons described above,

17    WPE was on notice well before it initiated its lawsuit that WooCommerce "in its own name" enforces

18    its intellectual property rights.

19        WPE also accuses Automattic of "never disput[ing] that it was the proper defendant with respect

20    to the WooCommerce-related actions and issues." Mot. 5. Even if Automattic were the wrong defend-

21    ant as to allegations concerning WooCommerce—which Automattic is not arguing—a defendant has

22    "no obligation to inform [a] [p]laintiff that he had named the wrong defendant." *Valladares v. Hubbard*,

23    2011 WL 4434230, at *5 (C.D. Cal. Aug. 26, 2011), *report and recommendation adopted*, 2011 WL

24    4412986 (C.D. Cal. Sept. 21, 2011), *aff'd*, 490 F. App'x 72 (9th Cir. 2013); *see also Kamal v. Eden*

25    *Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023) ("'[t]he burden' lies with the plaintiff 'to prosecute

26    his case properly'" (citation omitted)).

27        WPE's delay cannot be excused. It had all the information concerning WooCommerce that

28    supposedly justifies its proposed amendment before filing the complaint and initiating this litigation.

Gibson, Dunn &
Crutcher LLP

COUNTERCLAIMANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
CASE NO. 3:24-CV-06917-AMO
7

1    It had a further seven months to amend the pleadings or add parties under the Court's scheduling order.

2    There is no basis to conclude WPE has acted diligently in its belated attempt to add WooCommerce as

3    a named defendant. It therefore cannot establish good cause.

4    **2.    WPE's Proposed Amendment Would Prejudice the WordPress Parties**

5    While WPE's lack of diligence alone is sufficient to deny its motion, the Court may also con-

6    sider prejudice to the opposing party. Here, the proposed addition of WooCommerce as a defendant

7    would prejudice the WordPress Parties by "necessitat[ing] an additional round of briefing" and ex-

8    panding the scope of discovery. *See Cryer*, 2018 WL 3636529, at *3.

9    Should WPE be permitted to file the TAC, it would prejudice Automattic's and Mullenweg's

10    ability to obtain a prompt ruling on their currently pending motion to dismiss the SAC and potentially

11    require further briefing regarding WooCommerce's arguments for dismissal. "[S]ignificant resources

12    have been expended in drafting dispositive motions based upon the allegations in the complaint," and

13    WPE's proposed amendment "would require defendants to expend these resources again." *Mansourian*

14    *v. Bd. of Regents of Univ. of California at Davis*, 2007 WL 841739, at *4 (E.D. Cal. Mar. 20, 2007).

15    By delaying the ultimate resolution of the pending motion to dismiss, the TAC would prolong uncer-

16    tainty concerning the claims that will survive and potentially risk the case schedule. *See Kaplan v.*

17    *Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) ("Expense, delay, and wear and tear on individuals and com-

18    panies count toward prejudice."), *overruled on other grounds by City of Dearborn Heights Act 345*

19    *Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605 (9th Cir. 2017).

20    Adding WooCommerce as a defendant would also prejudicially expand the scope of discovery.

21    While WPE is correct that the parties' document discovery to date has encompassed WooCommerce,

22    naming WooCommerce as a defendant could permit WPE to issue new interrogatories and other dis-

23    covery requests and obtain a 30(b)(6) deposition concerning its tortious interference, CFAA extortion,

24    and unfair competition claims—all of which far exceeds the scope of the trademark infringement claims

25    WooCommerce brings as a counterclaimant. *See Mansourian*, 2007 WL 841739, at *4 (denying leave

26    to amend and finding adequate opportunity to conduct additional discovery "does not lessen the preju-

27    dice to defendants as to the resources they have already devoted to this litigation since its inception").

28

Gibson, Dunn &
Crutcher LLP

COUNTERCLAIMANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
CASE NO. 3:24-CV-06917-AMO

1    **B.    Leave to Amend Is Not Proper Under Rule 15**

2          Even if WPE could satisfy the Rule 16 good-cause standard, which it cannot, its motion should

3    still be denied under Rule 15. Each of the relevant factors—undue delay, prejudice to the opposing

4    party, futility of amendment, bad faith, and prior amendments—weighs against granting WPE's mo-

5    tion.

6          ***Undue delay.*** "Late amendments to assert new theories are not reviewed favorably when the

7    facts and the theory have been known to the party seeking amendment since the inception of the cause

8    of action." *Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1016-17 (9th Cir. 1999) (citation

9    omitted) (affirming denial of leave to amend under Rule 15 where proposed amendments were based

10   on "previously-known facts"). The Ninth Circuit assesses undue delay by looking to "whether the mov-

11   ing party knew or should have known the facts and theories raised by the amendment in the original

12   pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (citation

13   omitted). Here, for the reasons already described, WPE undeniably has known that WooCommerce

14   owns the WooCommerce Marks and intended to enforce those marks against WPE since before it filed

15   its original complaint. *See supra* Section IV.A.1.

16         ***Prejudice.*** As explained above, WPE's proposed addition of WooCommerce as a defendant

17   would cause prejudice by delaying resolution of Automattic's and Mullenweg's motion to dismiss and

18   expanding discovery. *See supra* Section IV.A.2.

19         ***Futility.*** "Futility alone is sufficient to justify denial of leave to amend." *Eliott v. Lions Gate*

20   *Ent. Corp.*, 639 F. Supp. 3d 1012, 1025 (C.D. Cal. 2022) (citing *Bonin v. Calderon*, 59 F.3d 815, 845

21   (9th Cir. 1995)). Courts in this Circuit have recognized futility where the proposed amendment "offers

22   no new set of facts or legal theory, or fails to state a cognizable claim." *Ashcraft v. White Pine Cnty.*

23   *Hosp. Dist.*, 2012 WL 961257, at *2 (D. Nev. Mar. 21, 2012); *see Gardner v. Martino*, 563 F.3d 981,

24   991 (9th Cir. 2009) (affirming denial of leave to amend "because Appellants did not propose any new

25   facts or legal theories for an amended complaint and therefore gave the Court no basis to allow an

26   amendment").

27         According to WPE's own representations, the proposed amendment "adds no new claims, the-

28   ories, or substantively different facts" (despite the fact that it in fact makes substantive changes to

Gibson, Dunn &
Crutcher LLP

COUNTERCLAIMANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
CASE NO. 3:24-CV-06917-AMO

1    preexisting allegations). Mot. 2. Taking WPE at its word, the TAC is therefore unquestionably futile.

2    WPE also admits that it is already obtaining sufficient discovery from WooCommerce, meaning "the

3    amended matter is duplicative" of the allegations already in the case. *Burgess v. Rios*, 2014 WL

4    3809400, at *2 (E.D. Cal. Aug. 1, 2014), *report and recommendation adopted*, 2014 WL 6872595

5    (E.D. Cal. Dec. 3, 2014).

6    More fundamentally, each count fails to plausibly state a claim against WooCommerce and

7    should be rejected as futile.

8    *First*, as to Counts 1 and 2, the proposed TAC provides no basis for WPE to allege that *Woo-*

9    *Commerce* "intentionally interfered" with its customer contracts or prospective economic relations—

10   rather, it simply alleges without elaboration that "all Defendants" engaged in the accused conduct. *See*

11   TAC at 126-27, ¶¶ 382, 389. Notably, WPE's motion claims **without citation to the proposed TAC** that

12   "Automattic's wholly owned subsidiary WooCommerce took part" in the alleged tortious interference

13   and that, "[o]n information and belief, WooCommerce's conduct was directed by Defendants Mullen-

14   weg and Automattic." Mot. 2-3. But WPE cannot supplement its pleading by making legal arguments

15   in a motion, and "[s]imply listing" WooCommerce as an additional defendant "does not properly state

16   a plausible claim." *Marlor v. Hous. Co.*, 2025 WL 2531147, at *7 (D. Idaho Sept. 3, 2025); *see also*

17   *Williams v. Thompson*, 2021 WL 4461373, at *2 (E.D. Cal. Sept. 29, 2021) (denying leave to add

18   defendant on futility grounds where "the amended complaint contains no other reference to or charging

19   allegations against" the proposed new defendant); *see also Keller v. Automattic, Inc.*, No. 25-cv-01892-

20   AMO, slip op. at 4, 7 (N.D. Cal. Dec. 16, 2025) (dismissing tortious interference claims for failure to

21   allege contractual and prospective economic relations). Because WPE fails to state a claim for tortious

22   interference against WooCommerce, its proposed amendment to Counts 1 and 2 should be rejected as

23   futile.

24   *Second*, WPE cannot plausibly maintain its CFAA extortion claim (Count 3) against WooCom-

25   merce. WPE's cause of action under the CFAA depends on its theory that Defendants threatened WPE

26   by demanding that it pay for a license to use the WordPress and WooCommerce Marks. TAC ¶ 401.

27   But according to WPE's own account, "Defendants *Automattic and Mullenweg* had made … demands

28   insisting that WPE pay Automattic" for a trademark license, and "*Automattic* held itself out as

Gibson, Dunn &
Crutcher LLP

authorized to license [the WooCommerce Marks]." Mot. 3 (emphases added). WPE's proposed amend-
ments do not contain any allegations concerning *WooCommerce*'s "demands" for a trademark license
and—more importantly—it cannot allege that any demands were made in connection with any sup-
posed "hacking" in violation of the CFAA.

 WPE also cannot fix this hole in its allegations without contradicting itself further. The basis of
WPE's motion for leave to amend is predicated on its argument that WooCommerce has never before
enforced the marks itself. *See* Mot. 3-4. But because WPE has known all along that the September 2024
cease-and-desist letter that WPE cited when it filed this case was sent on behalf of WooCommere,
WPE cannot now plausibly maintain that it was unaware of WooCommerce's enforcement of its trade-
mark rights. Either WooCommerce was involved in the licensing discussions with WPE, meaning WPE
has no justification for its belated amendment; or it was not involved, meaning it cannot now be liable
for the alleged CFAA violation. This is the kind of contradiction that regularly causes courts to reject
motions to amend like this one. *See S. California Stroke Rehab. Assocs., Inc. v. Nautilus, Inc.*, 2012
WL 273140, at *3 (S.D. Cal. Jan. 30, 2012) (denying "inherently contradictory" motion for leave to
amend where plaintiff argued he did not realize exercise equipment could be suited for home use until
deposition of fact witness, but sought to amend complaint to allege that plaintiff purchased equipment
for home use); *see also Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990) (affirming
denial of leave to amend where "[i]t would not be possible … to amend [the] complaint … without
contradicting any of the allegations of [the] original complaint" and holding amended complaint "may
only allege 'other facts consistent with the challenged pleading'" (citation omitted)).

 *Third*, WPE's claim under the UCL (Count 4) is derivative of its CFAA and antitrust claims
and cannot be maintained against WooCommerce. *See* TAC ¶¶ 433-435. WPE's extortion theory does
not plausibly state a claim against WooCommerce as explained above, and it does not seek to amend
its complaint to bring any antitrust claims against WooCommerce. The TAC therefore does not plead
any predicate acts by WooCommerce that can plausibly support a UCL claim. *See, e.g.*, *Oby v. Clear
Recon Corp.*, 2017 WL 950449, at *6 (E.D. Cal. Mar. 10, 2017) ("With respect to Defendant Chase,
however, because the Court has found that Plaintiffs have failed to plead any wrongdoing against
Chase, there is no predicate misconduct upon which any UCL claim against Chase can rest."). WPE

1   recognized this very principle in its motion to dismiss the counterclaims, arguing that a failure to plead
2   predicate violations of other laws or independent violations dooms a UCL claim. Dkt. 207 at 23 (citing
3   *Alvarado v. Amazon.com, Servs. LLC*, 2022 WL 899850, at *2 (N.D. Cal. Mar. 28, 2022); *Bertolina v.*
4   *Wachovia Mortg., FSB*, 2011 WL 3473527, at *5 (N.D. Cal. Aug. 9, 2011)).

5       *Fourth*, because WooCommerce has joined this litigation as a counterclaimant concerning
6   WPE's infringement of the WooCommerce Marks, WPE adding WooCommerce as a defendant to its
7   declaratory claim of non-infringement (Count 6) "serve[s] no useful purpose 'in clarifying and settling
8   the legal relations in issue' because the issue of trademark infringement is already before the Court."
9   *Pac. Vibrations, LLC v. Slow Gold Ltd.*, 2023 WL 1934436, at *5 (S.D. Cal. Feb. 10, 2023) (citation
10  omitted) (denying leave to add futile claims). Now that WooCommerce's claim for infringement is
11  before the court, WPE's amendment is "repetitious" and subject to dismissal. *See Ketab Corp. v. Mesri-*
12  *ani & Assocs.*, 2015 WL 8022874, at *9 (C.D. Cal. Dec. 4, 2015) (dismissing counterclaims for declar-
13  atory relief that are "repetitious of issues already before the court via the complaint").

14      *Fifth*, WPE cannot plausibly plead its non-infringement and non-dilution claims (Count 7)
15  against WooCommerce. WPE has until now pleaded that "Automattic … engaged in conduct that gives
16  rise to a real and reasonable apprehension on the part of WPE that it will face an action for injunctive
17  relief and/or damages" for trademark infringement and dilution. SAC ¶¶ 442, 451. Over a year later,
18  WPE now claims that WooCommerce *also* took action that gave rise to a "real and reasonable appre-
19  hension" that it would enforce rights in the WooCommerce Marks. TAC ¶ 451. As with the CFAA
20  extortion claim, WPE's position is inherently contradictory and facially implausible. Either WooCom-
21  merce put WPE on notice that it was infringing and diluting the WooCommerce Marks and should
22  have been named as a defendant when this suit was initiated, or WooCommerce did not take such
23  action. WPE cannot plausibly maintain these opposing positions. *See Reddy*, 912 F.2d at 296-97.
24  WPE's rationale is inherently contradictory for another reason: Because WooCommerce has *not* as-
25  serted a claim against WPE for dilution of its trademarks, *see* Dkt. 195 ¶¶ 312-328 (Counterclaims IV
26  and V), nothing has changed that would now justify a declaration that WPE is *not* diluting Woo Com-
27  merce's trademarks.

28

***Bad faith.*** WPE's undue delay in seeking to add a party of which it had full knowledge "gives rise to the appearance of bad faith." *Kaneka*, 2013 WL 11237203, at \*4. And WPE does not and cannot explain how and why WooCommerce is now suddenly liable for tortious interference, CFAA extortion, and unfair competition simply by virtue of asserting its trademark rights in the WooCommerce Marks.

Moreover, WPE attempts to make amendments in its pleading that are beyond the scope of its purported justification to amend. WPE claims that its amendments seek only to add WooCommerce as a named defendant to certain claims, but it has made several changes throughout the TAC unrelated to the purported "new fact" of WooCommerce joining as a counterclaimant and asserting its trademark rights. As discussed above, WPE's proposed TAC:

- Alters WPE's description of the letter it received from Automattic and WooCommerce on September 23, 2024 (TAC ¶ 22);

- Changes WPE's characterization of conversations between WPE and Automattic's CFO on September 17 and 19, 2024, to allege that the conversations included the WooCommerce Marks, and describes WPE's stated justifications for refusing a license agreement as only an "example" (*id.* ¶ 92);

- Newly alleges that "Defendants made threats to cause, and actually caused, 'damage' to 'protected computers,'" after originally alleging only that Defendants "caused 'damage' to 'protected computers'" (*id.* ¶ 400 (emphasis added));

- Attempts to convert two other allegations—this time about a claim on the WordPress Foundation website—into being merely an example by adding a "For instance" before the existing allegation (*id.* ¶¶ 446, 457); and

- Attempts to convert WPE's existing allegation that Automattic made "communications alleging" trademark infringement to "allegations" (not necessarily communicated to WPE) of trademark infringement (*id.* ¶ 449).

These changes are beyond the scope of WPE's representations to the Court concerning its proposed amendments and should not be permitted now, even if the Court grants leave for WPE to add WooCommerce as a defendant to certain claims. It is improper for WPE to alter its allegations concerning communications and actions that occurred over a year ago when it identifies no relevant new

1  facts justifying these amendments and has had ample opportunity to amend in compliance with the

2  Court's scheduling order. And it is especially egregious for WPE to try to clean up its pleading, includ-

3  ing by adding language to convert straightforward factual allegations into mere examples, before De-

4  fendants file their motion for summary judgment. *See, e.g.*, *Wasco Prods., Inc. v. Southwall Techs.,*

5  *Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("[T]he necessary factual averments are required with respect

6  to each material element of the underlying legal theory…. Simply put, summary judgment is not a

7  procedural second chance to flesh out inadequate pleadings." (citation omitted)).

8      ***Prior amendments.*** "[A] district court's discretion over amendments is especially broad where

9  the court has already given a plaintiff one or more opportunities to amend his complaint." *Kaplan*, 49

10  F.3d at 1370 (citation omitted). Here, WPE has previously amended its complaint twice, and the Court

11  provided it with the opportunity to amend the pleadings or add parties at any point through April 30,

12  2025. Because WPE declined to add WooCommerce as a defendant in its prior amendments, it should

13  not have the opportunity to do so now.

## V.    CONCLUSION

15      For the foregoing reasons, the Court should deny WPE's request for leave to amend the SAC.

16  DATED: December 16, 2025                    Respectfully submitted,

17                                              GIBSON, DUNN & CRUTCHER LLP

18

19                                              By: */s/ Joseph R. Rose*
                                                    Joseph R. Rose

20                                              *Attorney for Defendants Automattic Inc. and*
                                                *Matthew Charles Mullenweg and Counterclaim-*
21                                              *ants WordPress Foundation and WooCommerce*
                                                *Inc.*

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP