QUINN EMANUEL URQUHART & SULLIVAN LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael E. Williams (SBN 181299)
michaelwilliams@quinnemanuel.com
Kevin Y. Teruya (SBN 235916)
kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:  (415) 875-6400
Facsimile:  (415) 875-6700

*Attorneys for Plaintiff WPEngine, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>Defendants.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>vs.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | Case No. 3:24-cv-06917-AMO<br><br>**WPE'S REPLY IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE** |

**REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**

Counterclaimants' assertion that WPE is attempting to introduce disputed facts via its request for judicial notice is incorrect. That words appeared on a webpage on a given day are not facts subject to reasonable dispute. Indeed, courts routinely take judicial notice of these facts, as the Court should do here. *See* Dkt. 169, Order Re Motion to Dismiss, 1 n.1 (granting request for judicial notice for exhibits including website screenshots). Nor are these documents irrelevant, as they illustrate the number of years that have passed since certain terms first appeared on WPE's and others' websites. The Court can and should take judicial notice of these facts in resolving WPE's motion to dismiss.

## I.   Exhibits 1-5 May Be Judicially Noticed For Their Existence

Judicial notice of the appearance of certain words on WPE's website on particular dates, including the webpages cited in Exhibits 1-5, is entirely proper. Indeed, Counterclaimants Automattic and Matthew Mullenweg recently argued in this case that "courts routinely take judicial notice of information available on publicly accessible websites at the motion-to-dismiss stage[.]" Dkt. 210, Defendants' Request for Judicial Notice, 1. Having sought judicial notice of WPE's website pages in support of their own 12(b)(6) motion, Defendants' current protestations ring hollow.

Contrary to Counterclaimants' argument, WPE is asking the Court to judicially notice that WPE's webpages "existed at the specified times and contained the content displayed" (Dkt. 208, WPE's Request for Judicial Notice ("RJN"), 2), not to "make merits determinations" regarding the nature of the use of the terms at issue (Dkt. 217, Counterclaimants' Opposition to Request for Judicial Notice ("RJN Opp."), 2-3). WPE seeks judicial notice of its own, publicly available website simply to show ***by when*** those challenged terms first appeared on its website—as reflected by Wayback Machine captures. Dkt. 207, Motion to Dismiss Counterclaims ("Mot."), 3-4.

Counterclaimants contend that WPE improperly "attempts to use the doctrine of judicial notice to introduce new facts into the record in furtherance of [its] fact-bound defenses." RJN Opp. 2. But courts routinely apply—and "analyze" (*id.* 3)—judicially-noticed facts regarding ***when*** online sources displayed particular content to dismiss claims on timeliness grounds, as here. *See,*

*e.g.*, *Lifeway Foods, Inc. v. Millenium Prods., Inc.*, 2016 WL 7336721, at *1-3 (C.D. Cal. Dec. 14, 2016) (taking judicial notice of activity on social media page to determine when challenged conduct began and then dismissing Lanham Act, false advertising, and unfair competition claims as untimely); *BYD Co. Ltd. v. All. for Am. Mfg.*, 554 F. Supp. 3d 1, 13 (D.D.C. 2021) (taking judicial notice of when challenged statement appeared on website and then dismissing claim on statute of limitations grounds).

Ignoring this, Counterclaimants rely on *Rollins v. Dignity Health* (RJN Opp. 2) to argue that judicial notice should not extend to facts that "challenge the factual averments in the complaint." 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018). But *Rollins* rejected judicial notice of website pages that, unlike here, were relevant only for the **truth of the statements they contained**. *See id.* ("Dignity offers [a copy of its "Mission" to "furthering the healing ministry of Jesus"] for the purpose of contradicting the assertion in Plaintiffs' complaint that the Dignity Plan is not sufficiently associated with the Catholic Church to qualify for the church plan exemption under ERISA"). Here, "WPE seeks judicial notice of these webpages to establish that they existed at the specified times and contained the content displayed, and not for the truth of any statement contained therein." RJN 2. By contrast, Counterclaimants Automattic and Matthew Mullenweg recently have cited statements from the WPE website for their truth to argue that WPE "contradicts" its well-pleaded factual allegations. Dkt. 209, Defendants' Motion to Dismiss Corrected Second Amended Complaint, 6.

Counterclaimants do not and cannot dispute that the challenged terms have long appeared on WPE's website, which is all WPE seeks to establish through judicial notice. The cases Counterclaimants cite do not prevent the Court from taking judicial notice of the existence of content displayed on publicly available websites. Instead, they hold that judicial notice is improper when the contents are **themselves** disputed or misleading. For instance, *Khoja v. Orexigen Therapeutics, Inc.* declined to judicially notice a transcript that was self-contradictory and "subject to varying interpretations." 899 F.3d 988, 1000-01 (9th Cir. 2018). Counterclaimants' other citations say no differently. *Brickman v. Fitbit, Inc.*, 2016 WL 3844327, at *2 (N.D. Cal. July 15, 2016) (declining to take judicial notice of the truth of conclusions from scientific studies as dispositive proof of a technology's efficacy); *Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881, 893 (N.D. Cal.

1  2012) (declining to take judicial notice of "proofs" of product labels that the opposing party claimed "distort the way consumers view" the labels); *see also Nelson v. Clark*, 2008 WL 619041, at *2 (E.D. Cal. Mar. 5, 2008) (granting judicial notice of a judicial opinion for its existence, but declining to judicially notice interpretation that it applied to the instant case). By contrast, that WPE used the terms on its website at a given point in time can be "accurately and readily determined" by referencing the publicly available screenshots at issue here. *Robinson v. Binello*, 771 F. Supp. 3d 1114, 1121 (N.D. Cal. 2025).

## II. Exhibits 1-7 Are All Relevant to WPE's Motion to Dismiss

Exhibits 1-7 all provide relevant support for WPE's argument that Counterclaimants' claims should be dismissed on laches and statute-of-limitations grounds. Even after conceding that WPE uses screenshots of its website "to argue that the WordPress Parties' trademark infringement claims are time-barred" (RJN Opp. 2), Counterclaimants, in immediate self-contradiction, argue that the same screenshots are "irrelevant to the issues raised in…WPE's motion to dismiss." *Id.* 4. As Counterclaimants recognize, showing that the challenged terms appeared on WPE's website at certain points in time demonstrates the length of Counterclaimants' delay in bringing suit, thereby requiring dismissal of all counterclaims. Mot. 8-10. This includes Exhibits 6 and 7, which Counterclaimants argue show uses of the challenged terms *within* the limitations period and are therefore irrelevant. RJN Opp. 4. But, as explained in WPE's Motion and Reply, Counterclaimants are mistaken in arguing that the *complaint* filing date tolls the laches period; the correct date to measure the end date of the limitations period is the *counterclaim* filing date. *E.g.,* Mot. 11-12 (citing *Tillamook Cnty. Smoker, Inc. v. Tillamook Cnty. Creamery Assoc.*, 465 F.3d 1102, 1109 (9th Cir. 2006)). Accordingly, Exhibits 6 and 7, which show uses of challenged terms outside of the four-year laches limitations period as established by the filing of Counterclaimants' *counterclaims*, are relevant. Mot. 11-12.

All seven exhibits that Counterclaimants challenge (Exhibits 1-7) are therefore relevant and proper for judicial notice.[1]

---

[1] Counterclaimants do not oppose judicial notice of Exhibit 8, which contains a complete version of a WPE webpage cited in the Counterclaims in support of Counterclaimants' trademark infringement claims. Dkt. 195 (Counterclaims) ¶ 218.

## CONCLUSION

WPE respectfully requests that the Court grant its request for judicial notice.

DATED: December 22, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Rachel Herrick Kassabian*
Rachel Herrick Kassabian
*Attorneys for Plaintiff*
*WPEngine, Inc.*