JOSEPH R. ROSE, SBN 279092
jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

MICHAEL H. DORE, SBN 227442
mdore@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

JOSH A. KREVITT, SBN 208552
jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER *(admitted pro hac vice)*
osnyder@gibsondunn.com
HOWARD S. HOGAN (*admitted pro hac vice*)
hhogan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

*Attorneys for Defendants Automattic Inc., Matthew Charles Mullenweg, and WooCommerce Inc., and Counterclaimant WordPress Foundation*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,<br><br>　　　　Defendants.<br>──────────────────────────<br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>　　　　Counterclaimants,<br><br>　　v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>　　　　Counterdefendant. | Case No. 3:24-cv-06917-AMO<br><br>**DEFENDANTS' STATEMENT IN CONNECTION WITH PLAINTIFF'S ADMINISTRATIVE MOTION RE: SEALING [DKT. 234]**<br><br>Hon. Araceli Martínez-Olguín |

Pursuant to Local Rules 7-11 and 79-5, Defendants Automattic Inc. ("Automattic"), WooCommerce Inc. ("WooCommerce"), and Matthew Charles Mullenweg (collectively, "Defendants") respectfully submit this statement in connection with the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Plaintiff WPEngine, Inc. ("WP Engine") in connection with its Third Amended Complaint ("TAC"). Dkt. 233.

The provisionally redacted material in the TAC (the "Designated Material") is narrowly tailored and limited solely to information identifying (1) competitors, business partners, and/or market participants in the context of nonpublic negotiations or business communications, and (2) contemplated or proposed pricing terms. The third-party identities and pricing terms reflect confidential, highly sensitive information concerning Defendants' negotiations with actual and potential business partners that would cause competitive harm to Defendants if disclosed. For the reasons articulated herein and in the accompanying declarations of Matthew Charles Mullenweg and Stephen G. Deckert, Defendants respectfully request that the Designated Material remains sealed.

The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original). District courts in the Ninth Circuit have applied the "compelling reasons" standard to requests to seal all or part of a complaint, meaning that there must be "compelling reasons supported by specific factual findings" to justify sealing. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted); *see, e.g.*, *In re NVIDIA Corp. Derivative Litig.*, 2008 WL 1859067, at *4 (N.D. Cal. Apr. 23, 2008).

Courts in this Circuit regularly find compelling reasons to seal nonpublic material contained in pleadings that reveals "confidential business information, the disclosure of which would cause competitive harm." *Actian Corp. v. AB Sciex LLC*, 2023 WL 7166811, at *2 (N.D. Cal. Oct. 30, 2023); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("business information that might harm a litigant's competitive standing" provides basis for sealing). The compelling reasons standard may also be satisfied by information concerning the "licensing terms, royalties paid or owed under license agreements, financial terms, details of confidential licensing negotiations, and business

strategies" satisfies the compelling reasons standard, *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017); trade secrets that are used by the designating party to "obtain an advantage over competitors who do not know or use [the information]," *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); and information that a competitor could use to "undermine [the designating party's] position in the marketplace," *Miotox LLC v. Allergan, Inc.*, 2016 WL 3176557, at *2 (C.D. Cal. June 2, 2016).

Compelling reasons exist to seal the material provisionally redacted by WP Engine. *See* Mullenweg Decl. ¶¶ 5-7; Deckert Decl. ¶¶ 10-13. The chart below provides a brief summary of the basis for sealing:

| Document Description | Bates No. | Reason for Sealing |
|---|---|---|
| Highlighted Material in TAC ¶ 213 | Excerpt from A8C00255977; A8C00190429 | Discloses identities of potential business partners in the context of internal discussions of planned outreach concerning nonpublic trademark license and business partnership negotiations; discloses contemplated pricing terms |
| Highlighted Material in TAC ¶ 215 | Excerpt from A8C00190048; A8C00679403 | Discloses identities of competitors in the context of internal, nonpublic assessment of competitors and planned competitive strategies for certain competitors |
| Highlighted Material in TAC ¶ 219 | Excerpt from A8C00190048 | Discloses identity of nonpublic business partner holding trademark license |
| Highlighted Material in TAC ¶ 220 | Excerpt from A8C00679403; A8C00679530 | Discloses identity of nonpublic business partner holding trademark license in the context of discussion of ongoing negotiations; discloses potential pricing terms |
| Highlighted Material in TAC ¶ 225 | Excerpt from A8C00679403; A8C00679530; A8C00675242 | Discloses identities of potential business partners in the context of internal discussions of planned outreach concerning nonpublic trademark license and business partnership negotiations |
| Highlighted Material in TAC ¶¶ 238, 297, 324, 336 | Excerpt from A8C00675249 | Discloses identity of "market participant" in the context of nonpublic discussion between Mullenweg and company concerning business relationship |

The Designated Material is not public, and sealing is warranted to protect Automattic and Mullenweg's legitimate interests in keeping nonpublic information concerning its business partnerships and competitive strategy confidential and prevent competitive harm.

As part of its overall business strategy, Automattic negotiates and enters into agreements with third parties, including competitors offering web hosting services, regarding their web hosting services and use of the WordPress and WooCommerce trademarks. Deckert Decl. ¶ 3. The identities of actual and contemplated business partners and competitors and potential pricing terms are confidential, *id.* ¶¶ 5-9, and their disclosure would reveal nonpublic "financial terms, details of confidential licensing negotiations, and business strategies." *Qualcomm*, 2017 WL 5176922, at *2. If the Designated Material is revealed to Automattic's potential partners and competitors, such disclosure would provide them with "insight into [Automattic's] business model and strategy," causing harm "in future negotiations with existing customers, third-parties, and other entities with whom [it] do[es] business." *Id.* at *2; *see* Deckert Decl. ¶ 10-13.

Automattic's competitive standing would be harmed by the disclosure of this information. "Courts in this District have found compelling reasons to seal confidential information regarding a party's business partners where the disclosure of that information could harm the party's competitive standing." *Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180216, at *3 (N.D. Cal. Mar. 30, 2022). Here, the disclosure of nonpublic communications between Automattic and its business partners, when combined with the identities of the business partners, poses potential harm to Automattic's ongoing business relationships. *See, e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015) (finding compelling reasons to seal information concerning third-party agreements that would put designating party "at a disadvantage in future negotiations for similar agreements"); *Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (finding compelling reasons to "seal confidential information regarding a party's business partners where the disclosure of that information would harm the party's competitive standing").

In addition to negotiations between Automattic and third parties, the Designated Material includes communications between Mullenweg and a third party concerning negotiations for the third party to be endorsed on WordPress.org. Mullenweg Decl. ¶¶ 3-4. These nonpublic communications reveal commercially sensitive information, including financial terms, Mullenweg's business strategies, and the terms on which Mullenweg is willing to deal concerning endorsements on WordPress.org. *Id.*; *see Qualcomm*, 2017 WL 5176922, at *2; *Aya Healthcare*, 2020 WL 1911502, at *3. The public

disclosure of the recipient would cause competitive harm to Mullenweg, including by unfairly advantaging potential counterparties in future negotiations for similar agreements. Mullenweg Decl. ¶ 7; *see Icon-IP*, 2015 WL 984121, at *3.

The Designated Material is limited solely to information identifying third parties in the context of nonpublic or business communications and pricing terms. The proposed redactions are therefore "narrowly tailored so that there is no less restrictive alternative to redacting the information at issue." *Nautilus Biotechnology, Inc. v. SomaLogic, Inc.*, 2024 WL 4894852, at *2 (N.D. Cal. Nov. 26, 2024). WPE itself recognized that redacting "third-party names" while "un-redacting the remainder of these passages" could be an appropriate way to maintain confidentiality while furthering open access to matters of public interest. *See* Dkt. 189 at 3.

Defendants respectfully request that the Court order that the Designated Material remain sealed pursuant to the compelling reasons standard.

DATED: February 17, 2026

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Joseph R. Rose*
      Joseph R. Rose

*Attorneys for Defendants Automattic Inc., Matthew Charles Mullenweg, and WooCommerce Inc., and Counterclaimant WordPress Foundation*