JOSEPH R. ROSE, SBN 279092
jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

MICHAEL H. DORE, SBN 227442
mdore@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

JOSH A. KREVITT, SBN 208552
jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER (*admitted pro hac vice*)
osnyder@gibsondunn.com
HOWARD S. HOGAN (*admitted pro hac vice*)
hhogan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg and Counterclaimants WordPress Foundation and WooCommerce Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Defendants.<br><br>―――――<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | Case No. 3:24-cv-06917-AMO<br><br>**DECLARATION OF STEPHEN G. DECKERT IN SUPPORT OF DEFENDANTS' STATEMENT IN CONNECTION WITH PLAINTIFF'S ADMINISTRATIVE MOTION RE: SEALING [DKT. 234]**<br><br>Hon. Araceli Martínez-Olguín |

## DECLARATION OF STEPHEN G. DECKERT

I, Stephen G. Deckert, declare as follows:

1. I am the Senior Director of Business Development at WooCommerce, a wholly owned subsidiary of Automattic, Inc ("Automattic").

2. I have personal knowledge of the facts set forth herein. If called upon as a witness in this action, I could and would testify competently thereto.

3. In my role, I am involved with and have knowledge of negotiations with third parties regarding their WordPress and WooCommerce hosting offerings and use of the WordPress and WooCommerce trademarks. When a deal is successfully negotiated, Automattic enters into a partnership and/or license agreement with the third party. These third parties include companies that compete with Automattic in offering WordPress web hosting services to customers.

4. Automattic makes internal written guidance available to all employees concerning confidentiality. Automattic informs its employees that all employees must maintain confidentiality around internal company information, which includes information transmitted via Slack and P2, and that sharing private or confidential information externally is a serious breach that may jeopardize employment at Automattic. Automattic also informs its employees that there is an expectation that information shared in a private channel is generally treated as private and confidential.

5. Automattic follows a strict practice that requires confidential treatment of all partnership and trademark license negotiations. It is understood internally and during the negotiations with the third parties that the negotiations are confidential.

6. In my experience and to the best of my knowledge, before entering into negotiations with third parties, Automattic typically enters into nondisclosure agreements to ensure the confidentiality of the negotiations.

7. It is Automattic's practice to include in its agreements confidentiality obligations that prohibit the disclosure of confidential information, including technical, financial, commercial, and other proprietary information.

8. Automattic employees frequently discuss business strategy internally, including candid evaluation of competition and partnership opportunities with other hosting providers. These

communications are strictly internal to Automattic and treated as confidential.

9. In my experience and to the best of my knowledge, the confidentiality obligations specified above have been carefully followed at Automattic. I was informed about Automattic's policies and practices described herein when I first joined Automattic, and I have informed others at Automattic of our confidentiality obligations and practices.

10. I have reviewed Plaintiff's Unredacted Third Amended Complaint ("TAC") from the perspective of whether it includes information that Automattic would consider confidential under the policies and practices described above. Based on this review, I have determined that the TAC includes confidential Automattic information where provisionally redacted in the following paragraphs: 213, 215, 225, 238, 297, 324, 336.

11. The provisionally redacted material reveals highly sensitive and proprietary information, including the identities of competitors, business partners, and/or market participants in the context of nonpublic negotiations or business communications; and contemplated or proposed pricing terms. The information in these paragraphs discloses the identities of actual and potential business partners and contemplated pricing terms in the context of internal strategy discussions concerning partnership and trademark license negotiations, including discussion of pricing terms and other provisions for existing and potential partnership and licensing agreements; and the identities of actual and potential business partners in the context of negotiations concerning contractual terms and/or the overall business relationship. Automattic maintains this kind of information as confidential in the ordinary course of business.

12. Public disclosure of this information would harm Automattic by potentially advantaging its competitors who would have insights into Automattic's business practices, nonpublic business partners, and strategy concerning partnership and license negotiations. Disclosure could also unfairly advantage actual and potential counterparties to Automattic's contracts by disclosing confidential information regarding Automattic's contracts and negotiations with third parties and revealing the terms on which Automattic deals or considers dealing with certain business parties. Actual and potential counterparties could use the confidential information alleged in Plaintiff's Complaint as a negotiating tool in potential business transactions with Automattic or to otherwise

alter their business relationship with Automattic. The counterparties would therefore gain an advantage that would not otherwise be possible absent the disclosure of the confidential information, compromising Automattic's commercial interests.

13. The information in the provisionally redacted paragraphs of the Complaint is not publicly known. Automattic recognizes and protects the value of this information through its policies and practices designed to protect confidential information from disclosure.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed at Waterloo, Canada on this 17 day of February, 2026.

DATED: February 17, 2026

By: _____
Stephen G. Deckert