QUINN EMANUEL URQUHART & SULLIVAN LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael E. Williams (SBN 181299)
michaelwilliams@quinnemanuel.com
Kevin Y. Teruya (SBN 235916)
kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for Plaintiff WPEngine, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>Defendants.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>vs,<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | Case No. 3:24-cv-06917-AMO<br><br>**PLAINTIFF WPENGINE, INC.'S RESPONSE TO DEFENDANTS' STATEMENT IN CONNECTION WITH PLAINTIFF'S ADMINISTRATIVE MOTION RE: SEALING [L-R 79-5(f)(4)]** |

1    Defendants' request to seal certain portions of WPEngine, Inc.'s Third Amended Complaint ("TAC") (Dkt. No. 237) should be denied for failure to meet their burden as to the portions referenced below.

<u>Defendants have failed to identify compelling reasons to seal portions of WPE's Third Amended Complaint</u>. Courts rarely seal complaints and only do so based on compelling reasons supported by facts. *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1161 (N.D. Cal. 2021) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Compelling reasons have been found where trade secrets or proprietary technical information are at issue and may harm a party's competitive advantage if publicly disclosed in a complaint. *See, e.g.*, *Microsoft Corp. v. Hon Hai Precision Industry Co., Ltd.*, 2019 WL 11890609 (N.D. Cal. Aug. 15, 2019). No trade secrets or technical information have been claimed here. And Defendants already publicly disclosed the details of their purported business and trademark licensing strategies in general, including publishing one such term sheet on the internet. *See* https://automattic.com/2024/wp-engine-term-sheet.pdf; TAC ¶¶ 108, 110 (articles on wordpress.org's "News" section sharing Defendants' trademark strategy); *id.* ¶ 27 (Mullenweg's public commentary); *see also, e.g.*, *United States v. Seugasala*, 670 F. App'x 641, 642 (9th Cir. 2016). Defendants have not met their burden to overcome the strong presumption of public access. *Open Text S.A. v. Box, Inc.*, 2014 WL 7368594, at *2 (N.D. Cal. Dec. 26, 2014); *Bronson v. Samsung Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019); *Pardi v. Tricida, Inc.*, 2023 WL 6165694, at *3 (N.D. Cal. Sept. 21, 2023); *In re Meta Pixel Tax Filing Cases*, 2025 WL 1872974, at *3 (N.D. Cal. May 9, 2025).

As to pricing terms, and third parties who have potential or actual licensing agreements with Defendants, WPE takes no position and leaves the sealing of such information to the Court's discretion, including as to protecting third parties who have contracted with Defendants.

<u>This is a matter of great public interest.</u> The presumption of public access is at its strongest where, as here, the sealed material goes to the heart of the dispute and implicates matters of significant public concern. The portions of the TAC that Defendants seek to seal do precisely that. *See* TAC ¶¶ 213, 215, 238, 297, 324, 336. These allegations are "critical (even central)" to the claims at issue. *See M.A. Silva Corks USA, LLC v. Silva Holdings, Inc.*, 2023 WL 2940031, at *2 (N.D.

-1-    Case No. 3:24-cv-06917-AMO

Cal. Mar. 10, 2023). Likewise, in *Tevra Brands LLC v. Bayer HealthCare LLC*, 2020 WL 1245352, at *2–3 (N.D. Cal. Mar. 16, 2020), the court denied sealing of antitrust allegations in a complaint and allowed narrow sealing of specific price terms only, emphasizing that such allegations are "essential to the public's understanding" of the claims and their merits. So too here.

WPE's specific responses to Defendants' sealing reasons are below:

| Document Description | Bates No. | Defendants' Reason for Sealing | WPE's Response |
|---|---|---|---|
| TAC ¶ 213 | A8C00255977; A8C0019044 | Discloses identities of potential business partners in the context of internal discussions of planned outreach concerning nonpublic trademark license and business partnership negotiations; discloses contemplated pricing terms. | The number of competitors Defendants targeted presents no compelling case for sealing; the brief excerpts cited contain no trade secrets; Defendants already publicly disclosed their trademark license and partnership strategy. No position taken regarding identity of competitors Defendants chose to target, or payment amounts. |
| TAC ¶ 215 | A8C0022151 5 | Discloses identities of competitors in the context of internal, nonpublic assessment of competitors and planned competitive strategies for certain competitors. | This brief excerpt constitutes internal gossip and name-calling; no compelling competitive strategy, trade secrets or technical information are referenced. |
| TAC ¶ 219 | A8C00 190048 | Discloses identity of nonpublic business partner holding trademark license. | No position taken regarding identity of contracting parties. |
| TAC ¶ 220 | A8C0067940 3;A8C006 79530 | Discloses identity of nonpublic business partner holding trademark license in the context of discussion of ongoing negotiations; discloses potential pricing terms. | No position taken regarding identity of contracting parties or payment amounts. |
| TAC ¶ 225 | A8C0067940 3 | Discloses identities of potential business partners in the context of internal discussions of planned outreach concerning nonpublic trademark license and business partnership negotiations. | No position taken regarding identity of contracting parties. |
| TAC ¶¶ 238; 297; 324; 336 | A8C0067524 9 | Discloses identity of "market participant" in the context of nonpublic discussion between Mullenweg and company concerning business relationship. | Defendants' threats made to another competitor do not constitute any sort of legitimate business strategy, nor are any other compelling reasons to seal presented. |

## CONCLUSION

Plaintiff requests that the Court deny the portions of Defendants' sealing request specified above.

| | | |
|---|---|---|
| 1 | DATED: February 23, 2026 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By */s/ Rachel Herrick Kassabian*
 Rachel Herrick Kassabian
 *Attorneys for Plaintiff WPEngine, Inc.*