| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Rachel Herrick Kassabian (SBN 191060)<br>rachelkassabian@quinnemanuel.com<br>555 Twin Dolphin Dr., 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>*Counsel for WPEngine, Inc.* | GIBSON, DUNN & CRUTCHER LLP<br>Joseph R. Rose (SBN 279092)<br>jrose@gibsondunn.com<br>One Embarcadero Center<br>San Francisco, CA 94111-3715<br>Telephone: (415) 393-8200<br>Facsimile: (415) 801-7358<br><br>*Counsel for Automattic Inc., Matthew Charles Mullenweg, WordPress Foundation, and WooCommerce Inc.* |

[Additional Counsel Listed on Signature Pages]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>   Plaintiff,<br><br>   v.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,<br><br>   Defendants.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>   Counterclaimants,<br><br>   v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>   Counterdefendant. | Case No. 3:24-cv-06917-AMO<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING AMENDED PROTECTIVE ORDER**<br><br>Judge: Hon. Araceli Martinez-Olguin |

## JOINT STIPULATION

Plaintiff/Counterdefendant WPEngine, Inc. ("WPE") and Defendants/Counterclaimants Automattic Inc. ("Automattic"), Matthew Charles Mullenweg, WooCommerce Inc. ("WooCommerce"), and WordPress Foundation ("the Foundation") (collectively, the "Parties"), by and through their respective counsel, hereby stipulate and agree to the following:

**WHEREAS**, the Court entered a Stipulated Protective Order in this action on February 10, 2025 (Dkt. 104) (the "Protective Order");

**WHEREAS**, Section 6 the Protective Order governs challenges to the Parties' confidentiality designations on documents produced in discovery;

**WHEREAS**, Section 6.1 provides that confidentiality designations may be challenged at any time; Section 6.2 establishes a meet and confer process for such challenges; and Section 6.3 provides that, if the Parties cannot resolve a challenge without court intervention, the Designating Party must file a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier, and that failure to timely file such a motion automatically waives the challenged confidentiality designation;

**WHEREAS,** the Parties have pending challenges to confidentiality designations on which they are presently meeting and conferring, and the Parties reasonably anticipate that additional challenges may continue to accumulate;

**WHEREAS**, strict adherence to the rolling meet and confers and motion practice currently contemplated by Sections 6.2 and 6.3 of the Protective Order would result in a series of repetitive, piecemeal meet and confers and motions addressing confidentiality designation disputes, imposing substantial and unnecessary burdens on the Court and significant costs on the Parties;

**WHEREAS,** the Parties agree to amend Sections 6.2 and 6.3 of the Protective Order to allow them to combine various challenges to confidentiality designations that are raised at least fifteen days prior to the May 14, 2026 discovery cutoff into a consolidated motion, to set forth a schedule for the filing of such motions and to modify the timing requirement for meeting and conferring regarding challenges to confidentiality designations;

**WHEREAS**, the Parties submit that their proposed amendment to Sections 6.2 and 6.3 of the Protective Order will preserve judicial resources, promote efficiency, avoid seriatim meet and confers and motion practice, and ensure that their confidentiality designations are protected until any challenges are resolved, as set forth in the proposed Amended Protective Order attached hereto as Exhibit 1;

**IT IS HEREBY STIPULATED** that the Parties agree on the proposed Amended Protective Order attached hereto as Exhibit A and respectfully request that the Court enter the proposed Amended Protective Order. The Parties have attached hereto as Exhibit B a redline reflecting the changes between the Protective Order and the Amended Protective Order.

**IT IS SO STIPULATED.**

Dated: March 4, 2026

By: */s/ Rachel Herrick Kassabian*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
Rachel Herrick Kassabian
Yury Kapgan
Margret M. Caruso
Brian Mack
Michael E. Williams
Kevin Y. Teruya

*Counsel for WPEngine, Inc.*

Dated: March 4, 2026

By: */s/ Ilissa Samplin*
GIBSON, DUNN & CRUTCHER LLP
Joseph R. Rose
Michael H. Dore
Ilissa Samplin
Josh A. Krevitt
Orin Snyder
Howard S. Hogan

*Counsel for Automattic Inc., Matthew Charles Mullenweg, WordPress Foundation, and WooCommerce Inc.*

**IT IS SO ORDERED.**

DATED: _____

_____
HONORABLE ARACELI MARTÍNEZ-OLGUÍN
United States District Judge

**E-FILING ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I hereby attest that counsel for Defendants/Counterclaimants has concurred in this filing.

<u>/s/ Rachel Herrick Kassabian</u>
Rachel Herrick Kassabian

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2026, a true and correct copy of the foregoing document was served electronically, via ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules.

/s/ Rachel Herrick Kassabian
Rachel Herrick Kassabian
