QUINN EMANUEL URQUHART & SULLIVAN LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael E. Williams (SBN 181299)
michaelwilliams@quinnemanuel.com
Kevin Y. Teruya (SBN 235916)
kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for Plaintiff WPEngine, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Defendants. | Case No. 3:24-cv-06917-AMO<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE REGARDING MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Hon. Araceli Martínez-Olguín<br>Hearing Date:  June 4, 2026<br>Hearing Time:  2:00 p.m.<br>Courtroom:  Courtroom 10 |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | |

Defendants' Request for Judicial Notice (Dkt. 243-1, "RJN") asks the Court, in deciding their motion to dismiss (Dkt. 243, "Mot."), to take judicial notice of: (1) a "Plugin Developer Frequently Asked Questions Page" from wordpress.org (Ex. 1); and (2) data from the "Market shares of web hosting providers" page from the W3Techs website (Ex. 2).  While courts may take judicial notice of the ***existence*** of a webpage, what Defendants seek is for the Court to take judicial notice of the ***truth*** of the purported ***contents*** of those webpages, and, on that basis, dismiss certain of WPE's claims in its Third Amended Complaint (Dkt. 234-2, "TAC") as a matter of law.  That is improper for multiple reasons, and the Court should reject Defendants' request to use the purported contents of those webpages to dispute WPE's well-pled allegations and disprove WPE's claims at the pleadings stage.

**Exhibit 1.**  Exhibit 1 is a purported copy of the Plugin Developer FAQ page from wordpress.org.  Based on it, Defendants argue that "consumers had notice that WordPress.org could ban them for misconduct[.]"  Mot. at 3.  But the judicial notice doctrine does not support Defendants' request to treat the market's and consumers' ***knowledge*** and ***understanding*** of the contents of the page as undisputed and decide what was or was not known and understood—disputed issues turning on contested facts—at the pleading stage.  *See Zeller v. Optavia, LLC*, 2022 WL 17858032, at *3 (S.D. Cal. Dec. 22, 2022) (denying request for judicial notice; judicial notice doctrine does not allow court to "'effectively convert' a motion to dismiss into one for summary judgment" to decide whether "sections" of a website "disprove Plaintiffs' claims").

Moreover, the portions of Exhibit 1 that Defendants offer are irrelevant to deciding their motion to dismiss.  *Rouse v. Conner*, 2012 WL 2589240, at *1 (N.D. Cal. July 3, 2012) ("[T]he court may deny a request for judicial notice of facts that are not relevant to the question at issue.").  Contrary to Defendants' assertion, Exhibit 1 addresses the approval of ***plugins*** and the potential to ban them for certain ***violations***.  WPE's antitrust claims—and the challenged anticompetitive conduct—are not based on the mere, ordinary course banning of plugins for violations.  Rather, they concern Defendants' secretly reserving for themselves the abilities to: (1) charge exorbitant fees; (2) block market participants' access to wordpress.org and related resources *in toto* (not just for plugins) as they saw fit, including for pretextual and anticompetitive reasons (not just for "violations"); and (3) assert ownership and control over WordPress software and trademarks.  TAC ¶¶ 343–52. Exhibit 1, which

reflects **plugin** policies for one moment in time, does not make the challenged anticompetitive conduct, covering a broader period of time, as well as issues beyond mere plugin approval, known as a matter of law, particularly given Defendants' contrary statements and ongoing deception.  TAC ¶¶ 519–25; *see also* WPE's Opposition to Motion to Dismiss TAC, Section I.A.   Incorporation by reference also does not support Defendants' request because "the mere mention of the existence of a document is insufficient"—the document must be "integral" to the claim.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Here, Exhibit 1 is not "integral" for the above reasons.

**Exhibit 2.**  Exhibit 2 is a purported copy of a website Defendants claim reflects "Market shares of web hosting providers," "published by W3Techs.com."  RJN at 1.  Defendants assert Exhibit 2 is incorporated by reference into the TAC because the TAC "relies on and references" it.  *Id.* at 3.  That is false.  The TAC cites market share statistics from a W3Techs page concerning ***content management systems*** to demonstrate Defendants' market share in the WCMS Market (TAC ¶ 281 & n.116).  By contrast, Exhibit 2 is from a ***different*** W3Techs webpage about ***web hosting providers*** (RJN at 1), *i.e.*, a different market.[1]  RJN at 1.   Incorporation by reference thus does not help Defendants, because it does not allow Defendants to "submit[] documents not mentioned in the complaint to create a defense[.]"  *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 1003 (9th Cir. 2018).

Judicial notice is also no aid to Defendants.  They rely on Exhibit 2 to assert Defendants lack market power in the web hosting aftermarket as "Automattic has less than 1%" share in that market.  Mot. at 5.  But the judicial notice doctrine does not support Defendants' request to treat the ***truth*** of the contents of the page as undisputed and decide Defendants' market share at the pleading stage.  *See Zeller*, 2022 WL 17858032, at *3.  Moreover, Defendants' focus on market share (indirect evidence) is irrelevant to deciding their motion to dismiss, because WPE can, and does, allege Defendants' power in this aftermarket by direct evidence, making market share evidence unnecessary.  *See* TAC ¶¶ 294–99; *Rouse*, 2012 WL 2589240, at *1 (denying request for judicial notice of facts irrelevant to question at issue); *see also* WPE's Opposition to Motion to Dismiss TAC, Section I.B.

---

[1]  This is readily apparent by comparing the hyperlinks at which the respective pages are available. The TAC cites https://w3techs.com/technologies/history_overview/content_management, while Exhibit 2 is a link to https://w3techs.com/technologies/overview/web_hosting/.

1    Respectfully submitted,

2   DATED:  March 10, 2026                QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP
3

4

5                                    By _____/s/ Rachel Herrick Kassabian_____
                                          Rachel Herrick Kassabian (SBN 191060)
6                                            rachelkassabian@quinnemanuel.com
                                          Yury Kapgan (SBN 218366)
7                                            yurykapgan@quinnemanuel.com
                                          Margret M. Caruso (SBN 243473)
8                                            margretcaruso@quinnemanuel.com
                                          555 Twin Dolphin Dr., 5th Floor
9                                         Redwood Shores, CA 94065
                                          Telephone: (650) 801-5000
10                                        Facsimile: (650) 801-5100

11                                        Brian Mack (SBN 275086)
                                             brianmack@quinnemanuel.com
12                                        50 California Street, 22nd Floor
                                          San Francisco, CA 94111
13                                        Telephone: (415) 875-6400
                                          Facsimile: (415) 875-6700
14
                                          Michael E. Williams (SBN 181299)
15                                           michaelwilliams@quinnemanuel.com
                                          Kevin Y. Teruya (SBN 235916)
16                                           kevinteruya@quinnemanuel.com
                                          865 South Figueroa Street, 10th Floor
17                                        Los Angeles, CA 90017
                                          Telephone: (213) 443-3000
18                                        Facsimile: (213) 443-3100

19                                        *Attorneys for Plaintiff WPEngine, Inc.*

20

21

22

23

24

25

26

27

28

WPE'S RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE RE: MOTION TO DISMISS TAC