QUINN EMANUEL URQUHART & SULLIVAN LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael E. Williams (SBN 181299)
michaelwilliams@quinnemanuel.com
Kevin Y. Teruya (SBN 235916)
kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for Plaintiff WPEngine, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

WPENGINE, INC., a Delaware corporation,

Plaintiff,

v.

AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,

Defendants.

AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,

Counterclaimants,

v.

WPENGINE, INC., a Delaware corporation,

Counterdefendant.

Case No. 3:24-cv-06917-AMO

**PLAINTIFF WP ENGINE, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS COUNTERCLAIMS**

Hon. Araceli Martínez-Olguín
Hearing Date: June 4, 2026
Hearing Time: 2:00 p.m.
Courtroom: Courtroom 10

## REQUEST FOR JUDICIAL NOTICE

**PLEASE TAKE NOTICE THAT** WPEngine, Inc. ("WPE") respectfully requests that the Court take judicial notice of the following exhibits in support of its Motion to Dismiss the Counterclaims of Automattic, Inc. ("Automattic"), Matthew Charles Mullenweg ("Mullenweg"), the WordPress Foundation ("the Foundation"), and WooCommerce Inc. ("WooCommerce") (collectively, "Counterclaimants"), true and correct copies of which are attached to this request. WPE requests judicial notice of WPE's current and historical website, including certain blog posts and webpages either currently posted on the WPE website or formerly posted and/or appearing on the WPE website as captured with the Internet Archive's Wayback Machine, as well as public statements made by Counterclaimants, either in public interviews or on Wordpress.org, which is a publicly available website maintained by the Counterclaimants:

1. http://web.archive.org/web/20120102121605/http://wpengine.com/blog/, WPE's December 30, 2011 "At WP Engine, There's No Confusing Caching Plugins" blog post as it appeared on WPE's website on January 2, 2012 (attached hereto as **Exhibit 1**).
2. http://web.archive.org/web/20120402073017/http://wpengine.com/, WPE's homepage as it appeared on WPE's website on April 2, 2012 (attached hereto as **Exhibit 2**).
3. http://web.archive.org/web/20131005024113/http://wpengine.com/, WPE's homepage as it appeared on WPE's website on October 5, 2013 (attached hereto as **Exhibit 3**).
4. http://web.archive.org/web/20171001144849/https://wpengine.com/blog/wp-engine-summit-2017-a-preview/, WPE's September 27, 2017 Summit 2017 blog post as it appeared on WPE's website on October 1, 2017 (attached hereto as **Exhibit 4**).
5. https://web.archive.org/web/20180322011236/https://wpengine.com/wp-content/uploads/2015/04/WP-CS-AMD-113-web.pdf, WPE's AMD Case Study blog post as it appeared on WPE's website on March 22, 2018 (attached hereto as **Exhibit 5**).
6. https://web.archive.org/web/20210218160745/https://wpengine.com/blog/wp-engine-now-available-in-aws-marketplace/, WPE's February 17, 2021 "WP Engine Now Available in AWS Marketplace" blog post as it appeared on WPE's website on February 18, 2021 (attached hereto as **Exhibit 6**).

7. http://web.archive.org/web/20211004024650/https://wpengine.com/ecommerce/, WPE's eCommerce subpage as it appeared on WPE's website on October 4, 2021 (attached hereto as **Exhibit 7**).
8. https://web.archive.org/web/20240909024135/https://wpengine.com/content-management-system/, WPE's CMS subpage as it appeared on WPE's website on September 9, 2024 (attached hereto as **Exhibit 8**).
9. https://web.archive.org/web/20150616200116/http:/wpengine.com, WPE's homepage as it appeared on WPE's website on June 16, 2015 (attached hereto as **Exhibit 9)**.
10. http://web.archive.org/web/20160701062205/https://wpengine.com/, WPE's homepage as it appeared on WPE's website on July 1, 2016 (attached hereto as **Exhibit 10)**.
11. http://web.archive.org/web/20181004073656/https:/wpengine.com/, WPE's homepage as it appeared on WPE's website on October 4, 2018 (attached hereto as **Exhibit 11)**.
12. Transcript of Town Hall with Matt, WordCamp Portland, September 19, 2010, video available at https://wordpress.tv/2010/09/19/matt-mullenweg-town-hall-with-matt/ (attached hereto as **Exhibit 12)**.
13. https://web.archive.org/web/20201028202012/https:/wordpress.org/five-for-the-future/pledge/wp-engine/, WPE's Five for the Future subpage as it appeared on Wordpress.org on October 28, 2020 (attached hereto as **Exhibit 13)**.

## ARGUMENT

### I. Legal Standard

When ruling on a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted). A court may take judicial notice of relevant facts that are "not subject to reasonable dispute because [they]…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Separately, a

court may consider materials the complaint references and relies upon under the judicially-created doctrine of incorporation by reference. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

**II. The Court May Properly Take Judicial Notice of Exhibits 1-13**

WPE requests that the Court take judicial notice of WPE's website, including historical versions collected as Exhibits 1 through 11, which consist of both current and previously publicly available webpages and blog posts from WPE's website. The archival webpages and blog posts were captured by the Internet Archive's Wayback Machine as of January 2, 2012, April 2, 2012, October 5, 2013, June 16, 2015, July 1, 2016, October 1, 2017, March 22, 2018, October 4, 2018, February 18, 2021, October 4, 2021, and September 9, 2024, and reflect WPE's historical uses of the phrases "Core WordPress," "Managed WordPress Hosting," "WordPress Hosting," "Headless WordPress," "Expert WordPress Support," "Enterprise WordPress," "powers the freedom to create on WordPress," "WordPress Digital Experience Platform," "WordPress experts," and "WooCommerce."

The Court may take judicial notice of webpages at WPE's current and historical website. *See, e.g.*, *Robinson v. Binello*, 771 F. Supp. 3d 1114, 1122 (N.D. Cal. 2025) (taking judicial notice of the "existence and contents" of various publicly available webpages); *see also In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 813 (N.D. Cal. 2020) (citing *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010)) ("It is well-established that '[c]ourts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'"). Courts routinely take judicial notice of webpages preserved through the Wayback Machine under Rule 201(b)(2), as facts that can readily be determined from sources whose accuracy cannot reasonably be questioned. *See, e.g.*, *Erickson v. Nebraska Mach. Co.*, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) (taking judicial notice of Internet Archive captures of older versions of plaintiffs' website); *UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, 604 n.2 (C.D. Cal. 2017) (same). Exhibit 8 also may be judicially noticed because the counterclaims rely on and quote from the webpage, including a partial screenshot of the webpage. Dkt. 238 (Counterclaims) ("CC") ¶ 218; *Libman v. Apple, Inc.*, 2024 WL 4314791, at *4 (N.D. Cal.

Sept. 26, 2024) (taking judicial notice of documents as incorporated by reference that "form[ed] the basis" for plaintiffs' claims).

WPE relies on these webpages as further evidence that the counterclaims are barred by statutes of limitation and laches, and to support its arguments to dismiss Counterclaimants' false advertising and trademark claims. WPE seeks judicial notice of these webpages to establish that they existed at the specified times and contained the content displayed, and ***not*** for the truth of any statement contained therein. Courts judicially notice ***when*** online sources displayed particular content in connection with dismissing claims on timeliness grounds, as here. *Lifeway Foods, Inc. v. Millenium Prods., Inc*., 2016 WL 7336721, at *1–3 (C.D. Cal. Dec. 14, 2016) (taking judicial notice of activity on social media page to determine when challenged conduct began and then dismissing Lanham Act, false advertising, and unfair competition claims as untimely); *BYD Co. Ltd. v. All. for Am. Mfg*., 554 F. Supp. 3d 1, 13 (D.D.C. 2021) (taking judicial notice of when challenged statement appeared on website and then dismissing claim on statute of limitations grounds).

Exhibit 12, a transcript of a publicly available video-recorded interview given by Matthew Mullenweg, likewise can be judicially noticed for the fact that Matt Mullenweg publicly stated in 2010 that "We ask you to not use WordPress in your domain name, which we've done for four years now. So, use like WP, like there's WP Engine, call it WP Engine instead of WordPressEngine.com or something like that." Courts judicially notice public statements for their occurrence. *See In re Biovie Inc. Sec. Litig*., 2025 WL 947667, at *7 (D. Nev. Mar. 27, 2025) (taking judicial notice of the fact that a party made public statements). WPE seeks judicial notice that Mullenweg made this statement, which can be readily determined from a publicly available interview.

Exhibit 13, a historical screenshot of WPE's "Five for the Future" page on Wordpress.org, is also a proper subject of judicial notice, both because it reflects the contents of a website Counterclaimants maintain, and because the counterclaims incorporate it by reference. CC at 66 (defining "WordPress Parties" as all Counterclaimants); *id.* ¶ 27 ("The WordPress Parties maintain the platform www.WordPress.org and exercise editorial control over its contents"); *id.* ¶ 237. It is relevant to show that "The WP Engine WordPress Digital Experience Platform" appeared on Counterclaimants' own website as of August 4, 2020. *Robinson*, 771 F. Supp. 3d at 1122 (judicially

noticing webpage contents); *see also McCoy v. Alphabet, Inc.*, 2021 WL 405816, at *3 (N.D. Cal. Feb. 2, 2021) (taking judicial notice of a defendant's webpage for the fact that a defendant made statements included in the webpage); *Fraley v. Facebook, Inc*., 830 F. Supp. 2d 785, 795 (N.D. Cal. 2011) ("[T]he Court may consider on a Rule 12(b)(6) motion not only documents attached to the complaint, but also documents whose contents are alleged in the complaint, provided the complaint 'necessarily relies' on the documents or contents thereof, the document's authenticity is uncontested, and the document's relevance is uncontested."); *Libman*, 2024 WL 4314791, at *4 (taking judicial notice of documents as incorporated by reference that "form[ed] the basis" for plaintiffs' claims).

**CONCLUSION**

WPE respectfully requests that the Court grant its request for judicial notice.

DATED: March 10, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *Rachel Herrick Kassabian* (signed "/s/")

Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

Michael E. Williams (SBN 181299)
michaelwilliams@quinnemanuel.com
Kevin Y. Teruya (SBN 235916)
kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Plaintiff WPEngine, Inc.*