JOSEPH R. ROSE, SBN 279092
jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

MICHAEL H. DORE, SBN 227442
mdore@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

JOSH A. KREVITT, SBN 208552
jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER (admitted pro hac vice)
osnyder@gibsondunn.com
HOWARD S. HOGAN (admitted pro hac vice)
hhogan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

Attorneys for Defendants Automattic Inc., Matthew
Charles Mullenweg, and WooCommerce Inc. and
Counterclaimant WordPress Foundation

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Defendants.<br><br>_____<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br>Counterclaimants,<br><br>v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | Case No. 3:24-cv-06917-AMO<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE REGARDING MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br><u>**Hearing:**</u><br>Date:      June 4, 2026<br>Time:      2:00 p.m.<br>Place:     Courtroom 10<br><br>Hon. Araceli Martínez-Olguín |

Gibson, Dunn & Crutcher LLP

Defendants respectfully request that the Court take judicial notice of two exhibits in support of Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint (Dkt. 243):

- A copy of the "Plugin Developer Frequently Asked Questions" from Wordpress.org, available at https://developer.wordpress.org/plugins/wordpress-org/plugin-developer-faq/, as it appeared on September 24, 2024 (Dkt. 243-2);

- A copy of "Market shares of web hosting providers" published by W3Techs.com on October 17, 2025, available at https://w3techs.com/technologies/overview/web_hosting/ (Dkt. 243-3).

*See* Defs.' Request for Judicial Notice ("RJN"), Dkt. 243-1. WP Engine's Response (Dkt. 253) casts no doubt on the appropriateness of Defendants' request.

**Exhibit 1:** WP Engine argues that the Court cannot take judicial notice of Exhibit 1 because Defendants cite the substance of the "Plugin Developer Frequently Asked Questions" section of WordPress.org, rather than only its existence. Resp. 1–2. But, under the incorporation-by-reference doctrine, "courts may take into account 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (alteration in original) (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)). If a document is incorporated by reference, courts "'may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). Because WP Engine's Third Amended Complaint relies on and references Exhibit 1, *see* TAC ¶ 88 & nn. 52–55 ("Wordpress.org's developer website also contains a 'Frequently Asked Questions' which provides the process by which plugins are approved to be posted on wordpress.org."), it is appropriate for Defendants to rely on the full document in contesting WP Engine's claims.

WP Engine also contends that the Court should not take judicial notice of Exhibit 1 because it is "irrelevant to deciding [Defendants'] motion to dismiss." Dkt. 253 at 2. Nonsense. WP Engine asserts that Defendants "secretly reserved for themselves the abilities to charge exorbitant fees for access to wordpress.org," and that the market "had no meaningful way to discover Defendants' lies about 'free'

and 'open' access or 'nonprofit' control in the face of Defendants' repeated misrepresentations and omissions." TAC ¶¶ 344, 350. But WP Engine's own allegations, including its citation of the policies in Exhibit 1, contradict this theory by alleging that WordPress.org "enforce[s]" many publicly available policies that establish community standards, *id.* ¶ 70, and that WordPress.org can "ban someone and disable all their plugins" for certain violations—including trademark infringement, *see* Ex. 1 at 4–6, 9, 16–18, 24–27. The existence of these policies, and their reference to trademark enforcement, are thus directly "relevant to the question at issue." *Rouse v. Conner*, 2012 WL 2589240, at *1 (N.D. Cal. July 3, 2012).

**Exhibit 2:** WP Engine argues that the Court cannot take judicial notice of Exhibit 2 because it cites W3Techs's market share statistics for web content management systems, not web hosting providers. Resp. 2. But having incorporated W3Techs's market share statistics into its own Third Amended Complaint, *see* TAC ¶ 281 & n.116, WP Engine cannot pick and choose which statistics the Court considers. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010); *see also Knievel*, 393 F.3d at 1076 (taking judicial notice of ESPN webpages not cited or described in the complaint where plaintiffs' allegations centered around excerpt from ESPN webpage). The Court can and should consider the full set of W3Techs information in evaluating WP Engine's claims.

\* \* \*

For the foregoing reasons, Defendants respectfully request that this Court grant their Request for Judicial Notice of the above-referenced materials.

DATED: March 24, 2026

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Joseph R. Rose*
       Joseph R. Rose

*Attorney for Defendants Automattic Inc. and Matthew Charles Mullenweg*

Gibson, Dunn & Crutcher LLP