JOSEPH R. ROSE, SBN 27902
  jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

MICHAEL H. DORE, SBN 227442
  mdore@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

JOSH A. KREVITT, SBN 208552
  jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER (admitted pro hac vice)
  osnyder@gibsondunn.com
HOWARD S. HOGAN (admitted pro hac vice)
  hhogan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

Attorneys for Defendants Automattic Inc., Matthew
Charles Mullenweg, and WooCommerce Inc. and
Counterclaimant WordPress Foundation

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Defendants. | Case No. 3:24-cv-06917-AMO<br><br>**COUNTERCLAIMANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS COUNTERCLAIMS**<br><br>**Hearing:**<br>Date:        June 4, 2026<br>Time:       2:00 p.m.<br>Place:      Courtroom 10<br><br>**HON. ARACELI MARTÍNEZ-OLGUÍN** |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | |

## I.    INTRODUCTION

WPEngine, Inc.'s ("WP Engine") Request for Judicial Notice (Dkt. 254, "RJN") inappropriately attempts to expand its motion to dismiss beyond the factual allegations in the counterclaims. WP Engine cites thirteen cherry-picked blog posts, archival versions of its homepage, the "Five for the Future" pledge it made, and a non-authenticated transcript, over an 11-year timespan to argue that Automattic Inc., Matthew Charles Mullenweg, WordPress Foundation, and WooCommerce Inc.'s (collectively, the "WordPress Parties") claims are time-barred. But WP Engine cannot invoke the judicial notice doctrine to introduce disputed facts on a motion to dismiss that a fact-finder must assess on a complete record. The exhibits WP Engine seeks to introduce are irrelevant to resolving the legal sufficiency of the counterclaims under Rule 12(b)(6). The Court should not take judicial notice of Exhibits 1-7 and 9-13.

## II.    LEGAL STANDARD

Judicial notice of adjudicative facts is proper only if the fact can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Court "cannot take judicial notice of disputed facts contained in . . . public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Even if the existence of a document is generally susceptible to judicial notice, the assertions of fact contained within the document may not be, and the Court must "consider—and identify—which fact or facts it is noticing" from each noticed document. *Id.*; *see also* Dkt. 253 at 1 (WP Engine's opposition to Automattic's RJN arguing same).

"[R]elevance is a threshold requirement of taking [judicial] notice." *Zolensky v. Am. Medflight, Inc.*, 2017 WL 1133926, at *3 (E.D. Cal. Mar. 27, 2017). The Court may decline to judicially notice documents that do not bear on the sufficiency of the pleadings. *See, e.g.*, *Brickman v. Fitbit, Inc.*, 2016 WL 3844327, at *2 (N.D. Cal. July 15, 2016).

## III.    ARGUMENT

### A.    Exhibits 1-5 and 9-11 and 13 Should Not Be Judicially Noticed Because WP Engine Uses Exhibits 1-5 and 9-11 and 13 to Dispute Well-Pleaded Factual Allegations

As explained in the WordPress Parties' concurrently filed Combined Reply In Support Of

Gibson, Dunn & Crutcher LLP

Motion to Dismiss Plaintiff's Third Amended Complaint and Opposition to Plaintiff's Motion to Dismiss Counterclaims ("Merits Opposition"), WP Engine's challenges to the WordPress Parties' counterclaims, including WP Engine's laches and nominative fair use defenses, turn on factual disputes that cannot be resolved at the pleadings stage. WP Engine's RJN attempts to use the doctrine of judicial notice to introduce new facts into the record in furtherance of these fact-bound defenses. This is improper. The Ninth Circuit has expressly warned against this tactic, explaining that "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Khoja*, 899 F.3d at 998. A movant may not "ask the Court to take judicial notice of documents that they then use as a basis to challenge the factual averments in the complaint." *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018). And yet WP Engine attempts to do precisely that.

WP Engine cites Exhibits 1-5 and 9-11 and 13 to argue that the WordPress Parties' trademark infringement claims are time-barred, claiming the webpages demonstrate "uses" of certain contested terms. Dkt. 252 at 18. Although WP Engine says it is asking the Court to judicially notice the *existence* of the webpages it cites, it is actually asking the Court to make merits determinations. WP Engine asks the Court to conclude that WP Engine was making *trademark* use of the phrases "'managed WordPress' since December 30, 2011" and "Core WordPress" since March 2018. *Id*. This is a disputed issue in the case. *See* Merits Opp. Section II.A.3. One of the key issues in this case is when WP Engine's usage of terms like "WordPress" changed from nominative fair use to the kind of use that infringes the WordPress Parties' trademark rights by signaling that the WordPress Parties sponsor or endorse WP Engine's products and services. In effect, WP Engine is attempting to use judicial notice to short circuit the litigation process and ask the Court to decide that the merits of the WordPress Parties' counterclaims on a motion to dismiss.

WP Engine's characterizations of the webpages' *contents* is misleading, disputed, and decontextualized, rendering the exhibits improper to consider on a Rule 12(b)(6) motion. *See Nelson v. Clark*, 2008 WL 619041, at *1 (E.D. Cal. Mar. 5, 2008) ("The Court cannot take judicial notice of factual circumstances in a vacuum. Rather, the facts must be placed in context."); *Brickman*, 2016 WL 3844327, at *2 (declining to take notice of documents that test "the ultimate merits of plaintiffs' claims"

and not "the sufficiency of the complaint"). A careful review of each exhibit and WP Engine's accompanying arguments reveals why judicial notice of the exhibits should not be countenanced.

WP Engine cites Exhibits 1-2 and 9-11, where WP Engine used the term "managed WordPress" in 2018 and earlier to argue "[i]t is not plausible the same phrases were initially non-violative and infringing only in later years." Dkt. 252 at 18 (citing CC ¶ 119, 130). WP Engine's argument elides key contextual differences between the cited webpages and the infringing use cited in the counterclaims. Exhibit 1 states in the middle of a lengthy text page that "WP[E] leads the managed WordPress hosting segment with fastest page-load times, scalability, security and a staff of WordPress experts." RJN Ex. 1 at 5. And Exhibit 2 uses the phrase in small print at the footer of a page with other descriptive text. RJN Ex. 2 at 4.

These are both markedly different from the reference to "Managed WordPress" identified in the counterclaims: WP Engine used "Managed WordPress" as the name of a *commercial product* available for purchase on its website in November 2021, in violation of the WordPress Foundation trademark policy. CC ¶ 73, 119, 130.

Exhibits 9-11 use the term in larger font but still do not use "Managed WordPress" as the name of a commercial product. RJN Ex. 9, 10, 11; CC ¶ 73, 119, 130. The Court cannot consider WP Engine's claim that its later uses of the WordPress Marks are "mere variations of the uses" it wishes the court to judicially notice. Dkt. 252 at 18. Not only is the claim facially specious based on WP Engine's own evidence, but it also requires a detailed analysis of the evidentiary record that is inappropriate at the pleadings stage. *Rollins*, 338 F. Supp. 3d at 1031; *Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881, 893 (N.D. Cal. 2012) ("Plaintiffs make factual arguments about what the proofs do and do not show, and that is enough at the motion to dismiss stage so that the court should not take notice of them.").

WP Engine's other exhibits fare no better. For example, WP Engine claims its exhibits show it was using the contested term "Enterprise WordPress," "Headless WordPress," and "Core WordPress" before 2021. But as the counterclaims make clear, the infringement stems from WP Engine using those phrases for the names of its commercial products, not from simply putting those words together in a sentence:

- Exhibit 3 shows a product called "WP Engine Enterprise," which is described as "Enterprise Word-Press Solutions For World-Class Web Experiences," RJN Ex. 3 at 3; WP Engine's product "Enter-prise WordPress" was not offered until 2024, CC ¶ 220.

- Exhibit 4 promotes an event hosted by WP Engine with discussion of "how to take advantage of headless WordPress technology for the optimal user experiences," RJN Ex. 4 at 3; WP Engine's product "Headless WordPress" was launched in March 2021, CC ¶ 117.

- Exhibit 5 is a case study about one of WP Engine's clients that explains that WP Engine "assumed full responsibility for managing all core WordPress and infrastructure updates for the site," RJN Ex. 5 at 2; WP Engine's product "Core WordPress" was launched in 2024, CC ¶ 123.

WP Engine also claims Exhibit 13 shows "a historical screenshot of WPE's 'Five for the Future' page on Word[P]ress.org" that is "relevant to show that 'the WP Engine WordPress Digital Experience Platform' appeared on Counterclaimants own website as of *August 4, 2020*." RJN at 4 (emphasis added). But the date on the Exhibit, *October 28, 2020*, does not match WP Engine's claim. The Court should not take judicial notice of an exhibit that is not what WP Engine claims it to be. *United States v. Boeing Co.*, 670 F. Supp. 3d 1185 (W.D. Wash. 2023) (judicial notice improper where "there is a reasonable dispute as to what the document establishes").

WP Engine may not "present [its] own version of the facts at the pleading stage." *Khoja*, 899 F.3d at 999. The history of WP Engine's use of the WordPress Marks is a key disputed issue in this litigation—perhaps *the* key disputed issue. The WordPress Parties' allegations require context and a full evidentiary record to place before the jury; the claims cannot be resolved on the basis of judicially noticing a few cherry-picked webpages with certain words from longer sentences highlighted and de-contextualized. WP Engine's request to judicially notice Exhibits 1-5, 9-11, and 13 should be denied.

**B.      Exhibits 1-7 and 9-13 Are Irrelevant and Should Not Be Judicially Noticed**

WP Engine's Exhibits 1-7 are irrelevant to the issues raised in the counterclaims and WP Engine's motion to dismiss. WP Engine attempts to use a selection of blog posts and archival versions of its homepage over an 11-year time period to support its laches and statute of limitations arguments, but these documents do not show that the WordPress Parties delayed in bringing suit against WP Engine. Because all "document[s] to be judicially noticed must be relevant to an issue in the case," Exhibits 1-

7 and 9-13 are not proper subjects of judicial notice. *See, e.g.*, *Bd. of Cement Masons S. Cal. Health Welfare Fund v. Galvan & Brown Concrete Decking, Inc.*, 2009 WL 10675912, at \*7 (C.D. Cal. Dec. 4, 2009).

As explained *supra* Section III.A, Exhibits 1-5 and 9-11 contain only passing references to the phrases "managed WordPress," "enterprise WordPress," "headless WordPress," and "core WordPress," often buried in text or not prominently displayed. Even if the exhibits demonstrated what WP Engine claims they do, there is no basis to conclude that the WordPress Parties knew or should have known about obscure blog posts and every iteration of WP Engine's homepage. *See, e.g.*, *Luna Distrib. LLC v. Stoli Grp. (USA), LLC*, 2018 WL 5099277, at \*6 (C.D. Cal. July 10, 2018) ("trademark holders are not required to 'constantly monitor every nook and cranny of the entire nation'" (citation omitted)). Because the exhibits do not support WP Engine's laches argument, they are fundamentally irrelevant.

Exhibits 6, 7, and 13 demonstrate WP Engine's use of contested terms within the limitations period, which, as the WordPress Parties explained in their Merits Opposition, began in October 2020. These exhibits therefore do not have any bearing on WP Engine's legal arguments.

Exhibit 7 is independently irrelevant because WP Engine does not appear to cite it for any specific proposition. If WP Engine is attempting to show that it used the term "WooCommerce" in 2021, the WordPress Parties do not and have not argued that WP Engine may not use the term "WooCommerce" on its own under any circumstances or that use of the term standing alone constitutes infringement. The WordPress Parties' position is that the nature and character of WP Engine's use of the WooCommerce Marks after October 2020 constitutes trademark infringement. Merits Opp. Section II.A.3.

Exhibit 12, which purports to be a transcript from a 2010 address given by Mr. Mullenweg is similarly irrelevant. WP Engine cites Exhibit 12 for the proposition that the "use of 'WP' in WP Engine's name cannot misleadingly suggest endorsement or sponsorship." Dkt. 252 at 24 (citing CC ¶ 217). But Counterclaimants did not say in Paragraph 217 that WP Engine's use of "WP" "misleadingly suggest[ed] endorsement or sponsorship" Dkt. 252 at 24; CC ¶ 217. Counterclaimants alleged that although the use of "WP" is *permitted* by the WordPress Foundation's trademark policy, "entities that incorporate 'WP' in conjunction with software terms like, 'Engine' should exercise heightened caution

to avoid creating the impression of endorsement, sponsorship, or official affiliation," and that "[r]ather than distancing itself from this presumption, WP Engine exacerbates the issue through pervasive and aggressive uses of the WordPress and WooCommerce Marks in its marketing, search engine advertising, and product naming, none of which are necessary to accurately reference the open-source software that its platform uses." CC ¶ 217. Exhibit 12 is cited to support a strawman proposition—i.e., that Counterclaimants alleged WP Engine's use of "WP" is inherently misleading as to sponsorship or endorsement—when no such allegation appears in Paragraph 217. Instead, Paragraph 217 addresses the need for caution in avoiding consumer confusion and alleges that WP Engine's broader marketing conduct, not its mere use of "WP," creates that risk. Because Exhibit 12 does not speak to, rebut, or otherwise bear on the actual allegations in Paragraph 217, it is irrelevant and should not be judicially noticed.

Finally, Exhibits 12 and 13 are irrelevant for an additional reason. WP Engine misleadingly writes, "Counterclaimants allege WPE's uses had 'high[] visibility' and Automattic became a strategic investor in WPE in 2011 and held that investment though 2018," Dkt. 252 at 17 (citing CC ¶¶ 6, 89, 95 and RJN Exs. 12–13. Not only does this misleadingly imply that Counterclaimants alleged "high[] visibility" uses throughout the period from 2011 to 2018 (they did not so allege), but Exhibits 12 and 13 are entirely unrelated to any claims about WP Engine's "high visibility" uses of Counterclaimants' Marks or to any investment by Automattic in WP Engine. Because they are not even relevant to the proposition for which they were cited, much less to any allegations in the counterclaims, Exhibits 12 and 13 do not bear on any issue in WP Engine's motion to dismiss and are not proper subjects for judicial notice.

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny judicial notice as to Exhibits 1-7 and 9-13.

Gibson, Dunn &
Crutcher LLP

DATED: March 24, 2026

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Howard S. Hogan*
        Howard S. Hogan

*Attorneys for Defendants Automattic Inc., Matthew Charles Mullenweg, and WooCommerce Inc. and Counterclaimant WordPress Foundation*