QUINN EMANUEL URQUHART & SULLIVAN LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael E. Williams (SBN 181299)
michaelwilliams@quinnemanuel.com
Kevin Y. Teruya (SBN 235916)
kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for Plaintiff WPEngine, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,<br><br>    Defendants.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>    Counterclaimants,<br><br>    v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>    Counterdefendant. | Case No. 3:24-cv-06917-AMO<br><br>**PLAINTIFF WPENGINE, INC.'S REPLY IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE**<br><br>Hon. Araceli Martínez-Olguín<br>Hearing Date:    June 4, 2026<br>Hearing Time:    2:00 p.m.<br>Courtroom:    Courtroom 10 |

**REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**

Counterclaimants' Opposition to WPE's Request for Judicial Notice does not dispute the actual contents of any of the exhibits WPE seeks judicial notice of nor the dates those contents were displayed.  Because those are the facts WPE seeks judicial notice of—not the truth of any statement made—WPE's Request should be granted.

Counterclaimants do not cite any authority contradicting that courts routinely take judicial notice of facts such as the dates and contents of websites, and the Court should do so here.  *See* Dkt. 169, Order Re Motion to Dismiss at 1 n.1 (granting request for judicial notice for exhibits including website screenshots).

## I.    EXHIBITS 1-5, 9-11, AND 13 MAY BE JUDICIALLY NOTICED FOR THEIR EXISTENCE

Judicial notice of the appearance of certain words on WPE's website and Wordpress.org on particular dates, including the webpages cited in Exhibits 1-5, 9-11, and 13, is entirely proper. Indeed, Counterclaimants Automattic, Matthew Mullenweg, and WooCommerce recently argued in this case that "courts routinely take judicial notice of information available on publicly accessible websites at the motion-to-dismiss stage[.]"  Dkt. 243-1, Defendants' Request for Judicial Notice at 2.  Having sought judicial notice of WPE's website pages in support of their own 12(b)(6) motion, Counterclaimants' protestations ring hollow.

Contrary to Counterclaimants' argument, WPE is asking the Court to judicially notice that WPE's webpages "existed at the specified times and contained the content displayed" (Dkt. 254, WPE's Request for Judicial Notice ("RJN") at 4), not to "make [any] merits determinations" regarding the nature of the use of the terms at issue (Dkt. 259, Counterclaimants' Opposition to Request for Judicial Notice ("RJN Opp.") at 2) that are not evident from the face of the document itself, such as *by when* the challenged terms first appeared on WPE's website—as reflected by Wayback Machine captures.  Dkt. 252, Motion to Dismiss Counterclaims and Opposition to Motion to Dismiss Third Amended Complaint ("Mot.") at 18.  Likewise, WPE seeks judicial notice of WPE's "Five for the Future" page on Counterclaimants' website, Wordpress.org, to show

challenged terms were displayed there in October 2020,[1] Mot. at 17 (citing RJN Ex. 13); the counterclaims also incorporate by reference Exhibit 13 by citing that website screenshot as a basis for Counterclaimants' false advertising claim, which independently compels judicial notice of the document.  Dkt. 238 (Counterclaims ("CC")) ¶¶ 237 & n.63, 298; *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

Counterclaimants contend that WPE improperly "attempts to use the doctrine of judicial notice to introduce new facts into the record in furtherance of [its] fact-bound defenses."  RJN Opp. at 2.  But courts routinely apply—and "analy[ze]" (*id.* at 3)—judicially-noticed facts regarding ***when*** online sources displayed particular content to dismiss claims on timeliness grounds, as here. Counterclaimants do not address—let alone distinguish—the authority WPE cited reflecting that taking judicial notice of these documents is appropriate.  *See, e.g.*, RJN at 4 (citing *Lifeway Foods, Inc. v. Millenium Prods., Inc.*, 2016 WL 7336721, at *1-3 (C.D. Cal. Dec. 14, 2016) (taking judicial notice of defendant's social media page screenshots to find that defendant had been "continually marketing its products" and then dismissing Lanham Act, false advertising, and unfair competition claims as barred by statute of limitations and laches); *BYD Co. Ltd. v. All. for Am. Mfg.*, 554 F. Supp. 3d 1, 13 (D.D.C. 2021) (using publication date of judicially noticed press release to dismiss claim on statute of limitations grounds)).

Ignoring this, Counterclaimants rely on *Rollins v. Dignity Health* (RJN Opp. at 2) to argue that judicial notice should not extend to documents that "challenge the factual averments in the complaint."  338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018).  But *Rollins* rejected judicial notice of

---

[1]    For the avoidance of doubt, WPE seeks to have judicial notice taken of Exhibit 13, a screenshot of the "Five for the Future" webpage on Wordpress.org as it appeared on ***October 28, 2020***, as evidence that "Counterclaimants' knowledge of WPE's uses of the Challenged Terms before October 23, 2021, is clear from their pleadings."  Mot. at 17.  Exhibit 13 is a copy of the website URL that Counterclaimants cited to in Paragraph 237 in support of their allegation: "On October 28, 2020, WP Engine's pledge was to 'sponsor[] 26 contributors for a total of 97 hours per week.'"  Thus, the actual date (which is reflected on the face of Exhibit 13) that is relevant to WPE's motion is October 28, 2020—not August 4, 2020, which the RJN mistakenly referred to due to a clerical error.  WPE did not intend to suggest that Exhibit 13 offers proof of how any content was displayed on August 4, 2020, nor does it seek judicial notice of the contents as of August 4, 2020.

website pages that, unlike here, were relevant only for the ***truth of the statements they contained***. *See id.* ("Dignity offers [a copy of its "Mission" to "furthering the healing ministry of Jesus"] for the purpose of contradicting the assertion in Plaintiffs' complaint that the Dignity Plan is not sufficiently associated with the Catholic Church to qualify for the church plan exemption under ERISA"). Here, WPE seeks judicial notice of these webpages to establish not the truth of their content, but that that they existed at the specified times and displayed specific content at those times. *See* RJN at 4.

Counterclaimants do not and cannot dispute that the challenged terms have long appeared on WPE's website or Counterclaimants' website, which is all WPE seeks to establish through judicial notice. Counterclaimants fail to address any of the cases WPE cites that endorse the judicial notice of content on publicly available websites. RJN at 3-5. Nor do the cases that Counterclaimants cite (RJN Opp. at 2-4) prevent the Court from taking judicial notice of the existence of content displayed on publicly available websites. Instead, those cases hold that judicial notice is improper when the contents are ***themselves*** disputed or misleading. For instance, *Khoja v. Orexigen Therapeutics, Inc.* declined to judicially notice a transcript that was self-contradictory and "subject to varying interpretations." 899 F.3d at 999-1000. *See also Brickman v. Fitbit, Inc.*, 2016 WL 3844327, at *2 (N.D. Cal. July 15, 2016) (declining to take judicial notice of the truth of conclusions from scientific studies as dispositive proof of a technology's efficacy); *Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881, 893 (N.D. Cal. 2012) (declining to take judicial notice of preliminary images of product labels that opposing party claimed "distort the way consumers view" the labels); *United States v. Boeing Co.*, 670 F. Supp. 3d 1185, 1194 n.8 (W.D. Wash. 2023) (declining to take judicial notice of an incomplete document whose only relevant portion was omitted); *Nelson v. Clark*, 2008 WL 619041, at *1 (E.D. Cal. Mar. 5, 2008) (judicially noticing a judicial opinion for its existence, but declining to judicially notice an interpretation of its application to the pending case). By contrast, that WPE used the terms on a website at a given point in time can be "accurately and readily determined" by referencing the publicly available screenshots at issue here. *Robinson v. Binello*, 771 F. Supp. 3d 1114, 1121 (N.D. Cal. 2025).

WPE'S REPLY IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE

## II.    EXHIBITS 1-7 AND 9-13 ARE ALL RELEVANT TO WPE'S MOTION TO DISMISS

Exhibits 1-7 and 9-13 all provide relevant support for WPE's argument that Counterclaimants' claims should be dismissed on laches, statute of limitations, and nominative fair use grounds.  Even after conceding that WPE uses screenshots of its website and its webpage on Wordpress.org "to argue that the WordPress Parties' trademark infringement claims are time-barred" (RJN Opp. at 2), Counterclaimants, in immediate self-contradiction, argue that the same screenshots are "irrelevant to the issues raised in…[WPE's] motion to dismiss."  *Id.* at 4.  As Counterclaimants recognize, showing that the challenged terms appeared on WPE's website at certain points in time demonstrates the length of Counterclaimants' delay in bringing suit, thereby requiring dismissal of all counterclaims.  Mot. at 17-19.  This includes Exhibits 6, 7, and 13, which Counterclaimants argue show uses of the challenged terms *within* the limitations period and are therefore irrelevant.  RJN Opp. at 5.  But, as explained in WPE's Motion and Reply, Counterclaimants are mistaken in arguing that the *complaint* filing date tolls the laches period; the correct date to measure the end date of the limitations period is the *counterclaim* filing date.  *E.g.,* Mot. at 18-19 (citing *Tillamook Cnty. Smoker, Inc. v. Tillamook Cnty. Creamery Assoc.*, 465 F.3d 1102, 1109 (9th Cir. 2006)).  Accordingly, Exhibits 6, 7, and 13, which all show uses of challenged terms outside of the four-year laches limitations period as established by the filing of Counterclaimants' *counterclaims*, are relevant.  Mot. at 18-19.

Exhibits 12 and 13 likewise support WPE's statute of limitations and laches defenses as evidence of Counterclaimants' awareness of WPE's uses of the challenged terms prior to the limitations period.  Exhibit 12, a September 19, 2010 public speech where Mullenweg specifically called out "WP Engine" for its use of "WP" as an example of a proper naming convention, and Exhibit 13, WPE's "Five for the Future" webpage on Counterclaimants' own website, as it existed on October 28, 2020, both support that Counterclaimants had knowledge of WPE's uses before October 2021, before the applicable limitations period.  WPE cites these judicially noticeable documents as relevant examples of that knowledge, alongside the counterclaims' own concessions that WPE's uses were "high[] visibility" and that Counterclaimant Automattic invested in WPE from 2011-2018.  Mot. at 17 (citing CC ¶¶ 6, 89, 95).  They are inarguably relevant and their contents

are undisputed.

Exhibit 12 is also relevant to WPE's nominative fair use defense.  Counterclaimants contend that a public statement by Matthew Mullenweg approving WPE's use of "WP" in its company name is not relevant because it does not rebut their allegation that WPE's "broader marketing conduct" created confusion.  RJN Opp. at 6.  But Mullenweg's express approval of the name "WP Engine," like Counterclaimants' concession in CC ¶ 217 that "WP" can be used in branding, is relevant to show that WPE's name is nominative fair use, as the counterclaims expressly dispute. Mot. at 24; *e.g.*, CC ¶ 216.

Counterclaimants are free to argue about what inferences should be drawn from the 12 Exhibits they challenge (Exhibits 1-7, 9-13), but the documents themselves are relevant and proper for judicial notice.[2]

**<u>CONCLUSION</u>**

WPE respectfully requests that the Court grant its request for judicial notice.

DATED:  March 31, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By    */s/ Rachel Herrick Kassabian*
Rachel Herrick Kassabian
*Attorneys for Plaintiff WPEngine, Inc.*

---

[2]  Counterclaimants do not oppose judicial notice of Exhibit 8, which, similar to Exhibit 13, contains a complete version of a WPE webpage cited in the Counterclaims in support of Counterclaimants' trademark infringement claims.  CC ¶ 218.