April 10, 2026                                                                                              <u>Via ECF</u>
Hon. Ajay S. Krishnan
Re: *WPEngine, Inc. v. Automattic Inc. et al.*, No. 3:24-cv-06917 (N.D. Cal.)

Dear Judge Krishnan:

Per the Court's April 3, 2026 Order (Dkt. 264), Plaintiff WPEngine, Inc. ("WPE") and Defendants Matthew Mullenweg and Automattic Inc. ("Defendants") respectfully submit this updated joint discovery letter regarding Mr. Mullenweg's WhatsApp, Signal, and Telegram communications.

## I.    <u>WPE'S STATEMENT</u>

Since before this case was filed, WPE repeatedly demanded, in writing, that Defendants preserve all potentially relevant documents on Mr. Mullenweg's WhatsApp, Signal, and Telegram messaging platforms. Meanwhile, Mr. Mullenweg repeatedly flashed red flags indicating he was flouting his preservation obligations, such as publicly directing individuals on X.com to contact him via "Signal with disappearing messages" shortly after he began his "nuclear war" against WPE, deleting X.com posts, and deleting an entire Post Status Slack channel.  The consequences of this pattern became undeniable on October 6, 2025, when after a year of discovery, WPE had not received any of Mullenweg's WhatsApp or Signal messages or received any appreciable amount of Telegram messages. Thus, WPE filed its joint letter asking the Court to compel Defendants to produce these messages and provide a sworn declaration explaining why any such communications can no longer be produced.  Dkt. 177 ("Joint Letter") at 1.  In Defendants' portion of that letter, they represented that Mr. "Mullenweg's responsive Signal, Telegram, and WhatsApp communications ***have been preserved*** and either have been (with respect to Telegram) or will be (with respect to Signal and WhatsApp) produced (to the extent they are non-privileged)."  *Id*. at 3 (emphasis added). That representation was false: instead, Mullenweg's responsive Signal, Telegram, and WhatsApp communications ***appear to have been deleted while Defendants were under an express preservation obligation***.  Indeed, on April 9, 2026, the day before this Updated Joint Discovery Letter was due, Defendants made a production that, according to them, "complete[d their] production from [Mr.] Mullenweg's custodial files."  This production contained zero WhatsApp and Telegram messages.  And it contained only one Signal message.

Make no mistake: responsive communications indisputably existed.  Defendants confirmed on April 3, 2025, that Mr. Mullenweg uses all three of these messaging platforms. Mr. Mullenweg publicly directed individuals to send him responsive communications through "Signal with disappearing messages."  And, Mr. Mullenweg has a documented history of deleting relevant documents.  The inescapable conclusion is that Mr. Mullenweg destroyed them. WPE thus renews its request that the Court order Defendants to provide a sworn declaration, as described below, explaining why Mullenweg's Signal, Telegram, and WhatsApp messages cannot be produced.

### A.    Mr. Mullenweg's Failure to Preserve and Produce Relevant Evidence

Mr. Mullenweg—CEO of Automattic, Director of the WordPress Foundation, and owner of wordpress.org—is the central figure in this dispute and the central custodian of relevant evidence. In September 2024, at the onset of what he characterized as his "nuclear war" against WPE, Mr. Mullenweg publicly directed individuals to contact him through "Signal with disappearing messages" while simultaneously launching his campaign to destroy WPE's business.  Now, he purports to have zero relevant WhatsApp messages, one Signal message, and only 40 Telegram messages.  That is not credible.  The record establishes the following:

**September 2024**: WPE sent Defendants a preservation demand, and WPE has reason to believe Defendants contemplated litigation against WPE several months before that date. Fuoco Decl. ¶¶ 2-3. Thus, Defendants' duty to preserve potentially relevant evidence, including electronic evidence stored on ephemeral messaging applications such as WhatsApp, Signal, and Telegram, was triggered. *See* Fed. R. Civ. P. 37(e); *HUB Bellevue Props., LLC*, 2020 WL 2512872, at *4 (W.D. Wash. May 15, 2020) (letter contemplating legal action and containing preservation demand triggered the duty to preserve evidence).

**November 2024**: WPE served document requests that explicitly defined "Communications" to include WhatsApp, Signal, Telegram, and other messaging platforms. Fuoco Decl. ¶ 4. These requests sought (and Mr. Mullenweg agreed to produce) broad-ranging communications, including those regarding Mr. Mullenweg's self-described "war" and "scorched earth nuclear approach to WPE," among other subjects. *Id.* Later, WPE learned Mr. Mullenweg intentionally deleted several relevant posts from the X.com accounts for WordCamp Sydney and wordpress.org, and also deleted plugin reviews from wordpress.org. *Id.* ¶ 5. WPE raised its spoliation concerns with Defendants, who dismissed them, claiming the material was either preserved or not relevant. *Id.*

**January 2025**: WPE again learned Mr. Mullenweg knowingly deleted relevant evidence, including certain X.com posts and an entire Post Status Slack channel, both of which contained material relevant to the litigation. *Id.* ¶ 6. WPE again raised its spoliation concerns to counsel. *Id.*

**February 2025**: Defendants' Counsel acknowledged that Mr. Mullenweg deleted the foregoing materials during the pendency of this litigation, but claimed the evidence was preserved elsewhere, including with screenshots. *Id.* ¶ 7. After Mr. Mullenweg made a public post directing individuals to contact him via "Signal with disappearing messages" (https://x.com/photomatt/status/1837291862136365107) and to avoid using work devices to do so, WPE raised additional concerns that Mr. Mullenweg's intentional use of ephemeral messaging was likely resulting in spoliation. *Id.* WPE also inquired if Mr. Mullenweg's direct messages on X.com were being preserved. *Id.*

**April 3, 2025:** Counsel acknowledged in writing that Mr. Mullenweg uses WhatsApp, Telegram, and Signal and represented that they had "taken all reasonable steps to preserve relevant documents in this case, including with respect to Signal, Telegram, and WhatsApp." *Id.* ¶ 8.

**October 6, 2025:** Having not received a single Signal or WhatsApp combinations, WPE filed its Joint Letter asking the Court to compel Defendants to produce these communications by a date certain and provide a sworn declaration explaining why certain communications can no longer be produced. *Id.* ¶¶ 9-10; Dkt. 177 at 1. In Defendants' portion of the letter, they certified that Mr. "Mullenweg's responsive Signal, Telegram, and WhatsApp communications … either have been (with respect to Telegram) or will be (with respect to Signal and WhatsApp) produced (to the extent they are non-privileged)." Dkt. 177 at 3.

**January 2026**: Having still not received the communications Defendants promised, on January 6, 2026, WPE sent Defendants a letter asking them to (i) provide bates numbers for any of Mr. Mullenweg's Telegram, WhatsApp, and Signal messages they claim to have produced; (ii) explain why certain communications can no longer be produced; and (iii) meet and confer regarding the same. Fuoco Decl. ¶ 11. On a January 20 call, Defendants promised to produce, within 7 to 10 days, (i) Mr. Mullenweg's WhatsApp and Signal messages and (ii) a metadata overlay identifying the platforms that already-produced messaging files were collected from (which would allow WPE to see what was produced from Telegram, SMS, etc.). *Id.* ¶ 12. Defendants also promised to produce additional, newly collected Telegram messages from April through August 2025 and other

unproduced SMS messages.  *Id.*

**February 2026:** Having still not received any of the items Defendants promised, WPE continued to follow up with Defendants on February 3, 11, and 13, asking each time that Defendants produce the items they had promised. *Id.* ¶ 13. Defendants ignored these requests. *Id.*

**April 9, 2026:** On the eve of the current filing, Defendants made a production that, according to them, "complete[d their] production from [Mr.] Mullenweg's custodial files."  This production contained one Signal message and no WhatsApp or Telegram messages (directly contradicting Defendants' January 20 representation that they would produce these).  *Id.* ¶ 14.

### B. Defendants Must Provide a Sworn Declaration Explaining Why Mullenweg's WhatsApp, Signal, and Telegram Communications Cannot Be Produced

The record compels the conclusion that spoliation has occurred.  Mr. Mullenweg has an admitted history of destroying evidence during this litigation.  He has a stated preference for communicating through technology with "disappearing messages."  And he has failed to produce any WhatsApp messages, or any appreciable amount of Signal or Telegram messages, despite repeated promises to do so.  Thus, Defendants should be ordered to provide a sworn declaration from Mr. Mullenweg, within 10 days of the Court's order, detailing: (a) the dates and extent of his usage of WhatsApp, Signal and Telegram for communications relevant to this litigation, (b) what steps he took to preserve communications from each platform and when, (c) whether any auto-delete or disappearing messages features were enabled during the relevant preservation period, (d) the date ranges of any preserved communications from each platform, and (e) the date ranges for any deleted communications from each platform.  WPE also requests that Defendants be instructed to confirm the preservation status of Mr. Mullenweg's X.com direct messages, as well as any screenshots from Post Status Slack that counsel claims to have captured, and complete his production of those materials within five days of the Court's order.  WPE reserves the right to seek all appropriate relief, including all available sanctions and remedies under Rule 37(e).

## I. DEFENDANTS' STATEMENT

WP Engine's motion is a manufactured controversy, not a genuine discovery dispute. It is a litigation tactic — filed at the eleventh hour — designed to create the appearance of a discovery problem that does not exist, in a case that has now collapsed on the merits.

The record is clear. Defendants have conducted a diligent search of all sources in Mr. Mullenweg's possession, custody, and control that Mr. Mullenweg used for work—as well as Signal and WhatsApp, which he does not use for work—and produced all responsive, non-privileged materials, including hundreds of personal emails and dozens of text messages produced on April 9. The full production includes thousands of communications from the sources that Mr. Mullenweg regularly uses for work, as well as scores of emails from his personal account, dozens of Telegram messages, one Signal message, screenshots of Post Status Slack, Twitter/X direct messages, and dozens of iMessages. Based on a reasonable search, no relevant or responsive WhatsApp messages were identified.

WP Engine's motion is not about spoliation. Defendants confirmed to WP Engine on February 24, 2025 that Mr. Mullenweg never activated the ephemeral messaging function on WhatsApp, Signal, or Telegram — the very feature that would have enabled automatic message deletion.

Defendants further confirmed in January that Mr. Mullenweg's WhatsApp messages date back to 2015, his Signal messages to 2017, and his Telegram messages to 2021. WP Engine also has never identified a single person who purportedly accepted Mr. Mullenweg's public invitation (prior to this lawsuit being filed) to contact him via Signal. WP Engine omits these and other facts from its purported recitation of "the record" that does not accurately reflect the parties' communications. That omission is not an oversight — it is a distortion.

What WP Engine actually seeks is a declaration and compelled production of documents that have already been produced. That motion is moot on its face.

WP Engine will have ample opportunity to examine Mr. Mullenweg about his use of Signal, WhatsApp, and Telegram at his deposition, now approximately one month away. Its rank speculation that there must be additional responsive messages Mullenweg sent and received on those platforms is baseless conjecture, leveled without any evidence in an attempt to damage Mr. Mullenweg's reputation.

The timing of this motion is not coincidental. WP Engine continues to pursue this manufactured discovery issue because its case on the merits has collapsed. It is now apparent that WP Engine lost no single customer as a result of any tortious conduct by any Defendant, and that it has no damages whatsoever. To the contrary, the evidence strongly establishes that whatever business setbacks WP Engine suffered were the product of its own internal mismanagement and external market forces entirely unrelated to Defendants. Indeed, the evidence shows that WP Engine spent years trying to sell the company — and failed, because no one was willing to pay the inflated price WP Engine demanded. Having failed to achieve in the M&A markets what it wanted, WP Engine turned to litigation to extract from Automattic what it could not obtain through fair competition in the marketplace. This motion is yet another chapter in that effort. It should be denied.

Dated:  April 10, 2026

QUINN, EMANUEL URQUHART & SULLIVAN, LLP

By:  /s/ _____

Rachel Herrick Kassabian
Yury Kapgan
Margret M. Caruso
Brian Mack
Gregory A. Fuoco
*Attorneys for Plaintiff WPEngine, Inc.*

GIBSON DUNN & CRUTCHER, LLP

By:  */s/ Michael H. Dore*
Josh A. Krevitt
Orin Snyder
Michael H. Dore
Joseph R. Rose
Ilissa S. Samplin

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*

## E-FILING ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I hereby attest that counsel for Plaintiff and Defendants have concurred in the filing of this document.

/s/ _____

Gregory A. Fuoco