QUINN EMANUEL URQUHART & SULLIVAN, LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for WPEngine, Inc*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation <br><br> Defendants. | CASE NO. 3:24-cv-06917-AMO-ASK <br><br> **DECLARATION OF GREGORY A. FUOCO IN SUPPORT OF WPENGINE, INC.'S PORTION OF UPDATED JOINT DISCOVERY LETTER** <br><br> Judge: Honorable Araceli Martínez-Olguín |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation, <br><br> Counterclaimants, <br><br> vs. <br><br> WPENGINE, INC., a Delaware corporation, <br><br> Counterdefendant. | |

DECLARATION OF GREGORY A. FUOCO IN SUPPORT OF WPENGINE, INC.'S PORTION OF UPDATED JOINT DISCOVERY LETTER

## <u>DECLARATION OF GREGORY A. FUOCO</u>

I, Gregory A. Fuoco, hereby declare and state as follows:

1. I am an attorney licensed to practice before this Court and admitted to the State Bar of California. I am an associate at Quinn Emanuel Urquhart & Sullivan, LLP and counsel for Plaintiff WPEngine, Inc. ("WPE") in this matter. I make this declaration of my own personal knowledge and, if called to testify, I could and would competently testify hereto under oath. I submit this declaration in support of WPE's portions of the parties' Updated Joint Discovery Letter.

2. On September 23, 2024, counsel for WPE sent Defendants Automattic Inc. ("Automattic") and Mr. Mullenweg a letter regarding, among other things, Defendants' threats to WPE and demands for tens of millions of dollars at the center of the current action. WPE's letter contained a broad preservation demand including, without limitation, that Defendants preserve all correspondence, ephemeral messaging, social media posts, direct messages, and other documents.

3. On the same day (September 23, 2024), counsel for WPE received a five-page letter from Defendants, including 30 pages of exhibits, alleging that WPE's use of the Challenged Terms constituted trademark infringement and was diluting their rights, tarnishing their reputation, and harming their goodwill. This, along with WPE's counsel's subsequent interactions with counsel for Defendants, indicates that Defendants contemplated litigation against WPE several months before that date.

4. On November 6, 2024, counsel for WPE served Defendants with Plaintiff's First Set of Requests for Production of Documents. These RFPs explicitly defined "Communications" to include documents from "WhatsApp, Telegram, Signal," and other messaging platforms and sought, *inter alia*, the following categories of documents:

**RFP 1:** "All Documents and Communications regarding Defendants' self-proclaimed nuclear war against WPE, Including the planning for, execution of, intentions regarding, reasons for, and anticipated consequences of that nuclear war."

**RFP 2:** "All Documents and Communications Relating to [Defendants'] stated plan to carry out a 'scorched earth nuclear approach to WPE' if WPE does not agree to pay Automattic for a trademark license, as referenced in Mullenweg's text message to WPE's board member

-2-                                          Case No. 3:24-cv-06917-AMO-ASK

dated September 20, 2024, *see* Dkt. 21 (Brunner Declaration) ¶ 31, Including when it was conceived of, who approved it, and all steps and stages of it."

**RFP 99:** "All sales pitches, solicitations, or other Documents used by YOU to solicit new customers since September 20, 2024 that reference WPE in any way."

5.    In November 2024, WPE learned Mr. Mullenweg had intentionally deleted several relevant posts from the X.com accounts for WordCamp Sydney and wordpress.org and also deleted plugin reviews from wordpress.org.  WPE raised these spoliation concerns to counsel for Defendants in a November 5, 2024 letter, and Defendants responded in a November 15, 2024 letter, claiming that the material was either preserved or not relevant.

6.    In January 2025, WPE again learned that Mr. Mullenweg had knowingly deleted relevant evidence, including certain posts on X.com and an entire Post Status Slack channel, both of which contained material relevant to the current litigation. Specifically, WPE learned that on December 11, 2024, Mr. Mullenweg requested that his account be deleted from the Post Status Slack channel, and his screen name was changed to "gone ☠." And, subsequently, WPE learned Mr. Mullenweg had deleted at least three more posts on X.com regarding subjects relevant to this litigation, including his liability.  Thus, WPE raised these concerns with Defendants in a January 8, 2025 letter and a January 10, 2025 letter.

7.    After a February 4 meet and confer, counsel for WPE sent Defendants a confirmatory letter on February 14, 2025.  The letter stated that, during the meet and confer, Defendants "confirmed that Mr. Mullenweg requested to have his Post Status Slack workspace account deleted during the pendency of this litigation," and counsel for WPE understood from the meet and confer that "Mr. Mullenweg did not take any steps to preserve any of his posts prior to making that request." The letter also inquired whether Mr. Mullenweg's direct messages on X.com were being preserved and raised WPE's additional concern that Mr. Mullenweg's intentional use of ephemeral messaging was likely resulting in spoliation, pointing to a September 20, 2024 X.com post from Mr. Mullenweg stating the following:

DECLARATION OF GREGORY A. FUOCO IN SUPPORT OF WPENGINE, INC.'S PORTION OF UPDATED JOINT DISCOVERY LETTER



WPE's February 14, 2025 letter also noted that it was Defendants' position on the meet-and-confer call that this evidence was preserved elsewhere, including with screenshots.

8.      On April 3, 2025, counsel for WPE received a letter from Defendants, in which they confirmed Mr. Mullenweg "uses WhatsApp, Telegram, and Signal." The letter also stated Defendants had "taken all reasonable steps to preserve relevant documents in this case, including with respect to Signal, Telegram, and WhatsApp."  Additionally, regarding Mr. Mullenweg's deactivated post status account, Defendants stated, "Mr. Mullenweg has requested that his Post Status Slack account be reactivated, and, in the meantime, we captured screenshots of all available posts."

9.      On September 24, 2025, the parties held a meet-and-confer call on which they addressed Defendants' failure to produce WhatsApp, Signal, and Telegram communications.  On this call, Defendants refused to state whether communications from Mr. Mullenweg's WhatsApp and Signal accounts had been collected. And, on a subsequent September 29 call, Defendants refused to state when these communications would be produced.

10.      As of October 6, 2025, Defendants had yet to produce any of Mullenweg's WhatsApp or Signal messages.  And, with regard to Telegram, Defendants had only been able to identify 16 messages with 10 senders from September to November 2024 produced from Mr. Mullenweg's Telegram application.  Accordingly, WPE was forced to seek court intervention and filed the parties' October 6, 2025 joint discovery letter (Dkt. 177) asking the Court to compel

DECLARATION OF GREGORY A. FUOCO IN SUPPORT OF WPENGINE, INC.'S PORTION OF UPDATED JOINT DISCOVERY LETTER

Defendants to produce Mr. Mullenweg's WhatsApp, Signal, and Telegram communications by a date certain and provide a sworn declaration explaining why certain communications can no longer be produced.

11.    On January 6, 2026, having still not received the communications Defendants promised they would produce in their portion of the October 6, 2025 joint discovery letter, counsel for WPE sent Defendants a letter stating, *inter alia*, the following:

> Although Defendants claim Mr. Mullenweg's communications on ephemeral messaging platforms were preserved, Defendants have not confirmed whether all of the relevant and responsive communications have been produced. And the metadata that Defendants have provided with their productions does not identify which messaging application was used to create any specific message. Despite the fact that the incomplete metadata has obscured WPE's visibility into the sufficiency of Defendants' production of these communications, it is obvious that there remain major, and highly concerning, deficiencies. For example, WPE has identified only 16 communications produced from Mr. Mullenweg's Telegram account, and none from Mr. Mullenweg's WhatsApp or Signal accounts. These deficiencies are deeply troubling given the central role Mr. Mullenweg played in the events at issue and his documented use of these platforms during the relevant period. To the extent additional communications have been produced from Telegram, or Defendants have actually produced from Mr. Mullenweg's WhatsApp and Signal accounts, please identify those communications by Bates number no later than January 9. Given our ongoing concerns regarding potential spoliation, we also renew our request that Defendants provide additional details on the steps taken to preserve these materials including (a) the dates and extent of Mr. Mullenweg's usage of WhatsApp, Signal and Telegram for communications relevant to this litigation, (b) what steps Mr. Mullenweg took to preserve communications from each platform and when, (c) whether any auto-delete or disappearing messages features were enabled during the relevant preservation period, (d) the date ranges of any preserved communications from each platform, and (e) the date ranges for any deleted communications from each platform. WPE reserves the right to bring these issues to the Court's attention and to seek appropriate relief, including spoliation sanctions, if Defendants cannot adequately explain and correct these deficiencies.

The letter also asked Defendants to meet and confer on these issues.

12.    The parties met and conferred on these issues via Zoom on January 20, 2026. At the meet and confer, Defendants confirmed that they had not yet produced Mr. Mullenweg's WhatsApp or Signal messages.  However, Defendants promised the following:

a.    Defendants stated they would produce, within 7 to 10 days, a metadata overlay identifying the platforms that already-produced RSMF files were collected from (which would allow WPE to see what was produced from Telegram, SMS, etc.);

b.    Defendants stated they would produce, within 7 to 10 days, Mr. Mullenweg's

-5-                                Case No. 3:24-cv-06917-AMO-ASK

WhatsApp and Signal messages; and

    c. Defendants stated they would produce a "clean up" production of additional, newly collected Telegram messages from April through August 2025 and other unproduced SMS messages. Defendants stated they would make this production soon and aim for early February.

Later that day, counsel for WPE sent an email to Defendants confirming these items. A true and correct excerpt of the email chain on which this confirmation was sent is attached hereto as **Exhibit A**. Ex. A at 5.

13. On February 3, 11, and 13, 2026, I emailed Defendants to follow up on this issue. Ex. A at 1-2. Defendants did not respond to these requests.

14. On April 9, 2026, the day before the parties' Updated Joint Discovery Letter was due, Defendants emailed WPE a production. Defendants' transmittal email (a true and correct copy of which is attached hereto as **Exhibit B**) stated, "[t]he production completes Defendants' and Counterclaimants' production from Matt Mullenweg's custodial files." The metadata included with Defendants' production shows it contained one Signal message exchange and no WhatsApp or Telegram messages. Based on this and other metadata produced by Defendants, this means that Defendants have produced, in total, zero of Mr. Mullenweg's WhatsApp messages, one of Mr. Mullenweg's Signal message exchanges, and 40 of Mr. Mullenweg's Telegram message exchanges.

Dated: April 10, 2026        /s/ _____

                        Gregory A. Fuoco

DECLARATION OF GREGORY A. FUOCO IN SUPPORT OF WPENGINE, INC.'S PORTION OF UPDATED JOINT DISCOVERY LETTER