# Exhibit A

**From:** Greg Fuoco <gregfuoco@quinnemanuel.com>
**Sent:** Friday, February 13, 2026 3:41 PM
**To:** Levin, Jessie <JLevin@gibsondunn.com>; Kaul, Priyah <PKaul@gibsondunn.com>; Dore, Michael H. <MDore@gibsondunn.com>; Snyder, Orin <OSnyder@gibsondunn.com>; *** Automattic WPEngine Litigation <AutomatticWPEngineLitigation@gibsondunn.com>
**Cc:** QE-WPE <qe-wpe@quinnemanuel.com>; Yury Kapgan <yurykapgan@quinnemanuel.com>; Sara Jenkins <sarajenkins@quinnemanuel.com>; Kaitlin Keohane <kaitlinkeohane@quinnemanuel.com>
**Subject:** RE: WPEngine v. Automattic - Discovery

Counsel,

We are now following up for the fourth time on the below items, and we have yet to hear from you on any of them.  Please respond by close of business Monday or confirm that Defendants are refusing to do so.

Best,

**Greg Fuoco**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3147 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
gregfuoco@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Greg Fuoco
**Sent:** Wednesday, February 11, 2026 9:42 AM
**To:** Levin, Jessie <JLevin@gibsondunn.com>; Kaul, Priyah <PKaul@gibsondunn.com>; Dore, Michael H. <MDore@gibsondunn.com>; Snyder, Orin <OSnyder@gibsondunn.com>; *** Automattic WPEngine Litigation <AutomatticWPEngineLitigation@gibsondunn.com>
**Cc:** QE-WPE <qe-wpe@quinnemanuel.com>; Yury Kapgan <yurykapgan@quinnemanuel.com>; Sara Jenkins <sarajenkins@quinnemanuel.com>; Kaitlin Keohane <kaitlinkeohane@quinnemanuel.com>
**Subject:** RE: WPEngine v. Automattic - Discovery

Counsel,

We write again to follow up on the below items as Defendants have yet to provide a response as to any of them:

I.   **Defendants' Failure To Respond to Questions About wordpress.org Analytics Data as Discussed in Section VII(1) of WPE's January 6 Letter and Section II(B) of WPE's December 19 Letter**
Please provide answers to our questions regarding wordpress.org analytics data, as discussed in our prior correspondence, by close of business tomorrow or confirm that Defendants are refusing to do so.

II.   **Mullenweg's Telegram, WhatsApp, and Signal messages**
Although Defendants stated they would produce the metadata overlay and messaging communications referenced below by January 30, Defendants have failed to do so, despite our requests.  Again, these are documents that Defendants represented to the court *in October of last year* they would produce.  Dkt. 177 at 3.  Please produce them no later than close of business tomorrow or confirm that Defendants are refusing to do so.

III.   **Audrey Capital and Audrey HC Productions**
Although we asked the Audrey Entities to respond to our questions regarding their purported production of documents no later than Friday, we have yet to receive a response.  Please provide responses no later than close of business tomorrow or confirm the Audrey Entities are refusing to do so.

IV.   **WPE's Request that Defendants Produce Documents in Response to WPE's RFPs 147, 148, 200, 201, 209, and 210, as Narrowed in the Parties' 11/24/2025 Discovery Summit**
These are documents Defendants agreed to produce months ago, yet we have not received them.  No later than close of business tomorrow, please provide a date certain by which Defendants will produce these documents or confirm that Defendants are refusing to do so.

V.   **WordPress Hosting Surveys and Responses Responsive to WPE's RFP 228**
No later than close of business tomorrow, please provide a date certain by which Defendants will produce these documents or confirm that Defendants are refusing to do so.

VI.   **Additional Communications Regarding Salesforce's Donations to Wordpress.org**
No later than close of business tomorrow, please provide a date certain by which Defendants will produce these documents or confirm that Defendants are refusing to do so.

VII.   **Documents and Communications Regarding (1) Any Calculations Supporting Automattic's Five For the Future Numbers and (2) Any Calculations Regarding What Value Automattic Received in Return.**

1

Per our request below, please inform us whether Defendants have found any responsive, unproduced documents and provide a date certain by which Defendants will produce them.

**VIII.** **WPE's Request that Defendants Respond to WPE's Questions about Defendants' Document Retention and Document Collection**

The following questions have been pending since November, and despite our multiple requests, Defendants still have not provided responses:

    a. "Identify the dates [Defendants'] custodians were added to Google Vault"; and

    b. "Identify [Defendants'] data retention policy generally, and specifically for email, Google Drive, and Slack."

Please provide Defendants' responses no later than close of business tomorrow or confirm that Defendants are refusing to respond.

WPE reserves all rights.

Best,

**Greg Fuoco**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3147 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
gregfuoco@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Greg Fuoco <gregfuoco@quinnemanuel.com>
**Sent:** Tuesday, February 3, 2026 3:50 PM
**To:** Levin, Jessie <JLevin@gibsondunn.com>; Kaul, Priyah <PKaul@gibsondunn.com>; Dore, Michael H. <MDore@gibsondunn.com>; Snyder, Orin <OSnyder@gibsondunn.com>; *** Automattic WPEngine Litigation <AutomatticWPEngineLitigation@gibsondunn.com>
**Cc:** QE-WPE <qe-wpe@quinnemanuel.com>; Yury Kapgan <yurykapgan@quinnemanuel.com>; Sara Jenkins <sarajenkins@quinnemanuel.com>; Kaitlin Keohane <kaitlinkeohane@quinnemanuel.com>
**Subject:** RE: WPEngine v. Automattic - Discovery

Counsel,

We write to follow up on the below items:

**I.** **Defendants' Failure To Respond to Questions About wordpress.org Analytics Data as Discussed in Section VII(1) of WPE's January 6 Letter and Section II(B) of WPE's December 19 Letter**

In our January 22 meet-and-confer session, WPE asked Defendants to respond to our questions about Defendants' lack of wordpress.org analytics data discussed in Section VII(1) of WPE's January 6 letter and Section II(B) of WPE's December 19 letter. Defendants stated they would get back to us. It has been nearly two weeks, and we have yet to hear from you, and Defendants' failure to provide answers is prejudicing WPE's ability to assess the sufficiency of Defendants' production. Please provide answers to our questions no later than close of business this Friday, February 6.

**II.** **Mullenweg's Telegram, WhatsApp, and Signal messages**

On our January 20, 2026, meet and confer call, Defendants confirmed that they would do the following:

    a. Produce, within 7 to 10 days, a metadata overlay identifying the platforms that already-produced RSMF files were collected from (which would allow WPE to see what was produced from Telegram, SMS, etc.);

    b. Produce, within 7 to 10 days, Mr. Mullenweg's WhatsApp and Signal messages (which Defendants confirmed they have yet to produce); and

    c. Produce a "clean up" production of additional, newly collected Telegram messages from April through August 2025 and other unproduced SMS messages.

It has now been 14 days since our call, and Defendants have yet to produce any of these items. Given Mr. Mullenweg's central role in this case, the quickly approaching March 12 fact discovery deadline, and the fact that these documents are responsive to RFPs WPE served more than a year ago, Defendants' failure to produce these documents is inexcusable. Please produce them immediately.

**III.** **Audrey Capital and Audrey HC Productions**

In our January 23 email, we requested that the Audrey Entities immediately (1) identify all produced Audrey custodial documents by bates number; (2) explain why Samuel "Otto" Wood is absent from Defendants' custodian list; and (3) explain why none of Defendants' other disclosed custodians has been listed as an Audrey employee. However, we have yet to hear from you. Please answer our questions no later than Friday, February 6th or confirm that Defendants are refusing to do so.

**IV.** **WPE's Request that Defendants Produce Documents in Response to WPE's RFPs 147, 148, 200, 201, 209, and 210, as Narrowed in the Parties' 11/24/2025 Discovery Summit**

Although WPE requested more than a week ago that Defendants confirm they will produce Documents in Response to WPE's RFPs 147, 148, 200, 201, 209, and 210 by February 4, we have neither heard from you nor received these documents. Again, these are documents Defendants agreed to produce months ago, and our fact discovery deadline is quickly approaching. We expect Defendants to produce these documents by February 4.

**V.** **WordPress Hosting Surveys and Responses Responsive to WPE's RFP 228**

At our January 22 meet-and-confer session, Defendants stated they have been searching for these surveys and responses and will be producing them. Although we requested Defendants confirm they will produce these documents by February 4, we

2

have neither heard from you nor received these documents.  We expect Defendants to produce these documents by February 4.

**VI.**     **Additional Communications Regarding Salesforce's Donations to Wordpress.org**

At our January 22 meet-and-confer session, Defendants stated they had found additional communications regarding Salesforce's donations to wordpress.org and will be producing them. Although we requested Defendants confirm they will produce these documents by February 4, we have neither heard from you nor received these documents.  We expect Defendants to produce these documents by February 4.

**VII.**     **Documents and Communications Regarding (1) Any Calculations Supporting Automattic's Five For the Future Numbers and (2) Any Calculations Regarding What Value Automattic Received in Return.**

At our January 22 meet-and-confer session, Defendants stated they are still searching for these documents regarding (1) any calculations supporting Automattic's Five For the Future numbers and (2) any calculations regarding what value Automattic received in return.  To the extent Defendants have found any responsive documents, please confirm Defendants will produce them no later than close of business this Friday, February 6th.

**VIII.**     **WPE's Request that Defendants Respond to WPE's Questions about Defendants' Document Retention and Document Collection**

Although Defendants' January 26 Letter responded to some of WPE's questions regarding Defendants' document retention and collection, Defendants still have not responded to WPE's requests that Defendants:

a. "Identify the dates [their] custodians were added to Google Vault"; and

b. "Identify [their] data retention policy generally, and specifically for email, Google Drive, and Slack."

As these are questions that have been pending since November, please respond no later than then close of business this Friday, February 6th.

WPE reserves all rights, including its rights to re-depose relevant witnesses once these documents are produced.

Best,

**Greg Fuoco**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3147 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
gregfuoco@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Greg Fuoco
**Sent:** Friday, January 23, 2026 10:33 PM
**To:** Levin, Jessie <JLevin@gibsondunn.com>; Kaul, Priyah <PKaul@gibsondunn.com>; Dore, Michael H. <MDore@gibsondunn.com>; Snyder, Orin <OSnyder@gibsondunn.com>; *** Automattic WPEngine Litigation <AutomatticWPEngineLitigation@gibsondunn.com>
**Cc:** QE-WPE <qe-wpe@quinnemanuel.com>; Yury Kapgan <yurykapgan@quinnemanuel.com>; Sara Jenkins <sarajenkins@quinnemanuel.com>; Kaitlin Keohane <kaitlinkeohane@quinnemanuel.com>
**Subject:** RE: WPEngine v. Automattic - Discovery

Counsel,

We write regarding certain items discussed on our recent meet-and-confer sessions:

**I.**     **Date Ranges for Which Defendants Collected Documents from Each Source for Each Custodian**

At our Tuesday (1/20) meet-and-confer session, Defendants stated they will provide WPE with the date ranges Defendants collected documents, from each source for each custodian.  We are in receipt of your email this evening purporting to contain this information, and we are reviewing it.

**II.**     **WPE's Request that Defendants Produce Documents in Response to WPE's RFPs 147, 148, 200, 201, 209, and 210, as Narrowed in the Parties' 11/24/2025 Discovery Summit**

At our Wednesday (1/21) meet-and-confer session, Defendants confirmed that they will be producing documents in response to WPE's RFPs 147, 148, 200, 201, 209, and 210, as narrowed in the parties' 11/24/2025 discovery summit.  Defendants stated some, if not all, of these documents will be provided in their next production.

However, although WPE requested that Defendants give a firm date by which these documents would be produced, Defendants did not do so.  Given the quickly approaching fact discovery deadline, Defendants' refusal to provide a production date is untenable – particularly in light of Defendants' repeated demands that WPE commit to production timelines while declining to provide one themselves.  Please confirm no later than close of business Monday that Defendants will produce these documents by February 4.

**III.**     **WPE's Request that Defendants Provide Supplemental Privilege Logs that Include Entries for All Redacted Documents, Including Their Bates Number and the Bases for the Privilege Claims, as Promised in Defendants' January 9 Email**

At our Wednesday (1/21) meet-and-confer session, Defendants confirmed they will provide supplemental privilege logs that include entries for all redacted documents, including their Bates numbers and the bases for the privilege claims.  We are in receipt of your email this evening purporting to contain this information, and we are reviewing it.

**IV.**     **Defendants' Designations under the Protective Order**

As we have previously communicated, WPE's position is that Defendants' designation of more than 80% of their production as "Highly Confidential - Attorneys' Eyes Only," and over 93% of their production as "Highly Confidential - Attorneys' Eyes Only" or "Confidential" is improper and a violation of the protective order's admonitions. Dkt. 104 §5.1 ("Each Party or Non-Party that designates information

or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standard.... Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose ... expose the Designating Party to sanctions."). At our parties' Thursday (1/22) meet-and-confer session, WPE requested that Defendants revise their designations under the protective order. Defendants, however, refused to revise their designations for any documents unless WPE challenges each such document under the procedure set forth in Section 6 of the Protective Order. Defendants' demand is improper. It is Defendants' burden to individually mark each document with the appropriate designation, rather than batch-designating large swaths of documents (as Defendants apparently have done) and attempting to foist the de-designation burden on WPE. WPE reserves all rights.

V.      **WPE's Request that Defendants Provide Bates Numbers for the Following Categories of Documents, If Defendants Contend They Have Been Produced:**

At our Thursday (1/22) meet-and-confer session, the parties discussed WPE's request that Defendants provide Bates numbers for the following categories of documents, if Defendants contend they have been produced.

a. **WordPress hosting surveys and responses responsive to WPE's RFP 228.** Defendants stated they have been searching for these surveys and responses and will be producing them. However, Defendants refused to give a give a date certain by which they would provide these documents or even an estimate of the same.

b. **Automattic's official document retention and destruction policies, procedures, and practices responsive to WPE's RFP 143.** Defendants stated that they have searched for these documents and concluded none exists. Thank you for this clarification.

c. **Agreements memorializing Salesforce's donations to Wordpress.org and surrounding communications responsive to WPE's RFP 117.** Defendants stated they have searched and have not found an agreement memorializing Salesforce's donation of the Slack license to Wordpress.org. However, Defendants stated they had found additional communications regarding Salesforce's donations and will be producing them. Defendants refused to give a date certain by which they would provide these documents or even an estimate.

d. **Automattic's organizational charts covering 2005 to present responsive to WPE's RFPs 34 and 160.** Defendants said that they have searched and concluded there are no such organizational charts at Automattic, nor any analogue of such charts. Thank you for this clarification.

e. **Documents and communications regarding (1) any calculations supporting Automattic's Five For the Future numbers and (2) any calculations regarding what value Automattic received in return.** Defendants stated that, while they are still searching for these documents, they have not identified any documents re item (2) ("any calculations regarding what value Automattic received in return"). Defendants also said that they have not found many documents for (1), and they understand that Defendants calculate their Five for the Future numbers simply by taking the number of people they employ who are dedicated to supporting WP Core and multiplying by 40 hours per week. So that this fact may be properly memorialized, we will serve a set of Requests for Admission capturing this confirmation.

Given the advanced stage of this case and the fact that the March 12 fact discovery deadline is less than 7 weeks away, Defendants' failure to complete their productions for items (a), (c), and (e) above is inexcusable. This is particularly so given Defendants' numerous representations that they substantially completed their production as of December 10—more than a month ago. Please confirm no later than close of business Monday that Defendants will produce these documents by February 4, and WPE reserves it rights to re-depose relevant witnesses once these documents are produced.

VI.     **WPE's Request that Audrey Capital and Audrey HC Provide a Date Certain by Which They Will Complete Their Productions**

At our Thursday (1/22) meet-and-confer session, Audrey Capital and Audrey HC (the "Audrey Entities") stated that all of their documents (except for one) were in Mullenweg's possession, custody, and control, and thus they were reviewed and produced as part of the RFPs that WPE served on Mullenweg. A review of Defendants' document collection information, however, casts significant doubt on this assertion. For instance, not one of Defendants' custodians from which they collected documents (as disclosed both today and in September 2025) is listed as being employed by any Audrey Entity, and one Audrey employee at the center of this dispute—Samuel "Otto" Wood—is conspicuously missing from Defendants' list of custodians. In any event, we are entitled to know which specific documents have been produced by Audrey, so we can test the sufficiency of that production in response to WPE's subpoena. Please immediately (1) identify all such Audrey custodial documents by bates number; (2) explain why Samuel "Otto" Wood is absent from Defendants' custodian list; and (3) explain why none of Defendants' other disclosed custodians has been listed as an Audrey employee.

Separately, the Audrey Entities stated that the purportedly one remaining document will be produced with Defendants' next production. Please confirm no later than close of business Monday that the Audrey Entities will produce this document by February 4.

VII.    **WPE's Request that Defendants Respond to WPE's Questions about Defendants' Document Retention and Document Collection**

At our Thursday (1/22) meet-and-confer session, the parties discussed WPE's 11/24, 12/19, and 1/6 requests that Defendants respond to WPE's reciprocal questions about Defendants' document retention and document collection. As you recall, WPE requested that Defendants:

a. "Identify the dates [their] custodians were added to Google Vault";

b. Confirm whether they "complete[d] a full collection of all [their] custodians' emails, Google Drive, and Slack in August 2025";

c. "Confirm [their] collection from Slack included all public channels, private channels, and direct messages for [their] Slack instance[s]"; and

d. "Identify [their] data retention policy generally, and specifically for email, Google Drive, and Slack."

Defendants stated they are gathering information for a response, and they are aiming to provide their response next week. Further, Defendants will let us know if for some reason they are unable to do so. We look forward to your response.

4

WPE reserves all rights, and please let us know what dates and times on Monday Defendants are available to continue our meet and confer.

Best,

**Greg Fuoco**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3147 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
gregfuoco@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Yury Kapgan <yurykapgan@quinnemanuel.com>
**Sent:** Tuesday, January 20, 2026 11:28 PM
**To:** Levin, Jessie <JLevin@gibsondunn.com>; Greg Fuoco <gregfuoco@quinnemanuel.com>; Kaul, Priyah <PKaul@gibsondunn.com>; Sara Jenkins <sarajenkins@quinnemanuel.com>; Kaitlin Keohane <kaitlinkeohane@quinnemanuel.com>; Dore, Michael H. <MDore@gibsondunn.com>; Snyder, Orin <OSnyder@gibsondunn.com>; *** Automattic WPEngine Litigation <AutomatticWPEngineLitigation@gibsondunn.com>
**Cc:** QE-WPE <qe-wpe@quinnemanuel.com>
**Subject:** RE: WPEngine v. Automattic - Discovery

Counsel,

This is to confirm that on today's meet-and-confer call:

1.  Defendants stated they will produce, within 7 to 10 days, a metadata overlay identifying the platforms that already-produced RSMF files were collected from (which would allow WPE to see what was produced from Telegram, SMS, etc.);
2.  Defendants stated they will produce, within 7 to 10 days, Mr. Mullenweg's WhatsApp and Signal messages (which they confirmed they have yet to produce); and
3.  Defendants stated they will produce a "clean up" production of additional, newly collected Telegram messages from April through August 2025 and other unproduced SMS messages.  Defendants stated they will make this production soon and aim for early February.

Please let us know immediately if any of the above is incorrect.

Yury

**From:** Levin, Jessie <JLevin@gibsondunn.com>
**Sent:** Tuesday, January 20, 2026 1:54 PM
**To:** Greg Fuoco <gregfuoco@quinnemanuel.com>; Kaul, Priyah <PKaul@gibsondunn.com>; Sara Jenkins <sarajenkins@quinnemanuel.com>; Kaitlin Keohane <kaitlinkeohane@quinnemanuel.com>; Dore, Michael H. <MDore@gibsondunn.com>; Snyder, Orin <OSnyder@gibsondunn.com>; *** Automattic WPEngine Litigation <AutomatticWPEngineLitigation@gibsondunn.com>
**Cc:** QE-WPE <qe-wpe@quinnemanuel.com>
**Subject:** RE: WPEngine v. Automattic - Discovery

[EXTERNAL EMAIL from jlevin@gibsondunn.com]

 **This message needs your attention**

• Some Recipients have never replied to this person.

Counsel,

We are available tomorrow at 5:30PT to cover the Silver Lake issues.  I will send an invite shortly.

Best,

**Jessie Levin**
Associate Attorney

T: +1 415.393.8282 | M: +1 415.416.2601
JLevin@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715