<u>**VIA ECF**</u>

Dear Judge Krishnan:

Pursuant to section 5 of this Court's Civil Standing Order, Defendant Automattic, Inc., moves to compel non-parties Lee Wittlinger and David Zhang (the "Individuals"), the Managing Director and Director, respectively, of equity giant Silver Lake ("SL"), to produce documents responsive to the subpoenas served October 10, 2025. The meet-and-confer process is exhausted, and Defendants move unilaterally because the Individuals' counsel refused to participate reasonably in the joint letter process. *See* Declaration of Daniel M. Bruggebrew ("DMB Decl.") ¶¶ 5–9.

<u>**Silver Lake Controls WPE**</u>. In January 2018, SL bought a majority interest in Plaintiff WP Engine ("WPE") for $250 million and installed three of its executives, including Wittlinger and Zhang, on WPE's five-person Board, becoming the controlling force behind WPE's strategy, finances, and M&A activity. Using a liquidity event timeline it developed that would allow SL to cash out at a profit, SL pursued a sale for years and failed, not because of anything Defendants did, but because WPE's product and prospects did not support the inflated price SL wanted. With no commercial exit, SL and WPE initiated this litigation to try to recover through a jury verdict what they could not extract from a sale. The "lost enterprise value" WPE seeks results not from Defendants' conduct but from WPE's shortcomings and SL's failed exit strategy.

The Individuals sit at the center of that story. They controlled WPE and made the decisions that drove the company's value. WPE identified Wittlinger in its initial disclosures as a person likely to have discoverable information, and its Complaint placed his personal communications squarely at issue. *See, e.g.*, Dkt. #233 ¶ 93. Discovery shows that Zhang has worked at a granular level with WPE on finance and M&A matters. WPE00119326 at -343; WPE00206037.[1] It is obstruction to claim that Defendants impaired the value of WPE while simultaneously blocking discovery of the two men who—as representatives of the controlling investor that stands to gain the most from this litigation—directed the company's strategy and finances.

<u>**The Individuals' Objections Have No Merit**</u>. The Individuals, represented by the same counsel representing WPE and SL, have never argued that the requested documents are irrelevant. Instead, they claim that Automattic has received or will receive these materials through WPE's and SL's productions. As to WPE, the Individuals are not WPE custodians, and their personal files and devices are not captured by WPE's production. That's to be expected. A private equity firm, like SL, with a controlling interest in a portfolio company, does not share all of its internal deliberations with that company. That firm is the controlling shareholder and an independent investment manager with its own fiduciary obligations, internal analyses, and communications that never reach the portfolio company's files. The same is true for the documents of SL's personnel like the Individuals. The documents sought here don't duplicate what WPE has produced or will.

And as for SL, its custodial productions for the Individuals have been deficient. Despite the Individuals being at the center of this case, SL has produced only a smattering of the their text

---

[1] The documents referenced herein have been designated by WPE as "Attorney Eyes' Only" or "Confidential." If the Court requests copies, Automattic will file them under seal.

messages—remarkably, none between Wittlinger and Heather Brunner, WPE's CEO and Chair, despite WPE emails expressly referring to such communications. *See* WPE00373889. SL has produced only 270 documents, comprising mainly non-substantive news alerts, calendar invites, and—marked "Confidential"—a photograph of a restaurant menu. Not one substantive document predates August 2024.

Over months of meet-and-confers, Automattic has substantially narrowed its requests—cutting 27 requests to 6, limiting the time period, and proposing (and then further narrowing) specific search terms. We informed Individuals' counsel that they need not search for or produce documents already produced by WPE or SL. The Individuals refused to use Defendants' proposed search terms, to provide hit counts or information to support a claim of undue burden, to propose alternatives, and to disclose what terms were used to generate SL's minimal productions. *But see FormFactor, Inc. v. Micro-Probe, Inc.*, 2012 WL 1575093, at *7 n.4 (N.D. Cal. May 3, 2012) (search terms not work product). They have not explained why discovery would subject the Individuals to undue burden (*see* 10/9/25 Order at 1 (Dkt. #184 (non-movant must detail burden claim)); *Unisource Worldwide, Inc. v. Swope*, 2013 WL 12116382, at *2 (C.D. Cal. May 14, 2013)), and they could not support a burden argument in any event. The Individuals are intimately connected to the events at issue; their nominal third-party status does not entitle them to obstruct discovery. *See Apple, Inc. v. Samsung Electronics Co. Ltd.*, 2013 WL 1942163, at *3 (N.D. Cal. May 9, 2013).

**Relief Requested**. The Court should compel the Individuals to search their personal devices and accounts for, and produce, documents responsive to RFP Nos. 1, 4, 6, 9, 14 and 22, using the Defendants' proposed search terms. DMB Decl. ¶ 10. Because the Individuals are noticed for deposition beginning May 5, 2026, and fact discovery closes May 14, 2026, Automattic respectfully requests expedited relief requiring compliance within 48 hours of the Court's ruling. *See Apple*, 2013 WL 1942163, at *3.

DATED: April 14, 2026                      COBLENTZ PATCH DUFFY & BASS LLP

                                           Daniel M. Bruggebrew
                                           *Attorneys for Defendants*
                                           Automattic Inc. and Matthew Mullenweg