TIMOTHY P. CRUDO, SBN 143835
ef-tpc@cpdb.com
DANIEL M. BRUGGEBREW, SBN 307037
ef-dmb@cpdb.com
RACHEL ROSE SUHR, SBN 323531
ef-rrs@cpdb.com
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663

Attorneys for Defendants
Automattic Inc. and Matthew Charles Mullenweg

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,, <br><br> Plaintiff, <br><br> v. <br><br> AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,, <br><br> Defendant. | Case No. 3:24-cv-06917-AMO <br><br> **DECLARATION OF DANIEL M. BRUGGEBREW IN SUPPORT OF DISCOVERY LETTER BRIEF REGARDING SILVER LAKE TECHNOLOGY MANAGEMENT, L.L.C.'S COMPLIANCE WITH NOVEMBER 2024 SUBPOENA** <br><br> Trial Date:    None Set |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,, <br><br> Counterclaimants, <br><br> v. <br><br> WPENGINE, INC., a Delaware corporation,, <br><br> Counterdefendant. | |

**BRUGGEBREW DECLARATION IN SUPPORT OF DISCOVERY LETTER BRIEF REGARDING SILVER LAKE TECHNOLOGY MANAGEMENT, L.L.C.'S COMPLIANCE WITH NOVEMBER 2024 SUBPOENA**

One Montgomery Street, Suite 3000, San Francisco, California 94104-5500 · Fax 415.989.1663
415.391.4800 ·

Coblentz Patch Duffy & Bass LLP

## <u>DECLARATION OF DANIEL M. BRUGGEBREW</u>

I, Daniel M. Bruggebrew, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner of Coblentz Patch Duffy & Bass LLP, attorneys of record for Defendants Automattic Inc. and Matthew Mullenweg. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. I submit this declaration in support of Automattic's discovery letter brief requesting an order compelling Lee Wittlinger and David Zhang (the "Individuals")—executives of Silver Lake Technology Management, L.L.C. ("SL") who sit on the Board of Directors for Plaintiff and Cross-Defendant WP Engine ("WPE")—to comply with document subpoenas dated October 10, 2025.

3. Fact discovery closes on May 14, and Individuals still have not produced documents needed to prepare for their depositions on May 5 (Wittlinger) and 8 (Zhang), 2026.

4. Attached as **Exhibit 1** are excerpts of the document requests at issue, as well as Individuals' responses and objections to those requests, which were served November 10, 2025.

5. After meeting and conferring for more than two months,[1] Automattic and the Individuals reached an impasse on March 27, 2026. Attached as **Exhibit 2** are relevant email excerpts confirming both that impasse and the refusal of the Individuals' counsel to participate in a joint briefing process on a reasonable and mutually agreeable timeline.[2]

---

[1] Letters or emails concerning the issues raised in the letter brief were exchanged on January 20, 26, and 27, February 12, and March 16, 18, 23, 25, 26, and 27, 2026. Meet-and-confer discussions by phone or video occurred on or around January 22, 2026, and March 24, 2026.

[2] Automattic would have preferred, for the sake of completeness, to provide the Court with the entirety of the meet-and-confer record. But the Court's Standing Order limits to 15 pages the materials that can be filed in support of discovery letter briefs, so Automattic is providing relevant excerpts of that record. Automattic is prepared to provide the complete written record if the Court requests.

1                                                          Case No. 3:24-cv-06917-AMO

**BRUGGEBREW DECLARATION IN SUPPORT OF DISCOVERY LETTER BRIEF REGARDING SILVER LAKE TECHNOLOGY MANAGEMENT, L.L.C.'S COMPLIANCE WITH NOVEMBER 2024 SUBPOENA**

6.      Two months before the close of fact discovery and concerned about the dearth of documents produced on behalf of the Individuals, Automattic requested further meet-and-confer discussions about the Individuals' process for searching their "personal devices and personal accounts." Ex. 2 at 6-7, 9-10 (3/16/26 3:11 p.m.; 3/25/26 6:15 p.m.). Following a videoconference during which the Individuals agreed to consider whether to share their search terms (*id.* at 7-8 (3/24/26 10:20 p.m.)), the Individuals refused to disclose those terms or even generally describe their search process, run Automattic's proposed terms, or meet and confer further on those issues unless and until we addressed a litany of questions concerning a different subpoena (*id.* at 5-6 (3/27/26 7:17 a.m.)). Automattic promptly replied that this demand was improper and resulted in a deadlock. *See id.* at 5 (3/27/26 10:44 a.m.). One week later, having received no response on that point, Automattic reiterated its concerns about the adequacy of the Individuals' searches and the fact that an impasse had been reached. *Id.* at 4–5 (4/3/26 4:01 p.m.). The Individuals did not disagree.

7.      On April 9, Automattic provided its draft portion of a joint letter concerning these issues and proposed a schedule, under which the Individuals would have one week and one day to provide their draft. *Id.* at 4 (4/9/26 4:57 p.m.). The Individuals refused to agree to that schedule, argued (incorrectly) that the search terms proposed in the draft had never been proposed before, and sought to reopen the meet-and-confer on search terms that had concluded two weeks prior at their insistence. *Id.* at 1–4 (4/12/26 8:58 p.m.).

8.      In response to the Individuals' April 12 email, given the Individuals' upcoming depositions, as well as the May 14 close of fact discovery, Automattic explained why each of the Individuals' arguments were misplaced, asked for confirmation by 5 p.m. the next business day whether they would agree to participate in a joint briefing process, and gave notice that it would file unilaterally absent that confirmation. *Id.* at 1 (4/13/26 5:54 p.m.). As of the time of this filing, the Individuals have not responded.

9.      For the above reasons, this is unfortunately one of those "rare" cases in which the parties were "unable to file a joint statement." Civil Standing Order § 5.

10.     Automattic requests that the Court issue an order compelling the Individuals to use

2                                              Case No. 3:24-cv-06917-AMO

**BRUGGEBREW DECLARATION IN SUPPORT OF DISCOVERY LETTER BRIEF REGARDING SILVER LAKE TECHNOLOGY MANAGEMENT, L.L.C.'S COMPLIANCE WITH NOVEMBER 2024 SUBPOENA**

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · Fax 415.989.1663

the following search terms to locate and produce responsive documents and information in the personal devices and personal accounts of Lee Wittlinger and David Zhang.

((Mullenweg AND (war OR sue OR suing OR sued OR lawsuit OR legal OR nuclear OR scorched OR WooCommerce OR disable OR disabling OR control* OR Davies OR valuation OR invest* OR acquir* OR acquisition* OR keynote OR "feed off" OR parasitic OR parasite OR "nothing back" OR Brunner OR Heather OR mark OR marks OR ((access OR accessible OR accessibility) w/10 (WordPress OR WP OR "W.org" OR "W org")) OR extort* OR license* OR threat* OR demand* OR anticompetitive OR deceiv* OR monopol* OR antitrust OR chaos OR retaliat* OR "Advanced Custom Fields" OR ACF OR "Secure Custom Fields" OR SCF OR "seized control" OR takeover OR "take over" OR "took over" OR block* OR fork* OR "wordpressenginetracker.com" OR steal* OR "check box" OR checkbox OR "check a box")) OR ((WPE OR WPEngine OR "WP Engine" OR WordPress) w/10 (sale* OR sell OR valu* OR acquis* OR purchase* OR stake* OR model* OR saving* OR "liquidity event" OR Pinot OR 409A OR "409 A" OR tighten* OR (cost w/3 (reduce* OR cut OR limit OR too)))))

11.    These are not new terms, but rather a narrowed subset of terms that Automattic initially proposed in Appendices B and C to a letter dated November 7, 2025, and that were again cross-referenced on January 26 and March 16 and 25, 2026, in meet-and-confer correspondence specifically concerning Individuals' subpoena compliance.

Respectfully submitted,

DATED:  April 14, 2026              COBLENTZ PATCH DUFFY & BASS LLP

By:  _____
Daniel M. Bruggebrew
*Attorney for Defendants*
Automattic Inc. and Matthew Charles Mullenweg

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · Fax 415.989.1663

**BRUGGEBREW DECLARATION IN SUPPORT OF DISCOVERY LETTER BRIEF REGARDING SILVER LAKE TECHNOLOGY MANAGEMENT, L.L.C.'S COMPLIANCE WITH NOVEMBER 2024 SUBPOENA**