# EXHIBIT 1

| REQUEST: | RESPONSE TO REQUEST: |
|---|---|
| **No. 1** – All Documents and Communications Related To Mullenweg. | Recipient incorporates by reference the foregoing General Objections and Objections to Definitions as if fully set forth herein. Recipient objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the joint defense or common-interest privilege, or any other applicable privilege or immunity. Recipient also objects to this Request as overly broad, and lacking in reasonable particularity, including because it seeks "[a]ll Documents and Communications Related to Mullenweg," for an over eight-year period. *Katzkin Leather, Inc. v. Roadwire, LLC*, 2021 WL 4690585, at *6 (C.D. Cal. Apr. 16, 2021) (RFPs asking for "all communications regarding [defendant] are overbroad as there is no meaningful limitation to tether the discovery to the claims and defenses of this action"); *see also* October 9, 2025 Order, Dkt. 184 at 1. Recipient further objects to this Request as it is improperly directed at an individual employee rather than Silver Lake Technology Management L.L.C. ("Silver Lake"), the company that employs Recipient. Recipient further objects to this Request as duplicative of discovery Automattic has already propounded in this Action, or could more appropriately pursue from WPE or Silver Lake.<br><br>Subject to and without waiving the foregoing objections, Recipient responds that Automattic is already obtaining duplicative, responsive information to this Request through Silver Lake (*see* Automattic's RFP 8 to Silver Lake) and through WPE (*see* Automattic's RFP 14 to WPE). To the extent the scope of discovery with Silver Lake or WPE is at dispute, this Request is premature as (i) Automattic's motion to compel those disputed records from Silver Lake is still pending before this Court, and (ii) Automattic is still negotiating with WPE regarding the proper scope of its disputed request, as the Court has ordered. |
| **No. 4** – All Documents and Comunications Related To any potential sale of an interest in WPEngine. | Recipient incorporates by reference the foregoing General Objections and Objections to Definitions as if fully set forth herein. Recipient objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the joint defense or common-interest privilege, or any other applicable privilege or immunity. Recipient also objects to this Request as overly broad, and lacking in reasonable particularity, including because it seeks "[a]ll Documents and Communications Related To any potential sale of an interest" for an over eight-year period. Recipient further objects to this Request including because the term "sale of an interest" is undefined. Recipient further objects to this Request as it is improperly directed at an individual employee rather than Silver Lake, the company that employs Recipient. Recipient also objects to this Request as seeking "Documents and Communications Related To any potential sale of an interest in WPEngine" held in Recipient's personal capacity if any exist, is not proportional to the needs of the Action. Recipient further objects to this Request as duplicative of discovery Automattic has already propounded in this Action, or could more appropriately pursue from WPE or Silver Lake.<br><br>Subject to and without waiving the foregoing objections, Recipient responds that Automattic is already obtaining duplicative, responsive information to this Request through WPE (*see* Automattic's RFP 64 to WPE). To the extent the scope of discovery with WPE is at dispute, this Request is premature as Automattic is still negotiating with WPE regarding the proper scope of its disputed request. |
| **No. 6** – All Documents and Communications Related To WPEngine's financial performance, including but not limited to revenues, costs, profits, return-on-investment analyses, and future projections. | Recipient incorporates by reference the foregoing General Objections and Objections to Definitions as if fully set forth herein. Recipient objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the joint defense or common-interest privilege, or any other applicable privilege or immunity. Recipient also objects to this Request as overly broad, and lacking in reasonable particularity, including because it seeks "[a]ll Documents and Communications" for an over eight-year period. Recipient further objects to this Request as it is improperly directed at an individual employee rather than Silver Lake, the company that employs Recipient. Recipient also objects to this Request as seeking "Documents and Communications Related To WPEngine's financial performance" held in Recipient's personal capacity, if any exist, is not proportional to the needs of the Action. Recipient further objects to this Request as duplicative of discovery Automattic has already propounded in this Action, or could more appropriately pursue from WPE or Silver Lake.<br><br>Subject to and without waiving the foregoing objections, Recipient responds that Automattic is already obtaining duplicative, responsive information to this Request through WPE (*see* Automattic's RFP 59 to WPE). To the extent the scope of discovery with |

| REQUEST: | RESPONSE TO REQUEST: |
|---|---|
| | WPE is at dispute, this Request is premature as Automattic is still negotiating with WPE regarding the proper scope of its disputed request. |
| **No. 9** – All Documents and Communications Related To the use of the WordPress Marks and/or WooCommerce Marks on the WPEngine's website(s) or in WPEngine's promotional, branding, or advertising materials. | Recipient incorporates by reference the foregoing General Objections and Objections to Definitions as if fully set forth herein. Recipient objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the joint defense or common-interest privilege, or any other applicable privilege or immunity. Recipient also objects to this Request as overly broad, and lacking in reasonable particularity, including because it seeks "[a]ll Documents and Communications" for an over eight-year period. Recipient further objects to this Request as it is improperly directed at an individual employee rather than Silver Lake, the company that employs Recipient. Recipient also objects to this Request as seeking "Documents and Communications Related To the use of the WordPress Marks and/or WooCommerce Marks" by WPE held in Recipient's personal capacity, if any exist, is not proportional to the needs of the Action. Recipient further objects to this Request as duplicative of discovery Automattic has already propounded in this Action, or could more appropriately pursue from WPE or Silver Lake.<br><br>Subject to and without waiving the foregoing objections, Recipient responds that Automattic is already obtaining duplicative, responsive information to this Request through WPE (*see* Automattic's RFP 3 to WPE). |
| **No. 14** – All Documents and Communications Related To Your, Silver Lake's, and/or WPEngine's negotiations with Mullenweg and/or Automattic regarding use of the WordPress Marks and/or WooCommerce Marks, including but not limited to Communications Related To WPEngine's obtaining a license for use of the WordPress Marks and/or WooCommerce Marks. | Recipient incorporates by reference the foregoing General Objections and Objections to Definitions as if fully set forth herein. Recipient objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the joint defense or common-interest privilege, or any other applicable privilege or immunity. Recipient also objects to this Request as overly broad, and lacking in reasonable particularity, including because it seeks "[a]ll Documents and Communications" for an over eight-year period. Recipient further objects to this Request as it is improperly directed at an individual employee rather than Silver Lake, the company that employs Recipient. "Documents and Communications Related To Your, . . . negotiations with Mullenweg and/or Automattic regarding use of the WordPress Marks and/or WooCommerce Marks" in Recipient's personal capacity, if any exist, are not at issue nor proportional to the needs of the Action. Recipient further objects to this Request as duplicative of discovery Automattic has already propounded in this Action, or could more appropriately pursue from WPE or Silver Lake.<br><br>Subject to and without waiving the foregoing objections, Recipient responds that Automattic is already obtaining duplicative, responsive information to this Request through WPE (*see* Automattic's RFP 29 to WPE) and through Silver Lake (*see* Automattic's RFP 8 to Silver Lake). To the extent the scope of discovery with Silver Lake is at dispute, this Request is premature as Automattic's motion to compel disputed records is still pending before this Court. |
| **No. 22** – All Documents and Communications Related To any reliance by You, Silver Lake, and/or WPEngine on any alleged promise made by Automattic and/or Mullenweg. | Recipient incorporates by reference the foregoing General Objections and Objections to Definitions as if fully set forth herein. Recipient objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the joint defense or common-interest privilege, or any other applicable privilege or immunity. Recipient also objects to this Request as overly broad, and lacking in reasonable particularity, including because it seeks "[a]ll Documents and Communications Related To any reliance." Recipient further objects to this Request as vague and ambiguous including because the term "reliance" is undefined. Recipient further objects to this Request as it is improperly directed at an individual employee rather than Silver Lake, the company that employs Recipient. Recipient also objects to this Request as "Documents and Communications Related To any reliance by You . . . on any alleged promise made by Automattic and/or Mullenweg" in Recipient's personal capacity, if any exist, are not at issue nor proportional to the needs of the Action. Recipient further objects to this Request as duplicative of discovery Automattic has already propounded in this Action, or could more appropriately pursue from WPE or Silver Lake.<br><br>Subject to and without waiving the foregoing objections, Recipient responds that Automattic is already obtaining duplicative, responsive information to this Request through WPE (*see* Automattic's RFP 151 to WPE). |