# EXHIBIT 2

**From:** Bruggebrew, Dan <dbruggebrew@coblentzlaw.com>
**Sent:** Monday, April 13, 2026 5:54 PM
**To:** Robert Becher <robertbecher@quinnemanuel.com>; Sara Jenkins <sarajenkins@quinnemanuel.com>
**Cc:** Suhr, Rachel Rose <rsuhr@coblentzlaw.com>
**Subject:** RE: WP Engine v. Automattic, et al. – Joint Discovery Letter (Wittlinger/Zhang)

Hi, Rob.  After you have considered our responses, incorporated in-line in red below, please confirm no later than 5 PM tomorrow (Tuesday 4/14) that you will participate in the joint letter process on the schedule we have proposed, or we will file unilaterally.  Thank you.  – Dan

---

**From:** Robert Becher <robertbecher@quinnemanuel.com>
**Sent:** Sunday, April 12, 2026 8:58 PM
**To:** Bruggebrew, Dan <dbruggebrew@coblentzlaw.com>; Sara Jenkins <sarajenkins@quinnemanuel.com>
**Cc:** Suhr, Rachel Rose <rsuhr@coblentzlaw.com>
**Subject:** [EXTERNAL] RE: WP Engine v. Automattic, et al. – Joint Discovery Letter (Wittlinger/Zhang)

Dan,

We are writing regarding your draft joint letter and proposed schedule. We cannot agree to your proposed schedule.

The letter you sent is improper and premature, as you have failed to comply with Judge Krishnan's Standing Order, which requires the parties to meet and confer by telephone or in person to resolve their disputes.  The search string you proposed in your letter includes dozens of terms and complex Boolean operators, most of which you never provided to us in advance of our meet and confer call or during the call itself.  These terms are not new.  They have been narrowed—and non-substantively edited to improve search syntax—from a larger collection of terms previously included in Appendices B and C to Automattic's meet-and-confer correspondence, dated November 7, 2025, and in further email correspondence, dated January 26, 2026, respectively.  In fact, we count a total of 60 terms contained in your search string that Defendants did not propose at any point before transmitting Defendants' joint letter to us.  They are:

1. access
2. Accessibility
3. accessible
4. ACF
5. acquir*
6. acquis*
7. acquisition*
8. Advanced Custom Fields
9. anticompetitive
10. antitrust
11. block*
12. Brunner
13. chaos
14. check a box
15. check box
16. checkbox
17. control*

1

18. deceiv*
19. demand*
20. disable
21. disabling
22. extort*
23. feed off
24. fork*
25. Heather
26. invest*
27. keynote
28. lawsuit
29. legal
30. license*
31. mark
32. marks
33. monopol*
34. nothing back
35. nuclear
36. parasite
37. parasitic
38. reduce*
39. retaliat*
40. SCF
41. scorched
42. Secure Custom Fields
43. seized control
44. stake*
45. steal*
46. sue
47. sued
48. suing
49. take over
50. takeover
51. threat*
52. took over
53. valuation
54. W org
55. W.org
56. war
57. WooCommerce
58. wordpressenginetracker.com
59. WP
60. WP Engine

Before we meet and confer about the proposed search terms (we did meet and confer about search terms, but we reached a deadlock when you said, "[b]efore any further meet and confer, Defendants must do the following[,]" (March 27, 2026, 7:17 AM), and we responded, "we're not obliged to do so, and we won't" (March 27, 2026, 10:44 AM)), please explain what unique information you expect to obtain from these search terms that is not already available from WPE's productions and why the documents these searches are directed at cannot be obtained from WPE. The Individuals' personal devices and files are not within the custody, control, or possession of WPE, and you have never suggested that they are. So, by

2

definition, any responsive documents located in such devices and files would be unique vis-à-vis WPE's productions.  Please also explain what efforts Defendants have taken to minimize the burden on these non-party individuals, as required by Rule 45 and the Court's December 22, 2025 Order.  We also ask that you identify which search terms purportedly correlate with which document requests at issue.  The draft letter identifies the narrowed set of six RFPs that we have been focused on since March 16.  We are not required to correlate each term with a particular RFP.  On their face, the proposed search terms and document requests contained in your joint letter are wildly overbroad and do not reflect any effort to minimize the burden on non-party individuals as Rule 45 requires.  Rule 45 requires that we "take reasonable steps to avoid imposing undue burden or expense," and we have done so.

In addition, your letter improperly seeks to expand the scope of discovery beyond what was previously discussed. You now demand that Messrs. Zhang and Wittlinger search their personal devices and files, but your meet and confer email only discussed personal devices.  A meet and confer is required for this issue too.  In my March 16 email below, I asked for confirmation that you had searched the Individuals' "personal devices and personal accounts" for documents responsive to RFP Nos. 1, 4, 6, 9, 14, and 22.  That's what we're referring to when we say, "personal devices and files."

Apart from your failure to meet and confer, your demand that Messrs. Zhang and Wittlinger produce documents individually is also improper because, as we told you during our meet and confer and in prior correspondence, Silver Lake has produced, and/or will produce, non-privileged communications from Messrs. Zhang and Wittlinger that fall under the categories of documents that Silver Lake has agreed to produce, subject to a reasonable search.  *See* January 26, 2026 Letter ("Each identified individual is a custodian for either WPE or Silver Lake, and their documents have been preserved and are being produced, or will be produced, by their respective employers, subject to all applicable responses, objections and privileges.")  In addition, Defendants' joint letter directed to Silver Lake already discusses Silver Lake's production of documents and claims the production is not sufficient.  It is pure harassment and serves no legitimate purpose to insist that the individuals themselves separately produce documents and separately respond to a joint letter.  *See* R&Os to Wittlinger's subpoena at 2 ("Automattic already served a subpoena directed to Recipient's employer that includes document requests that are substantially duplicative of the ones propounded in this Subpoena, and has no colorable basis for propounding yet another subpoena directed to individual employees of Recipient's employer."); R&Os to Zhang's subpoena at 2 (same).  Filing a motion against Silver Lake and another against Messrs. Zhang and Wittlinger is also a blatant attempt to evade the page limits for joint motions and take two bites from the same apple.  Before we deadlocked on March 27, you refused to tell us what sources you collected from with respect to the Individuals, you refused to provide us with the search terms you used to identify responsive documents, and you refused to run any of our proposed search terms against any collected materials and provide us with a hit report.  You have not completed your productions from Silver Lake, and you have not indicated when you intend to.  You have made no productions from the Individuals, and you refuse to.  Our motion is proper.

The letter is also deficient because it appears it will be accompanied by a declaration but you have not furnished us with any declaration.  When the joint letter process resumes, please provide us with any declaration or confirm Defendants will not be submitting one.  The draft joint letter makes no reference to a declaration, and we do not presently intend to submit one as part of a joint letter brief.  That said, we reserve the right to include one, if necessary, if we come to believe it is required based on what you provide us in the joint drafting process (assuming you agree to participate).

Please confirm Defendants will withdraw the letter for the reasons stated above.  If Defendants insist on proceeding with the letter, once you respond to our questions above about the new search terms you have proposed for the first time in your section of the joint letter, we can make ourselves available to meet and confer.  We reached a deadlock on March 27, which we restated on April 3.  The meet-and-confer process

3

concluded at your insistence, and we will not be dragged back into it now.  We will not withdraw our letter.  You may make your arguments in your section of the joint letter if you choose to participate.

Silver Lake reserves the right to seek reimbursement of all of its fees and costs associated with this issue as a sanction for defendants' obstreperous and duplicative litigation tactics as against a third party.

Regards, Rob

---

**From:** Bruggebrew, Dan <dbruggebrew@coblentzlaw.com>
**Sent:** Thursday, April 9, 2026 4:57 PM
**To:** Robert Becher <robertbecher@quinnemanuel.com>; Sara Jenkins <sarajenkins@quinnemanuel.com>
**Cc:** Suhr, Rachel Rose <rsuhr@coblentzlaw.com>
**Subject:** RE: WP Engine v. Automattic, et al. – Joint Discovery Letter (Wittlinger/Zhang)

[*subject change*]

Hi, Rob.  Attached please find a draft joint discovery letter (and one exhibit) regarding Mr. Wittlinger's and Mr. Zhang's individual subpoena compliance.  We're aware from your separate communication that your client contact is out of the country this week.  So, in a good-faith effort to avoid a tennis match, we propose that you provide your section to us by 7 PM next Friday 4/17, that we provide our final edits to you by 7 PM on Monday 4/20, and that you provide your final edits to us by 7 PM on Wednesday 4/22, so that we can file the morning of Thursday 4/23.  Please let us know if you will agree to this schedule.  Thank you.  – Dan

---

**From:** Bruggebrew, Dan <dbruggebrew@coblentzlaw.com>
**Sent:** Friday, April 3, 2026 4:01 PM
**To:** Sara Jenkins <sarajenkins@quinnemanuel.com>; Robert Becher <robertbecher@quinnemanuel.com>
**Cc:** Suhr, Rachel Rose <rsuhr@coblentzlaw.com>
**Subject:** RE: WP Engine v. Automattic, et al. – Joint Discovery Letters & Wittlinger Deposition

[*subject change*]

Hi, Sara/Rob.

### [MATERIAL NOT RELEVANT TO INSTANT MOTION REMOVED HERE]

We are also preparing and will soon send you a draft joint discovery letter regarding Mr. Wittlinger's and Mr. Zhang's individual subpoena compliance.  As previously discussed, and as set forth in multiple emails (including on 3/16 and 3/26), we have concerns about the adequacy of your searches of these two individuals' personal devices given the dearth of responsive text messages that have been produced to date.  We are at an impasse on this issue because you have declined to run the search string that we proposed, and you have declined to share your search terms with us.  On our 3/24 meet-and-confer call, we posited that you might take the position that those terms are attorney work product and suggested, as an alternative, that you could provide us with a qualitative description of the terms.  You did not get back to us.  If you are withholding the search terms on work product grounds, we were mistaken insofar as we suggested that doing so could be defensible.  It is not.  *See FormFactor, Inc. v. Micro-Probe, Inc.*,

4

2012 WL 1575093, at *7 n.4 (N.D. Cal. May 3, 2012) (citing cases); *see also Price v. Facebook, Inc.*, 2020 WL 13200227, at *1 (N.D. Cal. Apr. 2, 2020).

**[MATERIAL NOT RELEVANT TO INSTANT MOTION REMOVED HERE]**

Thanks. – Dan

---

**From:** Bruggebrew, Dan <dbruggebrew@coblentzlaw.com>
**Sent:** Friday, March 27, 2026 10:44 AM
**To:** Robert Becher <robertbecher@quinnemanuel.com>; Sara Jenkins
<sarajenkins@quinnemanuel.com>
**Cc:** Suhr, Rachel Rose <rsuhr@coblentzlaw.com>
**Subject:** RE: WP Engine v. Automattic, et al. – Subpoenas/RFPs to Non-Party Silver Lake & Directors

Thanks for getting back to us, Rob.  While I don't agree with your characterization of our Tuesday Zoom meeting, there's no cause for argument since you refuse to meet and confer with us further unless and until we respond to your five-point questionnaire.  But we're not obliged to do so, and we won't.  (That said, I articulated our positions on relevance, non-duplication, burden, and timing, in my March 25 email that you mentioned but didn't include in the thread below.)  With that, we're plainly in a deadlock and we need the Court's assistance to break it.  We'll send you our share of a joint discovery motion letter brief next week.  In the meantime, I appreciate that you'll propose deposition dates on Monday.  Thanks again and have a good weekend.  – Dan

---

**From:** Robert Becher <robertbecher@quinnemanuel.com>
**Sent:** Friday, March 27, 2026 7:17 AM
**To:** Bruggebrew, Dan <dbruggebrew@coblentzlaw.com>; Sara Jenkins
<sarajenkins@quinnemanuel.com>
**Cc:** Suhr, Rachel Rose <rsuhr@coblentzlaw.com>
**Subject:** [EXTERNAL] RE: WP Engine v. Automattic, et al. – Subpoenas/RFPs to Non-Party Silver Lake & Directors

Dan,

We write to memorialize our March 24, 2026 conference call and to correct the record in light of the materially incomplete and misleading account set forth in your email.

**[MATERIAL NOT RELEVANT TO INSTANT MOTION REMOVED HERE]**

We also discussed Mr. Wittlinger and Mr. Zhang.  We confirm that neither Mr. Wittlinger nor Mr. Zhang use Telegram, WhatsApp, Signal, or any other messaging applications beyond SMS for work-related communications.  We can also confirm that Silver Lake has produced, and/or will produce, non-privileged communications from their personal devices that fall under the categories of documents that Silver Lake has agreed to produce, subject to a reasonable search.

We next discussed the topic of search terms.  We asked that you identify, for each search string you were asking Silver Lake to run, which of the request(s) for production in the subpoena, if any, correlate with that search string.  You initially asked on the call whether Silver Lake would provide you with the search terms it was using but you then said that you recognized the search terms are work product and that

5

Defendants would be willing to accept a qualitative description of the searches, without the specific terms.

As to your request for deposition dates for Mr. Zhang and Mr. Wittlinger, we are coordinating regarding availability and expect to provide you with proposed deposition dates on March 30.

We now turn to Defendants' March 25 proposal.  It is not a good-faith effort to narrow anything.  It seeks new materials never previously requested, ignores WPE's forthcoming production entirely, and appears to be developed to impose precisely the kind of undue burden the Court has already found Defendants are obligated to avoid.  Before any further meet and confer, Defendants must do the following for each and every category of documents demanded: (i) provide a particularized showing of relevance and explain specifically why WPE's anticipated production does not cover the subject matter; (ii) for any materials claimed to be non-duplicative, explain with specificity why they are relevant to the claims or defenses in this action and how they are not cumulative of WPE's production; (iii) explain how each demand is consistent with Defendants' Court-imposed obligation to minimize burden on a non-party; (iv) set forth every step taken to narrow the request, how the proposed scope minimizes burden on Silver Lake, and why the burden is not undue; and (v) for every issue not raised in the prior motion to compel, explain in detail Defendants' basis for raising it now.

Best,

Rob

---

**From:** Bruggebrew, Dan <dbruggebrew@coblentzlaw.com>
**Sent:** Wednesday, March 25, 2026 6:15 PM
**To:** Sara Jenkins <sarajenkins@quinnemanuel.com>; Robert Becher <robertbecher@quinnemanuel.com>
**Cc:** Suhr, Rachel Rose <rsuhr@coblentzlaw.com>
**Subject:** RE: WP Engine v. Automattic, et al. – Subpoenas/RFPs to Non-Party Silver Lake & Directors

Hi again, Sara/Rob.  This email follows up on our meet-and-confer yesterday, providing additional thoughts on the outstanding RFPs issued to Silver Lake.  As an initial matter, yesterday you represented to us that your clients Silver Lake, Lee Wittlinger, and David Zhang all agree that any Silver Lake-related documents and communications held or maintained on the personal devices of Messrs. Wittlinger and Zhang are Silver Lake materials to be produced by Silver Lake.  Given that representation, we understand that Silver Lake is responsible for responding to and producing all relevant documents responsive to the RFPs issued to Messrs. Wittlinger and Zhang pursuant to their individual subpoenas.

Consistent with our discussion yesterday, we have reviewed the categories of documents requested from Silver Lake outlined in my March 16, 2026, email.  I will refer to those as **Categories A–D** for ease of reference.  I note that by narrowing Defendants' prior RFPs to these four categories, Defendants have already significantly limited the scope of the documents sought.  We also now add **Category E** based on testimony obtained this week from a former WP Engine executive.

With that, our positions on the outstanding points are laid out below.

**[MATERIAL NOT RELEVANT TO INSTANT MOTION REMOVED HERE]**

6

**Category D**:  Messrs. Wittlinger and David Zhang's custodial documents—both from Silver Lake devices and services and from their personal devices from January 1, 2021, to August 15, 2025:

- We have asked for such documents to be identified by using the following search terms:

  - <u>From Silver Lake Devices and Services</u>:  ("WPE" OR "WPEngine" OR "WordPress") w/30 (("sale*" OR "sell" OR "valu*" OR "acquis*" OR "purchas*" OR "stake*" OR "model*" OR "saving*" OR "liquidity event" OR "409A" OR "409 A") OR ("cost" w/3 ("reduc*" OR "cut" OR "limit" OR "too" OR "tighten*")) OR "wordpress technology company" OR "wordpress.org"

  - <u>From Personal Devices</u>: (1) (Automattic OR Mullenweg OR (Davies w/10 "Appendix B") OR "liquidity event" OR Pinot OR "409A" OR "409 A"); (2) the search terms for financial category 7 (as listed in Gibson Dunn's 11/7/25 letter); or (3) documents otherwise responsive to the Individual Subpoena Requests Nos. 1, 4, 6, 9, 14, and 22.

- You represented yesterday that Silver Lake produced certain of Mr. Wittlinger's text messages in a prior production.  We have looked into this, and it appears that Silver Lake has not produced anything approximating the complete collection of relevant text messages from Mr. Wittlinger (and we have not identified any text messages from Mr. Zhang's device).  For example, we did not locate any text messages between Mr. Wittlinger and Heather Brunner.

- Please explain, with specificity, the process used to identify, collect, review, and produce responsive text messages and other documents from Messrs. Wittlinger and Zhang's personal devices.  Again, this is a narrow, specific request, and we should be able to resolve this issue during our next meet-and-confer.

  **[MATERIAL NOT RELEVANT TO INSTANT MOTION REMOVED HERE]**

We remain open to hearing your views and trying to resolve these issues.  I will send a Zoom invitation for tomorrow (Thursday) at 3:30 PM PT.  If you're not available at that time, please propose an alternative.  Thanks again.  – Dan

---

**From:** Bruggebrew, Dan <dbruggebrew@coblentzlaw.com>
**Sent:** Tuesday, March 24, 2026 10:20 PM
**To:** Sara Jenkins <sarajenkins@quinnemanuel.com>; Robert Becher <robertbecher@quinnemanuel.com>
**Cc:** Suhr, Rachel Rose <rsuhr@coblentzlaw.com>
**Subject:** RE: WP Engine v. Automattic, et al. – Subpoenas/RFPs to Non-Party Silver Lake & Directors

[*+Rachel*]

Hi, Sara/Rob.  Thanks again for the Zoom meet-and-confer today.  Please let us know if you have any proposed additions or corrections to the following points and action items that arose from it:

  **[MATERIAL NOT RELEVANT TO INSTANT MOTION REMOVED HERE]**

- As to Mr. Wittlinger and Mr. Zhang's custodial documents, you agreed to investigate and confirm in writing: (1) that Mr. Wittlinger and Mr. Zhang did not use Telegram, WhatsApp,

7

Signal, or any other messaging applications other than SMS for work-related communications; and (2) Silver Lake has searched Mr. Wittlinger and Mr. Zhang's personal devices for relevant communications and has produced such communications or will produce them in the forthcoming Silver Lake production(s).  You represented that all Silver Lake-related communications on Mr. Wittlinger and Mr. Zhang's personal devices are Silver Lake documents and therefore the responsibility of Silver Lake to produce; for that reason, your position is that the individual document subpoenas are redundant.  Consistent with your position, you acknowledged that Silver Lake has produced some of the communications collected from Mr. Wittlinger's device, but you represented that you did not know whether communications from Mr. Zhang's device were likewise produced.  You acknowledged that you did not use the search terms identified/referenced in my email below, but you agreed to review the search terms that you ran across Mr. Wittlinger's and Mr. Zhang's custodial documents and to let us know whether you will share those with us so that we can assess whether further search terms should be run to ensure the identification and production of relevant documents.

**[MATERIAL NOT RELEVANT TO INSTANT MOTION REMOVED HERE]**

Thanks. – Dan

---

**From:** Bruggebrew, Dan <dbruggebrew@coblentzlaw.com>
**Sent:** Monday, March 23, 2026 9:24 PM
**To:** Sara Jenkins <sarajenkins@quinnemanuel.com>
**Cc:** Robert Becher <robertbecher@quinnemanuel.com>
**Subject:** RE: WP Engine v. Automattic, et al. – Subpoenas/RFPs to Non-Party Silver Lake & Directors

It does, thanks, Sara.  I just updated the Zoom invite.  Talk to you tomorrow.

---

**From:** Sara Jenkins <sarajenkins@quinnemanuel.com>
**Sent:** Monday, March 23, 2026 9:22 PM
**To:** Bruggebrew, Dan <dbruggebrew@coblentzlaw.com>
**Cc:** Robert Becher <robertbecher@quinnemanuel.com>
**Subject:** [EXTERNAL] RE: WP Engine v. Automattic, et al. – Subpoenas/RFPs to Non-Party Silver Lake & Directors

Hi Dan,
We are not available at 10am tomorrow, but could speak at 3pm. Does that work for you?

Thanks,
Sara

---

**From:** Bruggebrew, Dan <dbruggebrew@coblentzlaw.com>
**Sent:** Friday, March 20, 2026 11:18 AM
**To:** Sara Jenkins <sarajenkins@quinnemanuel.com>
**Cc:** Robert Becher <robertbecher@quinnemanuel.com>
**Subject:** RE: WP Engine v. Automattic, et al. – Subpoenas/RFPs to Non-Party Silver Lake & Directors

Hi, Sara.  Glad to hear you're open to a Zoom meeting.  How about we set aside an hour on Tuesday morning—what's your availability between 9:30–12?  I'll send you something in writing on Monday, so you'll know our general positions before we talk.

**[MATERIAL NOT RELEVANT TO INSTANT MOTION REMOVED HERE]**

**From:** Sara Jenkins <sarajenkins@quinnemanuel.com>
**Sent:** Friday, March 20, 2026 9:33 AM
**To:** Bruggebrew, Dan <dbruggebrew@coblentzlaw.com>
**Cc:** Robert Becher <robertbecher@quinnemanuel.com>
**Subject:** [EXTERNAL] RE: WP Engine v. Automattic, et al. – Subpoenas/RFPs to Non-Party Silver Lake & Directors

Hi Dan,
I'm not available to meet in person today, but I'm happy to continue our discussions by email or to set up a call or Zoom next week.
We appreciate Defendants' effort to narrow the issues and will get back to you shortly on that.  In the meantime, please also respond to the questions in my prior email.
Best,
Sara

**From:** Bruggebrew, Dan <dbruggebrew@coblentzlaw.com>
**Sent:** Monday, March 16, 2026 3:11 PM
**To:** Sara Jenkins <sarajenkins@quinnemanuel.com>
**Subject:** WP Engine v. Automattic, et al. – Subpoenas/RFPs to Non-Party Silver Lake & Directors

Hi again, Sara.

**[MATERIAL NOT RELEVANT TO INSTANT MOTION REMOVED HERE]**

Further, we've been asked to close the loop with respect to certain requests made to Messrs. Wittlinger and Zhang pursuant to their individual subpoenas.  We understand the parties have met and conferred regarding the production of certain personal communications, and that you have preserved data from the personal devices of Messrs. Wittlinger and Zhang, but that you have not responded to the following questions:

- Please confirm that Messrs. Wittlinger's and Zhang's personal devices and personal accounts have been searched for potential responsive and unique materials.

    o Please confirm that their responsive texts and other documents stored only on their personal devices are being produced.

    o Please confirm the messaging apps used by Messrs. Wittlinger and Zhang for work-related communications.  In particular, please confirm that Messrs. Wittlinger and Zhang did not use Telegram, WhatsApp, Signal, or any other messaging applications other than SMS.

9

- o   Please confirm the date ranges for the communications collected from Messrs. Wittlinger's and Zhang's personal devices.

- o   Please identify the search terms used.  If the search terms you used are narrower than either (Automattic OR Mullenweg OR (Davies w/10 "Appendix B") OR "liquidity event" OR Pinot OR "409A" OR "409 A") or the search terms for financial category 7 (as listed in Gibson Dunn's 11/7/25 letter), please confirm you would be willing to use these search terms.  If you claim the proposed search terms are burdensome, please provide hit counts.

- • To the extent Messrs. Wittlinger's or Zhang's personal devices were used for work and/or WP Engine Board duties, and their personal devices were not collected as part of Silver Lake's collection, please confirm that Messrs. Wittlinger and Zhang will produce documents from their personal devices in response to the following Individual Subpoena Requests:

  - o   1, which relates to Matthew Mullenweg;

  - o   4, which relates to any potential sale of WP Engine;

  - o   6, which relates to WP Engine's financials;

  - o   9, which relates to WP Engine's use of the WordPress or WooCommerce trademarks;

  - o   14, which relates to WP Engine's negotiations with Automattic relating to a license of the WordPress or WooCommerce trademarks; and

  - o   22, which relates to Silver Lake's reliance on any of the alleged promises relating to WordPress.org.

Thank you.  – Dan