**VIA ECF**

Dear Judge Krishnan:

Defendants' improper, groundless and unilaterally-filed discovery letter (Dkt. 269, "Motion") against two non-party individuals Lee Wittlinger and David Zhang (the "Individuals") employed by non-party Silver Lake Technology Management, L.L.C. ("SL") violates multiple of the Court's rules and orders, and should be stricken.

## Defendants' Unilateral Filing Violates Multiple Court Orders and Should be Stricken

*First*, the Motion violates this Court's Standing Order because Defendants did not meet and confer about the relief they are seeking in their Motion, prior to filing it. Civil Standing Order for Magistrate Judge Ajay S. Krishnan ("Standing Order"), § 5; Jenkins Decl., ¶¶ 3-10.[1]

*Second*, the Motion violates this Court's Standing Order because Defendants filed it unilaterally, just *three business days* after sending their portion to the Individuals, and despite that the Individuals *agreed* to submit a joint brief once Defendants engaged in a proper meet and confer. Standing Order, Section § 5; Jenkins Decl., ¶¶ 8-10.[2] Standing Order Section 5 reserves unilateral filings for the "rare event" when parties cannot produce a joint statement – which plainly was not the case here. Defendants went out of their way to file the Motion unilaterally, as a heavy-handed, chest-pounding stunt, and they should be admonished.

*Third*, the Motion violates Judge Ryu's Order (Dkt. 184) requiring the parties to seek leave to file any discovery motions *before* filing them. Judge Ryu had issued this Order to head off the very same tactics Defendants are engaged in here – failing to meet and confer – which Defendants have done repeatedly. *See* Dkt. 184 ("If the court finds that any dispute in a proposed joint discovery letter is not ripe . . . because the parties have not fully met and conferred in an attempt to reach reasonable compromises, the court will deny leave to file the entire letter.")

*Fourth,* the Motion violates the Court's prior order directing Defendants to reduce their burden on non-parties. Dkt. 224.

Defendants' Motion is also riddled with factual inaccuracies. By way of example, it is not true that the Individuals controlled WPE or that David Zhang was on WPE's Board starting in January 2018 (he joined in May 2025, after many of the events at issue in this litigation had already transpired). Defendants' unsupported allegations about a sale of WPE are also demonstrably false which Defendants either know or should know based on documents produced to date.

---

[1]  Defendants represent that the parties met and conferred more than a dozen times, but none of the meet and confers concerned the search string Defendants sought for the first time in their unilateral filing.

[2]  *See e.g.*, *Tindle v. Daly City*, 2016 WL 1565536, at *1 (N.D. Cal. Apr. 19, 2016) (denying the filing of a unilateral discovery letter); Order Terminating Unilateral Discovery Letter Brief, *Am. Bankers Ins. Co. of Fla. v. Nat. Fire Ins. Co. of Hartford*, No. 4:19-cv-02237 (N.D. Cal. Apr. 23, 2020), ECF No. 109 ("terminat[ing]" unilateral discovery letter).

**Defendants' Unilateral Filing is Also Meritless**

The Motion fails on the merits, too. SL has already produced documents from the Individuals' emails *and* devices.[3] There was never any need to serve duplicative subpoenas on the Individuals in the first place, since Defendants have already subpoenaed SL. Jenkins Decl., ¶ 3. Filing a motion against the Individuals when their employer SL is actively producing their documents, including from their devices, is also unnecessary -- and harassing.

Rule 45 imposes strict limits on discovery from non-parties, who are not subject to the same discovery burdens as litigants, because courts afford them "extra protection." *Epitopix, LLC v. Zoetis Inc.*, 2025 WL 1310801, at *5 (N.D. Cal. May 6, 2025). A party seeking information from a non-party must seek "unique and material evidence" not in the possession of a party. *Nidec Corp. v. Victor Co.*, 249 F.R.D. 575, 577 (N.D. Cal. 2007). The Court previously instructed Defendants to take reasonable steps "to avoid imposing undue burden" on non-party SL. Dkt. 224. Instead of reducing burden, Defendants served additional subpoenas on SL employees personally and are moving to compel documents from the Individuals despite the fact that their employer, SL, has identified the Individuals as relevant custodians, and is collecting and producing their documents and messages, including from their personal devices, in response to the subpoena to SL.

Documents regarding the six overall topics raised in the document requests at issue in this motion, such as WPE's financial performance and WPE's reliance on Defendants' promises, have already been produced, or are actively being produced, by WPE and/or SL, subject to their objections. *See, e.g.*, Jenkins Decl., ¶ 11. WPE, the party to the case, has already produced over 1,000 documents sent to, from or copying Wittlinger and/or Zhang. SL has produced more than 200 documents with Zhang and/or Wittlinger as custodians. Jenkins Decl., ¶ 11. Defendants fail to identify unique, relevant material they can only obtain from the Individuals as opposed to SL or WPE. In fact, had Defendants engaged in the meet and confer and joint letter process as they were required to do, they would have learned that each of the Individuals only has one device for both work and personal matters, which device is controlled by SL and has already been searched for responsive documents. There is nothing unique to be obtained by subpoenaing the Individuals directly.

A review of the production in the case to date further demonstrates that Defendants' requests directed to the Individuals are duplicative of discovery directed to others. For example, Request No. 6 seeks documents and communications related to WPE's financial performance. But WPE has produced over thirteen thousand pages of finance-related documents and related communications. Indeed, WPE and Defendants reached a mutual and reciprocal agreement about their respective financial productions. Jenkins Decl., ¶ 11.

SL respectfully requests that the Court strike Defendants' Motion.

DATED:  April 21, 2026          QUINN EMANUEL URQUHART & SULLIVAN LLP

Rachel Herrick Kassabian
*Attorneys for Non-Party Individuals*
*Lee Wittlinger and David Zhang*

---

[3]  Each has a single device that has work and personal communications.

2