QUINN EMANUEL URQUHART & SULLIVAN, LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Sara Jenkins (SBN 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Robert J. Becher (SBN 193431)
robertbecher@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Non-Party Party Individuals*
*Lee Wittlinger and David Zhang*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>Defendants. | CASE NO. 3:24-cv-06917-AMO-ASK<br><br>**DECLARATION OF SARA JENKINS IN SUPPORT OF NON-PARTIES LEE WITTLINGER AND DAVID ZHANG'S STATEMENT RESPONDING TO UNILATERALLY FILED LETTER**<br><br>Judge: Honorable Araceli Martínez-Olguín |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>vs.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | |

-1-                                   Case No. 3:24-cv-06917-AMO-ASK

## DECLARATION OF SARA JENKINS

I, Sara Jenkins, declare as follows:

1.    I am Of Counsel at Quinn Emanuel Urquhart & Sullivan, LLP, counsel for non-parties Lee Wittlinger and David Zhang.  I am licensed to practice law in California and admitted to practice in the Northern District of California.  I make this submission in support of the statement of Lee Wittlinger and David Zhang (the "Individuals") responding to Automattic Inc.'s unilateral statement seeking to compel discovery from the Individuals in response to a subpoena served on the Individuals.  I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify thereto.

2.    I am also counsel for Plaintiff WPEngine, Inc. ("WPE") and Silver Lake Technology Management, L.L.C. ("Silver Lake") in this case.

**BACKGROUND**

3.    On or about November 6, 2024, Defendant Automattic Inc. ("Automattic") served a subpoena on Silver Lake seeking the production of documents ("Silver Lake Subpoena").  The Silver Lake Subpoena included fourteen separate requests for the production of documents.  Counsel for Silver Lake notified Automattic's counsel that Silver Lake would collect and produce documents from the Individuals in response to this subpoena, subject to Silver Lake's objections.

4.    Nearly one year later, on October 10, 2025, Defendant Automattic served separate document subpoenas on the Individuals, who are, and at all relevant times have been, employees of Silver Lake.  Each subpoena included twenty-seven requests for the production of documents, all of which seek documents relating to the Individuals' work for Silver Lake.

5.    The Individuals served responses and objections to Automattic's subpoenas on November 10, 2025.  The Individuals objected that "Automattic already served a subpoena directed to Recipient's employer that includes document requests that are substantially duplicative of the ones propounded in this Subpoena, and has no colorable basis for propounding yet another subpoena directed to individual employees of Recipient's employer."

-2-                                Case No. 3:24-cv-06917-AMO-ASK
DECLARATION OF SARA JENKINS IN SUPPORT OF
NON-PARTIES LEE WITTLINGER AND DAVID ZHANG'S
STATEMENT RESPONDING TO UNILATERALLY FILED LETTER

**DEFENDANTS' FAILURE TO PROPERLY MEET AND CONFER**

6.    During the week of January 19, 2026, counsel for Defendants and counsel for the Individuals engaged in video meet and confer sessions. As part of those meet and confer sessions, counsel for the Individuals confirmed that Silver Lake was in possession of the Individuals' personal devices and that Silver Lake would be producing communications from those devices, to the extent those communications were responsive to Automattic's subpoena to Silver Lake and Silver Lake had agreed to produce such communications.

7.    On March 16, 2026, conflicts counsel for Defendants from Coblentz Patch Duff & Blass LLP contacted counsel for the Individuals at Quinn Emanuel to discuss, among other things, the document subpoenas to the Individuals. Counsel for the Individuals and counsel for Defendants met and conferred regarding the subpoenas on March 24, 2026. Counsel for the Individuals reiterated that Silver Lake was in possession of the Individuals' personal devices and that Silver Lake would be producing communications from those devices, to the extent those communications were responsive to the subpoena to Silver Lake and Silver Lake had agreed to produce such communications.

8.    On April 9, 2026, counsel for Defendants sent the Individuals' counsel a draft of Defendants' portion of a joint statement regarding the subpoenas to the Individuals. The draft asked the Court to order the Individuals to run a complex search string on their personal devices and files. The search string that Automattic's counsel included in the brief was new, and different from the search strings that Automattic had proposed previously.

9.    Counsel for the Individuals asked Automattic's counsel to meet and confer regarding the new request. Automattic's counsel refused.

10.    Counsel for the Individuals emailed Automattic's counsel on April 14, 2026, stating that the Individuals did not agree that the meet and confer process was complete and that the Individuals wanted to continue to meet and confer regarding the new search string and other questions that the Individuals had regarding Automattic's proposed motion. As part of this email, counsel for the Individuals confirmed that, "[o]nce we complete the meet and confer, we will provide a date for the exchange of Messrs. Zhang and Wittlinger's section of the joint

letter." Instead of responding to this email from counsel for the Individuals, Defendants unilaterally filed their Motion.

**WPE AND SILVER LAKE'S PRODUCTION OF DOCUMENTS**

11. WPE has produced over thirteen thousand pages of financial documents in connection with this litigation, including annual financials, forecasts and projections, valuations, board documents, and finance-related communications. Some of WPE's production of finance-related documents was made on a voluntary basis, and some of it was made pursuant to an agreement between the parties. Specifically, last month WPE and Defendants reached a comprehensive reciprocal agreement regarding each side's production of financial documents. As part of this reciprocal agreement, both WPE and Defendants agreed to produce a wide array of financial documents. WPE has produced more than 1,000 documents (including document families) in which Zhang and/or Wittlinger appear as senders, recipients, or copy recipients. Silver Lake has produced more than 200 documents (including document families) for which Zhang and/or Wittlinger are custodians.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on this 21st day of April, 2026, in San Mateo, California.

QUINN EMANUEL URQUHART & SULLIVAN LLP

Sara Jenkins
*Attorneys for Non-Party Individuals
Lee Wittlinger and David Zhang*

-4-

Case No. 3:24-cv-06917-AMO-ASK

DECLARATION OF SARA JENKINS IN SUPPORT OF
NON-PARTIES LEE WITTLINGER AND DAVID ZHANG'S
STATEMENT RESPONDING TO UNILATERALLY FILED LETTER