JOSEPH R. ROSE, SBN 279092
jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

MICHAEL H. DORE, SBN 227442
mdore@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

JOSH A. KREVITT, SBN 208552
jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER *(admitted pro hac vice)*
osnyder@gibsondunn.com
HOWARD S. HOGAN (*admitted pro hac vice*)
hhogan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

*Attorneys for Defendants Automattic Inc., Matthew
Charles Mullenweg, and WooCommerce Inc. and
Counterclaimant WordPress Foundation*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation, <br><br> Defendants. <br><hr> AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation, <br><br> Counterclaimants, <br><br> v. <br><br> WPENGINE, INC., a Delaware corporation, <br><br> Counterdefendant. | Case No. 3:24-cv-06917-AMO <br><br> **[PROPOSED] ORDER DENYING AMENDED MOTION FOR CONTEMPT** <br><br><br> Hon. Araceli Martínez-Olguín |

Gibson, Dunn &
Crutcher LLP

Non-Party Michael Willman has filed an Amended Motion for Contempt pursuant to Federal Rule of Civil Procedure 71.

Having fully considered the papers, and the entire record herein, the Court finds that:

Mr. Willman lacks standing to bring a contempt motion pursuant to Rule 71 because he is not an intended beneficiary of the Preliminary Injunction. *See DBD Credit Funding LLC v. Silicon Lab'ys, Inc.*, No. 16-CV-05111-LHK, 2016 WL 6893882, at *9 (N.D. Cal. Nov. 23, 2016) (Rule 71 limited to "situations in which a non-party is specifically identified as a beneficiary of an order, or the order specifically grants the non-party a form of relief." (cleaned up)).

Additionally, Mr. Willman fails to demonstrate by clear and convincing evidence that Defendant Automattic Inc. and Matthew Charles Mullenweg violated the Preliminary Injunction. *See SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, No. C 11-4991 CW, 2015 WL 13719574, at *5–6 (N.D. Cal. May 1, 2015) (denying plaintiffs' civil contempt motion because plaintiffs failed to show by "clear and convincing evidence" that a permanent injunction was violated). Mr. Willman points to no evidence establishing that Defendants failed to act in substantial compliance with the Preliminary Injunction or that their actions were not based on a reasonable, good-faith interpretation of the Preliminary Injunction. The Preliminary Injunction "does not preclude wordpress.org's ability to ensure the security and operability of its site consistent with procedures and policies in place as of September 20, 2024," Dkt. 64, at 41, and Mr. Willman has not demonstrated that Defendants' actions were inconsistent with such procedures and policies.

Additionally, Mr. Willman fails to comply with Federal Rule of Criminal Procedure 42's requirements for a motion for criminal contempt. *See Craters & Freighters v. Daisychain Enters.*, No. C 09-04531 CW, 2014 WL 3899239, at *3 (N.D. Cal. Aug. 7, 2014) ("Any motion for criminal contempt must be made in compliance with the requirements of due process and Federal Rule of Criminal Procedure 42.").

Additionally, Mr. Willman fails to demonstrate that Defendants willfully violated the Preliminary Injunction, as required to establish criminal contempt. *See Clemente v. United States*, 766 F.2d 1358, 1367 (9th Cir. 1985) ("To sustain a judgment of criminal contempt, willful disobedience must be proved beyond a reasonable doubt.").

Accordingly, **IT IS HEREBY ORDERED** that Non-Party Michael Willman's Amended Motion for Contempt is **DENIED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Date:

_____
Hon. Araceli Martínez-Olguín
UNITED STATES DISTRICT JUDGE

Gibson, Dunn &
Crutcher LLP