UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WPENGINE, INC.,

Plaintiff,

v.

AUTOMATTIC INC., et al.,

Defendants.

Case No. 24-cv-06917-AMO   (ASK)

**ORDER RE: DISCOVERY DISPUTE**

Re: Dkt. Nos. 177, 266

Before the Court is a discovery dispute letter between Plaintiff WPEngine, Inc. ("WPE") and Defendants Matthew Mullenweg and Automattic Inc. ("Automattic"). Dkt. 266. As a preliminary matter, the Court apologizes to the parties for not realizing that the same dispute had been raised in a prior discovery dispute letter. *See* Dkt. 177. The Court's automated search for pending motions did not identify that earlier dispute letter, potentially because it predated the undersigned's appointment. By this order, the Court resolves both dispute letters.

Via these discovery dispute letters, WPE plausibly contends that Mr. Mullenweg—at least in his own capacity, and potentially as an officer and agent of Automattic—has deleted relevant documents or allowed such documents to be deleted after an obligation to preserve was triggered. These allegations, particularly when taken together, are concerning.

The Court finds Defendants' response unsatisfying. Defendants discuss the various categories of Mullenweg custodial documents that they did produce. But, of course, in a case of alleged spoliation, what matters is what was allegedly deleted or left unpreserved. And Defendants' response appears to elide that topic. Specifically, WPE alleges the deletion of X.com posts, a "Post Status Stack Channel," and "plugin reviews from wordpress.org." Dkt. 266-1 ¶¶ 5-6. But Defendants' portion of the discovery dispute letter says nothing about these allegedly deleted

materials.

Defendants' rebuttal of disappearing Signal messages is better, but still leaves questions pending. Defendants state that "Mr. Mullenweg never activated the ephemeral messaging function on WhatsApp, Signal, or Telegram." Dkt. 266 at 3. But WPE's claim is that Mr. Mullenweg solicited third parties *to contact him* via Signal with disappearing messages—meaning that it may well have been third parties, and not Mr. Mullenweg, who activated the ephemeral messaging function. Defendants do little to advance their cause by observing that: "WP Engine also has never identified a single person who purportedly accepted Mr. Mullenweg's public invitation (prior to this lawsuit being filed) to contact him via Signal." Dkt. 266 at 4. It is not clear how or why WPE was expected to know such information. And the parenthetical carve-out for communications "(prior to this lawsuit being filed)" is potentially a significant concession. *Id*.

Ultimately, given the extent to which this case has been litigated, WPE's requested relief— a sworn declaration from Mr. Mullenweg addressing certain preservation topics—does not seem particularly onerous. The proposed declaration falls short, however, of providing the information that most interests the Court, namely an explanation for what happened with respect to: (i) the alleged disappearing messages on Signal, (ii) the alleged deletion of X.com posts, (iii) the alleged deletion of the Slack channel, and (iv) the alleged deletion of plug-in reviews from wordpress.org. The Court therefore adds these topics to the requested declaration.

Accordingly, the Court orders Defendants to provide a sworn declaration from Mr. Mullenweg and/or counsel or someone working at the direction of counsel, as appropriate (depending on who possessed the relevant knowledge) detailing:

(a) the dates and extent of Mr. Mullenweg's usage of WhatsApp, Signal and Telegram for communications relevant to this litigation;

(b) what steps he took to preserve communications from each platform and when;

(c) whether any auto-delete or disappearing messages features were enabled during the relevant preservation period;

(d) the date ranges of any preserved communications from each platform;

(e) the date ranges for any deleted communications from each platform;

United States District Court
Northern District of California

United States District Court
Northern District of California

(f) the preservation status of Mr. Mullenweg's X.com direct messages, as well as any screenshots from Post Status Slack that counsel claims to have captured; and

(g) an explanation for what happened with respect to: (i) the alleged disappearing messages on Signal, (ii) the alleged deletion of X.com posts, (iii) the alleged deletion of the Slack channel, and (iv) the alleged deletion of plug-in reviews from wordpress.org.

The declaration(s) should be produced at least four business days before Mr. Mullenweg's deposition. Mr. Mullenweg should be prepared to answer questions at his deposition regarding any such declaration on matters appropriately within his knowledge. To the extent that there are unproduced, responsive documents relating to item (f), those documents should be produced promptly, so as not to prejudice WPE's deposition preparation.

**IT IS SO ORDERED.**

Dated: April 28, 2026

AJAY KRISHNAN
United States Magistrate Judge

3