UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| WPENGINE, INC., <br><br> Plaintiff, <br><br> v. <br><br> AUTOMATTIC INC., et al., <br><br> Defendants. | Case No. 24-cv-06917-AMO  (ASK) <br><br> **ORDER RE: DISCOVERY DISPUTE** <br><br> Re: Dkt. Nos. 269, 270 |

With respect to Defendant Automattic's discovery dispute letter targeting Lee Wittlinger and David Zhang (Dkt. 269) and Mssrs. Wittlinger and Zhang's response (Dkt. 270), the Court **DENIES** without prejudice the request to perform a separate search of those individuals' devices. This denial is based on the representation from the individuals' counsel, which they share with Silver Lake Technology Management ("Silver Lake") and Plaintiff WPEngine, Inc. ("WPE"), that the same documents are being produced in response to a subpoena to Silver Lake. As to search terms, Silver Lake is ordered to share the search terms used to identify documents responsive to the subpoena with Automattic. Automattic may argue in a subsequent discovery dispute letter that Silver Lake's search terms were inadequate, and if Automattic prevails, Silver Lake and/or Mssrs. Wittlinger and Zhang risk being ordered to produce additional documents on short order and sit for an additional deposition. Accordingly, the Court strongly recommends that counsel for both Automattic and Silver Lake work cooperatively to address the production of documents before the upcoming depositions.

Additionally, given the imminence of the fact discovery cut-off, the Court rescinds Judge

Ryu's prior requirement to obtain prior approval before filing a discovery dispute letter. Her admonition regarding the consequences of inadequate meet and confer remains in place.

**IT IS SO ORDERED.**

Dated: April 28, 2026

_____
AJAY KRISHNAN
United States Magistrate Judge