IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>AUTOMATTIC INC., a Delaware corporation;<br>MATTHEW CHARLES MULLENWEG, an<br>individual; and WOOCOMMERCE INC., a<br>Delaware corporation,<br><br>            Defendants.<br><hr>AUTOMATTIC INC., a Delaware corporation;<br>MATTHEW CHARLES MULLENWEG, an<br>individual; WORDPRESS FOUNDATION, a<br>California corporation; and WOOCOMMERCE<br>INC., a Delaware corporation,<br>            Counterclaimants,<br><br>    v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>            Counterdefendant. | Case No. 3:24-cv-06917-AMO<br><br>**ORDER DENYING AMENDED MOTION FOR CONTEMPT**<br><br><br>Hon. Araceli Martínez-Olguín |

Non-Party Michael Willman has filed an Amended Motion for Contempt pursuant to Federal Rule of Civil Procedure 71.

Having fully considered the papers, and the entire record herein, the Court finds that:

Assuming, without deciding, that Mr. Willman has standing to bring a contempt motion, he fails to demonstrate by clear and convincing evidence that Defendant Automattic Inc. and Matthew Charles Mullenweg violated the Preliminary Injunction. *See SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, No. C 11-4991 CW, 2015 WL 13719574, at *5–6 (N.D. Cal. May 1, 2015) (denying plaintiffs' civil contempt motion because plaintiffs failed to show by "clear and convincing evidence" that a permanent injunction was violated). Mr. Willman points to no evidence establishing that Defendants failed to act in substantial compliance with the Preliminary Injunction or that their actions were not based on a reasonable, good-faith interpretation of the Preliminary Injunction. The Preliminary Injunction "does not preclude wordpress.org's ability to ensure the security and operability of its site consistent with procedures and policies in place as of September 20, 2024," Dkt. 64 at 41, and Mr. Willman has not adequately demonstrated that Defendants' actions were inconsistent with such procedures and policies.

Additionally, Mr. Willman fails to comply with Federal Rule of Criminal Procedure 42's requirements for a motion for criminal contempt. *See Craters & Freighters v. Daisychain Enters.*, No. C 09-04531 CW, 2014 WL 3899239, at *3 (N.D. Cal. Aug. 7, 2014) ("Any motion for criminal contempt must be made in compliance with the requirements of due process and Federal Rule of Criminal Procedure 42."). He has not "file[d] a proposed order that gives notice to Defendants[,] . . . states the essential facts constituting the charged criminal contempt and describe[s] it as such[,]" appoint[s] the United States Attorney for this district as a special prosecutor[,] and include[s] a brief [statement] specifying the due process protections that must be provided, such as the maximum sentence, the right to a jury trial and the right to appointed counsel." *Craters & Freighters v. Daisychain Enters.*, No. C 09-4531 CW, 2015 WL 12941881, at *6 (N.D. Cal. Apr. 23, 2015) (internal quotations and citation omitted).

Mr. Willman also fails to demonstrate that Defendants willfully violated the Preliminary Injunction, as required to establish criminal contempt. *See Clemente v. United States*, 766 F.2d 1358,

1367 (9th Cir. 1985) ("To sustain a judgment of criminal contempt, willful disobedience must be proved beyond a reasonable doubt.").

Accordingly, **IT IS HEREBY ORDERED** that Non-Party Michael Willman's Amended Motion for Contempt is **DENIED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: May 1, 2026

_____
Hon. Araceli Martínez-Olguín
UNITED STATES DISTRICT JUDGE