May 7, 2026
Hon. Ajay S. Krishnan
Re: *WPEngine, Inc. v. Automattic Inc. et al.*, No. 3:24-cv-06917 (N.D. Cal.)

Dear Judge Krishnan:

WP Engine, Inc. ("WPE") and Audrey HC, LLC and Audrey Capital, LLC (together, "Audrey") respectfully submit this joint letter brief regarding Audrey's response to WPE's subpoenas.

## I.    WPE'S POSITION

WPE served subpoenas on Audrey in September 2025. Audrey agreed to produce responsive documents. Seven months later, with less than two weeks left in fact discovery, it has produced none.

Audrey is not a peripheral witness. It consists of two entities directly controlled by Defendant Matthew Mullenweg (one of which Automattic has referred to as ▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬), and Audrey appears to employ the individuals who control wordpress.org— conduct and control that lie at the center of this litigation. For example, discovery has revealed that Audrey employee Samuel "Otto" Wood was ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Moreover, discovery also suggests that ▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬. Fuoco Decl. Ex. A. The WordPress Foundation's finances and accounting are directly at issue in this case.

Given Audrey's central role in this dispute, WPE's subpoenas requested relevant categories of documents directly bearing on the claims and defenses in this case, including:

1. Documents and communications regarding Defendants' nuclear war against WPE (Fuoco Decl. ¶ 3 (RFP 16));
2. Documents and communications relating to the trademarks at issue in this action and the licensing of any trademarks by Defendants (*id.* (RFP 14)); and
3. Documents and communications relating to, *inter alia*, WPE's use of the trademarks at issue in this action, WPE's ACF plugin, WPE's contributions to the WordPress community, the code WPE makes available to its customers, and Defendants' statements at the center of WPE's defamation claims (*id.* (RFP 15)).

Audrey has two justifications for producing nothing to date. First, Audrey claims that *Defendants* have produced their responsive documents for them. Fuoco Decl. ¶ 8. That is false on its face, but even if true, would not excuse Audrey's independent production obligations. WPE is entitled to know the custodial sources for all documents produced in this case, and Audrey is obligated to preserve all documents and associated metadata. Second, Audrey's claim that they searched Mr. Wood's documents and did not find any non-duplicative responsive materials, *id.* ¶ 16, is alarming given his involvement in the events at issue and—if true—establishes spoliation.

### A.    Audrey's Document Production and Preservation Failures

Audrey's representation that it has somehow produced through Defendants is demonstrably false. Three facts, each independently dispositive, establish as much:

1. No custodian disclosed by Defendants is identified as an Audrey employee. Fuoco Decl. ¶ 9.

1

2. No document produced by Defendants bears an Audrey bates stamp. *Id.*
3. Mr. Wood—an Audrey employee who controls wordpress.org and was directly involved in the events at issue in this litigation—is not on Defendants' custodian list. *Id.*

When WPE raised these deficiencies, Audrey agreed only to produce Mr. Wood's emails and a single Slack channel, and Audrey later represented in writing that their review of Mr. Wood's documents "did not identify any responsive materials." *Id.* ¶¶ 10-16. After receiving an earlier draft of this letter pointing out their representation must mean they destroyed relevant documents, Audrey claimed (on a third meet and confer call) what they really meant was that Mr. Wood did not have "nonduplicative" responsive materials. *Id.* ¶ 16. Either way, given Mr. Wood's role █████

Audrey's purported inability to find responsive materials in Mr. Wood's possession leads to the same conclusion: they were destroyed. Communications in Automattic's and DreamHost's production regarding Mr. Wood show that responsive non-duplicative documents existed at one point. *Id.* ¶ 16. For instance, one email from Defendants' production shows ████████████ ████████████████████████████████████████████████, yet the full conversation is absent from Audrey's and Defendants' production, and Audrey's portion of this letter does not deny the full conversation has been withheld. Additionally, although Defendants admit Mr. Wood was ██████████████████████████████████ neither Audrey nor Defendants appear to have produced his notes, drafts, or communications (outside of Slack) regarding this work. *Id.* Indeed, Audrey has conspicuously avoided saying whether it searched Mr. Wood's hard drives, shared drives, or messaging applications—or those of any other Audrey employee apart from Mr. Mullenweg—to determine whether these highly relevant documents existed or were deleted, which Defendants seem to have a history of doing. Dkts. 266, 272. (Indeed, Defendants' recent court-ordered declaration admits ████████████████████████ ████████████████████████████████████████████████████ ████████████████ ) And now, Defendants and Audrey attempt to obfuscate the apparent spoliation by withholding the names of custodians Audrey searched, refusing to say when Audrey's production will be complete, and refusing to identify which documents Audrey purportedly routed through Defendants. *Id.* ¶ 15.

Third party DreamHost's production in this action also affirmatively disproves any claim that Audrey's responsive documents are contained within Defendants' production. DreamHost produced emails showing ████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████ (*id.* Exs. B, D, E). None of these Audrey communications appears in Defendants' production, although they are clearly responsive to WPE's document requests. Nor has Audrey produced them.

Finally, although Audrey argues this motion should be denied because Audrey is still investigating the issues, WPE has been asking Audrey to remedy and explain its failure to produce documents for over five months now. *Id.* ¶ 6. The items at the core of this motion—identifying Audrey's purportedly produced documents and ensuring Audrey has preserved and searched custodians and document sources in its control—have been at issue since at least January 23, 2026. *Id.* ¶ 10.

Audrey repeatedly ignored WPE's many attempts to follow up on these issues, *id*. ¶¶ 10-16, and the fact that additional materials came to light further indicating Audrey's preservation and collection failures to do not make these "new issues." Audrey's sudden offer to "act in good faith" only after this motion was brought, and with less than two weeks left in fact discovery, is belied by their previous conduct and fails to address the relief WPE requests in this motion.

### B.     **WPE's Proposed Compromise**

To avoid burdening the Court, WPE offered during the conferral process that Audrey should produce all relevant and responsive documents by a date certain and provide the declaration described below in lieu of further motion practice. Audrey declined.

### C.     **Relief Requested**

WPE requests an order requiring Audrey to respond to WPE's subpoenas and produce all relevant and responsive documents, including Mr. Wood's documents and the Slack channel, and any other responsive documents, and to provide a sworn declaration: (i) identifying by bates number all documents purportedly produced by Audrey through Automattic and correcting the bates custodial metadata to reflect the actual producing party; (ii) explaining why no Automattic-produced documents are sourced from any Audrey custodian; (iii) identifying all Audrey custodians being searched; (iv) confirming, pursuant to Audrey's agreement, complete production of all non-privileged, non-work-product documents responsive to WPE's subpoenas; (v) confirming that searches will encompass hard drives, shared drives, cloud drives, email, text messages, Slack, and all other messaging platforms; (vi) disclosing search terms used for each custodian; (vii) committing to a date certain for completion; (viii) detailing the preservation status of Audrey's documents and communications, including but not limited to those from Mr. Wood; and (ix) explaining in detail what happened with respect to (a) the deletion or loss of Mr. Woods' documents and communications, and (b) the missing, responsive documents identified in the Fuoco declaration.

## II.  **AUDREY'S STATEMENT**

WP Engine's motion seeks two categories of documents, and only two: documents already produced already to WP Engine through party discovery, and documents *that do not exist*. Neither supports an order to compel, much less the nine-part declaration WP Engine demands. Audrey has acted in good faith throughout: it agreed to produce responsive documents, conducted the searches WP Engine requested, performed a supplemental review, and offered to apply Audrey Bates stamps to documents already in WP Engine's possession. Audrey then confirmed no documents are missing. WP Engine's refusal to accept that good-faith response reveals its true motive: to manufacture a dispute on the eve of fact discovery's close.

WP Engine's accusation of *spoliation* is inflammatory and has no basis in fact. It rests on nothing more than dissatisfaction with the volume of production and a mischaracterization of a single statement by counsel. Allegations of spoliation are serious; they should not be made lightly, and they should not be made on this record. No document has been destroyed, no preservation obligation has been breached, and no inference of spoliation is warranted.

### A.     *Audrey's Documents Have Been Produced Through Party Discovery.*

Audrey Capital LLC is Mr. Mullenweg's single-manager-member LLC, used principally for his personal administrative matters, investments, and personal contributions to WordPress. Audrey

HC LLC is a single-manager-member LLC that Mr. Mullenweg uses to employ caretakers for members of his family. Audrey Capital's principal custodian is thus Mr. Mullenweg himself—as WP Engine has known throughout this litigation. Audrey HC has nothing to do with this case.

Mr. Mullenweg is a custodian. Defendants have not withheld any of his documents on the theory that they are third-party Audrey documents. Otto Wood—the only other potentially relevant Audrey custodian whom WP Engine has identified—is paid by Audrey to work on WordPress. Defendants determined early in this litigation that Mr. Wood's only relevant communications were *with Mr. Mullenweg*. That was confirmed again by Defendants' review of Mr. Wood's custodial materials. Thus, WP Engine has Audrey's documents because it has Mr. Mullenweg's documents. WP Engine's "independently dispositive" points do not show otherwise.

**Custodian designation.** WP Engine complains that Defendants failed to identify any Audrey employee as a custodian, but that observation has no significance: Mr. Mullenweg *is* a custodian and Defendants' investigation determined that his documents encompass all potentially relevant communications with Mr. Wood, the one Audrey employee who had minimal involvement in events relevant to this litigation. Audrey also investigated the documents of the only other Audrey employee who works on WordPress.org and Mr. Mullenweg's assistants whose emails appear in the DreamHost documents—and confirmed that no other responsive documents exist.

**Mr. Wood's documents.** Mr. Wood was not listed as a "custodian," but that is beside the point. At WP Engine's request, Defendants reviewed Mr. Wood's emails and Slack messages—and confirmed that Mr. Wood's responsive documents were already produced. WP Engine also says Audrey has not produced Mr. Wood's "notes, drafts, or communications" or said if it searched his "hard drives, shared drives, or messaging applications." But Audrey's investigation encompassed the sources where responsive documents would reside given the nature of Mr. Wood's work. WP Engine's demand that Audrey account for other repositories is grounded in speculation, not evidence. The only document WP Engine cites (the "HackerOne" document) shows Mr. Wood communicating with WordPress volunteers in response to a Slack post by "HackerOne," which sends automated messages about potential security vulnerabilities on WordPress.org's "Make WordPress" Slack instance—which was searched and produced to the extent responsive. WP Engine's claim that it is missing the "full conversation" is another red herring: Any communications that hit on search terms and were responsive (and non-privileged) were produced.

**Bates stamps.** WP Engine complains that responsive Audrey documents bear Defendants' Bates stamps. They do, because they are also Mr. Mullenweg's documents. Defendants offered to consider applying separate "Audrey" Bates stamps to the relevant documents. WP Engine responded by rushing to court. Courts do not require duplicative production to satisfy a labeling complaint. *See Rutherford v. Cent. Bank of Kansas City*, 2025 WL 2432218, at *7 (W.D. Wash. Aug. 21, 2025); *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 697 (D. Nev. 1994).

Mapping WP Engine's requests to what has been produced makes the point concrete: Communications regarding "nuclear war," trademark and licensing, control of wordpress.org, and conflicts-of-interest discussions (requests 10, 12, 14, 16) in nearly every instance involve Automattic custodians and have been produced through party discovery. Communications about WP Engine's ACF plugin, contributions, and the statements underlying WP Engine's defamation claims (request 15) were also produced through party discovery. As were Reimbursable Expenses Schedules reflecting any relevant flows from Automattic to Audrey, in satisfaction of WP Engine's request for documents "sufficient to show" business transactions and relationships among Audrey, Defendants, the Foundation, and wordpress.org (request 6). Defendants have not identified any

transactions between Audrey and the Foundation, and WP Engine has not identified a single transaction it claims is missing. WP Engine's characterization of Audrey as the Foundation's "de facto treasury" rests on a Slack message that, read in full, states the opposite: that Audrey is "Matt's investment fund," "not related to the Foundation, save for two employees who occasionally work on specific projects in WordPress for Matt." Fuoco Decl. Ex. A.

### B.    WP Engine's Inflammatory Spoliation Accusation Has No Basis in Fact.

WP Engine's charge that Audrey's representations "establish[] spoliation" is inflammatory and unsupported. WP Engine distorts a clarification by counsel during a meet-and-confer: Audrey's counsel determined that any responsive material was already produced through party discovery— i.e., that Mr. Wood's files contained no responsive, *non-duplicative* materials. That has been Audrey's consistent position throughout. (WP Engine's aside about Mr. Mullenweg's WhatsApp and Signal messages mischaracterizes his detailed 8-page declaration, which makes clear that he did not use those applications for work or delete any relevant communications from them.)

The DreamHost emails, which WP Engine first raised less than two weeks ago, are scheduling messages from Mr. Mullenweg's assistants. Arranging a meeting on a topic is not a communication about that topic, and any substantive discussions with DreamHost were produced. Based on Defendants' investigation, three of the emails were collected but not reviewed because they did not hit on search terms Defendants disclosed months ago; the fourth does not even involve an Audrey email address. *See* Fuoco Decl. Exs. B–E. That these documents did not surface earlier is a function of the normal discovery process, not "spoliation." Audrey investigated and confirmed that there are no other, non-duplicative, responsive documents to produce.

The Court cannot compel production of nonexistent documents, and "absent any evidence to the contrary, courts presume the parties are answering honestly." *EVO Brands, LLC v. Al Khalifa Grp. LLC*, 2023 WL 5506883, at *5 (C.D. Cal. Aug. 17, 2023). "A requesting party's mere suspicion that additional documents exist is an insufficient basis to grant a motion to compel." *Mizrahi v. Google LLC*, 732 F. Supp. 3d 1068, 1070 (N.D. Cal. 2024); *see also Khan v. Boohoo.com USA, Inc.*, 2021 WL 3882970, at *1 (C.D. Cal. July 19, 2021) (to compel a further search, a party must point to "facts that" the "search was inadequate," not "pure speculation").

### C.    The Relief WP Engine Requests Is Disproportionate and Unwarranted.

WP Engine asks for a sworn declaration covering nine subjects, including a Bates-by-Bates re-mapping of every Audrey document produced through party discovery, identification of custodians and search terms, a detailed account of preservation, and an "explanation" of the supposed "deletion or loss" of Mr. Wood's documents. That last subject presupposes a fact—destruction— that does not exist. The rest is a reopening of discovery protocols just before the close of fact discovery. Rules 45 and 26 do not authorize this grandiose remedy in response to a narrow subpoena dispute that comes down to a labeling preference. If the Court is inclined to issue any order, a far narrower one would suffice: a confirmation that Audrey will confirm in writing the scope of its investigation, collection, and review. Audrey is prepared to do that without an order.

Audrey produced the responsive documents in its possession through the proper custodial channels; searched again where WP Engine identified specific concerns; and confirmed that no responsive, non-duplicative documents exist from any relevant Audrey personnel. Audrey remains prepared to meet and confer regarding any specific, non-duplicative category of documents WP Engine can identify. No order is needed to facilitate that process. The motion should be denied.

Dated:  May 7, 2026

QUINN, EMANUEL URQUHART & SULLIVAN, LLP

By: */s/*

Rachel Herrick Kassabian
Yury Kapgan
Margret M. Caruso
Brian Mack
Gregory A. Fuoco
*Attorneys for Plaintiff WPEngine, Inc.*


GIBSON DUNN & CRUTCHER, LLP

By:  */s/ Joseph R. Rose*
Josh A. Krevitt
Orin Snyder
Michael H. Dore
Joseph R. Rose
Ilissa S. Samplin

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*

**E-FILING ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I hereby attest that counsel for WPEngine, Inc. and the other signatories have concurred in the filing of this document.

/s/

Gregory A. Fuoco