TIMOTHY P. CRUDO, SBN 143835
ef-tpc@cpdb.com
DANIEL M. BRUGGEBREW, SBN 307037
ef-dmb@cpdb.com
RACHEL ROSE SUHR, SBN 323531
ef-rrs@cpdb.com
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663

Attorneys for Defendants
Automattic Inc. and Matthew Charles Mullenweg

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:24-cv-06917-AMO<br><br>**DECLARATION OF DANIEL M. BRUGGEBREW IN SUPPORT OF DISCOVERY LETTER BRIEF REGARDING SILVER LAKE TECHNOLOGY MANAGEMENT, L.L.C.'S COMPLIANCE WITH DEFENDANT AUTOMATTIC INC.'S DOCUMENT SUBPOENAS TO SILVER LAKE, LEE WITTLINGER, AND DAVID ZHANG** |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | Close of Fact<br>Discovery:          May 14, 2026<br><br>Trial Date:          September 14, 2027 |

**BRUGGEBREW DECLARATION ISO DISCOVERY LETTER BRIEF REGARDING SILVER LAKE'S COMPLIANCE WITH AUTOMATTIC'S SUBPOENAS TO SILVER LAKE, WITTLINGER, AND ZHANG**

COBLENTZ PATCH DUFFY & BASS LLP

ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

## DECLARATION OF DANIEL M. BRUGGEBREW

I, Daniel M. Bruggebrew, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner of Coblentz Patch Duffy & Bass LLP, attorneys of record for Defendants Automattic Inc. and Matthew Mullenweg (collectively, "Defendants"). I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. I submit this declaration in support of Automattic's discovery letter brief requesting an order compelling Silver Lake Technology Management, L.L.C. ("Silver Lake") to comply with Automattic's November 5, 2024, document subpoena to Silver Lake and October 10, 2025, document subpoenas to Silver Lake Managing Director Lee Wittlinger and Silver Lake Director David Zhang ("the Individuals"), who also sit on the Board of Directors for Plaintiff WPEngine, Inc. ("WPE").

3. Fact discovery closes on May 14, and Silver Lake still has not produced key documents needed to prepare for the Individuals' depositions, which are scheduled to take place on May 12 (Wittlinger) and May 14 (Zhang).

4. To date, Silver Lake has produced 870 documents, most of which are non-substantive news alert emails, case filings, calendar invites, and hundreds of excel binary files duplicative of data embedded in accompanying PowerPoint presentations. Of the 870, fewer than half are from the Individuals' combined custodial files. Among the approximately 20 text messages produced, none are between ███████████████████, despite the ███████ ████████████████████████████████████.

5. ████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ████████████████████████████████████.

**BRUGGEBREW DECLARATION ISO DISCOVERY LETTER BRIEF REGARDING SILVER LAKE'S COMPLIANCE WITH AUTOMATTIC'S SUBPOENAS TO SILVER LAKE, WITTLINGER, AND ZHANG**

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

6.      Attached as **Exhibit 1** are excerpts of the Silver Lake subpoena requests at issue (Nos. 2, 3, 5, 10, 13, and 14), as well as Silver Lake's responses and objections thereto.

7.      In connection with its April 14 discovery letter brief concerning Individuals' subpoena compliance, Automattic filed excerpts of the Individual subpoena requests that remain at issue here and the Individuals' responses and objections thereto.  *See* Dkt. 269-2.

8.      Silver Lake's compliance with Automattic's subpoena has been the subject of extensive and exhaustive meet-and-confer discussions.[1]  The same is true of the meet-and-confer history respecting the subpoenas to the Individuals.  *See* Dkt. 269-1 ¶ 5 n.1.

9.      On April 28, 2026, the Court denied without prejudice Automattic's discovery letter brief concerning the Individuals' subpoena compliance based on counsel for Individuals representing that "the same documents" that Automattic seeks from the Individuals "are being produced in response to a subpoena to Silver Lake."  Dkt. 273 at 1.

10.     Consistent with the Court's instruction that counsel "work cooperatively to address [Silver Lake's] production of documents before the [Individuals'] upcoming depositions" (*id.*), Silver Lake and Automattic paused preparation of a joint letter brief concerning the Silver Lake subpoena and resumed meet-and-confer discussions regarding both the Silver Lake subpoena and the subpoenas to the Individuals.

11.     Since the Court's April 28 order, Silver Lake and Automattic have exchanged several written proposals and engaged in seven live meet-and-confers in an attempt to resolve their remaining disputes.  Although Silver Lake and Automattic resolved some issues, they were unable to reach agreement as to the issues set forth in the accompanying letter brief.[2]

---

[1] Between January 2025 and February 2026, former defense counsel (Hogan Lovells) or current co-counsel for Defendants (Gibson, Dunn & Crutcher) exchanged at least 17 written communications with Silver Lake's counsel and participated in at least one meet-and-confer call. Since their engagement, undersigned counsel have exchanged at least 14 meet-and-confer communications with Silver Lake's counsel (on March 16, 18, 23, 25, 26, and 27, April 24, 27, 28, and 29, May 2, 4, 5, and 6) and has met and conferred by videoconference or telephone at least 10 times (on March 24, April 23, 24, and 30, and May 1, 4, and 5), including multiple times a day on some days.

[2] Automattic would have preferred, for the sake of completeness, to provide the Court with the

**BRUGGEBREW DECLARATION ISO DISCOVERY LETTER BRIEF REGARDING SILVER LAKE'S COMPLIANCE WITH AUTOMATTIC'S SUBPOENAS TO SILVER LAKE, WITTLINGER, AND ZHANG**

12. In response to the Court's order compelling Silver Lake to disclose the search terms it used to locate the Individuals' responsive documents, Silver Lake disclosed (i) 20 sets of terms under the heading "Email Search Terms" and (ii) four sets under the heading "Phone Search Terms," with date ranges and custodians for each. Silver Lake's search term disclosure is attached hereto as **Exhibit 2**.

13. Of the Wittlinger and Zhang custodial files referred to above at paragraph 4, 314 were produced on May 7 and appear to be documents that hit on the last email search string in Silver Lake's disclosure, insofar as they are—with limited exception—email communications to or from ███████ that do not include WPE senders or recipients in the top-level email.

14. During subsequent meet-and-confer discussions, to assess the adequacy of the search terms, Automattic requested that Silver Lake also disclose how many hits resulted from each search, whether the documents hit upon were reviewed for responsiveness, and whether any documents identified as responsive have been produced by Silver Lake. Silver Lake refused.

15. On May 1, with the stated intention of attempting to reduce Silver Lake's claimed burden of review and production, Automattic proposed that a modified version of the search string that had been requested in its April 14 discovery brief be run over the Individuals' custodial emails for the date range 1/1/21–8/15/25. *Compare* **Exhibit 3** *with* Dkt. 269-1 ¶ 10.

16. On May 4, Silver Lake proposed breaking Automattic's proposed search string into two distinct sets—the "non-financial" and the "financial" search terms—and further proposed that Silver Lake run only the non-financial search terms over the custodial emails, while the financial search terms would not be run at all.

17. With respect to the financial search terms, Silver Lake has continued to refuse to produce any internal Silver Lake communications or communications that include a WPE recipient or sender. The Parties reached impasse on this issue on May 6.

18. With respect to the non-financial search terms, Automattic offered to restrict the

email meet-and-confer record. But the Court's Standing Order limits to 15 pages the materials that can be filed in support of discovery letter briefs. Automattic will provide the complete written record if the Court requests.

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · Fax 415.989.1663

4                                    Case No. 3:24-cv-06917-AMO

**BRUGGEBREW DECLARATION ISO DISCOVERY LETTER BRIEF REGARDING SILVER LAKE'S COMPLIANCE WITH AUTOMATTIC'S SUBPOENAS TO SILVER LAKE, WITTLINGER, AND ZHANG**

number of documents that Silver Lake would need to review by narrowing the relevant date range to 7/1/24–8/15/25, and limiting documents to be produced to those responsive to Individuals' RFPs Nos. 1, 9, 14, and 22. *See* Dkt. 269-2 at 2, 3. Silver Lake refused this proposal. The Parties reached impasse on this issue on May 7.

19. In addition to the dispute over search terms, the Parties reached impasse regarding the production of monthly financial reports that were issued by WPE to Silver Lake between January 2023 and August 2025, which Automattic understands to be outside the Individuals' custodial files. Silver Lake agreed to produce these documents in response to Silver Lake RFP No. 5, but has neither produced them nor represented that their agreement to do so was not conditioned on an agreement with respect to the dispute over the financial search terms. The Parties reached impasse on this issue on May 7.

20. Automattic asks the Court to compel Silver Lake to run the financial search terms (below) over the Individuals' custodial communications, including text messages, for the date range 1/1/21–8/15/25, and to produce documents responsive to Individual RFP Nos. 4 and 6 and Silver Lake RFP Nos. 2, 3, 5, 10, 13, and 14. *See* Dkt. 269-2 at 2; *see also* **Ex. 1.**

21. Automattic further asks the Court to compel Silver Lake to run the non-financial search terms (below) over the Individuals' custodial communications, including text messages, for the date range 7/1/24–8/15/25, and to produce documents responsive to Individual RFP Nos. 1, 9, 14, and 22. *See* Dkt. 269-2 at 2, 3.

**BRUGGEBREW DECLARATION ISO DISCOVERY LETTER BRIEF REGARDING SILVER LAKE'S COMPLIANCE WITH AUTOMATTIC'S SUBPOENAS TO SILVER LAKE, WITTLINGER, AND ZHANG**

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

DATED:  May 11, 2026                    COBLENTZ PATCH DUFFY & BASS LLP


By:     /s/ Daniel M. Bruggebrew
        Daniel M. Bruggebrew
        *Attorney for Defendants*
        Automattic Inc. and Matthew Charles Mullenweg

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

**BRUGGEBREW DECLARATION ISO DISCOVERY LETTER BRIEF REGARDING SILVER LAKE'S COMPLIANCE WITH AUTOMATTIC'S SUBPOENAS TO SILVER LAKE, WITTLINGER, AND ZHANG**