QUINN EMANUEL URQUHART & SULLIVAN LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Sara Jenkins (SBN 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Robert Becher (SBN 193431)
robertbecher@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Non-Party Silver Lake Technology Management, L.L.C.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual, <br><br> Defendants. | CASE NO. 3:24-cv-06917-AMO-ASK <br><br> **DECLARATION OF SARA JENKINS IN SUPPORT OF SILVER LAKE'S PORTION OF JOINT DISCOVERY STATEMENT** <br><br> Judge: Honorable Araceli Martínez-Olguín |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation, <br><br> Counterclaimants, <br><br> vs. <br><br> WPENGINE, INC., a Delaware corporation, <br><br> Counterdefendant. | |

13245-00001/18202061.1

## <u>DECLARATION OF SARA JENKINS</u>

I, Sara Jenkins, declare as follows:

1. I am Of Counsel at Quinn Emanuel Urquhart & Sullivan, LLP, counsel for non-party Silver Lake Technology Management, L.L.C. ("Silver Lake" or "SL"). I am licensed to practice law in California and admitted to practice in the Northern District of California. I make this submission in support of SL's portion of the Joint Statement regarding Defendants' motion to compel discovery from Silver Lake. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify thereto.

**WPE's Document Production**

2. In my role as counsel for Plaintiff WPEngine, Inc. ("WPE") in this case, I can confirm that WPE has produced over 630,000 pages of documents in discovery in this case. WPE has produced over 13,000 pages of financial documents, including annual financials, forecasts and projections, valuations, board documents, and ██████████████████████ related to financial matters. Attached as Exhibit 1 is a document prepared at my direction containing a representative summary of the financial documents WPE has produced to date.

3. Some of WPE's production of finance-related documents was made on a voluntary basis, and some of it was made pursuant to an agreement between the parties. Specifically, last month WPE and Defendants reached a comprehensive reciprocal agreement regarding each side's production of financial documents. As part of this reciprocal agreement, both WPE and Defendants agreed to produce a wide array of financial documents. Pursuant to this reciprocal agreement, WPE has produced: (i) Valuations, Board Minutes, and Board Presentations and its ███████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ or to WPE's 409A valuations, for the period 2021-2025; (iii) Financial forecasts approved by WPE's Board of Directors, as well as the underlying basis, for 2021-2025; (iv) Audited financial statements for 2020-2025 and financial statements for 2020-2022, consistent with the categories of financial documents WPE has already produced (including profit and loss statements, balance sheets, and cash flow statements); (v) Quarterly Board Presentations for 2021-2025; and (vi) Board Minutes

DECLARATION OF SARA JENKINS IN SUPPORT OF
SILVER LAKE'S PORTION OF JOINT DISCOVERY STATEMENT

related to ███████████████████████████████████████████████. WPE's production includes many of the categories Defendants are now demanding from SL.

4.    WPE has produced more than 10,000 pages of communications between WPE and SL.  WPE has produced approximately 1,112 emails, including families, that are to, from or copy one or both of the Individuals.

5.    Defendants apparently counted the number of emails between Heather Brunner and Lee Wittlinger by looking at the top email in the chain and not reviewing all emails in a chain.  WPE produced 132 emails from Heather Brunner to Lee Wittlinger, either directly or by copy, 64 of which were addressed to Wittlinger directly, and 32 emails from Wittlinger to Brunner, either directly or by copy.

**SL'S Document Production**

6.    SL has produced 872 documents and 8,099 pages.  470 of these documents, including families, are emails to, from or copying the Individuals.

7.    Prior to the meet and confer with Defendants' counsel at Coblentz Law in April 2026, SL had already agreed to produce, for the relevant time periods, a wide array of documents responsive to requests in Defendants' subpoena to SL ("Subpoena to SL").  SL agreed to produce documents: (i) reflecting complaints about WPE (Request No. 7); (ii) concerning the WordPress Foundation's ownership and control of the trademarks at issue (Request No. 8); (iii) concerning Defendants' marketing of the relevant trademarks; (iv) referencing Automattic, Mr. Mullenweg, and/or WordPress.com relating to (a) potential or actual litigation involving WPE, (b) Defendants' defamatory statements, and (c) the ACF and SCF plugins (Request No. 8); (v) relating to Defendants' blocking WPE from wordpress.org and the related checkbox used to enforce that block (Request No. 8); (vi) concerning the harm or damage Defendants caused to WPE (Request No. 11); and (vii) concerning this action (Request No. 9).  These agreements were the product of over eighteen months of negotiations with Defendants.  On April 29, 2026, SL provided Defendants with the search terms it had used for purposes of fulfilling these offers of production plus one search string SL agreed to run on communications with ████████████████████████  These search terms are as Exhibit 2 to the declaration of Daniel L. Bruggebrew.

-3-    Case No. 3:24-cv-06917-AMO-ASK

DECLARATION OF SARA JENKINS IN SUPPORT OF
SILVER LAKE'S PORTION OF JOINT DISCOVERY STATEMENT

**SL Produced Documents in Response to Many of Defendants' Early April Demands, But Defendants Added More Demands**

8.      Defendants initially sent SL their portion of the joint statement in early April ("Defendants' Early April Draft").  On April 17, 2026, SL exchanged its portion of the joint statement, which resolved many of the demands in Defendants' Early April Draft.

9.      After SL sent Defendants its portion of the joint statement on April 17, 2026, Defendants told SL that they would no longer be filing the joint statement.  Instead, Defendants rewrote their portion of the joint statement, added multiple new demands without conducting a meet and confer, and, on April 20, 2026, they sent SL a new version of their section of the joint statement ("Defendants' Late April Draft").

10.     In Defendants' Early April Draft, Defendants asked SL for documents referenced in what they referred to as a pre-incident forecast.  SL pointed Defendants to three different versions of one of the requested documents in WPE's production.  SL also subsequently produced other documents referenced in the pre-incident forecast.

11.     In Defendants' Early April Draft, Defendants sought production of "Investment Models." SL told Defendants that the "Investment Models" are reports from independent valuation firm ████████████████████ and SL produced them.  In Defendants' Late April Draft, Defendants demanded for the first time that SL produce the source of capitalization and forecast information in the "Investment Models."

12.     Without meeting and conferring beforehand, Defendants inserted an entirely new demand in Defendants' Late April Draft—for a ██████████████████████████████ ██████████████████████████████.  Defendants separately asked WPE for identical information.  WPE notified Defendants that, pursuant to an NDA between WPE and ██████, WPE had provided notice to ██████ that WPE intended to produce the requested documents to Defendants.  On April 27, 2026, ██████ requested that WPE and Defendants agree to certain conditions regarding the handling of these documents before WPE produces them. WPE agreed to ██████ conditions.  Defendants have not responded to ██████ request.  WPE intends to produce the documents to Defendants as soon as they agree to ██████ conditions.

13.    Defendants' Early April Draft did not contain a date range for the search string Defendants were asking SL to run on the documents of Messrs. Wittlinger and Zhang (the "Individuals").  Defendants provided a date range for the first time in Defendants' Late April Draft. SL ran Defendants' proposed search string on the email accounts of the Individuals for the time period of January 1, 2021 to August 15, 2025.  SL informed Defendants that the search yielded a high hit count of over 15,000 documents, including family members.

**SL Produced More Documents To Moot Defendants' New Demands**

14.    On April 27, 2026, SL sought to moot the requests in Defendants' Late April Draft in the interest of compromise with a reasonably tailored proposal that was intended to address Defendants' concerns.  SL proposed to (i) produce the sensitivity analyses it created between 2023 and August 15, 2025, as part of its bi-annual analysis of its investment in WPE; (ii) produce documents containing the historical figures contained in the forecasts which bear Bates numbers SilverLake00001210 and SilverLake00001353; (iii) produce final versions of the ███ valuation documents that it previously produced; (iv) produce the final forecasts, projections and capitalization information regarding WPE that Silver Lake sent to ███ in connection with the ███ valuation documents between 2021 and August 15, 2025; (v) produce the portion of its quarterly investor company by company 1-page updates that relate to WPE from January 1, 2023 to August 15, 2025; (vi) produce nonprivileged documents responsive to request No. 14 in the Subpoena to SL that are contained in the shared folders identified by SL as relating to the ███ ███ (vii) produce nonprivileged documents responsive to request No. 14 in the Subpoena to SL that are contained in the shared folders identified by SL as related to a ███ ███ and (viii) produce nonprivileged emails with ███ sent to, from or copying one or both of Messrs. Wittlinger and Zhang that (a) were not sent to or from, or that do not copy, WPE, (b) are responsive to request No. 14 in the Subpoena to SL; and (c) hit on the search terms contained in the draft Declaration of Daniel Bruggebrew in Support of Discovery Letter Brief Regarding Silver Lake Technology Management, L.L.C.'s Compliance with Document Subpoena exchanged on April 20, 2026 (collectively "SL's April 27 Proposal").

DECLARATION OF SARA JENKINS IN SUPPORT OF
SILVER LAKE'S PORTION OF JOINT DISCOVERY STATEMENT

15. Defendants rejected SL's April 27 Proposal out of hand without explanation or counter-proposal. Nonetheless, SL produced the documents it offered to produce in SL's April 27 Proposal.

**On May 1, 2026, Defendants Added New Requests**

16. On April 29, 2026, after midnight, the Court issued an order regarding Defendants' discovery dispute letter targeting Lee Wittlinger and David Zhang (Dkt. 273) ("Order").

17. On May 1, 2026, the parties engaged in a further meet and confer regarding the Order and Defendants' demands in Defendants' Late April Draft. Defendants said they would drop the demands set forth in categories 1 to 4 of Defendants' Late April Draft, which all focused on financial documents and ████████ documents, and withdraw Request No. 6 to the Individuals if SL agreed to honor the commitments in SL's April 27 Proposal. Defendants also said they would withdraw Request No. 3 to SL. Defendants said they sought emails only from Mr. Wittlinger and Mr. Zhang for the time period of January 1, 2021 to August 15, 2025. Defendants said they would also drop Request No. 5 to SL if SL agreed to produce what Defendants referred to as the monthly financial reports it received from WPE. On May 1, at 6:00 p.m., Defendants sent an example of the type of monthly financial report they were referencing, which was titled "May 2025 Review." This was the first time Defendants requested these documents.

18. Defendants also proposed a new search string for SL to run on the Individuals' emails. Although the purported purpose of sending the search string to SL was to narrow Defendants' request, the search string actually added new terms, including MM, ████████ ████, and ██ and modified certain truncated words being used as search in a way that expanded the number of likely hits (such as changing acquir* to acqui*). Defendants asked SL to agree to run their new proposed search string and produce emails responsive to Request Nos. 2, 3, 5, 10, 13, and 14 in the Subpoena to SL and Requests Nos. 1, 4, 6, 9, 14, and 22 in the subpoena to the Individuals, subject to the limitations above.

19. During a call on May 4, 2026, and in a follow-up email on May 5, 2026, SL presented a counter-proposal ("SL's May 4 Proposal"). SL asked Defendants to agree that SL's May 4 Proposal would fully satisfy SL's response to all pending SL-related subpoenas, and that Defendants

DECLARATION OF SARA JENKINS IN SUPPORT OF
SILVER LAKE'S PORTION OF JOINT DISCOVERY STATEMENT

would not pursue a motion to compel against SL or the Individuals nor would they demand any further production of documents from SL or the Individuals.  SL proposed to run most of Defendants' proposed search string virtually verbatim.  SL proposed to modify the string to remove the final few terms directed at ███ valuation communications.  The search string ("Defendants' Core Document Search String") reads as follows:

> ((Mullenweg OR MM) w/15 (war OR sue OR suing OR sued OR lawsuit OR legal OR nuclear OR scorched OR WooCommerce OR disabl* OR control* OR Davies OR valuation OR invest* OR acqui* OR keynote OR "feed off" OR parasit* OR "nothing back" OR Brunner OR Heather OR mark OR marks OR (access* w/10 (WordPress OR WP OR "W.org" OR "W org")) OR extort* OR license* OR threat* OR demand* OR anticompetitive OR deceiv* OR monopol* OR antitrust OR chaos OR retaliat* OR "Advanced Custom Fields" OR ACF OR "Secure Custom Fields" OR SCF OR "seized control" OR takeover OR "take over" OR "took over OR block* OR fork* OR "wordpressenginetracker.com" OR steal* OR "check box" OR checkbox OR "check a box"))

20.    SL offered to apply Defendants' Core Document Search String across the Individuals' emails for the full date range Defendants have requested—January 1, 2021 to August 15, 2025.  SL explained that Defendants' Core Document Search String yielded approximately 5,000 hits including family members over the time period of January 1, 2021 to August 15, 2025.  SL said it would review those hits and produce nonprivileged documents responsive to Requests No. 1, 9, 14, and 22 to the Individuals, which are the requests in the Late April Draft and Defendants' joint statement against the Individuals (Dkt. 269) that are focused on the events at the center of this case, and are not focused on financial and ███ documents.

21.    SL also offered to honor SL's April 27 Proposal.  In addition, as part of SL's May 4 Proposal and in response to Defendants' request, SL offered to promptly produce monthly versions of WPE's financial reviews comparable to the "May 2025 Review" documents Defendants sent to SL.  This offer covered the period of January 1, 2023 to August 15, 2025.

**Defendants First Offered To Substantially Narrow The Scope of SL's Production But Then Retracted Their Offer The Next Day**

22.    During a May 5, 2026 meet and confer call, Defendants rejected SL's May 4 Proposal and made a proposal to reduce the number of emails that SL would need to review.

-7-

DECLARATION OF SARA JENKINS IN SUPPORT OF SILVER LAKE'S PORTION OF JOINT DISCOVERY STATEMENT

23.    Defendants said they would be satisfied if SL ran the Defendants' Core Document Search String for the date range of July 1, 2024 to August 15, 2025 and produced nonprivileged documents responsive to Requests No. 1, 9, 14, and 22 to the Individuals. Even though SL and Defendants never reached a compromise agreement, SL has reviewed the Individuals' emails that hit on Defendants' Core Document Search String and produced responsive documents.

24.    Defendants asked that SL agree to run the following additional search string that Defendants sent on May 1, 2026, which was not included in SL's May 4 Proposal:  ((WPE OR WPEngine OR "WP Engine" OR WordPress) w/8 (sale* OR sell OR valu* OR acquis* OR purchase* OR stake* OR model* OR saving* OR "███████" OR ███ OR ████ OR ██ OR ████ OR ██ OR (cost w/3 (reduce* OR cut)) ("Defendants' Expanded Search String"). Defendants said they were only asking SL to review hits resulting from Defendants' Expanded Search String that are emails to, from, copying, or blind copying WPE, ████████, and ███, and that they were only asking SL to produce emails that are communications to, from, copying, or blind copying WPE, ████████, and ███ that are responsive to Request No. 4 to the Individuals and Mr. Zhang and Requests Nos. 2, 10, 13, and 14 to SL. When SL asked if they would agree to allow SL to exclude emails to WPE, Defendants asked for hit counts. The proposal Defendants conveyed during the call did not require SL to review or produce purely internal communications between SL's employees.

25.    On the morning of May 6, 2026, Defendants' counsel emailed SL's counsel and retracted the offer Defendants had made the night before. Defendants again demanded that SL review all emails regardless of the sender or recipient.

26.    The hit count for Defendants' Expanded Search String is 12,401 documents including families. It would take an attorney approximately 38 business days to review these documents, based on an estimated review rate of 40 documents per hour.

**Defendants Have Served Numerous Third Party Subpoenas for ████████ and Finacial Documents**

27.    Defendants served subpoenas on a number of third parties seeking documents related to financial issues and/or ████████. Defendants have served subpoenas on ████████

DECLARATION OF SARA JENKINS IN SUPPORT OF
SILVER LAKE'S PORTION OF JOINT DISCOVERY STATEMENT

████████████████████ Defendants' subpoenas to ███████████ sought, among other things, communications with SL regarding ███████ or SL's interest in WPE and valuations and financial assessments of WPE, including SL's interest.

28. ██████ has produced 252 documents consisting of over 6,000 pages in response to the subpoena served on it. ████ has produced 383 documents, including 86 emails to, from or copying the Individuals.

29. Defendants served a subpoena on ████ seeking, among other things, communications with WPE or SL about valuation and ██████ internal valuation analyses. In addition, Defendants served subpoenas on ████████████████████████████ ████████████████████████████ These subpoena seek, among other things, (i) documents regarding ██████████, (ii) documents regarding WPE's valuation; (iii) financial assessments of WPE; and (iv) valuations of SL's interest in WPE.

30. Jason Teichman, former Chief Operating Officer at WPE, testified at his March 20, 2026 deposition that ████████████████████████████ Teichman Dep. Tr. 39:3-4.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on this 11th day of May, 2026, in San Mateo, California.

QUINN EMANUEL URQUHART & SULLIVAN LLP

/s/ Sara Jenkins
Sara Jenkins
*Attorneys for Non-Party Silver Lake Technology Management, L.L.C.*

Case No. 3:24-cv-06917-AMO-ASK
DECLARATION OF SARA JENKINS IN SUPPORT OF SILVER LAKE'S PORTION OF JOINT DISCOVERY STATEMENT