Raymond O. Aghaian (SBN 218294)
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Tel: (310) 820-8800
Fax: (310) 820-8859
Email: raghaian@bakerlaw.com

*Attorneys for Non-Party*
DREAMHOST, LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOMATTIC, INC. a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Defendants. | **Case No.** 3:24-cv-06917-AMO<br><br>**NON-PARTY DREAMHOST, LLC'S STATEMENT IN CONNECTION WITH PLAINTIFF'S ADMINISTRATIVE MOTION RE: SEALING PURSUANT TO LOCAL RULE 79-5**<br><br>Hon. Araceli Martínez-Olguín |
| AUTOMATTIC, INC. a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>vs.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant, | |

1

Pursuant to Civil Local Rule 79-5, Non-Party DreamHost, LLC ("DreamHost") respectfully submits this statement in connection with Plaintiff WPEngine, Inc.'s ("WPE") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Administrative Motion"), with the accompanying declarations of Raymond O. Aghaian and Christopher S. Ghazarian.

On May 7, 2026, WPE filed an administrative motion pursuant to N.D. Cal. Civil Local Rule 79-5(f), which authorizes a "Filing Party" to seek to seal a document where it is a document that "has been designated as confidential by another party" (i.e., a "Designating Party").  Pursuant to N.D. Cal. Civil Local Rule 79-5(c)(1), and in connection with WPE's Administrative Motion, DreamHost submits this statement as the Designating Party to support continued sealing of material it designated as confidential, based on the applicable legal standard.

On April 22, 2025, WPE served a third-party subpoena on DreamHost related to the present case.  Ghazarian Decl. ¶ 6; Aghaian Decl. ¶ 3.  After several meet and confer attempts, WPE filed a Motion to Compel against DreamHost in the Central District of California (*In re: Third Party Subpoena Issued to DreamHost, LLC*, Case No. 8:25-mc-00025-MRA-DFM) on November 11, 2025. Ghazarian Decl. ¶ 8. On December 16, 2025, the Court ordered DreamHost and WPE to meet and confer on search terms, custodians, and date ranges with the intention for DreamHost to ultimately produce documents responsive to WPE's subpoena. There, despite DreamHost's concerns about being subject to a protective order in which it had no role in drafting, The Court stated that it would proceed on the assumption that the protective order would adequately address DreamHost's concerns.  Aghaian Decl. ¶ 5. DreamHost ultimately produced documents to WPE on or about April 6, 2026, which it designated as "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY". Aghaian Decl. ¶ 6. WPE has continued to request additional documents from DreamHost and DreamHost is working through these requests in an effort to conclude In re: Third Party Subpoena Issued to DreamHost, LLC. *See* Aghaian Decl. ¶ 7. For

2

reasons stated herein as well as the accompanying declarations of Raymond O. Aghaian and Christopher S. Ghazarian, Non-Party DreamHost respectfully requests that DreamHost Designated Materials remain sealed.

While the strong presumption of public access to judicial documents applies to dispositive motions, a lower standard applies to materials attached to motions that are "not related, or only tangentially related, to the merits of a case." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir.2006); *See also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). With such motions, "the usual presumption of the public's right of access is rebutted." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). A party seeking to seal documents attached to such motions nevertheless must meet the lower "good cause" standard under Rule 26(c). *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Good cause requires the requesting party to make a particularized showing that specific prejudice or harm will result if the information is disclosed. *Phillips*, 307 F.3d at 1211 (internal quotation marks and edits omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (internal quotation marks and edits omitted).

Courts in this Circuit have consistently held that confidential business information, pricing terms, contract negotiations, trade secrets, and materials that could harm competitive standing satisfy the sealing standard, including under the more demanding "compelling reasons" standard. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *See also Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878, 2020 WL 5576346 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for sealing "information that, if published, may harm …

3

competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets . . ”); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (“finding sealable information that plainly falls within the definition of ‘trade secrets.’”). Additionally, “[d]istrict courts within the Ninth Circuit have found that a party's legitimate interest in ensuring the privacy of personal information outweighs the public's interest in access to court filings.” *Richter v. Oracle Am., Inc.*, No. 22-CV-04795-BLF, 2023 WL 5663217, at *2 (N.D. Cal. Aug. 30, 2023).

Here, the Joint Discovery Letter concerns a discovery dispute, not the merits of WPE's claims. As such, this discovery matter is unrelated to the merits of the case and therefore the Court should apply the “good cause” standard. Additionally, DreamHost's request is narrowly tailored to the specific portions of WPE's filing and exhibits that disclose DreamHost's confidential commercial information, negotiation history, pricing-related terms, and employee PII. No less restrictive alternative is sufficient because disclosure of the redacted passages or provisionally sealed exhibits would reveal the very information for which sealing is sought.

The chart below provides a summary of the basis for sealing:

| Document Description | Bates No. | Reason for Sealing |
|---|---|---|
| Fifth highlighted portion on page 2 of Joint Discovery Letter | Information from DREAM0000326 through -29; DREAM0000397 through -98; DREAM0000427; and DREAM0000445 | Discloses business relationship/potential business relationship; discloses confidential business negotiations and contemplated pricing terms |
| Highlighted Material in ¶ 16 of WPE's Supporting Declaration Regarding DreamHost's Production (Declaration of Gregory A. Fuoco) | Information from DREAM0000147 through -50 | Discloses business relationship/potential business relationship; discloses confidential business negotiations and contemplated pricing terms |
| Exhibit B to WPE's Supporting Declaration | DREAM0000326 through -29 | Discloses confidential business relationship information and non-public |

4

| | | |
|---|---|---|
| (Declaration of Gregory A. Fuoco) | | employee PII, including name, phone number, and email address |
| Exhibit C to WPE's Supporting Declaration (Declaration of Gregory A. Fuoco) | DREAM0000397 through -98 | Discloses confidential business relationship information and non-public employee PII, including name and email address |
| Exhibit D to WPE's Supporting Declaration (Declaration of Gregory A. Fuoco) | DREAM0000427 | Discloses confidential business relationship information and non-public employee PII, including name and email address |
| Exhibit E to WPE's Supporting Declaration(Declaration of Gregory A. Fuoco) | DREAM0000445 | Discloses confidential business relationship information and non-public employee PII, including name and email address |

Good cause exists to seal the portions of the Joint Discovery Letter and Fuoco Declaration that disclose DreamHost Designated Materials. Those portions contain confidential, non-public information concerning DreamHost's actual and potential business relationships, negotiation history, and contemplated pricing terms. Public disclosure would allow DreamHost's competitors, including WPE, to assess DreamHost-specific commercial terms, negotiation posture, and business strategy in connection with its commercial relationships. That information is not public and would give competitors an unfair advantage in negotiations, pricing, positioning, and partner strategy. The proposed redactions are narrowly tailored because they are limited to the portions of WPE's filing that disclose DreamHost's confidential commercial information. See Ghazarian Decl. ¶ 10-12.

Exhibits B through E to the Fuoco Declaration also contain DreamHost's confidential commercial information and personally identifiable information of DreamHost employees, including names, phone numbers, and email addresses. Courts routinely find that "compelling reasons exist to seal sensitive personal

5

information such as financial information, […] phone numbers, and addresses." *Hadley v. Kellogg Sales Co.*, No. 16-CV-04955-LHK, 2018 WL 7814785, at *3 (N.D. Cal. Sept. 5, 2018). Where "documents divulge confidential personal and financial information unrelated to the public's understanding of the judicial proceeding . . . there is compelling reason to file the documents under seal." *Tran v. Mayorkas*, No. 22-CV-02983-HSG, 2023 WL 6284516, at *2 (N.D. Cal. Sept. 25, 2023). Documents which reveal phone numbers and email addresses are considered a type of personal information that warrants sealing. *See also Snapkeys, Ltd. v. Google LLC*, No. 19–CV–02658– LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (compelling reasons found to seal past and present employee PII, including emails and phone numbers, contained in exhibits to a dispositive motion) (citing to *Am. Automobile Ass'n of N. Cal., Nev., & Utah*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (compelling reasons found to seal PII, "including names, […] phone numbers, and email addresses"); *Benedict v. Hewlett-Packard Co.*, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014)).

Sealing Exhibits B through E is necessary and narrowly tailored. The confidential business terms, negotiation context, and employee identifying information appear throughout those exhibits, so redaction would leave little meaningful public content and would not adequately protect DreamHost's confidential information. *See* Ghazarian Decl. ¶ 10-12.

For the foregoing reasons, DreamHost respectfully requests that the Court maintain under seal the DreamHost Designated Materials identified above.

Dated:  May 14, 2026

Respectfully submitted,
BAKER & HOSTETLER LLP

By:  */s/ Raymond O. Aghaian*
_____
Raymond O. Aghaian

*Attorneys for Respondent*
DREAMHOST, LLC

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above document will be served at the time of filing on all counsel of record via the Court's electronic filing system.

*/s/ Raymond O. Aghaian*
Raymond O. Aghaian
