QUINN EMANUEL URQUHART & SULLIVAN, LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for WPEngine, Inc*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>             Plaintiff,<br><br>      vs.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation<br><br>             Defendants. | CASE NO. 3:24-cv-06917-AMO-ASK<br><br>**DECLARATION OF SARA JENKINS IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL (DKT. 277)**<br><br>Magistrate Judge Ajay S. Krishnan |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>             Counterclaimants,<br><br>      vs.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>             Counterdefendant. | |

DECLARATION OF SARA JENKINS IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL

**<u>DECLARATION OF SARA JENKINS</u>**

I, Sara Jenkins, hereby declare and state as follows:

1.      I am Of Counsel at Quinn Emanuel Urquhart & Sullivan, LLP, counsel for non-party Silver Lake Technology Management, L.L.C. ("Silver Lake" or "SL"). I am licensed to practice law in California and admitted to practice in the Northern District of California. I make this submission in support of Defendant and Counterclaimant Automattic, Inc.'s ("Automattic") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 277).  I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify thereto.

2.      Pursuant to Civil Local Rule 79-5, I submit this declaration in response to the Administrative Motion by Defendants to Consider Whether Another Party's Materials Should Be Sealed submitted in connections with Joint Discovery Statement filed at Dkt. 277 on May 11, 2026. The redacted version has been filed at Dkt. 278 on the same day.

3.      The materials indicated below contain or reflect third party Silver Lake's sensitive and confidential business information, the disclosure of which would be harmful to Silver Lake's interests. Therefore, good cause exists to seal these materials pursuant to Federal Rule of Civil Procedure 26(c), as incorporated by the Stipulated Protective Order entered in this action. *See* Dkt. 104 ¶ 13.3; *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). ("A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.").

4.      Silver Lake makes this request with the good faith belief that the information sought to be sealed consists of Silver Lake's confidential business information, including sensitive internal financial analyses, investment plans, information about third-party business relationships, and information about business strategies. Public disclosure of such sensitive and confidential information could cause competitive harm, particularly with respect to a third party such as Silver Lake. Silver Lake keeps this type of information confidential in the ordinary course of business, and this type of information is not generally known to Silver Lake's competitors or the public. If such information were made public, Silver Lake's competitors and counterparties would gain insight into Silver Lake's investment strategies, third party relationships, business plans and activities, and

DECLARATION OF SARA JENKINS IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL

internal business deliberations, which could harm Silver Lake's competitive standing. The material that Silver Lake seeks to seal has been designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order in this matter. *See* Dkt. 104.

     5.    Silver Lake does not seek to seal all of the highlighted materials filed by Automattic, bur rather only the narrowed portions of documents identified below, all of which meet the "good cause" standard.

| Dkt. | Document | Portions to Be Filed Under Seal | Reason Such Information Should Be Sealed | Confidentiality Designations |
|---|---|---|---|---|
| 277-2, Exh. A; 281 | Joint Discovery Statement | Page 1, para. 1, line 8; <br><br> Page 1, para. 2, lines 6-7; <br><br> Page 1, para. 3, lines 5-9, 16 | The redacted portions reflect Silver Lake's confidential internal assessments of WPE's business performance, strategies, and business plans as well as information concerning sensitive and confidential business strategy and competitive analysis information. | This information has been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Protective Order. |
| 277-2, Exh. A; 281 | Joint Discovery Statement | Page 2, para. 1, lines 5-7; <br><br> Page 2, para. 3, lines 3-5; <br><br> Page 2, para. 4, lines 4, 8; <br><br> Page 2, para. 5, line 2 | Page 2, para. 1, lines 5-7: The redacted portion reflects confidential details of communications between Silver Lake principals and WPE's CEO. This information concerns sensitive and confidential business communications and internal strategy information. <br><br> The other redacted portions on page 2 reflect the confidential identity of a third party and a confidential category of Silver Lake's internal business activities. | This information has been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Protective Order. |

DECLARATION OF SARA JENKINS IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL

| Dkt. | Document | Portions to Be Filed Under Seal | Reason Such Information Should Be Sealed | Confidentiality Designations |
|---|---|---|---|---|
| 277-2, Exh. A; 281 | Joint Discovery Statement | Page 3, para. 3, lines 3, 5-6, 11;<br><br>Page 3, para. 5, line 3 | The redacted portion reflects Silver Lake's confidential financial production details, including the identity of its third-party agent and specific categories of financial and transaction-related documents provided to that agent. This information concerns sensitive and confidential business and financial information.<br><br>The redacted portion also reflects the identity of a third party and a confidential category of Silver Lake's internal business activities. | This information has been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Protective Order. |
| 277-2, Exh. A; 281 | Joint Discovery Statement | Page 4, para. 1, lines 4-6;<br><br>Page 4, para. 2, lines 3-5<br><br>Page 4, para. 3, lines 4-7 | The redacted portion reflects confidential details of Silver Lake's financial production, including the identities of third-party agents and counterparties and specific deal-related document categories. This information concerns sensitive and confidential business strategy and financial information. | This information has been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Protective Order. |
| 277-2, Exh. A | Joint Discovery Statement | Page 5, para. 3, line 8 | The redacted portion reflects a confidential category of documents Silver Lake has produced, the disclosure of which would reveal Silver Lake's sensitive internal business activities. | This information has been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Protective Order. |
| 277-3, Exh. B | Decl. of Daniel M. Bruggebrew | Page 2, line 23 (¶ 4) | The redacted portion reflects confidential details of communications between Silver Lake principals and WPE's CEO. | This information has been designated CONFIDENTIAL under the Protective Order. |
| 277-3, Exh. B | Decl. of Daniel M. Bruggebrew | Page 4, line 9 (¶ 13) | The redacted portion reflects a confidential third-party identity. | This information has been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Protective Order. |

Case No. 3:24-cv-06917-AMO-ASK

DECLARATION OF SARA JENKINS IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL

| Dkt. | Document | Portions to Be Filed Under Seal | Reason Such Information Should Be Sealed | Confidentiality Designations |
|---|---|---|---|---|
| 277-3, Exh. B | Decl. of Daniel M. Bruggebrew | Page 5, lines 16-17 (¶ 20) | The redacted portion reflects confidential financial and transactional search terms, the disclosure of which would reveal Silver Lake's internal business frameworks and sensitive business counterparties. | This information has been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Protective Order. |
| 277-4, Exh. C | Exh. 2 to Bruggebrew Decl. (Disclosure of Search Terms) | Page 4, final email search string row | The redacted portion reflects the confidential identity of a third party and a confidential category of Silver Lake's internal business activities. | This information has been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Protective Order. |
| 277-5, Exh. D | Exh. 3 to Bruggebrew Decl. | Search string lines 11-12 | The redacted portion reflects confidential financial and transactional search terms, the disclosure of which would reveal Silver Lake's internal business frameworks and sensitive business counterparties. | This information has been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Protective Order. |
| 277-6, Exh. E | Decl. of Sara Jenkins | Page 2, line 13 (¶ 2); Page 2, lines 21-23 (¶ 3) | The redacted portion reflects confidential financial information of WPE and Silver Lake and sensitive categories of financial documents not otherwise public, disclosure of which would cause competitive harm. | This information has been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Protective Order. |
| 277-6, Exh. E | Decl. of Sara Jenkins | Page 3, lines 1-2 (¶ 3); Page 3, line 27 (¶ 7) | Page 3, lines 1-2: The redacted portion reflects confidential internal governance and business strategy information, the disclosure of which would reveal the subject matter of sensitive board-level deliberations. Page 3, line 27: The redacted portion reflects a confidential third-party identity, the disclosure of which could harm Silver Lake's business relationships and reveal the identity of parties to sensitive commercial negotiations. | This information has been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Protective Order. |

DECLARATION OF SARA JENKINS IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL

| Dkt. | Document | Portions to Be Filed Under Seal | Reason Such Information Should Be Sealed | Confidentiality Designations |
|---|---|---|---|---|
| 277-6, Exh. E | Decl. of Sara Jenkins | Page 4, line 17 (¶ 11); Page 4, lines 21-28 (¶ 12) | Page 4, line 17: The redacted portion reflects a confidential third-party relationship. Page 4, lines 21-28: The redacted portion reflects a third-relationship that is subject to NDA, disclosure of which would violate contractual confidentiality obligations and harm Silver Lake. | This information has been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Protective Order. |
| 277-6, Exh. E | Decl. of Sara Jenkins | Page 5, lines 13, 15-16 (¶ 14); Page 5, lines 19-22 (¶ 14) | The redacted portion reflects confidential internal business structure and third-party relationships, disclosure of which would reveal confidential deal-related and business strategy information and could cause competitive harm. | This information has been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Protective Order. |
| 277-6, Exh. E | Decl. of Sara Jenkins | Page 6, line 10 (¶ 17); Page 6, lines 20-21 (¶ 18) | Page 6, line 10: The redacted portion reflects confidential business information reflecting a sensitive category of Silver Lake's internal business activities, disclosure of which could cause competitive harm. Page 6, lines 20-21: The redacted portion reflects confidential third-party identities and internal business information referenced in proposed search terms, disclosure of which would reveal Silver Lake's confidential business relationships and strategy. | This information has been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Protective Order. |
| 277-6, Exh. E | Decl. of Sara Jenkins | Page 7, line 4 (¶ 19); Page 7, line 18 (¶ 20) | The redacted portion reflects confidential business information reflecting a sensitive category of Silver Lake's internal business activities, the disclosure of which could cause competitive harm. | This information has been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Protective Order. |

Case No. 3:24-cv-06917-AMO-ASK

DECLARATION OF SARA JENKINS IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL

| Dkt. | Document | Portions to Be Filed Under Seal | Reason Such Information Should Be Sealed | Confidentiality Designations |
|---|---|---|---|---|
| 277-6, Exh. E | Decl. of Sara Jenkins | Page 8, lines 9-14 (¶ 24); Page 8, lines 25-26 (section heading) | Page 8, lines 9-14: The redacted portion reflects confidential financial and transactional search terms referencing Silver Lake's internal business frameworks and confidential third-party identities, disclosure of which would reveal sensitive business counterparties and internal financial concepts. Page 8, lines 25-26 (section heading): The redacted portion reflects confidential business information regarding a sensitive category of Silver Lake's internal business activities, disclosure of which could cause competitive harm. | This information has been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Protective Order. |
| 277-6, Exh. E | Decl. of Sara Jenkins | Page 8, line 28; Page 9, lines 1-2 (¶ 27); Page 9, lines 4-6 (¶ 28); Page 9, 7-13 (¶ 29) | The redacted portion reflects confidential internal business structure and confidential third party relationships, the disclosure of which would reveal confidential business strategy information, including identity of sensitive counterparties, the disclosure of which could cause competitive harm. | This information has been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Protective Order. |
| 277-6, Exh. E | Decl. of Sara Jenkins | Page 9, line 15 (¶ 30) | The redacted portion reflects sensitive internal business information of Silver Lake and WPE, the disclosure of which could result in competitive harm. | This information has been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Protective Order. |
| 277-7, Exh. F | Exh. 1 to Jenkins Decl. (Rep. Sampling of Financial Documents Produced by WPE) | Item Nos. 7, 12 and 25 | The redacted portion reflects confidential financial document categories, disclosure of which would reveal confidential business strategies, the disclosure of which could result in competitive harm. | This information has been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Protective Order. |

Case No. 3:24-cv-06917-AMO-ASK

DECLARATION OF SARA JENKINS IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL

6.    Less restrictive alternatives to sealing are not sufficient. In making this request, Silver Lake seeks to seal only the information and exhibits that would harm Silver Lake's competitive standing if revealed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 18th day of May, 2026, in San Mateo, California.

QUINN EMANUEL URQUHART & SULLIVAN LLP

/s/ *Sara Jenkins*

Sara Jenkins
*Attorneys for Non-Party Silver Lake Technology Management, L.L.C.*

DECLARATION OF SARA JENKINS IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL