GIBSON, DUNN & CRUTCHER LLP
JOSEPH R. ROSE, SBN 279092
    jrose@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, California 94111-3715
Telephone:    415.393.8200
Facsimile:    415.393.8306

GIBSON, DUNN & CRUTCHER LLP
MICHAEL H. DORE, SBN 227442
    mdore@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
    isamplin@gibsondunn.com
33 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.6652

GIBSON, DUNN & CRUTCHER LLP
JOSH KREVITT, SBN 208552
    jkrevitt@gibsondunn.com
310 University Avenue
Palo Alto, CA 94301-1744
Telephone:    650.849.5300
Facsimile:    650.849.5333

GIBSON, DUNN & CRUTCHER LLP
ORIN SNYDER (*admitted pro hac vice*)
    osnyder@gibsondunn.com
HOWARD HOGAN (*admitted pro hac vice*)
    hhogan@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:    212.351.2400
Facsimile:    212.351.6335

*Attorneys for Defendants*
*Automattic Inc. and Matthew Charles Mullenweg and Counterclaimants*
*WordPress Foundation and WooCommerce Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>Defendants. | Case No. 4:24-cv-06917-AMO<br><br>**DECLARATION OF JORDAN HINKES IN SUPPORT OF PRIVILEGE CLAIM**<br><br>Judge: Honorable Araceli Martinez-Olguin |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | |

Gibson, Dunn &
Crutcher LLP

I, Jordan Hinkes, declare as follows:

1. I am over the age of eighteen and am competent to make this declaration. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently thereto.

2. I am a licensed attorney and have served as interim and full-time General Counsel of Automattic Inc. ("Automattic") during all times relevant to the matters described herein. I have personal knowledge of the facts set forth in this declaration.

3. This declaration is submitted in support of Defendants' motion to maintain the privilege designation over the document identified as A8C00706108, logged at A8C_PRIV_08220 on Defendants' privilege log. A8C00706108 contains Slack communications in the channel titled "trademark-wpe-privileged" concerning legal advice and legal strategy regarding trademark enforcement options with respect to WP Engine's use of the WooCommerce marks. The communications in A8C00706108, which were among the Slack communications in the "trademark-wpe-privileged" Slack channel, reflect both business personnel's requests for legal guidance and the provision of legal analysis and strategic advice provided by Mr. Peretz and me in our capacities as legal counsel. This included analyses of WooCommerce's trademark rights and options for enforcement.

4. Neil Peretz is a licensed attorney who served as in-house counsel at WooCommerce from October 2022 to November 2024.

5. Together, Mr. Peretz and I were responsible for providing legal advice to WooCommerce regarding its trademark rights and potential enforcement actions against WP Engine, including a potential cease-and-desist letter and related litigation strategy.

6. The "trademark-wpe-privileged" Slack channel was created for the specific purpose of facilitating privileged communications regarding WooCommerce's legal strategy concerning WP Engine. It was not used for general business planning, operational decisions, or any purpose other than facilitating privileged legal communications between counsel and the client personnel whose input was necessary to that legal advice. Of the 147 Slack communications produced from this channel, Defendants are asserting privilege over 135 of them.

7. The channel was not accessible to Automattic or WooCommerce employees generally.

DECLARATION OF JORDAN HINKES IN SUPPORT OF PRIVILEGE MOTION
CASE NO. 4:24-CV-06917-AMO

Matt Mullenweg started the channel for discussion with me and Mark Davies and instructed me to add others who were necessary to the development of legal strategy. All participants understood that communications in the channel were confidential and made in connection with the provision of legal advice. Participants left the channel when their involvement in the discussion was no longer needed.

8.     To the extent business personnel participated in the channel, their involvement was necessary for the provision of legal advice. Legal counsel required input from individuals with knowledge of WooCommerce's business operations and the WordPress ecosystem in order to provide informed legal advice regarding trademark enforcement strategy. Their participation was at the direction of, or in support of, legal counsel and did not alter the privileged nature of the communications.

9.     In connection with that legal advice, Mr. Peretz authored a Trademark Strategy document analyzing WooCommerce's legal position. On July 23, 2024, Jesse Friedman, a business employee, posted in the trademark-wpe-privileged channel that ahead of a scheduled meeting that day, he had worked with me, Mr. Peretz, and Automattic employees Steve Deckert and Ronald Gijsel to take the Trademark Strategy document that Mr. Peretz authored, along with all of our past discussions and previous work, and turn it into a short and long term legal strategy proposal for review. The following day, July 24, 2024, I believe a revised version of the presentation deck was provided to Mr. Peretz and/or me for the purpose of obtaining our legal input and advice. I do not recall the July 23 meeting, but the invite in my calendar for the meeting includes Automattic employees Beau Lebens, Aleks Hardt, Jesse Friedman, Mark Davies, Steve Deckert, Neil Peretz and me, and I believe Mr. Peretz and/or I attended. All versions of the presentation deck were prepared at the direction of, or for review by, legal counsel in connection with the provision of legal advice, with Mr. Peretz and I also actively working on the deck by, for example, providing comments in the deck itself. The deck was shared with, and commented on by, Mr. Peretz and me in our capacities as legal counsel and reflects matters about which WooCommerce intended to and did seek legal advice.

10.    The communications contained in A8C00706108 consist of discussions among Jesse Friedman, Mark Davies, Steve Deckert, and Matthew Mullenweg, in the channel in which Mr. Peretz and I had access at the time, regarding the substance and revisions of the presentation deck described

above; to the best of my knowledge, Automattic employees Beau Lebens and Aleks Hardt were the only other participants in the trademark-wpe-privileged Slack channel as of July 24, 2024. The messages reflect feedback on the slides' content, suggestions for refining the legal strategy reflected in the deck, and discussion of escalation approaches and enforcement timelines—all in furtherance of the legal advice being provided by Mr. Peretz and me.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at ___Orinda, CA___, on this 20th day of May, 2026.

DATED: May 20, 2026                    Respectfully submitted,

By: /s/ _Jordan Hinkes_____
Jordan Hinkes

Gibson, Dunn &
Crutcher LLP

DECLARATION OF JORDAN HINKES IN SUPPORT OF PRIVILEGE MOTION
CASE NO. 4:24-CV-06917-AMO