**PUBLIC**

Dear Judge Krishnan:

WP Engine, Inc. ("WP Engine" or "WPE") and Defendants and Counterclaimants (together, the "WordPress Parties" or "Defendants") respectfully submit this joint letter brief regarding WP Engine's privilege redactions to Slide 5 of documents bearing Bates numbers WPE00615508, WPE00615479, WPE00615496, WPE00616276, and WPE00630098 (collectively, the "Redacted Documents").

## I.    DEFENDANTS/COUNTERCLAIMANTS' POSITION

WP Engine has redacted a key sentence from a ten-page business strategy deck that was not prepared by counsel, not sent to or from counsel, and not marked privileged—and it has done so under a boilerplate "legal analysis" label. The surrounding text and context confirm what the redaction conceals: WP Engine's own *business* assessment of the benefits of paying Automattic for a trademark license. That assessment is directly relevant to WP Engine's declaratory relief claims and contradicts the deposition testimony of WP Engine's CEO and 30(b)(6) designee, both of whom denied that WP Engine considered such a payment. Privilege protects legal advice; it cannot be deployed to conceal unfavorable business facts. The Court should compel production of the unredacted documents—after *in camera* review, if the Court considers such review necessary.

### A.    WP Engine's Internal Assessment of Its Trademark Use Is a Key Disputed Issue.

WP Engine's declaratory relief claims for non-infringement and non-dilution rest on the premise that WP Engine never believed it needed a license to use the WordPress and WooCommerce marks. The record tells a different story. In May 2024, ████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ Dore Decl. ¶ 6. For months, WP Engine negotiated with Automattic and seriously considered the proposal. At no point did WP Engine tell Automattic that its trademark assertions were a "sham"— the post hoc position WP Engine has taken in this litigation. *See, e.g.,* Dkt. 215-2 ¶ 196.

WP Engine's witnesses have doubled down. CEO Heather Brunner testified that WP Engine ████████████████████████████████████ Dore Decl., Ex. C. Victor Yuan, WP Engine's VP of Corporate Development and its Rule 30(b)(6) designee on the term-sheet negotiations, testified that ████████████████████████████ *Id.* The redacted deck shows otherwise. After months of executive-level analysis of Automattic's proposal, Mr. Yuan prepared and sent to Ms. Brunner a slide deck ██████████████████████ ████████████████████ The redacted sentence sits on the slide that explains why.

### B.    The Surrounding Text Confirms the Redaction Conceals a Business Proposition.

Mr. Yuan created the deck titled ████████████████████████ and first sent it to Ms. Brunner on August 2, 2025, copying a non-lawyer Corporate Development colleague and writing ████████████████████████████████████████ *See* Dore Decl., Exs. A, B (emphasis added). He did not copy or refer to counsel. He did not mark the deck privileged. Slide 5 is captioned ████████████████████████." Its header states a business proposition: ████████████████████ Two bullets follow. The first reads: ████████████████████████

PUBLIC



The structure is clear: The unredacted half of the first bullet identifies a business benefit ▮▮▮▮▮▮ ▮▮▮▮▮▮▮, and the second bullet pivots—"However"—to the business concerns. The redacted text is the rest of the business benefits column. Mr. Yuan indicated this at his deposition, testifying that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dore Decl., Ex. C. WP Engine has redacted its own ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮—a critical issue in this case.

### C. WP Engine Cannot Carry Its Burden to Justify the Redaction.

"The party asserting the privilege bears the burden of proving" it applies. *United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010). To meet that burden, WP Engine must show that "the primary purpose of" the redacted communication was "to give or receive legal advice, as opposed to business … advice." *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021). Where, as here, there is a "clear business purpose in the environment in which the" redacted "communication[] occurred," WP Engine must also establish that the communication would "not have been made absent the privilege." *McCaugherty v. Sifferman*, 132 F.R.D. 234, 238 (N.D. Cal. 1990).

The record forecloses that showing. **First,** the deck is clearly a business document. ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ no slide reflects legal analysis or any indicia of attorney involvement. **Second**, WP Engine plainly considered what protective markings the deck warranted: it labeled every slide "Confidential"—but not privileged. **Third**, WP Engine's privilege log confirms that all authors, senders, and recipients were non-lawyers. Nowhere does it reflect any written communication between Yuan and General Counsel Chad Costello in July 2024.

WP Engine's boilerplate claim that the redaction reflects Mr. Costello's "legal analysis" is insufficient to meet WP Engine's burden. *See Hynix Semiconductor Inc. v. Rambus Inc.*, 2008 WL 350641, at *3 (N.D. Cal. Feb. 2, 2008) ("A vague declaration that states only that the document 'reflects' an attorney's advice is insufficient to demonstrate that the document should be found privileged."). The Court considered a strikingly similar issue in *Wisk Aero LLC v. Archer Aviation Inc.*, 2023 WL 2699971 (N.D. Cal. Mar. 29, 2023), in which the plaintiff, represented by WP Engine's same counsel here, improperly redacted a damaging *business proposition* in a business strategy document. Judge Ryu, in rejecting that privilege claim, emphasized that "no privilege can attach to any communication as to which a business purpose would have served as a sufficient cause, i.e., any communication that would have been made because of a business purpose, even if there had been no perceived additional interest in securing legal advice." *Id*. at *4 (cleaned up). Judge Ryu made clear that redactions "warrant[] heightened scrutiny" where they are based on the

2

PUBLIC

purported legal advice of "in-house counsel," who "may act as integral players in a company's business decisions or activities, as well as its legal matters." *Id*. (cleaned up)

WP Engine tries the same move here. Mr. Yuan, a non-lawyer, authored Slide 5 and sent it to the CEO as his team's business analysis. The primary purpose test focuses on the "speaker" of the communication. *U.S. v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002). The redacted line reflects what the speaker, WP Engine's *business team*, concluded about the ███████ ██████████████████████████. That was its primary purpose. WP Engine thus fails to make the requisite "clear showing" that "the speaker" (its business team) "made the communication[] for the purpose of obtaining or providing legal advice." *Id*. In fact, the indicia of non-privilege are stronger here than in *Wisk*, where counsel—not the business team—authored the document.

Courts must be skeptical of self-serving assertions that redacted business communications "reflect" or are "infused with" in-house counsel's "legal advice" on a business issue, like those that WP Engine makes here—and *in camera* review often confirms the improper redaction of "non-privileged facts and business considerations." *Stirratt v. Uber Techs., Inc.*, 2024 WL 1723710, at *5 (N.D. Cal. Apr. 19, 2024). The redacted text that Mr. Yuan authored is not a request for legal advice. Nor is there any indication that he drafted it at counsel's direction or acted as a necessary "corporate intermediary" between WP Engine's General Counsel and its CEO when he sent it to Ms. Brunner on August 2, 2024. The entire deck, including the redacted sentence, was the business team's analysis conveying business strategy. The redaction cannot stand.

### D. The Court Should Compel Production of the Unredacted Presentation.

The Court should reject WP Engine's deficient privilege assertion and order WP Engine to produce unredacted versions of the Redacted Documents. In the alternative, the Court should order WP Engine to submit for *in camera* review each unredacted version in order to assess whether it contains privileged material, as WP Engine said in its previous draft section it is "happy" to do.

## II.    WP ENGINE'S POSITION

WPE has unequivocally established privilege over the single redacted sentence in the challenged slide deck: it has provided a privilege log identifying the sentence as legal analysis of in-house counsel Chad Costello, and also has provided a sworn declaration from Victor Yuan—the document's author—confirming that the redacted sentence *reflects the legal analysis provided by Mr. Costello*.  In disregard of this clear record, Defendants' spurious motion urges the Court to ignore sworn testimony and compel production anyway, based on Defendants' sheer speculation that the redacted sentence is "business strategy" rather than legal analysis.  Defendants' insistence on burdening the Court with motion practice over a single redacted sentence in a 10-page slide deck, based on pure conjecture, reflects their fundamental failure to honor the letter and spirit of FRCP 1.  Defendants' motion should be denied.

### A. The Privilege Log Entry Is Specific and Sufficient

Defendants dismiss WPE's privilege assertion as a "boilerplate 'legal analysis' label."  Defendants are incorrect.  WPE's privilege log specifically identifies: (1) the nature of the withheld content (i.e., legal analysis); (2) the source of that analysis (i.e., Chad Costello, in-house counsel); and (3) the subject matter to which the analysis relates (i.e., the partnership proposal with Automattic). That level of particularity more than satisfies the requirements for a privilege log under Federal Rule of Civil Procedure 26(b)(5).

3

6000582622.19

PUBLIC

### B. Defendants' Structural Speculation Does Not Establish the Content of the Redactions

Defendants' contorted, twisted "sentence structure" arguments fail to rebut the truth here. Defendants argue that because the first bullet point on the page containing the redaction discusses a benefit, and the second pivots to concerns, the redacted text must be another identified business benefit. This is false. Defendants' self-serving reading of the slide structure cannot override a privilege log entry attesting to the actual content of the redacted sentence, or Mr. Yuan's and Mr. Costello's sworn declarations indicating that the redacted sentence reflects Mr. Costello's legal analysis. *See* Yuan Decl.; Costello Decl. Nor does Mr. Yuan's use of the phrase "our analysis" in his transmittal email somehow convert Mr. Costello's legal analysis into business advice.

Defendants' claim that Mr. Yuan's deposition testimony nevertheless supports their speculative theory about the slide deck is also wrong. Mr. Yuan testified about the general character of the two bullet points in the deck, not about the content of the redacted portion. Indeed, Mr. Yuan was describing the *unredacted* portion of the first bullet, which itself identifies a business benefit. Counsel's analysis does not cease to be privileged simply because it was incorporated into a business document or discussed in the same breath as business considerations. *Staley v. Gilead Scis., Inc.*, 2021 WL 4318403, at *2 (N.D. Cal. July 16, 2021) ("[I]f an attorney gives a client *legal advice on a business decision*, that communication is protected by the privilege.").

Defendants' suggestion that the deposition testimony "contradicts" WPE's CEO and 30(b)(6) witnesses on the question of whether ███████████████████████████ is also wrong; it fundamentally conflates two distinct inquiries. ████████████████████████ ███████████████████████████████ Ex. C at 534:9-21. That is not in any way inconsistent with the company having received, in the course of evaluating a complex partnership proposal, legal input from counsel about the legal dimensions of that proposal. Yuan Decl. ¶ 3.

### C. The Absence of Counsel in the Email Chain Does Not Waive Privilege

Defendants argue that the redaction is improper because Mr. Yuan circulated the deck directly to Ms. Brunner without copying counsel, and that the deck was not marked privileged. Of course, neither fact is legally dispositive. The attorney-client privilege attaches to the content of a communication that reflects legal advice or analysis, not to the format of its transmission or the presence of a privilege marking. Courts have long recognized that the attorney-client privilege protects communications among employees when those communications seek or transmit legal advice or analysis, even if no attorney is listed on the communication itself. *Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503, 514 (S.D. Cal. 2003) (finding privilege applied where a communication from one employee to another was for the purpose of obtaining legal advice); *United States v. Chevron Texaco Corp.*, 241 F. Supp. 2d 1065, 1076-77 (N.D. Cal. 2002) (privilege covers documents that reflect confidential communications with counsel). Rather, the relevant inquiry is whether the *purpose* of the communication was the seeking or conveying of legal advice or analysis. *Upjohn*, 449 U.S. at 390-91 (protecting communications among corporate employees made to assist counsel in providing legal advice or to transmit that advice within the corporation). As the Supreme Court recognized in *Upjohn*, the realities of the modern corporation require that legal advice or analysis often be transmitted through intermediaries, and the privilege would be meaningless if it evaporated the moment an attorney's analysis passed through a designated corporate liaison. *Id.* That is unquestionably the case here.

Defendants' reliance on *Wisk* is similarly misplaced and omits the very language from the decision that supports WPE's position here. The court in *Wisk* expressly acknowledged that "where an

4

PUBLIC

attorney gives a client legal advice on a business decision, that communication is protected by privilege." *Wisk*, 2023 WL 2699971, at *5. That is precisely the situation here: Mr. Costello, WPE's General Counsel, provided legal analysis on the partnership proposal, and that analysis was conveyed to Mr. Yuan and reflected in the redacted sentence. Also, unlike *Wisk*, here, both Mr. Yuan and Mr. Costello submitted declarations explaining that the redacted portion reflects Mr. Costello's legal analysis of the partnership proposal, directly addressing the inquiry the *Wisk* declarant left unanswered. Defendants' other commentary on the *Wisk* case, and *ad hominem* attack on counsel, is an inaccurate sideshow and is wholly irrelevant to this privilege dispute.

Defendants' attack on Mr. Yuan's declaration fares no better. Unlike the vague attestation at issue in *Hynix*—which merely stated that a document "reflects" attorney advice without any specificity, 2008 WL 350641, at *3—Mr. Yuan's declaration identifies the specific attorney (Mr. Costello), the specific subject matter (legal analysis of the partnership proposal), and the specific sentence in which that analysis appears. That is not boilerplate; it is targeted, sworn testimony directed at the precise redaction at issue. Further, unlike in *Stirratt*, where the court noted that the declarations failed to connect specific redacted entries to legal advice, 2024 WL 1723710, at *4, WPE has submitted declarations from both the document's author and the attorney whose advice is reflected in the redacted text, which make specific reference to the redacted sentence—directly refuting Defendants' claim that there is "no indication" Mr. Yuan drafted the redacted sentence at counsel's direction. Mr. Costello's declaration confirms precisely that, establishing that the sentence reflects his legal analysis of the partnership proposal that he provided to Mr. Yuan.

Finally, Defendants' attempt to manufacture ambiguity simply because WPE's privilege log does not show a written communication between Mr. Yuan and Mr. Costello is a red herring. As reflected on the privilege logs, the various versions of the slide decks are dated August 2, 2024 (Keohane Decl. Ex. 1 at 2 (WPE00630098, dated May 6, 2026, but the file name indicating it is a "copy" of an "August 2, 2024" version)), and August 5, 2024 (*id.* at 1 (WPE00615508, WPE00615479, WPE00615496, and WPE00616276, each dated "8/5/2024")). Mr. Yuan has declared under oath that he consulted with Mr. Costello *prior to* completing the presentation, and Mr. Costello has confirmed he provided the analysis to Mr. Yuan in late July. The August 9 transmission to counsel only serves as further corroboration that the deck included attorney-client consultation with Mr. Costello and was not purely a business exercise.

### D. WPE Has Properly Tailored Its Redaction

This is not a case of broad-brush privilege assertion. WPE has produced the entirety of the ten-page deck, withholding only a *single sentence* as reflecting counsel's legal analysis. The conservative nature of this redaction is itself evidence of good faith and proportionality and it directly refutes Defendants' reliance on *Hynix*, 2008 WL 350641, at *3, where the court's concern was that the privilege claimant had asserted a blanket privilege over an entire presentation leaving the court unable to "distinguish what portion, if any, of the presentation reflects [counsel's] legal advice, as opposed to [the declarant's] business strategy." *Id.* Here, WPE has not left the Court or the Defendants to guess what is withheld and why; it has identified a single sentence, named the attorney who provided the advice (in-house counsel Mr. Costello), and specified the subject matter (the WooCommerce partnership proposal). What remains redacted is precisely what was described: a discrete sentence of legal analysis embedded within a broader business evaluation.

WPE's privilege claim is proper, and Defendants' frivolous privilege challenge should be denied. Should the Court wish to verify the claim independently, WPE will submit the unredacted document for *in camera* review.

**PUBLIC**

Dated:  May 21, 2026

QUINN, EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Rachel Herrick Kassabian*
Rachel Herrick Kassabian
Yury Kapgan
Margret M. Caruso
Brian Mack
Gregory A. Fuoco
*Attorneys for Plaintiff WPEngine, Inc.*


GIBSON DUNN & CRUTCHER, LLP

By:  */s/ Michael H. Dore*
Michael H. Dore
Joseph R. Rose
Ilissa S. Samplin

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*

6

**PUBLIC**

**E-FILING ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I hereby attest that counsel for Plaintiff and the other signatories have concurred in the filing of this document.

*/s/Michael H. Dore*

Michael H. Dore

6000582622.12

6000582622.19