JOSEPH R. ROSE, SBN 27902
  jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

MICHAEL H. DORE, SBN 227442
  mdore@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

JOSH A. KREVITT, SBN 208552
  jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER *(admitted pro hac vice)*
  osnyder@gibsondunn.com
HOWARD S. HOGAN *(pro hac vice pending)*
  hhogan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

*Attorneys for Defendants Automattic Inc., Matthew
Charles Mullenweg, and WooCommerce Inc. and
Counterclaimant WordPress Foundation*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>      Plaintiff,<br><br>      v.<br><br>AUTOMATTIC INC., a Delaware corporation;<br>MATTHEW CHARLES MULLENWEG, an<br>individual; and WOOCOMMERCE INC., a<br>Delaware corporation,<br><br>      Defendants.<br>_____<br>AUTOMATTIC INC., a Delaware corporation;<br>MATTHEW CHARLES MULLENWEG, an<br>individual; WORDPRESS FOUNDATION, a<br>California corporation; and WOOCOMMERCE<br>INC., a Delaware corporation,<br><br>      Counterclaimants,<br><br>      v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>      Counterdefendant. | Case No. 4:24-cv-06917-AMO<br><br>**DECLARATION OF HOWARD S.<br>HOGAN IN SUPPORT OF JOINT<br>LETTER BRIEF RE: MARKETING<br>DOCUMENTS**<br><br>Hon. Ajay S. Krishnan |

**<u>DECLARATION OF HOWARD S. HOGAN</u>**

I, Howard S. Hogan, declare as follows:

1.    I am a partner at Gibson, Dunn & Crutcher LLP, counsel of record for Defendants and Counterclaimants Automattic Inc., Matthew Charles Mullenweg, the WordPress Foundation, and WooCommerce, Inc. (collectively, "Defendants") in the above-captioned action. I have personal knowledge of the matters set forth in this declaration, and if called upon to testify, I could and would testify competently to them.

2.    For more than eighteen months, Defendants have sought from WPE the very category of documents at issue here—internal records reflecting WPE's deliberative decisions about how to use the WordPress and WooCommerce Marks.

3.    Defendants served their First Set of Requests for Production on October 31, 2024, and additional sets in March, May, and August 2025 and February 2026. Those sets included, among others, RFP Nos. 2 and 3 (WPE's use of the Marks on its website and in advertising and marketing); RFP Nos. 18, 26, and 27 (WPE's policies and practices governing its use of the Marks); RFP Nos. 88, 89, 90, and 93 (WPE's use of the Marks on WPEngine.com, including its decision to remove "WordPress" from the site on or after January 1, 2024, its SEO strategy, and non-visible uses of the Marks); and RFP No. 179 (documents and internal communications concerning the increased frequency and prominence of the Marks on the WPE website). Read together, these requests squarely call for WPE's internal deliberations about whether, when, how, and how prominently to use the WordPress and WooCommerce Marks.

4.    On December 17, 2024 and January 1, 2025, Defendants wrote to WPE raising concerns that WPE's productions to date were not capturing the universe of responsive trademark-related documents. WPE's counsel responded on January 6, 2025, representing that WPE would substantially complete its production of trademark related documents by January 23, 2025, and on February 11, 2025 represented that production was substantially complete.

5.    Beginning in October 2025, Defendants sought to depose Ms. Yuan, WPE's Head of Brand and Rule 30(b)(6) designee on eleven trademark-related topics. Between October 2025 and March 2026, Defendants sent at least nine separate requests for available deposition dates. WPE did

not provide dates until after Defendants' March 12 request.

6. WPE's counsel then informed Defendants for the first time that Ms. Yuan was available only in Madrid, although WPE chose to file suit in this District and Ms. Yuan is a U.S.-based WPE employee with a permanent residence in California. Defendants accommodated WPE and agreed to depose Ms. Yuan in Madrid.

7. Pursuant to a separate agreement for additional deposition time with certain witnesses, Defendants noticed Ms. Yuan for two days—April 8 and 9, 2026—the only dates WPE offered. WPE did not object to the two-day notice. Counsel for Defendants traveled to Madrid for the deposition.

8. I took Ms. Yuan's deposition on April 8, 2026. Ms. Yuan testified that WPE uses and has used four collaboration platforms—Asana, Jira, Figma, and Miro (the "Platforms")—for the substantive marketing, brand, and design work that is the subject of Defendants' counterclaims. At the close of the day, I identified on the record the production deficiencies revealed by Ms. Yuan's testimony, including WPE's failure to search the Platforms, and demanded supplemental production. WPE's counsel refused to produce Ms. Yuan for the noticed second day, stating that WPE viewed the April 8 examination as "more than sufficient." I stated on the record that the deposition was not closed and that Defendants would seek to complete Ms. Yuan's examination on the missing documents.

9. On April 14, 2026, Defendants sent WPE a letter memorializing the production deficiencies identified during Ms. Yuan's deposition. Receiving no substantive response, Defendants followed up on April 16, 22, 26, and May 4. The parties met and conferred on May 5, 2026.

10. In its May 6 response, WPE agreed to investigate and supplement from nine additional sources: SurveyMonkey; Dovetail; YouTube Lift Study data; Paid Team Readouts on Creatives; A/B testing materials; Facebook, DoubleClick, and DV360 ad data; WPE's business-analytics dashboard; brand-perception research; and URL traffic data.

11. WPE refused to search the Platforms, asserting in its May 6 letter that there is no "reasonable basis for believing" the Platforms contain responsive material, and conditioned any Platform search on Defendants' agreement to conduct equivalent searches of their own Asana, Jira, Figma, and Miro instances, to the extent any such instances exist.

12. After April 8, Defendants repeatedly requested dates for the second day of Ms. Yuan's

deposition. WPE refused to provide dates for over a month. On May 4, Defendants offered to depose Ms. Yuan by Zoom on May 14, conditioned on WPE producing documents from the Platforms and the nine additional categories by May 7.

13.    On May 11, 2026, three days before the close of fact discovery, WPE's counsel offered Ms. Yuan for a remote Rule 30(b)(6) deposition on May 14, 2026, with a hard stop of 8:00 p.m. CEST (11:00 a.m. PT). At the time of the offer, WPE had not completed supplemental production from the nine categories it agreed to investigate in its May 6 letter. WPE still refuses to produce any documents from the Platforms.

**The Exhibits**

14.    Attached hereto as Exhibit 1 is a true and correct excerpt from a document produced under Bates label WPE00630421-509, produced by WPE in this litigation. The document shows

15.    Attached hereto as Exhibit 2 is a true and correct copy of a document produced under Bates label WPE00205177-178,

16.    Attached hereto as Exhibit 3 is a true and correct copy of a document produced under Bates label WPE00460988-990,

DECLARATION OF HOWARD S. HOGAN
CASE NO. 4:24-CV-06917-AMO

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████

17.    Attached hereto as Exhibit 4 is a true and correct copy of a document produced under Bates label WPE00105733-734, ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████

18.    Attached hereto as Exhibit 5 is a true and correct excerpt from a document produced under Bates label WPE00393210-211, ████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████

19.    To my knowledge, WPE has not searched its Asana, Jira, Figma, or Miro instances for documents responsive to Defendants' discovery requests and has produced only documents that reference those Platforms that were captured in a few email notifications sent from these systems to email accounts and Slack messages referencing use of the Platforms, plus one Figma file that Yuan was questioned about during her deposition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Washington, DC, on this 21st day of May, 2026.

DATED:  May 21, 2026                         By:    _/s/ Howard S. Hogan_____
                                                     Howard S. Hogan

4

DECLARATION OF HOWARD S. HOGAN
CASE NO. 4:24-CV-06917-AMO