May 21, 2026
Hon. Ajay S. Krishnan
Re: WPEngine, Inc. v. Automattic Inc. et al., No. 4:24-cv-06917 (N.D. Cal.)

Dear Judge Krishnan:

Plaintiff WP Engine ("WPE") respectfully submits this letter motion to compel Counterclaimants and Defendants ("Defendants") to respond to four interrogatories. While the parties conferred on multiple occasions (*see* Fuoco Decl. ¶ 3), Defendants represented they did not have sufficient time to provide their portion of a joint letter, necessitating WPE's filing of this submission.

In this complex litigation, in which WPE asserts 18 claims, and Defendants assert 7 counterclaims and 28 affirmative defenses, Defendants have taken an unreasonably parsimonious approach to "counting" interrogatories, tallying up commas and semicolons in interrogatories that provided explanations of topics as constituting separate interrogatories, and thus refusing to fully answer at least 8, and up to 13, of the 21 to 25 interrogatories WPE served on them. *See* Fuoco Decl. ¶ 2.

WPE believes that all its interrogatories fall within the numeric limits of Rule 33(a)(1), but rather than further debate that, WPE asks that the Court grant it leave to seek responses to four specific interrogatories from each of the Defendants, to the extent they have not already answered. "[L]itigation over the semantics of what counts as one or multiple interrogatories [should not] serve to distract from the more important question of whether the request is relevant and proportional," which these are. *People Ctr., Inc. v. Deel, Inc.*, 2025 WL 3124079, at *6 (N.D. Cal. Nov. 7, 2025). These interrogatories concern Defendants' evidence of: (1) fame, an essential element to their dilution counterclaims; (2) actual confusion, core evidence on one of the likelihood of confusion factors considered essential to assessing their trademark infringement claims; (3) damages; and (4) awareness of WPE's use of the challenged trademarks, which only Mullenweg refused to answer, and is directly relevant to WPE's declaratory judgment claim on laches grounds.

"[T]he Court in its discretion may grant leave to allow service of additional interrogatories to the extent consistent with the principles set forth in Rule 26(b)(1) and (b)(2)." *SkyHawke Techs., LLC v. Deca Int'l Corp.*, 2019 WL 1966656, at *2 (C.D. Cal. Feb. 22, 2019). Rule 33's Advisory Committee Notes confirm that "leave to serve additional interrogatories is to be allowed when consistent with Rule 26(b)(2)" because "[t]he aim is not to prevent needed discovery." *NantWorks, LLC v. Niantic, Inc.*, 2022 WL 1500011, at *2 (N.D. Cal. May 12, 2022) (quoting Adv. Comm. Notes (1993 Am.) ("[i]n many cases, it will be appropriate for the court to permit a larger number of interrogatories")). In complex cases, courts "will allow additional interrogatories as long as they are not 'unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.'" *Protective Optics, Inc. v. Panoptx, Inc.*, 2007 WL 963972, at *2 (N.D. Cal. Mar. 30, 2007) (quoting Fed. R. Civ. P. 26(b)(2)(iii)). Such interrogatories are particularly appropriate in cases where the interrogatories seek "very relevant information." *Id.* at *3; *see also Beeman v. Anthem Prescription Mgmt., Inc.*, 2017 WL 5564535, at *3 (C.D. Cal. Nov. 17, 2017) ("the additional two interrogatories are relevant to any party's claim or defense and proportional to the needs of the case") (quotations omitted). One court, for example, granted leave in a case where the plaintiff sought relevant information about the trademarks at issue. *EVO Brands, LLC v. Al Khalifa Grp. LLC*, 2023 WL 5506883, at *15 (C.D. Cal. Aug. 17, 2023).

The case would be complex even without the counterclaims and declaratory judgment claims, as it also involves antitrust, the Computer Fraud and Abuse Act, defamation, and tortious interference claims. The trademark issues of infringement and dilution concerning "WordPress,"

"WooCommerce," and "Woo," as well design marks, make it even more so. *See* Dkt. 238 (Counts I-III (trademark infringement), IV-V (dilution)). Further complicating matters, each of the Defendants asserts some degree of rights in one or more of the marks.  The Defendants should therefore answer the four targeted interrogatories discussed below.

1. ***Evidence of Fame.*** To the extent they contend any of their asserted trademarks is famous, all Defendants should be required to respond to WPE's interrogatories asking Defendants to identify all facts relating to their fame contentions.  *See* Fuoco Decl. ¶ 4(a)-(d) for full text.  Fame is a required element of a dilution claim. 15 U.S.C. § 1125(c). Because Defendants must prove this element at trial, an interrogatory for the factual bases for this contention is both relevant and proportional to the needs of the case, and it is not unreasonable or unduly burdensome. Presumably, Defendants already collected it to assert their dilution claims in good faith. It would be inequitable for Defendants to avoid disclosing the factual bases for their claims.

2. ***Instances of Actual Confusion.*** All Defendants should be required to identify and describe in detail each instance of actual confusion they are aware of where any third-party person, entity, or customer was actually confused because of WPE's use of the WordPress Marks. *See* Fuoco Decl. ¶ 5(a)-(d) for full text. Defendants allege that instances of actual confusion support their claims of infringement—a central issue to their trademark claims. Responding to such an interrogatory is not unreasonable or unduly burdensome; the WordPress Foundation and WooCommerce responded to the first portion of virtually identical interrogatories, which should greatly alleviate any supposed burden. *See* Fuoco Decl. ¶¶ 6, 7. In any event, given the importance of actual confusion evidence in a trademark infringement claim, the need for a response is important and proportional to the needs of the case.

3. ***Damages.*** Each Defendant should be required to state each item of damage that they claim and information about the factual bases for each damages claim. *See* Fuoco Decl. ¶ 8(a)-(d) for full text. These are standard interrogatories in trademark cases and are highly relevant to providing WPE with sufficient notice to defend itself against Defendants' damages claims, including so that WPE's damages expert(s) may have a full set of information upon which Defendants are basing all monetary relief sought. Particularly in a complex case such as this one with multiple claims involving multiple forms of alleged damages, it is equitable for WPE to be put on notice of exactly what damages are sought for exactly which conduct, and the bases for those positions.

4. ***Laches.*** Mr. Mullenweg should be required to identify all facts relating to the circumstances of his awareness of WPE's use of the WordPress Marks or WooCommerce Marks, including how and when he became aware of WPE's use and related facts. *See* Fuoco Decl. ¶ 9 for full text. This seeks facts critical to WPE's laches defense and Mr. Mullenweg's delay, which WPE contends has gone on for over a decade. As such, it is highly relevant to WPE's defenses. *E.g.,* Dkt. 233 ¶¶ 40-47, 447, 458. It is not unreasonable or unduly burdensome for Mr. Mullenweg to answer—Automattic, the WordPress Foundation, and WooCommerce each already answered virtually identical interrogatories. *See* Fuoco Decl. ¶ 10.

*    *    *

Because the four interrogatories seek relevant information, are proportional to the needs of the case, are not unduly burdensome, and otherwise satisfy Rules 26(b)(1) and (2), and given the complexity of the case, the Court should grant WPE leave to exceed Rule 33(a)(1) so as to allow WPE to receive answers to these critical interrogatories, and compel Defendants to provide them.

2

DATED:  May 21, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Margret M. Caruso*
Margret M. Caruso
Rachel Herrick Kassabian
Yury Kapgan
Brian Mack
Gregory A. Fuoco

*Attorneys for WPEngine, Inc.*