QUINN EMANUEL URQUHART & SULLIVAN, LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for WPEngine, Inc*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation <br><br> Defendants. | CASE NO. 4:24-cv-06917-AMO-ASK <br><br> **DECLARATION OF GREGORY A. FUOCO IN SUPPORT OF WPENGINE, INC.'S  DISCOVERY LETTER** <br><br> Judge: Honorable Araceli Martínez-Olguín |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation, <br><br> Counterclaimants, <br><br> vs. <br><br> WPENGINE, INC., a Delaware corporation, <br><br> Counterdefendant. | |

## DECLARATION OF GREGORY A. FUOCO

I, Gregory A. Fuoco, hereby declare and state as follows:

1. I am an attorney licensed to practice before this Court and admitted to the State Bar of California. I am an associate at Quinn Emanuel Urquhart & Sullivan, LLP and counsel for WPEngine, Inc. ("WPE") in this matter. I make this declaration of my own personal knowledge and, if called to testify, I could and would competently testify hereto under oath. I submit this declaration in support of WPE's Discovery Letter.

2. Counterclaimants Matthew Mullenweg, Automattic, Inc., WooCommerce, Inc., and The WordPress Foundation (collectively, "Defendants") each refused to respond to interrogatories based on their objection that WPE had exceeded the numerical limit on interrogatories. On this numerosity basis:

   a. Mullenweg refused to answer Nos. 18-25 of the 25 interrogatories WPE served.

   b. Automattic refused to answer Nos. 15-25 of the 25 interrogatories WPE served.

   c. The WordPress Foundation refused to answer Nos. 10-21 of the 21 interrogatories WPE served, as well as portions of Interrogatory No. 9.

   d. WooCommerce refused to answer Nos. 11-21 of the 21 interrogatories WPE served, as well as portions of Interrogatory No. 10.

3. On January 29, 2026, WPE first raised Defendants' numerosity objections by letter to Defendants' counsel, challenging their refusal to respond to Interrogatory Nos. 15-18 directed to Automattic and Interrogatory Nos. 18-20 directed to Mullenweg on the grounds that those interrogatories exceeded the number of interrogatories. Defendants did not respond to WPE's January 29 letter until February 26, 2026, when counsel for Defendants wrote to dispute WPE's position that the interrogatories at issue were not compound. Defendants maintained their objections and proposed a meet and confer on the issues.

The parties met and conferred on March 6, 2026. At that conference, WPE again requested Defendants respond to the disputed interrogatories, but they declined to commit to doing so. On March 12, 2026, Defendants' counsel proposed a modest compromise on the compound interrogatory counting issue for a subset of the disputed interrogatories but refused to withdraw its

-2-                                                    Case No. 4:24-cv-06917-AMO-ASK
DECLARATION OF GREGORY A. FUOCO IN SUPPORT OF WPENGINE, INC.'S DISCOVERY LETTER

position, or otherwise meaningfully compromise, with regards to their compound objections. Despite WPE's efforts, Defendants did not supplement any of the interrogatory responses. WooCommerce and the WordPress Foundation likewise refused to respond to numerous interrogatories directed to them on the same numerosity grounds. The parties met and conferred again on May 20, 2026, and discussed Defendants' numerosity objections, but were unable to reach resolution.

*Fame*

4.    WPE seeks answers from Defendants regarding their evidence of fame as follows:

a.    From Automattic (WPE Interrogatory No. 15): To the extent You contend that the Challenged Terms are famous, Identify all facts Relating to Your contention, including the date by which You contend each Challenged Term became famous, and Identify all Documents You may rely on to support that contention. If You do not contend that any Challenged Term is famous, so state.

b.    From The WordPress Foundation (WPE Interrogatory No. 17): "To the extent You contend that the WordPress Marks are famous, Identify all facts Relating to Your contention, including the date by which You contend each WordPress Mark became famous, and Identify all Documents You may rely on to support that contention. If You do not contend that any WordPress Mark is famous, so state."

c.    From Mullenweg: To the extent You contend that the Challenged Terms are famous, Identify all facts Relating to Your contention, including the date by which You contend each Challenged Term became famous, and Identify all Documents You may rely on to support that contention. If You do not contend that any Challenged Term is famous, so state.

d.    From WooCommerce (WPE Interrogatory No. 14): "To the extent You contend that the WooCommerce Marks are famous, Identify all facts Relating to Your contention, including the date by which You contend each WooCommerce Mark became famous, and Identify all Documents You may rely on to support that contention. If You do not contend that any WooCommerce Mark is famous, so state."

*Actual Confusion*

5.    WPE seeks answers from Defendants regarding their evidence of actual confusion as follows:

a.    From Automattic (WPE Interrogatory No. 23): "Identify and describe in detail each instance of actual confusion You are aware of where any third-party person, entity, or customer was actually confused, mistaken, or deceived regarding the source, sponsorship, affiliation, or endorsement of products or services because of WPE's use of the WordPress Marks, including for each instance, the identity of the confused party and their contact information, the date and circumstances of the confusion, the specific use of the WordPress Marks by WPE that caused the confusion, all Documents evidencing such confusion, how the confusion was discovered or reported to You, any steps taken by You to address or correct the confusion, and any harm to You resulting from such confusion."

b.    From WooCommerce (unanswered portions of WPE Interrogatory No. 10): "Identify and Describe in detail…for each instance [of actual confusion], the specific use of the WooCommerce Marks by WP Engine that caused the confusion, all Documents evidencing such confusion, how the confusion was discovered or reported to You, any steps taken by You to address or correct the confusion, and any harm to You resulting from such confusion."

c.    From Mullenweg (WPE Interrogatory No. 24): "Identify each instance in which WPE has used the WordPress Marks or WooCommerce Marks that You contend constitutes infringement, including the specific use, where and when such use occurred, why You contend such use is infringing, any actual confusion You are aware of and all Documents evidencing such confusion, and any harm You claim to have suffered."

d.    From the WordPress Foundation (unanswered portions of WPE Interrogatory No. 9): "Identify and describe in detail…any steps taken by You to address or correct the confusion, and any harm to You resulting from such confusion."

DECLARATION OF GREGORY A. FUOCO IN SUPPORT OF WPENGINE, INC.'S DISCOVERY LETTER

6. The Word Press Foundation answered, and did not object on numerosity grounds to the first portion of WPE Interrogatory No. 9 concerning actual confusion, which asked: "Identify and describe in detail each instance of actual confusion You are aware of where any third-party person, entity, or customer was actually confused, mistaken, or deceived regarding the source, sponsorship, affiliation, or endorsement of products or services because of WPE's use of the WordPress Marks, including for each instance, the identity of the confused party and their contact information, the date and circumstances of the confusion, the specific use of the WordPress Marks by WPE that caused the confusion, all Documents evidencing such confusion, how the confusion was discovered or reported to You […]."

7. WooCommerce answered, and did not object on numerosity grounds to the first portion of WPE Interrogatory No. 10 concerning actual confusion, which asked: "Identify and Describe in detail each instance of actual confusion You are aware of where any third-party person, entity, or customer was actually confused, mistaken, or deceived regarding the source, sponsorship, affiliation, or endorsement of products or services because of WP Engine's use of the WooCommerce Marks, Including for each instance, the identity of the confused party and their contact information, the date and circumstances of the confusion[…]."

***Damages***

8. WPE seeks answers from Defendants regarding their evidence of damages as follows:

    a. From WordPress Foundation (WPE Interrogatory No. 18): "State each item of damage that You claim and include in Your response: the count or defense to which the item of damages relates; the category into which each item of damages falls (i.e., lost profits, interest, or any other relevant categories); the factual basis for each item of damages, Including specifying how such item of damages was caused by WPE; and an explanation of how You computed each item of damages, including any mathematical formula used."

    b. From Automattic: "State each item of damage that You claim and include in Your response: the count or defense to which the item of damages relates; the category

DECLARATION OF GREGORY A. FUOCO IN SUPPORT OF WPENGINE, INC.'S DISCOVERY LETTER

into which each item of damages falls (i.e., lost profits, interest, or any other relevant categories); the factual basis for each item of damages, Including specifying how such item of damages was caused by WPE; and an explanation of how You computed each item of damages, including any mathematical formula used."

c.  From Mullenweg: "State each item of damage that You claim and include in Your response: the count or defense to which the item of damages relates; the category into which each item of damages falls (i.e., lost profits, interest, or any other relevant categories); the factual basis for each item of damages, Including specifying how such item of damages was caused by WPE; and an explanation of how You computed each item of damages, including any mathematical formula used."

d.  From WooCommerce (WPE Interrogatory No. 17): "State each item of damage that You claim and include in Your response: the count or defense to which the item of damages relates; the category into which each item of damages falls (i.e., lost profits, interest, or any other relevant categories); the factual basis for each item of damages, Including specifying how such item of damages was caused by WPE; and an explanation of how You computed each item of damages, including any mathematical formula used."

***Laches/Awareness of WPE's Uses Of Challenged Trademarks***

9.  WPE seeks answers from Mullenweg regarding his evidence of awareness of WPE's uses of the challenged trademarks as follows (WPE Interrogatory No. 23): Identify all facts relating to the circumstances of Your awareness of WPE's use of the WordPress Marks or WooCommerce Marks, Including how and when You became aware, all persons with whom You communicated about it, and all Documents relating to those facts.

10.  The other Defendants did not object on numerosity grounds to WPE's interrogatories concerning their awareness of WPE's uses of the challenged trademarks.

a.  Automattic answered WPE Interrogatory No. 11: "Identify all facts relating to the circumstances of Your awareness of WPE's use of the Challenged Terms, Including how and when You became aware, all Persons who became aware of that use or

-6-                    Case No. 4:24-cv-06917-AMO-ASK

DECLARATION OF GREGORY A. FUOCO IN SUPPORT OF WPENGINE, INC.'S DISCOVERY LETTER

Communicated about it, and all Documents Relating to those facts."

    b.  The WordPress Foundation answered WPE Interrogatory No. 5: "Identify all facts relating to the circumstances of Your awareness of WPE's use of the WordPress Marks, Including how and when You became aware, all Persons who became aware of that use or Communicated about it, and all Documents Relating to those facts."

    c.  WooCommerce answered WPE Interrogatory No. 5:  "Identify all facts relating to the circumstances of Your awareness of WPE's use of the WooCommerce Marks, Including how and when You became aware, all Persons who became aware of that use or Communicated about it, and all Documents Relating to those facts."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 21st day of May, 2026, in Burbank, California.

/s/ *Gregory A. Fuoco*

Gregory A. Fuoco