May 21, 2026
Hon. Ajay S. Krishnan
Re: *WPEngine, Inc. v. Automattic Inc. et al.*, No. 4:24-cv-06917 (N.D. Cal.)

Dear Judge Krishnan:

Pursuant to the Court's discovery procedures, Plaintiff WPEngine, Inc. ("WPE") respectfully submits this discovery letter. Defendants have informed WPE that they will not be providing WPE with Defendants' portions for a Joint Discovery Letter, and thus WPE files this letter separately. Fuoco Decl. ¶ 16.

## I.   DEFENDANTS MUST PRODUCE LONG-WITHHELD DOCUMENTS CENTRAL TO WPE'S CLAIMS.

Eighteen months into discovery, Defendants continue to withhold three categories of plainly responsive documents central to WPE's core allegations:

**1. Foundation's financial statements.** A central WPE allegation is that Defendants weaponized the WordPress Foundation—not as a genuine nonprofit, but as a vehicle to obscure who actually controls the WordPress trademarks and wordpress.org, including by transferring the WordPress trademarks to the Foundation in 2010 and surreptitiously transferring all rights back to Automattic that same year. TAC ¶¶ 2-3, 6, 52-56, 58-60. However, Defendants have not produced the Foundation's financial statements before 2022 or after 2024—even though at deposition the Foundation ███████████████████████████████████████ and they are directly responsive to WPE's RFP 37 ("All Documents and Communications Relating to WordPress Foundation's financial statements"). The pre-2022 period is when the alleged sham was conceived and executed; withholding records from that window cannot be squared with relevance.

**2.** ████████████████████████████████████████████████



Fuoco Decl. Ex. A. That document, the appended comment, and Mr. Mullenweg's response go to the heart of WPE's claim that Defendants used the WordPress marks as leverage to extract licensing fees from hosts, including WPE. *E.g.*, TAC ¶¶ 5, 72-75, 196. Both are directly responsive to WPE's RFP 43 (seeking documents "relating to the ownership, donation, licensing or sub-licensing of any trademarks by Automattic, Mullenweg, the WordPress Foundation, wordpress.org, or any other entity owned by one or more of them"). However, the Google document containing this critical comment has not been produced, despite the fact that it indisputably existed at one point. Fuoco Decl. ¶¶ 17-18, Ex. A. Moreover, Defendants have failed to identify any documents containing Mr. Mullenweg's response to this key comment. *Id.* ¶ 18. If they cannot find such documents, Defendants should provide a sworn declaration explaining the circumstances of their absence, including attesting to any failure to preserve them. *E.g.*, Dkts. 177, 266, 275.

**3. Documents Identified During the Mark Davies Deposition.** Automattic's CFO, Mr. Davies, confirmed at deposition that the following documents exist in Defendants' possession, yet none have been produced:

███████████████████████████████████████

Although Defendants have stated they will "produce additional documents in response to items" (i) and (ii), they have not done so, despite that fact discovery ended a week ago and the deadline for discovery motions is today, thus forcing WPE to file this discovery letter to preserve its rights. These documents go directly to the financial flows among Automattic, the Foundation, and Mr. Mullenweg—the very subject of WPE's allegations that Defendants used the Foundation to mask control of the WordPress marks and wordpress.org. They are squarely responsive to at least WPE's RFP 264 ("All Documents and Communications Relating to any business transactions or agreements between Automattic and Mullenweg."); RFP 168 ("All Documents showing shared resources, employees, agents, or facilities between Automattic and Audrey HC, LLC."); and RFP 44 (described *supra*). They must be produced.

## II.    MR. MULLENWEG MUST RESPOND TO RFP 317

RFP 317 seeks "[a]ll documents and communications referencing or reflecting the data supporting [Mr. Mullenweg's] March 15, 2026 X.com post stating that there are 'a few new [WordPress] sites being created every second, 24/7,' …." Mr. Mullenweg's public statement is itself an admission of continuous, real-time access to wordpress.org analytics, which cannot be reconciled with Defendants' production of only limited categories of wordpress.org data or their claims that several categories of analytics do not exist or are unavailable. The underlying data is directly relevant to WordPress's market share, which in turn is attributable to Defendants and is evidence of their market dominance and monopoly power.  It must be produced.

## III.    MR. MULLENWEG MUST RESPOND TO RFA 45

RFA 45 asks Mr. Mullenweg to "[a]dmit that You did not disclose the exclusive license agreement between WordPress Foundation and Automattic in the WordPress Foundation's tax filings with the California government." This goes to the heart of WPE's allegation that Defendants concealed Automattic's exclusive control of the WordPress trademarks. *E.g.*, TAC ¶ 53-54.  Hours before the deadline for this motion, Mr. Mullenweg amended his response to state: "Mr. Mullenweg has made a reasonable inquiry and the information Mr. Mullenweg knows or can readily obtain is insufficient to enable Mr. Mullenweg to admit or deny this Request, and on that basis denies this Request." Fuoco Decl. ¶ 19, Ex. C.  This response makes no sense.  Mr. Mullenweg founded the Foundation and arranged the license-back to Automattic; whether the Foundation's tax filings disclose that license concerns his own paperwork. The filings are also public records, freely available online (*see* https://rct.doj.ca.gov/).  A "reasonable inquiry" required no more than clicking through links to see whether he disclosed this crucial fact.  WPE accordingly requests that the Court deem the response insufficient under Rule 36(a)(6) and order Mr. Mullenweg to "admit" or "deny" RFA 45.

## IV.    RELIEF REQUESTED

WPE respectfully requests an order: (1) compelling Defendants to produce the documents described in section I, *supra*, or, if Defendants contend they no longer exist, explain why in a sworn declaration; (2) compelling Mr. Mullenweg to produce all documents responsive to RFP 317; and (3) compelling Mr. Mullenweg to provide a complete, substantive response to RFA 45.

Dated:  May 21, 2026

QUINN, EMANUEL URQUHART &
SULLIVAN, LLP

By: /s/ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Rachel Herrick Kassabian
Yury Kapgan
Margret M. Caruso
Brian Mack
Gregory A. Fuoco
*Attorneys for WPEngine, Inc.*

3