QUINN EMANUEL URQUHART & SULLIVAN, LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for WPEngine, Inc*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation<br><br>Defendants. | CASE NO. 4:24-cv-06917-AMO-ASK<br><br>**DECLARATION OF GREGORY A. FUOCO IN SUPPORT OF WPENGINE, INC.'S DISCOVERY LETTER**<br><br>Judge: Honorable Araceli Martínez-Olguín |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>vs.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | |

## DECLARATION OF GREGORY A. FUOCO

I, Gregory A. Fuoco, hereby declare and state as follows:

1.    I am an attorney licensed to practice before this Court and admitted to the State Bar of California.  I am an associate at Quinn Emanuel Urquhart & Sullivan, LLP and counsel for WPEngine, Inc. ("WPE") in this matter.  I make this declaration of my own personal knowledge and, if called to testify, I could and would competently testify hereto under oath.  I submit this declaration in support of WPE's Discovery Letter.

2.    On November 6, 2024, WPE served its First Set of Requests for Production of Documents on Defendants Automattic Inc. ("Automattic") and Matthew Charles Mullenweg ("Mr. Mullenweg").  These included, *inter alia*, the following RFPs:

**REQUEST NO. 32:** All Documents and Communications, for the WordPress Foundation Regarding organizational documents, governance documents, Board minutes, regulatory filings, charitable donations (whether monetary, via provision of free services or products, or in-kind donations), documents Relating to donation of trademarks and assignment of trademarks, all board minutes, all discussions concerning conflicts of interest and related-party transactions, and all disclosure documents Relating to related-party transactions.

**REQUEST NO. 37:** All Documents and Communications Relating to WordPress Foundation's financial statements, Including, but not limited to, any statements of activities, statements of assets, statements of financial position, balance sheets, statements of cash flows, and statements of functional expenses.

**REQUEST NO. 43:** All Documents and Communications Relating to the ownership, donation, licensing, or sub-licensing of any trademarks by Automattic, Mullenweg, the WordPress Foundation, wordpress.org, or any other entity owned by one or more of them.

**REQUEST NO. 44:** Documents and Communications Relating to any business transactions or agreements between or among any of Automattic, the WordPress Foundation, Mullenweg, and/or wordpress.org.

**REQUEST NO. 65:** All Documents and Communications Relating to the extent to which You have stated, encouraged, recommended, requested or required that developers post and

/ or update their plugins on wordpress.org.

**REQUEST NO. 66:** All Documents and Communications Relating to any discussions by or amongst Defendants about potential conflicts between their for-profit businesses and the WordPress Foundation for which Mullenweg serves as a board member.

3.      On July 30, 2025, WPE served its Second Set of Requests for Production of Documents on Automattic and Mr. Mullenweg.  These included, among other things, RFP 168, which sought, "All Documents showing shared resources, employees, agents, or facilities between Automattic and Audrey HC, LLC."

4.      On September 19, 2025, WPE served its Fourth Set of Requests for Production of Documents on Automattic and Mr. Mullenweg.  These included, among other things, RFP 264, which sought, "All Documents and Communications Relating to any business transactions or agreements between Automattic and Mullenweg."

5.      On December 4, 2025, I attended a Rule 26(f) conference with counsel for Defendants and Counterclaimants.  At this conference, Defendants and Counterclaimants confirmed that, in response to WPE's RFPs to date, Defendants had collected and produced documents from both WooCommerce Inc. ("WooCommerce") and the WordPress Foundation (the "Foundation").  And Defendants had not been drawing distinctions between Automattic and Mr. Mullenweg's documents, on the one hand, and WooCommerce and the Foundation, on the other, that would have the effect of excluding WooCommerce's and the Foundation's documents from Defendants' collection and production. Defendants and Counterclaimants also confirmed that they understood WPE's discovery requests to date applied to both WooCommerce and the Foundation, such that WPE need not re-serve any of its discovery requests to cover the new parties.  Taken together, this meant that all the documents requests referenced, *supra*, applied to each of Automattic, Mr. Mullenweg, WooCommerce, and the Foundation.

6.      On March 17, 2026, WPE served its Seventh Set of Requests for Production of Documents on Mr. Mullenweg.  These included, *inter alia*, RFP 317, which sought, "All documents and communications referencing or reflecting the data supporting Your March 15, 2026 X.com post stating that there are 'a few new [WordPress] sites being created every second, 24/7,' Including all

DECLARATION OF GREGORY A. FUOCO IN SUPPORT OF WPENGINE, INC.'S DISCOVERY LETTER

databases, logs, and analytics referencing or reflecting hostnames, site addresses, hosting providers, callback data, or any other data sent to, received by, or accessible to You via wordpress.org or any other source."

7. On April 16, 2026, Mr. Mullenweg served his responses to WPE's Seventh Set of Requests for Production of Documents. He objected and refused to produce documents in response to RFP 317.

8. On May 11, 2026, WPE emailed Defendants to ask that they meet and confer regarding Mr. Mullenweg's refusal to produce documents in response to RFP 317.

9. On May 13, 2026, WPE emailed Defendants noting the absence of the Foundation's financial statements in their production, even though WPE had requested them in WPE's RFP 37, and at the Foundation's deposition, the Foundation testified ███████████████████ Accordingly, WPE asked Defendants produce these documents and also meet and confer to discuss the issue.

10. On May 18, 2026, at 11:19 a.m., WPE emailed Defendants regarding, *inter alia*, a July 24, 2024 email ███████████████████ ███████████████████ ███████████████████ ███████████████████ ███████████ Accordingly, WPE asked Defendants to produce these documents and also meet and confer to discuss the issue.

11. In the same May 18, 2026 email, WPE noted that several categories of documents that were identified during Mr. Davies's deposition as existing within Defendants' possession, custody, or control, appeared to be missing from Defendants' production. Specifically, ███████ ███████████████████ ███████████████████ ███████████████████ ███████████████████

DECLARATION OF GREGORY A. FUOCO IN SUPPORT OF WPENGINE, INC.'S DISCOVERY LETTER

████████████████████████████████████████████████ WPE asked that Defendants produce these documents and also meet and confer to discuss the issue.

12. On May 18, 2026, at 8:09 p.m., WPE emailed counsel for Defendants to follow up on its previous requests and again asked Defendants to provide times to meet and confer.

13. On May 19, 2026, WPE again emailed counsel for Defendant to follow up and again asked Defendants to provide times to meet and confer.

14. Despite WPE's many requests described *supra*, Defendants did not agree to meet and confer on these issues until, at the earliest, 2:30 in the afternoon of May 20, 2026, just one day before the discovery motion deadline in this action.

15. On May 20, 2026 at 2:30 p.m., the first time slot offered by Defendants, I and other counsel for WPE met and conferred with counsel for Defendants to determine which of the issues in my email could be resolved without the need for court intervention. At 10:54 p.m. on May 20, the same day as the meet and confer, I sent WPE's portions of its Joint Discovery Letter regarding the subset of issues that had not been resolved.

16. On May 21, 2026, at 3:21 p.m., I received an email from Defendants (a true and correct copy of which is attached hereto as **Exhibit B**) stating that they would not be providing their portions of the Joint Discovery Letter and that "[WPE] will need to file unilaterally."

17. In the same email, in response to my request that Defendants produce the Google document containing the comment in **Exhibit A**, along with Mr. Mullenweg's response to the same, Defendants stated: "This is yet another example of WP Engine not undertaking even basic searches to identify documents it demands we locate. Versions of this document were produced. *See* A8C00960055, A8C00964484, A8C00972765."

18. However, not one of the documents cited by Defendants (A8C00960055, A8C00964484, A8C00972765) contains the key comment in **Exhibit A** ████████████ ████████████████████████████ ████████████████████████ remain unproduced. Defendants' email states they "are not aware of any document with a response from Mr. Mullenweg."

19. Attached hereto as **Exhibit C** is a true and correct excerpt of Mr. Mullenweg's

Second Amended Responses and Objections to Plaintiff's First Set of Requests for Admission, which Defendants served at 5:07 p.m. on May 21, 2026—*i.e.*, the discovery motion deadline in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 21st day of May, 2026, in Burbank, California.

/s/ _____

Gregory A. Fuoco

DECLARATION OF GREGORY A. FUOCO IN SUPPORT OF WPENGINE, INC.'S DISCOVERY LETTER