# Exhibit B

**Greg Fuoco**

---

| | |
|---|---|
| **From:** | Fishman, Ariel M. <AFishman@gibsondunn.com> |
| **Sent:** | Thursday, May 21, 2026 3:21 PM |
| **To:** | Greg Fuoco; Kaitlin Keohane; Nathan Brown; QE-WPE |
| **Cc:** | *** Automattic WPEngine Litigation |
| **Subject:** | WPEngine v. Automattic et al., - Letter Briefs |

**[EXTERNAL EMAIL from afishman@gibsondunn.com]**

---

Counsel,

We write concerning three draft letter briefs you sent last night and today: (1) the brief concerning purported document production issues and RFA 45 sent by Greg Fuoco at 10:54pm last night; (2) the brief concerning purported interrogatory deficiencies sent by Kaitlin Keohane at 2:28am today; and (3) the brief concerning WP Engine's compound interrogatories sent by Nathan Brown at 3:04am today. These draft briefs are deficient and violate this Court's Standing Order, as you precluded the joint letter brief process required under the Standing Order. *See* Dkt. 270 (WPE arguing that Defendants violated the Court's standing order by filing joint letter brief three business days after sending their portion). We provided our portions of letter briefs to you last week, well in advance of the filing deadline, while you chose to wait until late in the evening before and the day of the filing deadline to send your drafts. Because of this deficiency, should you choose to move the Court on these issues, you will need to file unilaterally. We will inform the Court that you precluded the joint letter brief process.

Additionally, the documents brief draft also fails to identify material that must be filed under seal, including discussion of A8C01236177 and A8C01519175, which were designated AEO, and testimony from Mr. Davies' deposition, the transcript for which was provisionally designated AEO. Any unilaterally filed motion must redact these discussions.

With respect to certain of the issues in the documents brief, please also note the following:

- Foundation-Related Documents:  Counsel at Grayson & Company was engaged in November 2025, after the parties' agreed-upon August 15, 2025 end date for productions.  No audit report has been completed.  And, as explained, any related communications are privileged.  Demanding that Defendants log documents that post-date the discovery cutoff and clearly are privileged is unreasonable and burdensome.
- Documents Showing Automattic's Financial Benefits from WordPress.org:  No documents exist.  WordPress.org does not operate for Automattic's financial benefit.
- "Pricing Trademarks for Hosting Companies" Document and Communications: This is yet another example of WP Engine not undertaking even basic searches to identify documents it demands we locate.  Versions of this document were produced.  *See* A8C00960055, A8C00964484, A8C00972765.  We are not aware of any document with a response from Mr. Mullenweg.

Best,
Ariel

**Ariel M. Fishman**
Associate Attorney

T: +1 202.777.9595
AFishman@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1700 M Street, N.W., Washington, D.C. 20036-4504

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---