May 21, 2026
Hon. Ajay S. Krishnan
Re: *WPEngine, Inc. v. Automattic Inc. et al.*, No. 4:24-cv-06917 (N.D. Cal.)

Dear Judge Krishnan:

WP Engine, Inc. ("WPE") and Defendants and Counterclaimants (together, the "WordPress Parties") respectfully submit this joint statement regarding the deposition of Defendant Matthew Charles Mullenweg.

## I.    WP ENGINE'S POSITION

Defendants designated Mullenweg on **46** Rule 30(b)(6) Topics (29 for Automattic and 17 for WooCommerce ("Woo")), implicating *nearly all* the claims in this matter. Given this vast scope, WPE requested 5 days of deposition. Defendants refused. WPE then requested 4 days. Defendants refused. Reserving the right to request more time, WPE agreed to 3 days—which as suspected proved woefully insufficient due to Mullenweg's unpreparedness, non-responsiveness, evasive testimony, and otherwise dilatory behavior. WPE requests the Court order Mullenweg sit for an 5 more hours of deposition and, as appropriate, that Defendants designate a better-prepared witness.

### A.  Mr. Mullenweg Was Not Prepared on Several of His Designated Topics.

Mullenweg demonstrated his lack of adequate preparation on several Rule 30(b)(6) Topics for which he was designated as the person most knowledgeable, including Automattic Topics 3, 20 (Woo Topic 9), and 35 (Woo Topic 15). ████████████████████████ (Mullenweg Depo. Tr., ("Depo Tr.") Vol. I at 133:14–16) ████████████████, Mullenweg could not answer basic questions about these topics or what he did to prepare, at one point stating ████████████ ████████████████████████████████████████████████████████. *Id*. at 135:13–19.

On Topic 3 addressing the organizational management and structure, ownership, and control of Automattic, WordPress Foundation (WPF), and Mullenweg's entities, ██████████████████ ████████████████. For instance, █████████████████████████████████████████ ████████████████████████████████████████████████████████████████████. *Id*. at 89:4–90:13. Mullenweg also ████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████. *Id*. at 65:3–68:11. With regards to WooCommerce ██████████████ ██████████████████████████████████████████████████████ (*id*. at 106:17–20), ████████████████████████████████ (*id*. at 106:4–16), ████████████ ████████████████. *Id*. at 106:21–107:5. ██████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████ Depo Tr., Vol. II at 446:17–447:6.

On Topic 20 addressing Defendants' campaign to discourage business with WPE in Fall 2024, ████████████████████████████████████████████████████████████ ████████████████████████. *Id*. at 409:11–410:20. ██████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████ (*id*. at 394:10–396:22), seemingly to obstruct further

questioning —

. Depo Tr., Vol. III at 922:10–16.

Finally, on Topic 35, which addresses trademark licensing of the Challenged Marks,

. Depo Tr., Vol. I at 147:12–150:24.

. *Id.* at 143:17–145:16.

. *Id.* at 145:7–16.

. *Id.* at 286:7–291:6.

### B. Mr. Mullenweg's Filibuster

Mullenweg's dilatory antics and non-responsive narration consumed nearly all of the three days of deposition and left WPE unable to meaningfully examine him on Topics central to its claims: the October 2024 "Alignment Offer" used to silence Automattic employees (Topic 11); data tracking of ACF and SCF plugins, including customer demographics and known instances of confusion regarding the source of the SCF plugin (Topics 27, 28, and 30); the "maker/taker" rhetoric used to support Defendants' conduct (Topic 67); the "scorched earth nuclear approach" (Topic 12); and the complete basis for the "bastardized simulacra," "parasitic entities" and "degraded product quality" statements, including Defendants' knowledge of the technical implementation of WPE's products (Topics 59 and 64). The Court should not permit Mullenweg to filibuster out of his 30(b)(6) obligations.

***Repeated and Theatrical Delays.***

. Depo Tr., I at 109:7–115:12.

*Id.* at 112:25–113:1. This type of behavior persisted throughout the deposition, eating up the valuable time.

***Non-Responsive Narratives.***

For example,

Depo. Tr., Vol. III at 685:7–689:5. Similarly,

Depo. Tr., Vol. II at 340:3–345:16.

***Arguing with Questions.***



Depo. Tr., Vol. III at 966:5–967:6.

. *Id.* at 824:12–830:25.

Depo. Tr., Vol. II. at 572:20–575:18; *see also* Depo. Tr., Vol. III at 825:10–12 (" "). In fact,

Depo. Tr., Vol. I at 48:7–54:1.

Mullenweg's conduct interfered with WPE's ability to obtain meaningful responses to its Rule 30(b)(6) questions. Instead of providing WPE with information it is entitled to, he sought to prolong the questioning to avoid substantively responding to core issues in this case. Defendants' suggestion that WPE's motion should be denied on procedural grounds rings hollow because WPE did not "renege" on any agreement. Mack Decl., at ¶ 10. WPE should be permitted 5 hours of additional time to examine Mullenweg on the topics for which he truly is the PMK, and Defendants should be ordered to designate new witnesses (such as Mr. Franklin Thompson) for a day of deposition concerning the topics on which Mullenweg plainly was not the correct PMK designee.

## II.    DEFENDANTS/COUNTERCLAIMANTS' POSITION

WP Engine examined Mr. Mullenweg—the founder and CEO of Automatic—for more than 21 hours on the record, over three full days, using three different attorneys from Quinn Emanuel who marked more than 80 exhibits and asked him over 1300 questions in all. Mr. Mullenweg appeared, was sworn, and answered the questions put to him. That is three times the seven hours that Rule 30 affords as a presumptive limit. Fed. R. Civ. P. 30(d)(1). It is more than the Federal Rules contemplate, more than this Court's discovery practice tolerates, and more than enough by any measure. WP Engine now asks for still more—another five hours with Mr. Mullenweg, plus a fourth deposition day with a different Automattic witness—not because any topic was left unexamined, but because WP Engine does not like the answers it received. That is not a basis to extend a deposition that already exceeded every limit and consumed every hour the parties agreed to. The motion should be denied.

### A.  WP Engine's Counsel Reneged on One Agreement and Then Breached Another

WP Engine is bound by the agreement its own counsel made. The parties expressly agreed that Mr. Mullenweg would sit for three full days, and that if WP Engine believed it needed more time it would meet and confer and brief the dispute by May 18. Dore Decl. Ex. 3. WP Engine ignored both halves of that agreement. The Court should "not countenance an attorney's attempt to renege on his prior agreement as a means to gain a litigation advantage." *ProDox, LLC v. Pro. Document*

3

*Servs., Inc.*, 341 F.R.D. 679, 685-86 (D. Nev. 2022). WP Engine had already attempted the same maneuver weeks earlier, reneging on its agreement to produce its own CEO Heather Brunner and Head of Brand Regina Yuan for two consecutive days each in an apparent effort to leverage additional time with Mr. Mullenweg. Dore Decl. Ex. 2. The Court should not reward that pattern by extending Mr. Mullenweg's deposition beyond the three days WP Engine itself agreed to.

WP Engine's handling of this very motion confirms the pattern. Counsel agreed in writing that, "[i]n the event WPE determines that more time is needed with Mullenweg," the parties would confer "over the weekend of May 15-17" and file a joint statement "on Monday May 18." Dore Decl. Ex. 3. WP Engine did neither. It sent its draft for the first time the night before the filing deadline, with no prior meet and confer, amid a deluge of other letter briefs sent last night and this morning. Dore Decl. ¶ 6. Defendants were left to choose between scrambling to respond and allowing WP Engine's public mischaracterizations of Automattic's CEO to stand unanswered. On that procedural record alone, the motion should be denied.

### B. Twenty-One Hours Was More Than Enough; Mr. Mullenweg Was Prepared and Responsive

Twenty-one hours is three times the presumptive limit Rule 30 sets for a single deposition. Fed. R. Civ. P. 30(d)(1). Courts in this district routinely deny further deposition time after far less. WP Engine served three separate 30(b)(6) notices on Automattic, the WordPress Foundation, and WooCommerce containing 139 topics across more than 25 pages, many sweeping in time and scope (e.g., Automattic Topic 58—"Public statements, blog posts, and social media posts about WPE made by Automattic or Mullenweg…."; Automattic Topic 49—"The WordPress Software provided by Automattic to its customers…."). Mr. Mullenweg sat for the 46 topics designated to him and answered the questions WP Engine's three attorneys put to him across three days.

WP Engine's preparation argument rests on cherry-picked soundbites from a 21-hour record. It mocks Mr. Mullenweg for using a well-established memorization technique—one with a long and respected pedigree. *See* https://www.nytimes.com/2016/03/24/upshot/an-ancient-and-proven-way-to-improve-memory-go-ahead-and-try-it.html; https://news.uchicago.edu/story/how-build-better-memory-palace. More fundamentally, WP Engine's argument omits dispositive facts.

*First*, WP Engine never told Defendants during any of the three days of deposition that it believed Mr. Mullenweg was unprepared on any particular topic. Tellingly, WP Engine's complaints rely on testimony from Volume 1 (*i.e.*, Day 1) and Volume 2 (*i.e.* Day 2)—testimony given before the deposition was even halfway through. Any genuine preparation deficiency could and should have been raised then. Having said nothing at the deposition, WP Engine has waived the objection. *See* Fed. R. Civ. P. 32(d)(3)(A). WP Engine did not identify *any* specific topic on which Mr. Mullenweg was supposedly unprepared until it served Defendants its draft letter brief at 7:50 p.m. PT last night. *Second,* much of the testimony WP Engine now complains about falls outside the scope of the noticed topic. The date the WordPress Foundation was created, the reasons for its creation, and the wording of its mission statement, for example, are not within the scope of Topic 3—which addresses organizational management, structure, ownership, and control. A 30(b)(6) witness is not required to answer every tangential question counsel devises in the room. *See*

4

*Borenstein v. Animal Found.*, 2024 WL 5683398, at *2 n.5 (D. Nev. Feb. 14, 2024) (30(b)(6) witness's inability to answer every question "does not necessarily demonstrate that the deponent was improperly prepared or that the deposing party is entitled to further deposition time, particularly when the topics … are broadly worded" and questions are "beyond the scope of the notice"); *Greer v. Elec. Arts., Inc.*, 2012 WL 6131031, at *2 (N.D. Cal. Dec. 10, 2012) (declining to order further deposition testimony despite a list of more than 40 unanswered questions).

### C. WP Engine Used Its 21 Hours As It Chose—And Waived Any Objection to Form

WP Engine had 21 hours, three days, three attorneys, and scores of exhibits. How it spent that time was its own choice. When Mr. Mullenweg took a moment to read a document put in front of him, WP Engine's counsel objected loudly—even though WP Engine's own witnesses had taken as much as ten minutes to do the same thing. Vol. I at 50:5-52:17. Counsel grew outraged when Mr. Mullenweg declined to accept their (false) assurance that the balance of a document was irrelevant, *id.* 112:16-115:12, raising their voice at him for declining to take on faith representations from the same firm that has falsely accused Mr. Mullenweg of destroying evidence, pressed for details of his personal finances on no clear basis, and even invented a quotation it relied on to defeat Defendants' motion to dismiss—and has never explained or corrected it to the District Court. *Compare* Dkt. 75:24-25 at 24 *with* Dkt. 51 ¶ 107.

As to the supposedly "non-responsive" testimony, WP Engine's position reduces to a complaint that Mr. Mullenweg did not give the words counsel wanted to hear. That is not what Rule 30 protects against. Counsel asked open-ended questions and received contextualized answers. It was *WP Engine's counsel* who first invoked the French philosopher Jean Baudrillard (Vol. 3 at 688:21-23)—not the witness. And critically, WP Engine's counsel *did not object* to the responses they now characterize as non-responsive. With one exception, counsel failed to object "during the deposition" as the Rules require. That waives the objection. Fed. R. Civ. P. 32(d)(3)(B); *NGM Ins. Co. v. Walker Const. & Dev., LLC*, 2012 WL 6553272, at *1-2 (E.D. Tenn. Dec. 13, 2012) (objection to a "non-responsive answer" waived if not made in the deposition). Even setting waiver aside, the record refutes WP Engine's characterization. Mr. Mullenweg confirmed under oath that he had personally reviewed WP Engine's code. Vol. 3 at 691:7. Asked for his "view" of what counts as a contribution, he gave it: ██████████████████████ ████████████████████████████████████████ Vol. 2 at 343:13-16. On the meaning of "hosting," he answered carefully and explained that he was speaking at a "technical level" to give accurate sworn testimony. Vol. 1 at 51:21-52:13. None of this comes close to justifying still more deposition time.

At the outset of the deposition, WP Engine's counsel told Mr. Mullenweg there were "rules," then ninety seconds later asked him to flag any question he did not understand "so we can clarify any misunderstanding." Vol. I at 17:2, 18:15-18. When Mr. Mullenweg did exactly that, counsel berated him for it. After 21 hours and 5 minutes on the record—with three attorneys, 86 exhibits, and over 1300 questions answered—WP Engine now asks the Court for five more hours and a fourth deposition day with another Automattic witness. The Federal Rules do not entitle a party to keep deposing a witness until it gets the answers it wants. WP Engine's motion should be denied.

5

Dated:  May 21, 2026

QUINN, EMANUEL URQUHART &
SULLIVAN, LLP

By: */s/ Brian Mack*
Brian Mack
Michael Williams
Kevin Teruya
Rachel Herrick Kassabian
Yury Kapgan
Margret M. Caruso
*Attorneys for Plaintiff WPEngine, Inc.*

GIBSON DUNN & CRUTCHER, LLP

By:  */s/ Michael H. Dore*
Josh A. Krevitt
Orin Snyder
Michael H. Dore
Joseph R. Rose
Ilissa S. Samplin

*Attorneys for Defendants Automattic Inc. and
Matthew Charles Mullenweg*

**E-FILING ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I hereby attest that counsel for Plaintiff and the other signatories have concurred in the filing of this document.

*/s/      Brian Mack*

Brian Mack