QUINN EMANUEL URQUHART & SULLIVAN LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael E. Williams (SBN 181299)
michaelwilliams@quinnemanuel.com
Kevin Y. Teruya (SBN 235916)
kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for WPEngine, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>Defendants.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>vs.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | CASE NO. 4:24-cv-06917-AMO-ASK<br><br>**DECLARATION OF BRIAN MACK IN SUPPORT OF WP ENGINE'S PORTION OF JOINT DISCOVERY STATEMENT RE: MULLENWEG DEPOSITION**<br><br>Judge: Honorable Araceli Martínez-Olguín |

DECLARATION OF BRIAN MACK IN SUPPORT OF
WP ENGINE'S PORTION OF JOINT DISCOVERY STATEMENT

## DECLARATION OF BRIAN MACK

I, Brian Mack, declare as follows:

1.     I am a partner at Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff WPEngine, Inc. ("WPE").  I am licensed to practice law in California and admitted to practice in the Northern District of California.  I make this submission in support of WPE's portion of the Joint Statement regarding the deposition of Matthew Charles Mullenweg.  I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify thereto.

2.     On October 30, 2025, WPE served Defendant/Counterclaimant Automattic Inc. ("Automattic") with a notice of 69 Rule 30(b)(6) Topics.  Automattic served its Responses and Objections to WPE's notice on December 12, 2025.  On March 26, 2026, WPE served its first amended notice of Rule 30(b)(6) Topics on Defendants.

3.     On April 16, 2026, Defendants designated Mr. Mullenweg on 29 of Automattic's Rule 30(b)(6) Topics.

4.     On April 16, 2026, WPE served Defendants/Counterclaimant WooCommerce Inc. ("Woo") with 37 Rule 30(b)(6) Topics.  Woo served its Responses and Objections to WPE's notice on April 27, 2026.

5.     On April 24, 2026, Woo designated Mr. Mullenweg on 17 Rule 30(b)(6) Topics.

6.     Given the scope of the 46 Topics Defendants designated Mr. Mullenweg on and the fact they implicated nearly all of WPE's and Counterclaimants' claims in this matter, WPE originally requested five days of deposition, which Defendants refused. While reserving its right to request additional time, WPE agreed to a three-day deposition of Mr. Mullenweg.

7.     Mr. Mullenweg's deposition took place in the San Francisco offices of WPE's counsel on May 12, 13, and 14.  Attached hereto as Exhibit A is a true and correct copy of excerpts of Mr. Mullenweg's deposition that I caused to be created from the transcripts provided by the court reporting vendor.  WPE can furnish the complete three-day transcript upon the Court's request.

8.     As a result of Mr. Mullenweg's lack of preparation, WPE was unable to obtain complete testimony on several of Mr. Mullenweg's designated Rule 30(b)(6) Topics.  Further, due to Mr. Mullenweg's evasive and non-responsive testimony, WPE did not have time to ask Mr.

Mullenweg all its questions about several of his designated Topics central to its claims, including the October 2024 "Alignment Offer" used to silence Automattic employees (Topic 11); data tracking of ACF and SCF plugins, including customer demographics and known instances of confusion regarding the source of the SCF plugin (Topics 27, 28, and 30); the "maker/taker" rhetoric used to support Defendants' conduct (Topic 67); the "scorched earth nuclear approach" (Topic 12); and the complete basis for the "bastardized simulacra," "parasitic entities" and "degraded product quality" statements, including Defendants' knowledge of the technical implementation of WPE's products (Topics 59 and 64).

9. On Tuesday, May 19, 2026, three business days after the conclusion of Mr. Mullenweg's deposition, WPE emailed Defendants and requested a meet and confer regarding this discovery letter brief. After Defendants failed to respond with their availability to meet and confer, and given the imminent deadline for filing discovery motions, WPE sent its portion of the letter brief to Defendants on Wednesday, May 20, 2026, and continued to request a meet and confer. Defendants again failed to respond with their availability to meet and confer. Having gotten no reply accepting our request to meet and confer, on Thursday, May 21, 2026, I called counsel for Defendants, Michael Dore, and met and conferred with him directly. Mr. Dore refused to stipulate to the relief requested herein.

10. Defendants have informed me that they intend to argue that this joint letter brief regarding the Mullenweg deposition is somehow tardy (and potentially "waived") because, before the deposition, WPE had requested that Defendants be prepared to brief it over the weekend of May 16-17. Defendants are incorrect. While we did make that request, we were unable to complete our portions of the joint letter brief over that weekend given that Defendants had served on WPE two letter briefs on Wednesday, May 12 and another two letters on Friday, May 14 that we were busy working on responses to over that weekend. WPE was also diligently reviewing the three volumes of rough transcripts from Mr. Mullenweg's deposition. Neither party even remotely suggested that if the briefing happened later than May 16-17, it was waived.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

DECLARATION OF BRIAN MACK IN SUPPORT OF
WP ENGINE'S PORTION OF JOINT DISCOVERY STATEMENT

Executed on this 21st day of May, 2026, in San Francisco, California.

QUINN EMANUEL URQUHART & SULLIVAN LLP

*/s/ Brian Mack*

Brian Mack

Case No. 4:24-cv-06917-AMO-ASK

DECLARATION OF BRIAN MACK IN SUPPORT OF
WP ENGINE'S PORTION OF JOINT DISCOVERY STATEMENT