| | |
|---|---|
| **From:** | Rachel Herrick Kassabian |
| **To:** | Snyder, Orin |
| **Subject:** | RE: WPE v Automattic |
| **Date:** | Wednesday, May 6, 2026 7:50:26 PM |

**This Message Is From an External Sender**
This message came from outside your organization.

Thanks Orin.  Understood that Defendants are not (yet) agreeing to more than three days with Mullenweg.  I was just referring to the fact that the parties have agreed that Defendants will *consider* a request for more time with Mullenweg if we feel it's needed, and to brief any resulting dispute such that it can be filed with the Court on May 18.  If there is any remaining concern or ambiguity on this point, please let me know today.

As for the Federal Rules, I am not aware of any Rule prohibiting the parties from agreeing to group similar topics across three separate depositions, with different questioning attorneys covering separate (non-overlapping) topics.  This will assure the most efficient questioning given that there are many overlapping issues across the 30b1, Woo 30b6 and Automattic 30b6 depositions.  If you are aware of any such prohibition, please let me know today.   But in any event, we are not strictly going by the FRCP -- we are going by agreement, as discussed below, back in January, and also by phone.  As we discussed, this arrangement is of course reciprocal, such that if you wish to have different attorneys defend Mullenweg as to different topics (such as technical topics or antitrust topics), you are welcome to do that.  Happy to coordinate in terms of providing our best estimate of when we plan to cover the separate sets of topics, if you'd like.  Would appreciate you confirmation today that there is no misunderstanding or objection here.  Our goal is to complete the Mullenweg depo in 3 days, and this arrangement will significantly increase the odds of accomplishing that.

R

---

**From:** Snyder, Orin <OSnyder@gibsondunn.com>
**Sent:** Wednesday, May 6, 2026 5:10 AM
**To:** Rachel Herrick Kassabian <rachelkassabian@quinnemanuel.com>
**Subject:** Re: WPE v Automattic

[EXTERNAL EMAIL from osnyder@gibsondunn.com]

---

**R,**

**You can use the three days (we have not agreed to more) however makes sense for your client, consistent with the Federal Rules.**

**Best,**

**Orin**

**Orin Snyder**
Partner

████████████████████████
OSnyder@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Rachel Herrick Kassabian <rachelkassabian@quinnemanuel.com>
**Sent:** Tuesday, May 5, 2026 5:23:56 PM
**To:** Snyder, Orin <OSnyder@gibsondunn.com>
**Subject:** RE: WPE v Automattic

Hi Orin,

Following up on our deposition agreement, we are planning to streamline the Mullenweg depositions next week as much as possible, in hopes of avoiding the need for a 4th or 5th day (or more) of deposition time with him.  To that end, and further to our point that we have reserved the right to use our time across the three days however we see fit, we intend to group related subjects as much as possible across the three depositions (Automattic, WooCommerce, Mullenweg), so that each of our respective deposing/questioning attorneys can attend the deposition for only one stretch of time (which may last  less or more than a single day), rather than having to return each day to cover their topics/issues, which will inevitably delay things.  We assume Defendants would prefer this type of efficient approach but please let me know by tomorrow COB if you have any objection.

Regards,
Rachel

---

**From:** Snyder, Orin <OSnyder@gibsondunn.com>
**Sent:** Monday, April 27, 2026 6:23 AM
**To:** Rachel Herrick Kassabian <rachelkassabian@quinnemanuel.com>
**Subject:** Re: WPE v Automattic

[EXTERNAL EMAIL from osnyder@gibsondunn.com]

Rachel,

Thanks — yes—we're in agreement on everything.   I'm glad we were able to land the plane.

Defendants reserve rights to oppose any request for additional testimony from a Woo designee on topics already covered by Ms. DeGenova.

A quick note: we provided designations for the Foundation witnesses, Ms. Romo and Ms. Hubbard, last Monday, and bumped them again yesterday for ease of reference.



Given the discovery cutoff, we'll need to find a workable solution to take her 30(b)(1) deposition when she's available after the cutoff date. If we present this to the court jointly for approval, we're confident it should go smoothly. We'll serve a notice with a placeholder date just to hold the spot in the meantime, and we look forward to working with you on a date that genuinely works for her once she's back.

Happy to jump on a quick call if that's easier.

Best,
**Orin Snyder**
Partner

OSnyder@gibsondunn.com

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

On Apr 26, 2026, at 7:24 PM, Rachel Herrick Kassabian <rachelkassabian@quinnemanuel.com> wrote:

Hi Orin,

Below is a summary of where I believe we have landed, with my initial deal points, your response,

and my reply where needed:

**WPE'S DEPOS OF DEFENDANTS**

1. **Mullenweg Depo** (29 Automattic topics and 17 Woo topics) proceeds on May 12, 13 and 14, for his Automattic 30b6, Woo 30b6, and individual depositions.  WPE reserves all rights to use the time over the course of these 3 days as it sees fit, and to request additional day(s) with Mullenweg, either in his individual or 30b6 capacities, if needed.

    In the event WPE determines that more time is needed with Mullenweg, and if Defendants do not oppose, Defendants agree to file a stipulation on or before May 14 to take Mullenweg's additional depo day(s) after May 14. If Defendants disagree that more time is needed such that motion practice is necessary, Defendants agree to exchange their portion of a Joint Statement over the weekend of May 15-17, and to cooperate in the filing of the joint statement on Monday May 18 concerning WPE's request for additional deposition time with Mullenweg (or to submit unilateral statements on that date, if a joint statement is not feasible).

    **ORIN'S RESPONSE:**  Defendants agree and confirm.

1. **Woo Depo**  (37 topics):  Defendants to provide their designees and written responses by COB Wednesday 4/22.  Per your message last night and as referenced above, Mullenweg will be designated on 17 of those topics, to be specified by 4/22. Defendants agree to give WPE up to 3 total deposition days for Woo (1 day with Mullenweg as referenced above, and up to 2 days with other designees).  WPE reserves all rights to request additional day(s) with Woo if needed.   Same process will be followed as outlined in 1.a. above.  Defendants to provide depo dates by 4/23.

    **ORIN'S RESPONSE:  Woo Deposition. Katie DeGenova completed her testimony on Woo topics 11, 16, 17, 20, 21, and 33 at her April 22 deposition. Defendants will designate Mr. Mullenweg, Barry Abrahamson, Mark Davies, and Amanda Nadhir to cover the remaining topics. We will provide designations by 4/24, serve written responses by 4/27, and will endeavor to provide deposition dates by 4/27.**

    **Rachel's Reply:** Defendants provided designations on 4/24, and will serve written responses by 4/27.  Please provide deposition dates for Abrahamson and Davies by 4/27. We reserve all rights to request additional testimony from a Woo designee as to any topics Ms. DeGenova did not complete or was not prepared for.