GIBSON, DUNN & CRUTCHER LLP
JOSEPH R. ROSE, SBN 279092
    jrose@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, California 94111-3715
Telephone:    415.393.8200
Facsimile:    415.393.8306

GIBSON, DUNN & CRUTCHER LLP
MICHAEL H. DORE, SBN 227442
    mdore@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
    isamplin@gibsondunn.com
33 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.6652

GIBSON, DUNN & CRUTCHER LLP
JOSH KREVITT, SBN 208552
    jkrevitt@gibsondunn.com
310 University Avenue
Palo Alto, CA 94301-1744
Telephone:    650.849.5300
Facsimile:    650.849.5333

GIBSON, DUNN & CRUTCHER LLP
ORIN SNYDER (*admitted pro hac vice*)
    osnyder@gibsondunn.com
HOWARD HOGAN (*admitted pro hac vice*)
    hhogan@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:    212.351.2400
Facsimile:    212.351.6335

*Attorneys for Defendants Automattic Inc. and Matthew Charles
Mullenweg and Counterclaimants WordPress Foundation
and WooCommerce Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMERCE INC., a Delaware corporation,<br><br>Defendants. | Case No. 4:24-cv-06917-AMO<br><br>**DEFENDANTS' STATEMENT IN CONNECTION WITH PLAINTIFF'S ADMINISTRATIVE MOTION RE: SEALING [DKT. 276]**<br><br>Hon. Araceli Martínez-Olguín |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | |

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' STATEMENT IN CONNECTION WITH PLAINTIFF'S
ADMINISTRATIVE MOTION RE: SEALING [DKT. 276]
CASE NO. 4:24-CV-06917-AMO

Pursuant to Local Rules 7-11 and 79-5, Defendants/Counterclaimants Automattic Inc. ("Automattic"), Matthew Charles Mullenweg, WooCommerce, and WordPress Foundation (collectively, "Defendants") respectfully submit this statement in connection with the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Plaintiff WP Engine, Inc. in connection with a Joint Discovery Letter Brief at Docket No. 276. The provisionally sealed material in the Joint Discovery Letter Brief and its exhibits identified in the chart below (the "Designated Material") contains confidential, highly sensitive information concerning Defendants' financial and operational information, as well as employees' personally identifiable information. For the reasons set forth herein, Defendants respectfully request that Exhibit A remain sealed and join the request of non-party DreamHost, LLC's ("DreamHost") that Exhibits B through E remain sealed, *see* Dkt. 280. Defendants acknowledge that the deadline for filing a responsive statement under the Local Rules has passed and respectfully request that the Court nonetheless take this statement into consideration in ruling on the Administrative Motion, as it addresses limited but highly sensitive confidential information and its consideration will not prejudice any party.

The Court has "broad latitude" "to prevent disclosure of materials for many types of information," including "commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings—like the Joint Discovery Letter Brief and exhibits at issue here—that are not related or only tangentially related to the merits of a case may be sealed upon a lesser showing of "good cause." *Id*. at 1097; *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Good cause requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips*, 307 F.3d at 1210-11.

The chart below provides a summary of the basis for sealing the Designated Material:

| Document Description | Bates No. | Reason for Sealing |
|---|---|---|
| First highlighted portion on page 1 | Information from A8C01527646 (cited as | Discloses confidential financial and operational information |

Gibson, Dunn & Crutcher LLP

| | A8C01527657 in the Fuoco Declaration)[1] | |
|---|---|---|
| Third highlighted portion on page 1 (from Exhibit A) | Information from A8C01400146 | Discloses confidential financial and operational information |
| Fourth highlighted portion on page 2 | Information from May 4, 2026 Declaration of Jonathan Robins, ¶ 5 | Discloses confidential information regarding Mr. Mullenweg's communications and interactions with agents in this litigation; statement is irrelevant, misleading, and an invasion of privacy |
| Exhibit A | Information from A8C01400146 | Discloses confidential financial and operational information and non-public employee personally identifiable information, including names and email addresses |

**Joint Discovery Letter Brief and Exhibit A.** Good cause exists to maintain the Designated Material under seal.

Exhibit A is an excerpt of a confidential internal Slack communication involving Automattic employees discussing expenditures, financial operations, and organizational structures of Automattic, the WordPress Foundation, and Audrey. The communication reflects the employees' speculation regarding specific financial decisions approved by Automattic's board, the identities and roles of individual employees, and the internal accounting treatment of expenditures by the entities. This information relating to Defendants' confidential internal operations and finances is nonpublic. Public disclosure would harm Defendants' competitive standing by releasing to competitors and the public insight into Defendants' operations, finances, Board decision-making, and organizational structure—information that competitors could use to "undermine [Defendants'] position in the marketplace." *Miotox LLC v. Allergan, Inc.*, 2016 WL 3176557, at *2 (C.D. Cal. June 2, 2016). Courts in this district routinely grant motions to seal similar information. *See, e.g., Day v. GEICO Cas. Co.*, 2023 WL 5955795, at *2 (N.D. Cal. Aug. 30, 2023) (finding compelling reasons to seal "non-public

---

[1] The Fuoco Declaration cites A8C01527657 as the source of this language used in the Joint Discovery Letter Brief. Defendants have not been able to identify such a document. Defendants assume WP Engine is referring to A8C01527646 instead.

3

Gibson, Dunn & Crutcher LLP

financial information related to GEICO's operations" because its release would "threaten" "competitive interests"); *Jam Cellars, Inc. v. Wine Grp. LLC*, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). Exhibit A also contains the names, email addresses, and roles of specific employees, which constitutes personal information warranting protection. *See Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal personally identifiable information of third-party individuals, including names). No less restrictive alternative is sufficient because the confidential financial details, employee identifying information, and internal business discussions pervade the exhibit, and partial redaction would not adequately protect Defendants' interests while leaving little meaningful public content. The third highlighted portion on page 1 of the Joint Discovery Letter Brief, which references information from Exhibit A, likewise should be sealed.

The other portions of the Joint Discovery Letter Brief referenced in the chart above also should be maintained under seal:

- The first highlighted portion on page 1 of the Joint Discovery Letter Brief quotes language from an Automattic Board-only session presentation (Bates-stamped A8C01527646) that was designated "Highly Confidential – Attorneys' Eyes Only" because it contains sensitive operational, financial, and strategic information regarding Automattic's business. The specific language cited in the Joint Discovery Letter Brief references non-public information regarding Audrey's financial operations. Public disclosure of this information would compromise Audrey's (and Mr. Mullenweg's) privacy.

- The fourth highlighted portion on page 2 of the Joint Discovery Letter Brief discusses confidential information regarding Mr. Mullenweg's methods of personal communication and interactions with agents in this litigation. It was provided to WP Engine only pursuant to Court order and designated "Confidential" under the Stipulated Protective

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' STATEMENT IN CONNECTION WITH PLAINTIFF'S
ADMINISTRATIVE MOTION RE: SEALING [DKT. 276]
CASE NO. 4:24-CV-06917-AMO

Order.  Public disclosure of this information, which was taken out of context from the full declarations of Mr. Robins and Mr. Mullenweg that Defendants produced to WP Engine and that are not relevant to the dispute being briefed, would be a misleading and unnecessary invasion of Mr. Mullenweg's privacy.

**Exhibits B Through E.**  Defendants join in DreamHost's request that Exhibits B through E remain sealed.  Although Defendants are not the designating party, these emails reflect personally identifiable information of Automattic employees, including names, phone numbers, and email addresses.  Sealing Exhibits B through E is necessary and narrowly tailored because references employee identifying information appear throughout the exhibits, such that redaction would leave little meaningful public content and would not adequately protect these individuals' confidential information.

For the foregoing reasons, Defendants respectfully request that the Court maintain the Designated Material under seal and grant DreamHost's request to seal Exhibits B through E.

DATED: May 22, 2026                                        Respectfully submitted,


                                                                      By: /s/ *Michael H. Dore*
                                                                              Michael H. Dore

                                                                      *Attorney for Defendants Automattic Inc.,*
                                                                      *Matthew Charles Mullenweg, and*
                                                                      *WooCommerce Inc. and Counterclaimant*
                                                                      *WordPress Foundation*

Gibson, Dunn & Crutcher LLP

DEFENDANTS' STATEMENT IN CONNECTION WITH PLAINTIFF'S
ADMINISTRATIVE MOTION RE: SEALING [DKT. 276]
CASE NO. 4:24-CV-06917-AMO