QUINN EMANUEL URQUHART & SULLIVAN, LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for WPEngine, Inc*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,<br>        Defendants. | CASE NO. 3:24-cv-06917-AMO-ASK<br><br>**DECLARATION OF SARA JENKINS IN SUPPORT OF WPE'S PORTION OF JOINT DISCOVERY STATEMENT**<br><br>Judge: Honorable Araceli Martínez-Olguín |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br>        Counterclaimants,<br>    vs.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>        Counterdefendant. | |

**<u>DECLARATION OF SARA JENKINS</u>**

I, Sara Jenkins, declare as follows:

1.      I am Of Counsel at Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff WPEngine, Inc. ("WPE"). I am licensed to practice law in California and admitted to practice in the Northern District of California. I make this submission in support of WPE's portion of the parties' Joint Letter Brief regarding Defendants' motion to compel the production of financial documents from the files of Heather Brunner and Victor Yuan. I have personal knowledge of the facts stated herein, and, if called as a witness, I could and would testify thereto.

2.      In my role as counsel for WPE in this case, I am familiar with WPE's document production in this case.

**The Parties' Entered Into A Comprehensive Reciprocal Agreement Regarding Financial Discovery, and WPE Honored It.**

3.      Beginning in November 2025 and continuing through April 2026, the parties engaged in extensive negotiations concerning the scope of financial discovery. Defendants threatened motion practice on broad categories of WPE financial documents, including valuation and Board materials going back to 2017, among a long list of other documents. WPE objected that Defendants' demands were overbroad and sought irrelevant materials. In an effort to resolve the entire dispute related to financial documents, WPE negotiated a comprehensive, reciprocal agreement with Defendants. As part of this agreement, Defendants dropped their requests for specific categories of documents, such as financial documents going back to 2017 and various other categories of financial documents, and WPE agreed to produce a vast array of financial documents to which it had previously objected to producing. The agreement was reciprocal, meaning that both sides agreed to produce the same set of categories of financial documents.

4.      Attached hereto as Exhibit 1 are excerpts of the email thread between counsel for WPE and Defendants reflecting the agreement between the parties for the production of financial documents. WPE has provided excerpts in order to stay within the Court's page limits, but would be happy to provide the entire thread should the Court so request.

DECLARATION OF SARA JENKINS IN SUPPORT OF
WPE'S PORTION OF JOINT DISCOVERY STATEMENT

5. The agreement was reached as a global resolution of all financial-related document requests. On March 17, 2026, Defendants' counsel wrote, "[t]he parties have engaged in extensive meet-and-confer negotiations over the scope of financial discovery. Both sides made concessions. The result is a balanced agreement covering WPE and the corporate defendants — one that reflects what the rules permit and what proportionality requires." On March 25, 2026, Defendants' counsel confirmed: "I think we are in final agreement." WPE's counsel confirmed as well. On March 27, 2026, Defendants' counsel again reiterated their intent to "close the global and reciprocal agreement on financial docs." Throughout the negotiation of this agreement, Defendants' counsel characterized the parties' effort as one to "resolve" the disputes and "close this out."

6. The parties agreed on a mutual production deadline of April 3, 2026, but with the caveat, as was proposed by Defendants' counsel, that "if the parties encounter any issues collecting and producing any narrow and specific documents within that timeframe (like all agreed-upon communications, for example), to produce as much as possible by April 3 and identify all outstanding materials expeditiously to the other side." Based on this caveat, both parties produced documents that were the subject of the agreement both before and after April 3.

7. As part of this comprehensive agreement, neither side reserved any right to later seek additional categories of financial documents that the parties had mutually waived in reaching the reciprocal agreement. The point of the agreement was to conclusively resolve all outstanding disputes as to financial documents.

8. Pursuant to this agreement, WPE has produced everything it agreed to, including: (i) Valuations, Board Minutes, and Board Presentations and its communications with ██████ ████████████████████████████████████████████████████████████ (ii) Documents relating to any actual or planned ██████████ for WPE or to WPE's 409A valuations, for the period 2021-2025; (iii) Financial forecasts approved by WPE's Board of Directors, as well as the underlying basis, for 2021-2025; (iv) Audited financial statements for 2020-2025 and financial statements for 2020-2025 (including profit and loss statements, balance sheets, and cash flow statements); (v) Quarterly Board Presentations for 2021-2025; and (vi) Board Minutes related to any ████████████████████████ for the period 2021-

2025. This production included the following documents, which Defendants purport to move to compel, but which WPE already produced:

a. Approximately 2,000 documents totaling more than 10,000 pages concerning ███████████████████████████████████████████████████████████████████████████████. WPE has produced over 1,400 communications between WPE personnel and ██████████████████████████████ ████████.

b. A draft of ████████████████████████████████████████ ████████████ at WPE00615745. WPE does not have a final version of that report.

c. ████████ quarterly board presentations from 2021 to 2025. As WPE explained to Defendants on April 10, 2026, this constitutes all of its quarterly board presentations for 2021-2025.

d. A spreadsheet related to ████████████████████████████

9. WPE sought to produce certain documents to Defendants relating to ████████ as part of the reciprocal agreement. On April 22, 2026, WPE informed Defendants that certain documents related to negotiations with ████████ were subject to a non-disclosure agreement and that WPE had provided notice to ████████ regarding the production of those documents. On April 27, ████████ requested that Defendants and WPE agree to certain conditions prior to the production of those materials. Those conditions included that (a) the documents would be designated as Highly Confidential - Attorneys' Eyes Only ("AEO") under the Protective Order; (b) the documents would be filed under seal to the extent filed with the Court; (c) the parties would not seek to declassify or downgrade the documents from their AEO designation; (d) the parties would seek to clear the courtroom, including client representatives who do not already have access to the documents, if the information is used in court; (e) Defendants and Counterclaim Plaintiffs would agree that they would destroy the documents after the litigation is resolved.

10. WPE promptly agreed to these conditions and WPE's counsel sent Defendants correspondence on April 27, 2026 seeking their agreement. As of the date of this declaration,

DECLARATION OF SARA JENKINS IN SUPPORT OF
WPE'S PORTION OF JOINT DISCOVERY STATEMENT

Defendants have not agreed to any of the conditions or even responded to the email from WPE's counsel.

**Defendants Now Seek To Renege on the Parties' Agreement By Demanding Financial Documents Outside its Scope.**

11. The parties' agreement did not include the following categories of documents now being demanded by Defendants: (i) drafts of board presentations or board decks, comments on or revisions to such drafts, or internal communications relating to their preparation; (ii) drafts of consulting reports prepared by ███████████████████ or comments on or revisions to such drafts; (iii) communications with the Chief Executive Officer of ████████ in connection with ████████████ (iv) ████████████████████████████████; (v) WPE's engagement materials with ████████████████████████ (vi) ancillary communications concerning investor feedback, valuation discussions, and strategic planning relating to ████████████████ or (vii) ████████████████████. Defendants could have requested that one or more of these categories of documents be included in the agreement, but they did not do so.

12. With respect to drafts of board presentations, ████████████████████ ████████████████████████████████████████ ████████████████████████████ While negotiating the agreement, Defendants' counsel noted that the request for board presentations was for "sixteen presentations in total," clearly referring to finalized board presentations rather than drafts or working versions.

**WPE Also Produced Additional Financial Documents Outside of the Reciprocal Agreement.**

13. WPE has produced over 630,000 pages of documents in this case. Of these, WPE has produced over 13,000 pages of financial documents. Attached as Exhibit 2 is a document prepared at my direction containing a representative summary of the financial documents WPE has produced to date.

14.    With respect to the ███████████ report prepared in connection with ███ 2024 engagement, WPE has produced the final report, which Defendants used during their depositions of Ms. Brunner and Mr. Yuan.

15.    With respect to communications between Ms. Brunner and the Chief Executive Officer of ████████████████████████ Ms. Brunner testified at her deposition that ██████████████████████████████████████████ ██████████████████████████████ (Brunner Tr. (Vol. 2) 425:7-14).

16.    WPE has produced over 10,000 pages of communications between WPE and Silver Lake Technology Management, L.L.C. ("Silver Lake").

17.    In their portion of the Joint Letter Brief, Defendants assert that WPE produced "only 11 emails" between Ms. Brunner and Messrs. Wittlinger and Zhang during the 2021–2023 period, and "only 13 emails" from 2024.  Those figures are inaccurate.

    a.  WPE produced 633 emails (1,111 documents with family members) in which Ms. Brunner and one or both of Messrs. Wittlinger or Zhang appear on the email chain;

    b.  Of those, 613 emails (1,078 documents with family members) involve Ms. Brunner and Mr. Zhang, and 407 emails (721 documents with family members) involve Ms. Brunner and Mr. Wittlinger;

    c.  WPE also produced 31 emails (46 documents including family members) sent directly between Ms. Brunner and Mr. Zhang, and 34 emails (39 documents including family members) sent directly between Ms. Brunner and Mr. Wittlinger.

**Defendants Deposed Ms. Brunner for Two Days, Using Documents from WPE's Agreed-Upon Financial Production.**

18.    During her two-day deposition, Defendants questioned Ms. Brunner using the financial productions WPE made pursuant to the parties' agreement, including by relying on documents relating to ██████████ (Brunner Tr. (Vol. 2) 387:19-446:9), ████████████ (Brunner Tr. (Vol. 1) 169:18-180:16), ██████████ (Brunner Tr. (Vol. 2) 387:19-401:1), ████ (Brunner Tr. (Vol. 1) 140:20-144:25), ██████████████ Brunner Tr. (Vol. 1) 117:13-121:7), and ████████ (Brunner Tr. (Vol. 1) 21:20-23:21, 50:3-53:16, 189:8-194:3).  Defendants made no

DECLARATION OF SARA JENKINS IN SUPPORT OF
WPE'S PORTION OF JOINT DISCOVERY STATEMENT

complaint at the deposition suggesting they didn't have adequate financial materials with which to question her.

**Defendants Have Also Issued Many Subpoenas to Third Parties Calling For Financial Documents.**

19.    In addition to their multiple subpoenas to nonparty Silver Lake, Defendants have also served at least seven subpoenas on other third parties seeking financial documents, including from

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on this 21st day of May, 2026, in San Mateo, California.

QUINN EMANUEL URQUHART &
SULLIVAN LLP

/s/ Sara Jenkins
Sara Jenkins
*Attorneys for WPEngine, Inc.*

Case No. 3:24-cv-06917-AMO-ASK
DECLARATION OF SARA JENKINS IN SUPPORT OF
WPE'S PORTION OF JOINT DISCOVERY STATEMENT