# EXHIBIT 1

On Mar 25, 2026, at 9:11 PM, osnyder@gibsondunn.com wrote:


R-    please see below.
I think we are in final agreement.

**Orin Snyder**
Partner

T: +1 212.351.2400 IM:  +1 917.239.3977
OSnyder@gibsondunn.com

# GIBSON DUNN
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193


On Mar 25, 2026, at 12:17 AM, Rachel Herrick Kassabian <rachelkassabian@quinnemanuel.com> wrote:


HI Orin,

Thanks for this.   Regarding your two follow up questions:

Regarding schedules of short and long-term marketable securities and investments reflected in audited financial statements, as well as credit agreements, debt facilities, and related security agreements underlying outstanding debt, WPE will produce the same categories of materials it has requested from Defendants, on a reciprocal basis, including through  to  current.  Can you please  confirm?

## COMFIRMED

With respect to audited financial statements, we are agreeable to producing those through year-end 2025 once they become  available,  if on a fully reciprocal basis. Can you please  confirm?

## COMFIRMED


We further confirm that WPE will produce documents on a rolling basis, provided that Defendants do the same.  Can you please confirm?

## COMFIRMED

████████████████████████████████

████████████████████████████████

Can you please confirm?

**COMFIRMED**

As for a production deadline, we are open to March 31 or April 3, provided that it is fully reciprocal. Can you please confirm which date Defendants prefer?

We agree to a mutual production deadline of April 3; if the parties encounter any issues collectiing and producing any narrow and specific documents within that timeframe (like all agreed-upon communications, for example), to produce as much as possible by April 3and identify all outstanding materials expeditiously to the other side. But the respective productions may not be fully reciprocal if, for example, the scope of WP Engine's production encompasses steps taken to ███████████ while Automattic's production may mot encompass the same categories of ████████ - including any ████████████████████████████████ involving Automattic or any of its affiliates.Each side is agreeing to produce the documents they have, if any, in the particular category.

Lastly, assuming all of the above is confirmed, we confirm April 23-24 for Mr. Davies' deposition, with a full reservation of rights to request more time with Mr. Davies should circumstances warrant. Please confirm.

████████████████████████████████

████████████████████████████████

Regards,
Rachel

---

**From:** Snyder, Orin <OSnyder@gibsondunn.com>

**Sent:** Monday, March 23, 2026 4:13 PM

**To:** Rachel Herrick Kassabian <rachelkassabian@quinnemanuel.com>

**Subject:** Re: MTC

**[EXTERNAL EMAIL from osnyder@gibsondunn.com]**

**Rachel,**

**Following up:**

**We are committed to completing our rolling productions on our end, and we expect the same on yours. Given that the parties only reached agreement last**

**week, and given the breadth of documents involved, an end date of April 6 is necessary and reasonable.**

**For the Davies deposition, the witness is available April 23–24.**

**To close the global and reciprocal agreement on financial docs, please confirm the few open items raised below.**

**Thanks.**

**Orin Snyder**

Partner

---

On Mar 17, 2026, at 12:14 PM, Snyder, Orin <OSnyder@gibsondunn.com> wrote:

Rachel,

Defendants write to wrap up and confirm the parties' agreement to make full and complete reciprocal financial productions on the terms the parties have negotiated over the course of months.  That agreement is fair, and it should be implemented without further delay.

The parties have engaged in extensive meet-and-confer negotiations over the scope of financial discovery. **Both** sides made concessions. The result is a balanced agreement covering WPE and the corporate defendants -  one that reflects what the rules permit and what proportionality requires. Defendants have honored that process and stand ready to perform.

There is one, limited exception: WPE's eleventh-hour demand for ████████████████████████ █████████████ , which is improper on multiple independent grounds.

First, WPE has _no_ operative Request for Production seeking ████████████████████████ ██████████ . A demand for production untethered to any governing RFP is not  a legitimate discovery request.

Second, ██████████████████████████████████████ not discoverable at this stage. WPE has articulated no nexus between ███████████████████████ and any issue of liability or damages. Courts routinely deny such requests as disproportionate and premature -   and this one is both.

Third, the timing is telling. After  months of negotiations that never once encompassed ███████████ ███████████████████████ WPE has injected this demand at the eleventh hour. The context makes the  motive plain: this  is an attempt  to ██████████████████████████████████████████ ██████████████████████ , **not  to  secure  documents  relevant  to  the  merits  of  this  case.  Courts  look unfavorably  on  discovery  deployed  for  that  purpose.**

**Defendants are confident that if this dispute reaches the Court, the Court will enforce the agreement the parties reached as to the corporate parties and will decline to compel** █████████████ ██████████ **that are unsupported  by any RFP, untethered to any cognizable relevance theory, and**

3

raised for the first time after months of negotiation to for use in connection with the mediation.

The parties have invested significant time and effort to reach this agreement. It would be a disservice to that work- and, we respectfully submit, would reflect poorly before the Court - for WPE to derail it at the last moment over a demand for ███████████████████████ that has no procedural or substantive foundation. Let's close this and move on.

***Please confirm by end of business today that WPE accepts the reciprocal corporate productions on this basis and will produce these documents by March 31,*** Absent confirmation, Defendants will seek immediate judicial intervention to compel production of the categories of WPE documents WPE has agreed to produce. We are prepared to file.

Best,

Orin

**Orin Snyder**
Partner

T: +1 212.351.2400 IM: +1 917.239.3977
0Snyder@gibsondunn.com
**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

---

**From:** Rachel Herrick Kassabian <rachelkassabian@quinnemanuel.com>
**Sent:** Thursday, March 12, 2026 2:19:03 AM
**To:** Snyder, Orin <OSnyder@gibsondunn.com>
**Subject:** RE: MTC

Orin,

Following on our discussion regarding the production of financial materials, I find it regrettable that Defendants have rejected WPE's prior compromise. Defendants' demands are vastly overbroad, seeking far more than Defendants are reasonably entitled to in this case. They also appear to be based at least in part on a false premise. Contrary to the assertions in your email, ████████████████████████████████████████ █████ █ █ ██████████████████████████████████ ███████████████████████████████████████ The vast majority of what Defendants are demanding here has no bearing on that issue.

In any event, in an effort to compromise the pending dispute and reserving all rights to object to the use or relevance of any of these materials, WPE is willing to produce the 5 WPE categories you identified, as further specified, clarified,

and in some instances expanded, below -- provided that Defendants make a full and complete reciprocal production, which you have agreed to do in concept. In response to your request for an understanding of the precise scope of WPE's reciprocity request, we mean that <u>all</u> Defendants must produce <u>all</u> corresponding materials. Please see our reciprocity descriptions in the list below:

1.    **Quarterly Board Presentations for 2021 - 2025.**

   1.   RECIPROCITY AGREEMENT: Defendants will produce quarterly Board Presentations for 2021 - 2025 for Automattic, WooCommerce, and any Mullenweg-owned or controlled entities or trusts.

2.    **Valuations, Board Minutes, and Board Presentations and communications with ██████ ████████████████████ Related to any ████████ ████████ for the period 2021-2025.**

   1.   RECIPROCITY AGREEMENT: Defendants will produce valuations of Automattic, WooCommerce, and any Mullenweg-owned or controlled entities or trusts, as well as any Board Minutes and Board Presentations and ████████████████████████████ ████████████████████████████ in Automattic or WooCommerce or any Mullenweg-owned or controlled entities or trusts, for the period 2021-2025.

3.    **Documents referring to an actual or planned ████████ for WPE or to WPE's 409A valuations, for the period 2021-2025.**

   1.   RECIPROCITY AGREEMENT: Defendants will produce documents referring to an actual or planned ████████ for Automattic, WooCommerce, or any Mullenweg-owned or controlled entities or trusts as well as documents related to any 409A valuations for these entities from 2021-2025. Automattic, WooCommerce and any Mullenweg-owned or controlled entities or trusts will also produce all 409A valuations for the same time period, as WPE has already agreed to do.

4.    **Audited financial statements for 2020-2025, as well as monthly financial statements for 2020-2022, consistent with the categories of financial documents WPE has already produced (including profit and loss statements, balance sheets, and cash flow statements).**

   1.   RECIPROCITY AGREEMENT: Defendants will produce audited financial statements for Automattic, WooCommerce, and any Mullenweg-owned or controlled entities or trusts, for 2020-2025, including monthly financial statements for that time period, including:

      1.   profit and loss statements, balance sheets, and cash flow statements;
      2.   a schedule detailing each of the individual short-term and long-term marketable securities and investments (e.g., assets such as treasuries, cryptocurrencies, investments in other companies, etc.) as reflected on the audited financial statements each year for 2020 - 2025;
      3.   credit agreements, debt facilities, and security agreements underlying all outstanding debt as of March 11ᵗʰ, 2026 (i.e., current).



5.    **Financial forecasts approved by WPE's Board of Directors, as well as the underlying basis ████████████████████████████████, for 2021 - 2025.**

   1.   RECIPROCITY AGREEMENT: Defendants will produce financial forecasts approved by the Board of Directors for Automattic, WooCommerce, and any other Mullenweg-owned or controlled entities or trusts, including the underlying basis for those forecasts, for 2021 through 2025, for Automattic, WooCommerce, and any Mullenweg-owned or controlled entities or trusts.

Our agreement to produce documents is to produce non-privileged documents, to the extent they exist, are within WPE's possession, custody, or control, and can be found based on a reasonable search.

Please provide final written confirmation of Defendants' agreement that they will make a full and complete reciprocal production as described above, so that the parties can avoid motion practice on these issues.

If there are any categories of materials you believe are missing, or that Defendants do not wish to agree to produce on a reciprocal basis such that Defendants will drop those categories from Defendants' demand to WPE, please identify them. Please let me know if you have any questions.

Regards,
Rachel

-------- Original message --------
From: Rachel Herrick Kassabian <rachelkassabian@quinnemanuel.com> Date: 3/4/26 11:50 PM (GMT-08:00)
To: "Snyder, Orin" <OSnyder@gibsondunn.com> Subject: RE: MTC
HI Orin, re Item 1, can you please be more specific, and address whether Defendants will agree to complete reciprocity for each of the 5 categories below? I'll note that a reciprocity agreement will go a LONG way toward resolving many if not all of these disputes without the need for motion practice. And we both know that our judge is unlikely to order a one-way financial production.

**1. Quarterly Board Meeting Presentations (Q1 2021 – Q2 2025)**
**What Defendants seek: All quarterly board presentations from Q1 2021 through Q2 2025 — sixteen presentations in total.**
**Will Defendants reciprocate and produce these exact same materials? Defendants are planning to argue that other factors caused WPE's harm, such as industry trends, market forces, the economy, and internal factors (cost cutting, poor customer service, etc.), rather than Defendants' actions. WPE is permitted to obtain discovery that will undermine defendants' efforts to shift the blame. WPE also is entitled to a disgorgement remedy, and punitive damages, both of which entitled WPE to a fulsome and complete financial production from Defendants. Defendants also have pending counterclaims in which they are seeking compensatory damages.**
**2. Valuation Materials, Board Minutes, and Presentations Related to Any ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮**
**(January 1, 2021 – August 15, 2025) What Defendants seek: The materials underlying WP Engine's formal valuations — including board minutes, board decks and presentations, and correspondence with ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ — concerning any ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Will Defendants reciprocate and produce these exact same materials? Defendants are planning to argue that other factors caused WPE's harm, such as industry trends, market forces, the economy, and internal factors (cost cutting, poor customer service, etc.), rather than Defendants' actions. WPE is of course permitted to obtain discovery that will undermine defendants' efforts to shift the blame, including evidence of Defendants' own valuations, and any contemplated sale of Automattic or WooCommerce in this same industry. WPE also is entitled to a disgorgement remedy, and punitive damages, both of which entitled WPE to a fulsome and complete financial production from Defendants. Defendants also have pending counterclaims in which they are seeking compensatory damages.**
**3. Documents Referring to Any Potential ▮▮▮▮▮▮▮▮▮ or "409A" Valuation**
**What Defendants seek: All documents referring to any potential ▮▮▮▮▮▮▮ or 409A valuation, beyond the formal valuations WP Engine has proposed to produce.**
**Will Defendants reciprocate and produce these exact same materials? Defendants are planning to argue that other factors caused WPE's harm, such as industry trends, market forces, the economy, and internal factors (cost cutting, poor customer service, etc.), rather than Defendants' actions. WPE is permitted to obtain discovery that will undermine defendants' efforts to shift the blame. Evidence of Defendants' own contemporaneous assessments of its value, as well as the assessments of other market participants like WPE, are indispensable. WPE also is entitled to a disgorgement remedy, and punitive damages, both of which entitled WPE to a fulsome and complete financial production from Defendants. Defendants also have pending counterclaims in which they are seeking compensatory damages.**

**4. Audited Financial Statements, Cash Flow Statements, Balance Sheets, and Forecasts**
**What Defendants seek: Monthly financial statements, cash flow statements, and balance sheets from January 1, 2020 through December 31, 2022, and WP Engine's formally audited financial statements for the relevant period. Will Defendants reciprocate and produce these exact same materials? Defendants are planning to argue that other factors caused WPE's harm, such as industry trends, market forces, the economy, and internal factors (cost cutting, poor customer service, etc.), rather than Defendants' actions. WPE is permitted to obtain discovery that will undermine defendants' efforts to shift the blame. WPE also is entitled to a disgorgement remedy, and punitive damages, both of which entitled WPE to a fulsome and complete financial production from Defendants. Defendants also have pending counterclaims in which they are seeking compensatory damages.**
**5. WP Engine Financial Forecasts What Defendants seek: WP Engine's financial forecasting materials. Will Defendants reciprocate and produce these exact same materials? Defendants are planning to argue that other factors caused WPE's harm, such as industry trends, market forces, the economy, and internal factors (cost cutting, poor customer service, etc.), rather than Defendants' actions. WPE is permitted to obtain discovery that will undermine defendants' efforts to shift the blame. WPE also is entitled to a disgorgement remedy, and punitive damages, both of which entitled WPE to a fulsome and complete financial production from Defendants. Defendants also have pending counterclaims in which they are seeking compensatory damages.**
**Thanks,**
**Rachel**