May 28, 2026
Hon. Ajay S. Krishnan
Re: *WPEngine, Inc. v. Automattic Inc. et al.*, No. 4:24-cv-06917 (N.D. Cal.)

Dear Judge Krishnan:

WP Engine served numerous compound interrogatories far exceeding Rule 33's presumptive limit without leave of court or agreement from Defendants. After Defendants objected, WP Engine continued serving additional interrogatories, never sought timely relief, ignored compromise proposals, completed fact discovery—including over a dozen depositions and over 225,000 produced documents—and then, after fact discovery closed, filed this unilateral motion seeking responses to thirteen interrogatories, including several it never even served. WP Engine sent its draft motion at 3:04 a.m. on the day of filing, depriving Defendants of any meaningful opportunity to participate in the joint-letter process required by the Court's Standing Order. The Motion (Dkt. 292) is procedurally improper, untimely, and unnecessary. It should be denied.

### A.  The Motion Does Not Comply with Rule 37 or the Court's Standing Order

WP Engine did not meet and confer on the relief it now seeks. On March 12, 2026, Defendants proposed a compromise treating certain compound interrogatories as single and providing additional responses. Kaul Decl. ¶ 4. WP Engine did not respond. *Id.* ¶ 5. Fact discovery proceeded and closed. On May 20—after fact discovery had closed—WP Engine raised numerosity for the first time as to WooCommerce and the WordPress Foundation, asked whether Defendants maintained their objections, and made no proposal of its own. *Id.* ¶ 6. The unilateral letter brief sent the next morning and filed the same day was the first time Defendants saw the relief WP Engine intended to pursue. That sequence does not satisfy Rule 37(a)(1) or Section 5 of this Court's Standing Order, and it is in tension with Judge Ryu's admonition that "the consequences of inadequate meet and confer remain[] in place." Dkt. 273. Courts deny motions to compel on this basis. *See, e.g.*, *James v. Asian Fam. Mkt.*, 2026 WL 622729, at *2 (9th Cir. Mar. 5, 2026) (affirming denial of motion to compel where party did not meet and confer).

The Standing Order's joint-letter procedure was likewise not followed. A draft circulated at 3:04 a.m. on the day of filing, alongside a number of other discovery letters, does not afford the responding party a meaningful opportunity to participate in the joint submission the Court requires. Kaul Decl. ¶¶ 7–8. On either ground, the motion may be denied without reaching the merits.

### B.  The Motion Fails on the Merits

WP Engine had 100 interrogatories available across the four Defendants and Counterclaimants. That allocation was sufficient to develop the issues in Defendants/Counterclaimants' counterclaims, particularly given the additional discovery conducted in this case. WP Engine instead chose to draft compound and duplicative interrogatories—a strategic choice it now asks the Court to reverse after fact discovery has closed.

**Rule 33's limits required leave of Court.** WP Engine served compound interrogatories totalling 45 to Automattic, 70 to Mr. Mullenweg, 44 to WooCommerce, and 47 to WordPress Foundation. Kaul Decl. ¶¶ 9–13. Defendants raised the issue when it arose; WP Engine continued to serve additional interrogatories without seeking leave or a stipulation. *Id.* ¶ 14. Rule 33(a)(1) does not authorize a party to exceed the limit and seek relief retroactively. *See Stearns v. Flores*, 2006 WL 1980334, at *5 (E.D. Cal. July 13, 2006) (where "no leave of Court has been sought to propound [interrogatories] in excess of 25," motion to compel responses is "inappropriate").

**Many of the interrogatories were duplicative on their face.** WP Engine served the same or substantially identical interrogatories to each party while defining the parties to encompass one another: "Automattic" was defined to include Mr. Mullenweg and WooCommerce; "WooCommerce" and "WordPress Foundation" were each defined to include Mr. Mullenweg. Kaul Decl. ¶¶ 15–18. Where a party "imprudently" uses its allotment "on interrogatories which are abusive of the opposing party or the discovery process, the Court [should] not view a subsequent motion for leave to propound additional interrogatories with favor." *Nguyen v. Biter*, 2015 WL 366935, at *6 (E.D. Cal. Jan. 27, 2015); *see also Fed. Trade Comm'n v. Forensic Case Mgmt. Servs., Inc.*, 2012 WL 13134719, at *4 (C.D. Cal. Sept. 4, 2012) ("[d]uplicative requests are an abuse of the discovery process").

**Several of the interrogatories at issue were never served.** The motion seeks responses to interrogatories that do not correspond to anything served during fact discovery. *See* Dkt. 292-1 (Fuoco Decl.) ¶¶ 4(c), 8(b)–(c); Kaul Decl. ¶¶ 19–21. The Court "cannot compel defendants to answer discovery requests that they have not received." *Autry v. Sacramento Cnty.*, 2025 WL 1348942, at *1 (E.D. Cal. Apr. 29, 2025).

**The information WP Engine seeks has already been provided.** WP Engine has taken three full days of deposition testimony from Mr. Mullenweg, Rule 30(b)(6) depositions of each Defendant and Counterclaimant, and received more than 225,000 produced documents. The motion also asks the Court to compel Mr. Mullenweg to respond to an interrogatory already answered by the three entities for which he serves as an officer. *See* Dkt. 292-1 ¶¶ 9–10. Courts decline to compel additional discovery where the information sought "would be duplicative of the information already provided." *United States v. Yonkers Bd. of Educ.*, 946 F.2d 180, 185 (2d Cir. 1991).

**WP Engine's authority does not support the relief it seeks.** The cases WP Engine cites arise principally in the patent context, where courts have recognized that exceeding the presumptive interrogatory limit may be appropriate given the complexity of patent issues and the number of patents at stake. *See NantWorks, LLC v. Niantic, Inc.*, 2022 WL 1500011, at *2 (N.D. Cal. May 12, 2022) (noting interrogatory limits "seem[] to come up all the time in patent cases" (citation omitted)). The single trademark case WP Engine cites, *EVO Brands, LLC v. Al Khalifa Group LLC*, involved interrogatories both parties propounded during fact discovery seeking information about multiple marks, not a post-close motion to compel responses to a curated set of additional interrogatories, including some never served. 2023 WL 5506883, at *15 (C.D. Cal. Aug. 17, 2023). WP Engine cites no decision granting comparable relief.

**WP Engine made strategic choices during fact discovery.** It drafted compound interrogatories, exhausted its allotment, declined the compromise Defendants offered, and waited until after fact discovery closed to seek relief. Rule 33 does not require the Court to reopen discovery to address the consequences of those choices. Defendants respectfully request that the Court deny the motion.

Dated: May 28, 2026

GIBSON DUNN & CRUTCHER, LLP

By: */s/ Joseph R. Rose*
Josh A. Krevitt
Orin Snyder
Michael H. Dore
Joseph R. Rose
Ilissa S. Samplin
Howard S. Hogan

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*