JOSEPH R. ROSE, SBN 27902
  jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

MICHAEL H. DORE, SBN 227442
  mdore@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

JOSH A. KREVITT, SBN 208552
  jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER *(admitted pro hac vice)*
  osnyder@gibsondunn.com
HOWARD S. HOGAN *(admitted pro hac vice)*
  hhogan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

*Attorneys for Defendants Automattic Inc. and*
*Matthew Charles Mullenweg and Counterclaimants*
*WordPress Foundation and WooCommerce Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Defendants. | Case No. 4:24-cv-06917-AMO-ASK<br><br>**DECLARATION OF PRIYAH KAUL IN SUPPORT OF DEFENDANTS' RESPONSE TO WPENGINE, INC.'S DISCOVERY LETTER (DKT. 292)**<br><br>Hon. Araceli Martínez-Olguín |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | |

## DECLARATION OF PRIYAH KAUL

I, Priyah Kaul, declare as follows:

1.      I am an attorney duly admitted to practice before this Court. I am an associate at Gibson, Dunn & Crutcher LLP, attorneys of record for Defendants and Counterclaimants Automattic Inc., Matthew Mullenweg, and WooCommerce Inc. and Counterclaimant WordPress Foundation. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2.      I submit this declaration in support of Defendants/Counterclaimants' opposition to WP Engine, Inc.'s ("WP Engine") discovery letter brief requesting an order compelling Counterclaimants and Defendants to respond to thirteen additional interrogatories (Dkt. 292, the "Motion").

*WP Engine Did Not Adequately Meet and Confer*

3.      The parties met and conferred concerning Automattic and Mr. Mullenweg's numerosity objections to WP Engine's interrogatories on March 6, 2026.

4.      On March 12, 2026, Defendants proposed a compromise under which they would agree to count certain subparts as single interrogatories and respond to additional interrogatories in the order in which they were propounded, up to twenty-five total. The proposal would have resulted in Automattic responding to WP Engine's Interrogatory No. 16,[1] to which WP Engine had specifically requested a response. Interrogatory No. 16 to Automattic is not discussed in WP Engine's Motion.

5.      WP Engine did not respond to Defendants' March 12 proposal. I reminded counsel for WP Engine about the proposal on another meet and confer on April 17. WP Engine never provided a response.

6.      On May 20, 2026, one day before the deadline to file motions to compel, WP Engine raised WooCommerce and WordPress Foundation's numerosity objections for the first time. The parties met and conferred the same day. During the meet and confer, WP Engine asked only if

---

[1] For ease of reference, the interrogatory numbers referenced herein refer to the numbers WP Engine used when propounding the requests. As explained below, WP Engine's requests were compound and contained multiple discrete interrogatories.

WooCommerce and WordPress Foundation maintained their objections. WP Engine did not ask Defendants/Counterclaimants to respond to specific interrogatories or make any proposal similar to the one in its Motion.

7. WP Engine sent Defendants a draft letter brief at 3:04am on May 21, 2026, the day it intended to file the Motion with the Court.

8. WP Engine sent draft letter briefs on other topics at 7:50 p.m., 8:02 p.m. and 10:54 p.m. on May 20, 2026, and 2:28 a.m. on May 21, 2026.

***WP Engine's Compound Interrogatory Requests***

9. WP Engine served compound interrogatories to Automattic, Mr. Mullenweg, WooCommerce, and WordPress Foundation, to which each party objected.

10. On October 9, 2025, Automattic responded to WP Engine's Second Set of Interrogatories, objected that the total number of interrogatories exceeded the permissible number under the Federal Rules of Civil Procedure, and refused to answer beyond the twenty-fifth interrogatory. WP Engine served two additional sets of interrogatories on Automattic, totalling 45 interrogatories.

11. On December 1, 2025, Mr. Mullenweg responded to WP Engine's Third Set of Interrogatories, objected that the total number of interrogatories exceeded the permissible number under the Federal Rules of Civil Procedure, and refused to answer beyond the twenty-fifth interrogatory. WP Engine served one additional set of interrogatories on Mr. Mullenweg, totalling 70 interrogatories.

12. On March 20, 2026, WooCommerce responded to WP Engine's First Set of Interrogatories, objected that the total number of interrogatories exceeded the permissible number under the Federal Rules of Civil Procedure, and refused to answer beyond the twenty-fifth interrogatory. WP Engine served one additional set of interrogatories on WooCommerce, totalling 44 interrogatories.

13. On March 20, 2026, WordPress Foundation responded to WP Engine's First Set of Interrogatories, objected that the total number of interrogatories exceeded the permissible number under the Federal Rules of Civil Procedure, and refused to answer beyond the twenty-fifth

interrogatory. WP Engine served one additional set of interrogatories on WordPress Foundation, totalling 47 interrogatories.

14.    WP Engine did not seek to obtain leave of the court or a stipulation before serving more than 25 interrogatories.

*WP Engine's Duplicative Interrogatory Requests*

15.    WP Engine repeatedly issued identical or near-identical interrogatories to each party separately. For instance, Interrogatory Nos. 1-9 to Automattic and 1-9 to Mr. Mullenweg were identical in full; Nos. 3, 10, 19, 20, and 21 to Automattic address the WooCommerce Marks and ask the same information sought in Nos. 2, 3, 4, 7, and 9 to WooCommerce; and all four parties were asked about instances of actual confusion and awareness of WP Engine's trademark use (Nos. 11 and 23 to Automattic; Nos. 23 and 24 to Mr. Mullenweg; Nos. 5 and 10 to WooCommerce; and Nos. 5 and 9 to WordPress Foundation).  At the same time, it defined each party to be inclusive of certain other parties, such that issuing identical or near-identical interrogatories to each party separately was duplicative.

16.    In its interrogatory requests to Automattic, WP Engine defined "Automattic" as "Defendant Automattic Inc. and all of its present and former officers, directors, agents, representatives, accountants, consultants, attorneys, attorneys-in-fact, predecessors or successors in interest, subsidiaries and/or business lines (Including but not limited to Pressable, WordPress.com, and WooCommerce, Inc.), affiliates, employees, trustees, advisors, and any other Person acting on their behalf, and specifically includes computer systems owned or operated by such entities or individuals."

17.    In its interrogatory requests to WooCommerce, WP Engine defined "WooCommerce" as "Counterclaimant WooCommerce, Inc. and all of its present and former officers, directors, agents, representatives, accountants, consultants, attorneys, attorneys-in-fact, affiliates, employees, trustees, advisors, and any other Person acting on its behalf, and specifically includes computer systems owned or operated by such entities or individuals."

18.    In its interrogatory requests to WordPress Foundation, WP Engine defined "WordPress Foundation" as "Counterclaimant WordPress Foundation, the entity formed by Defendant/Counterclaimant Matthew Charles Mullenweg and claimed as tax exempt under Section 501(c)(3) of the Internal Revenue Code, including its officers, directors, agents, employees,

4

representatives, accountants, consultants, attorneys, attorneys-in-fact, predecessors or successors in interest, trustees, advisors, and any other person acting on its behalf and specifically includes computer systems owned or operated by such entities or individuals."

***Interrogatory Requests Not Served on the Parties***

19.    WP Engine did not serve the following interrogatory, to which it now seeks a response, on Mr. Mullenweg: "To the extent You contend that the Challenged Terms are famous, Identify all facts Relating to Your contention, including the date by which You contend each Challenged Term became famous, and Identify all Documents You may rely on to support that contention. If You do not contend that any Challenged Term is famous, so state." *See* Dkt. 292-1 ¶ 4(c).

20.    WP Engine did not serve the following interrogatory, to which it now seeks a response, on Automattic: "State each item of damage that You claim and include in Your response: the count or defense to which the item of damages relates; the category into which each item of damages falls (i.e., lost profits, interest, or any other relevant categories); the factual basis for each item of damages, Including specifying how such item of damages was caused by WPE; and an explanation of how You computed each item of damages, including any mathematical formula used." *See* Dkt. 292-1 ¶ 8(b).

21.    WP Engine did not serve the following interrogatory, to which it now seeks a response, on Mr. Mullenweg: "State each item of damage that You claim and include in Your response: the count or defense to which the item of damages relates; the category into which each item of damages falls (i.e., lost profits, interest, or any other relevant categories); the factual basis for each item of damages, Including specifying how such item of damages was caused by WPE; and an explanation of how You computed each item of damages, including any mathematical formula used." *See* Dkt. 292-1 ¶ 8(c).

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, on this 28th day of May, 2026.

DATED:  May 28, 2026                    By:    /s/ *Priyah Kaul*
                                                Priyah Kaul

**FILER'S ATTESTATION**

I, Joseph R. Rose, am the ECF User whose ID and password are being used to file this Request for Judicial Notice. In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

By:    /s/ *Joseph R. Rose*

Joseph R. Rose

DECLARATION OF PRIYAH KAUL
CASE NO. 4:24-CV-06917-AMO