May 28, 2026
Hon. Ajay S. Krishnan
Re: *WPEngine, Inc. v. Automattic Inc. et al.*, No. 4:24-cv-06917 (N.D. Cal.)

Dear Judge Krishnan:

Defendants responded appropriately to the interrogatories at issue, including by providing substantive factual responses, identifying responsive documents and testimony, and asserting warranted objections where appropriate. After meeting and conferring with WP Engine and amending several responses, Defendants continued engaging regarding the parties' remaining disputes. Kaul Decl. ¶¶ 3-5. WP Engine nevertheless waited until 2:28 a.m. on May 21, 2026—the final day for discovery motions—to file this unilateral motion to compel (Dkt. 295), despite having raised many of these issues months earlier. *Id.* ¶ 6. In doing so, WP Engine demanded Defendants respond to a purportedly joint submission within hours, depriving Defendants of any meaningful opportunity to continue narrowing disputes or negotiate compromise positions before motion practice. That eleventh-hour filing violated Section 5 of the Court's Standing Order and independently warrants denial of the motion. In any event, the motion also fails on the merits.

**Interrogatories 2 and 11 to Automattic (WP Engine's Trademark Misuse).** WP Engine reports that Automattic answered only that its trademark misuse began "in the early 2020s." The responses says more. Automattic identified specific conduct beginning in 2021—including WP Engine's introduction of product lines incorporating "WordPress" in their names—and stated that it became aware of WP Engine's conduct "beginning in or around 2021." Those answers are responsive to the question the case law actually asks, which is when WP Engine's misuse "ripened such that plaintiff knew or should have known . . . that plaintiff had a provable infringement claim." *Luna Distrib. LLC v. Stoli Grp. (USA), LLC*, 2018 WL 5099277, at *6 (C.D. Cal. July 10, 2018) (citation omitted). The Automattic personnel involved are identified in the documents produced and identified under Rule 33(d).

**Interrogatories 3 to Automattic and WooCommerce (Trademark Licenses).** These interrogatories, on their face, reach *every* instance *any* entity sought to license *any* trademark, with no limitation as to mark or time period. Defendants nonetheless responded substantively: they identified the responsive hosting-provider categories, directed WP Engine to relevant deposition testimony from Steve Deckert, and identified responsive documents under Rule 33(d). WooCommerce additionally identified its publicly available Marketplace Vendor Agreement, under which hundreds of license agreements have been entered. Cataloguing each agreement individually is not proportional to the needs of the case. *See Warner Bros. Int'l Television Distrib. v. Golden Channels & Co.*, 2003 WL 27384426, at *3 (C.D. Cal. Aug. 15, 2003) ("where a question is overbroad, the responding party should answer whatever part of the question is proper").

**Interrogatory 10 to Mullenweg (Account Inventory).** WP Engine describes Mr. Mullenweg's response as a series of hedges. The response identifies his work-relevant social media handles, email addresses, messaging platforms, and Slack instances. WP Engine has also taken 21 hours of deposition testimony from Mr. Mullenweg, engaged in prior letter-brief practice on related issues, and received a sworn declaration in which Mr. Mullenweg attested to his preservation practices and his use of WhatsApp, Signal, and Telegram, including relevant date ranges. *See* Dkts. 177, 266, 272. The declaration further stated that Mr. Mullenweg "did not regularly use WhatsApp, Signal, or Telegram to discuss matters relevant to this litigation." The additional detail WP Engine now requests—activation dates, phone numbers, account-by-account use confirmations going back to 2014—is not necessary to test the completeness of Mr. Mullenweg's production, and WP Engine does not explain how it would be.

**Interrogatories 11(f) to Mullenweg and 12(f) to Automattic (Statements "Intended to Disrupt").** WP Engine describes these subparts as seeking the underlying statements. Read as written, they ask Defendants to identify statements "intended to disrupt or harm, or that did disrupt or harm, WPE's business relationships"—that is, to concede elements of WP Engine's tortious interference claim. An interrogatory framed in those terms impermissibly calls for a legal conclusion. *See Johnson v. Garofalo*, 2023 WL

11830746, at *5 (D. Nev. Mar. 17, 2023) (denying motion to compel interrogatory seeking a legal conclusion). Defendants have responded to subparts (a)–(e), which capture the underlying communications without the legal framing of subpart (f).

**Interrogatory 13 to Mullenweg (WordPress Foundation Governance Since 2005).** Mr. Mullenweg identified the Foundation's current directors, described their responsibilities, and identified produced documents reflecting board minutes, annual reports, and audited financials dating to 2013. WP Engine has also deposed a WordPress Foundation 30(b)(6) witness on the Board's composition and the Foundation's governance. *See Nutrition Distrib. LLC v. PEP Rsch., LLC*, 2018 WL 1245052, at *9 (S.D. Cal. Mar. 9, 2018) (denying motion to compel where the responding party "provided a response to the question asked"). The additional twenty-year history of donors, prior officers, and selection processes WP Engine now requests is not proportional to the issues in this case.

**Interrogatories 15–16 to Mullenweg and 14 to Automattic ("Free" WordPress and the wordpress.org Block).** These interrogatories seek discovery on statements the Court has already held cannot support WP Engine's claim of a preexisting right to use WordPress.org. In dismissing the CFAA claim, the Court held that "WP Engine cannot plausibly allege that it had a preexisting right to access and use WordPress.org . . . in perpetuity for free." Dkt. 169 at 13. Communications concerning WordPress's "free," "open," "accessible," or "independent" nature (Rog. 15(a)–(b)) and the wordpress.org access block (Rogs. 16(c) and 14(c)) are not relevant in light of that ruling. WP Engine's reference to its antitrust and tortious interference claims does not change the analysis: the absence of any preexisting right to access WordPress.org applies regardless of the cause of action under which the same theory is advanced.

**Interrogatories 10(b) to Automattic, 4(b) to WooCommerce, and 4(b) to WordPress Foundation (Trademark Non-Enforcement).** WP Engine characterizes these subparts as seeking purely "factual" information. Read as written, they ask Defendants to produce a retrospective catalogue of every instance in which Defendants identified potential infringement of their marks but elected not to pursue enforcement. Compiling that catalogue requires identifying which uses were assessed as potentially infringing, which were considered actionable, and which were ultimately declined—categories defined by attorney-directed enforcement decisions. Courts in this district have held that materials of this kind reflect protected work product. *See Anderson v. SeaWorld Parks & Ent., Inc.*, 329 F.R.D. 628, 636 (N.D. Cal. 2019) (analysis concerning "legal action against a particular entity reflects [] attorneys' legal opinions and strategy, and falls within work product protection"). Defendants have fully responded as to instances where enforcement was actually pursued (subpart (c)).

**Interrogatory 13 to Automattic (Automattic's Corporate Structure Since 2005).** WP Engine describes this response as "skeletal." Automattic identified Mr. Mullenweg's roles since the company was founded in 2005 and, after extensive negotiation with WP Engine, produced a capitalization table identifying every equity holder above 10%, together with additional documents reflecting corporate structure, subsidiaries and business lines, governance, and Board materials and presentations, all identified under Rule 33(d). The further detail WP Engine now seeks—every equity holder, share class, percentage, transfer date, and associated right since 2005, together with full subsidiary and affiliate histories—is not proportional to any claim or defense at issue.

Defendants respectfully request that the Court deny the motion.

Dated: May 28, 2026         GIBSON DUNN & CRUTCHER, LLP

By: */s/ Joseph R. Rose*
Josh A. Krevitt
Orin Snyder
Michael H. Dore
Joseph R. Rose
Ilissa S. Samplin
Howard S. Hogan

*Attorneys for Defendants Automattic Inc. and
Matthew Charles Mullenweg*