May 28, 2026
Hon. Ajay S. Krishnan
Re: *WPEngine, Inc. v. Automattic Inc. et al.*, No. 4:24-cv-06917 (N.D. Cal.)

Dear Judge Krishnan:

Defendants are in full compliance with their discovery obligations. WP Engine's motion does not identify a single category of responsive documents that Defendants have improperly withheld. Instead, with fact discovery closed, WP Engine has manufactured a list of grievances about documents that either *have already been produced, do not exist, fall outside the discovery cutoff WP Engine itself proposed, or were never properly requested*. The motion should be denied.

The procedural posture confirms the motion's manufactured character. WP Engine waited until four days after the close of fact discovery to send more than a dozen new document demands, gave Defendants until close of business that same day to respond, and—when Defendants asked WP Engine to identify the specific RFPs at issue and the searches it claimed were inadequate—ignored those reasonable requests and sent Defendants a draft letter brief at 10:54 p.m. on the eve of the filing deadline, thwarting the Court's joint letter brief process. Kaul Decl. ¶¶ 3–6. This is not a discovery dispute. It is an exercise in gamesmanship.

## I.  WordPress Foundation Financial Statements — Nonexistent or Already Produced to the Extent Responsive.

Defendants have produced every audited financial statement in the Foundation's possession for the years 2015 through 2024. Kaul Decl. ¶ 7. The Foundation searched for pre-2015 audited financial statements and located none. *Id.* The 2025 audited statements were not prepared until 2026—well after the August 15, 2025 production cutoff WP Engine itself negotiated. *Id.* The Court cannot order Defendants to produce documents that do not exist or that fall outside the cutoff.

## II.  The ███████████████████████████ Document — Every Available Version Has Been Produced.

Defendants have produced every available version of the Google document WP Engine seeks. Kaul Decl. ¶ 8. The email on which WP Engine relies links to a live Google document—not a static attachment—and Google does not retain prior versions of live documents indefinitely. Defendants produced the versions that remained available after their litigation hold was implemented and reasonable searches were conducted. *Id.* WP Engine's demand for a sworn declaration is unsupported and unsupportable: there is no evidence—not a scintilla—of deletion or failure to preserve. As for Mr. Mullenweg's purported response to the comment in that document: no response exists. Kaul Decl. ¶ 9. Defendants cannot produce documents that do not exist. Rule 34 does not require them to do so.

## III.  Documents Identified at Davies' Deposition — Produced, Not Requested, or Irrelevant.

(i) ████████████████████ Produced. Kaul Decl. ¶ 10. The issue is moot.

(ii) ████████ ████ They shed no light whatsoever on WP Engine's claims or allegations. WP Engine does not even attempt to explain their relevance, nor could it. WP Engine also cannot identify a single RFP that calls for these documents. Its motion gestures at RFP 264 (*transactions* between Automattic and Mullenweg), RFP 168 (shared resources between *Automattic and Audrey HC*), and RFP 44 (which WP Engine does not quote)—none of which encompass ███████████
████████████████████████████████████████████

███████████ Kaul Decl. ¶ 11; *see, e.g., Johnson v. Hewlett-Packard Co.*, 2010 WL 4510345 (N.D. Cal. 2010) (denying officer compensation discovery).

**(iii)** █████████████████████████████████ The same defects are compounded. ████████████████████████████ It has nothing to do with the claims in this case. WP Engine cannot use a motion to compel as a vehicle to serve discovery it forgot to take and that is not relevant.

**(iv)** ███████████████████████████ Defendants conducted a diligent search. N████████████████████████████ exists apart from ████████████████████, which has been produced. Kaul Decl. ¶ 12. Nothing further exists to produce.

## IV.  RFP 317 — A Post-Cutoff Request That WP Engine Mischaracterizes.

RFP 317 asks for documents and analytics relating to a social media post made on March 15, 2026—seven months after the August 15, 2025 production cutoff WP Engine itself proposed. The Court should reject WP Engine's attempt to rewrite the cutoff now that fact discovery is over.

WP Engine's relevance arguments fare no better. First, WP Engine says the post is "an admission" of access to WordPress.org analytics. It is not. The post generally observes that new WordPress sites are being created at a steady pace. It does not reference WordPress.org analytics, does not describe any categories of data WP Engine has demanded, and is not inconsistent with Defendants' production. Defendants produced the WordPress.org analytics data that exists and is responsive.

Second, WP Engine repackages the post as "evidence of WordPress's market share." The Court has already rejected this exact framing. *See* Dkt. 169 at 9. Market share is measured against competitors; aggregate site-creation pace is not. And data about the number of websites using WordPress is equally available to WP Engine through public sources such as W3Techs.

## V.  RFA 45 — Mr. Mullenweg's Response Complies with Rule 36.

Mr. Mullenweg objected to RFA 45 on December 1, 2025, on the ground that tax returns are protected from disclosure under California law. Kaul Decl. ¶ 13. WP Engine sat on that objection for more than five months, raising it for the first time on May 13, 2026. *Id.* Mr. Mullenweg nevertheless agreed to amend, conducted a reasonable inquiry through counsel, and—because that inquiry was insufficient to admit or deny—responded exactly as Rule 36 permits. *Id. Pampena v. Musk*, 2025 WL 1809736, at *5 (N.D. Cal. June 30, 2025) ("A 'reasonable inquiry' is limited to persons and documents within the responding party's control…."); *Stark-Romero v. Nat'l R.R. Passenger Co.*, 275 F.R.D. 551, 557 (D.N.M. 2011) (responding party need not "describe in detail what the party has done to reasonably inquire").

WP Engine's position—that Mr. Mullenweg could have answered by clicking through rct.doj.ca.gov—rewrites the RFA, which refers broadly to "tax filings with the California government," not to any particular filing on any particular site. Rule 36 does not require a responding party to guess the meaning of an ambiguous request. And if the RFA seeks information that could be obtained by "clicking through" "public records," it is equally available to WP Engine.

The request is also irrelevant. WP Engine's claims concern public disclosures about wordpress.org ownership. Tax reporting has no bearing on those claims. *Leung v. Unum Life Ins. Co. of Am.*, 2023 WL 4194441, at *10 (S.D. Cal. June 23, 2023).

Dated:  May 28, 2026

GIBSON DUNN & CRUTCHER LLP

By:  */s/ Joseph R. Rose*
Joseph R. Rose
Orin Snyder
Michael H. Dore
Josh A. Krevitt
Ilissa S. Samplin
Howard S. Hogan

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*