JOSEPH R. ROSE, SBN 27902
    jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

MICHAEL H. DORE, SBN 227442
    mdore@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
    isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

JOSH A. KREVITT, SBN 208552
    jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER *(admitted pro hac vice)*
    osnyder@gibsondunn.com
HOWARD S. HOGAN *(admitted pro hac vice)*
    hhogan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

*Attorneys for Defendants and Counterclaimants
Automattic Inc., Matthew Charles Mullenweg
WordPress Foundation, and WooCommerce Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Defendants.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | Case No. 4:24-cv-06917-AMO-ASK<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL RE: DKT. 314**<br><br>Hon. Araceli Martínez-Olguín |

i

## I.    INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants and Counterclaimants (collectively, "Defendants") respectfully submit this administrative motion file under seal: (1) portions of Defendants' Letter Brief Filed in Response to Docket 293 ("Defendants' Letter Brief") (Dkt. 314); and (2) portions of the Declaration of Priyah Kaul in Support of Defendants' Letter Brief (the "Kaul Declaration"). These documents contain or reference highly confidential commercial and pricing information that Defendants designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" pursuant to Paragraphs 7.2 and 7.3 of the parties' Stipulated Protective Order (Dkt. 104) (the "Protective Order"). The Protective Order prohibits a party from filing in the public record any discovery material—or documents containing references to same—that has been so designated.

Concurrent with this Administrative Motion, Defendants have filed public, redacted versions of Defendants' Letter Brief and the Kaul Declaration. Defendants provisionally file under seal unredacted versions of Defendants' Letter Brief and the Kaul Declaration thereto. The chart below identifies the specific material for which sealing is sought:

| Document | Portion(s) to Seal | Reason for Sealing |
|---|---|---|
| Defendants Letter Brief | Highlighted portions | Designated "Highly Confidential—Attorneys' Eyes Only" by Defendants; contains confidential operational and financial information and information regarding pricing methodology and internal strategy |
| Kaul Declaration | Highlighted portions | Designated "Highly Confidential—Attorneys' Eyes Only" by Defendants; contains confidential operational and financial information and information regarding pricing methodology and internal strategy |

## II.    DEFENDANTS HAVE DEMONSTRATED GOOD CAUSE FOR SEALING

While there is a strong presumption of public access to judicial records, *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), courts retain "broad latitude" to seal "trade secrets or other confidential research, development, or commercial information." *Phillips ex rel.*

*Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Because discovery letters are non-dispositive filings, the lower "good cause" standard applies. *Kamakana*, 447 F.3d at 1179-80; *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). Even under the more demanding "compelling reasons" standard, courts regularly seal "confidential business information, the disclosure of which would cause competitive harm," *Actian Corp. v. AB Sciex LLC*, 2023 WL 7166811, at *2 (N.D. Cal. Oct. 30, 2023), including "licensing terms, royalties paid or owed under license agreements, financial terms, details of confidential licensing negotiations, and business strategies," *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

The Defendants' Letter Brief and the Kaul Declaration contain limited references to documents and deposition testimony designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." The proposed redactions are narrowly tailored to those passages only; the vast majority of both documents will remain publicly available. As set forth in the table above—and explained in further detail in Defendants' statement in support of sealing WP Engine's discovery letter and related documents, which address sealing of the same materials—Defendants seek redaction of only those limited passages in Defendants' Letter Brief and the Kaul Declaration that reveal the substance of confidential materials.

For the foregoing reasons, Defendants respectfully request that the Court grant this Administrative Motion and order that the materials identified herein remain under seal.

DEFENDANTS' ADMINISTRATIVE MOTION
CASE NO. 4:24-CV-06917-AMO

Respectfully submitted,

Dated:  May 28, 2026                    GIBSON DUNN & CRUTCHER, LLP
                                        By:  */s/ Joseph R. Rose*
                                        Joseph R. Rose

                                        *Attorneys for Defendants and Counterclaimants*
                                        *Automattic Inc., Matthew Charles Mullenweg WordPress*
                                        *Foundation, and WooCommerce Inc.*

DEFENDANTS' ADMINISTRATIVE MOTION
CASE NO. 4:24-CV-06917-AMO