,JOSEPH R. ROSE, SBN 27902
  jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

MICHAEL H. DORE, SBN 227442
  mdore@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

JOSH A. KREVITT, SBN 208552
  jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER *(admitted pro hac vice)*
  osnyder@gibsondunn.com
HOWARD S. HOGAN *(admitted pro hac vice)*
  hhogan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

*Attorneys for Defendants and Counterclaimants*
*Automattic Inc., Matthew Charles Mullenweg*
*WordPress Foundation, and WooCommerce Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,<br><br>    Defendants. | Case No. 4:24-cv-06917-AMO-ASK<br><br>**DEFENDANTS' AND COUNTERCLAIMANTS' STATEMENT IN CONNECTION WITH PLAINTIFF'S ADMINISTRATIVE MOTION RE: SEALING [DKT. 301]**<br><br>Hon. Araceli Martínez-Olguín |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | |

Pursuant to Local Rules 7-11 and 79-5, Defendants/Counterclaimants Automattic Inc. ("Automattic"), Matthew Charles Mullenweg, WooCommerce, and WordPress Foundation (collectively, "Defendants") respectfully submit this statement in connection with the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Plaintiff WP Engine, Inc. ("WP Engine") in connection with WP Engine's Discovery Letter, Supporting Declaration, and Exhibit A thereto at Docket No. 301 (the "Administrative Motion"). The Discovery Letter, Supporting Declaration, and Exhibit A filed identified in the chart below (the "Designated Material") contains confidential, highly sensitive information concerning Defendants' financial and operational information, as well as Defendants' proprietary business strategies. For the reasons set forth herein, Defendants respectfully request that the Designated Material remain sealed.

The Court has "broad latitude" "to prevent disclosure of materials for many types of information," including "commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings—like the Discovery Letter and exhibits at issue here—that are not related or only tangentially related to the merits of a case may be sealed upon a lesser showing of "good cause." *Id.* at 1097; *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Good cause requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips*, 307 F.3d at 1210-11.

The Discovery Letter concerns a discovery dispute regarding document production and is not related—or at most tangentially related—to the merits of this case. Accordingly, the "good cause" standard governs. Even under the more demanding "compelling reasons" standard, however, the Designated Material warrants sealing for the reasons described below.

The chart below provides a summary of the basis for sealing the Designated Material:

| Document | Bates No. / Source | Reason for Sealing |
|---|---|---|
| First highlighted portion on page 1 of Discovery Letter | Information from Deposition of WordPress Foundation 30(b)(6) Designee Harmony Romo | Discloses confidential operational information regarding the WordPress Foundation designated "Highly Confidential – Attorneys' Eyes Only" |

| | | |
|---|---|---|
| Second highlighted portion on page 1 of Discovery Letter | Information from A8C01236177 | Discloses highly confidential proprietary business strategy and pricing methodology designated "Highly Confidential – Attorneys' Eyes Only" |
| Third and fourth highlighted portions on page 1 of Discovery Letter | Information from Deposition of Mark Davies | Discloses confidential financial and operational information regarding Automattic and related entities designated "Highly Confidential – Attorneys' Eyes Only" |
| Highlighted portion on page 2 of Discovery Letter | Information from Deposition of Mark Davies | Discloses confidential financial information regarding transactions between Automattic and Mr. Mullenweg designated "Highly Confidential – Attorneys' Eyes Only" |
| Highlighted portion of ¶ 9 of Supporting Declaration | Information from Deposition of WordPress Foundation 30(b)(6) Designee Harmony Romo | Discloses confidential financial and operational information regarding the WordPress Foundation designated "Highly Confidential – Attorneys' Eyes Only" |
| Highlighted portion of ¶ 10 of Supporting Declaration | Information from A8C01236177 | Discloses highly confidential proprietary business strategy and pricing methodology designated "Highly Confidential – Attorneys' Eyes Only" |
| Highlighted portion of ¶ 11 of Supporting Declaration | Information from Deposition of Mark Davies | Discloses confidential financial information designated "Highly Confidential – Attorneys' Eyes Only" |
| Highlighted portion of ¶ 18 of Supporting Declaration | Information from A8C01236177 | Discloses highly confidential proprietary business strategy and pricing methodology designated "Highly Confidential – Attorneys' Eyes Only" |
| Exhibit A | A8C01236177–78 | Discloses highly confidential proprietary trademark licensing strategy and pricing methodology; full sealing warranted |

**The Deposition Testimony.** The highlighted portions of the Discovery Letter and Supporting Declaration that reference the depositions of Harmony Romo (the WordPress Foundation's 30(b)(6) designee) and Mark Davies (Automattic's Chief Financial Officer) contain testimony provisionally designated "Highly Confidential – Attorneys' Eyes Only" under the parties' Stipulated Protective Order (Dkt. 104). This testimony discloses confidential financial and operational information, information regarding the parties' financial transactions, and information regarding the organizational and financial structure of Defendants' related entities.

Good cause exists to maintain this testimony under seal. Public disclosure of information regarding financial transactions between the parties and other entities, the parties' financial management, related entities' organizational and financial structures, Mr. Mullenweg's compensation

3

would harm Defendants' and Mr. Mullenweg's competitive standing by revealing to competitors and the public the details of Defendants' internal financial arrangements and capital structures— information that competitors could use to "undermine [Defendants'] position in the marketplace." *Miotox LLC v. Allergan, Inc.*, 2016 WL 3176557, at *2 (C.D. Cal. June 2, 2016). Courts in this district routinely grant motions to seal similar financial information. *See, e.g.*, *Day v. GEICO Cas. Co.*, 2023 WL 5955795, at *2 (N.D. Cal. Aug. 30, 2023) (finding compelling reasons to seal "non-public financial information related to [a party's] operations" because its release would "threaten" "competitive interests").

**Exhibit A.** Exhibit A (A8C01236177–78) is an internal email notification reflecting comments appended to a Google document designated "Highly Confidential – Attorneys' Eyes Only" because it contains information regarding internal deliberations regarding proprietary trademark licensing strategies and pricing methodologies. Good cause supports full sealing of Exhibit A. Public disclosure of this information would cause direct and irreparable harm to Automattic's competitive position by revealing methodologies, terms, and strategies relevant to trademark licensing and negotiations. Competitors and current or prospective licensing partners could exploit this information.

Courts routinely find that precisely this type of proprietary pricing and licensing strategy constitutes sealable information. *See Jam Cellars, Inc. v. Wine Grp. LLC*, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). No less restrictive alternative is sufficient because the confidential pricing details, strategic deliberations, and proprietary methodologies pervade Exhibit A, and partial redaction would not adequately protect Defendants' interests while leaving little meaningful public content.

Likewise, the highlighted portions of the Discovery Letter and Supporting Declaration that reference information from Exhibit A (A8C01236177)—specifically, the second highlighted portion on page 1 of the Discovery Letter, and the highlighted portions of ¶¶ 10 and 18 of the Supporting Declaration—should remain sealed for the same reasons that Exhibit A should remain sealed. These portions quote or describe the substance of the highly confidential pricing strategy reflected in

Exhibit A, and their disclosure would effectively accomplish the same competitive harm that sealing Exhibit A is intended to prevent.

DATED:  May 28, 2026                    Respectfully submitted,

                                        GIBSON DUNN & CRUTCHER, LLP
                                        By:  */s/ Joseph R. Rose*
                                        Joseph R. Rose

                                        *Attorneys for Defendants and Counterclaimants*
                                        *Automattic Inc., Matthew Charles Mullenweg WordPress*
                                        *Foundation, and WooCommerce Inc.*

DEFENDANTS' AND COUNTERCLAIMANTS' STATEMENT IN CONNECTION WITH PLAINTIFF'S
ADMINISTRATIVE MOTION RE: SEALING [DKT. 301]
CASE NO. 4:24-CV-06917-AMO