JOSEPH R. ROSE, SBN 27902
    jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

MICHAEL H. DORE, SBN 227442
    mdore@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
    isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

JOSH A. KREVITT, SBN 208552
    jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER *(admitted pro hac vice)*
    osnyder@gibsondunn.com
HOWARD S. HOGAN *(admitted pro hac vice)*
    hhogan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

*Attorneys for Defendants and Counterclaimants
Automattic Inc., Matthew Charles Mullenweg,
WordPress Foundation, and WooCommerce Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation, <br><br> Defendants. | Case No. 4:24-cv-06917-AMO-ASK <br><br><br> **DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL RE: DKT. 296** <br><br> Hon. Araceli Martínez-Olguín |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation, <br><br> Counterclaimants, <br><br> v. <br><br> WPENGINE, INC., a Delaware corporation, <br><br> Counterdefendant. | |

## I.    INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants and Counterclaimants Automattic Inc., Matthew Charles Mullenweg, the WordPress Foundation, and WooCommerce Inc. (collectively, "Defendants") respectfully move to file under seal certain portions of Exhibit 1 to the Declaration of Sara Jenkins ("Jenkins Exhibit 1"), filed in support of WP Engine's portion of the parties' Joint Letter Brief regarding the production of financial documents from the files of Heather Brunner and Victor Yuan. This motion is supported by the Declaration of Priyah Kaul, filed concurrently herewith.

Jenkins Exhibit 1 consists of excerpts of email correspondence between counsel for WP Engine and counsel for Defendants reflecting the parties' negotiations over the scope of financial discovery. Portions of those email excerpts contain information that Defendants designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" pursuant to the parties' Stipulated Protective Order (Dkt. 104) ("Protective Order"). These portions are highlighted in blue in the sealed version of Exhibit 1 and are distinct from the portions highlighted in yellow, which reflect WP Engine's own confidential designations and are addressed separately in Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 298).

The chart below identifies the specific material for which sealing is sought:

| Description of Portion(s) to Seal | Reason for Sealing |
|---|---|
| Blue highlighted portion on page 1–2 of Jenkins Exhibit 1 | Discloses confidential financial production obligations. |
| Blue highlighted portion on page 3 of Jenkins Exhibit 1 | Discloses confidential litigation logistics and personal information regarding a witness. |
| Blue highlighted portion on page 4–5 of Jenkins Exhibit 1 | References confidential financial production obligations. |
| Blue highlighted portion on page 6 of Jenkins Exhibit 1 | References confidential financial production obligations. |

## II.    DEFENDANTS HAVE DEMONSTRATED GOOD CAUSE FOR SEALING

While there is a strong presumption of public access to judicial records, *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), courts retain "broad latitude" to seal "trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Because discovery letters are non-dispositive filings, the lower "good cause" standard applies. *Kamakana*, 447 F.3d at 1179-80; *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). Even under the more demanding "compelling reasons" standard, courts regularly seal "confidential business information, the disclosure of which would cause competitive harm," *Actian Corp. v. AB Sciex LLC*, 2023 WL 7166811, at *2 (N.D. Cal. Oct. 30, 2023), including "licensing terms, royalties paid or owed under license agreements, financial terms, details of confidential licensing negotiations, and business strategies," *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

As detailed in the chart above, the blue-highlighted portions of Jenkins Exhibit 1 contain references to Defendants' confidential financial production obligations, details regarding the categories of Defendants' financial documents, references to potential strategic transactions involving privately held Defendants, and an individual defendant's personal financial condition. This information is the type of sensitive business and financial data that courts seal to protect the privacy interests of the disclosing parties. *See, e.g., In re Qualcomm Antitrust Litig.*, No. 17-md-2773-LHK, 2018 WL 4680521 (N.D. Cal. Sept. 28, 2018); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846-LHK, 2012 WL 1672493 (N.D. Cal. May 14, 2012).

Automattic Inc. and WooCommerce Inc. are privately held Delaware corporations, and Mr. Mullenweg is an individual. Public disclosure of the blue-highlighted material would cause injury by revealing nonpublic financial details to the general public.

Defendants do not seek to seal Jenkins Exhibit 1 in its entirety. Rather, they seek to seal only the specific portions highlighted in blue—those reflecting Defendants' own designated confidential material. A redacted version of Exhibit 1 has been filed on the public docket, ensuring that the public

retains access to the substance of the parties' dispute and the Court's reasoning. This approach is narrowly tailored to protect Defendants' legitimate confidentiality interests while preserving the public's right of access. *See Kamakana*, 447 F.3d at 1179.

For the foregoing reasons, Defendants respectfully request that the Court grant this Administrative Motion and order that the materials identified herein remain under seal.

DEFENDANTS' ADMINISTRATIVE MOTION
CASE NO. 4:24-CV-06917-AMO

Respectfully submitted,

Dated:  May 28, 2026                    GIBSON DUNN & CRUTCHER, LLP
                                        By:  */s/ Joseph R. Rose*
                                        Joseph R. Rose

                                        *Attorneys for Defendants and Counterclaimants*
                                        *Automattic Inc., Matthew Charles Mullenweg, WordPress*
                                        *Foundation, and WooCommerce Inc.*

DEFENDANTS' ADMINISTRATIVE MOTION
CASE NO. 4:24-CV-06917-AMO