GIBSON, DUNN & CRUTCHER LLP
JOSEPH R. ROSE, SBN 279092
   jrose@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, California 94111-3715
Telephone:    415.393.8200
Facsimile:    415.393.8306

GIBSON, DUNN & CRUTCHER LLP
MICHAEL H. DORE, SBN 227442
   mdore@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
   isamplin@gibsondunn.com
33 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.6652

GIBSON, DUNN & CRUTCHER LLP
JOSH KREVITT, SBN 208552
   jkrevitt@gibsondunn.com
310 University Avenue
Palo Alto, CA 94301-1744
Telephone:    650.849.5300
Facsimile:    650.849.5333

GIBSON, DUNN & CRUTCHER LLP
ORIN SNYDER (*admitted pro hac vice*)
   osnyder@gibsondunn.com
HOWARD HOGAN (*admitted pro hac vice*)
   hhogan@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:    212.351.2400
Facsimile:    212.351.6335

*Attorneys for Defendants Automattic Inc. and Matthew Charles
Mullenweg and Counterclaimants WordPress Foundation
and WooCommerce Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Defendants. | Case No. 4:24-cv-06917-AMO<br><br>**DEFENDANTS' STATEMENT IN CONNECTION WITH PLAINTIFF'S ADMINISTRATIVE MOTION RE: SEALING [DKT. 300]**<br><br>Hon. Araceli Martínez-Olguín |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | |

1

Gibson, Dunn &
Crutcher LLP

Pursuant to Local Rules 7-11 and 79-5, Defendants/Counterclaimants Automattic Inc. ("Automattic"), Matthew Charles Mullenweg, WooCommerce, and WordPress Foundation (collectively, "Defendants") respectfully submit this statement in connection with the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Plaintiff WP Engine, Inc. in connection with a Joint Discovery Letter Brief at Docket No. 300. Defendants propose narrowly tailored redactions to certain provisionally sealed materials in the Joint Discovery Letter Brief and its exhibits identified in the chart below (the "Designated Material") to keep only the most sensitive, non-public material sealed. The material contains confidential, personally identifiable information and Defendants' highly confidential proprietary trademark and business information. For the reasons set forth herein, Defendants respectfully request that the Designated Material remain sealed.

The Court has "broad latitude" "to prevent disclosure of materials for many types of information," including "commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings—like the Joint Discovery Letter Brief and exhibits at issue here—that are not related or only tangentially related to the merits of a case may be sealed upon a lesser showing of "good cause." *Id.* at 1097; *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Good cause requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips*, 307 F.3d at 1210-11.

The charts below provide a summary of the basis for sealing the Designated Material.

### Sealing for Exhibit A to WPE's Supporting Declaration

| Document Description | Bates No. | Reason for Sealing |
|---|---|---|
| Redacted Portions of Pages 6 and 7 in Proposed Redacted Version of Exhibit A attached hereto | N/A | Discloses highly confidential proprietary trademark licensing strategy and information in a deposition transcript that has been provisionally designated as "Highly Confidential-Attorneys' Eyes Only." |

Gibson, Dunn & Crutcher LLP

2

**Sealing for Exhibits 1 to 3 to Defendants' Supporting Declaration**

| Document Description | Bates No. | Reason for Sealing |
|---|---|---|
| Redacted Portions of Exhibit 1 in Proposed Redacted Version of Exhibit 1 attached hereto | N/A | Discloses confidential information regarding Mr. Mullenweg's personally identifiable information, including a mailing address. |
| Redacted Portions of Exhibit 2 | N/A | Discloses confidential information regarding Defendants' counsel's personally identifiable information, including phone numbers. |
| Redacted Portions of Exhibit 3 | N/A | Discloses confidential information regarding Defendants' counsel's personally identifiable information, including phone numbers. |

Good cause exists to maintain the Designated Material under seal.

**Exhibit A.** The proposed redacted version of Exhibit A to WPE's Supporting Declaration includes excerpts of Matthew Mullenweg's deposition transcripts that have been provisionally designated "Highly-Confidential-Attorneys' Eyes Only" under the parties' Stipulated Protective Order (Dkt. 104). The exhibit was redacted in full when filed. Good cause supports the partial sealing of pages 6 and 7 in Exhibit A. The testimony on pages 6 and 7 of Exhibit A discloses confidential proprietary trademark licensing strategies and agreements, particularly the identities of third parties. Public disclosure of this information would cause direct and irreparable harm to Automattic's competitive position by revealing business strategies and identities of third parties relevant to trademark licensing and negotiations. Competitors and current or prospective licensing partners could exploit this information.

Courts routinely find that precisely this type of proprietary pricing and licensing strategy constitutes sealable information. *See Jam Cellars, Inc. v. Wine Grp. LLC*, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). Partial redaction of only the highly confidential strategic business deliberations, agreements and trademark information adequately protects Defendants' interests.

Gibson, Dunn & Crutcher LLP

3

**Exhibits 1, 2, & 3.** Exhibit 1 contains deposition testimony that has been provisionally designated "Highly-Confidential-Attorneys' Eyes Only" under the parties' Stipulated Protective Order (Dkt. 104). The exhibit was redacted in full when filed.  Good cause supports the partial sealing of Exhibit 1, which reflects personally identifiable information of Mr. Mullenweg, including his mailing address. The redacted portions of Exhibits 2 and 3 reflect personally identifiable information of Defendants' and Counterclaimants' counsel. Sealing Exhibits 1, 2, and 3 are necessary and narrowly tailored because it references personally identifying information, such that redaction is necessary to protect these individuals' confidential information.  *See Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal personally identifiable information of third-party individuals, including names).

For the foregoing reasons, Defendants respectfully request that the Court seal the Designated Material.

DATED: May 28, 2026

Respectfully submitted,

By: /s/ *Michael H. Dore*
Michael H. Dore

*Attorney for Defendants Automattic Inc., Matthew Charles Mullenweg, and WooCommerce Inc. and Counterclaimant WordPress Foundation*

Gibson, Dunn & Crutcher LLP

4