QUINN EMANUEL URQUHART & SULLIVAN LLP
Rachel Herrick Kassabian (SBN 191060)          Michael E. Williams (SBN 181299)
rachelkassabian@quinnemanuel.com               michaelwilliams@quinnemanuel.com
Yury Kapgan (SBN 218366)                        Kevin Y. Teruya (SBN 235916)
yurykapgan@quinnemanuel.com                     kevinteruya@quinnemanuel.com
Margret M. Caruso (SBN 243473)                  865 South Figueroa Street, 10th Floor
margretcaruso@quinnemanuel.com                  Los Angeles, CA 90017
555 Twin Dolphin Dr., 5th Floor                 Telephone: (213) 443-3000
Redwood Shores, CA 94065                        Facsimile: (213) 443-3100
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for WPEngine, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Defendants. | Case No. 4:24-cv-06917-AMO<br><br>**WPENGINE, INC.'S STATEMENT IN CONNECTION WITH DEFENDANTS' AND COUNTERCLAIMANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [ECF NO. 290]** |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | |

Case No. 4:24-cv-06917-AMO

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff WPEngine, Inc. ("WPE") respectfully submits this Statement in Connection with Defendants' and Counterclaimants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed [ECF No. 290] ("Defendants' Administrative Motion"), in connection with the Joint Discovery Letter and supporting materials filed at ECF No. 289 ("Joint Discovery Letter").

The provisionally sealed material in the Joint Discovery Letter (the "Designated Material") contains documents or references to information that WPE has designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" pursuant to the Parties' Stipulated Protective Order, and reflects WPE's confidential internal brand strategy objectives and brand development process, internal communications concerning the content of its marketing materials, internal search engine performance information, and confidential details about WPE's internal marketing structure, workflows, approval processes, and project management systems, the disclosure of which would cause competitive harm to WPE if disclosed. For the reasons articulated herein and in the accompanying declaration of Chad Costello, WPE's General Counsel and Corporate Secretary ("Costello Decl."), WPE respectfully request that the Designated Material remains sealed.

Under Ninth Circuit law, a district court may seal information submitted with a non-dispositive motion upon a showing of "good cause." *See WhatsApp Inc. v. NSO Grp. Techs., Ltd.*, 491 F. Supp. 3d 584, 596 (N.D. Cal. 2020). A "motion to compel discovery is only tangentially related to the merits and the good cause standard applies" in determining whether the material should be sealed. *Id.*; *see also Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-CV-02621-WHO, 2020 WL 597630, at *21 (N.D. Cal. Jan. 17, 2020) ("Because the documents attached to non-dispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' parties moving to seal must meet the lower "good cause" standard."). "Good cause" is met where there is a "particularized showing" that specific prejudice or harm will result if the information is disclosed. *WhatsApp*, 491 F. Supp. at 596 (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)). "A court may, for good cause, keep documents confidential 'to protect a party or person from annoyance, embarrassment, oppression, or undue

burden or expense.'" *Asia Vital Components Co. v. Asetek Danmark A/S*, No. 16-CV-07160-JST, 2019 WL 13423737, at *2 (N.D. Cal. Jan. 30, 2019).

Courts in this Circuit regularly find good cause to seal nonpublic material that reveals "confidential business information that would harm a party's competitive standing." *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-CV-02436-BLF, 2023 WL 5767465, at *3 (N.D. Cal. Sept. 6, 2023) (finding that good causes exists to seal "confidential business information the release of which would cause competitive harm" and noting that because that information "meet[s] the compelling reasons standard" they "also meet the 'less exacting' good cause standard"). Good cause may also be satisfied by information concerning "business strateg[ies]," *Bold Ltd. v. Rocket Resume, Inc.*, No. 22-CV-01045-BLF, 2024 WL 54692, at *2 (N.D. Cal. Jan. 4, 2024) ("Good cause exists to seal confidential business information, including non-public information about a company's business strategy, business transactions, and corporate structure."), or other information that "may harm [the designating party's] competitive standing if disclosed," *Riddick v. Sony Elecs., Inc.*, No. 24-CV-00319-BAS-JLB, 2024 WL 3928899, at *2 (S.D. Cal. Aug. 23, 2024) (finding compelling reasons to seal "future business planning and competitive strategy"). Good cause exists to seal the material provisionally sealed by Defendants. The chart below provides a brief summary of the basis for sealing[1]:

| Document Description | Dkt. No. of Redacted Version | Dkt. No. of Unredacted Version | Reason for Sealing |
|---|---|---|---|
| Letter Brief | 289 | 290-3 | Reflects WPE confidential business information contained in Dkt. 289-1 – 5 relating to, among other things, WPE's confidential internal brand strategy objectives and brand development process, internal communications concerning the content of its marketing materials, internal search engine performance information, and confidential details about WPE's internal marketing structure, workflows, approval processes, and project |

---

[1] The remaining redacted portions of the Joint Discovery Letter contain material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" by Defendants/Counterclaimants.

| Document Description | Dkt. No. of Redacted Version | Dkt. No. of Unredacted Version | Reason for Sealing |
|---|---|---|---|
| | | | management systems. |
| Declaration of Howard Hogan | 289-1 | 290-4 | Reflects WPE confidential business information relating to, among other things, WPE's confidential internal brand strategy objectives and brand development process, internal communications concerning the content of its marketing materials, internal search engine performance information, and confidential details about WPE's internal marketing structure, workflows, approval processes, and project management systems. |
| Exhibit 1 to Hogan Declaration | 289-2 | 290-5 | Reflects WPE's internal brand strategy objectives and brand development process, material that WPE treats as proprietary. |
| Exhibit 2 to Hogan Declaration | 289-3 | 290-6 | Reflects WPE's internal communications concerning the content of its marketing materials, material that WPE treats as proprietary |
| Exhibit 3 to Hogan Declaration | 289-4 | 290-7 | Reflects WPE's internal communications concerning the content of its marketing material, which WPE treats as proprietary. |
| Exhibit 4 to Hogan Declaration | 289-5 | 290-8 | Reflects WPE's internal communications concerning the content of its marketing material, which WPE treats as proprietary. |
| Exhibit 5 to Hogan Declaration | 289-6 | 290-9 | Reflects WPE's internal communications concerning the content of its marketing material and search engine performance information, both of which WPE treats as proprietary. |
| Exhibit E to Keohane Declaration | 289-7 | 290-10 | Excerpts of deposition testimony that reveal confidential details about WPE's internal marketing structure, workflows, approval processes, and uses of project management systems, all of which WPE treats as proprietary. |

Good cause exists to seal the materials provisionally filed under seal. The Designated Material reflects confidential, highly sensitive information concerning WPE's internal brand strategy, marketing communications, and search engine performance information, the disclosure of which would cause competitive harm to WPE. *See* Costello Decl. ¶¶ 4-11. The vast majority of the Designated Material concerns nonpublic details about WPE's internal brand and marketing strategy,

-3-                    Case No. 4:24-cv-06917-AMO

including WPE's internal brand strategy objectives and brand development process, WPE's internal communications concerning the content of its marketing materials, and WPE's confidential search engine performance information. *Id.* The Designated Material also includes deposition testimony which reflects sensitive details about WPE's internal marketing workflows, approval processes, and project management systems. *Id.* These communications and testimony are confidential and reveal nonpublic "business strategies" whose disclosure would harm WPE's competitive standing by releasing such information to competitors and providing them insight into WPE's business model and marketing approach. *See Skillz*, 2023 WL 5767465, at *3 (finding that good causes exists to seal "confidential business information the release of which would cause competitive harm"); *Bold*, 2024 WL 54692, at *2 ("Good cause exists to seal confidential business information, including non-public information about a company's business strategy, business transactions, and corporate structure."); *Exeltis USA Inc. v. First Databank, Inc.*, 2020 WL 2838812, at *2 (N.D. Cal. June 1, 2020) (finding good cause to seal "confidential and proprietary business, sales, or licensing information" and "company strategy"); *see also Riddick*, 2024 WL 3928899, at *2 (finding compelling reasons to seal "future business planning and competitive strategy").

The Designated Material is treated as confidential and proprietary in the ordinary course of WPE's business. WPE maintains its internal marketing strategy, brand planning, and business operations as confidential, and its employees are informed of and expected to adhere to those confidentiality expectations. *See* Costello Decl. ¶ 3. The information contained in the Designated Material is not publicly known, and WPE takes active steps to preserve its confidentiality. *Id.* Disclosure of this information—whether to competitors, potential business partners, or the general public—would undermine WPE's competitive standing and cause the kind of harm that courts in this Circuit have consistently recognized as sufficient to warrant sealing. For these reasons, WPE respectfully requests that the Court order the Designated Material to remain sealed.

Case No. 4:24-cv-06917-AMO

WPE'S STATEMENT IN CONNECTION WITH DEFENDANTS' AND COUNTERCLAIMANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [ECF NO. 290]

DATED:  May 28, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By      /s/ *Margret Caruso*
Margret Caruso
*Attorneys for Plaintiff WPEngine, Inc.*

Case No. 4:24-cv-06917-AMO

WPE'S STATEMENT IN CONNECTION WITH DEFENDANTS' AND COUNTERCLAIMANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [ECF NO. 290]