JOSEPH R. ROSE, SBN 27902
  jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

MICHAEL H. DORE, SBN 227442
  mdore@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

JOSH A. KREVITT, SBN 208552
  jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER *(admitted pro hac vice)*
  osnyder@gibsondunn.com
HOWARD S. HOGAN *(admitted pro hac vice)*
  hhogan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

*Attorneys for Defendants and Counterclaimants*
*Automattic Inc., Matthew Charles Mullenweg*
*WordPress Foundation, and WooCommerce Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Defendants. | Case No. 4:24-cv-06917-AMO-ASK<br><br>**DEFENDANTS' AND COUNTERCLAIMANTS' STATEMENT IN CONNECTION WITH PLAINTIFF'S ADMINISTRATIVE MOTION RE: SEALING [DKT. 299]** |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | Hon. Araceli Martínez-Olguín |

Pursuant to Local Rules 7-11 and 79-5, Defendants/Counterclaimants Automattic Inc. ("Automattic"), Matthew Charles Mullenweg, WooCommerce, and WordPress Foundation (collectively, "Defendants") respectfully submit this statement in connection with the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Plaintiff WP Engine, Inc. ("WP Engine") in connection with WP Engine's Discovery Letter, Supporting Declaration, and Exhibit A thereto at Docket No. 299 (the "Administrative Motion"). The provisionally sealed material in the Discovery Letter and Exhibit A to the Supporting Declaration identified in the chart below (the "Designated Material") contains confidential, highly sensitive information from Defendants' and Counterclaimants' interrogatory responses, which were designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" under the parties' Stipulated Protective Order (Dkt. 104). For the reasons set forth herein, Defendants respectfully request that the Designated Material remain sealed.

The Court has "broad latitude" "to prevent disclosure of materials for many types of information," including "commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings—like the Discovery Letter and exhibits at issue here—that are not related or only tangentially related to the merits of a case may be sealed upon a lesser showing of "good cause." *Id.* at 1097; *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Good cause requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips*, 307 F.3d at 1210-11.

The Discovery Letter filed at Docket No. 299 concerns a discovery dispute regarding interrogatory responses and is not related—or at most tangentially related—to the merits of this case. Accordingly, the "good cause" standard governs. Even under the more demanding "compelling reasons" standard, however, the Designated Material warrants sealing for the reasons described below.

The chart below provides a summary of the basis for sealing the Designated Material:

DEFENDANTS' AND COUNTERCLAIMANTS' STATEMENT IN CONNECTION WITH PLAINTIFF'S ADMINISTRATIVE MOTION RE: SEALING [DKT. 299]
CASE NO. 4:24-CV-06917-AMO

| Portion(s) to be Sealed | Bates No. / Source | Reason for Sealing |
|---|---|---|
| Highlighted portion on page 1 of Discovery Letter (Dkt. 299-2) | Information from Defendants' and Counterclaimants' Interrogatory Responses | Discloses confidential trademark licensing information, designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" |
| Highlighted portion on pages 2-3 of Exhibit A (Dkt. 299-3) | Information from Defendants' and Counterclaimants' Interrogatory Responses | Discloses confidential trademark licensing and enforcement information and other confidential business information designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" |

The highlighted portions of the Discovery Letter and Exhibit A to the Supporting Declaration contain information drawn from Defendants' and Counterclaimants' interrogatory responses provisionally designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" under the parties' Stipulated Protective Order (Dkt. 104). These interrogatory responses encompass multiple categories of confidential information, each of which independently warrants sealing.

A substantial portion of the Designated Material reflects information from responses to Interrogatory No. 3 to Defendants. These responses disclose the identities of entities with which Defendants have entered into trademark license agreements, the circumstances of those licensing relationships, the specific hosting providers to which Defendants have directed licensing requests, Defendants' enforcement policies and decision-making regarding potential trademark infringement, and related internal processes. This information constitutes confidential, proprietary business information the disclosure of which would provide competitors and current or prospective licensing partners with insight into Defendants' licensing strategies, enforcement priorities, and the terms upon which Defendants are willing to deal. Public disclosure would harm Defendants' competitive standing by revealing to competitors the details of Defendants' trademark licensing and enforcement practices—information that competitors could use to "undermine [Defendants'] position in the marketplace." *Miotox LLC v. Allergan, Inc.*, 2016 WL 3176557, at *2 (C.D. Cal. June 2, 2016); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). The information related to Automattic's license and partnership agreements comprises sensitive, nonpublic information that

would cause competitive harm to Automattic. *See, e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at \*3 (N.D. Cal. Mar. 4, 2015); *Aya Healthcare Servs. v. Amn Healthcare, Inc.*, 2020 WL 1911502, at \*3 (S.D. Cal. Apr. 20, 2020) (agreement reflected terms upon which defendant was willing to deal, constituting trade secrets).

Good cause exists to maintain the Designated Material under seal. The information at issue was designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" pursuant to Paragraphs 7.2 and 7.3 of the parties' Stipulated Protective Order (Dkt. 104) because it reflects proprietary and confidential business information the public disclosure of which would cause specific prejudice to Defendants. Partial sealing is appropriate and sufficient to protect Defendants' interests, as WP Engine has already filed redacted public versions of the Discovery Letter at Docket No. 295 and Exhibit A at Docket No. 295-2. The redacted versions adequately preserve public access to the substance of the parties' discovery dispute while excising only the narrow portions that contain confidential information designated by Defendants. No less restrictive alternative to partial sealing would adequately protect Defendants' confidential business information.

DATED:  May 28, 2026                    Respectfully submitted,

                                        GIBSON DUNN & CRUTCHER, LLP
                                        By: */s/ Joseph R. Rose*
                                        Joseph R. Rose

                                        *Attorneys for Defendants and Counterclaimants*
                                        *Automattic Inc., Matthew Charles Mullenweg WordPress*
                                        *Foundation, and WooCommerce Inc.*

DEFENDANTS' AND COUNTERCLAIMANTS' STATEMENT IN CONNECTION WITH PLAINTIFF'S
ADMINISTRATIVE MOTION RE: SEALING [DKT. 299]
CASE NO. 4:24-CV-06917-AMO