QUINN EMANUEL URQUHART & SULLIVAN LLP
Rachel Herrick Kassabian (SBN 191060)          Michael E. Williams (SBN 181299)
rachelkassabian@quinnemanuel.com               michaelwilliams@quinnemanuel.com
Yury Kapgan (SBN 218366)                        Kevin Y. Teruya (SBN 235916)
yurykapgan@quinnemanuel.com                     kevinteruya@quinnemanuel.com
Margret M. Caruso (SBN 243473)                  865 South Figueroa Street, 10th Floor
margretcaruso@quinnemanuel.com                  Los Angeles, CA 90017
555 Twin Dolphin Dr., 5th Floor                 Telephone: (213) 443-3000
Redwood Shores, CA 94065                        Facsimile: (213) 443-3100
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for WPEngine, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation, | Case No. 4:24-cv-06917-AMO |
| Plaintiff, | **WPENGINE, INC.'S STATEMENT IN CONNECTION WITH DEFENDANTS' AND COUNTERCLAIMANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [ECF NO. 298]** |
| v. | |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation, | |
| Defendants. | |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation, | |
| Counterclaimants, | |
| v. | |
| WPENGINE, INC., a Delaware corporation, | |
| Counterdefendant. | |

Case No. 4:24-cv-06917-AMO

WPE'S STATEMENT IN CONNECTION WITH DEFENDANTS' AND COUNTERCLAIMANTS' MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [ECF NO. 298]

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff WPEngine, Inc. ("WPE") respectfully submits this Statement in Connection with Defendants' and Counterclaimants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed [ECF No. 298] ("Defendants' Administrative Motion"), in connection with the Joint Discovery Letter and supporting materials filed at ECF No. 296 ("Joint Discovery Letter").

The provisionally sealed material in the Joint Discovery Letter (the "Designated Material") contains documents or references to information that WPE has designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" pursuant to the Parties' Stipulated Protective Order, and reflects WPE's confidential and highly sensitive internal business information, including WPE's internal analysis of and strategic response to a proposed business partnership, confidential commercial and financial terms discussed in the course of negotiations, internal assessments of WPE's competitive positioning, and related internal communications, the disclosure of which would cause competitive harm to WPE.  For the reasons articulated herein and in the accompanying declaration of Chad Costello, WPE's General Counsel and Corporate Secretary ("Costello Decl."), WPE respectfully request that the Designated Material remains sealed.

Under Ninth Circuit law, a district court may seal information submitted with a non-dispositive motion upon a showing of "good cause."  *See Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  A "motion to compel discovery is only tangentially related to the merits and the good cause standard applies" in determining whether the material should be sealed.  *WhatsApp Inc. v. NSO Grp. Techs., Ltd.*, 491 F. Supp. 3d 584, 596 (N.D. Cal. 2020).

Courts in this Circuit regularly find good cause to seal nonpublic material that reveals "confidential business information, the disclosure of which would cause competitive harm." *Actian Corp. v. AB Sciex LLC*, No. 23-CV-05113, 2023 WL 7166811, at *2 (N.D. Cal. Oct. 30, 2023); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("business information that might harm a litigant's competitive standing" provides basis for sealing).  Good cause may also be satisfied by information concerning "business strategies," *In re Qualcomm Litig.*, No. 3:17-CV-0108, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017), or other information that a competitor could use to "undermine [the designating party's] position in the marketplace," *Miotox LLC v. Allergan, Inc.*,

-1-

WPE'S STATEMENT IN CONNECTION WITH DEFENDANTS' AND COUNTERCLAIMANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [ECF NO. 298]

No. 2:14-CV-08723, 2016 WL 3176557, at *2 (C.D. Cal. June 2, 2016).  Good cause exists to seal the material provisionally sealed by Defendants.  The chart below provides a brief summary of the basis for sealing:

| Document Description | Dkt. No. of Redacted Version | Dkt. No. of Unredacted Version | Reason for Sealing |
|---|---|---|---|
| Letter Brief | 309 | 298-01 | Reflects WPE confidential business information contained in Dkt. 298-01, -04, -05, -06, -07, and -08 relating to, among other things, WPE's confidential business partnership negotiations, financial data, valuations, and internal strategic analysis. |
| Declaration of Brooke Myers Wallace ISO the Word Press Parties ("Wallace Declaration") | 309-01 | 298-04 | Reflects WPE confidential business information relating to, among other things, WPE's confidential business partnership negotiations, financial data, valuations, and internal strategic analysis. |
| Exhibit 1 to Wallace Declaration | 309-02 | 298-05 | Excerpts of deposition testimony that reveal confidential details about WPE's internal analyses of and correspondence concerning a proposed business partnership, including nonpublic financial data, and WPE's internal strategic assessments. |
| Declaration of Sara Jenkins ISO Wp Engine ("Jenkins Declaration") | 309-03 | 298-06 | Reflects WPE confidential business information relating to, among other things, WPE's confidential business partnership negotiations, financial performance, valuations, and internal strategic analysis. |
| Exhibit 1 to Jenkins Declaration | 309-04 | 298-07 | Reflects WPE confidential business information relating to, among other things, WPE's confidential business partnership negotiations, financial performance, valuations, and internal strategic analysis. |
| Exhibit 2 to Jenkins Declaration | 309-05 | 298-08 | Reflects WPE's confidential business information concerning WPE's confidential business partnership negotiations. |

Good cause exists to seal the materials provisionally filed under seal.  The Designated Material reflects confidential, highly sensitive information concerning WPE's internal analysis of

and strategic response to a proposed business partnership, including nonpublic financial data, internal assessments of WPE's competitive positioning, and WPE's confidential engagements with third parties, the disclosure of which would cause competitive harm to WPE. *See* Costello Decl. ¶¶ 4–9. The Designated Material concerns nonpublic details about WPE's internal business strategy, including WPE's proposed partnership arrangement, relevant financial data, and WPE's internal strategic assessments of its business and competitive position. *Id.* The Designated Material also includes deposition testimony reflecting WPE's confidential internal deliberations about the proposed business partnership. *Id.* These documents and testimony are confidential and reveal nonpublic "financial terms … and business strategies" whose disclosure would harm WPE's competitive standing by releasing such information to competitors and potential counterparties and providing them insight into the terms on which WPE is willing to deal. *See In re Qualcomm Litig.*, 2017 WL 5176922, at *2; *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *3 (finding compelling reasons to seal information concerning third-party agreements that would put designating party "at a disadvantage in future negotiations for similar agreements"); *Miotox LLC v. Allergan, Inc.*, 2016 WL 3176557, at *2; *Exeltis USA Inc. v. First Databank, Inc.*, 2020 WL 2838812, at *2 (finding good cause to seal "confidential and proprietary business, sales, or licensing information" and "company strategy").

The Designated Material is treated as confidential and proprietary in the ordinary course of WPE's business. WPE maintains communications and analyses with respect to its internal business strategy, partnership negotiations, and legal analysis as confidential, and its employees are informed of and expected to adhere to those confidentiality expectations. *See* Costello Decl. ¶ 3. The information contained in the Designated Material is not publicly known, and WPE takes active steps to preserve its confidentiality. *Id.* Disclosure of this information—whether to competitors, potential business partners, or the general public—would undermine WPE's competitive standing and cause the kind of harm that courts in this Circuit have consistently recognized as sufficient to warrant sealing. For these reasons, WPE respectfully requests that the Court order the Designated Material to remain sealed.

WPE'S STATEMENT IN CONNECTION WITH DEFENDANTS' AND COUNTERCLAIMANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [ECF NO. 298]

DATED:  May 28, 2026

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By     /s/ *Brian Mack*

Brian Mack
*Attorneys for Plaintiff WPEngine, Inc.*

Case No. 4:24-cv-06917-AMO

WPE'S STATEMENT IN CONNECTION WITH DEFENDANTS' AND COUNTERCLAIMANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [ECF NO. 298]