Docusign Envelope ID: FFC6EF62-B266-8B0F-800D-EF026DB5281E

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for WPEngine, Inc*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation<br><br>Defendants. | CASE NO. 3:24-cv-06917-AMO-ASK<br><br>**DECLARATION OF CHAD COSTELLO IN SUPPORT OF WPENGINE, INC.'S STATEMENT IN CONNECTION WITH DEFENDANTS AND COUNTERCLAIMANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [ECF NO. 298]** |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>vs.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | Judge: Honorable Araceli Martínez-Olguín |

## **DECLARATION OF CHAD COSTELLO**

I, Chad Costello, hereby declare and state as follows:

1.      I am the General Counsel and Corporate Secretary for WPEngine, Inc. ("WPE").  I make this declaration of my own personal knowledge and, if called to testify, I could and would competently testify hereto under oath.  I submit this declaration in support of WPE's Statement in Connection with Defendants' and Counterclaimants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed [ECF No. 298], in connection with the Joint Discovery Letter and supporting materials filed at ECF No. 296 ("Joint Discovery Letter").

2.      In my role at WPE, I am familiar with WPE's expectations of confidentiality for internal communications, including those relating to business development operations, partnership negotiations, strategic analysis, and the processes by which WPE evaluates, analyzes, and responds to proposed business arrangements.

3.      WPE treats internal business development communications and analyses as confidential, including those relating to partnership negotiations and legal analysis of same.  WPE makes its confidentiality expectations clear to employees.  WPE informs its employees that internal company information is confidential and must not be shared externally without authorization.  I have reviewed the documents provisionally filed under seal in connection with this matter and have determined that each contains confidential WPE information, as described below.

4.      **Joint Letter Brief:** The redacted portions of the Joint Letter Brief reflect WPE's highly confidential and competitively sensitive information, including: (a) the dollar amount of damages WPE is seeking in this action; (b) the identifies of, and details concerning, third parties involved in WPE's actual or contemplated business transactions; (c) WPE's nonpublic engagements with investment bankers, financial advisors, and strategy consultants; and (d) WPE's financial performance.

5.      **Declaration of Brooke Myers Wallace:** The Wallace Declaration was submitted in support of Defendants' position in the Joint Letter Brief and recounts the parties' meet-and-confer history concerning the production of WPE's financial documents.  The redacted portions reflect the

same categories of confidential information identified above.

6. **Exhibit 1 to the Wallace Declaration:** This document contains excerpts of deposition testimony from WPE's CEO, Heather Brunner, WPE's Vice President of Corporate Development, Partnerships, and Finance, Victor Yuan, and Lee Wittlinger of Silver Lake Technology Management, L.L.C., concerning WPE's confidential business partnership discussions, WPE's nonpublic engagements with bankers, strategy consultants, and financial advisors therefor, WPE's confidential communications with its controlling investor, and WPE's 409A valuations.

7. **Declaration of Sara Jenkins:** The Jenkins Declaration was submitted in support of WPE's position in the Joint Letter Brief and describes the parties' reciprocal financial-discovery agreement and the scope of WPE's resulting production. The redacted portions reflect: (a) the identities of, and specific terms of WPE's nonpublic engagements with banks, financial advisors, and third parties exploring potential business partnerships with WPE; (b) categories of WPE's confidential financial materials produced and discussed in the discovery negotiation; and (d) references to deposition testimony designated as Highly Confidential under the Stipulated Protective Order.

8. **Exhibit 1 to the Jenkins Declaration:** This exhibit consists of excerpts of email correspondence between counsel for the parties reflecting the negotiation of the parties' reciprocal financial-discovery agreement. The redacted portions reflect references to: (a) WPE's actual or contemplated business transactions; and (b) the identities of WPE's financial advisors and banks engaged therefor. Public disclosure of these details would reveal WPE's interest in engaging in such business transactions as well as the identities of WPE's financial advisors and banks engaged therefor, causing competitive harm to WPE.

9. **Exhibit 2 to the Jenkins Declaration:** This exhibit is a representative sampling chart describing categories of financial documents WPE has produced in this action. The redacted portions reflect references to specific categories of WPE's nonpublic contemplated business transactions.

10. The information in each of the above documents is not publicly known. WPE recognizes and protects the value of this information through its policies and practices designed to

-3-    Case No. 3:24-cv-06917-AMO-ASK

DECLARATION OF CHAD COSTELLO IN SUPPORT OF WPENGINE, INC.'S STATEMENT RE SEALING

prevent confidential information from being disclosed externally. Public disclosure of any of these materials would cause competitive harm to WPE by providing competitors and potential counterparties with insight into WPE's proprietary business strategies, negotiating positions, financial analyses, and internal deliberations.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 28, 2026

DocuSigned by:

*Chad Costello*

7D84F18FB210472...

Chad Costello

DECLARATION OF CHAD COSTELLO IN SUPPORT OF WPENGINE, INC.'S STATEMENT RE SEALING