UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WPENGINE, INC.,

    Plaintiff,

  v.

AUTOMATTIC INC., et al.,

    Defendants.

Case No. 24-cv-06917-AMO   (ASK)

**ORDER RE DISCOVERY DISPUTE**

Re: Dkt. No. 287

The parties filed a joint discovery letter brief regarding Plaintiff WPEngine's privilege redactions to documents bearing Bates numbers WPE00615508, WPE00615479, WPE00615496, WPE00616276, and WPE00630098 (collectively, the "Redacted Documents"). Dkt. 287. The Court ordered WPEngine to produce the Redacted Documents to the Court for *in camera* inspection based on WPEngine's offer to "submit the unredacted document[s] for *in camera* review." *Id*. at 5. Having reviewed the unredacted documents and considered the parties' arguments, the Court **GRANTS** Defendants' request to compel production of the unredacted versions of the Redacted Documents.

"The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021). "But some communications might have more than one purpose[.]" *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021). In that circumstance, courts apply the "primary purpose" test to determine whether the communications are privileged. *Id.* at 1092. Under the primary purpose test, the privilege only applies if "the primary purpose of the communication is to give or receive legal advice, as opposed to business . . . advice." *Id.* at 1091 (cleaned up). "Where there was a clear business purpose in the environment in which the communications occurred, the party asserting the privilege bears the burden of establishing that *each* communication in question

United States District Court
Northern District of California

was made *primarily* for the purpose of generating legal advice." *In re California Bail Bond Antitrust Litig.*, 778 F. Supp. 3d 1051, 1057 (N.D. Cal. 2025). As the party asserting the privilege, WPEngine bears the burden of proof. *United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010).

Here, the Redacted Documents are various iterations of the same strategy slide-deck. The deck was authored by WPEngine's Vice President of Corporate Development and shared with the Chief Executive Officer and a non-lawyer colleague as an analysis of a partnership proposal. Accordingly, "there was a clear business purpose in the environment in which the communications occurred[.]" *In re California Bail Bond Antitrust Litig.*, 778 F. Supp. 3d at 1057.

WPEngine redacted a single sentence from the deck on the grounds that the redacted sentence reflects the legal analysis of their General Counsel. However, WPEngine fails to show that the redacted sentence was included in the deck "primarily for the purpose of generating legal advice." *In re California Bail Bond Antitrust Litig.*, 778 F. Supp. 3d at 1057. And WPEngine would have a hard time doing so. While the sentence may well reflect legal advice, ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮ It is therefore implausible that the purpose of the statement was to generate or to convey legal advice.

Relying on *Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503 (S.D. Cal. 2003), WPEngine claims "that the attorney-client privilege protects communications among employees when those communications seek or transmit legal advice or analysis, even if no attorney is listed on the communication itself." Dkt. 287 at 4. But in *Kintera*, "the communications between employees were for the purpose of transmitting information to [in-house] counsel for advice." 219 F.R.D. at 514. Not so here. And, in any event, *Kintera* fails to support WPEngine's proposition that any communication reflecting in-house counsel's thoughts are privileged. As for *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065 (N.D. Cal. 2002), this case merely states that: "The privilege might protect a communication between nonlegal employees in which the employees discuss or transmit legal advice given by counsel." 241 F. Supp. 2d at 1077. But *ChevronTexaco* does not grapple with the legal standard for determining when such communications are privileged. Moreover, WPEngine fails to demonstrate that the at-issue communication was

United States District Court
Northern District of California

primarily meant to discuss or transmit the General Counsel's legal advice. *See, e.g.*, *Wisk Aero LLC v. Archer Aviation Inc.*, No. 21-CV-02450, 2023 WL 2699971, at \*4 (N.D. Cal. Mar. 29, 2023) ("[N]o privilege can attach to any communication . . . that would have been made because of a business purpose[.] . . . . [W]hen attempting to demonstrate that an internal communication involving in-house counsel deserves privileged status, a party must make a clear showing that the speaker made the communication for the purpose of obtaining or providing *legal* advice." (cleaned up)).

Accordingly, the Court **GRANTS** Defendants' request to compel production of the unredacted versions of the Redacted Documents.

**IT IS SO ORDERED.**

Dated: June 5, 2026

_____
AJAY KRISHNAN
United States Magistrate Judge