JOSEPH R. ROSE, SBN 27902
  jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

MICHAEL H. DORE, SBN 227442
  mdore@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

JOSH A. KREVITT, SBN 208552
  jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER *(admitted pro hac vice)*
  osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

*Attorneys for Defendants Automattic Inc., Matthew
Charles Mullenweg, and WooCommerce Inc. and
Counterclaimant WordPress Foundation*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>　　　　　Defendants.<br>———————————————————<br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>　　　　　Counterclaimants,<br><br>v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>　　　　　Counterdefendant. | Case No. 4:24-cv-06917-AMO<br><br>**DEFENDANTS' MOTION TO MODIFY EXPERT DISCOVERY AND SUMMARY JUDGMENT DEADLINES PURSUANT TO LOCAL RULE 6-3**<br><br>Hon. Araceli Martínez-Olguín |

DEFENDANTS' MOTION TO MODIFY EXPERT DISCOVERY AND SUMMARY JUDGMENT DEADLINES
PURSUANT TO LOCAL RULE 6-3
CASE NO. 4:24-CV-06917-AMO

# I.    INTRODUCTION

Defendants and Counterclaimants Automattic Inc., Matthew Charles Mullenweg, WooCommerce Inc., and WordPress Foundation ("Defendants") ask for a modest extension: move the deadline for opening expert reports by roughly three months. This is no ordinary scheduling dispute. Plaintiff WPEngine, Inc. seeks enormous damages, yet insists on a calendar that would force Defendants to answer Plaintiff's claims on an incomplete record. The reason the current schedule is untenable is simple. On June 5, 2026, Judge Krishnan ordered Plaintiff to produce additional documents and to make Regina Yuan available for a further deposition. Dkt. 337. That discovery will likely not be completed before mid-July. *See id.* at 2. Yet opening reports are due June 25. *See* Dkt. 240 (operative scheduling order). Defendants' experts would have to prepare them without the discovery the Court itself ordered. The pleadings are not settled either. The hearing on the cross-motions to dismiss is set for the same day opening reports are due, June 25. Those motions target antitrust claims and trademark counterclaims at the heart of this case. The proposed extension cures both problems. It prejudices no party. And it does not move the trial date or any trial-related deadline. Good cause is plain, and the motion should be granted under Civil Local Rule 6-3.

The existing expert schedule—which commences with opening reports on June 25 and, by extension, governs summary judgment—is impractical for two independent reasons.

**The Court-ordered fact discovery is not yet complete.** Following Judge Krishnan's June 5, 2026 order, both parties must make additional productions and take further depositions on information directly relevant to expert work. The Court ordered Plaintiff to produce documents concerning its valuation and investor feedback, the alleged damages from the purported "hijacking" of the Advanced Custom Fields ("ACF") plugin, and internal communications concerning Plaintiff's use of the WordPress and WooCommerce marks, and to make Ms. Yuan available to be deposed on those communications. *See* Dkt. 337, at 1–2, 6–8. Plaintiff must also produce unredacted versions of a critical strategic document that it partially redacted as attorney-client privileged. Dkt. 338. Plaintiff has until June 19, 2026, to appeal those orders. Even if Plaintiff does not appeal, its supplemental production must be completed by July 2, 2026, with Ms. Yuan's deposition to follow shortly thereafter. *Id.* at 2.

Gibson, Dunn &
Crutcher LLP

Under the current schedule, Defendants' experts would have to submit their opening reports on June 25 without the benefit of any of it.

**The pleadings will not be settled when reports are due.** At least seven of the disclosed experts' reports concern claims or counterclaims that are the subject of pending motions to dismiss to be heard on June 25—the same day opening expert reports are due. *See* Dkt. 243 (motion to dismiss Plaintiff's antitrust claims); Dkt. 252 (motion to dismiss Defendants' trademark counterclaims). Depending on the Court's rulings, those reports may be mooted or require significant revision. And even if no claim is dismissed, the Court's reasoning will provide essential guidance for these experts in preparing their reports and for the parties to consider in approaching summary judgment. The current schedule thus risks inefficient and imprecise expert discovery because the pleadings will not be settled until *after* the existing disclosure deadline.

Accordingly, the deadline for opening reports should be continued and the subsequent deadlines shifted so that the parties can complete the fact discovery the Court has ordered and avoid expending significant time and resources on expert reports addressing claims that may not survive. These modifications can be accomplished without prejudice to either party and without disturbing the existing trial date or related pre-trial deadlines.

## II.    ARGUMENT

Motions to modify scheduling orders are governed by Federal Rule of Civil Procedure 16(b)(4), which requires a showing of good cause to justify an amendment to a scheduling order. The Ninth Circuit has held that the "good cause" standard "primarily considers the diligence of the party seeking the amendment," *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), and "[t]he focus of the inquiry is upon the moving party's reasons for seeking modification," *Baker Elec. & Renewables, LLC v. Zurich Am. Ins. Co.*, 2024 WL 4427791, at *1 (S.D. Cal. Oct. 4, 2024) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Here, the current schedule is inefficient and risks inaccurate, unnecessary, and wasteful expert discovery because fact discovery will still be ongoing and the pleadings will remain unsettled when opening expert reports are due on June 25, 2026. Defendants diligently pursued fact discovery through

Gibson, Dunn & Crutcher LLP

DEFENDANTS' MOTION TO MODIFY EXPERT DISCOVERY AND SUMMARY JUDGMENT DEADLINES
PURSUANT TO LOCAL RULE 6-3
CASE NO. 4:24-CV-06917-AMO
2

the May 14, 2026 fact discovery deadline; however, several discovery disputes remained outstanding that required additional time to meet and confer with Plaintiff and for Court intervention. Defendants ultimately filed four motions to compel based on Plaintiff's refusal to produce relevant documents, *see* Dkt. 287, 289, 302, 311—all of which the Court granted at least in part. *See* Dkt. 337, 338. Based on Judge Krishnan's orders, Plaintiff will need to produce several additional categories of documents, including internal communications and files concerning Defendants' trademark counterclaims and financial documents with relevance both to Plaintiff's antitrust claims and requested damages. *See* Dkt. 337, at 1–2, 6–8. The Court also ordered the further deposition of Ms. Yuan, who will testify to trademark-related issues. *See id.* at 2.

Defendants, as instructed by the Court, will meet and confer with Plaintiff and work diligently to complete this discovery as efficiently as possible, but even assuming Plaintiff does not appeal one or more of these orders, it remains unlikely that all the ordered productions and the subsequent deposition will be completed before mid-July. *See* Dkt. 337, at 2. Accordingly, maintaining the current June 25, 2026 deadline for exchanging initial expert reports is untenable because Defendants' experts should have an opportunity to review this discovery before submitting their expert reports, which the current case schedule precludes. *See Mobile Tech, Inc. v. Hitachi Sols. Am., Ltd.*, 2023 WL 3150109, at *1 (C.D. Cal. Jan. 23, 2023) (extending fact discovery deadline where defendant "has yet to receive and review documents and responses [plaintiff] has promised").

The June 25 deadline for exchanging opening expert reports is also impractical because Defendants' experts will need to submit reports based on unsettled pleadings. Plaintiff filed its Third Amended Complaint on February 10, 2026 (Dkt. 234-2), and Defendants moved to dismiss partially that Third Amended Complaint on February 24, 2026 (Dkt. 243). Likewise, Defendants filed their Counterclaims on February 17, 2026 (Dkt. 238), and Plaintiff moved to dismiss those Counterclaims on March 10, 2026 (Dkt. 252). The hearing on both motions to dismiss was initially scheduled for June 4, 2026, and recently was continued to June 25, 2026—the same day that opening expert reports are currently due. *See* Dkt. 328. Those opening expert reports will address topics related to claims for which motions to dismiss are currently pending, including Plaintiff's antitrust claims and Defendants'

Gibson, Dunn & Crutcher LLP

DEFENDANTS' MOTION TO MODIFY EXPERT DISCOVERY AND SUMMARY JUDGMENT DEADLINES PURSUANT TO LOCAL RULE 6-3
CASE NO. 4:24-CV-06917-AMO

3

trademark counterclaims. *See* Dkt. 243, 252. Depending on the outcome of those motions, certain experts' reports may become entirely moot (if the relevant claims are dismissed) or require significant reworking if the relevant claims are partially dismissed. And even if the Court does not dismiss any of these claims, its reasoning regarding these central topics to the litigation will provide important guidance for the parties to consider in shaping their expert presentations and summary judgment motions. To permit the efficient and orderly progress of expert discovery, the Court should extend the opening expert report deadline by about three months—to September 24, 2026—so the pleadings are settled before the experts offer their opinions. *See Next Vietnam Projects Found., Inc. v. Koster Films, LLC*, 2024 WL 5317804, at *3 (C.D. Cal. Apr. 15, 2024) (granting motion to extend discovery where motion to dismiss remained under submission throughout discovery period).

Importantly, Defendants do not seek to move the current trial date or any of the existing trial-related deadlines. Under Defendants' proposed schedule, *see* Rose Decl. ¶ 9, almost six months would still remain between the final briefing in the Parties' motions for summary judgment and trial.

Finally, Defendants asked Plaintiff if it would stipulate to jointly request the above modifications, but Plaintiff responded that it would not agree to anything more than a 21-day extension, characterizing that as its "final" position. *See* Rose Decl. ¶¶ 5–6. However, a three-week extension will not cure the inefficiencies created by the current schedule. Defendants therefore bring this motion and respectfully request that the Court make these modifications to ensure that the rest of the litigation proceeds in an orderly and efficient manner.

Permitting this modification is also consistent with the overriding command of Federal Rule of Civil Procedure 1, which directs that the rules "be construed, administered, and employed by the court ***and the parties*** to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). Rule 1's reference to a "speedy" resolution does not stand alone. Speed is a means to the just and inexpensive resolution of disputes—not an end that justifies sacrificing accuracy, completeness, and fairness along the way. The 2015 amendments underscored as much, making clear that the parties, no less than the Court, share responsibility for

Gibson, Dunn & Crutcher LLP

DEFENDANTS' MOTION TO MODIFY EXPERT DISCOVERY AND SUMMARY JUDGMENT DEADLINES
PURSUANT TO LOCAL RULE 6-3
CASE NO. 4:24-CV-06917-AMO
4

achieving these ends and for avoiding the kind of wasteful, contentious litigation conduct that Rule 1 was designed to discourage. *See* Fed. R. Civ. P. 1 advisory committee's note to 2015 amendment.

Plaintiff's position cannot be squared with these principles. Plaintiff would have the parties race to prepare and exchange opening expert reports in a matter of weeks—on the basis of fact discovery that this Court has *ordered* but that is not yet complete, and on pleadings that will remain unsettled until at least the day those reports are due. Demanding that the parties accomplish at breakneck speed what can be accomplished accurately and in an orderly fashion over a modestly longer period—and without moving the trial date or any trial-related deadline—serves none of Rule 1's objectives. It is not more *just*, because it forces experts to opine without the discovery and the settled legal framework their opinions require. It is not meaningfully *speedier*, because reports prepared on an incomplete record and unsettled pleadings will predictably need to be supplemented, reworked, or stricken—generating successive rounds of expert discovery and motion practice. And it is decidedly not less *expensive*; it is the opposite.

The stakes only sharpen the point. Plaintiff seeks enormous damages, and so cannot fairly insist that Defendants meet it on an incomplete record and unsettled pleadings, racing to serve expert reports weeks before the very discovery this Court ordered is in hand. Rule 1's promise of a just determination means little if a party demanding damages of great magnitude may deny its opponent a fair opportunity to prepare its expert case in response.

In short, the only end served by Plaintiff's insistence on the current schedule is to deny Defendants a fair opportunity to prepare their expert reports with the benefit of the very discovery this Court has ordered and the guidance the Court's forthcoming rulings will provide. The Court should decline Plaintiff's invitation to elevate a rigid calendar over fairness and common sense, particularly where the requested modification prejudices no one and preserves every existing trial deadline.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court extend the deadline for the parties' initial expert disclosures and reports to September 24, 2026, and modify the subsequent deadlines accordingly.

Gibson, Dunn & Crutcher LLP

DEFENDANTS' MOTION TO MODIFY EXPERT DISCOVERY AND SUMMARY JUDGMENT DEADLINES
PURSUANT TO LOCAL RULE 6-3
CASE NO. 4:24-CV-06917-AMO
5

DATED: June 10, 2026

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Joseph R. Rose*
        Joseph R. Rose

*Attorney for Defendants Automattic Inc.,
Matthew Charles Mullenweg, and
WooCommerce Inc. and Counterclaimant
WordPress Foundation*

## ARTIFICIAL INTELLIGENCE CERTIFICATION

I certify that any content generated by artificial intelligence in the foregoing motion and accompanying papers has been personally verified for accuracy.

By: */s/ Joseph R. Rose*
        Joseph R. Rose

*Attorney for Defendants Automattic Inc.,
Matthew Charles Mullenweg, and
WooCommerce Inc. and Counterclaimant
WordPress Foundation*

Gibson, Dunn &
Crutcher LLP