GIBSON, DUNN & CRUTCHER LLP
JOSEPH R. ROSE, SBN 279092
    jrose@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, California 94111-3715
Telephone:    415.393.8200
Facsimile:    415.393.8306

GIBSON, DUNN & CRUTCHER LLP
MICHAEL H. DORE, SBN 227442
    mdore@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
    isamplin@gibsondunn.com
33 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.6652

GIBSON, DUNN & CRUTCHER LLP
JOSH KREVITT, SBN 208552
    jkrevitt@gibsondunn.com
310 University Avenue
Palo Alto, CA 94301-1744
Telephone:    650.849.5300
Facsimile:    650.849.5333

GIBSON, DUNN & CRUTCHER LLP
ORIN SNYDER (*admitted pro hac vice*)
    osnyder@gibsondunn.com
HOWARD HOGAN (*admitted pro hac vice*)
    hhogan@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:    212.351.2400
Facsimile:    212.351.6335

*Attorneys for Defendants*
*Automattic Inc. and Matthew Charles Mullenweg and Counterclaimants*
*WordPress Foundation and WooCommerce Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>Defendants. | Case No. 4:24-cv-06917-AMO<br><br>**DECLARATION OF MARK DAVIES IN SUPPORT OF PRIVILEGE MOTION**<br><br>Judge: Honorable Araceli Martinez-Olguin |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | |

Gibson, Dunn &
Crutcher LLP

DECLARATION OF MARK DAVIES IN SUPPORT OF PRIVILEGE MOTION
CASE NO. 4:24-CV-06917-AMO

I, Mark Davies, declare as follows:

1. I am over the age of eighteen and am competent to make this declaration. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently thereto.

2. I serve as the Chief Financial Officer of Automattic Inc. ("Automattic") and have served in that role during all times relevant to the matters described herein. I have personal knowledge of the facts set forth in this declaration.

3. This declaration is submitted in support of Defendants' motion to maintain the privilege designation over the document identified as A8C00706108. I was one of the participants in the July 24, 2024 communications in the Automattic internal Slack channel titled "trademark-wpe-privileged" that are reflected in that document. I make this declaration based on my personal knowledge of, and participation in, those communications and the surrounding circumstances.

4. The "trademark-wpe-privileged" Slack channel was created for the purpose of obtaining legal advice from Automattic's in-house counsel, Jordan Hinkes, and WooCommerce's in-house counsel, Neil Peretz, regarding Automattic's and WooCommerce's trademark rights and potential enforcement options with respect to WP Engine. At the time, I did not have the legal background necessary to evaluate the trademark dispute between Automattic and WP Engine, or to develop a strategy for addressing it, and the channel was established so that the business personnel involved could obtain that legal guidance from Mr. Hinkes and Mr. Peretz. Based on the title of the Slack channel, "trademark-wpe-privileged," I understood the channel to be a forum for confidential, privileged communications with counsel concerning legal strategy, not a channel for general business planning or operational decisions.

5. If Mr. Hinkes and Mr. Peretz were not included in the July 24, 2024 Slack conversation, I would not have been asking for legal advice or providing the business input they needed to give it.

6. The channel was created so that the business personnel who had been working on trademark issues could provide Mr. Hinkes and Mr. Peretz with the business context they needed to evaluate the legal issues and provide informed legal advice regarding potential remedies. I

Gibson, Dunn &
Crutcher LLP

2

DECLARATION OF MARK DAVIES IN SUPPORT OF PRIVILEGE MOTION
CASE NO. 4:24-CV-06917-AMO

understood Mr. Hinkes and Mr. Peretz did not have full visibility into the business context surrounding the trademark dispute, and that the business personnel were included in the channel so that counsel could assess the legal issues against the relevant business background and formulate a recommended legal approach. As CFO, I was involved in this effort because I was preparing to take a leadership role in the trademark negotiation process and needed to understand the legal options available to us.

7.    I understood that the presentation discussed in the July 24, 2024 communications was a working document being developed in connection with, and in furtherance of, the legal advice that Mr. Hinkes and Mr. Peretz were providing regarding trademark enforcement.  My understanding was that the purpose of the presentation was to apply the legal analysis of Mr. Hinkes and Mr. Peretz to the business context provided by the business personnel in the channel, so that a legal strategy regarding WP Engine could be developed and presented for review by me and Matt Mullenweg, Chief Executive Officer of Automattic.

8.    Although Mr. Hinkes and Mr. Peretz did not themselves send messages within the specific July 24, 2024 exchange reflected in A8C00706108, I understood that they were members of the channel and had access to the communications made in it.  I understood that all communications made in the channel were for the benefit of Mr. Hinkes and Mr. Peretz, and I intended my own messages to reach and inform them in their capacity as counsel, even where they did not contemporaneously respond.

9.    I did not have the legal expertise to assess Automattic's or WooCommerce's trademark enforcement options; that was Mr. Hinkes and Mr. Peretz's role.  The purpose of the messages I sent in the channel on July 24, 2024 was to give Mr. Hinkes and Mr. Peretz the business information and input they needed to develop a legal strategy regarding WP Engine.   My comments were therefore intended to provide the business input counsel required, and to ensure Mr. Hinkes and Mr. Peretz had all of the information needed to provide us with their legal opinions.

10.    I understood that the communications in the channel, including the July 24, 2024 exchange, were confidential and were made in connection with the provision of legal advice.

Gibson, Dunn & Crutcher LLP

3

I declare under penalty of perjury that the foregoing is true and correct.

Executed at __Austin, TX_____, on this 10th day of June, 2026.

DATED: June 10, 2026                    Respectfully submitted,


Signed by:

By: /s/    Mark Davies
            AB3C94EBEEB0413
                    Mark Davies

DECLARATION OF MARK DAVIES IN SUPPORT OF PRIVILEGE MOTION
CASE NO. 4:24-CV-06917-AMO