JOSEPH R. ROSE, SBN 27902
  jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

MICHAEL H. DORE, SBN 227442
  mdore@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

JOSH A. KREVITT, SBN 208552
  jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER *(admitted pro hac vice)*
  osnyder@gibsondunn.com
HOWARD S. HOGAN *(admitted pro hac vice)*
  hhogan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

*Attorneys for Defendants and Counterclaimants
Automattic Inc., Matthew Charles Mullenweg,
WordPress Foundation, and WooCommerce Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Defendants. | Case No. 4:24-cv-06917-AMO-ASK<br><br>**DEFENDANTS AND COUNTERCLAIMANTS' STATEMENT IN CONNECTION WITH PLAINTIFF'S ADMINISTRATIVE MOTION RE: SEALING [DKT. 333]** |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | Hon. Araceli Martínez-Olguín |

Pursuant to Local Rules 7-11 and 79-5, Defendants/Counterclaimants Automattic Inc. ("Automattic"), Matthew Charles Mullenweg, WooCommerce Inc., and WordPress Foundation (collectively, "Defendants") respectfully submit this statement in connection with the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Plaintiff WP Engine, Inc. ("WP Engine") in connection with WP Engine's Opposition to Defendants' Motion in Support of Privilege, and Exhibits 2 through 5 thereto at Docket No. 333 (the "Administrative Motion"). The provisionally sealed material in the Opposition and Exhibits 2 through 5 identified in the chart below (the "Designated Material") contains confidential, highly sensitive information from Defendants' and Counterclaimants' productions, which were designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" under the parties' Stipulated Protective Order (Dkt. 104). For the reasons set forth herein, Defendants and Counterclaimants respectfully request that the Designated Material remain sealed.

The Court has "broad latitude" "to prevent disclosure of materials for many types of information," including "commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Non-dispositive discovery filings—like the Opposition and exhibits at issue here—that are only tangentially related to the merits of a case may be sealed upon a lesser showing of "good cause." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006) (describing how the good cause standard applies to sealed discovery documents attached to non-dispositive motions as these documents are often "unrelated, or only tangentially related, to the underlying cause of action.") (internal quotation marks and citations omitted). Good cause requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips*, 307 F.3d at 1210-11.

The Opposition filed at Docket No. 333 concerns a privilege dispute regarding and is not related—or is at most tangentially related—to the merits of this case. Accordingly, the "good cause" standard governs. Even under the more demanding "compelling reasons" standard, however, the Designated Material warrants sealing for the reasons described below.

The chart below provides a summary of the basis for sealing the Designated Material:

| Portion(s) to be Sealed | Bates No. / Source | Reason for Sealing |
|---|---|---|
| Ex. 2 to the Supporting Declaration | A8C00706106 | Internal strategy discussions concerning trademark license and business partnership negotiations with WP Engine and third parties from confidential internal Slack communications from Automattic's "trademark-wpe-privileged" channel dated July 22, 2024, designated "Highly Confidential – Attorneys' Eyes Only"; full sealing warranted. |
| Ex. 3 to the Supporting Declaration | A8C00708215 | Internal strategy discussions concerning trademark license and business partnership negotiations with WP Engine and competition with WP Engine from confidential internal Slack communications from Automattic's "trademark-wpe-privileged" channel dated July 30-31, 2024, designated "Highly Confidential – Attorneys' Eyes Only"; full sealing warranted. |
| Ex. 4 to the Supporting Declaration | A8C00786423 | Internal strategy discussions concerning trademark license and business partnership negotiations with WP Engine from confidential internal Slack communications from Automattic's "trademark-wpe-privileged" channel dated July 24, 2024, designated "Confidential"; full sealing warranted. |
| Ex. 5 to the Supporting Declaration | A8C00213017 | Internal strategy discussions concerning trademark license and business partnership negotiations with WP Engine and third parties, including disclosure of potential third-party business partners from confidential internal Slack communications from Automattic's "trademark-wpe-privileged" channel dated August 13, 2024, designated "Highly Confidential – Attorneys' Eyes Only"; full sealing warranted. |

3

| | | |
|---|---|---|
| Redacted Portions of WP Engine's Opposition | Information from Exhibits 2 through 5 to the Supporting Declaration | Describes internal strategy discussions contained in Exhibits 2 through 5, confidential internal Slack communications from Automattic's "trademark-wpe-privileged" channel designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only." |

**Exhibits 2 through 5.** Exhibits 2 through 5 to the Supporting Declaration are internal Automattic Slack communications from the "trademark-wpe-privileged" channel, which was created for the specific purpose of facilitating communications regarding Automattic's legal and business strategy concerning WP Engine and related trademark matters, including existing and potential trademark license and partnership agreements with WP Engine and third parties. These communications were designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the parties' Stipulated Protective Order (Dkt. 104) because they contain confidential internal strategy discussions, proprietary business assessments, and sensitive deliberations regarding Defendants' competitive positioning, partnership negotiations, and protection of its trademarks.

Good cause supports full sealing of each of Exhibits 2 through 5. Public disclosure of these internal Slack communications would harm Defendants' competitive standing by revealing to competitors and the public the details of Defendants' internal strategic deliberations, proprietary assessments of competitive positioning, and confidential approaches to trademark enforcement and business relationships, including its relationship with WP Engine—information that reveals the terms on which Defendants are willing to deal and could be used by competitors to "undermine [Defendants'] position in the marketplace." *Miotox LLC v. Allergan, Inc.*, 2016 WL 3176557, at *2 (C.D. Cal. June 2, 2016); *see also In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (sealing is warranted under compelling reasons standard to "prevent competitors from gaining insight into the parties' business model and strategy").

No less restrictive alternative is sufficient because the confidential strategic discussions and proprietary assessments pervade each Exhibit, and partial redaction would not adequately protect Defendants' interests while leaving little meaningful public content. Courts in this district routinely

grant motions to seal similar information. *See, e.g.*, *Evans v. DSW, Inc.*, 2019 WL 91835, at *3 (C.D. Cal. Jan. 2, 2019) (finding good cause to seal exhibits "relat[ing] to Defendant's internal business strategies" and encompassed by the parties' protective order); *Day v. GEICO Cas. Co.*, 2023 WL 5955795, at *2 (N.D. Cal. Aug. 30, 2023) (under more demanding compelling reasons standard, sealing "non-public financial information related to [a party's] operations" because its release would "threaten" "competitive interests"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing" under compelling reasons standard) (internal quotation marks and citation omitted).

**WP Engine's Opposition.** The highlighted portions of WP Engine's Opposition quote, describe, or reference the substance of the confidential Slack communications reflected in Exhibits 2 through 5. These portions should remain sealed for the same reasons that Exhibits 2 through 5 should remain sealed—their disclosure would effectively accomplish the same competitive harm that sealing the Exhibits is intended to prevent.

DATED: June 10, 2026          Respectfully submitted,

GIBSON DUNN & CRUTCHER, LLP
By: */s/ Michael H. Dore*
Michael H. Dore

*Attorneys for Defendants and Counterclaimants
Automattic Inc., Matthew Charles Mullenweg, WordPress
Foundation, and WooCommerce Inc.*

DEFENDANTS' AND COUNTERCLAIMANTS' STATEMENT IN CONNECTION WITH PLAINTIFF'S
ADMINISTRATIVE MOTION RE: SEALING [DKT. 333]
CASE NO. 4:24-CV-06917-AMO