QUINN EMANUEL URQUHART & SULLIVAN LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael E. Williams (SBN 181299)
michaelwilliams@quinnemanuel.com
Kevin Y. Teruya (SBN 235916)
kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for WPEngine, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Defendants.<br><hr>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | Case No. 4:24-cv-06917-AMO-ASK<br><br>**WPENGINE, INC.'S LIMITED OPPOSITION TO DEFENDANTS' MOTION TO MODIFY EXPERT DISCOVERY AND SUMMARY JUDGMENT DEADLINES PURSUANT TO LOCAL RULE 6-3**<br><br>Hon. Araceli Martínez-Olguín |

## I.    INTRODUCTION

Defendants have failed to demonstrate good cause supporting their request for a three-month extension to the case schedule.  Magistrate Judge Krishnan's recent discovery orders—Defendants' primary basis for claiming good cause—specifically structured the supplemental discovery to fit the existing Court-ordered schedule and declined to permit his discovery deadlines to be used to disrupt it.  And while Defendants complain that their experts need "settled pleadings" to provide their initial reports, Defendants have known of the proximity between the expert deadline and motion to dismiss hearing for months, yet said nothing until now.

While Defendants claim their request will not impact the trial date, that is only because Defendants' proposal impermissibly *curtails by half* the Court's time to consider summary judgment motions prior to the Final Pretrial Conference (from 9 months to 4.5 months).  Should the Court need to push the trial date out by three months to maintain its preferred spacing and sequencing, Defendants' request would disrupt the just and orderly resolution of this case, to WPE's prejudice.

WPE acknowledges that there is now a conflict between (1) the current June 25 expert report disclosure deadline and (2) the hearing on the parties' respective motions to dismiss, which recently was moved from June 4 to June 25.   WPE has already agreed to a modest 21-day extension that would resolve that conflict and retore the spacing between the June 25 hearing and the expert report disclosure deadline (moving it to July 16).  Such a modest extension also would not materially impact the Court's preferred spacing and sequencing.  WPE respectfully requests that the Court deny Defendants' request for a 3-month extension and instead extend the case schedule by 3 weeks, to resolve the current schedule conflict.

## II.    LEGAL STANDARD

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).  Good cause to modify a schedule exists "where pretrial deadlines cannot reasonably be met despite the diligence of the party seeking the extension."  *Hayward Prop., LLC v. Commonwealth Land Title Ins. Co.*, 2021 WL 4927012, at *3 (N.D. Cal. Sept. 28, 2021).

WPE'S LIMITED OPPOSITION TO DEFENDANTS' MOTION TO MODIFY CERTAIN DEADLINES
PURSUANT TO LOCAL RULE 6-3

## III.    ARGUMENT

### A.    Judge Krishnan's Orders Do Not Warrant a Lengthy Extension.

Defendants rest their good-cause showing principally on Judge Krishnan's recent discovery orders (the "Orders"), Dkts. 337 and 338.  But those Orders make clear that the supplemental discovery should occur *within* the existing case schedule.  Dkts. 337 and 338.  And Judge Krishnan permitted the parties to negotiate a modest extension of his discovery deadlines only "*so long as any such extension does not impact any Court deadline.*"  *Id.* (emphasis added).  Most of the discovery each side must produce pursuant to the Orders is due before June 25; for the items due after June 25, truly material documents can be incorporated via supplementation.  Expert discovery under the current schedule does not close until August 27.  *See Casillas v. Bayer Corp.*, 2024 WL 3440449, at *2 (N.D. Cal. July 16, 2024) (Martínez-Olguín, J.) (denying modification of expert discovery deadline based on late-produced documents "given the opportunity for supplemental disclosure at any time prior to the close of expert discovery").  Defendants cannot invoke Orders that expressly ensured the case schedule remain intact as the basis for disrupting that very schedule.

### B.    Defendants' Motion Is Untimely And Should Be Denied.

For months, Defendants have been well aware of the impending expert report deadlines, which were set when the schedule was last modified in February.  Dkt. 240.  Defendants' decision not to seek this case extension until two weeks prior to the expert disclosure deadline undercuts Defendants' conclusory assertions of diligence.  Dkt. 339 at 2-3; *see Bailey v. Gatan, Inc.*, 783 F. App'x 692, 694 (9th Cir. 2019).  The fact discovery phase of this case lasted over eighteen months.  If Defendants truly believed that the discovery raised in their motions to compel were critical to their expert reports, they should have pursued that discovery much earlier in the case.  *See Hayward Prop., LLC v. Commonwealth Land Title Ins. Co.*, 2021 WL 4927012, at *5 (N.D. Cal. Sept. 28, 2021) (finding lack of diligence and good cause under Rule 16(b)(4) where moving party knew of the facts supporting the basis for its motion three months prior to filing).

Defendants likewise claim to derive good cause from their experts' need for "settled" pleadings before they offer their initial opinions.  Dkt. 339 at 4.  But even under the June 4 hearing date that both sides noticed months ago for their respective motions to dismiss (Dkts. 243, 252),

-2-

WPE'S LIMITED OPPOSITION TO DEFENDANTS' MOTION TO MODIFY CERTAIN DEADLINES
PURSUANT TO LOCAL RULE 6-3

there was no guarantee that the Court's ruling would have preceded the June 25 expert disclosure deadline, much less by multiple months. Further, Defendants identify no authority in support of their argument that having unsettled pleadings prior to expert reports independently establishes good cause. Instead, Defendants rely on *Next Vietnam Projects Found., Inc. v. Koster Films, LLC*, 2024 WL 5317804 (C.D. Cal. Apr. 15, 2024) to argue that the pending motions to dismiss support extending the expert discovery deadline. Dkt. 339 at 4 (citing *id.* at *3). But *Next Vietnam* does not hold that a pending motion to dismiss alone entitles a moving party to a schedule modification; in that case, the court also cited the retention of new counsel, an additional pending motion, and a non-responsive non-moving party as bases for extending the discovery deadline—circumstances absent here. 2024 WL 5317804, at *3. And, whether Defendants like it or not, in many instances, discovery must proceed (whether fact or expert discovery) even while motions to dismiss are pending. *Cf. JustM2J LLC v. Brewer*, 2025 WL 2402708, at *3 (E.D. Cal. Aug. 19, 2025) ("The ordinary course of litigation is for discovery to proceed in the face of a pending dispositive motion.").

### C. Defendants Fail to Show that Additional Discovery Will Materially Affect Expert Reports.

Nothing in Defendants' Motion demonstrates how a relatively small amount of supplemental discovery will impact expert reports. Showing "good cause" under Rule 16 requires a concrete showing of how outstanding discovery will change or inform specific expert opinions—not a generalized assertion that more documents might be useful. Defendants identify categories of documents (valuation records, investor feedback, ACF damages, trademark communications), Dkt. 339 at 1, but never identify which disclosed experts will rely on any of it, whether or how these additional documents will be unique and non-duplicative, or how the supplemental discovery would alter any of those upcoming opinions. A desire for more time for expert discovery does not satisfy the good cause standard.

The lone case Defendants cite to support their argument that supplemental discovery warrants a schedule extension, *Mobile Tech, Inc. v. Hitachi Sols. Am., Ltd.*, 2023 WL 3150109 (C.D. Cal. Jan. 23, 2023), is inapposite and only underscores that a limited, time-cabined production does not support a months-long extension. In *Hitachi*, the parties had not conducted any depositions, had

WPE'S LIMITED OPPOSITION TO DEFENDANTS' MOTION TO MODIFY CERTAIN DEADLINES PURSUANT TO LOCAL RULE 6-3

not yet complied with discovery requests, and there was no date certain by which the parties would complete discovery. *Id*. at *1. Here, by contrast, only a small number of supplemental depositions remain, and Judge Krishnan has imposed deadlines for the remaining document productions that are primarily designed to occur before the close of expert discovery.

**D.      A Lengthy Extension Prejudices WPE and Impairs the Judicial Process.**

Contrary to Defendants' conclusory assertions, Defendants' unduly long extension would prejudice WPE and force the Court into an untenable choice between further extending the trial date or truncating the time available to rule on dispositive motions.

Prejudice to the non-moving party supplies an additional factor in the Court's consideration of good cause. *Johnson*, 975 F.2d at 609; *see, e.g.*, *Driver v. Pape Trucks, Inc.*, 2023 WL 7305076, at *3 (E.D. Cal. Oct. 6, 2023) (prejudice to non-moving party in form of delay and additional expense weighs against finding good cause). Here, WPE has a significant damages claim and a right to timely adjudication. Further delaying the final adjudication of WPE's claims beyond what is truly necessary is highly prejudicial and weighs against an extension.

Defendants' assertion that they are not "seek[ing] to move the current trial date or any of the existing trial related deadlines," Dkt. 339 at 4, is also belied by the practical reality that extending expert discovery by three months without also moving the trial date will compress the time available for pretrial preparation. Shortening the gap between the submission of dispositive motions (from November 19, 2026, to March 22, 2027) and trial (September 14, 2027) crowds the Court's calendar at the most consequential stage of the case. This truncated timeline would disrupt the timing that the Court has indicated through prior scheduling orders it needs to evaluate and rule on *Daubert* and summary judgment motions. It would also be unworkable for the parties given it would leave insufficient time for pretrial exchanges and negotiations. Should the Court need to push the trial date out by three months to maintain its preferred spacing and sequencing, Defendants' request would disrupt the just and orderly resolution of this case, to WPE's prejudice.

**E.      Defendants' Concerns Are Addressed By WPE's Proposed Compromise.**

WPE's proposed 21-day compromise obviates any concerns about the conflict between the motion to dismiss hearing and the initial expert report deadline. It also restores the spacing between

the motion to dismiss hearing (which may settle the pleadings) and the expert report disclosure deadline. Under WPE's 21-day compromise proposal, expert reports would be due July 16. Fuoco Decl. ¶ 6. Defendants offer no good cause as to why an additional extension is needed beyond WPE's 21-day compromise.

## IV.    CONCLUSION

For the foregoing reasons, WPE respectfully requests that the Court deny Defendants' request for a 3-month extension of the case schedule and instead extend the schedule by 3 weeks.

DATED: June 15, 2026                    Respectfully submitted,

                                        QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP


                                        By    */s/ Rachel Herrick Kassabian*
                                        Rachel Herrick Kassabian
                                        *Attorneys for Plaintiff*
                                        *WPEngine, Inc.*

-5-                                    Case No. 4:24-cv-06917-AMO-ASK

WPE'S LIMITED OPPOSITION TO DEFENDANTS' MOTION TO MODIFY CERTAIN DEADLINES
PURSUANT TO LOCAL RULE 6-3