QUINN EMANUEL URQUHART & SULLIVAN LLP
Rachel Herrick Kassabian (SBN 191060)          Michael E. Williams (SBN 181299)
rachelkassabian@quinnemanuel.com               michaelwilliams@quinnemanuel.com
Yury Kapgan (SBN 218366)                        Kevin Y. Teruya (SBN 235916)
yurykapgan@quinnemanuel.com                     kevinteruya@quinnemanuel.com
Margret M. Caruso (SBN 243473)                  865 South Figueroa Street, 10th Floor
margretcaruso@quinnemanuel.com                  Los Angeles, CA 90017
555 Twin Dolphin Dr., 5th Floor                 Telephone: (213) 443-3000
Redwood Shores, CA 94065                        Facsimile: (213) 443-3100
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700
*Attorneys for WPEngine, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Defendants.<br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>v.<br><br>WPENGINE, INC., a Delaware corporation, Counterdefendant. | Case No. 4:24-cv-06917-AMO-ASK<br><br>**DECLARATION OF GREGORY A. FUOCO IN SUPPORT OF WPENGINE, INC.'S MOTION FOR SANCTIONS FOR DEFENDANTS' SPOLIATION OF EVIDENCE** |

Case No. 4:24-cv-06917-AMO-ASK

FUOCO DECLARATION IN SUPPORT OF WPENGINE, INC.'S
MOTION FOR SANCTIONS FOR DEFENDANTS' SPOLIATION OF EVIDENCE

**<u>DECLARATION OF GREGORY A. FUOCO</u>**

I, Gregory A. Fuoco, hereby declare and state as follows:

1.     I am an attorney licensed to practice before this Court and admitted to the State Bar of California.  I am an associate at Quinn Emanuel Urquhart & Sullivan, LLP and counsel for WPEngine, Inc. ("WPE") in this matter.  I make this declaration of my own personal knowledge and, if called to testify, I could and would competently testify hereto under oath.  I submit this declaration in support of WPE's Motion For Sanctions for Defendants' Spoliation of Evidence.

2.     On September 23, 2024, WPE sent Automattic Inc. and Matthew Charles Mullenweg ("Defendants") a document preservation demand, including a specific request that Mr. Mullenweg preserve his "text messages, emails, chats, voicemails and all other documents and data, including through any and all ephemeral messaging channels that he may use."

3.     On November 5, 2024, WPE sent correspondence to Defendants.  A true and correct copy of this letter is attached hereto as **Exhibit 1**.

4.     On November 15, 2024, WPE received a response from Defendants.  A true and correct copy of this letter is attached hereto as **Exhibit 2**.

5.     On January 8, 2025, WPE again wrote to Defendants. A true and correct copy of this letter is attached hereto as **Exhibit 3**.

6.     On January 10, 2025, WPE again wrote to Defendants. A true and correct copy of this letter is attached hereto as **Exhibit 4.**

7.     On February 4, 2025, WPE and Defendants met and conferred regarding Defendants' apparent failure to preserve relevant documents.  On February 14, 2025, WPE wrote to Defendants to memorialize this call.  A true and correct copy of this letter is attached hereto as **Exhibit 5**.

8.     On February 24, 2025, WPE and Defendants again met and conferred regarding Defendants' evidentiary preservation issues.  On March 6, 2025, WPE wrote to Defendants to memorialize the February 24, 2025 call and follow up on items raised during that call. A true and correct copy of this letter is attached hereto as **Exhibit 6**.

9.     On April 3, 2025, WPE received a response from Defendants. A true and correct copy of this letter is attached hereto as **Exhibit 7**.

10.     On June 4, 2025, WPE wrote again to Defendants. A true and correct copy of this letter is attached hereto as **Exhibit 8**.

11.     On September 24 and September 29, 2025, counsel for WPE and counsel for Defendants met and conferred regarding Defendants' failure to preserve and produce Mullenweg's WhatsApp, Signal, and Telegram communications.

12.     Having received only 16 Telegram messages, no Signal messages, and no WhatsApp messages for Mr. Mullenweg from Defendants, WPE filed a joint discovery letter on October 6, 2025, seeking an order compelling production of all responsive WhatsApp, Signal, and Telegram communications and a sworn declaration accounting for Mr. Mullenweg's platform usage, preservation steps, and any deleted communications. In Defendants' opposing portion of the joint discovery letter, they represented that "Mr. Mullenweg's responsive Signal, Telegram, and WhatsApp communications have been preserved and either have been (with respect to Telegram) or will be (with respect to Signal and WhatsApp) produced (to the extent they are non-privileged)."

13.     Having still not received Mr. Mullenweg's messaging communications, WPE wrote to Defendants on January 6, 2026. A true and correct copy of excerpts from this letter are attached hereto as **Exhibit 9**.

14.     Defendants did not respond to these requests from WPE's January 6, 2026 letter, and thus counsel for WPE asked to meet and confer with counsel for Defendants to discuss the same.

15.     WPE met and conferred with Defendants on January 20, 2026 regarding Defendants' failure to produce Mullenweg's messaging communications. The same day, WPE emailed Defendants to memorialize their commitment on the call to produce Mr. Mullenweg's WhatsApp, Signal, and additional Telegram messages within seven to ten days. This email correspondence was filed at Docket Number 266-2 in connection with WPE's discovery letter brief.

16.     On April 9, 2026, after the Court ordered the parties to advise whether the October 6, 2025 joint discovery letter remained live, WPE received a production from Defendants containing one Signal message exchange and no WhatsApp or Telegram messages.  Defendants also emailed on April 9, 2026, stating that Defendants had "complete[d their] production from [Mr.] Mullenweg's

FUOCO DECLARATION IN SUPPORT OF WPENGINE, INC.'S
MOTION FOR SANCTIONS FOR DEFENDANTS' SPOLIATION OF EVIDENCE

custodial files." This email correspondence was filed at Docket Number 266-3 in connection with WPE's discovery letter brief.

17. On April 10, 2026, Defendants emailed WPE stating that the April 9, 2026 production "resolv[ed] the dispute" regarding Mr. Mullenweg's messaging platforms and proposed jointly advising the Court that the joint discovery letter was moot. A true and correct copy of an excerpt from this email chain is attached hereto as **Exhibit 10**.

18. WPE declined to withdraw WPE's joint discovery letter which was not moot, and on April 10, 2026, WPE filed an updated joint discovery letter, renewing WPE's request for a sworn declaration accounting for Mr. Mullenweg's use of, preservation of, and deletions from each messaging platform.

19. On April 28, 2026, the Court ordered Defendants to provide a sworn declaration. Dkt. 272 at 2-3.

20. On May 5, 2026, pursuant to the Court's order, Defendants served on WPE (i) a May 5, 2026 Declaration from Mr. Mullenweg (a true and correct copy of which is attached hereto as **Exhibit 11**) and (ii) a May 4, 2026 declaration from Jonathan Robins (a true and correct copy of which is attached hereto as **Exhibit 12**).

21. Attached hereto as **Exhibit 13** is a true and correct copy of a document produced by Defendants in this action beginning with Bates number A8C00753030.

22. Attached hereto as **Exhibit 14** is a true and correct copy of excerpts from the second volume of the transcript of Mr. Mullenweg's deposition, reflecting testimony from May 13, 2026.

23. Attached hereto as **Exhibit 15** is a true and correct copy of excerpts from Exhibit 55 to Mr. Mullenweg's May 13, 2026 deposition.

24. Attached hereto as **Exhibit 16** is a true and correct copy of excerpts from Defendant Matthew Charles Mullenweg's Second Amended Responses and Objections to Plaintiff's First Set of Requests for Admission, dated May 21, 2026.

25. Attached hereto as **Exhibit 17** is a true and correct copy of excerpts from Defendant Matthew Charles Mullenweg's Amended Responses and Objections to Plaintiff's Second Set of Requests for Admission, dated May 14, 2026.

FUOCO DECLARATION IN SUPPORT OF WPENGINE, INC.'S
MOTION FOR SANCTIONS FOR DEFENDANTS' SPOLIATION OF EVIDENCE

26.     Attached hereto as **Exhibit 18** is a true and correct copy of excerpts from the transcript of the January 23, 2026 deposition of Jesse Friedman, Automattic's Vice President of Innovation and Partnership Success and Head of WP Cloud.

27.     Attached hereto as **Exhibit 19** is a true and correct copy of a document produced by Defendants beginning with Bates number A8C00706126.

28.     Attached hereto as **Exhibit 20** is a true and correct copy of a document produced by WPE beginning with Bates number WPE00611722, which shows a screenshot taken from https://wordpress.org/support/topic/forced-change-from-acf-to-scf-scummy-businesspractice-from-wordpress-org/.

29.     Attached hereto as **Exhibit 21** is a true and correct copy of Exhibit 12 to the January 23, 2026 deposition of Jesse Friedman, Automattic's Vice President of Innovation and Partnership Success and Head of WP Cloud.

30.     Attached hereto as **Exhibit 22** is a true and correct copy of Exhibit 8 to the January 23, 2026 deposition of Jesse Friedman, Automattic's Vice President of Innovation and Partnership Success and Head of WP Cloud.

31.     Attached hereto as **Exhibit 23** is a true and correct copy of an excerpt from Defendants' Amended Privilege Log #005, dated May 14, 2026.

Executed on this 28th day of July, 2026, in Burbank, California.

/s/ _____

Gregory A. Fuoco

Case No. 4:24-cv-06917-AMO-ASK
FUOCO DECLARATION IN SUPPORT OF WPENGINE, INC.'S
MOTION FOR SANCTIONS FOR DEFENDANTS' SPOLIATION OF EVIDENCE