# EXHIBIT 3

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(650) 801-5040**

WRITER'S EMAIL ADDRESS
**sarajenkins@quinnemanuel.com**

January 8, 2025

**VIA E-MAIL**
**ANNA.SHAW@HOGANLOVELLS.COM**
**HLWORDPRESS@HOGANLOVELLS.COM**

Anna Kurian Shaw
Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington D.C. 20004

Re:    *WPEngine, Inc. v. Automattic Inc. & Matthew Charles Mullenweg*
       (3:24-cv-06917-AMO) – Matt Mullenweg's Continued Destruction of Evidence

Dear Anna:

It has recently come to our attention that Defendants have continued to flout their document preservation obligations, including by instructing others to delete records that are relevant to the litigation between Defendants and WPEngine, Inc. ("WPE"). We are particularly concerned that Defendants' document destruction continues to occur given the prior concerns we have raised with Defendants regarding this issue.

Specifically, we understand that on December 11, 2024, Mr. Mullenweg requested that his account be deleted from the Post Status Slack channel, and his screen name was changed to "gone 💀".[1] A publicly posted screenshot of that channel shows that Mr. Mullenweg has used that account to post material that is relevant to the lawsuit between WPE and Defendants.[2]

---

[1]  Samantha Cole, *WordPress CEO Rage Quits Community Slack After Court Injunction*, 404 MEDIA (Dec. 11, 2024), https://www.404media.co/wordpress-wp-engine-preliminary-injunction.
[2]  Rodolfo Melogli later deleted this screenshot, saying that he "was told you can't screenshot PS Slack and post it." https://x.com/rmelogli/status/1866913621428801831.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH



As you know and as we have repeatedly pointed out, the Federal Rules require Defendants to take "reasonable steps" to preserve "electronically stored information" throughout the litigation process. Fed. R. Civ. P. 37(e). Mr. Mullenweg has continued to flout his duty to preserve relevant documents by instructing the Post Status administrator to delete his account.

In light of Mr. Mullenweg's ongoing actions, please immediately answer the following questions:

1. Did Mr. Mullenweg ask for his account to be deleted?

2. Have Mr. Mullenweg's account and posts in the Post Status Slack channel been deleted, altered, or otherwise made inaccessible?

3. What steps have Defendants taken to ensure that all relevant posts and communications from Mr. Mullenweg on the Post Status Slack channel are being recovered (if needed) and preserved?

4. Have Defendants secured a full and complete copy of all of Mr. Mullenweg's data associated with the Post Status Slack channel?

5. Since our prior correspondence on this issue, has Mr. Mullenweg been instructed and/or reminded of his preservation obligations?

6. What actions have Mr. Mullenweg's counsel taken to secure and preserve relevant information from any other platforms containing data or communications to or from Mr. Mullenweg and his accounts, including but not limited to all other Slack channels, social media, blogs, all of Mr. Mullenweg's email addresses, and any other source of potentially relevant information accessible to Mr. Mullenweg?  Given Mr. Mullenweg's apparent disregard of his duty of preservation, it would not meet your preservation obligations to rely solely on your clients to preserve documents.

7. Is there any other information Defendants have deleted or destroyed related to the subject matter of this litigation, including documents responsive to WPE's document requests?

Furthermore, we again demand that Defendants immediately cease any actions that could lead to the destruction, alteration, or loss of documents or data pertinent to this litigation.  As we have previously discussed, the duty to preserve extends not only to Defendants but also to all individuals and entities acting on their behalf or at their direction.

Please provide your written response to these questions no later than end of day on Friday, January 10, 2025.  WPE reserves all rights in this matter, including the right to seek court intervention if necessary.

Very truly yours,

*/s/ Sara Jenkins*

Sara Jenkins

3