# EXHIBIT 5

**quinn emanuel** trial lawyers

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(213) 443-3222; (650) 801-5222**

WRITER'S EMAIL ADDRESS
**yurykapgan@quinnemanuel.com**

February 14, 2025

**Via Electronic Mail**

Rosemarie Ring
Michael Dore
Gibson, Dunn & Crutcher LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105
rring@gibsondunn.com
mdore@gibsondunn.com

Re:   *WPEngine, Inc. v. Automattic Inc. & Matthew Charles Mullenweg* (3:24-cv-06917-AMO) – Spoliation of Evidence

Dear Counsel:

Thank you for the meet and confer on February 4, 2025 wherein we discussed WPE's concerns regarding Defendants' apparent failure to preserve relevant documents. We write to confirm the details of that meeting and to follow up regarding the issues we discussed.

**Post Status Slack**

During our meeting, Defendants confirmed that Mr. Mullenweg requested to have his Post Status Slack workspace account deleted during the pendency of this litigation. We understand from our discussion that Mr. Mullenweg did not take any steps to preserve any of his posts prior to making that request. We understand that it is Defendants' position that Mr. Mullenweg's posts have not been deleted, but that they are now visible on the Post Status Slack workspace, but attributed to a deactivated user instead of Mr. Mullenweg. We further understand that Defendants believe that they have taken screenshots of all of Mr. Mullenweg's posts and that Defendants have also reached out to the administrator of this Slack workspace to determine whether the administrator has maintained unaltered versions of Mr. Mullenweg's posts. Please let us know if you have been able to secure a full set of Mr. Mullenweg's original and unaltered posts and any

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

private messages that may have also been deleted or deactivated at Mr. Mullenweg's request during the pendency of this litigation.

**X.com Posts**

Defendants acknowledged that Mr. Mullenweg deleted two X.com posts relevant to this litigation, but were unaware of a third.  For reference, images of the three posts are below.





Defendants represented that two posts have been preserved in Mr. Mullenweg's X.com archive.  Please confirm whether all three posts have been preserved.  In addition, during our

meeting you were still investigating whether Mr. Mullenweg's direct messages on X.com have been preserved. Please let us know if they have been, and if so, for what time period.

**Preservation of Evidence**

During our meeting Defendants represented that a litigation hold notice was sent to all Automattic employees in October 2024, including Mr. Mullenweg. You further represented that Defendants are unaware of Mr. Mullenweg deleting any other public posts, public or private communications, or other relevant or responsive materials. In light of Mr. Mullenweg's actions, we again request that Defendants' counsel take immediate steps to ensure Mr. Mullenweg's preservation of all relevant communications, posts, and other documents. This includes, but is not limited to, content from social media, Slack, communication apps, emails, shared documents and any other platforms or locations where relevant information may be kept.

Additionally, during our discussion, WPE raised concerns about whether Mr. Mullenweg uses ephemeral messaging applications such as Signal or Telegram, and if so, whether any auto-delete settings have been suspended as of the time litigation was anticipated. You responded that you did not know whether Mr. Mullenweg had suspended any such auto-delete settings for the ephemeral messaging platforms he uses. This is a particular concern given Mr. Mullenweg's public statements about using Telegram (and similar platforms) and public request for employees of other companies to send him information, not from their work device, but from a personal device or "Signal with disappearing messages." Please advise by the close of business on February 18, 2025 as to whether Mr. Mullenweg has disabled all auto-delete functions on each of the ephemeral messaging platforms he uses, and if so, when. If anything has not been preserved, please identify those materials with specificity.

We look forward to your prompt response.

Very truly yours,

*/s/ Yury Kapgan*

Yury Kapgan

3