# EXHIBIT 6

**quinn emanuel** trial lawyers

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(213) 443-3222; (650) 801-5222**

WRITER'S EMAIL ADDRESS
**yurykapgan@quinnemanuel.com**

March 6, 2025

**Via Electronic Mail**

Rosemarie Ring
Michael Dore
Gibson, Dunn & Crutcher LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105
rring@gibsondunn.com
mdore@gibsondunn.com

Re:     *WPEngine, Inc. v. Automattic Inc. & Matthew Charles Mullenweg* (3:24-cv-06917-AMO) – Spoliation of Evidence

Dear Counsel:

We write to follow up on our February 24, 2025 call regarding the spoliation issues that WPE raised in letters dated January 8, 10, and February 14, as well as during our February 5 meet and confer. As Defendants still have not responded to many of the questions raised in WPE's February 14 letter, please provide a complete response to the outstanding issues discussed below by close of business on March 11, 2025.

**Auto-Deletion and Preservation of Messaging Data**

During our February 24 call, you represented that Mr. Mullenweg has not activated the auto-delete settings on any messaging platform that could have resulted in the deletion of any materials that are relevant to the case. When asked whether any of Mr. Mullenweg's communications were being deleted by default, you represented that you were not "aware" of that happening, and that you did not know whether any of the messaging systems used by Mr. Mullenweg default to auto-delete. You also indicated that Mr. Mullenweg uses at least WhatsApp, Telegram, and Signal for electronic messaging. In addition to Mr. Mullenweg's own settings, it is our understanding that communications on at least some of these platforms can be set to auto-delete messages by other individuals, including any member of a group chat, so that even if Mr. Mullenweg has not activated auto-delete settings, responsive messages could be automatically

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON |
LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO |
SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

deleted. We therefore repeat the request made in our February 14 letter: please confirm whether Mr. Mullenweg has *disabled* all auto-delete functions on each of the messaging platforms he uses, and if so, when. If anything has not been preserved, please identify those materials with specificity.

When asked whether Mr. Mullenweg used or uses other communications systems that Defendants do not consider to contain "relevant" messages, you indicated that you are still investigating what other communications applications or systems Mr. Mullenweg may use, but that you believe any other communication applications or systems would not contain information relevant to this case. Consistent with the Federal Rules of Civil Procedure, we expect counsel to investigate any and all applications or systems that Mr. Mullenweg used or uses to communicate and confirm whether those applications contain any documents that relate to any of WPE's claims in this case. Please confirm that you have done so.

Finally, you were unable to tell us whether you have preserved, or are able to preserve, communications from Mr. Mullenweg's messaging systems such as Signal, Telegram, and WhatsApp. We ask that you confirm that you have taken the appropriate steps to preserve these types of communications. To the extent that you claim that Defendants are unable to preserve information related to WPE's claims from any messaging system or other communications platforms, please identify those systems or platforms no later than March 11.

**Post Status Slack**

In our February 14 letter we asked you to confirm whether you have been able to collect a full set of Mr. Mullenweg's original and unaltered posts and private messages from the administrator of the Post Status Slack workplace. Please provide us with this information by March 11, 2025.

**X.com Posts**

During our February 4 call, Defendants represented that two X.com posts that Mr. Mullenweg had deleted have been preserved in Mr. Mullenweg's X.com archive, but that Defendants were unaware of a third deleted post. WPE's February 14 letter included a screenshot of this third post. Please confirm whether all three posts have been preserved. In addition, as requested in WPE's February 14 letter, please confirm whether Mr. Mullenweg's direct messages on X.com have been preserved, and if so, for what time period.

We look forward to your prompt response.

Very truly yours,

*/s/ Yury Kapgan*
Yury Kapgan

2