# EXHIBIT 7

# GIBSON DUNN

Michael H. Dore
Partner
T: +1 213.229.7652
mdore@gibsondunn.com

April 3, 2025

Client: 06933-00001

<u>VIA E-MAIL</u>

Yury Kapgan
Quinn Emanuel
865 S. Figueroa St., 10th Floor
Los Angeles, CA  90017-2543
yurykapgan@quinnemanuel.com

Dear Counsel:

This letter responds to your letters and emails claiming that Defendants have not responded to questions raised in your letters dated February 14 and March 6, 2025, regarding (1) auto-deletion and preservation of messaging data, (2) Post Status Slack, and (3) X.com posts.

Your questions appear to be the result of your misunderstanding or mischaracterization of the information we provided to you in our meetings on February 4 and 24, 2025.  Below we correct and clarify that information.  For the avoidance of doubt, we have met (and will continue to meet) our obligation under the Federal Rules of Civil Procedure to take reasonable steps to ensure that relevant information is preserved.  We have already provided you with more information than you would otherwise be entitled to through this meet and confer process and consider this matter closed.

**Auto-Deletion and Preservation of Messaging Data**

By email dated February 19, 2024, you asked us the following two questions: (1) "whether Mr. Mullenweg has disabled all auto-delete functions on each of the ephemeral messaging platforms he uses, and if so, when," and (2) to "identify any materials that have not been preserved with specificity."

In your March 6, 2024 letter, you purport to document our discussion of those two questions and, in doing so, either misunderstand or mischaracterize what we said and then ask additional questions based on those misunderstandings or mischaracterizations.  We address each of them below.

*First*, you say, "When asked whether any of Mr. Mullenweg's communications were being deleted by default, you represented that you were not 'aware' of that happening, and

# GIBSON DUNN

Yury Kapgan                                                                                                      April 3, 2025
                                                                                                                      Page 2

that you did not know whether any of the messaging systems used by Mr. Mullenweg default to auto-delete.  You also indicated that Mr. Mullenweg uses at least WhatsApp, Telegram, and Signal for electronic messaging." This is not correct.

We said that Mr. Mullenweg confirmed that he has not activated the auto-delete function on any communications platform with auto-delete capability that he uses (WhatsApp, Telegram, Signal), and that we were not "aware" of WhatsApp, Telegram or Signal auto-deleting messages by default.  Our understanding was (and remains) that these platforms do not auto delete messages by default.  We asked you which of those platforms you believe auto delete messages by default, and you said you would "have to check on that."  We have not heard anything from you since.  We also did not say that, for messaging platforms with auto-delete capability, Mr. Mullenweg uses "at least" WhatsApp, Telegram, and Signal.  Again, he uses WhatsApp, Telegram, and Signal.

*Second*, you say that, "[i]n addition to Mr. Mullenweg's own settings, it is our understanding that communications on at least some of these platforms can be set to autodelete messages by other individuals, including any member of a group chat, so that even if Mr. Mullenweg has not activated auto-delete settings, responsive messages could be automatically deleted. We therefore repeat the request made in our February 14 letter: please confirm whether Mr. Mullenweg has disabled all auto-delete functions on each of the messaging platforms he uses, and if so, when. If anything has not been preserved, please identify those materials with specificity."  This is not correct.

As an initial matter, this was not a repeated request, but a new request based on the apparently false premise that Mr. Mullenweg can block the ability of third-party users on WhatsApp, Telegram and Signal to use auto-delete capability.  We are not aware of WhatsApp, Telegram or Signal offering this capability.  If you believe that these platforms offer that capability, please explain the basis for that belief.

*Third*, you say, "When asked whether Mr. Mullenweg used or uses other communications systems that Defendants do not consider to contain 'relevant' messages, you indicated that you are still investigating what other communications applications or systems Mr. Mullenweg may use, but that you believe any other communication applications or systems would not contain information relevant to this case, and that we were "unable to tell [you] whether [we] have preserved, or are able to preserve, communications from Mr. Mullenweg's messaging systems such as Signal, Telegram, and WhatsApp.  This is not correct.

It is unclear what you are talking about with respect to "other communications systems," since the purpose of our February 24 call was to discuss ephemeral messaging

# GIBSON DUNN

Yury Kapgan

April 3, 2025
Page 3

platforms. We have taken all reasonable steps to preserve relevant documents in this case, including with respect to Signal, Telegram, and WhatsApp.

**Post Status Slack**

As we explained during our February 4 call, Mr. Mullenweg has requested that his Post Status Slack account be reactivated, and, in the meantime, we captured screenshots of all available posts.

**X.com Posts**

You say that, "During our February 4 call, Defendants represented that two X.com posts that Mr. Mullenweg had deleted have been preserved in Mr. Mullenweg's X.com archive, but that Defendants were unaware of a third deleted post," and that "WPE's February 14 letter included a screenshot of this third post."

We said that we had screenshots of the two X.com posts, not that they were in Mr. Mullenweg's archive.  With respect to the screenshot included in your February 14 letter, that is a post on Threads, not X.com, and it has not been deleted.

Sincerely,

GIBSON, DUNN & CRUTCHER LLP

s/ Michael Dore

Michael Dore

108882451.1