# EXHIBIT 8

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(213) 443-3222; (650) 801-5222**

WRITER'S EMAIL ADDRESS
**yurykapgan@quinnemanuel.com**

June 4, 2025

<u>**VIA E-MAIL**</u>

Rosemarie Ring
Michael Dore
Gibson, Dunn & Crutcher LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105
rring@gibsondunn.com
mdore@gibsondunn.com

Re:    *WPEngine, Inc. v. Automattic Inc. & Matthew Charles Mullenweg* (3:24-cv-06917-AMO) – Spoliation of Evidence

Dear Counsel:

We write in response to your letter dated April 3, 2025, and to follow up on the letter that we sent the same day.  Despite multiple letters and meetings over the last five months, Defendants continue to evade key questions and, unfortunately, raise additional concerns regarding Defendants' compliance with their preservation obligations.

We are particularly alarmed given Defendants' wholesale failure to produce relevant documents throughout this litigation.  Although you claim that Defendants have not spoliated any evidence, Defendants have not produced documents that would give us the opportunity to meaningfully evaluate your position.  Defendants have not produced even the most basic records. For example, Mr. Mullenweg has not produced his communications concerning the September 2024 WordCamp keynote address nor documents concerning the related actions Defendants took against WPE leading up to and following that keynote.  Mr. Mullenweg has also failed to produce any posts or direct messages from x.com, a key issue raised repeatedly in our spoliation-related correspondence.  And although you claim that Defendants have preserved screenshots of messages from the Post Status Slack channel, these screen shots have not been produced.  Defendants' utter failure to produce even the most rudimentary records belies your contention that our fears of spoliation-related misconduct are unfounded.  <u>To settle these issues and avoid motion practice, please make a fulsome production of all of Mr. Mullenweg's communications and documents</u>

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

related to the key 2024 events in this case by no later than **June 13, 2025**.  WPE continues to reserve all rights.

Below we address two specific outstanding requests from our prior correspondence.

**Post Status Slack**

On February 5, 2025, after Mr. Mullenweg requested that his Post Status Slack workspace account be deleted, you represented that his counsel was contacting the administrator of the Post Status Slack Channel to determine whether the administrator had maintained unaltered versions of Mr. Mullenweg's posts.  On February 14 and March 6, we requested updates on whether you were able to obtain unaltered versions of Mr. Mullenweg's posts and private messages.

Your April 3 letter merely states that "Mr. Mullenweg has requested that his Post Status Slack account be reactivated, and, in the meantime, we captured screenshots of all available posts." This response fails to address whether you successfully contacted the administrator, whether unaltered posts have been preserved, or whether you were able to capture all of Mr. Mullenweg's posts (including private messages), and for what time period.  It also fails to explain the status of the reactivation request.

Please provide answers to these questions and to the extent that you believe that the screenshots that you have captured cure any spoliation, please produce these screenshots immediately.

**X.com Posts**

On February 14 and March 6, we asked whether Mr. Mullenweg's direct messages on X.com had been preserved, and if so, for what time period.  You failed to respond to this question. Nor has Mr. Mullenweg produced any direct messages or posts from X.com.  Please respond to our preservation questions and, to the extent you assert that the messages and posts have been preserved, produce them without further delay.

*          *          *

We look forward to your prompt and complete response by no later than June 9, 2025, and a fulsome production by no later than June 13, 2025.


Very truly yours,

*/s/ Yury Kapgan*

Yury Kapgan

2