# EXHIBIT 9

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

WRITER'S DIRECT DIAL NO.
**(415) 875-6403**

WRITER'S EMAIL ADDRESS
**lindabrewer@quinnemanuel.com**

January 6, 2026

**VIA E-MAIL**
**HHOGAN@GIBSONDUNN.COM**

Howard Hogan
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193

Re:    WPEngine, Inc. v. Automattic Inc. & Matthew Charles Mullenweg, N.D. Cal. No. 3:24-cv-06917-AMO

Dear Howard:

We write in response to Defendants' December 17 and January 1 letters. We disagree with Defendants' accusations, which are entirely unfounded and appear to be levied in hopes of needlessly delaying this case by manufacturing a purported basis for seeking an extension of the case schedule.   As set forth below, WPE has satisfied its discovery obligations, has substantially completed the productions encompassed by the parties' agreement, and has repeatedly engaged in good-faith meet-and-confer efforts to narrow or resolve remaining issues.  Defendants' letters, on the other hand, mischaracterize both the discovery record and the parties' negotiations, and attempt to distract from Defendants' own discovery failings.   As explained below, no material discovery disputes remain as to WPE's production.

Below, we address the issues raised in Defendants' recent correspondence, as well as certain of Defendants' own discovery deficiencies that have been outstanding for weeks or months and need to be rectified immediately.

## I.    Substantial Completion of the Parties' Document Productions

### A.    WPE's Production of Documents is Substantially Complete

WPE satisfied the December 10, 2025 substantial-completion deadline for the document categories covered by the parties' agreement.  As of December 10, 2025, WPE had produced more than

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DUBAI | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

donates $8.8 million USD to WordPress.org," we have not found an agreement memorializing this donation—or the surrounding communications—in Defendants' production. (*See* https://wordpress.org/five-for-the-future/sponsorships/.) If Defendants contend they have produced these documents, please provide bates numbers for them immediately.

### 5. Automattic's Organizational Charts

In response to WPE's RFP 34 and 160, Defendants agreed to produce Automattic's organizational charts from 2005 to present. We have been unable to locate organizational charts covering each of these years in Defendants' production. If Defendants contend they have produced these documents, please provide bates numbers for them immediately.

### 6. Mr. Mullenweg's Messages

Although Defendants claim Mr. Mullenweg's communications on ephemeral messaging platforms were preserved, Defendants have not confirmed whether all of the relevant and responsive communications have been produced. And the metadata that Defendants have provided with their productions does not identify which messaging application was used to create any specific message. Despite the fact that the incomplete metadata has obscured WPE's visibility into the sufficiency of Defendants' production of these communications, it is obvious that there remain major, and highly concerning, deficiencies. For example, WPE has identified only 16 communications produced from Mr. Mullenweg's Telegram account, and none from Mr. Mullenweg's WhatsApp or Signal accounts. These deficiencies are deeply troubling given the central role Mr. Mullenweg played in the events at issue and his documented use of these platforms during the relevant period. To the extent additional communications have been produced from Telegram, or Defendants have actually produced from Mr. Mullenweg's WhatsApp and Signal accounts, please identify those communications by Bates number no later than January 9. Given our ongoing concerns regarding potential spoliation, we also renew our request that Defendants provide additional details on the steps taken to preserve these materials including (a) the dates and extent of Mr. Mullenweg's usage of WhatsApp, Signal and Telegram for communications relevant to this litigation, (b) what steps Mr. Mullenweg took to preserve communications from each platform and when, (c) whether any auto-delete or disappearing messages features were enabled during the relevant preservation period, (d) the date ranges of any preserved communications from each platform, and (e) the date ranges for any deleted communications from each platform. WPE reserves the right to bring these issues to the Court's attention and to seek appropriate relief, including spoliation sanctions, if Defendants cannot adequately explain and correct these deficiencies.

### 7. Privilege Logs Without Bates Numbers For Redacted Documents

Defendants have yet to cure the defect in their privilege logs which makes it impossible to efficiently review and challenge privilege assertions for documents produced with privilege redactions. Specifically, Defendants' privilege logs served to date do not include Bates numbers corresponding to the documents produced with privilege redactions.