# EXHIBIT 10

**Greg Fuoco**

| | |
|---|---|
| **From:** | Wallace, Brooke Myers <bwallace@gibsondunn.com> |
| **Sent:** | Friday, April 10, 2026 8:23 AM |
| **To:** | Greg Fuoco; Levin, Jessie; Kaul, Priyah; Dore, Michael H.; Snyder, Orin; *** Automattic WPEngine Litigation |
| **Cc:** | QE-WPE; Yury Kapgan; Sara Jenkins; Kaitlin Keohane |
| **Subject:** | RE: WPEngine v. Automattic - Discovery |

[EXTERNAL EMAIL from bwallace@gibsondunn.com]

Greg,

With Defendants' production last evening, the materials at issue in Dkt. 177 have now been produced, resolving the dispute reflected in the October 6 joint discovery letter.

In light of the Court's April 3 order, we propose that the parties jointly advise the Court today that the dispute no longer remains and that no updated joint discovery letter is necessary. We're happy to coordinate on a short joint submission.

Best,
Brooke

**Brooke Myers Wallace**
Associate Attorney

T: +1 213.229.7074 | M: +1 213.321.8025
bwallace@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

(she/her/hers)

**From:** Greg Fuoco <gregfuoco@quinnemanuel.com>
**Sent:** Wednesday, April 8, 2026 11:24 PM
**To:** Levin, Jessie <JLevin@gibsondunn.com>; Kaul, Priyah <PKaul@gibsondunn.com>; Dore, Michael H. <MDore@gibsondunn.com>; Snyder, Orin <OSnyder@gibsondunn.com>; *** Automattic WPEngine Litigation <AutomatticWPEngineLitigation@gibsondunn.com>
**Cc:** QE-WPE <qe-wpe@quinnemanuel.com>; Yury Kapgan <yurykapgan@quinnemanuel.com>; Sara Jenkins <sarajenkins@quinnemanuel.com>; Kaitlin Keohane <kaitlinkeohane@quinnemanuel.com>
**Subject:** RE: WPEngine v. Automattic - Discovery

Counsel,

In accordance with Judge Krishnan's order, attached is WPE's portion of an updated joint discovery letter regarding Defendants' failure to produce Mr. Mullenweg's messaging app communications.  Please insert Defendants' portion and return it to us by the end of the day tomorrow, April 9 given the deadline to finalize

1

and file on Friday, April 10.  WPE reserves the right to update its portion of the letter and supporting materials based on Defendants' response.

Best,

**Greg Fuoco**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3147 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
gregfuoco@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Greg Fuoco
**Sent:** Tuesday, April 7, 2026 4:49 PM
**To:** Levin, Jessie <JLevin@gibsondunn.com>; Kaul, Priyah <PKaul@gibsondunn.com>; Dore, Michael H. <MDore@gibsondunn.com>; Snyder, Orin <OSnyder@gibsondunn.com>; *** Automattic WPEngine Litigation <AutomatticWPEngineLitigation@gibsondunn.com>
**Cc:** QE-WPE <qe-wpe@quinnemanuel.com>; Yury Kapgan <yurykapgan@quinnemanuel.com>; Sara Jenkins <sarajenkins@quinnemanuel.com>; Kaitlin Keohane <kaitlinkeohane@quinnemanuel.com>
**Subject:** RE: WPEngine v. Automattic - Discovery

Counsel,

On Friday, Judge Krishnan ordered the parties to advise the Court whether the October 6, 2025 joint discovery letter regarding Defendants' failure to produce Mr. Mullenweg's messaging app communications (Dkt. 177) was resolved or to provide an updated joint discovery letter by April 10 (this Friday). See Dkt. 264.

In the October 6, 2025 joint discovery letter, WPE asked the "Court to compel Defendants to produce documents from Mr. Mullenweg's accounts on the WhatsApp, Signal, and Telegram messaging platforms by a date certain, and to provide a sworn declaration explaining why certain communications can no longer be produced, including the date and circumstances of their loss or destruction."  Dkt. 177.  In Defendants' portion of the joint discovery letter, they responded that Mr. "Mullenweg's responsive Signal, Telegram, and WhatsApp communications have been preserved and either have been (with respect to Telegram) or will be (with respect to Signal and WhatsApp) produced (to the extent they are non-privileged)."  *Id*. at 3.

Subsequently, WPE followed up in a January 6, 2026 letter, asking Defendants to provide bates numbers for any of Mr. Mullenweg's Telegram, WhatsApp, and Signal messages that Defendants claim to have produced, and the parties met and conferred on this issue on January 20, 2026.  On that call:

1. Defendants said they would produce, within 7-10 days, a metadata overlay identifying the platforms that already-produced RSMF files were collected from (which would allow us to see what was produced from Telegram, SMS, etc.);
2. Defendants admitted on the call they had not yet produced Mr. Mullenweg's WhatsApp and Signal messages and said they would produce them within 7-10 days; and

2

3.  Defendants stated that they would produce a "clean up" production of additional, newly collected Telegram messages from April through August 2025 and other unproduced SMS messages.

Based on our review of Defendants' productions, we understand Defendants still have not produced these documents, despite WPE's repeated follow-ups, including in the below email chain.  If Defendants contend they have completed their production for any of items (1) through (3), *supra*, please point us to the bates numbers and transmittal emails where this material was produced.  Otherwise, we plan to serve Defendants with an updated joint discovery letter, per Judge Krishnan's Friday order, detailing Defendants' failure to produce these items despite their repeated promises to the Court and WPE.

Best,

**Greg Fuoco**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3147 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
gregfuoco@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Greg Fuoco <gregfuoco@quinnemanuel.com>
**Sent:** Wednesday, February 25, 2026 10:38 AM
**To:** Levin, Jessie <JLevin@gibsondunn.com>; Kaul, Priyah <PKaul@gibsondunn.com>; Dore, Michael H. <MDore@gibsondunn.com>; Snyder, Orin <OSnyder@gibsondunn.com>; *** Automattic WPEngine Litigation <AutomatticWPEngineLitigation@gibsondunn.com>
**Cc:** QE-WPE <qe-wpe@quinnemanuel.com>; Yury Kapgan <yurykapgan@quinnemanuel.com>; Sara Jenkins <sarajenkins@quinnemanuel.com>; Kaitlin Keohane <kaitlinkeohane@quinnemanuel.com>
**Subject:** RE: WPEngine v. Automattic - Discovery

Counsel,

This is the fourth time we are following up.  Please respond to our proposal **today**, or let us know when we can meet and confer on this issue.

Best,

**Greg Fuoco**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3147 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
gregfuoco@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Greg Fuoco
**Sent:** Tuesday, February 17, 2026 4:05 PM
**To:** Levin, Jessie <JLevin@gibsondunn.com>; Kaul, Priyah <PKaul@gibsondunn.com>; Dore, Michael H. <MDore@gibsondunn.com>; Snyder, Orin <OSnyder@gibsondunn.com>; *** Automattic WPEngine Litigation <AutomatticWPEngineLitigation@gibsondunn.com>
**Cc:** QE-WPE <qe-wpe@quinnemanuel.com>; Yury Kapgan <yurykapgan@quinnemanuel.com>; Sara Jenkins <sarajenkins@quinnemanuel.com>; Kaitlin Keohane <kaitlinkeohane@quinnemanuel.com>
**Subject:** RE: WPEngine v. Automattic - Discovery

Counsel,

We are now following up for the third time on this.  Please provide your response to our proposal today.

Best,

**Greg Fuoco**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3147 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
gregfuoco@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Greg Fuoco <gregfuoco@quinnemanuel.com>
**Sent:** Friday, February 13, 2026 3:38 PM
**To:** Levin, Jessie <JLevin@gibsondunn.com>; Kaul, Priyah <PKaul@gibsondunn.com>; Dore, Michael H. <MDore@gibsondunn.com>; Snyder, Orin <OSnyder@gibsondunn.com>; *** Automattic WPEngine Litigation <AutomatticWPEngineLitigation@gibsondunn.com>
**Cc:** QE-WPE <qe-wpe@quinnemanuel.com>; Yury Kapgan <yurykapgan@quinnemanuel.com>; Sara Jenkins <sarajenkins@quinnemanuel.com>; Kaitlin Keohane <kaitlinkeohane@quinnemanuel.com>
**Subject:** RE: WPEngine v. Automattic - Discovery

Counsel,

Since we have yet to hear from you, we are again following up on our proposal regarding Wordpress.com's code.  Please provide your response to our proposal today.

Best,

**Greg Fuoco**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3147 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
gregfuoco@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Greg Fuoco
**Sent:** Tuesday, February 10, 2026 10:33 AM
**To:** Levin, Jessie <JLevin@gibsondunn.com>; Kaul, Priyah <PKaul@gibsondunn.com>; Dore, Michael H. <MDore@gibsondunn.com>; Snyder, Orin <OSnyder@gibsondunn.com>; *** Automattic WPEngine Litigation <AutomatticWPEngineLitigation@gibsondunn.com>
**Cc:** QE-WPE <qe-wpe@quinnemanuel.com>; Yury Kapgan <yurykapgan@quinnemanuel.com>; Sara Jenkins <sarajenkins@quinnemanuel.com>; Kaitlin Keohane <kaitlinkeohane@quinnemanuel.com>
**Subject:** RE: WPEngine v. Automattic - Discovery

Counsel,

Although we asked for your response to our below proposal by last Thursday, we have yet to hear from you.  Please provide your response no later than close of business today.

Best,

**Greg Fuoco**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3147 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
gregfuoco@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Greg Fuoco
**Sent:** Tuesday, February 3, 2026 10:17 AM
**To:** Levin, Jessie <JLevin@gibsondunn.com>; Kaul, Priyah <PKaul@gibsondunn.com>; Dore, Michael H. <MDore@gibsondunn.com>; Snyder, Orin <OSnyder@gibsondunn.com>; *** Automattic WPEngine Litigation <AutomatticWPEngineLitigation@gibsondunn.com>

**Cc:** QE-WPE <qe-wpe@quinnemanuel.com>; Yury Kapgan <yurykapgan@quinnemanuel.com>; Sara Jenkins <sarajenkins@quinnemanuel.com>; Kaitlin Keohane <kaitlinkeohane@quinnemanuel.com>
**Subject:** RE: WPEngine v. Automattic - Discovery

Counsel,

On our meet and confer on January 20, we discussed Automattic's failure to produce the code it uses to deliver Wordpress to its customers for Wordpress.com.  You stated on that call given the significant amount of proprietary code Automattic uses for Wordpress.com, your client had confidentiality concerns.  Accordingly, you proposed making the Wordpress.com source code available on a computer for inspection.  You stated that you would make the source code available for any date that WPE choses.

 We can agree to your proposal, on the following conditions:

1.  Defendants make the source code available on a computer in Palo Alto for inspection as of two dates: September 20, 2024, and September 20, 2023.

2.  The code is made available on a Windows computer with the following code analysis tools installed: SciTools Understand, PowerGREP, WSL2 with Ubuntu, PowerShell Core, Windows Terminal, Visual Studio, Notepad++, Emacs, PyCharm Professional, WbStorm, PhpStorm, Beyond Compare 5, Git, Python 3, Adobe Reader, Libre Office, and 7- Zip.  The Windows computer should also have loaded on it all versions of the WordPress open source code that were made available on Wordpress.org as of September 20, 2024, and September 20, 2023.

3.  The Windows computer has a dedicated user account for review by WPE's experts.  The tools above should be installed for this dedicated user account.

4.  WPE reserves all rights to seek the production of all of this source code after review of the source code.

 Please let us know by Feb. 5 whether Defendants agree to this proposal.  WPE reserves all rights.

 Thank you.

 **Greg Fuoco**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3147 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
gregfuoco@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Greg Fuoco <gregfuoco@quinnemanuel.com>
**Sent:** Friday, January 23, 2026 10:33 PM
**To:** Levin, Jessie <JLevin@gibsondunn.com>; Kaul, Priyah <PKaul@gibsondunn.com>; Dore, Michael H.

<MDore@gibsondunn.com>; Snyder, Orin <OSnyder@gibsondunn.com>; *** Automattic WPEngine Litigation <AutomatticWPEngineLitigation@gibsondunn.com>
**Cc:** QE-WPE <qe-wpe@quinnemanuel.com>; Yury Kapgan <yurykapgan@quinnemanuel.com>; Sara Jenkins <sarajenkins@quinnemanuel.com>; Kaitlin Keohane <kaitlinkeohane@quinnemanuel.com>
**Subject:** RE: WPEngine v. Automattic - Discovery

Counsel,

We write regarding certain items discussed on our recent meet-and-confer sessions:

**I.      Date Ranges for Which Defendants Collected Documents from Each Source for Each Custodian**

At our Tuesday (1/20) meet-and-confer session, Defendants stated they will provide WPE with the date ranges Defendants collected documents, from each source for each custodian.  We are in receipt of your email this evening purporting to contain this information, and we are reviewing it.

**II.     WPE's Request that Defendants Produce Documents in Response to WPE's RFPs 147, 148, 200, 201, 209, and 210, as Narrowed in the Parties' 11/24/2025 Discovery Summit**

At our Wednesday (1/21) meet-and-confer session, Defendants confirmed that they will be producing documents in response to WPE's RFPs 147, 148, 200, 201, 209, and 210, as narrowed in the parties' 11/24/2025 discovery summit.  Defendants stated some, if not all, of these documents will be provided in their next production.

However, although WPE requested that Defendants give a firm date by which these documents would be produced, Defendants did not do so.  Given the quickly approaching fact discovery deadline, Defendants' refusal to provide a production date is untenable – particularly in light of Defendants' repeated demands that WPE commit to production timelines while declining to provide one themselves.  Please confirm no later than close of business Monday that Defendants will produce these documents by February 4.

**III.    WPE's Request that Defendants Provide Supplemental Privilege Logs that Include Entries for All Redacted Documents, Including Their Bates Number and the Bases for the Privilege Claims, as Promised in Defendants' January 9 Email**

At our Wednesday (1/21) meet-and-confer session, Defendants confirmed they will provide supplemental privilege logs that include entries for all redacted documents, including their Bates numbers and the bases for the privilege claims.  We are in receipt of your email this evening purporting to contain this information, and we are reviewing it.

**IV.    Defendants' Designations under the Protective Order**

As we have previously communicated, WPE's position is that Defendants' designation of more than 80% of their production as "Highly Confidential - Attorneys' Eyes Only," and over 93% of their production as "Highly Confidential - Attorneys' Eyes Only" or "Confidential" is improper and a violation of the protective order's admonitions.  Dkt. 104 §5.1 ("Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standard.... Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been

made for an improper purpose ... expose the Designating Party to sanctions."). At our parties' Thursday (1/22) meet-and-confer session, WPE requested that Defendants revise their designations under the protective order. Defendants, however, refused to revise their designations for any documents unless WPE challenges each such document under the procedure set forth in Section 6 of the Protective Order. Defendants' demand is improper. It is Defendants' burden to individually mark each document with the appropriate designation, rather than batch-designating large swaths of documents (as Defendants apparently have done) and attempting to foist the de-designation burden on WPE. WPE reserves all rights.

V.      **WPE's Request that Defendants Provide Bates Numbers for the Following Categories of Documents, If Defendants Contend They Have Been Produced:**

At our Thursday (1/22) meet-and-confer session, the parties discussed WPE's request that Defendants provide Bates numbers for the following categories of documents, if Defendants contend they have been produced.

a. **WordPress hosting surveys and responses responsive to WPE's RFP 228.** Defendants stated they have been searching for these surveys and responses and will be producing them. However, Defendants refused to give a give a date certain by which they would provide these documents or even an estimate of the same.

b. **Automattic's official document retention and destruction policies, procedures, and practices responsive to WPE's RFP 143.** Defendants stated that they have searched for these documents and concluded none exists. Thank you for this clarification.

c. **Agreements memorializing Salesforce's donations to Wordpress.org and surrounding communications responsive to WPE's RFP 117.** Defendants stated they have searched and have not found an agreement memorializing Salesforce's donation of the Slack license to Wordpress.org. However, Defendants stated they had found additional communications regarding Salesforce's donations and will be producing them. Defendants refused to give a date certain by which they would provide these documents or even an estimate.

d. **Automattic's organizational charts covering 2005 to present responsive to WPE's RFPs 34 and 160.** Defendants said that they have searched and concluded there are no such organizational charts at Automattic, nor any analogue of such charts. Thank you for this clarification.

e. **Documents and communications regarding (1) any calculations supporting Automattic's Five For the Future numbers and (2) any calculations regarding what value Automattic received in return.** Defendants stated that, while they are still searching for these documents, they have not identified any documents re item (2) ("any calculations regarding what value Automattic received in return"). Defendants also said that they have not found many documents for (1), and they understand that Defendants calculate their Five for the Future numbers simply by taking the number of people they employ who are dedicated to supporting WP Core and multiplying by 40 hours per week. So that this fact may be properly memorialized, we will serve a set of Requests for Admission capturing this confirmation.

Given the advanced stage of this case and the fact that the March 12 fact discovery deadline is less than 7 weeks away, Defendants' failure to complete their productions for items (a), (c), and (e) above is

inexcusable.  This is particularly so given Defendants' numerous representations that they substantially completed their production as of December 10—more than a month ago.  Please confirm no later than close of business Monday that Defendants will produce these documents by February 4, and WPE reserves it rights to re-depose relevant witnesses once these documents are produced.

### VI.      WPE's Request that Audrey Capital and Audrey HC Provide a Date Certain by Which They Will Complete Their Productions

At our Thursday (1/22) meet-and-confer session, Audrey Capital and Audrey HC (the "Audrey Entities") stated that all of their documents (except for one) were in Mullenweg's possession, custody, and control, and thus they were reviewed and produced as part of the RFPs that WPE served on Mullenweg.  A review of Defendants' document collection information, however, casts significant doubt on this assertion.  For instance, not one of Defendants' custodians from which they collected documents (as disclosed both today and in September 2025) is listed as being employed by any Audrey Entity, and one Audrey employee at the center of this dispute—Samuel "Otto" Wood—is conspicuously missing from Defendants' list of custodians. In any event, we are entitled to know which specific documents have been produced by Audrey, so we can test the sufficiency of that production in response to WPE's subpoena.  Please immediately (1) identify all such Audrey custodial documents by bates number; (2) explain why Samuel "Otto" Wood is absent from Defendants' custodian list; and (3) explain why none of Defendants' other disclosed custodians has been listed as an Audrey employee.

Separately, the Audrey Entities stated that the purportedly one remaining document will be produced with Defendants' next production.  Please confirm no later than close of business Monday that the Audrey Entities will produce this document by February 4.

### VII.      WPE's Request that Defendants Respond to WPE's Questions about Defendants' Document Retention and Document Collection

At our Thursday (1/22) meet-and-confer session, the parties discussed WPE's 11/24, 12/19, and 1/6 requests that Defendants respond to WPE's reciprocal questions about Defendants' document retention and document collection.  As you recall, WPE requested that Defendants:

a.   "Identify the dates [their] custodians were added to Google Vault";
b.   Confirm whether they "complete[d] a full collection of all [their] custodians' emails, Google Drive, and Slack in August 2025";
c.   "Confirm [their] collection from Slack included all public channels, private channels, and direct messages for [their] Slack instance[s]"; and
d.   "Identify [their] data retention policy generally, and specifically for email, Google Drive, and Slack."

Defendants stated they are gathering information for a response, and they are aiming to provide their response next week.  Further, Defendants will let us know if for some reason they are unable to do so.  We look forward to your response.

WPE reserves all rights, and please let us know what dates and times on Monday Defendants are available to continue our meet and confer.

Best,

**Greg Fuoco**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

9

865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3147 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
gregfuoco@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Yury Kapgan <yurykapgan@quinnemanuel.com>
**Sent:** Tuesday, January 20, 2026 11:28 PM
**To:** Levin, Jessie <JLevin@gibsondunn.com>; Greg Fuoco <gregfuoco@quinnemanuel.com>; Kaul, Priyah <PKaul@gibsondunn.com>; Sara Jenkins <sarajenkins@quinnemanuel.com>; Kaitlin Keohane <kaitlinkeohane@quinnemanuel.com>; Dore, Michael H. <MDore@gibsondunn.com>; Snyder, Orin <OSnyder@gibsondunn.com>; *** Automattic WPEngine Litigation <AutomatticWPEngineLitigation@gibsondunn.com>
**Cc:** QE-WPE <qe-wpe@quinnemanuel.com>
**Subject:** RE: WPEngine v. Automattic - Discovery

Counsel,

This is to confirm that on today's meet-and-confer call:

1.     Defendants stated they will produce, within 7 to 10 days, a metadata overlay identifying the platforms that already-produced RSMF files were collected from (which would allow WPE to see what was produced from Telegram, SMS, etc.);

2.     Defendants stated they will produce, within 7 to 10 days, Mr. Mullenweg's WhatsApp and Signal messages (which they confirmed they have yet to produce); and

3.     Defendants stated they will produce a "clean up" production of additional, newly collected Telegram messages from April through August 2025 and other unproduced SMS messages.  Defendants stated they will make this production soon and aim for early February.

Please let us know immediately if any of the above is incorrect.

Yury

---

**From:** Levin, Jessie <JLevin@gibsondunn.com>
**Sent:** Tuesday, January 20, 2026 1:54 PM
**To:** Greg Fuoco <gregfuoco@quinnemanuel.com>; Kaul, Priyah <PKaul@gibsondunn.com>; Sara Jenkins <sarajenkins@quinnemanuel.com>; Kaitlin Keohane <kaitlinkeohane@quinnemanuel.com>; Dore, Michael H. <MDore@gibsondunn.com>; Snyder, Orin <OSnyder@gibsondunn.com>; *** Automattic WPEngine Litigation <AutomatticWPEngineLitigation@gibsondunn.com>

10