# EXHIBIT 16

JOSEPH R. ROSE, SBN 27902
  jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

MICHAEL H. DORE, SBN 227442
  mdore@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

JOSH A. KREVITT, SBN 208552
  jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER (admitted pro hac vice)
  osnyder@gibsondunn.com
HOWARD S. HOGAN (admitted pro hac vice)
  hhogan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

*Attorneys for Defendants Automattic Inc. and
Matthew Charles Mullenweg and Counterclaimants
WordPress Foundation and WooCommerce Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>Defendants.<br><br>――――――――――――――――<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | Case No. 3:24-cv-06917-AMO<br><br>**DEFENDANT MATTHEW CHARLES MULLENWEG'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**<br><br>Judge: Honorable Araceli Martinez-Olguin |

Gibson, Dunn &
Crutcher LLP

specific objections, and without waiving any of his rights and privileges, Mr. Mullenweg admits this Request.

**REQUEST NO. 2:**

Admit that You have used the Telegram messaging application to send or receive messages after October 2, 2024.

**RESPONSE TO REQUEST NO. 2:**

Mr. Mullenweg restates and incorporates his Preliminary Statement, General Objections, Objections to Definition, and Objections to Instruction as though fully set forth in this Response. Mr. Mullenweg objects to this Request on the grounds that it is overbroad and seeks information that is not relevant to any party's claims or defenses in the action. By responding to this Request, Mr. Mullenweg does not admit Plaintiff's allegations and/or claims in this action. Subject to the foregoing general and specific objections, and without waiving any of his rights and privileges, Mr. Mullenweg admits this Request.

**REQUEST NO. 3:**

Admit that at least some messages that You sent or received after October 2, 2024 using the Signal messaging application were automatically deleted by the application.

**RESPONSE TO REQUEST NO. 3:**

Mr. Mullenweg restates and incorporates his Preliminary Statement, General Objections, Objections to Definition, and Objections to Instruction as though fully set forth in this Response. Mr. Mullenweg objects to this Request on the grounds that it is overbroad and seeks information that is not relevant to any party's claims or defenses in the action. Mr. Mullenweg objects to this Request to the extent it seeks information beyond Mr. Mullenweg's possession, custody, or control. Mr. Mullenweg responds to this Request based upon reasonable inquiry and to the best of his knowledge. Mr. Mullenweg objects to the terms "automatically deleted" and "application" as vague and ambiguous. By responding to this Request, Mr. Mullenweg does not admit Plaintiff's allegations and/or claims in this action. Subject to the foregoing general and specific objections, and without waiving any of his rights and privileges, Mr. Mullenweg denies this Request.

Gibson, Dunn &
Crutcher LLP

9

MULLENWEG'S SECOND AMENDED RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST SET OF RFAS
CASE NO. 3:24-CV-06917-AMO

6000749448.4

**REQUEST NO. 4:**

Admit that at least some messages that You sent or received after October 2, 2024 using the Telegram messaging application were automatically deleted by the application.

**RESPONSE TO REQUEST NO. 4:**

Mr. Mullenweg restates and incorporates his Preliminary Statement, General Objections, Objections to Definition, and Objections to Instruction as though fully set forth in this Response. Mr. Mullenweg objects to this Request on the grounds that it is overbroad and seeks information that is not relevant to any party's claims or defenses in the action. Mr. Mullenweg objects to this Request to the extent it seeks information beyond Mr. Mullenweg's possession, custody, or control. Mr. Mullenweg responds to this Request based upon reasonable inquiry and to the best of his knowledge. Mr. Mullenweg objects to the terms "automatically deleted" and "application" as vague and ambiguous. By responding to this Request, Mr. Mullenweg does not admit Plaintiff's allegations and/or claims in this action. Subject to the foregoing general and specific objections, and without waiving any of his rights and privileges, Mr. Mullenweg denies this Request.

**REQUEST NO. 5:**

Admit that You have deleted at least one X.com post Referencing WPE after October 2, 2024.

**RESPONSE TO REQUEST NO. 5:**

Mr. Mullenweg restates and incorporates his Preliminary Statement, General Objections, Objections to Definition, and Objections to Instruction as though fully set forth in this Response. Mr. Mullenweg objects to the terms "post" and "Referencing" as vague and ambiguous. By responding to this Request, Mr. Mullenweg does not admit Plaintiff's allegations and/or claims in this action. Subject to the foregoing general and specific objections, and without waiving any of his rights and privileges, Mr. Mullenweg admits only that he deleted (i) one public X.com post published on or around January 9, 2025 reading: "After 21 years of blood, sweat, and tears working on open source while also trying to build a business that did the same, it's so refreshing to follow the example of inspiring business leaders like @heatherjbrunner and focus fully on maximizing shareholder value."; and (ii) one public X.com reply by him to the post, published on or around January 9, 2025 reading: "I, too, want to be an

MULLENWEG'S SECOND AMENDED RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST SET OF RFAS
CASE NO. 3:24-CV-06917-AMO

6000749448.4

Engine for Good like @wpengine," with a link to WP Engine's "Engine for Good" webpage. Mr. Mullenweg refers WPE to A8C00875880. Mr. Mullenweg otherwise denies this Request.

**REQUEST NO. 6:**

Admit that You have deleted at least one Slack message Referencing WPE after October 2, 2024.

**RESPONSE TO REQUEST NO. 6:**

Mr. Mullenweg restates and incorporates his Preliminary Statement, General Objections, Objections to Definition, and Objections to Instruction as though fully set forth in this Response. Mr. Mullenweg objects to this Request on the grounds that lacks foundation, is overbroad, and seeks information that is not relevant to any party's claims or defenses in the action. Mr. Mullenweg objects to this Request objects to the term "Referencing" as vague and ambiguous. By responding to this Request, Mr. Mullenweg does not admit Plaintiff's allegations and/or claims in this action. Subject to the foregoing general and specific objections, and without waiving any of his rights and privileges, Mr. Mullenweg admits that he deleted one Slack message referencing WPE after October 2, 2024, which he then reposted with additional content. Mr. Mullenweg refers WPE to A8C00753530 and A8C00863283. Mr. Mullenweg otherwise denies this Request.

**REQUEST NO. 7:**

Admit that You personally own the domain wordpress.org.

**RESPONSE TO REQUEST NO. 7:**

Mr. Mullenweg restates and incorporates his Preliminary Statement, General Objections, Objections to Definition, and Objections to Instruction as though fully set forth in this Response. Mr. Mullenweg objects that the term "personally own" is vague and ambiguous. Mr. Mullenweg objects to this Request as overbroad because it is not limited by time period. By responding to this Request, Mr. Mullenweg does not admit Plaintiff's allegations and/or claims in this action. Subject to the foregoing general and specific objections, and without waiving any of his rights and privileges, Mr. Mullenweg admits that he registered the domain name WordPress.org in 2003. Mr. Mullenweg otherwise denies this Request.

MULLENWEG'S SECOND AMENDED RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST SET OF RFAS
CASE NO. 3:24-CV-06917-AMO

Gibson, Dunn &
Crutcher LLP

6000749448.4

Mullenweg objects that the terms "publicly represented" and "owns" are vague and ambiguous. Mr. Mullenweg objects to this Request as overbroad because it is not limited by time period. Mr. Mullenweg objects to this Request on the ground that it seeks information that is publicly available and/or is as readily available to WPE as to Mr. Mullenweg. Mr. Mullenweg responds to this Request based upon reasonable inquiry and to the best of his knowledge. By responding to this Request, Mr. Mullenweg does not admit Plaintiff's allegations and/or claims in this action. Subject to the foregoing general and specific objections, and without waiving any of his rights and privileges, Mr. Mullenweg denies this Request.

**REQUEST NO. 11:**

Admit that You stated in a Slack message on January 14, 2024, that wordpress.org "belongs to me, it's not part of the foundation or any trust."

**RESPONSE TO REQUEST NO. 11:**

Mr. Mullenweg restates and incorporates his Preliminary Statement, General Objections, Objections to Definition, and Objections to Instruction as though fully set forth in this Response. Mr. Mullenweg objects to this Request on the ground that it purports to refer to a document that speaks for itself. Mr. Mullenweg objects to this Request on the ground that it incorporates incorrect and misleading characterizations and assumptions. By responding to this Request, Mr. Mullenweg does not admit Plaintiff's allegations and/or claims in this action. Subject to the foregoing general and specific objections, and without waiving any of his rights and privileges, Mr. Mullenweg admits only that he wrote in a Slack message on or about January 14, 2024: "W.org belongs to me, it's not part of the foundation or any trust, I run it in an open way that allows lots of folks to participate but they don't own it." Mr. Mullenweg otherwise denies this Request.

**REQUEST NO. 12:**

Admit that You stated in an interview on September 27, 2024, that You have "been running wordpress.org for 21 years."

**RESPONSE TO REQUEST NO. 12:**

Mr. Mullenweg restates and incorporates his Preliminary Statement, General Objections, Objections to Definition, and Objections to Instruction as though fully set forth in this Response. Mr.

Gibson, Dunn & Crutcher LLP

MULLENWEG'S SECOND AMENDED RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST SET OF RFAS
CASE NO. 3:24-CV-06917-AMO

6000749448.4

privilege, and/or any other applicable privilege, immunity, or protection. Mr. Mullenweg objects to the terms "services" and "customers" as vague and ambiguous. Mr. Mullenweg objects to this Request on the ground that it omits relevant portions of Mr. Mullenweg's December 2, 2024 Objections and Responses to Plaintiff WPEngine, Inc.'s First Set of Interrogatories, and therefore is misleading. By responding to this Request, Mr. Mullenweg does not admit Plaintiff's allegations and/or claims in this action. Subject to the foregoing general and specific objections, and without waiving any of his rights and privileges, Mr. Mullenweg denies this Request.

**REQUEST NO. 51:**

Admit that on or after September 19, 2024, You were aware that WPE had existing contracts with customers of definite term length for the provision of WPE's products and services.

**RESPONSE TO REQUEST NO. 51:**

Mr. Mullenweg restates and incorporates his Preliminary Statement, General Objections, Objections to Definition, and Objections to Instruction as though fully set forth in this Response. Mr. Mullenweg objects to the terms "customers" and "definite term length" as vague and ambiguous. Mr. Mullenweg objects to this Request on the ground that it seeks information that is beyond Mr. Mullenweg's possession, custody, or control. Mr. Mullenweg objects to this Request on the ground that it lacks foundation. Upon reasonable inquiry, the information known or readily available to Mr. Mullenweg is insufficient to enable Mr. Mullenweg to either admit or deny this Request, which concerns WPE's contracts with customers, which WPE may have modified over time in various ways. By responding to this Request, Mr. Mullenweg does not admit Plaintiff's allegations and/or claims in this action. Subject to the foregoing general and specific objections, and without waiving any of his rights and privileges, Mr. Mullenweg has made a reasonable inquiry and the information Mr. Mullenweg knows or can readily obtain is insufficient to enable Mr. Mullenweg to admit or deny this Request, and on that basis denies this Request.

**REQUEST NO. 52:**

Admit that, in Your October 30, 2024 interview at TechCrunch's Disrupt 2024 Conference, You stated that You and other companies were going to go "brick by brick" and take "every single one of [WPE's] customers" in Your "war" with WPE if WPE did not agree to negotiate with You.

MULLENWEG'S SECOND AMENDED RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST SET OF RFAS
CASE NO. 3:24-CV-06917-AMO

Gibson, Dunn & Crutcher LLP

6000749448.4

**RESPONSE TO REQUEST NO. 52:**

Mr. Mullenweg restates and incorporates his Preliminary Statement, General Objections, Objections to Definition, and Objections to Instruction as though fully set forth in this Response. Mr. Mullenweg objects to this Request on the ground that it is argumentative, lacks foundation, and incorporates incorrect and misleading characterizations and assumptions. Mr. Mullenweg objects to this Request on the ground that it purports to quote from a public statement that speaks for itself and that is as readily available to WPE as to Mr. Mullenweg. By responding to this Request, Mr. Mullenweg does not admit Plaintiff's allegations and/or claims in this action. Subject to the foregoing general and specific objections, and without waiving any of his rights and privileges, Mr. Mullenweg admits only that Mr. Mullenweg stated at the event TechCrunch Disrupt 2024: "we're at war with them we're either going to go brick by brick and [] us and other companies take every one of their customers or … hopefully [] they [] could end this all tomorrow" and Mr. Mullenweg would "happily negotiate." Mr. Mullenweg otherwise denies this Request.

**REQUEST NO. 53:**

Admit that, in Your October 30, 2024 interview at TechCrunch's Disrupt 2024 Conference, You admitted that since Your "war" with WPE began, Defendants' Actions have caused "tens of thousands of [WPE] customers" to terminate their contracts for WPE's products and services.

**RESPONSE TO REQUEST NO. 53:**

Mr. Mullenweg restates and incorporates his Preliminary Statement, General Objections, Objections to Definition, and Objections to Instruction as though fully set forth in this Response. Mr. Mullenweg objects to this Request on the ground that it purports to quote a statement that speaks for itself. Mr. Mullenweg objects to this Request on the ground that it is argumentative, lacks foundation, and incorporates incorrect and misleading characterizations and assumptions. By responding to this Request, Mr. Mullenweg does not admit Plaintiff's allegations and/or claims in this action. Subject to the foregoing general and specific objections, and without waiving any of his rights and privileges, Mr. Mullenweg admits only that Mr. Mullenweg stated at the event TechCrunch Disrupt 2024: "since this started they've had [] we estimate tens of thousands of customers leave" "because they were abusing the trademark and creating a lot of confusion in the market" and "their customers are learning that

MULLENWEG'S SECOND AMENDED RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST SET OF RFAS
CASE NO. 3:24-CV-06917-AMO

Gibson, Dunn & Crutcher LLP

6000749448.4

concerns undefined third parties. By responding to this Request, Mr. Mullenweg does not admit Plaintiff's allegations and/or claims in this action. Subject to the foregoing general and specific objections, and without waiving any of his rights and privileges, Mr. Mullenweg admits only that WPE has offered services that he describes as "Hosted WordPress." Otherwise, Mr. Mullenweg has made a reasonable inquiry and the information Mr. Mullenweg knows or can readily obtain is insufficient to enable Mr. Mullenweg to admit or deny this Request, and on that basis denies this Request.

**REQUEST NO. 71:**

Admit that WordPress Foundation has not hosted, does not host, and does not plan to host WordPress Sites.

**RESPONSE TO REQUEST NO. 71:**

Mr. Mullenweg restates and incorporates his Preliminary Statement, General Objections, Objections to Definition, and Objections to Instruction as though fully set forth in this Response. Mr. Mullenweg objects to the use of the terms "host" and "hosted" as vague and ambiguous. Mr. Mullenweg objects to this Request as compound. By responding to this Request, Mr. Mullenweg does not admit Plaintiff's allegations and/or claims in this action. Subject to the foregoing general and specific objections, and without waiving any of his rights and privileges, Mr. Mullenweg admits only that the WordPress Foundation is a charitable organization founded to further the mission of the WordPress open source project. Mr. Mullenweg otherwise denies this Request.

DATED: May 21, 2026

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Joseph R. Rose
       Joseph R. Rose

*Attorney for Defendants Automattic Inc. and Matthew Charles Mullenweg and Counterclaimants WordPress Foundation and WooCommerce Inc.*

MULLENWEG'S SECOND AMENDED RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST SET OF RFAS
CASE NO. 3:24-CV-06917-AMO

6000749448.4

Gibson, Dunn &
Crutcher LLP

**CERTIFICATE OF SERVICE**

I am a citizen of the United States and employed in San Francisco, CA. I am over the age of eighteen and not a party to the within-entitled action. My business address is Gibson, Dunn & Crutcher LLP, One Embarcadero Center, Suite 2600, San Francisco, CA 94111. On May 21, 2026, I served a copy of the foregoing document by transmitting it via e-mail or electronic transmission to the person(s) at the e-mail address(es) set forth below.

QUINN EMANUEL URQUHART & SULLIVAN LLP
Rachel Herrick Kassabian (rachelkassabian@quinnemanuel.com)
Yury Kapgan (yurykapgan@quinnemanuel.com)
Margret M. Caruso (margretcaruso@quinnemanuel.com)
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Brian Mack (brianmack@quinnemanuel.com)
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for Plaintiff*
WPEngine, Inc.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 21, 2026 in San Francisco, CA.

/s/ *Vannalee Cayabyab*
Vannalee Cayabyab

MULLENWEG'S SECOND AMENDED RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST SET OF RFAS
CASE NO. 3:24-CV-06917-AMO

6000749448.4

Gibson, Dunn &
Crutcher LLP