UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation, | Case No. 4:24-cv-06917-AMO-ASK |
| Plaintiff, | **[PROPOSED] ORDER GRANTING PLAINTIFF WPENGINE, INC.'S MOTION FOR SANCTIONS FOR DEFENDANTS' SPOLIATION OF EVIDENCE** |
| vs. | |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation | Judge Araceli Martínez-Olguín |
| Defendants. | |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation, | |
| Counterclaimants, | |
| vs. | |
| WPENGINE, INC., a Delaware corporation, | |
| Counterdefendant. | |

[PROPOSED] ORDER GRANTING PLAINTIFF WPENGINE, INC.'S
MOTION FOR SANCTIONS FOR DEFENDANTS' SPOLIATION OF EVIDENCE

The Court, having considered WPEngine, Inc.'s ("WPE") Motion for Sanctions for Defendants' Spoliation of Evidence (the "Motion"), and all briefing, evidence, and argument submitted in support of the Motion and opposition thereto, and good cause appearing therefore, hereby **GRANTS** the Motion.

**IT IS HEREBY ORDERED THAT**:

1) It is conclusively established that Mr. Mullenweg used WhatsApp, Signal, and Telegram for case-relevant communications from July 2024 through March 16, 2026, and that certain of such communications have been destroyed or are no longer available.

2) The Court will instruct the jury that it must presume the destroyed or unavailable WhatsApp, Signal and Telegram messages contained evidence that: (a) Mr. Mullenweg acted with the intent to interfere with WPE's customer and prospective-customer relationships when he directed the campaign to induce WPE's customers to leave; (b) Mr. Mullenweg knew his public statements about WPE were false or made them with reckless disregard for their truth; and (c) Mr. Mullenweg acted with the intent to extort WPE and to cause intentional damage in making the September 2024 demand and seizing the ACF plugin.

3) Mr. Mullenweg is precluded from testifying about the substance of his WhatsApp, Signal and Telegram communications regarding WPE, his subjective state of mind during the September 2024 events, and his subjective basis for the trademark enforcement actions—except as established by produced documents.

4) Counterclaims 1 through 7 are dismissed with prejudice. [**OR IN THE ALTERNATIVE**: The Court will instruct the jury that it must presume the destroyed or unavailable WhatsApp, Signal and Telegram messages would have shown that Defendants knew WPE's use of the trademarks at issue was permissible and that Defendants' September 2024 enforcement demand was a pretext for financial coercion rather than a good-faith trademark-protection effort.]

5) WPE is entitled to, and is hereby awarded, its reasonable attorneys' fees and costs incurred in connection with this motion for sanctions, its prior motion to compel pertaining to Defendants' failure to preserve relevant documents, and the meet-and-confer efforts WPE was forced to undertake, dating back to November 2024, to uncover Defendants' spoliation in the face

of Defendants' repeated misrepresentations, and failure to timely and truthfully disclose these facts. WPE shall submit a declaration summarizing  its reasonable  fees and costs incurred in connection with those activities.

**IT IS SO ORDERED.**

Dated:

_____

Honorable Araceli Martinez-Olguin

United States District Judge

Case No. 4:24-cv-06917-AMO-ASK
[PROPOSED] ORDER GRANTING PLAINTIFF WPENGINE, INC.'S
MOTION FOR SANCTIONS FOR DEFENDANTS' SPOLIATION OF EVIDENCE