,JOSEPH R. ROSE, SBN 27902
 jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

MICHAEL H. DORE, SBN 227442
 mdore@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
 isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

JOSH A. KREVITT, SBN 208552
 jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER *(admitted pro hac vice)*
 osnyder@gibsondunn.com
HOWARD S. HOGAN *(admitted pro hac vice)*
 hhogan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

*Attorneys for Defendants and Counterclaimants*
*Automattic Inc., Matthew Charles Mullenweg,*
*WordPress Foundation, and WooCommerce Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Defendants. | Case No. 4:24-cv-06917-AMO-ASK<br><br>**DEFENDANTS' AND COUNTERCLAIMANTS' STATEMENT IN CONNECTION WITH PLAINTIFF'S ADMINISTRATIVE MOTION RE: SEALING [Dkt. 358]**<br><br>Hon. Araceli Martínez-Olguín |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | |

Pursuant to Local Rules 7-11 and 79-5, Defendants/Counterclaimants Automattic Inc. ("Automattic"), Matthew Charles Mullenweg, WooCommerce, and WordPress Foundation (collectively, "Defendants") submit this Statement in support of sealing a narrow subset of the materials Plaintiff WPEngine, Inc. ("WP Engine") provisionally lodged under seal in connection with its Motion for Sanctions for Defendants' Spoliation of Evidence (Dkt. 357, the "Motion") and accompanying Administrative Motion (Dkt. 358). The provisionally sealed material in the Motion and Exhibits 18, 19, 21, and 22 identified in the chart below (the "Designated Material") contains confidential, highly sensitive information from Defendants' and Counterclaimants' productions, which were designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" under the parties' Stipulated Protective Order (Dkt. 104). For the reasons set forth herein, Defendants and Counterclaimants respectfully request that the Designated Material remain sealed.

Mindful of the strong presumption of public access, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), Defendants have narrowly cabined their request and seek to seal only nonpublic, competitively sensitive business information reflected in exhibits that do not bear on the merits of the Motion, together with the corresponding passages of the Motion. Defendants *do not* seek to seal any of the materials bearing on the preservation issues raised by the Motion and affirmatively consent to public filing of Exhibits 11 through 14 in their entirety, and propose only narrow redactions of Exhibits 18 and 19. Defendants likewise do not seek to seal any portion of the Motion that draws solely from these materials and submit that the corresponding provisional redactions in the Motion may be lifted.

The Court has "broad latitude . . . to prevent disclosure of materials for many types of information," including "commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). The standard turns on the nature of the underlying motion: records attached to filings that go to the merits of a case may be sealed only for "compelling reasons," while records tied to filings—like the Motion and exhibits at issue here—that are unrelated, or only tangentially related, to the merits may be sealed on a lesser showing of "good cause." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1101–02 (9th Cir. 2016). The Motion concerns alleged spoliation of evidence in discovery and is not related—or at most tangentially related—to the

1

merits of this case. Accordingly, the "good cause" standard governs. *See, e.g., Phillips*, 307 F.3d at 1213 (applying good-cause standard to discovery-sanctions motion); *Kamakana*, 447 F.3d at 1179–80; *WhatsApp Inc. v. NSO Grp. Techs., Ltd.*, 491 F. Supp. 3d 584, 596 (N.D. Cal. 2020).

Good cause requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips*, 307 F.3d at 1210–11; *see also* Fed. R. Civ. P. 26(c)(1). That standard is readily satisfied here. Disclosure of the Designated Material would reveal Automattic's confidential trademark licensing and partnership pricing methodology, its negotiation strategies, and the identities of and terms discussed with third-party counterparties. And no public-access interest offsets that harm because the Designated Material is collateral to the Motion; the Court can resolve the Motion without reference to Automattic's pricing and licensing strategy, and sealing this collateral commercial information will deprive the public of nothing needed to understand the Court's disposition. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 & n.6 (9th Cir. 2010) (explaining that the "cognizable public interest in judicial records" underlying the compelling-reasons standard "does not exist for documents produced between private litigants" that are not relevant to the merits).

That WP Engine's Motion demands the extraordinary remedy of dismissing seven counterclaims does not alter the standard. As this circuit has made clear, "public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.'" *Ctr. for Auto Safety*, 809 F.3d at 1101. "Neither [Ninth Circuit] case law nor the strong principles of public access to the courts supports such incongruity" where "[a] motion for discovery sanctions that requests dismissal as a remedy would be 'dispositive'" and thus subject to the compelling reasons standards "while the same motion attaching the same documents—but seeking a remedy just shy of dismissal—would be 'nondispositive,'" and subject to a lower good cause standard. *Id.* at 1099. Any rule to the contrary would allow a party to recast a routine discovery dispute as a merits proceeding through nothing more than a demand for dismissal—however thin the record or disproportionate the requested relief may be.

Nevertheless, the Designated Material warrants sealing even under the more demanding "compelling reasons" standard, which is satisfied where records could serve as "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435

2

U.S. 589, 598 (1978); *accord Kamakana*, 447 F.3d at 1179. Courts routinely seal the sort of confidential pricing, licensing, and negotiation strategy the Designated Material comprises. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221–25 (Fed. Cir. 2013) (applying Ninth Circuit law); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008). Because the Designated Material clears that higher bar, it *a fortiori* satisfies good cause.

Defendants seek to seal the following materials, each of which discloses Automattic's confidential and competitively sensitive business strategy.

| Document Description | Dkt. No. of redacted version | Dkt. No. of unredacted version | Portion(s) sought to be sealed | Reason for sealing |
|---|---|---|---|---|
| Exhibit 18 — Excerpts of Friedman Deposition | 368-1 | 358-7 | Proposed Redacted Version of Exhibit 18 attached hereto | Internal strategy discussions concerning trademark-licensing terms, business-negotiation strategy, and competitive strategy |
| Exhibit 19 — A8C00706126–27 | 368-2 | 358-8 | Proposed Redacted Version of Exhibit 19 attached hereto | Internal strategy discussions concerning nonpublic prospective business partners and internal negotiating posture |
| Exhibit 21 — A8C01401821–25 | 357-22 | 358-9 | Entire document | Internal strategy discussions concerning trademark licensing tiers, enforcement, and specific pricing terms |
| Exhibit 22 — A8C00920900 | 357-23 | 358-10 | Entire document | Internal analysis concerning detailed pricing methodology, specific dollar figures, and forward-looking negotiation strategy |
| Motion — Page 17, Lines 10–13 | 368-3 | 358-2 | Proposed Redacted Version of the Motion attached hereto | Describes internal strategy discussions concerning trademark licensing from Exhibits 18, 21, and 22 |

**Exhibit 18.** Exhibit 18 consists of excerpts of the January 23, 2026 deposition transcript of Jesse Friedman, which has been designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Compelling reasons support partially sealing the identified passages because they disclose non-public trademark licensing and pricing terms and Automattic's internal negotiation and competitive strategy. Disclosure would harm Automattic's competitive position by exposing pricing and strategy that competitors and prospective partners could exploit. Courts routinely

3

find such information satisfies the compelling reasons standard. *See In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) ("licensing terms, royalties paid or owed under license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfy compelling reasons standard); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). Partial redaction adequately protects Defendants' interests; they do not seek to seal remainder of the transcript.

**Exhibit 19.** Exhibit 19 (A8C00706126–27) is an internal message thread among Automattic leadership, including Mr. Mullenweg, designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Compelling reasons support sealing the passages identified in the attached proposed redactions, which name specific non-public prospective business partners and reflect Defendants' internal assessment of, and negotiating posture toward, those relationships. Disclosure would harm Automattic's competitive standing by revealing which partnership discussions were underway and letting competitors and counterparties exploit that information. *See Actian Corp. v. AB Sciex LLC*, 2023 WL 7166811, at *2 (N.D. Cal. Oct. 30, 2023) (compelling reasons to seal "confidential business information, the disclosure of which would cause competitive harm"); *Nixon*, 435 U.S. at 598. Defendants do not seek sealing of the remainder of the exhibit.

**Exhibit 21.** Exhibit 21 (A8C01401821–25) is an internal message thread designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. It reflects non-public strategy concerning trademark licensing structure and enforcement, and specific proposed pricing and revenue-share terms then under negotiation. Disclosure would cause direct and irreparable competitive harm by handing competitors and prospective licensees a roadmap of Automattic's licensing, enforcement, and pricing strategy. *See Jam Cellars, Inc. v. Wine Grp. LLC*, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (compelling reasons to seal "confidential business and proprietary information"); *In re Elec. Arts, Inc.*, 298 F. App'x at 569; *Miotox LLC v. Allergan, Inc.*, 2016 WL 3176557, at *2 (C.D. Cal. June 2, 2016) (information a competitor could use to "undermine [the designating party's] position in the marketplace" is sealable). No less restrictive alternative is sufficient because the confidential strategic discussions and proprietary assessments pervade this Exhibit, and partial redaction would not adequately protect Defendants' interests while leaving little meaningful public content.

DEFENDANTS' AND COUNTERCLAIMANTS' STATEMENT IN CONNECTION WITH PLAINTIFF'S ADMINISTRATIVE MOTION RE: SEALING
CASE NO. 4:24-CV-06917-AMO

**Exhibit 22.** Exhibit 22 (A8C00920900–06), Exhibit 8 to the Friedman deposition, is an internal strategy document titled "Pricing Trademarks for Hosting Companies," designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. It sets out Automattic's proprietary internal methodology for calculating trademark licensing fees and forward-looking negotiation strategy for specific counterparties Disclosure would irreparably harm Automattic's negotiating position with every named host and let competitors exploit a pricing methodology Automattic has committed to keep confidential. *See In re Qualcomm Litig.*, 2017 WL 5176922, at *2; Day v. GEICO Cas. Co., 2023 WL 5955795, at *2 (N.D. Cal. Aug. 30, 2023) (sealing "non-public financial information related to [a party's] operations" that would "threaten" "competitive interests"). No less restrictive alternative is sufficient because the confidential strategic discussions and proprietary assessments pervade this Exhibit, and partial redaction would not adequately protect Defendants' interests while leaving little meaningful public content.

**WP Engine's Motion.** The highlighted portions of the Motion quote, describe, or reference the substance of the confidential discussions and information reflected in Exhibits 18, 21, and 22. These portions should remain sealed for the same reasons that Exhibits 18, 21, and 22 should remain sealed— their disclosure would effectively accomplish the same competitive harm that sealing the Exhibits is intended to prevent.

For the foregoing reasons, Defendants respectfully request that the Court (1) seal the targeted, highlighted redactions to Exhibits 18 and 19; (2) maintain under seal Exhibits 21 and 22 in their entirety; and (3) maintain under seal only the corresponding portions of the Motion that rely on the provisionally sealed material. Defendants do not seek to seal, and consent to the public filing of, all remaining lodged materials, including Exhibits 11, 12, 13, and 14.

DEFENDANTS' AND COUNTERCLAIMANTS' STATEMENT IN CONNECTION WITH PLAINTIFF'S
ADMINISTRATIVE MOTION RE: SEALING
CASE NO. 4:24-CV-06917-AMO

DATED:  August 4, 2026                    Respectfully submitted,


GIBSON DUNN & CRUTCHER, LLP
By:  */s/ Joseph R. Rose*
Joseph R. Rose


*Attorneys for Defendants and Counterclaimants
Automattic Inc., Matthew Charles Mullenweg WordPress
Foundation, and WooCommerce Inc.*

6