JOSEPH R. ROSE, SBN 27902
  jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

MICHAEL H. DORE, SBN 227442
  mdore@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

JOSH A. KREVITT, SBN 208552
  jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER *(admitted pro hac vice)*
  osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
 Facsimile: 212.351.6335

*Attorneys for Defendants Automattic Inc. and
Matthew Charles Mullenweg*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>    Defendants. | Case No. 3:24-cv-06917-AMO<br><br>**SUPPLEMENTAL DECLARATION OF JONATHAN ROBINS (CTO OF LEVEL LEGAL)** |

## <u>SUPPLEMENTAL DECLARATION OF JONATHAN ROBINS</u>

I, Jonathan Robins, declare as follows:

1.      I am the Chief Technology Officer and VP of eDiscovery for Level Legal, an eDiscovery and managed review provider that was retained in February 2025 by Defendants to act as their discovery vendor and to provide managed review services in this action. I previously submitted a declaration in compliance with the Court's April 28, 2026 Order (Dkt. No. 272) (the "Prior Declaration"). I make this supplemental declaration based on my own personal knowledge and, if called as a witness, could and would testify competently to these facts. This declaration supplements, and should be read together with, my Prior Declaration, and I use the same defined terms.

2.      On October 2, 2025, I participated in a Zoom meeting with Matt Mullenweg and Michael Dore of Gibson, Dunn & Crutcher LLP. In that Zoom meeting, Mr. Mullenweg used search terms to perform searches of his WhatsApp and Signal applications as they were installed on Mr. Mullenweg's iPhone device.

3.      The method used during the session was as follows. Mr. Mullenweg joined the Zoom meeting from his computer and added his iPhone to the call as an additional participant so he could share the iPhone screen. We then searched both the Signal and WhatsApp applications with a set of search terms, term by term, using the applications' native search functions, while Mr. Dore and I observed. Neither the Signal application nor the WhatsApp application has Boolean search capability, so each term was searched individually. I then captured the results returned within each application by screenshot.

4.      The terms entered were as follows: WP Engine, WPEngine, WPE, Bullenweg, Heather, Brunner, Wittlinger, Lee, wordpress.org, w.org, migration, ACF, SCF, Silverlake, Silver Lake and trademark. We captured the hits returned by screenshot rather than by forensic extraction, without regard to whether the hit appeared responsive to any request for production.

Gibson, Dunn &
Crutcher LLP

5.     During the same session, the application settings screens addressing disappearing or auto-delete messages were opened on the device and captured by screenshot. Those screenshots show that the disappearing or auto-delete message setting was not enabled (*i.e.*, it was off) at the time the screenshots were taken. A true and correct copy of those screenshots is attached as Exhibit A.

6.     On March 16, 2026, Mr. Mullenweg's iPhone was re-imaged and a Full File System image was collected, as described in my Prior Declaration. A member of the Level Legal team manually compared the communications captured in the October 2, 2025 screenshots against the Signal and WhatsApp data collected from that image. Each of those communications was present in the March 16, 2026 image and was processed and loaded to Relativity in RSMF format.

7.     I also provide the following additional detail regarding the April 17, 2025 imaging of Mr. Mullenweg's iPhone described in my Prior Declaration. That imaging was performed at Mr. Mullenweg's home by Tyler Rector, an examiner with R3 Digital Forensics, LLC.. The process took approximately 14 hours to complete.

8.     At the time of the April 17, 2025 imaging, Mr. Mullenweg's iPhone was running iOS 18.4, which was released on March 31, 2025. When Apple releases new iOS versions, they are available to everyone on the date of release. This does not mean that everyone will get that update on that date when using the "automatic updates" feature of the phone. Apple deliberately staggers those automatic pushes over a period of weeks, so Mr. Mullenweg's phone may not have updated until a week or longer after the release date. The imaging was performed using Cellebrite UFED, version 10.5.0.222. That software did not yet fully support iOS 18.4 at the time of imaging. Multiple different attempts were made by the examiner to obtain a Full File System image of the iPhone, but none were successful, so an Advanced Logical image was created.

9.     I am informed by members of our case team that Defendants began rolling productions from Mr. Mullenweg's custodial files by September 2025. On September 12, 2025, Defendants

3

Gibson, Dunn & Crutcher LLP

produced 1,836 documents from Mr. Mullenweg's custodial files, including responsive, non-privileged Telegram communications. Dkt. 177 at 2, 4. By early October 2025, Defendants had collected more than six terabytes of data from Defendants' P2, Slack, email, and other work platforms, reviewed more than 1.5 million documents, and produced more than 44,000 documents, including nearly 2,000 documents from Mr. Mullenweg's custodial files and approximately 1,000 additional documents on which he appeared as a sender or recipient. Dkt. 177 at 4.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed at London, United Kingdom on this day 11 of August, 2026.

DATED:  August 11, 2026                    By:  Signed by:

*Jonathan Robins*

56052DF8DD9E4CF...

Jonathan Robins

Gibson, Dunn &
Crutcher LLP

SUPPLEMENTAL DECLARATION OF JONATHAN ROBINS
CASE NO. 3:24-CV-06917-AMO