# EXHIBIT G

JOSEPH R. ROSE, SBN 27902
  jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

MICHAEL H. DORE, SBN 227442
  mdore@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

JOSH A. KREVITT, SBN 208552
  jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER *(admitted pro hac vice)*
  osnyder@gibsondunn.com
HOWARD S. HOGAN *(admitted pro hac vice)*
  hhogan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

*Attorneys for Defendants Automattic Inc. and
Matthew Charles Mullenweg and Counterclaimants
WordPress Foundation and WooCommerce Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>Defendants.<br><hr><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | Case No. 3:24-cv-06917-AMO<br><br>**DEFENDANT MATTHEW CHARLES MULLENWEG'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**<br><br>Judge: Honorable Araceli Martinez-Olguin |

Gibson, Dunn & Crutcher LLP

1

Pursuant to Federal Rules of Civil Procedure 26 and 36 and Local Rule 33, Defendant Matthew Charles Mullenweg, by and through his undersigned attorneys, hereby objects and responds to Plaintiff WP Engine Inc.'s ("WPE" or "Plaintiff") First Set of Requests for Admission to Defendant Matthew Charles Mullenweg (the "RFAs," and each a "Request").

## PRELIMINARY STATEMENT

1. Mr. Mullenweg responds generally that its investigation of facts relevant to this litigation is ongoing. The following Responses are made to the best of Mr. Mullenweg's present knowledge, information, and belief. Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the Responses herein. Mr. Mullenweg expressly reserves the right to supplement, amend, correct, clarify, or modify these Responses as further information becomes available. In each and every Specific Response and Objection, Mr. Mullenweg incorporates by reference each and every General Objection, Objection to Definition, and Objection to Instruction. Mr. Mullenweg also incorporates by reference each and every Objection to Definition into each and every Objection to Instruction, and vice versa. A Specific Response may repeat a General Objection, Objection to Definition, and/or Objection to Instruction for emphasis or for another reason. The omission of any General Objection, Objection to Definition, and/or Objection to Instruction in any Specific Response is not intended to be, nor should it be construed as, a waiver of any such Objections.

## GENERAL OBJECTIONS

2. Mr. Mullenweg objects to the RFAs, including the Instructions and Definitions and each specific Request therein, to the extent they seek to impose obligations that exceed the scope of permissible discovery under the Federal Rules of Civil Procedure, the Civil Local Rules, and all applicable rules and orders of this Court.

3. Mr. Mullenweg objects to the RFAs, including the Instructions and Definitions and each specific Request therein, to the extent they: (i) seek information that is not relevant to any party's claims or defenses in the action; (ii) impose a burden disproportional to the needs of the case; (iii) seek information beyond the scope of permissible discovery; (iv) are unreasonably cumulative or duplicative; or (v) seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

Gibson, Dunn & Crutcher LLP

4.      Mr. Mullenweg objects to the RFAs, including the Instructions and Definitions and each specific Request therein, to the extent they are unrelated and irrelevant to the claims in, or defenses to, this litigation and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Mr. Mullenweg in having to search for and provide such information.

5.      Mr. Mullenweg objects to the RFAs on the grounds that their number is itself oppressive and harassing, particularly in light of the fact that the pleadings in this case are not yet settled.

6.      Mr. Mullenweg objects to the RFAs, including the Instructions and Definitions and each specific Request therein, to the extent they are vague, ambiguous, overbroad, and/or unduly burdensome.

7.      Mr. Mullenweg objects to the RFAs, including the Instructions and Definitions and each specific Request therein, to the extent they seek information protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the mediation privilege, the joint-defense privilege, and/or any other applicable privilege, immunity, or protection. Specific objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a specific objection should not be interpreted as evidence that Mr. Mullenweg does not object to a Request on the basis of an applicable privilege. The inadvertent disclosure of any information subject to such privilege or protection is not intended to relinquish any privilege or protection and shall not be deemed to be a waiver of any applicable privilege or protection.

8.      Mr. Mullenweg objects to the RFAs, including the Instructions and Definitions and each specific Request therein, to the extent they call for information subject to a confidentiality agreement, or other restrictions, or to a protective order or other court order entered in an action or proceeding, including the Stipulated Protective Order entered by the Court on February 10, 2025 (Dkt. 104). Mr. Mullenweg's Responses are made solely for the purposes of and in relation to this action. Mr. Mullenweg's providing such information is subject to Mr. Mullenweg's compliance with any notice and/or contractual obligations to third parties in advance of disclosure.

9.      Mr. Mullenweg objects to the RFAs, including the Instructions and Definitions and each specific Request therein, as overbroad, unduly burdensome, and oppressive to the extent any Request

MULLENWEG'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST SET OF RFAS
CASE NO. 3:24-CV-06917-AMO

Gibson, Dunn &
Crutcher LLP

fails to specify a relevant time period, to the extent the specified time period is irrelevant, or to the extent that the specified period includes periods of time for which WPE would not be entitled to collect any damages.

10.     Mr. Mullenweg objects to the RFAs, including the Instructions and Definitions and each specific Request therein, to the extent they contain characterizations, definitions, arguments, or assumptions. Nothing contained in or absent from Mr. Mullenweg's Responses and Objections shall constitute, or be deemed as, an admission, concession, or agreement that WPE's characterizations, definitions, arguments, or assumptions are correct or accurate. The failure to object to any of the defined terms that are listed in the "Definitions" section of the RFAs, but that are not used by WPE in any of the RFAs directed to Mr. Mullenweg, shall not be construed as a waiver of any objections to the definitions of those defined terms.

11.     Mr. Mullenweg objects to the RFAs, including the Instructions and Definitions and each specific Request therein, to the extent they lack foundation, or incorporate allegations and assertions that are disputed or erroneous. By responding and objecting to the RFAs, Mr. Mullenweg does not admit the correctness of such assertions.

12.     Mr. Mullenweg objects to the RFAs, including the Instructions and Definitions and each specific Request therein, as unduly burdensome to the extent they seek information that (i) is not within the possession, custody, or control of Mr. Mullenweg; (ii) is as readily available to WPE as to Mr. Mullenweg; (iii) is already in the possession of WPE; or (iv) is public.

13.     Mr. Mullenweg objects to the RFAs, including the Instructions and Definitions and each specific Request therein, to the extent they purport to require Mr. Mullenweg to compile information in a manner that is not maintained in the ordinary course of business, or to create documents, including but not limited to charts, tables, reviews, proposals, methodologies, and/or breakdowns, etc., that do not already exist.

14.     Mr. Mullenweg objects to the RFAs, including the Instructions and Definitions and each specific Request therein, to the extent they seek information that is beyond Mr. Mullenweg's possession, custody, or control.

MULLENWEG'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST SET OF RFAS
CASE NO. 3:24-CV-06917-AMO

15.     Mr. Mullenweg objects to the RFAs, including the Instructions and Definitions and each specific Request therein, to the extent they rely on terms that are not defined and could be understood to have multiple meanings.

16.     By responding to the RFAs, Mr. Mullenweg does not concede the relevancy or materiality of any Request or of the subject to which it refers. Mr. Mullenweg's Responses are made subject to, and without waiving, any objections as to the competency, relevancy, materiality, privilege, or admissibility of any of the Responses given, or of the subject matter, in any proceeding in this action or in any other subsequent proceeding.

17.     Mr. Mullenweg responds to the RFAs, including the Instructions and Definitions and each specific Request therein, without waiving or intending to waive, but rather preserving and intending to preserve, its right to object to any other discovery requests.

18.     Mr. Mullenweg reserves all other unarticulated objections.

## OBJECTIONS TO DEFINITIONS

19.     Mr. Mullenweg objects to the Definitions in the RFAs to the extent they purport to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure, the Civil Local Rules, and all applicable rules and orders of this Court. Mr. Mullenweg will construe and respond to the RFAs in accordance with the requirements of the Federal Rules of Civil Procedure, the Civil Local Rules, and all applicable rules and orders of this Court.

20.     Mr. Mullenweg objects to the definition of the term "Automattic" to the extent that this term includes entities and individuals, the identities of which are unknown to Mr. Mullenweg, do not represent, act or stand for Automattic, or are not within Automattic's possession, custody or control. Mr. Mullenweg further objects to the definition to the extent that it purports to encompass Automattic's business lines unrelated to the claims and defenses in this case, including without limitation Tumblr, Akismet, Beeper, Day One, Pocket Casts, Longreads, Gravatar and other unrelated businesses or ventures, and is therefore overbroad, unduly burdensome and not proportional to the needs of the case. Mr. Mullenweg construes this definition to apply only to the following business lines: WordPress.com, WooCommerce, Jetpack, WP VIP, Newspack and Pressable. Mr. Mullenweg additionally objects to

MULLENWEG'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST SET OF RFAS
CASE NO. 3:24-CV-06917-AMO

Gibson, Dunn &
Crutcher LLP

this definition to the extent it purports to encompass legal counsel, implicating documents and information protected by the attorney-client privilege or work product doctrine.

21. Mr. Mullenweg objects to the definition of the term "Mr. Mullenweg" to the extent that this term includes entities and individuals other than Mr. Mullenweg, including the identities of which are unknown to Mr. Mullenweg, do not represent, act or stand for Mr. Mullenweg or are not within Mr. Mullenweg's possession, custody or control. Mr. Mullenweg further objects to this definition to the extent it purports to encompass legal counsel, implicating documents and information protected by the attorney-client privilege or work product doctrine. Mr. Mullenweg construes this definition to apply only to Mr. Mullenweg himself.

22. Mr. Mullenweg objects to the definition of the term "WordPress Foundation" to the extent that it mischaracterizes the formation or claimed tax status of that entity. Mr. Mullenweg also objects to this definition to the extent it purports to encompass legal counsel, implicating documents and information protected by the attorney-client privilege or work product doctrine. Mr. Mullenweg further objects to this definition to the extent it purports to encompass any entities other than WordPress Foundation or people acting on its behalf, including specifically "computer systems owned or operated by" such entities, which phrase is additionally vague and ambiguous.

23. Mr. Mullenweg objects to the definition of "WordPress Software" as vague and ambiguous, and as overbroad and unduly burdensome to the extent "open source content management system" could be construed to include all software, applications, extensions, and other products and services Defendants and other third parties provide for use with WordPress.com, most of which are not relevant to this action. In responding to the RFAs, Mr. Mullenweg will construe this phrase to mean WordPress Software GPL code, available at https://github.com/WordPress/WordPress or WordPress.org.

24. Mr. Mullenweg objects to the definition of "WordPress Plugin" as vague and ambiguous, and as overbroad and unduly burdensome to the extent "software that extends the functionality of WordPress Software" could be construed to include all software, applications, extensions, and other products and services Defendants and other third parties provide for use with WordPress.com, most of which are not relevant to this action. In responding to the RFAs, Mr.

Gibson, Dunn & Crutcher LLP

Mullenweg will construe "WordPress Plugin" as structured data plugins provided or developed by Automattic.

25. Mr. Mullenweg objects to the definition of "WordPress Sites" as vague and ambiguous, and as overbroad, unduly burdensome, and seeking information outside Mr. Mullenweg's possession, custody, or control to the extent "any website that is built using the WordPress Software" could be construed to include all websites built by any third party at any point in time using the WordPress software.

26. Mr. Mullenweg objects to the definition of "Defendants' Actions" as vague and ambiguous, and as overbroad, unduly burdensome, and seeking information outside Mr. Mullenweg's possession, custody, or control to the extent "actions taken by Defendants on or after September 20, 2024" could be construed to include all actions taken by anyone at Automattic, including actions which are not relevant to this action. In responding to the RFAs, Mr. Mullenweg will construe "Defendants' Actions" as actions taken by Defendants on or after September 20, 2024 that are alleged in WPE's Corrected Second Amended Complaint.

27. Mr. Mullenweg objects to the definition of "Challenged Terms" as vague and ambiguous and seeking attorney work product in applying to "any other word or design marks that You are asserting, or intend to assert, against WPE."

28. Mr. Mullenweg objects to the definition of "Documents" as overbroad, unduly burdensome, vague, and ambiguous. Mr. Mullenweg further objects to the definition of "Documents" as imposing undue burden and expense to the extent that, in the context of any particular request, it would encompass emails or other electronically stored information without reasonable limits placed on the number of custodians and keywords to reduce the burden and expense of collection, processing, review, and production. Mr. Mullenweg further objects to the definition of "Documents" to the extent that it refers to documents which are outside Mr. Mullenweg's possession, custody, or control. Mr. Mullenweg further objects to the definition of "Documents" to the extent it includes publicly available documents. In responding to the RFAs, Mr. Mullenweg will construe this term in accordance with the requirements of the Federal Rules of Civil Procedure, the Civil Local Rules, and all applicable rules and orders of this Court. Unless otherwise indicated, and subject to these objections, for purposes of

Gibson, Dunn & Crutcher LLP

MULLENWEG'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST SET OF RFAS
CASE NO. 3:24-CV-06917-AMO

objecting and responding to these Requests, Mr. Mullenweg will construe any reference to "Documents" to include communications.

29.     Mr. Mullenweg objects to the definition of "Communicate," "Communicated," and "Communications" as overbroad, unduly burdensome, vague, and ambiguous. Mr. Mullenweg further objects to the definition of "Communicate," "Communicated," and "Communications" to the extent that it refers to documents which are outside Mr. Mullenweg's possession, custody, or control. Mr. Mullenweg further objects to the definition of "Communicate," "Communicated," and "Communications" to the extent it refers to publicly available documents. In responding to the RFAs, Mr. Mullenweg will construe this term in accordance with the requirements of the Federal Rules of Civil Procedure, the Civil Local Rules, and all applicable rules and orders of this Court.

**OBJECTIONS TO INSTRUCTIONS**

30.     Mr. Mullenweg objects to the Instructions to the extent they purport to impose obligations that go beyond the requirements of the Federal Rules of Civil Procedure, the Civil Local Rules, any other applicable rules, or any discovery protocols agreed upon by the parties or ordered by the Court, and/or use undefined terminology that is vague and ambiguous. Mr. Mullenweg will respond to the Requests in accordance with the requirements of the Federal Rules and other applicable rules or laws.

**SPECIFIC RESPONSES & OBJECTIONS**

**REQUEST NO. 1:**

Admit that You have used the Signal messaging application to send or receive messages after October 2, 2024.

**RESPONSE TO REQUEST NO. 1:**

Mr. Mullenweg restates and incorporates his Preliminary Statement, General Objections, Objections to Definition, and Objections to Instruction as though fully set forth in this Response. Mr. Mullenweg objects to this Request on the grounds that it is overbroad and seeks information that is not relevant to any party's claims or defenses in the action. By responding to this Request, Mr. Mullenweg does not admit Plaintiff's allegations and/or claims in this action. Subject to the foregoing general and

specific objections, and without waiving any of his rights and privileges, Mr. Mullenweg admits this Request.

**REQUEST NO. 2:**

Admit that You have used the Telegram messaging application to send or receive messages after October 2, 2024.

**RESPONSE TO REQUEST NO. 2:**

Mr. Mullenweg restates and incorporates his Preliminary Statement, General Objections, Objections to Definition, and Objections to Instruction as though fully set forth in this Response. Mr. Mullenweg objects to this Request on the grounds that it is overbroad and seeks information that is not relevant to any party's claims or defenses in the action. By responding to this Request, Mr. Mullenweg does not admit Plaintiff's allegations and/or claims in this action. Subject to the foregoing general and specific objections, and without waiving any of his rights and privileges, Mr. Mullenweg admits this Request.

**REQUEST NO. 3:**

Admit that at least some messages that You sent or received after October 2, 2024 using the Signal messaging application were automatically deleted by the application.

**RESPONSE TO REQUEST NO. 3:**

Mr. Mullenweg restates and incorporates his Preliminary Statement, General Objections, Objections to Definition, and Objections to Instruction as though fully set forth in this Response. Mr. Mullenweg objects to this Request on the grounds that it is overbroad and seeks information that is not relevant to any party's claims or defenses in the action. Mr. Mullenweg objects to this Request to the extent it seeks information beyond Mr. Mullenweg's possession, custody, or control. Mr. Mullenweg responds to this Request based upon reasonable inquiry and to the best of his knowledge. Mr. Mullenweg objects to the terms "automatically deleted" and "application" as vague and ambiguous. By responding to this Request, Mr. Mullenweg does not admit Plaintiff's allegations and/or claims in this action. Subject to the foregoing general and specific objections, and without waiving any of his rights and privileges, Mr. Mullenweg denies this Request.

Gibson, Dunn & Crutcher LLP

MULLENWEG'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST SET OF RFAS
CASE NO. 3:24-CV-06917-AMO

**REQUEST NO. 4:**

Admit that at least some messages that You sent or received after October 2, 2024 using the Telegram messaging application were automatically deleted by the application.

**RESPONSE TO REQUEST NO. 4:**

Mr. Mullenweg restates and incorporates his Preliminary Statement, General Objections, Objections to Definition, and Objections to Instruction as though fully set forth in this Response. Mr. Mullenweg objects to this Request on the grounds that it is overbroad and seeks information that is not relevant to any party's claims or defenses in the action. Mr. Mullenweg objects to this Request to the extent it seeks information beyond Mr. Mullenweg's possession, custody, or control. Mr. Mullenweg responds to this Request based upon reasonable inquiry and to the best of his knowledge. Mr. Mullenweg objects to the terms "automatically deleted" and "application" as vague and ambiguous. By responding to this Request, Mr. Mullenweg does not admit Plaintiff's allegations and/or claims in this action. Subject to the foregoing general and specific objections, and without waiving any of his rights and privileges, Mr. Mullenweg denies this Request.

**REQUEST NO. 5:**

Admit that You have deleted at least one X.com post Referencing WPE after October 2, 2024.

**RESPONSE TO REQUEST NO. 5:**

Mr. Mullenweg restates and incorporates his Preliminary Statement, General Objections, Objections to Definition, and Objections to Instruction as though fully set forth in this Response. Mr. Mullenweg objects to the terms "post" and "Referencing" as vague and ambiguous. By responding to this Request, Mr. Mullenweg does not admit Plaintiff's allegations and/or claims in this action. Subject to the foregoing general and specific objections, and without waiving any of his rights and privileges, Mr. Mullenweg admits only that he deleted (i) one public X.com post published on or around January 9, 2025 reading: "After 21 years of blood, sweat, and tears working on open source while also trying to build a business that did the same, it's so refreshing to follow the example of inspiring business leaders like @heatherjbrunner and focus fully on maximizing shareholder value."; and (ii) one public X.com reply by him to the post, published on or around January 9, 2025 reading: "I, too, want to be an

MULLENWEG'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST SET OF RFAS
CASE NO. 3:24-CV-06917-AMO

Gibson, Dunn & Crutcher LLP

Engine for Good like @wpengine," with a link to WP Engine's "Engine for Good" webpage. Mr. Mullenweg refers WPE to A8C00875880. Mr. Mullenweg otherwise denies this Request.

**REQUEST NO. 6:**

Admit that You have deleted at least one Slack message Referencing WPE after October 2, 2024.

**RESPONSE TO REQUEST NO. 6:**

Mr. Mullenweg restates and incorporates his Preliminary Statement, General Objections, Objections to Definition, and Objections to Instruction as though fully set forth in this Response. Mr. Mullenweg objects to this Request on the grounds that lacks foundation, is overbroad, and seeks information that is not relevant to any party's claims or defenses in the action. Mr. Mullenweg objects to this Request objects to the term "Referencing" as vague and ambiguous. By responding to this Request, Mr. Mullenweg does not admit Plaintiff's allegations and/or claims in this action. Subject to the foregoing general and specific objections, and without waiving any of his rights and privileges, Mr. Mullenweg admits that he deleted one Slack message referencing WPE after October 2, 2024, which he then reposted with additional content. Mr. Mullenweg refers WPE to A8C00753530 and A8C00863283. Mr. Mullenweg otherwise denies this Request.

**REQUEST NO. 7:**

Admit that You personally own the domain wordpress.org.

**RESPONSE TO REQUEST NO. 7:**

Mr. Mullenweg restates and incorporates his Preliminary Statement, General Objections, Objections to Definition, and Objections to Instruction as though fully set forth in this Response. Mr. Mullenweg objects that the term "personally own" is vague and ambiguous. Mr. Mullenweg objects to this Request as overbroad because it is not limited by time period. By responding to this Request, Mr. Mullenweg does not admit Plaintiff's allegations and/or claims in this action. Subject to the foregoing general and specific objections, and without waiving any of his rights and privileges, Mr. Mullenweg admits that he registered the domain name WordPress.org in 2003. Mr. Mullenweg otherwise denies this Request.

has offered services that he describes as "Hosted WordPress" and otherwise lacks information sufficient to admit or deny this Request.

**REQUEST NO. 71:**

Admit that WordPress Foundation has not hosted, does not host, and does not plan to host WordPress Sites.

**RESPONSE TO REQUEST NO. 71:**

Mr. Mullenweg restates and incorporates his Preliminary Statement, General Objections, Objections to Definition, and Objections to Instruction as though fully set forth in this Response. Mr. Mullenweg objects to the use of the terms "host" and "hosted" as vague and ambiguous. Mr. Mullenweg objects to this Request as compound. By responding to this Request, Mr. Mullenweg does not admit Plaintiff's allegations and/or claims in this action. Subject to the foregoing general and specific objections, and without waiving any of his rights and privileges, Mr. Mullenweg admits only that the WordPress Foundation is a charitable organization founded to further the mission of the WordPress open source project. Mr. Mullenweg otherwise denies this Request.

DATED: December 1, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Joseph R. Rose*
        Joseph R. Rose

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg and Counterclaimants WordPress Foundation and WooCommerce Inc.*

MULLENWEG'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST SET OF RFAS
CASE NO. 3:24-CV-06917-AMO

Gibson, Dunn &
Crutcher LLP

**CERTIFICATE OF SERVICE**

I am a citizen of the United States and employed in San Francisco, California. I am over the age of eighteen and not a party to the within-entitled action. My business address is Gibson, Dunn & Crutcher LLP, One Embarcadero Center, Suite 2600, San Francisco, CA 94111-3715. On December 1, 2025, I served a copy of the foregoing document by transmitting it via e-mail or electronic transmission to the person(s) at the e-mail address(es) set forth below.

QUINN EMANUEL URQUHART & SULLIVAN LLP
Rachel Herrick Kassabian (rachelkassabian@quinnemanuel.com)
Yury Kapgan (yurykapgan@quinnemanuel.com)
Margret M. Caruso (margretcaruso@quinnemanuel.com)
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Brian Mack (brianmack@quinnemanuel.com)
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for Plaintiff*
WPEngine, Inc.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 1, 2025 in Davis, California.

/s/ Priyah Kaul
Priyah Kaul

MULLENWEG'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST SET OF RFAS
CASE NO. 3:24-CV-06917-AMO

Gibson, Dunn &
Crutcher LLP