# Exhibit 1

**Greg Fuoco**

| | |
|---|---|
| **From:** | Kaitlin Keohane |
| **Sent:** | Tuesday, September 30, 2025 5:35 PM |
| **To:** | *** Automattic WPEngine Litigation |
| **Cc:** | QE-WPE |
| **Subject:** | WPEngine, Inc. v. Automattic Inc., et al. - Joint Letter |
| **Attachments:** | 2025-09-30 Joint Letter re Discovery from Mullenweg's Messaging Applications.docx |

Counsel,

WPE remains concerned about Defendants' preservation efforts with regards to Mr. Mullenweg's WhatsApp, Signal, and Telegram messaging applications. To date, no documents have been produced from these sources, and Defendants have not provided a date certain by which such documents will be produced. Accordingly, please find attached a joint letter to the Court on this issue. Please provide Defendants' position by no later than Friday at 12:00 PM PT. WPE reserves the right to make additional changes to the joint letter based on Defendants' response.

Regards,
Kaitlin

**Kaitlin Keohane**
**Quinn Emanuel Urquhart & Sullivan, LLP**

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5065 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
kaitlinkeohane@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

October 6, 2025 Via ECF
Hon. Donna M. Ryu
Re: *WPEngine, Inc. v. Automattic Inc. et al.*, No. 3:24-cv-06917 (N.D. Cal.)

Dear Judge Ryu:

Plaintiff WPEngine, Inc. ("WPE") and Defendants Matthew Mullenweg and Automattic Inc. ("Defendants") respectfully submit this joint letter brief regarding the production of Mr. Mullenweg's WhatsApp, Signal, and Telegram communications. Counsel conferred via Zoom meetings on February 4, February 24, September 24, and September 29, but reached an impasse. Fact discovery closes on November 20, 2025; expert discovery closes on March 19, 2026; the last day for Defendants to file for summary judgment is April 8, 2026; the last day for Plaintiff to file a combined cross-motion and opposition to Defendants' summary judgment motion is May 14, 2026; and the pretrial conference and trial are set for January 28, 2027, and February 22, 2027.

## I. WPE'S STATEMENT

WPE respectfully moves this Court to compel Defendants to produce documents from Mr. Mullenweg's accounts on the WhatsApp, Signal, and Telegram messaging platforms by a date certain, and/or to provide a sworn declaration explaining why certain communications can no longer be produced, including the date and circumstances of their loss or destruction.

### A. Mr. Mullenweg's Failure to Preserve Relevant Evidence

Mr. Mullenweg, as CEO of Automattic and owner of wordpress.org, is central to this dispute. Despite acknowledging his use of multiple messaging platforms, he has produced no documents from WhatsApp, Signal, or Telegram—platforms that highly likely contain relevant communications about the matters at issue in this case. The record establishes the following:

**November 2024**: WPE served document requests that explicitly defined "Communications" to include WhatsApp, Signal, Telegram, and other messaging platforms. These requests sought (and Mr. Mullenweg ultimately agreed to produce) communications regarding Mr. Mullenweg's self-described "war" against WPE (RFP 1), his "scorched earth nuclear approach to WPE" (RFP 2), blocking of WPE's and its customers' access to wordpress.org (RFP 3), and communications referencing WPE with third parties who, at the time of the communication, were not Defendants' customers (RFP 99), among other subjects. Subsequently, WPE learned that Mr. Mullenweg had intentionally deleted several relevant posts from the X.com accounts for WordCamp Sydney and wordpress.org, and had also deleted plugin reviews from wordpress.org. WPE raised the potential spoliation concerns to counsel, who claimed the material was either preserved or not relevant.

**January 2025**: WPE again learned that Mr. Mullenweg had knowingly deleted relevant evidence, including certain posts on X.com and an entire Post Status Slack channel, both of which contained material relevant to the litigation. WPE again raised the potential spoliation concerns to counsel.

**February 2025**: Counsel acknowledged that Mr. Mullenweg deleted the foregoing materials during the pendency of this litigation, but claimed the evidence was preserved elsewhere, including with screenshots. After Mr. Mullenweg made a public post directing individuals to contact him via "Signal with disappearing messages" (https://x.com/photomatt/status/1837291862136365107)

and to avoid using work devices to do so, WPE raised additional concerns that Mr. Mullenweg's intentional use of ephemeral messaging was likely resulting in spoliation. WPE also inquired whether Mr. Mullenweg's direct messages on X.com were being preserved.

**April 3, 2025:** Counsel acknowledged in writing that Mr. Mullenweg uses WhatsApp, Telegram, and Signal, and represented that they had "taken all reasonable steps to preserve relevant documents in this case, including with respect to Signal, Telegram, and WhatsApp."

**Present:** Despite counsel's assurances, as of September 1, 2025, Mr. Mullenweg had produced only **15 documents** from his custodial files. While Defendants finally made a production of 1,836 Mullenweg custodial documents on September 12, no communications from Mr. Mullenweg's WhatsApp, Signal or Telegram applications have been produced. Tellingly, when the parties exchanged search terms and custodial data sources in mid-September 2025, counsel did ***not*** list WhatsApp, Signal, or Telegram as custodial sources for Mr. Mullenweg, though counsel later claimed Telegram was searched. Even if that representation is correct, no Telegram messages from Mr. Mullenweg's account have been produced to date.

The conflicting information regarding Mr. Mullenweg's document collection and preservation efforts have continued. On a September 24 call, counsel ***refused to state*** whether communications from Mr. Mullenweg's WhatsApp and Signal accounts had been collected. On September 29, counsel claimed they were in fact collecting material from WhatsApp and Signal, but refused to state when the documents would be produced. Given Mr. Mullenweg's admitted, prior destruction of evidence and stated preference for using technology with "disappearing messages," coupled with the classic "runaround" WPE is being given by Defendants' counsel in meet and confer, WPE now seeks court intervention. WPE is entitled to receive clear, consistent and unambiguous assurances that Mr. Mullenweg is taking his discovery obligations seriously and has preserved evidence critical to this case. And given that discovery is closing in just seven weeks, Defendants must cease the foot-dragging and produce all relevant and responsive documents from these messaging platforms without further delay.

### B. Mr. Mullenweg Has a Duty to Preserve His Communications Related to WPE and this Lawsuit

Parties have a duty to preserve potentially relevant evidence once litigation is reasonably anticipated, and this duty extends to electronic communications, including those stored on ephemeral messaging applications. *See* Fed. R. Civ. P. 37(e); *HUB Bellevue Props., LLC*, 2020 WL 2512872, at *4 (W.D. Wash. May 15, 2020) (letter contemplating legal action and containing preservation demand triggered the duty to preserve evidence). WPE sent Defendants a preservation demand in September 2024, and WPE has reason to believe Defendants contemplated litigation against WPE several months before that date. Mr. Mullenweg's preservation obligations clearly encompass his WhatsApp, Signal, and Telegram communications.

### C. The Court Should Compel Defendants to Produce Mr. Mullenweg's Messaging Communications Without Further Delay

In September 2024, at the onset of what he characterized as his "nuclear war" against WPE, Mr. Mullenweg publicly directed individuals to contact him through "Signal with disappearing

messages" while simultaneously launching his campaign to destroy WPE's business. These platforms almost certainly contain the most probative evidence of his strategic decisions, bad acts, inculpatory admissions, coordination with third parties, and contemporaneous reactions to key events. However, nearly a year into the discovery period, Defendants have failed to produce any documents from Mr. Mullenweg's accounts on these platforms. His counsel has offered conflicting information about his collection efforts and are unable to provide a date by which the messaging communications—if they exist—will be produced.

Given Defendants' stalling tactics, WPE cannot presently determine whether Mr. Mullenweg's failure to produce materials from these messaging platforms is due to evidence destruction, or if Defendants simply want to delay their production of damaging evidence as much as possible. Either answer is unacceptable. Defendants should be ordered to: (1) produce all non-privileged, responsive communications from Mr. Mullenweg's WhatsApp, Signal, and Telegram accounts responsive to WPE's document requests (along with a privilege log if needed) within 5 days of the Court's order; and (2) provide a sworn declaration from Mr. Mullenweg detailing (a) the dates and extent of his usage of WhatsApp, Signal and Telegram for communications relevant to this litigation, (b) what steps he took to preserve communications from each platform and when, (c) whether any auto-delete or disappearing messages features were enabled during the relevant preservation period, (d) the date ranges of any preserved communications from each platform, and (e) the date ranges for any deleted communications from each platform. WPE also requests that Defendants be instructed to confirm the preservation status of Mr. Mullenweg's X.com direct messages, as well as any screenshots from Post Status Slack that counsel claims to have captured, and complete his production of those materials within 5 days of the Court's order.

This narrowly-tailored relief will clarify whether Defendants have complied with their discovery obligations, and allow the Court to determine appropriate next steps if they have not. If it is determined that responsive documents were not preserved, WPE reserves the right to seek all appropriate relief, including under Rule 37(e).