JOSEPH R. ROSE, SBN 279092
jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

MICHAEL H. DORE, SBN 227442
mdore@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

JOSH A. KREVITT, SBN 208552
jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER *(admitted pro hac vice)*
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

*Attorneys for Defendants Automattic Inc., Matthew Charles Mullenweg, and WooCommerce Inc. and Counterclaimant WordPress Foundation*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

WPENGINE, INC., a Delaware corporation,

Plaintiff,

v.

AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,

Defendants.

---

AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,

Counterclaimants,

v.

WPENGINE, INC., a Delaware corporation,

Counterdefendant.

Case No. 4:24-cv-06917-AMO

**DEFENDANTS' AND COUNTERCLAIMANT'S MOTION TO MODIFY EXPERT DISCOVERY AND SUMMARY JUDGMENT DEADLINES PURSUANT TO LOCAL RULE 6-3**

Hon. Araceli Martínez-Olguín

## I. INTRODUCTION

Defendants and Counterclaimants Automattic Inc., Matthew Charles Mullenweg, WooCommerce Inc., and WordPress Foundation ("Defendants") respectfully move for a modest five-week extension of the remaining expert discovery and summary judgment deadlines. The extension would not move the trial date. It would not disturb any trial-related deadline. Trial would still begin on October 19, 2027, more than eleven months after expert discovery closes and more than eight months after summary judgment briefing is complete under the proposed schedule. *See* Rose Decl. at 3. What this modest extension would do, however, is afford the parties the time needed to complete expert discovery and summary judgment briefing accurately, efficiently, and once.

Three independent problems make the current schedule unworkable. *First*, summary judgment motions are due on October 13, 2026, *see* Dkt. 355, but neither side has yet filed an Answer to those claims that remain subject to pending motions to dismiss. *See* Dkt. 243, 252. If Defendants' motion to dismiss is denied, they must still answer Plaintiff's previously dismissed claims, and Plaintiff must still file its first Answer to the counterclaims. The parties would brief summary judgment against a moving target, with no ability to tailor their motions to the Court's rulings, and would retain the right to file additional motions later, once defenses are finally asserted. The predictable result is two rounds of summary judgment briefing instead of one. *Second*, expert discovery closes on October 8, 2026, on claims the Court's forthcoming rulings may reshape or eliminate. Reports already served may be mooted, and depositions already taken may prove unnecessary. *Third*, at least 18 expert depositions, plus two remaining fact depositions, must be completed in the 20 business days between the September 10 rebuttal deadline and the October 8 close of expert discovery, in cities across the country, during a period that includes Rosh Hashanah and Yom Kippur. Defendants' request seeks to avoid this foreseeable collision.

Plaintiff's refusal cannot be squared with its own conduct, because Plaintiff created much of the congestion this motion would relieve. Plaintiff's repeated amending of its claims and own motion to dismiss have helped keep the pleadings unsettled on the eve of summary judgment. Nine of the 18 experts who will need to be deposed are Plaintiff's own. And one of the two remaining fact depositions

exists only because Defendants prevailed on a motion to compel. It is unfair for a party to help create a scheduling problem and then refuse consent to the modest extension needed to solve it. The calendar is a tool for the orderly administration of justice, not a weapon.

None of this reflects a lack of diligence: the parties completed fact discovery on time, litigated 10 motions to compel, and exchanged 16 opening expert reports on schedule. The problems arise instead from the scope and complexity of this case and from sequencing beyond Defendants' control. There is good cause under Federal Rule of Civil Procedure 16(b)(4) and Civil Local Rule 6-3, and the fair administration of justice supports the requested extension. The motion should be granted.

## II. ARGUMENT

Federal Rule of Civil Procedure 16(b)(4) permits modification of a scheduling order on a showing of good cause. The good cause standard "primarily considers the diligence of the party seeking the amendment." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). "The focus of the inquiry is upon the moving party's reasons for seeking modification." *Baker Elec. & Renewables, LLC v. Zurich Am. Ins. Co.*, 2024 WL 4427791, at *1 (S.D. Cal. Oct. 4, 2024) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Defendants easily satisfy that standard. They have litigated this case diligently at every stage, and they seek five additional weeks for one reason: the current schedule forces expert discovery and summary judgment briefing to proceed on unsettled pleadings, at a pace that cannot reasonably be met, at a cost that pending rulings may render unnecessary. The requested relief conserves party and judicial resources, avoids successive motion practice, preserves the trial date, and prejudices no one.

### A. The Extension Preserves the Trial Date and Every Trial-Related Deadline

The most important fact about this motion is what it does not seek. Defendants do not ask to move the trial date, and they do not ask to move any trial-related deadline. Under Defendants' proposal, expert discovery would be complete by November 17, 2026, and summary judgment briefing would be complete by February 4, 2027. *See* Rose Decl. at 3. Trial would still begin on October 19, 2027. The Court would have more than eleven months between the close of expert discovery and trial, and more than eight months between the completion of summary judgment briefing and trial, ample time to

resolve the motions well in advance. Nothing about the trial, and nothing about the Court's ability to prepare for it, would change.

**B. The Current Schedule Forces Summary Judgment on Unsettled Pleadings and Invites Two Rounds of Briefing**

Moving parties' summary judgment motions are due on October 13, 2026, with cross-motions and oppositions due on November 10, 2026. *See* Dkt. 355. Yet motions to dismiss remain pending against both sides' claims and counterclaims, *see* Dkt. 243, 252, and both sides may still need to serve Answers to those claims still subject to dismissal. The sequencing problem is plain. The parties are entitled to seek summary judgment on one another's defenses, *see* Fed. R. Civ. P. 56(a), but cannot do so before those defenses exist. If the current schedule holds, Answers will be filed, and defenses asserted, after summary judgment motions are already on file. That creates a significant risk of a second round of summary judgment briefing directed at newly asserted defenses, a risk that compounds if the Court grants leave to amend. The parties would also have no opportunity to tailor their motions to the Court's rulings on the pending motions to dismiss. Successive summary judgment briefing would burden the Court and waste the resources of every litigant. Five weeks avoids that result.

**C. Expert Discovery Should Not Close on Claims the Court May Reshape or Dismiss**

Rebuttal expert reports are due on September 10, 2026, and expert discovery closes on October 8, 2026. The parties' expert reports focus heavily on Plaintiff's antitrust claims and Defendants' trademark counterclaims, the very claims at issue in the pending motions to dismiss. *See* Dkt. 243, 252. Depending on how the Court rules, entire reports may become moot, others may require substantial reworking, and depositions taken in the interim may prove unnecessary or premature. Even rulings sustaining the claims will supply guidance the parties' experts should address. And a ruling that materially reshapes the claims could warrant reopening expert discovery altogether, the least efficient outcome available. Courts grant extensions in exactly these circumstances. *See Next Vietnam Projects Found., Inc. v. Koster Films, LLC*, 2024 WL 5317804, at *3 (C.D. Cal. Apr. 15, 2024) (granting motion to extend discovery where motion to dismiss remained under submission throughout discovery period). A five-week extension allows expert discovery to proceed once, on a settled foundation.

**D. Eighteen Expert Depositions Cannot Reasonably Be Completed in Twenty Business Days**

The current schedule also imposes a deposition burden that cannot reasonably be met. When the parties negotiated the expert deposition window, the number of experts was unknown. On August 11, 2026, the parties exchanged 16 opening reports, seven served by Plaintiff and nine by Defendants. Plaintiff has since disclosed two additional experts, bringing the total to at least 18. Because many of these experts may also serve rebuttal reports, which are due September 10, depositions are unlikely to begin before September 11. That leaves 20 business days to depose at least 18 experts located in cities across the country, and to complete two remaining fact depositions: one that the Court ordered after Defendants prevailed on a motion to compel, and one rescheduled by agreement because of the witness's earlier unavailability. Those same 20 business days include Rosh Hashanah (beginning September 11) and Yom Kippur (September 21), when various experts and counsel cannot travel, prepare, or testify. Nearly a deposition every business day, coast to coast, through major religious holidays, on claims that remain subject to pending motions to dismiss, is a recipe for rushed examinations and avoidable disputes.

**E. Plaintiff Helped Create the Need for the Extension and Cannot Fairly Refuse to Consent**

Plaintiff refused to stipulate to the requested modification, asserting that a five-week extension would "force[] the parties and the court to litigate this case over the holidays in 2026 and 2027" and would require a new trial date. *See* Rose Decl., ¶ 7. Neither objection survives scrutiny, and neither can be squared with Plaintiff's own role in creating the problem.

Plaintiff's own motion to dismiss is among the pending motions that have kept the pleadings unsettled and made the current summary judgment schedule untenable. Plaintiff is also responsible for half of the experts who must be deposed, while insisting that the compressed calendar cannot bend. And one of the two outstanding fact depositions must be taken now only because Defendants had to resort to motion practice over Plaintiff's earlier objections. Plaintiff, in large part, created the need for the relief it now opposes. Basic fairness does not permit a party to help build a scheduling problem and then withhold consent to the modest extension needed to solve it, least of all where the extension costs Plaintiff nothing and benefits both sides equally.

Plaintiff's stated objections fare no better. The trial date does not move: trial would still begin on October 19, 2027, more than eleven months after expert discovery closes under Defendants' proposal. And the holidays are no obstacle: under Defendants' proposed briefing schedule, no brief would be due between December 18 and January 21, leaving the parties ample time after the holidays to complete briefs due in late January.

Nor can Plaintiff claim a lack of diligence. Defendants, like Plaintiff, have litigated this case vigorously throughout. Fact discovery closed on time on May 14, 2026, after the production of nearly 400,000 documents and the completion of 20 fact depositions. The parties litigated 10 motions to compel, and the Court ordered additional discovery on June 5, 2026. Sixteen opening expert reports were exchanged on August 6, 2026. The need for relief arises from the unusual scope and complexity of this case and from sequencing beyond Defendants' control, not from delay.

What remains is insistence on the current schedule for its own sake. But enforcing the current schedule would not promote order. It would inflict prejudice and nothing else.

Federal Rule of Civil Procedure 1 directs that the rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." The current schedule fails that command. It is not inexpensive, because it compels the parties to spend substantial resources on expert work and briefing that pending rulings may render unnecessary. It is not just, because it requires experts to opine, and parties to move, before the legal framework governing the claims is fixed. And it is not speedy in any meaningful sense, because it invites successive summary judgment motions and the potential reopening of expert discovery. The fair administration of justice supports a modest extension that permits the same work to be done once, correctly, and in order, while leaving the trial date and every trial-related deadline untouched. The Court should decline Plaintiff's invitation to elevate a rigid calendar over fairness and common sense.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court extend the remaining expert discovery and summary judgment deadlines by five weeks.

DATED: September 3, 2026

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Joseph R. Rose
Joseph R. Rose

*Attorney for Defendants Automattic Inc., Matthew Charles Mullenweg, and WooCommerce Inc. and Counterclaimant WordPress Foundation*

**ARTIFICIAL INTELLIGENCE CERTIFICATION**

I certify that any content generated by artificial intelligence in the foregoing motion and accompanying papers has been personally verified for accuracy.

By: /s/ Joseph R. Rose
Joseph R. Rose

*Attorney for Defendants Automattic Inc., Matthew Charles Mullenweg, and WooCommerce Inc. and Counterclaimant WordPress Foundation*