QUINN EMANUEL URQUHART & SULLIVAN LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael E. Williams (SBN 181299)
michaelwilliams@quinnemanuel.com
Kevin Y. Teruya (SBN 235916)
kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for WPEngine, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

WPENGINE, INC., a Delaware corporation,

Plaintiff,

v.

AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,

Defendants.

AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,

Counterclaimants,

v.

WPENGINE, INC., a Delaware corporation,

Counterdefendant.

Case No. 4:24-cv-06917-AMO-ASK

**WPENGINE, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO MODIFY EXPERT DISCOVERY AND SUMMARY JUDGMENT DEADLINES PURSUANT TO LOCAL RULE 6-3**

Hon. Araceli Martínez-Olguín

## I. INTRODUCTION

Having been denied their desired three-month extension back in June 2026 (Dkts. 339, 355), Defendants are now trying to obtain the same result piecemeal, through yet another request to modify the case schedule. This latest request, raised only seven days before rebuttal expert reports are due, should be denied outright. Defendants have been on notice of all the issues they claim constitute "good cause" for the extension since at least June, and therefore cannot demonstrate the requisite diligence for a schedule modification. And Defendants' supposedly "modest" extension would have an outsized impact on the overall case schedule and severely prejudice WPE, forcing WPE to brief summary judgment motions over the 2026 holidays (which the current schedule avoids) and effectively requiring the Court to move the trial date yet another time, this time into the 2027 Thanksgiving holiday, in order to maintain the intervals between dispositive briefing, pretrial, and trial set in the prior scheduling orders.

At some point, this case must be tried on the merits. Defendants should not get to postpone that day indefinitely simply because they would rather not reach it. No further schedule modifications are needed or warranted. WPE respectfully requests that the Court deny Defendants' request for a five-week extension.

## II. LEGAL STANDARD

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotations omitted). Good cause to modify a schedule exists "where pretrial deadlines cannot reasonably be met despite the diligence of the party seeking the extension." *Hayward Prop., LLC v. Commonwealth Land Title Ins. Co.*, 2021 WL 4927012, at *3 (N.D. Cal. Sept. 28, 2021) (internal quotations omitted). Absent a showing of good cause, the request should be denied. *Bailey v. Gatan, Inc.*, 783 F. App'x 692, 694 (9th Cir. 2019).

## III. ARGUMENT

### A. Defendants' Motion Lacks Good Cause and Is Untimely.

For months, Defendants have been aware of the impending expert and summary judgment briefing deadlines, which were set when the schedule was last modified at Defendants' request (and

over WPE's objection) in June 2026. Dkt. 355. Specifically, Defendants have known since June that (1) there would be one month between the deadline to file rebuttal expert reports and the close of expert discovery, (2) both sides would offer many experts based on the number of claims at issue and the disclosures each side has made under the Protective Order (Dkt. 283), and (3) the expert discovery period would overlap, in part, with Rosh Hashanah and Yom Kippur. Indeed, even at the time Defendants previously sought an extension in June, when expert disclosures were imminent, they presumably knew they would be disclosing as many as nine experts and had good reason to believe WPE would disclose a similar number, yet Defendants proposed only 35 days (which included the intervening Thanksgiving holiday) to complete expert depositions. Defendants cannot now claim that one month for expert depositions is somehow insufficient when they previously proposed exactly that.

Even setting aside Defendants' inconsistent positions, their decision not to seek this latest case extension until seven days prior to the rebuttal expert disclosure deadline undercuts any assertion of diligence. Dkt. 371 at 2-3; *see Hayward Prop., LLC*, 2021 WL 4927012, at *4-5 (finding lack of diligence and good cause under Rule 16(b)(4) where moving party knew of the facts supporting the basis for its motion three months prior to filing). If Defendants truly believed that the current schedule "imposes a deposition burden that cannot reasonably be met" (Dkt. 371 at 4), they should have raised the issue back in June, July, or even August, yet did not do so.

Further, and contrary to Defendants' handwringing, conducting eighteen depositions in a month-long period is entirely feasible. Gibson has a very large team working on this case, and has also engaged two additional law firms to serve as co-counsel. A firm like Gibson will have no trouble taking and defending eighteen depositions in one month's time. Indeed, the parties completed fact depositions at a similar pace in the final month of fact discovery. Far from "help[ing] build a scheduling problem" without a willingness to solve it, as Defendants baselessly assert (Dkt. 371 at 4), WPE has already proposed available dates for the upcoming expert depositions within the existing schedule. Defendants should stop complaining, accept those dates, and move on with the existing case schedule. Simply put, the entirely foreseeable need to conduct multiple expert depositions in a month-long period does not justify a five-week extension of the case schedule.

Defendants' remaining excuses for a schedule modification are equally unavailing. Defendants point to a hypothetical second round of summary judgment motions on the parties' defenses as justification for a case extension. Dkt. 371 at 3. But Defendants have had many months' notice of the operative summary judgment deadline. Any concerns about future summary judgment briefing may be addressed by the Court if and when that briefing actually materializes. An invented contingency about potential future briefing does not establish good cause.

Nor should the Court accept Defendants' argument that an extension is required because the experts need settled pleadings before offering rebuttal opinions. Dkt. 371 at 3. Even under the schedule both sides have been aware of since June (Dkt. 355), there was never any guarantee that the Court's ruling on the pending motions to dismiss would precede the expert discovery or summary judgment deadlines, as the Court is free to rule whenever it chooses. Defendants also identify no authority holding that unsettled pleadings alone establish good cause to modify a rebuttal expert deadline. Their reliance on *Next Vietnam Projects Found., Inc. v. Koster Films, LLC*, 2024 WL 5317804 (C.D. Cal. Apr. 15, 2024), is misplaced. Dkt. 371 at 3-4 (citing *id*. at *3). That case does not hold that a pending motion to dismiss alone entitles a moving party to a schedule modification, and Defendants ignore that the court in *Koster Films* also considered circumstances entirely absent here: the retention of new counsel, an additional pending motion, and a non-responsive non-moving party. 2024 WL 5317804, at *3. Discovery often must proceed (whether fact or expert discovery) even while motions to dismiss are pending. *Cf. JustM2J LLC v. Brewer*, 2025 WL 2402708, at *3 (E.D. Cal. Aug. 19, 2025) ("The ordinary course of litigation is for discovery to proceed in the face of a pending dispositive motion.").

In sum, all of Defendants' claimed justifications for a schedule modification (1) were known to them months ago and / or (2) fail on their own terms. Defendants have made no showing of diligence and have not established good cause for yet another case schedule modification. Nor may Defendants misuse this extension request to impose an arbitrary deadline on the Court to rule on the pending motions to dismiss.

### B. Yet Another Extension Would Unduly Prejudice WPE And Impair The Timely Resolution Of This Case.

Contrary to Defendants' conclusory assertion that a five-week extension "costs [WPE] nothing and benefits both sides equally" (Dkt. 371 at 4), Defendants' latest request in fact would severely prejudice WPE by pushing summary judgment briefing into the 2026 holidays (which the current schedule avoids), and forcing the Court into an untenable choice between further extending the trial date into the 2027 Thanksgiving holiday or truncating the time it would otherwise have available to rule on dispositive motions. The prejudice to WPE includes not just the expense of delay, but also the added difficulty of securing client and witness availability over the holidays.

Prejudice to the non-moving party is a factor that must be weighed as part of the Court's consideration of whether to amend a scheduling order. *See, e.g.*, *Driver v. Papé Trucks, Inc.*, 2023 WL 7305076, at *3 (E.D. Cal. Oct. 6, 2023) (prejudice to non-moving party in form of delay and additional expense weighs against finding good cause). Here, WPE has claims for significant damages and a right to timely adjudication of those claims. Delaying the final adjudication of WPE's claims beyond what is necessary is unduly prejudicial and weighs against an extension.

While Defendants assert that they are not "ask[ing] to move the trial date" or "any trial-related deadline" (Dkt. 371 at 2-3), this ignores the practical reality that extending expert and summary judgment deadlines by five weeks without also moving the trial date will compress the time available for pretrial preparation and for the Court to rule on dispositive motions. Shortening the gap between the submission of dispositive motions (from December 22, 2026, to February 4, 2027) and trial (October 19, 2027) crowds the Court's calendar at the most critical stage of the case. Defendants' proposed timeline would disrupt the timing that the Court has indicated through prior scheduling orders it needs in order to rule on *Daubert* and summary judgment motions. It would also leave the parties insufficient time for pretrial exchanges and negotiations. Should the Court need to push the trial date out five weeks to maintain its preferred spacing and sequencing, trial would occur during the 2027 Thanksgiving holiday. Defendants' request would disrupt the just and orderly resolution of this case, to WPE's prejudice.

## IV. CONCLUSION

For the foregoing reasons, WPE respectfully requests that the Court deny Defendants' request for a five-week extension of the case schedule as untimely and lacking good cause.

DATED: September 8, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By *\/s/ Rachel Herrick Kassabian*
Rachel Herrick Kassabian
*Attorneys for Plaintiff*
*WPEngine, Inc.*