Stephen Shackelford (*pro hac vice*)
Shawn Rabin (*pro hac vice*)
Jillian Hewitt (*pro hac vice*)
Max Straus (*pro hac vice*)
Russell Rennie (*pro hac vice*)
Eudokia Spanos (*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212)-336-8330
Facsimile: (212) 336-8340
Email: sshackelford@susmangodfrey.com
Email: srabin@susmangodfrey.com
Email: jhewitt@susmangodfrey.com
Email: mstraus@susmangodfrey.com
Email: rrennie@susmangodfrey.com
Email: espanos@susmangodfrey.com

Eliza Finley (301318)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
Email: efinley@susmangodfrey.com

*Attorneys for Defendants*
*Automattic Inc. and WooCommerce Inc., and*
*Counterclaimant WordPress Foundation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,<br><br>*Defendants*. | Case No. 4:24-cv-06917-AMO (ASK)<br><br>**DECLARATION OF SHAWN RABIN IN SUPPORT OF DEFENDANTS AND COUNTERCLAIMANTS AUTOMATTIC INC., WOOCOMMERCE INC., AND WORDPRESS FOUNDATION'S MOTION TO MODIFY EXPERT DISCOVERY AND BRIEFING DEADLINES PURSUANT TO LOCAL RULE 6-3**<br><br>Hon. Araceli Martínez-Olguín |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation, and WOOCOMMERCE INC., a Delaware corporation,<br><br>*Counterclaimants,*<br><br>v.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>*Counterdefendant.* | |

I, Shawn Rabin, declare as follows:

1. I am a member in good standing of the New York Bar and am admitted to practice *pro hac vice* before this Court. I am a partner in the law firm of Susman Godfrey L.L.P., and am counsel for Defendants Automattic Inc. and WooCommerce Inc. and Counterclaimant WordPress Foundation (together, "Moving Defendants") in this above-captioned action. I submit this declaration in support of Moving Defendants' Motion to Modify Expert Discovery and Briefing Deadlines Pursuant to Local Rule 6-3. Unless otherwise stated, the following facts are within my personal knowledge, and if called and sworn as a witness, I could and would testify competently to these facts.

<u>Facts Relating to Substitution of Counsel</u>

2. Susman Godfrey was retained to represent Moving Defendants in this matter on September 17, 2026.

3. I understand that predecessor counsel Gibson Dunn withdrew from this matter due to a conflict of interest.

4. In this case, the parties together disclosed 20 experts, who served 26 opening and rebuttal reports, comprising thousands of pages of opinion and analysis.

5. Susman Godfrey was introduced to Moving Defendants' expert witnesses and their staff beginning the week of September 21, 2026. Due to scheduling issues, there are still a handful of experts with whom Susman Godfrey is having introductory phone calls.

6. Susman Godfrey is completely new to the enormous factual and expert record assembled in this case. Based on the volume and complexity of the expert reports served in this case, I believe that it will take Susman Godfrey several weeks, at a minimum, to get up to speed on expert issues sufficiently to begin taking and defending expert depositions.

7. For example, Susman Godfrey will need to review Moving Defendants' experts' reports and backup material, including meeting with the experts, before it can begin presenting them for deposition. To depose Plaintiff's experts, Susman Godfrey will need to learn their reports and backup material and prepare deposition outlines.

8. Plaintiff and Moving Defendants have agreed on dates for nine expert depositions on the following dates: October 16, 19, and 20, and November 5, 6 (two depositions), 10, 11, and 16. The three experts disclosed by Moving Defendants for whom a date has been agreed will be presented on November 6, 10, and 11. *See* Exhibit A; Exhibit B at 5.

9. Counsel for Moving Defendants is still receiving backup materials for certain of Plaintiff's experts (*e.g.*, Jennifer Vanderhart) as of September 29, 2026.

10. I understand that between parties and non-parties, over 380,000 documents were produced in this case.

11. I further understand that the parties took more than 20 fact witness depositions (with 2 still to be scheduled).

12. Although other law firms have appeared on pleadings for Moving Defendants (or Defendant Matthew Mullenweg), namely Coblentz Patch Duffy & Bass LLP and Shapiro Arato Bach, my understanding is that they are not up to speed on expert discovery and dispositive motion issues. It is my understanding that the Coblentz firm was retained specifically to assist with discovery involving non-party Silver Lake. *See* ECF No. 271 at ¶ 7 (WPE referring to Coblentz as "conflicts counsel for Defendants"). Likewise, I understand that the Shapiro Arato firm was retained to assist with discovery by serving subpoenas on 17 non-parties which Gibson Dunn could not serve. It is my understanding that neither firm was retained, or is prepared, to participate in expert discovery or dispositive motion practice.

13. On September 17, 2026, Susman Godfrey requested materials from predecessor counsel. On September 18, 2026, Susman Godfrey met with Defendants' Relativity database vendor to obtain access to document productions in this case.

14. Susman Godfrey then met with Gibson Dunn and began scheduling transition calls and meetings with Defendants' 10 expert witnesses. The week of September 21, Susman Godfrey also conferred extensively with Plaintiff's counsel regarding a continuance of the upcoming hearing on Plaintiff's motion for sanctions (ECF No. 357) due to pre-existing conflicts.

15. During this period, Susman Godfrey has been working diligently to evaluate the factual and expert record in this case, including reviewing pleadings, court orders and rulings, and expert reports, among other things. Susman Godfrey attorneys have also scheduled and attended transition meetings, both remote and in-person, with predecessor counsel, and have had substantive transition meetings with several of Moving Defendants' experts.

16. Since Moving Defendants retained Susman Godfrey, Moving Defendants have also worked diligently to help transition the case to Susman Godfrey, including having numerous calls to discuss the matter and by making employees available to assist Susman Godfrey with the transition.

17. During conferrals, Plaintiff's counsel suggested that Moving Defendants were "well aware of their plan to substitute Susman for Gibson" when Defendants filed a motion to extend the schedule on September 3 (*see* ECF No. 371). That is incorrect. Moving Defendants did not contact Susman Godfrey until several days after that motion was filed. Further, I understand that Moving Defendants' substitution of counsel was a result of Gibson Dunn's decision to withdraw following identification of a conflict of interest.

<u>Facts Required by Local Rule 6-3(a)</u>

18. Moving Defendants have attempted to obtain a stipulation for their schedule change. On September 28, 2026, I spoke with Rachel Herrick Kassabian, counsel for Plaintiff, for approximately 30 minutes regarding Moving Defendants' request. I explained the reasons that necessitate Moving Defendants' requested adjustment to the schedule. During the call, Ms. Kassabian advised that Plaintiff would likely oppose a 2-month extension, but would discuss with her client. On September 29, 2026, Ms. Kassabian advised me by email that Plaintiff would oppose our motion and oppose any extension to the schedule: "As I informed you, a two-month extension of the case schedule is a non-starter for us, and we continue to oppose it. As we discussed, I have spent the morning exploring the possibility of a shorter extension. We just can't see a way to make it work that would not unduly prejudice our client, and our team (and its many other commitments), and jeopardize our trial date." *See* Exhibit B at 1.

19. I understand that there have been previous modifications to the schedule in the case.

20. The Court entered the Case Management Scheduling Order in this case on February 28, 2025. *See* ECF No. 119.

21. On October 21, 2025, the Court granted the parties' joint stipulation to extend the close of fact discovery from November 20, 2025, to March 12, 2026, to allow adequate time for discovery into Defendants' counterclaims, which at the time had not yet been filed. *See* ECF No. 193.

22. On February 20, 2026, the Court granted the parties' joint stipulation to extend the close of fact discovery from March 12, 2026, to May 14, 2026, to allow the parties to complete discovery. *See* ECF No. 240.

23. On June 10, 2026, Defendants filed a motion to modify expert discovery and summary judgment deadlines. ECF No. 339. On June 15, 2026, Plaintiff filed an opposition. ECF No. 343. On June 22, 2026, the Court ordered Defendants to file an amended proposed order that continued all case deadlines, including the pretrial conference and trial date, by about six weeks. ECF No. 348. On June 26, 2026, the Court entered the amended proposed order. ECF No. 355.

24. On September 3, 2026, Defendants filed a motion to modify expert discovery and summary judgment deadlines. ECF No. 371. On September 8, 2026, Plaintiff filed an opposition. ECF No. 372. On September 11, 2026, the Court entered an order continuing the close of expert discovery and the deadlines for summary judgment and *Daubert* briefing by approximately 5 weeks. ECF No. 373.

25. Moving Defendants' present motion seeks to extend expert discovery and summary judgment deadlines as follows:

| Event | Current deadline | Proposed modified deadline |
|---|---|---|
| Close of expert discovery | November 17, 2026 | January 14, 2027 |
| Deadline for moving party to file summary judgment motion (15 pages max.) | November 20, 2026 | January 19, 2027 |
| Deadline for non-moving party to | December 18, 2026 | February 18, 2027 |

| **Event** | **Current deadline** | **Proposed modified deadline** |
|---|---|---|
| file combined cross-motion and opposition to moving party's summary judgment motion (25 pages max.) | | |
| Deadline for *Daubert* motions (to be filed simultaneously with the nonmoving party's opposition to the moving party's summary judgment motion) | December 18, 2026 | February 18, 2027 |
| Deadline for moving party to file combined opposition and reply in support of summary judgment motion (15 pages max.) | January 21, 2027 | March 18, 2027 |
| Deadline for oppositions to *Daubert* motions (to be filed simultaneously with the moving party's combined opposition and reply in support of summary judgment motion) | January 21, 2027 | March 18, 2027 |
| Deadline for non-moving party to file a reply in support of cross-motion for summary judgment (15 pages max.) | February 4, 2027 | April 1, 2027 |
| Deadline for reply in support of *Daubert* motions (to be filed simultaneously with the non-moving party's reply in support of cross-motion for summary judgment) | February 4, 2027 | April 1, 2027 |
| Hearing on summary judgment and *Daubert* motions** | To be noticed by the moving party based on the Court's availability at the time of filing | No change |
| Joint pretrial conference statement | September 9, 2027, or as otherwise set by the Court | No change |
| Pretrial conference | September 23, 2027, at 11:00 a.m., or as otherwise set by the Court | No change |
| Jury Trial (10 days) | October 19, 2027, at 8:30 a.m. | No change |

26. Counsel for Mr. Mullenweg consents to the schedule adjustment requested by Moving Defendants in the motion.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed in New York, New York on this 30th day of September, 2026.

By: */s/ Shawn Rabin*
Shawn Rabin