QUINN EMANUEL URQUHART & SULLIVAN, LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for WPEngine, Inc*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WPENGINE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation<br>Defendants. | CASE NO. 3:24-cv-06917-AMO-ASK<br><br>**DECLARATION OF GREGORY A. FUOCO IN SUPPORT OF WPENGINE, INC.'S PORTION OF JOINT DISCOVERY LETTER**<br><br>Judge: Honorable Araceli Martínez-Olguín |
| AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>vs.<br><br>WPENGINE, INC., a Delaware corporation,<br><br>Counterdefendant. | |

**DECLARATION OF GREGORY A. FUOCO**

I, Gregory A. Fuoco, hereby declare and state as follows:

1. I am an attorney licensed to practice before this Court and admitted to the State Bar of California. I am an associate at Quinn Emanuel Urquhart & Sullivan, LLP and counsel for WPEngine, Inc. ("WPE") in this matter. I make this declaration of my own personal knowledge and, if called to testify, I could and would competently testify hereto under oath. I submit this declaration in support of WPE's portions of the parties' Joint Discovery Letter.

2. Audrey Capital, LLC and Audrey HC, LLC (together "Audrey") are represented in this action by Gibson, Dunn & Crutcher LLP, the same counsel that represents Defendants/Counterclaimants Automattic Inc., Mr. Mullenweg, and WooCommerce Inc., as well as Counterclaimant the WordPress Foundation.

3. On September 8, 2025, I caused a subpoena to be served on Audrey Capital, LLC. The subpoena contained, *inter alia*, the following document requests:

- **REQUEST NO. 6:** Documents sufficient to show any business transactions, business agreements, or business relationships between or among any of You, Defendants, Audrey HC, LLC, the WordPress Foundation, or wordpress.org.

- **REQUEST NO. 10:** All Documents and Communications Relating to any discussions by or among You and Defendants about potential conflicts of interest between Defendants' for-profit businesses and the WordPress Foundation for which Defendant Mullenweg serves as a board member.

- **REQUEST NO. 12:** All Documents and Communications Relating to any statements by Defendants regarding the ownership of or control over wordpress.org, Including statements regarding (i) who owns it or who controls it, (ii) what the terms of use or access are, (iii) any Person's ability or purported right to block or ban users from accessing wordpress.org and on what terms, (iv) guidelines, policies, statements or representations regarding to what extent wordpress.org will or will not remain free, open, or accessible, (v) potential conflicts of interest as a result of this ownership and control, and (vi) what governance framework exists concerning wordpress.org, if any.

- **REQUEST NO. 14:** All Documents and Communications Relating to the Challenged Terms or the licensing of any trademarks by Defendants, Including any claim by Defendants that others are infringing any trademarks, and/or any request or demand that others make any type, form, or amount of payment to Automattic, Mullenweg, or the WordPress Foundation for a trademark license Relating to the Challenged Terms.

- **REQUEST NO. 15:** All Documents and Communications Relating to Your review, analysis, evaluation, and/or discussion of (i) WPE as an investment opportunity; (ii) any proposal to invest in or acquire or purchase WPE, including any valuations, research, analysis or reports prepared by or received by You; (iii) any competitive analyses regarding WPE, including any research, analysis or reports regarding WPE's alleged competitive threat to Defendants prepared by or received by You; (iv) WPE's use of the Challenged Terms; (v) WPE's Advanced Custom Fields plugin; (vi) WPE's contributions to the WordPress ecosystem or community; (vii) any differences between (a) the code, plugins, themes, settings, and configuration of WordPress GPL software made available on wordpress.org and on Defendants' GitHub repository (https://github.com/WordPress/WordPress/) and (b) the code, plugins, themes, settings, and configurations WPE made available to its customers; (viii) Defendants' September 21 or September 25, 2024 articles posted on the "News" section of wordpress.org; and (ix) Defendants' September 20, 2024 keynote address at the WordCamp US Convention or Defendants' September 26, 2024 interview titled "Matt Talks About WordPress Situation."

- **REQUEST NO. 16:** All Documents and Communications Relating to Defendants' Nuclear War, Including the planning for, execution of, intentions regarding, reasons for, and anticipated consequences of that Nuclear War.

4. On September 8, 2025, counsel for WPE sent a copy of a subpoena directed to Audrey HC, LLC (which contained document requests virtually identical to those listed *supra*) to its counsel requesting if they would accept service, and on September 11, 2025, I received an email from Audrey's counsel accepting service of the subpoena.

5. On September 25, 2025, I received Audrey's responses and objections to the subpoenas.

6. On November 19, 2025, counsel for WPE and counsel for Audrey held a meet-and-confer call regarding Audrey's responses to the subpoenas. On that call, counsel for Audrey stated they would produce the documents requested by the subpoenas and would substantially complete their productions by December 10. WPE confirmed this agreement in a subsequent letter to Audrey.

7. After not having received any documents from Audrey, on December 19, 2025, WPE sent a follow-up letter asking Audrey for a date by which they would complete their production.

8. On January 22, 2026, counsel for WPE and counsel for Audrey held another meet-and-confer addressing Audrey's failure to produce documents. On this call, Audrey stated it does not have document sources/repositories separate from those under Mullenweg and Automattic's

possession, custody, and control. Thus, because all of Audrey's documents are under Defendants' possession, custody, and control, Audrey represented that any responsive documents were already searched and produced in response to WPE's previous document requests to Defendants.

9. However, none of the custodians from Defendants' custodian list is described as an Audrey employee and none of Defendants' produced documents bare Audrey's bates stamps. Furthermore, Samuel "Otto" Wood, a custodian I understand to be key to the events described in WPE's Third Amended Complaint, is missing from Defendants' custodian list. Indeed, from the deposition transcript of Barry Abrahamson and exhibits thereto, I understand that Mr. Wood was, among other things, one of the "resources" (as described by Mr. Abrahamson) Mullenweg used to carry out the block of WPE from wordpress.org, Mr. Wood was involved in Defendants' takeover of WPE's ACF Plugin, and Mr. Wood was one of the recipients of WPE's patch in response to Defendants' alleged security vulnerability with the ACF plugin.

10. On January 23, 2026, I emailed counsel for Audrey and Defendants raising these issues and asking that they (1) identify all Audrey custodial documents by bates number; (2) explain why Mr. Wood is absent from Defendants' custodian list; and (3) explain why none of Defendants' other disclosed custodians was listed as an Audrey employee. Audrey and Defendants did not respond to this request.

11. Having not heard from Audrey and Defendants, I followed up on these requests via email on February 3, 11, and 13. Audrey and Defendants also did not respond to these requests.

12. On March 5, 2026, Defendants' counsel emailed WPE's counsel, stating among other things, that "[r]elevant documents from [Audrey] were collected during the collection of Mr. Mullenweg's personal materials…." However, the email did not answer the questions posed in my January 23 email.

13. On March 16, 20, and 24, 2026, counsel for WPE sent emails to counsel for Audrey and Defendants following up on the questions from my January 23 email and also requesting that Audrey and Defendants meet and confer with WPE to discuss these issues.

14. On March 24, 2026, I received an email from counsel for Audrey and Defendants stating Audrey would "collect Mr. Wood's emails and … produce them shortly." The email also

stated that Automattic previously produced Mr. Wood's "Make WordPress Slack communications." Defendants' email did not answer the remainder of the questions posed in my January 23 email.

15. Thus, on March 31, 2026, WPE's counsel emailed Audrey's counsel, requesting that Audrey "(i) identify by Bates number all documents that the Audrey Entities purportedly produced via Automattic (if [Audrey] continue[s] to so claim); (ii) explain why no documents produced by Automattic are sourced to any custodian for the Audrey Entities; (iii) identify all custodians—other than Mr. Wood—whose documents the Audrey Entities propose to search and produce in response to WPE's subpoena; (iv) confirm that, with respect to Mr. Wood and any other custodians the Audrey Entities identify, they will produce all non-privileged, non-work-product documents responsive to all requests in the subpoenas to the Audrey Entities; (v) confirm that searches will be conducted across Mr. Wood's and all other relevant custodians' hard drives, shared drives, cloud drives, emails, text messages, Slack, and all other messaging platforms he uses in addition to his emails; and (vi) confirm that production of Mr. Wood's documents and all other relevant custodians' documents will be completed by April 3, 2026." Audrey has not agreed to do so.

16. On April 24, 2026, after I emailed counsel for Audrey a draft of WPE's portion of the joint discovery brief. Audrey responded, stating, *inter alia*, that "[w]ith respect to Mr. Wood, we collected and reviewed his documents, and that review did not identify any responsive materials." On an April 30 meet and confer call, Audrey later stated that their review did not identify any "non-duplicative responsive documents." However, a review of Defendants' production shows responsive, unproduced documents existed in Mr. Wood possession. For instance, an April 18, 2025 email sent by Mr. Wood via the site Hackerone.com shows an excerpt of Mr. Wood's comment to another user that "… just to reiterate, WP engine is not part of WordPress"—*i.e.,* a reference to Defendants' wordpress.org article at the core of WPE's defamation claims—but Mr. Wood's full conversation with this user has not been produced. There are also several Slack communications referencing Mr. Wood's work on hijacking ACF and creating SCF, yet WPE cannot locate Mr. Wood's notes, working papers, drafts, or communications (outside of Slack) regarding this work in Defendants' production. [redacted]

[redacted]

17. Attached hereto as **Exhibit A** is a true and correct excerpt from a document from Defendants' production bearing the Bates number A8C01400146.

18. On April 6, 2026, I received a document production from DreamHost in response to a subpoena WPE served in April 2025.

19. Attached hereto as **Exhibit B** is a true and correct copy a document from DreamHost's production bearing the Bates numbers DREAM0000326 through DREAM0000329.

20. Attached hereto as **Exhibit C** is a true and correct copy a document from DreamHost's production bearing the Bates numbers DREAM0000397 through DREAM0000398.

21. Attached hereto as **Exhibit D** is a true and correct copy a document from DreamHost's production bearing the Bates number DREAM0000427.

22. Attached hereto as **Exhibit E** is a true and correct copy a document from DreamHost's production bearing the Bates number DREAM0000445.

23. I ran several searches through Defendants' productions for the communications reflected in Exhibits B through E. I was unable to find them.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 7th day of May, 2026, in Burbank, California.

/s/

Gregory A. Fuoco