QUINN EMANUEL URQUHART & SULLIVAN LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael E. Williams (SBN 181299)
michaelwilliams@quinnemanuel.com
Kevin Y. Teruya (SBN 235916)
kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for WPEngine, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

WPENGINE, INC., a Delaware corporation,

Plaintiff,

v.

AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,

Defendants.

AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,

Counterclaimants,

v.

WPENGINE, INC., a Delaware corporation,

Counterdefendant.

Case No. 4:24-cv-06917-AMO-ASK

**WPENGINE, INC.'S OPPOSITION TO DEFENDANTS AND COUNTERCLAIMANTS' MOTION TO MODIFY EXPERT DISCOVERY AND BRIEFING DEADLINES PURSUANT TO LOCAL RULE 6-3**

Hon. Araceli Martínez-Olguín

## I. INTRODUCTION

Defendants' request to extend the case schedule, filed literally the same month as their prior request to extend the case schedule, should be summarily denied as Defendants have not been diligent in meeting the existing schedule, and thus their motion lacks good cause.

## II. FACTUAL BACKGROUND

**<u>Defendants' Seriatim Case Extension Requests</u>**. On June 10, 2026, Defendants moved the Court for a three-month extension of the case schedule, claiming that they needed additional time for the pleadings to settle for purposes of expert reports, expert discovery and dispositive motions. Dkt. 339 at 1-2; Dkt. 339-1. On June 26, 2026, the Court granted Defendants' request over WPE's objection, extending the expert discovery cutoff by six weeks from August 27 to October 8, 2026. Dkt. 355 at 2. Despite receiving this extension, after exchanging opening expert reports on August 6, Defendants made no effort to schedule even a single expert deposition date. Nor did they make any such effort after exchanging rebuttal expert reports on September 10.

On September 3, 2026, Defendants moved the Court again, this time for a five-week extension of the case schedule, claiming that they needed the additional time to receive the Court's order on their motion to dismiss, and to complete expert depositions. Dkt. 371 at 1, 3-4. Notably, Defendants' September 3 motion did *not* disclose that they were in the process of replacing their lead counsel, nor that their new counsel would need more than these five weeks to get up to speed. On Friday, September 11, the Court granted Defendants' request, again over WPE's objection, and extended the expert discovery cutoff by five weeks from October 8 to November 17, 2026. Dkt. 373 at 1. This gave the parties nearly ten weeks to complete the expert depositions.

On Monday September 14, *the very next business day following the Court's order granting Defendants' five-week extension request*, Defendants publicly announced they had hired new lead counsel, Susman Godfrey ("Susman"), over the prior weekend (i.e. September 12 and 13) to defend them in this case. Fuoco Decl. ¶ 3. Susman filed its first notices of appearance a few days later (Dkts. 382-385), and Gibson Dunn & Crutcher ("Gibson") then withdrew (Dkts. 390-396).

On September 30, Defendants filed their third motion for an extension of the case schedule, seeking to move expert discovery and summary judgment deadlines back two more months, on the

basis that their new lead counsel could not meet the existing case deadlines.[1] Dkt. 414 at 2-3.[2] As of the date of this filing, more than six weeks remain in the expert discovery period.

**Defendants' Lack of Diligence**. Prior to September 17, when Gibson was representing Defendants, Defendants (via Gibson) failed to take a single expert deposition, nor did they propose even a single expert deposition date. Defendants (via Gibson) also failed to confirm a single deposition date or offer alternatives following WPE's September 4 email proposing deposition dates for nearly all twenty-two experts in the case, nor WPE's follow-up emails on September 9, 11, or 15, in which WPE provided deposition dates for all twenty-two experts, including for dates in the months of September and October. Fuoco Decl. ¶ 2; Dkt. 415-1.

During the second half of September, Defendants (via Susman) likewise failed to propose even a single expert deposition date. Fuoco Decl. ¶ 4. They accepted some of the expert deposition dates WPE proposed, but failed to respond to more than half of WPE's proposed deposition dates, and thus far have confirmed only three of their twelve experts for deposition. *Id.* Since the filing of their latest extension request on September 30, Defendants have failed to offer or accept even a single expert deposition date. *Id.* ¶ 5.

## III. LEGAL STANDARD

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotations omitted). Good cause to modify a schedule exists "where pretrial deadlines cannot reasonably be met despite the diligence of the party seeking the extension." *Hayward Prop., LLC v. Commonwealth Land Title Ins. Co.*, 2021 WL 4927012, at *3 (N.D. Cal.

---

[1] Defendants have replaced their lead counsel three times during the pendency of this dispute: Perkins Coie (September 2024); Hogan Lovells (October 2024 – January 2025); Gibson Dunn (January 2025 – September 2026), and now Susman Godfrey (September 2026 – ).

[2] While the instant motion was filed solely on behalf of Automattic Inc., WooCommerce Inc., and the WordPress Foundation, Defendant Mullenweg has joined in the request. Dkt. 414 at 5 n.1. For the sake of simplicity, all are collectively referred to herein as "Defendants."

Sept. 28, 2021) (internal quotations omitted). Absent a showing of good cause, the request should be denied. *Bailey v. Gatan, Inc.*, 783 F. App'x 692, 694 (9th Cir. 2019).

Prejudice to the non-moving party is another factor that must be weighed as part of the Court's consideration of whether to amend a scheduling order. *See, e.g.*, *Driver v. Papé Trucks, Inc.*, 2023 WL 7305076, at *2-3 (E.D. Cal. Oct. 6, 2023) (prejudice to non-moving party in form of delay and additional expense weighs against finding good cause); *Feller v. Petty*, 2020 WL 2477679, at *2 (C.D. Cal. Feb. 11, 2020) ("[E]ven if the moving party was diligent, the existence or degree of prejudice to the opposing party may still supply additional reasons not to find good cause.").

## IV. ARGUMENT

### A. Defendants' Latest Motion For An Extension Lacks Good Cause.

Defendants' third motion to extend the schedule in the space of four months should be denied because Defendants have failed to demonstrate the required diligence needed to show good cause.

Despite having just one primary task at hand – scheduling and taking expert depositions – Defendants have failed to take a single one – nor even meaningfully engage with WPE's counsel to schedule them, agreeing to dates for only nine of the twenty-two experts thus far. Defendants have effectively squandered the prior two extensions this Court afforded them for expert discovery, and are entitled to no further extensions of this deadline.

Defendants' latest excuse for an extension is that they have (once again) substituted a new firm in as lead counsel, this time Susman. However, the substitution of new counsel does not constitute good cause to alter the case schedule, absent special circumstances not present here. *See, e.g.*, *Feller*, 2020 WL 2477679, at *2 ("[S]ubstitution of counsel is insufficient cause to amend a scheduling order unless there is a showing that the prior counsel's actions amounted to 'gross negligence or abandonment.'"). Defendants do not claim that Gibson was grossly negligent or abandoned Defendants, and thus no such special circumstances are present here. As such, Defendants' replacement of their counsel for the third time during the pendency of this dispute does not and cannot establish good cause for an extension. *Alvarado Orthopedic Rsch., L.P. v. Linvatec Corp.*, 2012 WL 6193834, at *3-4 (S.D. Cal. Dec. 12, 2012) (denying a modification to a scheduling order because "retention of new counsel does not constitute good cause" nor does it "reset the start

clock"); *Munoz v. PHH Mortg. Corp.*, 2021 WL 1928616, at *3 (E.D. Cal. May 13, 2021) ("Retention of new counsel alone does not support a finding of good cause to modify the scheduling order.").[3]

The cases Defendants cite in their motion do not compel a different result. In *Shields v. Dollar Tree, Inc.*, 2023 WL 8285203, at *2 (S.D. Cal. Nov. 29, 2023), the request was unopposed, and the court granted only 35 of the 60 days sought, noting "the prejudice a lengthy delay can cause." In *Okorie v. Medtronic USA, Inc.*, 2026 WL 1257953, at *2 (W.D. Wash. May 7, 2026), a pro se party needed time to find counsel. And in *Burnett v. Duna USA Inc.*, 2023 WL 6781483, at *1 (C.D. Cal. Sept. 5, 2023), the opposing party had notice of the withdrawal for nearly two months and did not timely object to the schedule extension. None of these cases apply here.

Defendants' additional bases for good cause are equally unavailing. Defendants repeat the concern from their September 3 request about the number of expert depositions. But the Court already addressed that concern in granting the September 11 extension, and Defendants have failed to diligently schedule and conduct expert depositions within that extension period, which is ongoing.

In short, all of Defendants' claimed justifications for an extension fail to demonstrate good cause for a third case schedule extension within the space of four months.

### B. Granting Defendants' Third Extension Request in Four Months Would Unduly Prejudice WPE.

WPE has claims for significant damages and a right to timely adjudication of those claims. The February 22, 2027 trial date the Court originally set fell within three years of the filing of WPE's Complaint, the benchmark Congress has adopted for timely resolution of civil cases. *See* 28 U.S.C. § 476(a)(3). Defendants' serial requests for extensions have since pushed trial to October 19, 2027, just past that mark, and their latest request threatens to push it further still, likely delaying the final

---

[3] It also bears noting that Defendants have two other law firms supporting their defense. Shapiro Arato Bach LLP ("Shapiro") and Coblentz Patch Duffy & Bass LLP ("Coblentz") first appeared as counsel in February 2026 and March 2026, respectively. Dkt. 242; Dkt. 249. Both firms continue to represent Automattic, and Coblentz continues to represent Mr. Mullenweg. Shapiro has engaged in discovery, serving many subpoenas in this case, and Coblentz has filed discovery motions and taken depositions in this case. Defendants have failed to articulate any satisfactory explanation as to why the Coblentz and Shapiro firms cannot assist with expert depositions as well.

adjudication of WPE's claims even further, at great expense and prejudice to WPE. Defendants' bare assertion that their proposed extension would not disturb the trial date is incorrect, as in the past the Court typically has moved the parties' trial date in response to extension requests. Extension requests like the one at issue here, which would push out the completion of dispositive motions to April 2027, would substantially reduce the period for the Court's resolution of dispositive and *Daubert* motions before trial. That is the time the Court has indicated through prior scheduling orders it needs to rule on motions, and is also the time needed for pretrial exchanges and negotiations (which necessarily must take into account the Court's rulings).

Thus, a corresponding push of the existing trial date would severely prejudice WPE by pushing its trial into the 2027 holiday period, which makes it exponentially more difficult to secure witness and counsel availability, among other things. WPE is planning for its October 19, 2027 trial date and has built its 2027 schedule around its trial date. The prejudice to WPE flowing from yet another extension weighs heavily against a finding of good cause here.

## V. CONCLUSION

For the foregoing reasons, WPE respectfully requests that the Court deny Defendants' latest request for an extension of the case schedule, and order Defendants to (1) confirm all remaining expert deposition dates within two business days of the Court's Order, including dates in October for at least half of Defendants' experts to avoid a logjam, and (2) complete expert depositions in the six weeks remaining under the current case schedule. In the event the Court is inclined to grant Defendants some relief, which WPE vigorously opposes, WPE requests the Court extend the expert discovery and summary judgment briefing deadlines by no more than three weeks, and only if such an extension is possible without disturbing the trial date.

DATED: October 5, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Rachel Herrick Kassabian*

Rachel Herrick Kassabian
*Attorneys for Plaintiff WPEngine, Inc.*