QUINN EMANUEL URQUHART &
SULLIVAN LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael E. Williams (SBN 181299)
michaelwilliams@quinnemanuel.com
Kevin Y. Teruya (SBN 235916)
kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for Plaintiff and Counterdefendant WPEngine, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

WPENGINE, INC., a Delaware corporation,

Plaintiff,

v.

AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,

Defendants.

AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,

Counterclaimants,

v.

WPENGINE, INC., a Delaware corporation,

Counterdefendant.

Case No. 4:24-cv-06917-AMO-ASK

**PLAINTIFF'S ANSWER TO COUNTERCLAIMS AND AFFIRMATIVE DEFENSES**

## ANSWER TO COUNTERCLAIMS

WPEngine, Inc. ("WPE") answers Counterclaimants Automattic Inc., Matthew Charles Mullenweg, WordPress Foundation, and WooCommerce Inc.'s ("Counterclaimants")[1] Counterclaims according to its numbered paragraphs, and hereby sets forth its affirmative defenses, as follows:

WPE interprets any headings to provide a roadmap to the allegations and not as allegations themselves. WPE therefore does not provide a specific response to any headings. To the extent a response is required, WPE denies any allegations contained therein.

## GENERAL DENIAL

Except as otherwise expressly admitted herein, WPE denies each and every allegation set forth in the Counterclaims and specifically denies any liability to Counterclaimants. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, allegations in the Counterclaims to which no responsive pleading is required shall be deemed denied. WPE expressly reserves the right to seek to amend and/or supplement its Answer as necessary, including the right to assert and rely upon additional defenses as may be discovered.

## INTRODUCTION

1. WPE admits that it offers and has offered WordPress hosting services, and that Counterclaimants have brought counterclaims. WPE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the number of individuals that use the "WordPress" open-source software system worldwide, and therefore denies that allegation. WPE denies the remaining allegations in Paragraph 1.

2. WPE admits that the WordPress software platform was developed over two decades ago. WPE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 2, and therefore denies those allegations.

---

[1] For convenience, WPE uses the term "Counterclaimants" in its Answer, but it does not concede that all Counterclaimants continue to be relevant to each allegation and response given the Court's ruling on WPE's motion to dismiss (*see* Dkt. 410).

3. WPE admits that WordPress powers tens of millions of websites worldwide, and the second and last sentences of Paragraph 3. WPE denies that WORDPRESS is a famous trademark for purposes of dilution law and denies the allegations in the fourth sentence. WPE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 3, and therefore denies those allegations.

4. Paragraph 4 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE admits that it began offering WordPress hosting services in about 2010, that Silver Lake invested $250 million in WPE in about 2018, that it made nominative use of the WordPress Marks in 2010, and that WPE was not sold. WPE denies the remaining allegations in Paragraph 4, including the implication that it made use of the challenged marks that was not a lawful use.

5. WPE admits it removed the reference to "WordPress" from tier names in September 2024. WPE denies the remaining allegations in Paragraph 5.

6. Paragraph 6 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE admits that it has used the phrases "Most Trusted WordPress Hosting Platform," "Expert WordPress Support," and "powers the freedom to create on WordPress" in describing its goods and services. WPE denies the remaining allegations in Paragraph 6.

7. Paragraph 7 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE denies the allegations in Paragraph 7.

8. Paragraph 8 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE admits that among other keywords and phrases, it has included the word "WordPress" in bids for ad placement on search engine advertising and denies the remaining allegations in Paragraph 8.

9. Paragraph 9 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE denies the allegations in Paragraph 9.

10. The false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, so WPE is not required to respond to Paragraph 10 to the extent the allegations pertain to Counterclaimants' claim of false advertising. WPE further admits that it is a contributor to the WordPress ecosystem and participated in the Five for the Future pledge. WPE denies the remaining allegations in Paragraph 10.

11. WPE admits that in 2024 Matthew Mullenweg gave a keynote address at WordCamp targeting WPE, and expressed similar views in a blog post the next day, as detailed in WPE's Third Amended Complaint ("TAC"). WPE denies the remaining allegations in Paragraph 11.

12. Paragraph 12 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE admits that it filed a lawsuit seeking relief against Automattic and Mr. Mullenweg. WPE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Silver Lake in Paragraph 12, and therefore denies those allegations. WPE denies the remaining allegations in Paragraph 12.

13. Paragraph 13 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE denies the allegations in Paragraph 13.

## NATURE OF THE ACTION

14. Paragraph 14 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE admits that Counterclaimants purport to bring a lawsuit under the Lanham Act and California common law and statutes. WPE denies that it is liable for any such claims, and denies the remaining allegations in Paragraph 14.

15. Paragraph 15 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE denies the allegations in Paragraph 15.

**THE PARTIES**

16. WPE admits that Mr. Mullenweg holds himself out as having cofounded the WordPress open source software and that as of October 8, 2026, he currently serves as the CEO of Automattic. WPE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 16, and therefore denies those allegations.

17. WPE admits that Automattic is a Delaware corporation with its principal place of business at 60 29th Street, Suite 343, San Francisco, CA 94110. WPE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 17, and therefore denies those allegations.

18. WPE admits the allegations in Paragraph 18.

19. WPE admits the allegations in Paragraph 19.

20. WPE admits the allegations in Paragraph 20.

**JURISDICTION AND VENUE**

21. WPE admits that this Court has subject matter jurisdiction over Counterclaimants' federal claims.

22. WPE admits that the Court may in its discretion exercise supplemental jurisdiction over Counterclaimants' claims arising under California state law.

23. WPE admits that this Court has personal jurisdiction over WPE for purposes of this action. The allegations of this paragraph state legal conclusions as to which no answer is required and on that basis WPE denies the remaining allegations.

24. WPE admits that venue is appropriate for purposes of this action. The allegations of this paragraph state legal conclusions as to which no answer is required and on that basis WPE denies the remaining allegations.

**GENERAL ALLEGATIONS**

25. WPE admits the last sentence of this paragraph. WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 25, which are also so vague that WPE cannot reasonably prepare a response, and therefore denies those allegations.

26. WPE admits that a vibrant and collaborative global open-source community has grown up around WordPress and admits the second and third sentences of this paragraph. WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 26, and therefore denies those allegations.

27. WPE denies that "WordPress" is a term widely recognized by the general U.S. population. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27, and therefore denies those allegations.

28. WPE admits that the WordPress source code was promised to be freely available under the GPL and that proper use of the WordPress trademark is important to convey to consumers when goods and services are offered for sites built on WordPress software. The remainder of Paragraph 28 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28, which are also so vague that WPE cannot reasonably prepare a response, and therefore denies those allegations.

29. WPE admits that the WordPress marks should be used in a way that allows members of the community to accurately convey services they provide concerning websites built on the WordPress open source software and that transparency, collaboration, freedom, inclusivity, and commitment to empowering users to contribute to the WordPress open source project should not be abstract ideals, but rather guiding principles for the WordPress community. The remainder of Paragraph 29 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29, which are also so vague that WPE cannot reasonably prepare a response, and therefore denies those allegations.

30. Paragraph 30 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30, which are also so vague that WPE cannot reasonably prepare a response, and therefore denies those allegations.

31. Paragraph 31 contains conclusions of law to which no responsive pleading is required, and vague assertions that are not clear facts, and on that basis WPE denies it. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31, which are also so vague that WPE cannot reasonably prepare a response, and therefore denies those allegations.

32. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32, and therefore denies those allegations.

33. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33, and therefore denies those allegations.

34. WPE admits that Automattic offers blogging and site-building services. WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 34, and therefore denies those allegations.

35. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35, and therefore denies those allegations.

36. Paragraph 36 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE admits that the records of the United States Patent and Trademark Office identify Automattic Inc. as the registrant for the mark “WordPress” (Reg. No. 3,201,424) with a registration date of January 23, 2007. WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 36, and therefore denies those allegations.

37. Paragraph 37 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE admits that Mr. Mullenweg, as of October 8, 2026, currently serves as the CEO of Automattic, and is a Director of the WordPress Foundation. WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 37, and therefore denies those allegations.

38. WPE admits that Automattic provides for-profit commercial services. The remainder of Paragraph 38 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE lacks information sufficient to

form a belief as to the truth or falsity of the remaining allegations in Paragraph 38, and therefore denies those allegations.

39. WPE admits that Paragraph 39 purports to refer to a document that speaks for itself and contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39, and therefore denies those allegations.

40. Paragraph 40 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, WPE admits that the WordPress Foundation has published one or more trademark policies and that Paragraph 40 purports to refer to a trademark policy that speaks for itself. WPE further admits that the records of the United States Patent and Trademark Office identify the WordPress Foundation as the current owner of the five trademark registrations identified in the table in Paragraph 40. WPE lacks information sufficient to admit or deny the remaining allegations in Paragraph 40, and therefore denies those allegations.

41. WPE admits that Exhibit B appears to contain copies of the certificates for the five trademark registrations identified in the table in Paragraph 40.

42. Paragraph 42 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42, and therefore denies those allegations.

43. WPE admits that the WordPress Foundation is identified as the applicant for the two identified pending applications listed in Paragraph 43.

44. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44, and therefore denies those allegations.

45. WPE admits that WooCommerce is an open source platform. WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 45, and therefore denies those allegations.

46. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46, and therefore denies those allegations.

47. Paragraph 47 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47, and therefore denies those allegations.

48. Paragraph 48 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE admits that the records of the United States Patent and Trademark Office identify WooCommerce as the current owner of the sixteen trademark registrations identified in the table in Paragraph 48. WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 48, and therefore denies those allegations.

49. WPE admits that Exhibit C appears to contain copies of the certificates for the sixteen trademark registrations identified in the table in Paragraph 48.

50. Paragraph 50 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50, and therefore denies those allegations.

51. WPE denies the allegations in Paragraph 51.

52. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52, and therefore denies those allegations.

53. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53, and therefore denies those allegations.

54. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54, and therefore denies those allegations.

55. Paragraph 55 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55, and therefore denies those allegations.

56. Paragraph 56 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56, and therefore denies those allegations.

57. Paragraph 57 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57, and therefore denies those allegations.

58. Paragraph 58 purports to refer to a document that speaks for itself and it contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 58, and therefore denies those allegations.

59. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59, and therefore denies those allegations.

60. WPE admits that Paragraph 60 purports to quote a webpage that speaks for itself.

61. WPE admits that a diverse range of entities use the WordPress software as the Content Management System ("CMS") for their websites. WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 61, and therefore denies those allegations.

62. WPE admits that WordPress powers millions of websites, that there are users of sites built using WordPress in all 50 states, and in international countries, that conventions called "WordCamps" are held in the U.S. and some other countries, and numerous themes and plugins are available to WordPress users. WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 62, and therefore denies those allegations.

63. WPE admits that the specific portion of quoted language in the last sentence of Paragraph 63, without the inserted emphasis or the modifications identified, appears in Dkt. 180 ¶ 194, which speaks for itself. WPE lacks information sufficient to form a belief as to the truth or

falsity of the remaining allegations in Paragraph 63, which are also so vague that WPE cannot reasonably prepare a response, and therefore denies those allegations.

64. WPE admits that WordPress has been the subject of news coverage. WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 64, and therefore denies those allegations.

65. WPE admits that the specific portion of quoted language in the last sentence of Paragraph 65 appears in the URL identified, which speaks for itself. WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 65, and therefore denies those allegations.

66. WPE admits that the specific portion of quoted language in Paragraph 66 is included in the URL identified, which speaks for itself, and denies that the quoted language stands for the propositions cited. WPE denies the remaining allegations in Paragraph 66.

67. WPE denies that WordPress is widely known by the general public. WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 67, and therefore denies the remaining allegations.

68. WPE admits that Paragraph 68 purports to quote documents that speak for themselves. WPE denies the remaining allegations in Paragraph 68.

69. Paragraph 69 contains conclusions of law to which no responsive pleading is required. To the extent that a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69, and therefore denies those allegations.

70. Paragraph 70 contains conclusions of law to which no responsive pleading is required. To the extent that a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70, and therefore denies those allegations.

71. WPE admits that the WordPress software is released under a permissive license that allows anyone to use, modify, and distribute it freely. WPE denies that Counterclaimants can control who can make lawful fair and nominative use of the WordPress marks. WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 71, and therefore denies those allegations.

72. WPE admits that the WordPress Foundation has posted a version of a trademark policy since 2010, but denies it has been the same policy from 2010 to the present, and denies Counterclaimants' characterization of the 2010 policy. This paragraph purports to quote a webpage that speaks for itself. WPE denies that the quoted language stands for the proposition cited or the implication that the WordPress trademark policy is consistent with the scope of fair use under the law. WPE otherwise denies the allegations in Paragraph 72.

73. WPE admits that the specific portion of quoted language in Paragraph 73 is included in the URL identified, which speaks for itself. WPE denies the remaining allegations in Paragraph 73, including the implication that the WordPress trademark policy is consistent with the scope of fair use under the law.

74. WPE admits that the specific portion of quoted language in Paragraph 74 is included in the URL identified, which speaks for itself. WPE denies the remaining allegations in Paragraph 74, including the implication that the WordPress trademark policy is consistent with the scope of fair use under the law.

75. WPE denies the allegations in Paragraph 75.

76. WPE denies the allegations in Paragraph 76, including the implication that the WordPress trademark policy is consistent with the scope of fair use under the law.

77. WPE denies the implication that before filing these Counterclaims Counterclaimants have sued all companies that have not complied with the current terms of the "trademark policy." WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 77, and therefore denies those allegations.

78. WPE denies the allegations in Paragraph 78.

79. Paragraph 79 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79, and therefore denies those allegations.

80. Paragraph 80 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 80, and therefore denies those allegations.

81. Paragraph 81 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81, and therefore denies those allegations.

82. WPE admits that the specific portion of quoted language in the four bullets in Paragraph 82 is included in the URL identified, which speaks for itself, and denies that the quoted language stands for the proposition cited and the implication that the WooCommerce trademark policy is consistent with the scope of fair use under the law. WPE denies the remaining allegations in Paragraph 82.

83. Paragraph 83 purports to characterize a document, the content of which speaks for itself. WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 83, and therefore denies those allegations.

84. Paragraph 84 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84, and therefore denies those allegations.

85. Paragraph 85 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85, and therefore denies those allegations.

86. Paragraph 86 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86, and therefore denies those allegations.

87. WPE admits the allegations in Paragraph 87.

88. WPE admits the allegations in Paragraph 88.

89. WPE admits the allegations in Paragraph 89.

90. WPE admits the second sentence of Paragraph 90. WPE denies that Mullenweg was "passive" regarding WPE's operations during Automattic's investment. WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 90, and therefore denies those allegations.

91. WPE admits the allegations in Paragraph 91.

92. WPE admits that it has raised additional funding and increased revenue since 2013. WPE denies the remaining allegations of Paragraph 92.

93. WPE admits the allegations in Paragraph 93.

94. WPE admits that in 2018, three of Silver Lake's executives sat on WPE's board: Mark Gillett, current Managing Director and Head of Value Creation at Silver Lake; Lee Wittlinger, current Managing Partner at Silver Lake; and Greg Mondre, current Managing Partner and Co-Chairman at Silver Lake. WPE denies the remaining allegations in Paragraph 94.

95. WPE admits the allegations in Paragraph 95.

96. WPE admits the allegations in Paragraph 96.

97. WPE admits that its business depends on the WordPress ecosystem but its profits derive from the services it provides. WPE denies the remaining allegations of this Paragraph.

98. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98, and therefore denies those allegations.

99. WPE admits it competes with services of some companies that offer hosting services for WordPress websites, including some business units of Automattic. The remaining allegations contain conclusions of law to which no responsive pleading is required. To the extent a response is required, WPE denies those allegations.

100. WPE denies the allegations in Paragraph 100.

101. WPE admits that over time it has sought to serve more clients and to increase the value of its company. The remaining allegations of Paragraph 101 are otherwise too vague to permit a response and on that basis WPE denies them.

102. WPE admits that it was founded in 2010 and used the WordPress Marks to refer to and explain its services. WPE denies the remaining allegations and characterizations in Paragraph 102.

103. WPE admits that the image in Paragraph 103 is a true and accurate image of an incomplete portion of its website at http://wpengine.com on or about December 30, 2010. WPE denies the remaining allegations in Paragraph 103.

104. WPE admits that the image in Paragraph 104 is a true and accurate image of an incomplete portion of its website at http://wpengine.com on or about January 3, 2012. WPE denies the remaining allegations in Paragraph 104.

105. WPE admits that the image in Paragraph 105 is a true and accurate image of an incomplete portion of its website at http://wpengine.com on or about June 14, 2012. WPE denies the remaining allegations in Paragraph 105.

106. WPE admits that the images in Paragraph 106 are true and accurate images of incomplete portions of its website at http://wpengine.com on or about December 1, 2013. WPE denies the remaining allegations in Paragraph 106.

107. WPE admits that the images in Paragraph 107 are true and accurate images of incomplete portions of its website at http://wpengine.com on or about July 3, 2015. WPE denies the remaining allegations in Paragraph 107.

108. WPE admits that the image in Paragraph 108 is a true and accurate image of an incomplete portion of its website at http://wpengine.com on or about June 1, 2017. WPE denies the remaining allegations in Paragraph 108.

109. WPE denies the allegations in Paragraph 109.

110. WPE admits that the specific portion of quoted language in Paragraph 110 is included in the URL identified, dated January 4, 2018, which speaks for itself, and the image in Paragraph 110 is a true and accurate image of an incomplete portion of its website at https://wpengine.com/blog/milestone-announcement/, dated January 4, 2018, the URL of which is live today. WPE denies the remaining allegations in Paragraph 110.

111. WPE admits that the specific portion of quoted language in Paragraph 111 is included in the URL identified, which speaks for itself and the image in Paragraph 111 is a true and accurate image of an incomplete portion of its website at http://wpengine.com on or about January 31, 2018. WPE denies the remaining allegations in Paragraph 111.

112. WPE admits that the image in Paragraph 112 is a true and accurate image of an incomplete portion of the website at the URL identified on or about January 29, 2019. WPE denies the remainder of the allegations in Paragraph 112.

113. WPE admits that the image in Paragraph 113 is a true and accurate image of an incomplete portion of its website at http://wpengine.com on or about June 1, 2019. WPE denies the remaining allegations in Paragraph 113.

114. WPE denies the allegations in Paragraph 114.

115. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 115 as to whether the charts accurately depict WPE's use of the WordPress and WooCommerce Marks in WPE's homepage over time, and therefore denies those allegations. WPE denies the remaining allegations in Paragraph 115.

116. WPE denies the allegations in Paragraph 116.

117. WPE admits that at the bottom of a March 2021 press release, in the "About WP Engine" section, it referred to itself as "WP Engine, the world's most trusted WordPress technology company," as part of a sentence, and that the press release is still available on WPE's website. WPE admits that the image in Paragraph 117 is a true and accurate image of an incomplete portion of a press release available on its website with highlighting added that does not appear on its website. WPE denies the remaining allegations in Paragraph 117.

118. WPE admits that at the bottom of a June 2021 press release, in the "About WP Engine" section, it referred to itself as "WP Engine, the WordPress technology company," as part of a sentence, and that the press release is still available on WPE's website. WPE admits that the image in Paragraph 118 is a true and accurate image of an incomplete portion of a press release available on its website with highlighting added that does not appear on its website. WPE denies the remaining allegations in Paragraph 118.

119. WPE admits that the images in Paragraph 119 are true and accurate images of an incomplete portion of its website at the identified URL on or about November 10, 2021. WPE denies the remaining allegations in Paragraph 119.

120. WPE admits that the image in Paragraph 120 is a true and accurate image of an incomplete portion of its website at the identified URL on or about August 13, 2022. WPE denies the remaining allegations in Paragraph 120.

121. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 121, and therefore denies those allegations.

122. WPE denies the allegations in Paragraph 122.

123. WPE admits that the image in Paragraph 123 is a true and accurate image of an incomplete portion of its website at http://wpengine.com on or about May 27, 2024. WPE denies the remaining allegations in Paragraph 123.

124. WPE admits that the image in Paragraph 124 is a true and accurate image of an incomplete portion of its website at http://wpengine.com on or about August 15, 2024. WPE denies the remaining allegations in Paragraph 124.

125. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 125, and therefore denies those allegations.

126. Paragraph 126 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, WPE admits that Automattic approached WPE's majority investor in September 2024 and threatened that Automattic would "go to war" with WPE if WPE did not agree to pay Automattic 8% of WPE's gross revenues—tens of millions of dollars—on an ongoing basis, for a purported "trademark license." WPE denies the remaining allegations in Paragraph 126.

127. Paragraph 127 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, WPE responds that it made revisions to its website in light of the cease and desist letter Counterclaimants sent it on September 23, 2024—the first time in 14 years that they ever requested changes to WPE's website. WPE admits that the phrases "WP Engine, the WordPress Technology Company" and "the WordPress Digital Experience Platform" currently appear on its website due to the accessibility of its historic press releases. WPE denies the remaining allegations in Paragraph 127.

128. WPE admits that the image in Paragraph 128 is a true and accurate image of an incomplete portion of a document that was available on its website with highlighting added that did not appear on its website. WPE denies the remaining allegations in Paragraph 128.

129. WPE admits that the image in Paragraph 129 is a true and accurate image of an incomplete portion of a document that was available on its website with highlighting added that did not appear on its website. WPE denies the remaining allegations in Paragraph 129.

130. WPE denies the allegations in Paragraph 130.

131. WPE admits that Paragraph 131 contains a correct image of how Google displayed at least one link to WPE's website and that it has bid on keywords for search engine advertising, including "WordPress." WPE denies the remaining allegations in Paragraph 131.

132. Paragraph 132 contains allegations that are too vague to allow WPE to form a belief as to the truth or falsity of the allegations in Paragraph 132 before the first comma, and therefore denies those allegations. WPE denies the remaining allegations in Paragraph 132.

133. WPE denies the allegations in Paragraph 133.

134. WPE admits that it bids on keywords that are related to WordPress in connection with Google's search engine advertising. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 134 as to whether the image is a portion of a true and accurate reproduction of search results returned for a "Google search for the term 'wordpress hosting' as of September 18, 2025," and therefore denies those allegations. WPE denies the remaining allegations in Paragraph 134.

135. WPE admits that it bids on keywords that are related to WooCommerce in connection with Google's search engine advertising. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 135 as to whether the image is a portion of a true and accurate reproduction of search results returned for a "Google search for the term 'woocommerce' as of October 16, 2025," and therefore denies those allegations. WPE denies the remaining allegations in Paragraph 135.

136. Paragraph 136 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE avers that the governing law concerning the likelihood of consumer confusion and nominative fair use is an issue for the Court to determine.

137. Paragraph 137 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE denies the allegations in Paragraph 137.

138. Paragraph 138 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 138, and therefore denies them.

139. Paragraph 139 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE denies the allegations in Paragraph 139.

140. Paragraph 140 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 140, and therefore denies them.

141. WPE admits the allegations in Paragraph 141, but denies the implication that those are the only goods and services WPE offers.

142. Paragraph 142 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE denies that the WordPress Foundation, Matt Mullenweg, and WooCommerce provide web hosting, maintenance, and performance optimization services for websites. WPE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 142, and therefore denies them.

143. Paragraph 143 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE denies the allegations in Paragraph 143.

144. WPE admits that it uses the terms "WordPress," "Woo," and/or "WooCommerce" in certain promotional materials, including some blog posts, some advertising, and some paid search campaigns, to refer to those products and services. WPE lacks information sufficient to form a belief

as to the truth or falsity of the remaining allegations, which are so vague that WPE cannot reasonably prepare a response and therefore denies those allegations.

145. WPE admits that it uses the terms “WordPress,” “Woo,” and/or “WooCommerce” on some of its webpages, sometimes more than once, to refer to those products and services. WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations, which are so vague that WPE cannot reasonably prepare a response, and therefore denies those allegations.

146. Paragraph 146 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the last sentence of Paragraph 146 regarding whether Counterclaimants “have received numerous inquiries and complaints from users,” and therefore denies those allegations. WPE denies the remaining allegations of Paragraph 146.

147. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 147, and therefore denies those allegations.

148. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 148, and therefore denies those allegations.

149. WPE denies the allegations in Paragraph 149.

150. WPE admits that the image in Paragraph 150 is a true and accurate image of a message it received from a customer on June 21, 2022. WPE denies the remainder of the allegations in Paragraph 150.

151. WPE admits that the image in Paragraph 151 is a true and accurate image of a message it received from a customer on June 21, 2022, which included certain Automattic employees on the email thread. WPE denies the remainder of the allegations in Paragraph 151.

152. WPE admits that the image in Paragraph 152 is a true and accurate image of a message it received on June 21, 2022. WPE denies the remainder of the allegations in Paragraph 152.

153. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 153, and therefore denies those allegations.

154. WPE denies the allegations in Paragraph 154.

155. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 155, and therefore denies those allegations.

156. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 156, and therefore denies those allegations.

157. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 157, and therefore denies those allegations.

158. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 158, and therefore denies those allegations.

159. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 159, and therefore denies those allegations. WPE denies the allegations in the second sentence of Paragraph 159.

160. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 160, and therefore denies those allegations.

161. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 161, and therefore denies those allegations.

162. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 162, and therefore denies those allegations.

163. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 163, and therefore denies those allegations. WPE denies the allegations in the second sentence of Paragraph 163.

164. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 164, and therefore denies those allegations.

165. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 165, and therefore denies those allegations. WPE denies the remaining allegations of Paragraph 165.

166. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 166, and therefore denies those allegations.

167. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 167, and therefore denies those allegations.

168. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 168, and therefore denies those allegations.

169. WPE denies the allegations in Paragraph 169.

170. Paragraph 170 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE denies the allegations in Paragraph 170.

171. WPE denies actual confusion is shown by the allegations. WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 171, and therefore denies those allegations.

172. WPE denies the allegation that users "do not distinguish between the two entities." WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 172, and therefore denies those allegations.

173. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 173, and therefore denies those allegations.

174. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 174, and therefore denies those allegations.

175. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 175, and therefore denies those allegations.

176. WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 176, and therefore denies those allegations.

177. WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 177, and therefore denies those allegations.

178. WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 178, and therefore denies those allegations.

179. WPE denies that its agency partners are confused about it being a distinct company from Counterclaimants and denies the remaining allegations in Paragraph 179.

180. WPE admits that the image in Paragraph 180 is a true and accurate image of an incomplete portion of the cited URL, which contains partnership content provided by partners. WPE denies the remaining allegations in Paragraph 180.

181. WPE admits that the image in Paragraph 181 is a true and accurate image of an incomplete portion of the cited URL, which contains partnership content provided by partners. WPE denies the remaining allegations in Paragraph 181.

182. WPE denies the allegations in Paragraph 182.

183. Paragraph 183 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE denies the allegations in Paragraph 183.

184. WPE denies the allegations in Paragraph 184.

185. WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 185, and therefore denies those allegations.

186. WPE denies the allegations in Paragraph 186.

187. WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 187, and therefore denies those allegations.

188. Paragraph 188 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE denies the allegations in Paragraph 188.

189. Paragraph 189 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE denies the allegations in Paragraph 189.

190. WPE admits that it has had no intent to confuse the buying public, and that it brought a claim of declaratory judgment for non-infringement. WPE lacks information sufficient to form a belief as to the truth or falsity of Counterclaimants' expectations in the first sentence of Paragraph 190, and therefore denies those allegations. WPE denies the remaining allegations in Paragraph 190.

191. WPE admits that it promotes its services using Google Ads, search engine optimization, affiliate marketing, tech blogs, and social media platforms. WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 191, and therefore denies those allegations.

192. WPE admits that it has bid on the keywords "WordPress," "Woo," and "WooCommerce" on Google Ads and other keyword bidding platforms. WPE denies the remaining allegations.

193. WPE denies the allegations in Paragraph 193.

194. WPE admits that it markets its services for businesses and individuals seeking to build, host, or manage WordPress websites. WPE denies that its customers are frequently unsophisticated and lack an understanding of the WordPress ecosystem. WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 194, which are also so vague that WPE cannot reasonably prepare a response, and therefore denies those allegations.

195. WPE denies that consumers are "likely to be confused" as a result of WPE's conduct, including those looking for service to handle hosting, maintenance, and support. WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 195, which are also so vague that WPE cannot reasonably prepare a response, and therefore denies those allegations.

196. WPE denies the allegation in Paragraph 196.

197. WPE denies the allegation in Paragraph 197.

198. WPE denies the implication that its customers are likely to make impulsive purchases of WPE's services. WPE lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 198, including as to what "convenience-based purchasing" means in the context of website hosting services, and therefore denies those allegations.

199. WPE denies the allegation in Paragraph 199.

200. WPE denies the allegations in Paragraph 200.

201. WPE denies the allegations in Paragraph 201.

202. WPE admits that it is aware of the WordPress Foundation's current asserted "Trademark Policy" located at https://wordpressfoundation.org/trademark-policy/. WPE denies the remaining allegations in Paragraph 202.

203. WPE admits the first sentence of Paragraph 203. WPE denies the remaining allegations in Paragraph 203.

204. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 204, and therefore denies those allegations.

205. WPE denies that it operates in an overlapping commercial sphere with the WordPress Foundation. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 205, and therefore denies those allegations.

206. WPE denies the allegations in Paragraph 206.

207. WPE denies the allegations in Paragraph 207.

208. WPE denies the allegations in Paragraph 208.

209. Paragraph 209 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE denies the allegations in Paragraph 209.

210. Paragraph 210 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE denies the allegations in Paragraph 210.

211. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 211 as to whether the charts accurately depict WPE's use of the WordPress Mark when compared with its competitors over time, and therefore denies those allegations. WPE denies the remaining allegations in Paragraph 211.

212. WPE denies the allegations in Paragraph 212.

213. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegation in the second sentence of Paragraph 213, and therefore denies it. WPE denies the remaining allegations in Paragraph 213.

214. Paragraph 214 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE denies the allegations in Paragraph 214.

215. Paragraph 215 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE denies the allegations in Paragraph 215.

216. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 216, and therefore denies those allegations. WPE denies the remaining allegations in Paragraph 216.

217. WPE admits that the WordPress Foundation's current asserted "Trademark Policy," located at https://wordpressfoundation.org/trademark-policy/, permits the use of "WP" in branding. WPE denies the remaining allegations in Paragraph 217.

218. WPE admits that the image in Paragraph 218 is a true and accurate image of an incomplete portion of the cited URL on or about September 9, 2024, which speaks for itself. WPE denies the remaining allegations in Paragraph 218.

219. WPE denies the allegations in Paragraph 219.

220. Paragraph 220 contains conclusions of law to which no responsive pleading is required, and on that basis WPE denies it. To the extent a response is required, WPE admits that it has used the terms "Personal," "Professional," "Business," "Essential WordPress," "Core WordPress," and "Enterprise WordPress," to describe different tiers of its services provided to websites built with WordPress, has periodically changed the names used to describe its tiers, and it has used the term "WooCommerce Hosting" to advertise that it offers hosting services for websites using the WooCommerce plugin for ecommerce. WPE denies the remaining allegations in Paragraph 220.

221. WPE denies the allegations in Paragraph 221.

222. WPE denies the allegations in Paragraph 222.

223. WPE admits that it has bid on "WordPress," "Woo," and "WooCommerce," along with other terms, as search engine keywords in connection with sponsored ad placements. WPE

lacks information sufficient to form a belief as to the truth or falsity of the allegations in the second and third sentences of Paragraph 223 to the extent they incorporate vague adverbs, and therefore denies those allegations. WPE denies that its advertisements are misleading or confusing and denies the remaining allegations in Paragraph 223.

224. WPE admits that it uses the WORDPRESS and WOOCOMMERCE marks on its website, in paid advertising, and in customer service materials, as well as other locations, including customer resources, to describe its goods and services provided to websites built with WordPress, and to refer to open source WordPress source code. The remaining allegations in Paragraph 224 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, WPE denies the allegations in Paragraph 224.

225. WPE denies the allegations in Paragraph 225.

226. WPE denies the allegations in Paragraph 226.

227. WPE denies that it has "disabled" any key features of WordPress at least because WPE users can contact support to use these features. WPE denies the remaining allegations in Paragraph 227.

228. WPE denies the allegations in Paragraph 228.

229. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 229 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 229.

230. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 230 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 230.

231. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 231 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 231.

232. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 232 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 232.

233. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 233 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 233.

234. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 234 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 234.

235. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 235 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 235.

236. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 236 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 236.

237. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 237 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 237.

238. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 238 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 238.

239. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 239 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 239.

240. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 240 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 240.

241. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 241 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 241.

242. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 242 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 242.

243. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 243 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 243.

244. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 244 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 244.

245. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 245 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 245.

246. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 246 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 246.

247. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 247 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 247.

248. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 248 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 248.

249. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 249 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 249.

250. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 250 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 250.

251. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 251 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 251.

252. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 252 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 252.

253. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 253 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 253.

254. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 254 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 254.

255. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 255 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 255.

256. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 256 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 256.

257. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) and this allegation does not relate to any remaining Counts, WPE is not required to respond to Paragraph 257 to the extent the allegations pertain to Counterclaimants' claim of false advertising, and on that basis WPE denies the allegations in Paragraph 257.

258. WPE denies that Mullenweg and Automattic have long engaged in discussions with WPE concerning WPE's use of the WordPress and WooCommerce Marks.

259. WPE lacks information sufficient to form a belief as to the truth or falsity of Automattic's "concern," and therefore denies the allegations in Paragraph 259.

260. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 260, and therefore denies those allegations.

261. WPE denies the allegations in Paragraph 261.

262. WPE admits that it engaged in discussions with Automattic and WooCommerce in 2024 concerning what they described as a WooCommerce partnership agreement, and that Automattic terminated those discussions in or around August 2024. WPE denies the remaining allegations in Paragraph 262.

263. WPE admits Automattic pitched WPE on Woo's new Hosting Partner Program, and discussed a general timeline. WPE denies the proposed agreement was structured as a trademark licensing agreement and denies the remaining allegations in Paragraph 263.

264. WPE admits that on or around May 30, 2024, Automattic sent WPE a "Term Sheet for Partnership between WP Engine and Automattic." WPE lacks information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in Paragraph 264, and therefore denies those allegations.

265. WPE admits that the first commercial term on the "Term Sheet for Partnership between WP Engine and Automattic," proposed by Automattic on May 30, 2024, proposed a $5,000,000 trademark fee with a 5% annual increase to be paid by WPE to Automattic. WPE further admits that Automattic and WPE discussed the term sheet in June and July 2024. WPE denies the remaining allegations in Paragraph 265.

266. WPE admits that Automattic attempted to convey a sense of urgency to pressure WPE into signing the term sheet. WPE denies the remaining allegations in Paragraph 266.

267. WPE admits that Automattic offered what they described as a partnership with WooCommerce. WPE denies the remaining allegations in Paragraph 267.

268. WPE admits that Mr. Mullenweg and Automattic approached WPE's majority investor on or around September 20, 2024 to demand that WPE agree to pay Automattic 8% of its gross revenues for a purported "trademark license." WPE denies the remaining allegations in Paragraph 268.

269. WPE denies the allegations in Paragraph 269.

270. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 270 relating to what became "clear" to Mullenweg and Automattic, and therefore denies those allegations. WPE denies the remaining allegations in Paragraph 270.

271. WPE admits that, on or around September 23, 2024, WPE received a letter from Automattic's then legal counsel, which demanded that WPE cease allegedly "unauthorized" uses of the WordPress and WooCommerce marks or obtain a trademark license, and the content of the letter, which otherwise speaks for itself. WPE denies the remaining allegations in Paragraph 271.

272. WPE admits it filed a 61-page complaint, and avers it did so on October 2, 2024. WPE denies the remaining allegations in Paragraph 272.

273. WPE avers that it does not need a trademark license to engage in nominative fair use, and that it negotiated with Automattic in good faith. WPE denies the remaining allegations in Paragraph 273.

274. WPE denies the allegations in Paragraph 274.

275. WPE admits that the specific portion of quoted language in Paragraph 275 is included in the URL identified, dated September 26, 2024, which speaks for itself, and the image in Paragraph 275 is a true and accurate image of an incomplete portion of its website at http://wpengine.com on or about September 26, 2024. WPE denies the remaining allegations in Paragraph 275.

276. WPE admits that the image in Paragraph 276 is a true and accurate image of an incomplete portion of its website at http://wpengine.com on or about October 2, 2024. WPE denies the remaining allegations in Paragraph 276.

277. WPE admits that its website does not use the phrase "We power the freedom to create on WordPress" and that it uses "WordPress" and "WordPress Hosting" on its website to refer to the software its customers' websites are built with, and that it has bid on keywords for search engine advertising that include "WordPress," "WooCommerce," and "Woo." WPE denies the remaining allegations in Paragraph 277.

278. WPE denies the allegations in Paragraph 278.

279. WPE admits the image shown in Paragraph 279 is a true and accurate incomplete portion of its webpage from on or about September 24, 2024, reflecting pricing tier names of "Essential WordPress," "Core WordPress," and "Enterprise WordPress," and that the page referred to "WordPress Hosting" and "WooCommerce Hosting." WPE denies the remaining allegations of Paragraph 279.

280. WPE admits the image shown in Paragraph 280 is a true and accurate incomplete portion of its webpage from on or about October 2, 2024, reflecting pricing tier names of "Essential," "Core," and "Enterprise," and that the page referred to "Hosting for WordPress" and "eCommerce Hosting." WPE denies the remaining allegations of Paragraph 280.

281. WPE admits the allegations in the second sentence of Paragraph 281 and that it has bid on keywords for search advertising, some of which include "WordPress," "WooCommerce," or "Woo." WPE denies the remaining allegations in Paragraph 281.

282. WPE admits that the images in Paragraph 282 are true and accurate images of an incomplete portion of its website at the URL identified on or about September 24, 2024. WPE denies the remaining allegations in Paragraph 282.

283. WPE admits the allegations in Paragraph 283.

284. WPE denies the allegations in Paragraph 284.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement under 15 U.S.C. § 1114(1)

285. WPE incorporates by reference its responses in each and every paragraph of this Answer with the same force and effect as if fully set forth herein.

286. Paragraph 286 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 286, and therefore denies those allegations.

287. Paragraph 287 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 287, and therefore denies those allegations.

288. WPE admits that it uses "WordPress," "WooCommerce," and "Woo" in a fair and nominative way. WPE denies the remaining allegations in Paragraph 288.

289. WPE denies the allegations in Paragraph 289.

290. WPE denies the allegations in Paragraph 290.

291. WPE denies the allegations in Paragraph 291.

292. WPE denies the allegations in Paragraph 292.

293. WPE denies the allegations in Paragraph 293.

**SECOND CLAIM FOR RELIEF**

**False Advertising, False Designation of Origin, and Unfair Competition under 15 U.S.C. § 1125(a)**

294. WPE incorporates by reference its responses in each and every paragraph of this Answer with the same force and effect as if fully set forth herein.

295. Paragraph 295 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 295, and therefore denies those allegations.

296. Paragraph 296 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the first sentence of Paragraph 296, and therefore denies those allegations. WPE denies the remaining allegations in Paragraph 296.

297. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) WPE is not required to respond to Paragraph 297, and on that basis WPE denies the allegations in Paragraph 297.

298. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) WPE is not required to respond to Paragraph 298, and on that basis WPE denies the allegations in Paragraph 298.

299. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) WPE is not required to respond to Paragraph 299, and on that basis WPE denies the allegations in Paragraph 299. To the extent a response is required to allegations excluding the false advertising portion of Count 2, *i.e.*, Counterclaimants' claim of unfair competition and false designation of origin, WPE denies the remaining allegations in Paragraph 299.

300. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) WPE is not required to respond to Paragraph 300 and on that basis WPE denies the allegations in Paragraph 300. To the extent a response is required to allegations excluding the false advertising

portion of Count 2, *i.e.*, Counterclaimants' claim of unfair competition and false designation of origin, WPE denies the remaining allegations in Paragraph 300.

301. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) WPE is not required to respond to Paragraph 301, and on that basis WPE denies the allegations in Paragraph 301. To the extent a response is required to allegations excluding the false advertising portion of Count 2, *i.e.*, Counterclaimants' claim of unfair competition and false designation of origin, WPE denies the remaining allegations in Paragraph 301.

302. WPE denies the allegations in Paragraph 302.

303. Because the false advertising portion of Count 2 has been dismissed (*see* Dkt. 410) WPE is not required to respond to Paragraph 303, and on that basis WPE denies the allegations in Paragraph 303. To the extent a response is required to allegations excluding the false advertising portion of Count 2, *i.e.*, Counterclaimants' claim of unfair competition and false designation of origin, WPE denies the remaining allegations in Paragraph 303.

304. WPE denies the allegations in Paragraph 304.

## THIRD CLAIM FOR RELIEF

## Common Law Trademark Infringement

305. WPE incorporates by reference its responses in each and every paragraph of this Answer with the same force and effect as if fully set forth herein.

306. Paragraph 306 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 306, and therefore denies those allegations.

307. WPE denies the allegations in Paragraph 307.

308. WPE denies the allegations in Paragraph 308.

309. WPE denies the allegations in Paragraph 309.

310. WPE denies the allegations in Paragraph 310.

311. WPE denies the allegations in Paragraph 311.

**FOURTH CLAIM FOR RELIEF**

**Trademark Dilution of the WordPress Marks under 15 U.S.C. § 1125(c)**

312. WPE incorporates by reference its responses in each and every paragraph of this Answer with the same force and effect as if fully set forth herein.

313. Paragraph 313 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 313, and therefore denies those allegations.

314. WPE denies the allegations in Paragraph 314.

315. WPE denies the allegations in Paragraph 315.

316. WPE denies the allegations in Paragraph 316.

317. WPE denies the allegations in Paragraph 317.

318. WPE denies the allegations in Paragraph 318.

319. WPE denies the allegations in Paragraph 319.

320. WPE denies the allegations in Paragraph 320.

**FIFTH CLAIM FOR RELIEF**

**Trademark Dilution of the WordPress Marks under Cal. Bus. & Prof. Code § 14247**

321. WPE incorporates by reference its responses in each and every paragraph of this Answer with the same force and effect as if fully set forth herein.

322. Paragraph 322 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 322, and therefore denies those allegations.

323. WPE denies the allegations in Paragraph 323.

324. WPE denies the allegations in Paragraph 324.

325. WPE denies the allegations in Paragraph 325.

326. WPE denies the allegations in Paragraph 326.

327. WPE denies the allegations in Paragraph 327.

328. WPE denies the allegations in Paragraph 328.

**SIXTH CLAIM FOR RELIEF**

**Unfair Competition under California Statutory Law, Cal. Bus. & Prof. Code § 17200 *et seq.***

329. WPE incorporates by reference its responses in each and every paragraph of this Answer with the same force and effect as if fully set forth herein.

330. Paragraph 330 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 330, and therefore denies those allegations.

331. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 331, and therefore denies those allegations.

332. WPE denies the allegations in Paragraph 332.

333. WPE denies the allegations in Paragraph 333.

334. WPE denies the allegations in Paragraph 334.

335. WPE denies the allegations in Paragraph 335.

336. WPE denies the allegations in Paragraph 336.

337. WPE denies the allegations in Paragraph 337.

338. WPE denies the allegations in Paragraph 338.

**SEVENTH CLAIM FOR RELIEF**

**Common Law Unfair Competition**

339. WPE incorporates by reference its responses in each and every paragraph of this Answer with the same force and effect as if fully set forth herein.

340. Paragraph 340 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 340, and therefore denies those allegations.

341. WPE lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 341, and therefore denies those allegations.

342. WPE denies the allegations in Paragraph 342.

343. WPE denies the allegations in Paragraph 343.

344. WPE denies the allegations in Paragraph 344.

345. WPE denies the allegations in Paragraph 345.

346. WPE denies the allegations in Paragraph 346.

347. WPE denies the allegations in Paragraph 347.

348. WPE denies the allegations in Paragraph 348.

## FURTHER ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES

By way of further Answer, defenses, and affirmative defenses, WPE denies that it is liable to Counterclaimants on any of the claims alleged and denies that Counterclaimants are entitled to damages, treble or punitive damages, equitable relief, attorneys' fees, costs, pre-judgment interest or to any relief whatsoever from WPE, and states as follows:

### FIRST DEFENSE

**(Failure to State a Claim)**

The Counterclaims fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

**(Trademark Non-Infringement and Non-Dilution)**

Counterclaimants' claims are barred, in whole or in part, because WPE did not, and does not, infringe or dilute any of Counterclaimants' protectable trademarks.

### THIRD DEFENSE

**(Laches)**

Counterclaimants' claims and/or relief sought are barred, in whole or in part, under the doctrine of laches.

### FOURTH DEFENSE

**(Acquiescence, Estoppel, and Waiver)**

Counterclaimants' claims and/or relief are barred, in whole or in part, under the doctrines of acquiescence, estoppel, and/or waiver.

**FIFTH DEFENSE**

**(Fair Use)**

Counterclaimants' claims and/or relief are barred, in whole or in part, because WPE's use of the asserted marks is lawful fair use, including to describe WPE's goods or services, and is otherwise protected by the First Amendment to the U.S. Constitution.

**SIXTH DEFENSE**

**(Failure to Mitigate)**

Counterclaimants' claims and/or relief are barred, in whole or in part, because of Counterclaimants' failure to mitigate damages, if any such damages exist.

**SEVENTH DEFENSE**

**(No Proximate Cause)**

Counterclaimants' claims and/or relief are barred, in whole or in part, because no act or omission of WPE is the proximate cause of any alleged injury or damage to Counterclaimants.

**EIGHTH DEFENSE**

**(No Damages)**

Counterclaimants' claims and/or relief are barred, in whole or in part, because Counterclaimants have not suffered any injury or damages, and because their alleged damages, if any, are speculative.

**NINTH DEFENSE**

**(No Irreparable Harm)**

Counterclaimants' claims for injunctive relief are barred because Counterclaimants cannot show that they are likely to suffer irreparable harm.

**TENTH DEFENSE**

**(Adequate Remedy at Law)**

Counterclaimants' claims for relief are barred, in whole or in part, because the alleged injury or damage suffered by Counterclaimants, if any, would be adequately compensated by damages. Accordingly, Counterclaimants have a complete and adequate remedy at law and are not entitled to seek equitable relief, including but not limited to Counterclaimants' request for injunctive relief.

**ELEVENTH DEFENSE**

**(Implied License)**

Counterclaimants' claims and/or relief sought are barred, in whole or in part, because Counterclaimants knowingly allowed WPE to use their marks for more than a decade under an implied license.

**TWELFTH DEFENSE**

**(Unclean Hands)**

Counterclaimants' claims and/or relief sought are barred, in whole or in part, under the doctrine of unclean hands, including because Counterclaimants have leveraged their trademark rights in violation of antitrust laws.

**THIRTEENTH DEFENSE**

**(Trademark Misuse)**

WPE incorporates by reference all the allegations of its Third Amended Complaint. Counterclaimants' claims and/or relief sought are barred by the doctrine of trademark misuse. Counterclaimants have attempted to use their purported trademark rights as a causal instrumentality to violate the antitrust laws. Years after lulling WPE, along with many others, into the WordPress community with representations of free access to the WordPress open-source software and community platform, such as offering code enhancements, plug-ins, and access to support fora, and after declaring that the "WordPress" trademark was an asset of a nonprofit foundation to ensure that it would be free forever, Counterclaimants looked at the revenue WPE was generating through its enhancements, support, and other services, and on that basis, demanded WPE pay 8% of its revenues as a "trademark license" to refer to "WordPress" and "WooCommerce"—a use for which no license is required. Mullenweg confirmed this number was selected based on Counterclaimants' estimate of WPE's "free cash flow."

Unlike typical trademark licenses, in which a license is needed to use a trademark as part of a product name, Counterclaimants are using sham trademark infringement accusations based on referential uses to the open-source WordPress software. And unlike typical trademark license deals, Counterclaimants used their market power to threaten WPE's existing business. Counterclaimants

told WPE they would "go to war" and go "nuclear" and engage in "scorched earth" tactics if WPE wouldn't pay the "license fee" they demanded.

When WPE did not accede to these threats, Counterclaimants tried to kick WPE out of the WordPress community. They blocked WPE's ability to upload and update WPE-developed plugins to the WordPress Plugin Directory on wordpress.org, cut off WPE customers from accessing wordpress.org resources from their website administrative panels, and unilaterally commandeered WPE's popular ACF plugin. Counterclaimants have made clear that if WPE would pay the demanded "license fee," "all this [harm] could end."

Counterclaimants are using their purported trademark rights to block WPE's participation in the WordPress community as a means to extort monopolistic pricing. Therefore, WPE's use of the WORDPRESS and WOOCOMMERCE marks is protected by the doctrine of trademark misuse.

## PRAYER FOR RELIEF

WPE denies that Counterclaimants are entitled to any of the relief demanded in the Prayer for Relief. WPE respectfully requests a judgment in its favor and dismissing Counterclaimants' Counterclaims in their entirety with prejudice. WPE reserves the right to seek all fees and costs, including but not limited to reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a), pre- and post-judgment interest to the fullest extent available, and any other and further relief as the Court deems just, equitable, and proper.

## JURY DEMAND

WPE hereby demands a jury on all issues raised by the Counterclaims that are so triable.

WHEREFORE, WPE respectfully requests that, regarding the Counterclaims, the Court:

A. Deny all relief sought by Counterclaimants in the Counterclaims;

B. Enter judgment in WPE's favor and dismiss Counterclaimants' Counterclaims in their entirety with prejudice;

C. Award WPE all of its fees, expenses, and costs in defending against the Counterclaims, including but not limited to all of its expenses, costs, and reasonable

attorneys' fees pursuant to 15 U.S.C. § 1117(a), and to pre- and post-judgment interest to the fullest extent available; and

D. Grant WPE all other and further relief as the Court deems just, equitable, and proper.

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *<u>/s/ Rachel Herrick Kassabian</u>*
Rachel Herrick Kassabian
*Attorneys for Plaintiff and Counterdefendant WPEngine, Inc.*