# United States District Court

Northern District of California — Oakland Division

Case No. 4:24-cv-06917-AMO-ASK

**WPENGINE, INC.,**
a Delaware corporation,
Plaintiff,
v.
**AUTOMATTIC INC.,** a Delaware corporation;
**MATTHEW CHARLES MULLENWEG,** an individual
Defendants.

# Plaintiff WPEngine, Inc.'s Motion for Sanctions for Defendants' Spoliation of Evidence

**Hon. Ajay S. Krishnan**

## Fed. R. Civ. P. 37(e): Failure to Preserve Electronically Stored Information.

If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

(1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; ***or***

(2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

> (A) presume that the lost information was unfavorable to the party;
>
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>
> (C) dismiss the action or enter a default judgment.

## Fed. R. Civ. P. 37(e): Elements

**Fed. R. Civ. P. 37(e): Failure to Preserve Electronically Stored Information.** If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court: …

# The duty to preserve attached on July 19, 2024: undisputed

| Page Count | DateCreated OR DateSent | Author/ Email - From / P2 Name | Email - To | Email - CC | Email - BCC | Subject Line/ Document Title | Privilege Status | Specific Privileges Being Asserted | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|
| 2 | 7/19/2024 | | | | | Litigation Estimate.docx | Privileged in Full (Withhold in Full) | Communication;Attorney Work Product | Attached document reflecting legal advice and billing by Perkins Coie*, James Davis*, and Neil Peretz* regarding a pending dispute. |
| 14 | 7/19/2024 | | | | | Exhibit A.pdf | Privileged in Full (Withhold in Full) | Attorney Client Communication;Attorney | Attached document reflecting legal advice of Perkins Coie*, James Davis*, and Neil Peretz* regarding a pending dispute. |
| 68 | 7/19/2024 | | | | | Exhibit B.pdf | Privileged in Full (Withhold in Full) | Attorney Client Communication;Attorney | Attached document reflecting legal advice of Perkins Coie*, James Davis*, and Neil Peretz* regarding a pending dispute. |
| 9 | 7/19/2024 | | | | | DRAFT - WPEngine letter.docx | Privileged in Full (Withhold in Full) | Attorney Client Communication;Attorney | Attached document reflecting legal advice of Perkins Coie*, James Davis*, and Neil Peretz* regarding a pending dispute. |
| 29 | 7/19/2024 | | | | | Exhibit C (3).pdf | Privileged in Full (Withhold in Full) | Attorney Client Communication;Attorney | Attached document reflecting legal advice of Perkins Coie*, James Davis*, and Neil Peretz* regarding a pending dispute. |
| 31 | 7/19/2024 | | | | | Exhibit C (4).pdf | Privileged in Full (Withhold in Full) | Attorney Client Communication;Attorney | Attached document reflecting legal advice of Perkins Coie*, James Davis*, and Neil Peretz* regarding a pending dispute. |

*Excerpt from Fuoco Decl. Ex. 23 (Dkt. 357-24) (Defendants' Privilege Log)*

## Fed. R. Civ. P. 37(e): Elements

**Fed. R. Civ. P. 37(e): Failure to Preserve Electronically Stored Information.** If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court: …

# Defendants unreasonably delayed attempting to preserve documents

| | |
|---|---|
| **20 months** | Delay in collecting WhatsApp and Signal Messages (March 2026). *Fuoco Decl., Ex. 12 (Dkt. 358-4) (Robins Decl.) ¶ 5.* |
| **9 months** | Delay in collecting Telegram Messages (April 2025). *Fuoco Decl., Ex. 12 (Dkt. 358-4) (Robins Decl.) ¶ 5.* |
| **7 months** | Delay in sending litigation hold notice for ephemeral messages (Feb. 20, 2025). *Dore Decl. (Dkt. 369-3) ¶¶ 4-7.* |

## Fed. R. Civ. P. 37(e): Elements

**Fed. R. Civ. P. 37(e): Failure to Preserve Electronically Stored Information.** If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court: …

# Defendants ultimately failed to preserve documents

**Defendants invited ephemeral messages:** "For the people sending me stuff from inside companies, please do not do it on your work device. ***Use a personal phone, Signal with disappearing messages, etc.***" (September 2024)

*Fuoco Decl., Ex. 15 (Dkt. 357-16) at A8C00014547*

**Defendants attempted to collect Signal and WhatsApp but failed** (April 17, 2025)

**Defendants collected Telegram but failed to preserve 9 months of ephemeral messages** (April 17, 2025)

Defendants collected Signal and WhatsApp but **failed to preserve 20 months of ephemeral messages (**March 16, 2026)

*Fuoco Decl., Ex. 12 (Dkt. 358-4) (Robins Decl.) ¶ 5*

## Mr. Mullenweg Does Not Remember How Many Disappearing Messages He Received

Q. And how many disappearing messages did you 03:28:58
receive in that 11-month period between April 17th, 03:29:01
2025, and March 16th, 2026? 03:29:05
MR. DORE: Objection to the form. 03:29:07
THE WITNESS: I don't know. 03:29:08

*Fuoco Decl. Ex. 14 (358-6) (Mullenweg Dep. Vol. 2) 542:20-24*

Q. Did you receive any disappearing messages 03:29:24
between April 17th, 2025, and March 16th, 2026, from 03:29:26
any Automattic customers? 03:29:32
A. I don't know. 03:29:35

*Fuoco Decl. Ex. 14 (358-6) (Mullenweg Dep. Vol. 2) 543:7-10*

Q. How many disappearing messages did you 03:30:01
receive between April 17th, 2025, and March 16th, 03:30:05
2026, from Automattic employees? 03:30:10
A. It would be the same answer. I don't 03:30:12
know. 03:30:19

*Fuoco Decl. Ex. 14 (358-6) (Mullenweg Dep. Vol. 2) 543:20-24*

## Fed. R. Civ. P. 37(e): Elements

**Fed. R. Civ. P. 37(e): Failure to Preserve Electronically Stored Information.** If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court: …

# Ephemeral messages, by definition, cannot be recovered

BY MR. MACK: 03:13:02
Q. Well, if a -- if you had received a 03:13:02 disappearing message on a prior device that 03:13:05 message -- 03:13:07
A. It disappeared. 03:13:07
Q. -- it wouldn't be transferred over to a 03:13:09 new device; right? 03:13:12
MR. DORE: Wait. Go -- objection to the 03:13:12 form. Argumentative. Lacks foundation. 03:13:15
Go ahead. 03:13:18
THE WITNESS: If a message disappeared, 03:13:19 they wouldn't be transferred. If a message was 03:13:21 disappearing but the time hadn't disappeared, I 03:13:25 believe it would transfer, when you do a sort of a 03:13:28 full transfer. 03:13:30

*Excerpt from Fuoco Decl. Ex. 14 (Dkt. 358-6) (Mullenweg Dep. Vol. 2) at 529:18-530:7*

## Fed. R. Civ. P. 37(e): Elements

**Fed. R. Civ. P. 37(e)** the court: (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice;

# Defendants prejudiced WPE by preventing it from:

- Obtaining admissions regarding (a) Defendants' motives, and (b) WPE's trademark use.
- Testing Defendants' justification for their financial demands.
- Probing communications to and from Defendants and the actions they took as a result of their "nuclear war."

## Fed. R. Civ. P. 37(e)(2): Elements

**Fed. R. Civ. P. 37(e)** the court: (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may: (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment.

# Relevant considerations for finding intent to deprive include:

- Affirmative steps taken to delete evidence
- Timing of destruction
- Selective preservation

*Jones v. Riot Hospitality Group LLC*, 95 F.4th 730, 735 (9th Cir. 2024)

## Fed. R. Civ. P. 37(e)(2): Elements

**Fed. R. Civ. P. 37(e)** the court: (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may: (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment.

# Defendants took affirmative steps to delete evidence after preservation obligation attached

- **Defendants invited ephemeral messages** ("Use a personal phone, **Signal with disappearing messages**, etc.") on September 21, 2024, two months ***after*** preservation obligation attached.

*Fuoco Decl., Ex. 15 (Dkt. 357-16) at A8C00014547; Fuoco Decl. Ex. 23 (Dkt. 357-24) (Defendants' Privilege Log)*

- **Defendants delayed collection, ensuring ephemeral messages were gone.**

*Suppl. Robins Decl., Ex. A (Dkt. 369-2) at 2, 6*

## Fed. R. Civ. P. 37(e)(2): Elements

**Fed. R. Civ. P. 37(e)** the court: (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may: (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment.

# Defendants preserved email, Slack, and texts, but...

| | |
|---|---|
| **0** | **No messages from WhatsApp.** |
| **1** | **One message from Signal.** |

*Fuoco Decl. (Dkt. 357-1) ¶ 16*

## Fed. R. Civ. P. 37(e)(2): Elements

**Fed. R. Civ. P. 37(e)** the court: (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may: (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment.

# Other considerations also support a finding of intent to deprive

## 1 Defendants' pattern of destruction

**October 2024**

Deleting at least one Slack message referencing WPE

*Fuoco Decl., Ex. 16 (Dkt. 357-17) (Mullenweg May 21, 2026 Second Am. Resps. & Objs. to Pl.'s First Set RFAs) No. 6)*

**December 2024**

Requesting deletion of Post Status Slack account discussing litigation

*Fuoco Decl., Ex. 11 (Dkt. 358-3) (May 5, 2026 Mullenweg Decl.) ¶16)*

**January 2025**

Deleting at least two X.com posts concerning WPE

*Fuoco Decl., Ex. 16 (Dkt. 357-17) (Mullenweg May 21, 2026 Second Am. Resps. & Objs. to Pl.'s First Set RFAs) No. 5*

## Fed. R. Civ. P. 37(e)(2): Elements

### 2 Defendants' pattern of concealing their failure to preserve

| What Defendants Represented | The Truth |
| --- | --- |
| **April 3, 2025 Letter to WPE**: ***"We have taken all reasonable steps to preserve relevant documents in this case, including with respect to Signal, Telegram, and WhatsApp."*** *Fuoco Decl., Ex. 7 (Dkt. 357-8) at 3* | **Defendants did not even attempt to image any of Mr. Mullenweg's personal devices until April 17, 2025.** *Fuoco Decl., Ex. 12 (Dkt. 358-4) (May 4, 2026 Robins Decl.) ¶ 5* |

## Fed. R. Civ. P. 37(e)(2): Elements

### 3 Defendants' pattern of concealing their failure to preserve

| What Defendants Represented | The Truth |
|---|---|
| **Defendants' April 3, 2025 Letter to WPE**: "Mr. Mullenweg confirmed that he has not activated the auto-delete function on any communications platform with auto-delete capability that he uses (WhatsApp, Telegram, Signal) . . . ." *Fuoco Decl., Ex. 7 (Dkt. 357-8) at 2* | **Mr. Mullenweg admits that, since September 2024, ephemeral messaging was enabled, purportedly only for romantic partners.** *Fuoco Decl., Ex. 11 (Dkt. 358-3) (May 5, 2026 Mullenweg Decl.) ¶ 6* |

## Fed. R. Civ. P. 37(e)(2): Elements

### 4 Defendants' pattern of concealing their failure to preserve

| What Defendants Represented | The Truth |
| --- | --- |
| **Defendants' October 6, 2025 Brief to the Court:** "Mr. Mullenweg's responsive Signal, Telegram, and WhatsApp communications have been preserved…." *Dkt. 177 at 3* | Defendants knew their efforts to collect Signal and WhatsApp messages had failed. Defendants did not attempt to re-image Mr. Mullenweg's devices until ***March 16, 2026***. *Suppl. Robins Decl. (Dkt. 369-1) ¶ 8* |

## Fed. R. Civ. P. 37(e)(2): Elements

### 5 Defendants' pattern of concealing their failure to preserve

| What the Court Ordered | What Defendants Omitted |
| --- | --- |
| **April 28, 2026:** prepare a sworn declaration detailing "**what steps [Mr. Mullenweg] took to preserve communications from each platform and when.**" *Dkt. 272 at 2* | **May 2026 Mullenweg and Robins declarations omitted Defendants' October 2, 2025 virtual search and screen-shots of Signal and WhatsApp communications.** *Compare Suppl. Robins Decl. (Dkt. 369-1) ¶¶ 2-6 with Fuoco Decl., Ex. 12 (Dkt. 358-4) ¶ 5 and Ex. 11 (Dkt. 358-3)* |

## Inherent Authority

**The Court's "'inherent powers' include the 'discretion … to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Gregory v. State of Montana*, 118 F.4th 1069, 1077 (9th Cir. 2024).**

### Defendants' actions disrupted the litigation and abused the judicial process

1. Defendants misrepresented their preservation efforts to WPE and the Court
2. Defendants omitted key facts from Court-ordered sworn declarations
3. WPE was forced to litigate this sanctions motion because of Defendants' discovery misconduct
4. Defendants subjected WPE to numerous meet and confers for nearly two years

## Inherent Authority

### WPE Satisfies the Anheuser-Busch Factors Supporting Dismissal of Counterclaims

1. Public interest in expeditious resolution.
2. Court's need to manage its docket.
3. Risk of prejudice to WPE.
4. Public policy favoring disposition on the merits
5. Availability of less drastic sanctions.


Timeline
Ephemeral WhatsApp and Signal messages gone
Ephemeral Telegram messages gone
Jul. 19, 2024 Duty to preserve attaches
Sep. 21, 2024 Invitation for ephemeral messages
Sep. 23, 2024 WPE preservation demand includes Mullenweg's ephemeral messaging
Nov. 5, 2024 WPE letter re inadequate preservation
Jan. 8, 2025 WPE letter re inadequate preservation
Jan. 10, 2025 WPE letter re inadequate preservation
Feb. 14, 2025 WPE letter re inadequate preservation
Feb. 20, 2025 First litigation hold specifically addressing ephemeral messaging
Mar. 6, 2025 WPE letter re inadequate preservation
Apr. 3, 2025
Apr. 17, 2025 Defendants fail at first attempt to image ephemeral messaging
Jun. 4, 2025 WPE letter re inadequate preservation
Sep. 30, 2025 WPE sends joint brief re WhatsApp, Signal, and Telegram preservation to Defendants
Oct. 2, 2025 Screenshot session (no forensic capture)
Oct. 6, 2025
Mar. 16, 2026 WhatsApp and Signal finally collected
Mullenweg on X.com
"For the people sending me stuff from inside companies, please do not do it on your work device. Use a personal phone, Signal with disappearing messages, etc."
Defendants' letter to WPE (Apr. 3, 2025): "We have taken all reasonable steps to preserve relevant documents in this case, including with respect to Signal, Telegram, and WhatsApp."
Defendants' statement to the Court (Oct. 6, 2025): "Mullenweg's responsive Signal, Telegram, and WhatsApp communications have been preserved"
Multiple False Assurances to WPE and the Court

## Relief Sought: Rule 37(e)(1) vs. Rule 37(e)(2) vs. Inherent Authority

| Remedy WPE Seeks | Rule 37(e)(1) Prejudice; measures no greater than necessary | Rule 37(e)(2) Intent to deprive | Inherent Authority Misrepresentations and litigation misconduct |
|---|---|---|---|
| Order deeming certain facts established | ● | ● | |
| Mandatory adverse inferences | | ● | |
| Order precluding testimony | ● | ● | |
| Dismissal of Counterclaims 1–7 (or, in the alternative, a jury instruction) | | ● | ● |
| Attorneys' fees and costs | ● | ● | ● |

● Basis on which WPE seeks the remedy

# Signal Screenshots Undermine Defendants' Position




Signal Screenshot 1

*Suppl. Robins Decl., Ex. A (Dkt. 369-2) at 2*

Defendants failed to disclose screenshots of Mr. Mullenweg's phone in response to Court's April 28, 2026 Order.

These screenshots do not show what ephemeral message setting existed since preservation duty arose.

Screenshot settings from October 2, 2025, **only apply to "new messages" and "new chats"**




Signal Screenshot 2

*Suppl. Robins Decl., Ex. A (Dkt. 369-2) at 3*

# WhatsApp Screenshot Undermines Defendants' Position




WhatsApp Screenshot 3

*Suppl. Robins Decl., Ex. A (Dkt. 369-2) at 6*

Screenshot settings from October 2, 2025, **only apply to "new chats"**

**"This setting will not affect [Mullenweg's] existing chats."**