Stephen Shackelford (*pro hac vice*)
Shawn Rabin (*pro hac vice*)
Jillian Hewitt (*pro hac vice*)
Max Straus (*pro hac vice*)
Russell Rennie (*pro hac vice*)
Eudokia Spanos (*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212)-336-8330
Facsimile: (212) 336-8340
Email: sshackelford@susmangodfrey.com
Email: srabin@susmangodfrey.com
Email: jhewitt@susmangodfrey.com
Email: mstraus@susmangodfrey.com
Email: rrennie@susmangodfrey.com
Email: espanos@susmangodfrey.com

Eliza Finley (301318)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
Email: efinley@susmangodfrey.com

*Attorneys for Defendants Automattic Inc. and WooCommerce Inc., and Counterclaimant WordPress Foundation*

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA
DENIED
Judge Araceli Martínez-Olguín
Dated: October 13, 2026

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

WPENGINE, INC., a Delaware corporation,

Plaintiff,

v.

AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,

*Defendants*.

AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation, and WOOCOMMERCE INC., a Delaware corporation,

*Counterclaimants,*

v.

WPENGINE, INC., a Delaware corporation,

*Counterdefendant.*

Case No. 4:24-cv-06917-AMO (ASK)

**DEFENDANTS AND COUNTERCLAIMANTS AUTOMATTIC, INC., WOOCOMMERCE INC., AND WORDPRESS FOUNDATION'S MOTION TO MODIFY EXPERT DISCOVERY AND BRIEFING DEADLINES PURSUANT TO LOCAL RULE 6-3**

Hon. Araceli Martínez-Olguín

Defendants and Counterclaimants Automattic Inc., WooCommerce Inc., and WordPress Foundation ("Moving Defendants") respectfully move for a two-month extension of interim case deadlines to complete expert discovery and file summary judgment and *Daubert* motions.

Good cause and common sense support the motion. On September 17, 2026, Moving Defendants retained Susman Godfrey ("Susman") to represent them in this lawsuit after predecessor counsel, Gibson Dunn, withdrew due to a conflict of interest. While Susman is working as diligently as possible to get up to speed, that task is a herculean one under the existing schedule. The parties have just six weeks—and only 33 business days—to take and defend 20 expert depositions and 2 fact depositions, and a few days beyond that to file summary judgment motions. Susman is completely new to every single fact and expert issue. Moving Defendants are scheduling as many depositions in the coming weeks as feasible, and have been working cooperatively with WPE to do so. But given the transition and the complexity of the record, it is simply not possible for Moving Defendants to complete expert discovery by November 17 and file a summary judgment motion shortly thereafter, no matter their diligence.

The extension will not unduly prejudice WPE. The proposed adjustments need not affect the trial date, as the proposal would still leave almost seven months between the scheduled October 19, 2027 trial and the completion of summary judgment briefing. Conversely, leaving the existing schedule in place would severely prejudice Moving Defendants. Forcing them to proceed with crucial discovery and motion practice without affording Susman a reasonable opportunity to learn the immense record in this exhaustively litigated case—despite its diligence, and through no fault of Moving Defendants—would unfairly handicap Moving Defendants' claims and defenses.

Moving Defendants recognize there have been previous modifications to the schedule, including recently. But each motion must be assessed on its own. This motion is different from

previous requests—and easily meets the good cause standard—because it results from a conflict of interest that forced Moving Defendants to hire brand new counsel who are starting from square one. Moving Defendants conferred with WPE's counsel, but WPE will not consent to an extension of any length. Moving Defendants respectfully request that the Court enter the proposed schedule.

## ARGUMENT

### A. Moving Defendants and New Counsel Cannot Meet the Existing Deadlines for Expert Discovery and Dispositive/*Daubert* Motions

Moving Defendants cannot meet the deadlines in the existing schedule despite diligent efforts. Susman is coming into this case completely cold and needs time to learn the sprawling factual and expert record. Given that need, it is unrealistic—despite any amount of diligence—for Moving Defendants to meet existing case deadlines.

The expert record in this case is complex and voluminous. As the Court knows, WPE asserts antitrust, tortious interference, CFAA, UCL, trademark, Lanham Act, and unjust enrichment claims; Defendants assert counterclaims for trademark infringement, false advertising, unfair competition, and violations of the UCL. Consistent with the breadth and complexity of the claims, the parties have disclosed 20 experts, who served 26 opening and rebuttal reports, totaling thousands of pages of analysis. *See* Declaration of Shawn Rabin ("Rabin Decl.") ¶ 4.

New counsel need time to learn this record from scratch, plain and simple. To present Moving Defendants' experts, Susman will need to review their reports and backup material, including meeting with the experts, before it can even begin presenting them for deposition. Susman was not introduced to Defendants' experts until the week of September 21, and given the number of schedules involved, Susman has still yet to have introductory phone calls with some of them. *Id.* ¶ 5. All in all, the process of getting up to speed just on Moving Defendants' own experts will take several weeks. *Id.* Consistent with that fact, the depositions of Moving Defendants' experts that

Susman has already scheduled do not begin until early November. *Id.* ¶ 8. Likewise, to depose Plaintiff's experts, Susman will need to learn *their* reports and backup material—some of which Susman is still receiving, *id.* ¶ 9—and prepare deposition outlines.

All that work is before considering Susman's need to learn the *factual* record, the impending dispositive motion schedule, and other motion practice in this case—all of which aggravates the existing crunch, and further supports an extension. Summary judgment motions are due on November 20. Together, parties and non-parties produced over 380,000 documents in this case and the parties took more than 20 fact witness depositions (with 2 still to be scheduled). *Id.* ¶¶ 10-11. As with the expert record, Susman is only beginning to review the sprawling fact discovery record in this case. Learning the factual record well enough to make informed strategic decisions and then draft dispositive motions, *on top of* nonstop expert prep, is infeasible under the current schedule. Beyond that, Susman needs to prepare for the upcoming hearing on WPE's motion for sanctions on October 7—involving a separate factual record to master—which further compresses the time available under existing deadlines to prepare for depositions and draft dispositive motions.

In short, no reasonable amount of diligence—and they have been diligent—will enable Moving Defendants and Susman to meet the current schedule. That constitutes good cause for an extension. *See Burnett v. Duna USA Inc.*, 2023 WL 6781483, at *2 (C.D. Cal. Sept. 5, 2023) ("[T]he fact that plaintiff's new counsel needs time to prepare and conduct discovery is sufficient to establish good cause to extend the case deadlines."); *Okorie v. Medtronic USA*, 2026 WL 1257953, at *2 (W.D. Wash. May 7, 2026) (granting extension so plaintiff could "seek new counsel and newly retained counsel has time to review the record" because it was "unlikely that [they] would be able to comply with . . . the current deadline"); *Shields v. Dollar Tree, Inc.*, 2023 WL 8285203,

at *2 (S.D. Cal. Nov. 29, 2023) ("The need to find new counsel—and allow said counsel time to prepare—can constitute good cause to extend case deadlines.").

The fact that Defendants retained counsel—the Coblentz and Shapiro Arato firms—to handle limited discovery for which Gibson Dunn had a conflict does not make the existing deadlines workable. WPE has asserted that these firms are up to speed and thus prepared to participate in the 22 upcoming depositions and in dispositive and *Daubert* motions. Rabin Decl. Ex. B at 3. That is patently incorrect. As WPE knows, Coblentz was retained specifically to assist with discovery involving non-party Silver Lake. *See* ECF No. 271 at ¶ 7. Likewise, Shapiro Arato was retained specifically to assist with discovery by serving subpoenas on non-parties which Gibson Dunn could not serve. Rabin Decl. ¶ 12. Neither firm was retained, or is prepared, to participate in expert discovery or dispositive motion practice. *Id.* All the expert discovery and briefing set for the next two months fell to Gibson Dunn, and now falls to Susman.

**B. Moving Defendants and Susman Have Acted Diligently in Finding Successor Counsel and Getting Up to Speed on the Case**

Susman has acted diligently since being retained on September 17. Later that evening, Susman requested materials from predecessor counsel. On September 18, Susman met with Defendants' Relativity database vendor to obtain access to productions in this case. Susman then met with Gibson Dunn and began scheduling transition meetings with Defendants' expert witnesses; Susman also conferred extensively with WPE regarding a continuance of the upcoming hearing on WPE's motion for sanctions (ECF No. 357) due to pre-existing conflicts. *See id.* ¶¶ 13-14. All the while, Susman has been working diligently to evaluate the massive factual and expert record and plan next steps—and a reasonable timeframe—for expert discovery. *Id.* ¶ 15.

Moving Defendants have likewise been diligent in advancing the case. After learning that

substitution of counsel would be necessary due to a conflict of interest, Moving Defendants acted promptly to retain Susman and since then have worked diligently to ensure that transition to new counsel happens quickly and smoothly. *Id.* ¶ 16. WPE has suggested during conferrals that Moving Defendants were "well aware" that they would be seeking to substitute counsel when they filed their last motion for an extension on September 3 (ECF No. 371). But that is factually incorrect, and Defendants' substitution of counsel was done of necessity, not by Moving Defendants' choice. *See id.* ¶¶ 17. Moving Defendants' and Susman's diligence supports granting the motion.

**C. A 2-Month Extension of Interim Deadlines Will Not Prejudice WPE**

WPE will not be prejudiced by a two-month extension of interim deadlines. Moving Defendants are not asking to adjourn the trial date. If Defendants' proposed schedule is entered, there will still be almost seven months—from April 1 to October 19, 2027—between the final submission of *Daubert* and summary judgment replies and trial, ample time for the motions to be resolved ahead of trial. And even if the Court determines that the proposed schedule would require adjustment of the trial date, a modest continuance of the trial date would not unduly prejudice WPE.

By contrast, not extending the schedule would severely prejudice Moving Defendants. Forcing them to complete expert discovery and dispositive motion practice—crucial in any case, but especially one involving antitrust and trademark claims for which WPE is claiming hundreds of millions of dollars in damages—without affording Susman adequate time to learn the record or prepare for depositions would risk significant harm to Defendants' case for no practical reason.

For the foregoing reasons, Moving Defendants respectfully request that the Court extend the remaining expert discovery and summary judgment and *Daubert* deadlines by two months.[1]

---

[1] The specific proposed adjusted deadlines are set out in the Rabin Declaration and proposed order. Counsel for Mr. Mullenweg consents to Moving Defendants' motion.

Dated: September 30, 2026

Respectfully submitted,

**SUSMAN GODFREY L.L.P.**

By: */s/ Shawn Rabin*

Eliza Finley (301318)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
efinley@susmangodfrey.com

Stephen Shackelford (*pro hac vice*)
Shawn Rabin (*pro hac vice*)
Jillian Hewitt (*pro hac vice*)
Max Straus (*pro hac vice*)
Russell Rennie (*pro hac vice*)
Eudokia Spanos (*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212)-336-8330
Facsimile: (212) 336-8340
Email: sshackelford@susmangodfrey.com
Email: srabin@susmangodfrey.com
Email: jhewitt@susmangodfrey.com
Email: mstraus@susmangodfrey.com
Email: rrennie@susmangodfrey.com
Email: espanos@susmangodfrey.com

*Attorneys for Defendants and Counterclaimant Automattic Inc., WooCommerce Inc., and WordPress Foundation*