October 27, 2026

Hon. Araceli Judge Martínez-Olguín
United States District Court for the Northern District of California
1301 Clay Street
Oakland, California 94612

**Re: WPEngine, Inc. v. Automattic Inc. et al., 4:24-cv-06917-AMO (N.D. Cal.)**

Dear Judge Martínez-Olguín:

Automattic Inc., WooCommerce Inc., and Matthew Mullenweg (collectively "Defendants") and Counterclaimant WordPress Foundation submit this letter under Part E.1 of the Court's Standing Order for Civil Cases. Defendants may move for summary judgment, including on the grounds below. Defendants will also show that WPE's claims arise from acts "in furtherance of [Defendants'] right of petition or free speech . . . in connection with a public issue," and that WPE cannot establish "a probability that [it] will prevail on the claim[s]" as a matter of fact. Cal. Civ. Proc. Code § 425.16(b)(1). Where, as here, an anti-SLAPP challenge rests on the factual sufficiency of plaintiff's claims, the Rule 56 standard applies. *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833–34 (9th Cir. 2018), *amended*, 897 F.3d 1224.

**Tortious interference with contract (Count 1)** requires "actual breach or disruption of the contractual relationship." *United Nat. Maint., Inc. v. San Diego Conv. Ctr., Inc.*, 766 F.3d 1002, 1006 (9th Cir. 2014) (citation omitted). WPE has identified no customer who breached any term of any contract and no customer who cancelled a fixed-term contract early. Similarly, this count and **tortious interference with prospective economic relations (Count 2)** fail because WPE cannot tie specific damages to the loss of identifiable customers with whom it had existing relationships. *See O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 997 (N.D. Cal. 2014).

**Promissory estoppel (Count 5)** fails because WPE did not foreseeably or reasonably rely on the two alleged promises that survived dismissal, and those promises are not sufficiently definite. *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 792 (9th Cir. 2012). Those alleged promises, made to the public at large, were (1) free plug-in hosting and (2) the approval of plug-ins "[i]f we find no issues with the security, documentation, or presentation." *First*, those statements were conditional and caveated. *Second*, WPE cannot reasonably read an offer of free plug-in hosting as a duty to host its for-profit business at Defendants' cost *forever*. *See Elkay Int'l Ltd. v. Color Image Apparel, Inc.*, 2015 WL 13917734, at *8 (C.D. Cal. Feb. 4, 2015). *Third*, WPE knew or should have known that access could be blocked unilaterally.

**Unjust enrichment (Count 18)** fails. *First*, California recognizes no such claim. *Denker v. Ricchio*, 2022 WL 2203678, at *7 (C.D. Cal. May 12, 2022). *Second*, Plaintiffs cannot obtain the equitable remedy of restitution where their own experts contend that monetary damages are quantifiable and, thus, adequate. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 842–44 (9th Cir. 2020). *Third*, WPE claims restitution for voluntary benefits that it conferred through contributions to WordPress under an open-source license to further WPE's business. Restitution is unavailable for benefits conferred voluntarily without expectation of payment or when the donor is acting in its own self-interest. *Mapsong PC v. Blue Shield of Cal. Life & Health Ins.*, 780 F. Supp. 3d 939, 945 (C.D. Cal. 2024); *Huskinson & Brown v. Wolf*, 32 Cal. 4th 453, 458 (2004).

**Unfair Competition (Count 4), Monopolization (Counts 11–12) & Tying (Counts 13–14).** ***No web content management system ("WCMS") market, monopoly power, or antitrust injury.*** "[T]he relevant antitrust market includes all reasonably interchangeable products, even if they are not perfectly fungible." *Stiles v. Walmart, Inc.*, 639 F. Supp. 3d 1029, 1048–49 (E.D. Cal. 2022). W3Techs data and WPE's internal presentations and other data show that open-source WCMSs, proprietary WCMSs, custom developers, and AI-assisted development tools compete for website builders. *See, e.g.*, Lerner Rebuttal ¶¶ 117–24, 128–37. WPE also cannot show "significant barriers to entry" or "that existing competitors lack the capacity to increase their output in the short run," *Rebel Oil Co., Inc. v. Atl. Richfield Co.*, 51 F.3d 1421, 1434 (9th Cir. 1995), or evidence of "actual detrimental effects on competition, such as reduced output, increased prices, or decreased quality" in the WCMS market, *Epic Games, Inc. v. Apple Inc.*, 67 F.4th 946, 983 (9th Cir. 2023) (brackets omitted). WordPress's share has been declining since March 2022. Lerner Rebuttal ¶ 368; *see U.S. v. Syufy Enters.*, 903 F.2d 659, 665–66 (9th Cir. 1990) ("[I]t is not market share that counts, but the ability to maintain market share."). And there is no evidence of harm to WCMS competition or consumers. *FTC v. Qualcomm Inc.*, 969 F.3d 974, 990 (9th Cir. 2020). WPE's theory that market participants were misled into choosing WordPress lacks evidence and is defeated by participants' substantial WordPress adoptions after the alleged deceptions were disclosed. Lerner Rebuttal ¶¶ 111, 242. WPE's UCL Claim is based on its antitrust claims and will fail for the same reasons.

***Each aftermarket fails.*** Absent market power in a cognizable foremarket, WPE must satisfy the *Kodak/Epic* factors for each aftermarket, *see Surgical Instrument Serv. Co., Inc. v. Intuitive Surgical, Inc.*, 187 F.4th 1092, 1109–10 (9th Cir. 2026), including that the restrictions were "not generally known" at the time of purchase, *Epic*, 67 F.4th at 977. It cannot. Defendants also lack monopoly power in any aftermarket. WPE's "chokepoint" theory, based on control of WordPress.org, is a recast refusal-to-deal claim; Defendants have no duty to give WPE access, the platform is not an essential facility, and the Ninth Circuit does not recognize monopoly leveraging as an independent Section 2 theory. *Alaska Airlines, Inc. v. United Airlines, Inc.*, 948 F.2d 536, 546–47 (9th Cir. 1991). Finally, there is no evidence of harm to the competitive process or consumers in any aftermarket. *Qualcomm*, 969 F.3d at 990.

***The tying claims and damages theory fail.*** The alleged negative tie applies only to WPE in a crowded market of hosting providers and plug-in developers and had no impact on the vast majority of competitors or customers. *See Posa, Inc. v. Miller Brewing Co.*, 642 F. Supp. 1198, 1209–10 (E.D.N.Y. 1986). And WPE failed to segregate losses caused by the alleged violations from other causes, leaving the jury to "speculation or guesswork." *Magnetar Tech. Corp. v. Intamin, Ltd.*, 801 F.3d 1150, 1159–60 (9th Cir. 2015) (citation modified).

**Defamation claims (Counts 8–10).** The four statements at issue are nonactionable opinion or are not about WPE. *See Partington v. Bugliosi*, 56 F.3d 1147, 1156–57 (9th Cir. 1995) ("[W]hen an author outlines the facts available to him, thus making it clear that the challenged statements represent his own interpretation of those facts and leaving the reader free to draw his own conclusions, those statements are generally protected by the First Amendment."); *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1160 (9th Cir. 2021) ("Loose, figurative, or hyperbolic language" that "negates the impression that the contested statement is an assertion of fact" (citation modified)). Defendants are also entitled to summary judgment on actual malice. Discovery,

including the deposition of Mullenweg and other witnesses, showed that Defendants neither made statements with "knowledge that [they were] false" or with "reckless disregard of whether [they were] false or not." *Planet Aid, Inc. v. Reveal*, 44 F.4th 918, 928 (9th Cir. 2022).

**The Computer Fraud & Abuse Act (Count 17)** requires "damage," meaning "impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8). WPE has no evidence that (i) blocking WPE from wordpress.org or (ii) forking WPE's ACF plug-in impaired the integrity or availability of data, programs, systems, or information on WPE's customers' computers. To the contrary, WPE repeatedly told customers that Defendants' actions did not affect the performance, reliability, or security of their websites; and Defendants' forked replacement of the vulnerable plug-in *improved* their security.

**Trademark Counterclaims (Counts 1–7).** Automattic Inc., Matthew Mullenweg, WooCommerce Inc., and WordPress Foundation may move for partial summary judgment on certain WPE affirmative defenses—namely, nominative fair use; laches; unclean hands; and trademark misuse. Resolution of such defenses would also apply to WPE's affirmative declaratory judgment claims (Counts 6 and 7).

WPE's defense of nominative fair use fails because it applies only "where a defendant has used the plaintiff's mark to describe the *plaintiff's product*[.]" *Yuga Labs, Inc. v. Ripps*, 144 F.4th 1137, 1163 (9th Cir. 2025). WPE has used the WordPress and Woo marks ("Marks") to describe *WPE's product*—for example, by selling WPE plans named "Essential WordPress," "Core WordPress," and "Enterprise WordPress." The defense also fails because WPE's use of the Marks went beyond what was "reasonably necessary to identify" WordPress or Woo's "product or service[.]" *New Kids on the Block v. News Amer. Publ'g, Inc.*, 971 F.2d 302, 308 (9th Cir. 1992). WPE flooded its website with the Marks, including in ways "suggest[ing] sponsorship or endorsement," *id.*, such as by using the WordPress mark on the WPE homepage in WordPress's stylized font. WPE's use of the Marks also went beyond what was "reasonably necessary," evidenced by WPE's widespread removal of the Marks from its website just before filing this case.

WPE's laches defense is also unavailable. Courts apply a "strong presumption" that laches is inapplicable to claims raised within the analogous limitations period for state claims—here, four years. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 837 (9th Cir. 2002). That period runs from when WPE filed its complaint (October 2024) back to October 2020. *See ZF Micro Devices, Inc. v. TAT Cap. Partners, Ltd.*, 5 Cal. App. 5th 69, 92 (2016) (cross-complaint entitled to tolling). Evidence of a fundamental shift in WPE's use of the Marks beginning, at earliest, after 2020 precludes a finding that Counterclaimants knew or should have known of WPE's infringing conduct prior to October 2020. *See* Kent Rep. §§ V.F-I. WPE also cannot offer any evidence that it "changed its position to its prejudice *because of*" any supposed delay. *Int'l Rectifier Corp. v. IXYS Corp.*, 2002 WL 35649417, at *3 (C.D. Cal. Apr. 1, 2002).

Finally, because WPE's unclean hands and trademark misuse defenses rely on its antitrust claims, those defenses fail for the same reasons as the antitrust claims. *See adidas Amer., Inc. v. Payless Shoesource, Inc.*, 529 F. Supp. 2d 1215, 1261–62 (D. Or. 2007).

Pursuant to Part H.4 of the Court's Standing Order, I certify I have personally verified the accuracy of this letter.

Sincerely,

*/s/ Shawn Rabin*

Shawn Rabin

Stephen Shackelford, Jr. (*pro hac vice*)
Shawn Rabin (*pro hac vice*)
Jillian Hewitt (*pro hac vice*)
Max Straus (*pro hac vice*)
Russell Rennie (*pro hac vice*)
Eudokia Spanos (*pro hac vice*)
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212)-336-8330
Email: sshackelford@susmangodfrey.com
Email: srabin@susmangodfrey.com
Email: jhewitt@susmangodrey.com
Email: mstraus@susmangodfrey.com
Email: rrennie@susmangodfrey.com
Email: espanos@susmangodfrey.com

Eliza Finley (301318)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
Email: efinley@susmangodfrey.com

*Attorneys for Defendants Automattic Inc. and WooCommerce Inc., and Counterclaimant Wordpress Foundation*

Timothy P. Crudo (State Bar No. 143835)
Rees F. Morgan (State Bar No. 229899)
Mark L. Hejinian (State Bar No. 281417)
Daniel M. Bruggebrew (State Bar No. 307037)
Rachel Rose Suhr (State Bar No. 323531)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Email: ef-dbruggebrew@coblentzlaw.com
Email: ef-tcrudo@coblentzlaw.com
Email: ef-mhejinian@coblentzlaw.com
Email: ef-rmorgan@coblentzlaw.com
Email: ef-rsuhr@coblentzlaw.com

*Attorneys for Defendant Matthew C. Mullenweg*