QUINN EMANUEL URQUHART & SULLIVAN LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael E. Williams (SBN 181299)
michaelwilliams@quinnemanuel.com
Kevin Y. Teruya (SBN 235916)
kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for Plaintiff WPEngine, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

WPENGINE, INC., a Delaware corporation,

Plaintiff,

v.

AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,

Defendants.

AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,

Counterclaimants,

v.

WPENGINE, INC., a Delaware corporation,

Counterdefendant.

Case No. 4:24-cv-06917-AMO

**WP ENGINE'S PRE-FILING LETTER BRIEF RE MOTION FOR SUMMARY JUDGMENT ON ALL COUNTERCLAIMS**

Hon. Araceli Martínez-Olguín

October 27, 2026

**VIA ECF**

Hon. Araceli Martínez-Olguín

Re: *WPEngine, Inc. v. Automattic Inc. et al.*, No. 4:24-cv-06917 (N.D. Cal.)

Dear Judge Martínez-Olguín:

Pursuant to Part E.1 of the Court's Standing Order, WP Engine ("WPE") intends to move for summary judgment as to all pending counterclaims against it, based on the undisputed factual record. Per the Scheduling Order (Dkt. 373), WPE understands that it shall be the moving party as to the counterclaims against it, with Counterclaimants as the cross-moving party should they elect to cross-move. Likewise, WPE understands that Defendants shall be the moving party as to the claims against Defendants, with WPE as the cross-moving party should it elect to cross-move.

***Summary Judgment on All Counterclaims Is Warranted on Nominative Use Grounds.*** There is no material issue of disputed fact as to the nominative nature of WPE's use of WordPress and WooCommerce. The three elements of this defense are: "First, the product or service in question must be one not readily identifiable without use of the trademark; second, only so much of the mark or marks may be used as is reasonably necessary to identify the product or service; and third, the user must do nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder." *New Kids on the Block v. News Am. Pub., Inc.*, 971 F.2d 302, 308 (9th Cir. 1992). Because Counterclaimants cannot identify any evidence that could create a reasonable dispute of material fact concerning the nominative nature of WPE's use, WPE is entitled to summary judgment on counterclaims, including dilution. 15 U.S.C. § 1125(c)(3)(A).

1. The necessity of WPE (and other hosting providers) using "WordPress" to describe its management and hosting services for websites built on WordPress is beyond reasonable dispute. Defendants' employees have conceded as much. *See* A8C01516532 [redacted]. This is further reinforced by over a decade of use not only by WPE (*e.g.,* Dkt. 238, Defendants' Answer and Counterclaims ("Counterclaims") ¶¶ 103-135 (showing WPE's uses of the WordPress marks from 2010 to 2024)) but also virtually every other company offering such services. *See, e.g.,* WPE00630232 (1/25/2013 capture of GoDaddy website using "WordPress Hosting"); WPE00630258 (02/18/2017 capture of Kinsta website using "Enterprise Wordpress"); WPE00630200 (02/17/2024 capture of Pantheon website using "WordPress Hosting" and "Managed WordPress Hosting").

2. WPE also uses no more of the asserted trademarks than necessary to describe its services. This nominative use element "does not implicate the *number* of uses of a mark, but rather the *nature* of the uses." *Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 895 (9th Cir. 2019) (emphasis original). Specifically, the factor looks at use of design logos and distinctive trademarked letters. *Id.*; *Playboy Enters., Inc. v. Welles*, 279 F.3d 796, 802 (9th Cir. 2002); *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1153 (9th Cir. 2002). Counterclaimants have produced no

evidence of WPE improperly using a trademarked logo or using "WORDPRESS" in any trademarked distinctive stylized lettering or colors.

3. WPE has not suggested endorsement or sponsorship by Counterclaimants, such as stating "endorsed by" or "sponsored by." *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1177 (9th Cir. 2010). This alone establishes the third element. *Id.* at 1182; *Cairns*, 292 F.3d at 1155 (upholding summary judgment on nominative fair use grounds when defendant did not suggest that its products were "authorized" by trademark holder). Counterclaimants have no evidence to rebut this; their own survey shows no actionable confusion concerning endorsement or sponsorship. *See* Report of Dr. S. Seidman Diamond and M. Kugler ("Diamond and Kugler Report") at p. 22 ([redacted]; *see also Mattel, Inc. v. MCA Recs., Inc.*, 28 F. Supp. 2d 1120, 1149 (C.D. Cal. 1998), *aff'd*, 296 F.3d 894 (9th Cir. 2002) (granting summary judgment for defendants when survey found only 4% net confusion).

***Summary Judgment on All Counterclaims Is Warranted on Laches Grounds.*** There is no material dispute of fact that could defeat WPE's showing on laches. A party asserting laches must "show that (1) [plaintiff's] delay in filing suit was unreasonable, and (2) [defendant] would suffer prejudice caused by the delay if the suit were to continue." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 838 (9th Cir. 2002). Unlike some torts, which are time barred only as to events occurring outside of the limitations period, in trademark cases laches defeats the entirety of the claim when a trademark owner failed to take timely action to stop the alleged infringement. *Id.* at 837. Laches is presumed to apply where, as here, "any part of the claimed wrongful conduct occurred beyond the limitations period." *Id.* "The theory of 'continuing wrong' does not shelter [a defendant] from the defense of laches." *Id.* (citations omitted).

It is undisputed that WPE used "WordPress," as well as phrases like "Managed WordPress" and "Hosted WordPress" to refer to its services long before the four-year limitations period. *See* WPE00356156-WPE00365912 (record of WP Engine's website and ads showing longstanding use of the WordPress mark); Counterclaims ¶¶ 104-08, 110-12, 117, 118, 128-29 (showing WPE uses of "WordPress Hosting," "Managed WordPress Hosting," and similar phrases all before the operative laches date of October 23, 2021); A8C01335384 (2024 Automattic internal communications admitting [redacted]). It is also undisputed that Counterclaimants not only should have known of this use; they actually did. In 2011, 14 years before filing their Counterclaims, Automattic issued a press release referring to WPE as "the premier, fully-managed WordPress hosting company" and referring to it as having "WordPress experts." WPE00627211. Similarly, the WordPress Foundation's 30(b)(6) witness [redacted] Deposition Testimony of Mary Hubbard at 32:12-16. Because WPE was a WordCamp sponsor from at least 2014 to 2019, that means the WordPress Foundation viewed WPE's uses and apparently considered them non-infringing (or otherwise took no action) as many as 11 years prior to filing the Counterclaims.

As to prejudice, it is beyond reasonable dispute that WPE would not have continued to invest in its very business model—offering services to websites built on WordPress software—if it was not allowed to communicate to customers and potential customers exactly what it does. WPE has invested hundreds of millions of dollars in its business since 2010, including in advertising its products and services. This would all be for naught if WPE were forced to change its advertising

practices now, which is precisely what the laches doctrine seeks to protect against. *Saul Zaentz Co. v. Wozniak Travel, Inc.*, 627 F. Supp. 2d 1096, 1118 (N.D. Cal. 2008) (granting summary judgment on trademark infringement claims due to laches because defendant would be prejudiced if it lost the right to use the name it had spent decades and "tens of millions of dollars" to develop).

***Summary Judgment Is Warranted on the Dilution Counterclaims.*** Counterclaimants' dilution claims fail for the additional reason that Counterclaimants have not established that the WORDPRESS marks were famous *before* WPE first used them in 2010. 15 U.S.C. § 1125(c)(1); *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 874 n.4 (9th Cir. 1999). Demonstrating fame is "difficult and demanding" since only marks that are true "household names," widely recognized by the general U.S. consuming public, can be famous. 15 U.S.C. § 1125(c)(2)(A); *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1373 (Fed. Cir. 2012); *Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 911-12 (9th Cir. 2002). At least 75% recognition is required for a finding of fame. 3 McCarthy on Trademarks and Unfair Competition § 24:106 (5th ed.). Dilution claims lacking such evidence of fame can be dismissed at summary judgment. *E.g.*, *The Upper Deck Co. v. Pixels.com, LLC*, 2026 WL 776227, at *5 (S.D. Cal. Mar. 19, 2026) (granting summary judgment on dilution claim where plaintiff had not offered survey evidence of "widespread brand awareness…[which] should be in the range of 75% of the general consuming public").

Counterclaimants have proffered no evidence showing that the WORDPRESS trademark had sufficiently widespread recognition in the U.S. to be considered a "household name" by 2010. *See* WordPress Foundation Response to Interrogatory No. 8a (identifying no evidence of fame prior to 2010). To the contrary, Counterclaimants' own admissions demonstrate that WORDPRESS was not a household name even as late as 2022, with just [redacted] recognition level—far short of 75% and warranting summary judgment. A8C00709457 (2022 Automattic survey showing [redacted] aided awareness of "WordPress" among non-WordPress/Automattic users in the U.S.).

***Summary Judgment Is Warranted on All of WooCommerce's Counterclaims.*** Finally, summary judgment is appropriate against WooCommerce's counterclaims (Counts 1-3, 6, and 7) for the additional reason that WooCommerce has failed to show any confusion arising from WPE's use of WOOCOMMERCE. Counterclaimant's own survey fails to show any net confusion as to the WOOCOMMERCE mark. Diamond and Kugler Report at Ex. 12 [redacted]

***WPE Also Plans to Cross-Move for Partial Summary Judgment on Intentional Interference.*** WPE also intends to move for partial summary judgment on its intentional interference claims, as to liability. On October 26, Defendants informed WPE that they will move for summary judgment on WPE's intentional interference claims. Therefore, pursuant to the Court's Scheduling Order (Dkt. 373), WPE will present its arguments seeking partial summary judgment on its intentional interference claims as a cross-motion to Defendants' motion on those claims.

Dated: October 27, 2026

QUINN EMANUEL URQUHART & SULLIVAN LLP
By: /s/ *Rachel Herrick Kassabian*
Margret M. Caruso
Rachel Herrick Kassabian
*Attorneys for Plaintiff WPEngine, Inc.*