October 30, 2026

Hon. Araceli Martínez-Olguín
United States District Court for the Northern District of California
1301 Clay Street
Oakland, California 94612

**Re: WPEngine, Inc. v. Automattic Inc. et al., 4:24-cv-06917-AMO (N.D. Cal.)**

Dear Judge Martínez-Olguín:

Automattic Inc., WooCommerce Inc., Matthew Mullenweg, and WordPress Foundation (collectively, "Counterclaimants") submit this letter under Part E.1 of the Court's Standing Order for Civil Cases, in response to WordPress Engine, Inc.'s ("WPE") letter brief (Dkt. 442). Counterclaimants will oppose WPE's motion for summary judgment, including on the following grounds:

**Nominative Fair Use.** WPE's intended motion will fail outright because WPE cannot establish—let alone while viewing the record in the light most favorable to Counterclaimants—that WPE used the trademarks solely to refer to Counterclaimants' products. *See Yuga Labs, Inc. v. Ripps*, 144 F.4th 1137, 1164 (9th Cir. 2025). As a threshold matter, the defense applies only "if the defendant uses the plaintiff's mark to describe the *plaintiff's product*." *Id.* at 1163 (citation omitted) (emphasis in original). The classic examples are when the defendant uses the plaintiff's mark "for the purposes of comparison, criticism, or point of reference." *Id.* (citation omitted). But WPE used the WordPress and Woo marks ("Marks") to identify *its own* products. It called *its own* plans "Essential WordPress," "Core WordPress," and "Enterprise WordPress." *See* Kent Rep. ¶ 204; Diamond & Kugler Rep. ¶¶ 43–44. For the same reason, the statutory exclusion WPE invokes for dilution is unavailable. The statute makes clear that it does *not* apply to "a designation of source for the person's *own goods or services*." 15 U.S.C. § 1125(c)(3)(A) (emphasis added). Here, WPE used the Marks to describe its "own goods or services." *Id.* The inquiry ends here. *See Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1066 (9th Cir. 1999) (fair use defense rejected because defendant "uses Brookfield's trademark not to reference Brookfield's products, but instead to describe its own product . . . and to attract people to its web site").

Even if WPE could make that threshold showing, the nominative fair use defense applies only when all three *New Kids* factors are met. *Yuga Labs*, 144 F.4th at 1164 (requiring "all three *New Kids* factors" to be "satisfied" for a finding of "no infringement"); *Playboy Enters., Inc. v. Welles*, 279 F.3d 796, 804 (9th Cir. 2002) (when use "fails the first prong of the nominative use test, we need not apply the next two prongs of the test").

That standard is not met here. *First*, even taking as true WPE's unsupported assertion that *some* WPE descriptive references to WordPress were necessary because "[n]o descriptive substitute exists," that is not enough to insulate WPE's use of the Marks as a whole. *Welles*, 279 F.3d at 801–05. The question is whether *each* WPE use of the Mark satisfies the nominative fair use test. *Id.* (analyzing each use separately under the *New Kids* factors and finding certain uses satisfied test and others did not). Examples of past use of the phrase "WordPress Hosting" do not establish that WPE's use of the Marks in *other* contexts were required for lack of any descriptive alternative. For example, [redacted], WPE00062869 at 871—[redacted]

[redacted] Kent Rep. ¶ 23.

*Second*, the record precludes a finding that WPE has used "only so much of the mark . . . as is reasonably necessary to identify the product or service." *Welles*, 279 F.3d at 802 (citation omitted and alteration adopted). Repeated use of a mark can push it outside the bounds of nominative fair use. *See id.* at 804 ("The repeated depiction of [the abbreviation] 'PMOY '81' is not necessary to describe" defendant's product.). WPE did not convey compatibility with just a few plain-text references. It named products using the WordPress mark; adopted the visual identity of the WordPress mark, including its signature serif typeface; targeted ad spend to display the ad copy "WordPress" when users Googled "WordPress," which sent users to the *WPE* site; and flooded its website with uses of the Marks to improve search engine optimization ("SEO") around the Marks. Kent Rep. ¶¶ 23, 30, 129, 188–90, 206. Perhaps the clearest evidence that these uses were more than reasonably necessary is the fact that WPE *removed* the vast majority of uses of the WordPress mark from its web pages just before filing this case, and continues to describe and sell the same services. *Id.* ¶¶ 23, 129.

*Third*, the record shows that WPE took actions to "suggest sponsorship or endorsement by the trademark holder." *Yuga Labs*, 144 F.4th at 1164. WPE labeled itself "the WordPress technology company," Kent Rep. ¶ 201; *see* WPE00630421 at 433; called WPE plans things like "Enterprise WordPress," Kent Rep. ¶¶ 23, 204; and ran official-sounding copy such as "#1 Platform for WordPress," Kent Rep. ¶¶ 23, 205–06, 213. WPE carried no disclaimer of affiliation anywhere on its website until this dispute arose. *Id.* ¶ 205; *contra Welles*, 279 F.3d at 799 (website "included a note disclaiming any association with [plaintiff]"). WPE's own documents confirm the result: in March 2024, its marketing team wrote that [redacted] WPE00105918 (emphasis added); Kent Rep. ¶¶ 170–71. By September 2024, WPE had a [redacted] McGavock Rep. ¶ 97; Kent Rep. ¶ 22. WPE's letter overlooks this evidence, citing a single figure from the Diamond and Kugler Report while ignoring the Report's total net confusion rate of approximately 20%. Diamond & Kugler Rep. ¶¶ 12, 61–63, 66.

**Laches.** There is a "strong presumption" that laches is inapplicable to claims raised within the analogous four-year limitations period. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 837 (9th Cir. 2002). The limitations period did not begin when the counterclaims were filed but rather when WPE filed its initial complaint. *ZF Micro Devices, Inc. v. TAT Cap. Partners, Ltd.*, 5 Cal. App. 5th 69, 92 (2016) ("[D]efendant's cross-complaint against the plaintiff, irrespective of whether it is related to the matters asserted in the complaint, is entitled to the benefit of the tolling doctrine."). And the period runs "from the time the [Counterclaimants] knew or should have known about [their] potential cause of action," *Jarrow Formulas*, 304 F.3d at 838—not from the first time "WordPress" appeared on WPE's website. The record shows a fundamental shift in WPE's use of the Marks beginning, at earliest, after 2020—within the limitations period. Kent Rep. §§ V.F–I. [redacted], *id.* ¶ 20; its use of "WordPress" on its most-trafficked pages grew

dramatically between 2022 and 2024, *id.* ¶¶ 129–30; and it adopted a WordPress-style serif font in May 2024, which it used for the WordPress mark, *id.* ¶¶ 206–10. A 2011 press release and WPE's WordCamp sponsorship from 2014 to 2019 at most show acquiescence in earlier uses that were different in nature. Even if WPE could prove unreasonable delay, WPE has no evidence that it "changed its position to its prejudice because of" any such delay. *Int'l Rectifier Corp. v. IXYS Corp.*, 2002 WL 35649417, at *3 (C.D. Cal. Apr. 1, 2002). General spending on advertising is not prejudice, and WPE cites no evidence (1) that it engaged in such spending *because of* any delay, or (2) of any difference in spending before and after this dispute arose.

**Dilution.** WPE measures fame from the wrong date. The relevant date is when WPE "commence[d] use of a mark or trade name in commerce that is likely to cause dilution," 15 U.S.C. § 1125(c)(1); *see* 3 McCarthy on Trademarks and Unfair Competition § 24:103 (5th ed.) ("The critical date to measure 'fame' is the junior user's first diluting use."), and the diluting uses at issue began after 2020. Kent Rep. ¶¶ 20–21, 129–30. WPE's post-2020 product names ("Core WordPress"), tagline ("The WordPress Technology Company"), and WordPress-style lettering are new designations, not continuations of descriptive references WPE made in the 2010s. Kent Rep. ¶¶ 205–13. Measured on the correct timeline, the record contains ample evidence of fame. [redacted] WPE00614640 at 651. WPE itself recognized in 2022 that [redacted] WPE00205917 at 936. WPE's attempt to rebut fame rests on a 2022 internal survey measuring aided awareness only among *non-WordPress* users—a subset that by design excludes the many millions of Americans who use WordPress and says nothing about recognition among the general consuming public. A8C00709457 at 625. And per the source WPE cites: "It is no secret that survey percentages can vary widely depending on which group of people are asked questions phrased in various ways." 3 McCarthy on Trademarks § 24:106 (5th ed.).

**WooCommerce.** WPE's argument rests entirely on four survey responses to questions that were not designed to measure confusion as to the Woo marks. Survey evidence is not required to show likelihood of confusion. *Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1404 n.14 (9th Cir. 1997) (identifying "at least three types of proof of likelihood of confusion," including "actual confusion"). WPE's own employees documented *actual confusion*: [redacted] WPE00140911 at 913; Kent Rep. ¶ 22; McGavock Rep. ¶ 97.

**Intentional Interference.** As explained in the initial letter brief (Dkt. 441 at 1), WPE's interference claims fail on the undisputed record. WPE's letter brief contains no legal or factual basis for moving on its intentional interference claims—in fact, it contains no citations to cases or record evidence *at all*. Having failed to identify any grounds for doing so, WPE should not be permitted to cross-move on these claims.

Pursuant to Part H.4 of the Court's Standing Order, I certify I have personally verified the accuracy of this letter.

Sincerely,

Shawn Rabin

Stephen Shackelford, Jr. (*pro hac vice*)
Shawn Rabin (*pro hac vice*)
Jillian Hewitt (*pro hac vice*)
Max Straus (*pro hac vice*)
Russell Rennie (*pro hac vice*)
Shauli Bar-On (356650)
Eudokia Spanos (*pro hac vice*)
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212)-336-8330
Email: sshackelford@susmangodfrey.com
Email: srabin@susmangodfrey.com
Email: jhewitt@susmangodfrey.com
Email: mstraus@susmangodfrey.com
Email: rrennie@susmangodfrey.com
Email: sbar-on@susmangodfrey.com
Email: espanos@susmangodfrey.com

Eliza Finley (301318)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
Email: efinley@susmangodfrey.com

*Attorneys for Defendant-Counterclaimants Automattic Inc. and WooCommerce Inc., and Counterclaimant WordPress Foundation*

Timothy P. Crudo (State Bar No. 143835)
Rees F. Morgan (State Bar No. 229899)
Mark L. Hejinian (State Bar No. 281417)
Daniel M. Bruggebrew (State Bar No. 307037)
Rachel Rose Suhr (State Bar No. 323531)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Email: ef-dbruggebrew@coblentzlaw.com
Email: ef-tcrudo@coblentzlaw.com
Email: ef-mhejinian@coblentzlaw.com
Email: ef-rmorgan@coblentzlaw.com
Email: ef-rsuhr@coblentzlaw.com

*Attorneys for Defendant Matthew C. Mullenweg*