QUINN EMANUEL URQUHART & SULLIVAN LLP
Rachel Herrick Kassabian (SBN 191060)
rachelkassabian@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Margret M. Caruso (SBN 243473)
margretcaruso@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael E. Williams (SBN 181299)
michaelwilliams@quinnemanuel.com
Kevin Y. Teruya (SBN 235916)
kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Brian Mack (SBN 275086)
brianmack@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Attorneys for WPEngine, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

WPENGINE, INC., a Delaware corporation,

Plaintiff,

v.

AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,

Defendants.

AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,

Counterclaimants,

v.

WPENGINE, INC., a Delaware corporation,

Counterdefendant.

Case No. 4:24-cv-06917-AMO

**WPENGINE, INC.'S STATEMENT IN CONNECTION WITH DEFENDANTS' AND COUNTERCLAIMANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [ECF NO. 445]**

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff WPEngine, Inc. ("WPE") respectfully submits this Statement in Connection with Defendants' and Counterclaimants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed [ECF No. 445] ("Defendants' Administrative Motion"), in connection with Counterclaimants' response letter in anticipation of a motion for summary judgment ("Response Letter") filed at ECF No. 445 and ECF No. 446.

The provisionally sealed material in the Response Letter (the "Designated Material") contains references to information that WPE has designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" pursuant to the Parties' Stipulated Protective Order, and reflects WPE's confidential and highly sensitive internal business information, including WPE's internal analysis of and strategic response to competitor branding, marketing strategy, search engine optimization, and paid search keyword strategies, the disclosure of which would cause competitive harm to WPE. For the reasons articulated herein and in the accompanying declaration of Chad Costello, WPE respectfully requests that the following portions of the Designated Material remain sealed:

| **Document Description** | **Dkt. No. of Redacted Version** | **Dkt. No. of Unredacted Version** | **Reason for Sealing** |
|---|---|---|---|
| Pages 2, 3—Highlighted references to the Expert Report of Peter Kent | 446 | 445-3 | Reflects information in the expert report designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" by WPE that discuss confidential and highly confidential WPE information. |
| Pages 2, 3—Highlighted references to the Expert Report of Daniel M. McGavock | 446 | 445-3 | Reflects information in the expert report designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" by WPE that discuss confidential and highly confidential WPE information. |

| **Document Description** | **Dkt. No. of Redacted Version** | **Dkt. No. of Unredacted Version** | **Reason for Sealing** |
|---|---|---|---|
| Page 1—Highlighted reference to WPE00062869 | 446 | 445-3 | Reflects information in internal documents designated "Highly Confidential – Attorneys' Eyes Only" by WPE concerning WPE's confidential competitive analysis, material that WPE treats as proprietary. |
| Page 2—Highlighted reference to WPE00105918 | 446 | 445-3 | Reflects information in internal documents designated "Confidential" by WPE concerning WPE's marketing and website strategy, material that WPE treats as proprietary. |
| Page 3—Highlighted reference to WPE00465386 | 446 | 445-3 | Reflects information in internal documents designated "Confidential" by WPE concerning third-party proprietary marketing analysis purchased by WPE. |
| Page 3—Highlighted reference to WPE00614640 | 446 | 445-3 | Reflects information in internal documents designated "Highly Confidential – Attorneys' Eyes Only" by WPE concerning WPE's nonpublic financial information, business strategy and competitive analysis, material that WPE treats as proprietary. |
| Page 3—Highlighted reference to WPE00205917 | 446 | 445-3 | Reflects information in internal documents designated "Confidential" by WPE concerning WPE's nonpublic financial information and business strategy, material that WPE treats as proprietary. |
| Page 3—Highlighted reference to WPE00140911 | 446 | 445-3 | Reflects information in internal documents designated "Highly Confidential – Attorneys' Eyes Only" by WPE concerning WPE's nonpublic marketing strategy, material that WPE treats as proprietary . |

Under Ninth Circuit law, the "compelling reasons" standard applies to sealing requests that are "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp.,*

*LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Because the Response Letter concerns summary judgment briefing, while non-dispositive in nature, it is more than tangentially related to the merits, and WPE therefore applies the compelling reasons standard here. Under this standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

Courts in this Circuit regularly find that there compelling reasons to seal "business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978)). Indeed, "documents that reveal non-public business strategies . . . may be filed under seal." *Flodin v. Cent. Garden & Pet Co.*, 2024 WL 2190145, at *1 (N.D. Cal. Apr. 8, 2024); *see also Riddick v. Sony Elecs., Inc.*, 2024 WL 3928899, at *2 (S.D. Cal. Aug. 23, 2024) (finding compelling reasons to seal "future business planning and competitive strategy"); *Adtrader, Inc. v. Google LLC*, 2020 WL 6395518, at *3 (N.D. Cal. Feb. 12, 2020) (sealing documents relating to Google's strategic decisions). Information of this kind satisfies even the heightened standard. *See Skillz Platform Inc. v. AviaGames Inc.*, 2023 WL 5767465, at *3 (N.D. Cal. Sept. 6, 2023) (sealing "confidential business information the release of which would cause competitive harm" and noting that such information "meet[s] the compelling reasons standard").

Compelling reasons exist to seal the materials provisionally filed under seal. The Designated Material reflects confidential, highly sensitive information concerning WPE's internal brand strategy, marketing communications, and search engine performance information, the disclosure of which would cause competitive harm to WPE. *See* Costello Decl. ¶¶ 4-12. The vast majority of the Designated Material concerns nonpublic details about WPE's internal brand and marketing strategy, including WPE's internal brand strategy objectives and brand development process, WPE's internal communications concerning the content of its marketing materials, and WPE's confidential search engine performance information. *Id.* The Designated Material also includes confidential communications that reveal nonpublic "business strategies," the disclosure of which would harm WPE's competitive standing by releasing such information to competitors and providing them

insight into WPE's business model. *Id.*; *see Adtrader*, 2020 WL 6395518, at *3; *Riddick*, 2024 WL 3928899, at *2 (finding compelling reasons to seal "future business planning and competitive strategy").

The Designated Material is treated as confidential and proprietary in the ordinary course of WPE's business. *See* Costello Decl. ¶ 3. WPE maintains strict confidentiality policies with respect to its internal business strategy and financial analysis, and its employees are informed of and expected to adhere to those policies. *Id.* The information contained in the Designated Material is not publicly known, and WPE takes active steps to preserve its confidentiality. *Id.* Disclosure of this information—whether to competitors, potential business partners, or the general public—would undermine WPE's competitive standing and cause the kind of harm that courts in this Circuit have consistently recognized as sufficient to warrant sealing. Further, WPE seeks to maintain under seal only limited portions of the Response Letter, and the portions WPE proposes to be sealed are narrowly tailored to protect only confidential information. *See Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) ("The request meets the narrow tailoring requirement because only confidential information has been redacted from the transcript.").

For these reasons, WPE respectfully requests that the Court order the Designated Material to remain sealed.

DATED: November 6, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Linda Brewer*
Linda Brewer
*Attorneys for Plaintiff WPEngine, Inc.*