STEPHEN SHACKELFORD, JR. (*pro hac vice*)
SHAWN RABIN (*pro hac vice*)
JILLIAN HEWITT (*pro hac vice*)
MAX STRAUS (*pro hac vice*)
RUSSELL RENNIE (*pro hac vice*)
EUDOKIA SPANOS (*pro hac vice*)
SHAULI BAR-ON (CA 356650)

**SUSMAN GODFREY L.L.P.**
One Manhattan West
New York, NY 10001-8602
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
sshackelford@susmangodfrey.com
srabin@susmangodfrey.com
jhewitt@susmangodfrey.com
mstraus@susmangodfrey.com
rrennie@susmangodfrey.com
espanos@susmangodfrey.com

ELIZA FINLEY (CA 301318)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
efinley@susmangodfrey.com

*Attorneys for Defendants and Counterclaimants Automattic Inc. and WooCommerce Inc., and Counterclaimant WordPress Foundation*

Timothy P. Crudo (CA 143835)
Rees F. Morgan (CA. 229899)
Mark L. Hejinian (CA. 281417)
Daniel M. Bruggebrew (CA 307037)
Rachel Rose Suhr (CA 323531)
**COBLENTZ PATCH DUFFY & BASS LLP**
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663

*Attorneys for Defendant Matthew Charles Mullenweg*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

WPENGINE, INC., a Delaware corporation,

Plaintiff,

vs.

AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation

Defendants.

AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation

Counterclaimants,

vs.

WPENGINE, INC., a Delaware corporation,

Counterdefendant.

Case No. 4:24-cv-06917-AMO (ASK)

Honorable Araceli Martínez-Olguín

**COUNTERCLAIMANTS' AMENDED STATEMENT IN RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**

Pursuant to Civil Local Rules 7-11 and 79-5, Automattic Inc. ("Automattic"), WooCommerce Inc., Matthew Mullenweg, and WordPress Foundation (collectively, "Counterclaimants") file this Amended Statement in Response to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 443, "Amended Statement") in connection with WPEngine, Inc.'s ("WPE") pre-filing letter brief concerning its anticipated motion for summary judgment ("the Letter"). Counterclaimants file this Amended Statement to withdraw their request that the Court seal the highlighted excerpts from A8C01335384 and A8C00190048.

The Letter cites, quotes, or discusses materials or information designated by Counterclaimants as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Counterclaimants request that the Court maintain the following portions of the Letter under seal:

| **Provisionally Sealed Portions of the Letter** | **Dkt. No. of Redacted Version** | **Dkt. No. of Unredacted Version** | **Dkt. No. of Declaration in Support of Sealing** | **Full or Partial Sealing Sought** | **Brief Statement of Reason for Sealing** |
|---|---|---|---|---|---|
| Page 1—Highlighted excerpt from A8C01516532 | 442 | 443-2 | 457-1 | Partial | Quotes from a confidential internal Slack message on trademark enforcement strategy. The quotes provide insight into proprietary business strategy decisions. *See* Menendez Decl. ¶ 7. |
| Page 2—Highlighted excerpt from Report of Dr. S. Seidman Diamond and M. Kugler | 442 | 443-2 | 457-1 | None | Counterclaimants do not request the Court seal this excerpt. |
| Page 2—Highlighted excerpts from A8C01335384 and A8C00190048 | 442 | 443-2 | 457-1 | None | Counterclaimants do not request the Court seal this excerpt. |

| **Provisionally Sealed Portions of the Letter** | **Dkt. No. of Redacted Version** | **Dkt. No. of Unredacted Version** | **Dkt. No. of Declaration in Support of Sealing** | **Full or Partial Sealing Sought** | **Brief Statement of Reason for Sealing** |
|---|---|---|---|---|---|
| Page 2—Highlighted excerpt from Deposition Testimony of Mary Hubbard | 442 | 443-2 | 457-1 | None | Counterclaimants do not request the Court seal this excerpt. |
| Page 3—Highlighted excerpt from A8C00709457 | 442 | 443-2 | 457-1 | Partial | Contains results from a proprietary brand survey that would allow competitors to avoid the cost, time, and effort to undertake their own such survey. *See* Menendez Decl. ¶ 8. |
| Page 3—Excerpt from Report of Dr. S. Seidman Diamond and M. Kugler | 442 | 443-2 | 457-1 | None | Counterclaimants do not request the Court seal this excerpt. |

As instructed by Civil Local Rules 79-5(f)(3) and 79-5(c), Counterclaimants submit this statement with (1) "a specific statement of the applicable legal standard and the reasons for keeping a document under seal"; (2) "evidentiary support from declarations where necessary"; and (3) "a proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed." A supporting declaration by Automattic Chief Litigation Officer Sarah Menendez and a proposed order with the listed material in a table format are attached to this statement. The requisite specific statement follows.

The "compelling reasons" standard applies to this request as the Letter concerning summary judgment is "more than tangentially related to the merits of a case." *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) (setting forth the "tangentially related to the merits" test); *Space Data Corp. v. Alphabet Inc.*, 2018 WL 10454865, at *5 (N.D. Cal. Dec. 17, 2018) (applying the test to letter briefs). There are compelling reasons to seal "business information

that might harm a litigant's competitive standing" from the court record. *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978)). "[D]ocuments that reveal non-public business strategies . . . may be filed under seal." *Flodin v. Cent. Garden & Pet Co.*, 2024 WL 2190145, at *1 (N.D. Cal. Apr. 8, 2024). Counterclaimants do not seek to seal the excerpts from (1) the Report of Dr. S. Seidman Diamond and M. Kugler; (2) A8C01335384 and A8C00190048; or (3) the Deposition Testimony of Mary Hubbard. Counterclaimants request only that the Court seal: (1) the excerpts from A8C01516532 and (2) the excerpts from A8C00709457.

**A8C01516532**

There are compelling reasons to seal the excerpted quotations from A8C01516532. The quotations are taken from internal Slack messages at Automattic, which Automattic designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The quoted message, authored by in-house counsel at Automattic, discusses trademark enforcement strategy. *See* Menendez Decl. ¶ 7. In a prior order, this Court found good cause to seal similar "confidential internal Slack communications." Dkt. 381 at 15, 26–27 (sealing employee Slack communications of both WPE and Automattic because they respectively "concern[ed] the content of [WPE's] marketing material" and "describe[d] internal strategy discussions"); Dkt. 333-3 to 333-6 (unredacted Automattic communications); Dkt. 290-9 (unredacted WPE communications). And as a recent order in another case explains, "Courts routinely seal this kind of information." *Iron Workers Loc. 580 Joint Funds v. NVIDIA Corp.*, 2026 WL 637331, at *3 (N.D. Cal. Mar. 6, 2026) (finding compelling reasons to seal internal NVIDIA emails). *See also eBay Inc. v. Boch*, 2022 WL 1131720, at *2 (N.D. Cal. Mar. 21, 2022) (granting request to seal quotations from "internal Amazon emails regarding business operation and strategy . . . as confidential internal financial and business information"). There are compelling reasons for the Court to do the same with the excerpted quotations from A8C01516532. Here, Automattic is likely to suffer harm to its competitive standing from competitors and other potential trademark infringers being privy to its "internal policies, priorities, and strategic communications" regarding trademark enforcement. *See Adtrader, Inc. v. Google LLC*, 2020 WL

6395518, at *3 (N.D. Cal. Feb. 12, 2020) (sealing documents that allowed similar insight into Google's strategic decisions).

**A8C00709457**

Last, there are compelling reasons to seal the excerpted figures from A8C00709457. The figures are taken from a nonpublic business strategy presentation, which Automattic designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." *See* Menendez Decl. ¶ 8. They are the results of a proprietary brand survey commissioned by the company. *Id.* This Court found good cause to seal similar nonpublic data produced by WPE. *See* Dkt. 381 at 24 (sealing testimony regarding ACF user survey data). *See also Newmark Realty Cap., Inc. v. BGC Partners, Inc.*, 2018 WL 10701600, at *2 (N.D. Cal. Aug. 31, 2018) (sealing "a confidential survey regarding Defendants' branding of commercial real estate services" under the good cause standard). The release of Automattic's "observations about consumer behavior and engagement" would cause competitive disadvantage and injury to the company. *See DeMartini v. Microsoft Corp.*, 2023 WL 4205770, at *3 (N.D. Cal. June 26, 2023). Disclosing those results would allow competitors to "circumvent the time and resources necessary" to undertake their own evaluations of consumer behavior. *See Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014); Menendez Decl. ¶ 8.

CONCLUSION

Counterclaimants' request is narrowly tailored to the identified harms. Counterclaimants seek only to redact confidential information. *See Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) ("The request meets the narrow tailoring requirement because only confidential information has been redacted from the transcript."). The material identified to be sealed is "narrow enough as to not significantly reduce the public's understanding" of the Letter. *See DeMartini*, 2023 WL 4205770, at *3. Further, these narrow redactions are the least restrictive way of protecting Counterclaimants' confidential business information.

Counterclaimants respectfully ask that the Court order that the requested material remain sealed.

Dated: November 9, 2026

**SUSMAN GODFREY L.L.P.**

By: /s/ Stephen Shackelford, Jr.
Stephen Shackelford, Jr. (*pro hac vice*)
Shawn Rabin (*pro hac vice*)
Jillian Hewitt (*pro hac vice*)
Max Straus (*pro hac vice*)
Russell Rennie (*pro hac vice*)
Eudokia Spanos (*pro hac vice*)
Shauli Bar-On (CA 356650)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001-8602
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
sshackelford@susmangodfrey.com
srabin@susmangodfrey.com
jhewitt@susmangodfrey.com
mstraus@susmangodfrey.com
rrennie@susmangodfrey.com
espanos@susmangodfrey.com

Eliza Finley (CA 301318)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
efinley@susmangodfrey.com

*Attorneys for Defendants and Counterclaimants Automattic Inc. and WooCommerce Inc., and Counterclaimant WordPress Foundation*

Timothy P. Crudo (CA 143835)
Rees F. Morgan (CA. 229899)
Mark L. Hejinian (CA. 281417)
Daniel M. Bruggebrew (CA 307037)
Rachel Rose Suhr (CA 323531)
**COBLENTZ PATCH DUFFY & BASS LLP**
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663

*Attorneys for Defendant Matthew Charles Mullenweg*