**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

WPENGINE, INC., a Delaware corporation,

*Plaintiff,*

v.

AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; and WOOCOMMERCE INC., a Delaware corporation,

*Defendants.*

---

AUTOMATTIC INC., a Delaware corporation; MATTHEW CHARLES MULLENWEG, an individual; WORDPRESS FOUNDATION, a California corporation; and WOOCOMMERCE INC., a Delaware corporation,

*Counterclaimants,*

v.

WPENGINE, INC., a Delaware corporation,

*Counterdefendant.*

Case No. 4:24-cv-06917-AMO (ASK)

**DECLARATION OF SARAH MENENDEZ IN SUPPORT OF AUTOMATTIC INC., WOOCOMMERCE INC., AND MATTHEW CHARLES MULLENWEG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

Honorable Araceli Martínez-Olguín

I, Sarah Menendez, hereby declare as follows:

1. I am the Chief Litigation Officer for Automattic Inc. ("Automattic").

2. I have personal knowledge of the facts set forth herein. If called upon as a witness in this action, I could and would testify competently thereto.

3. I submit this declaration in support of Automattic Inc., WooCommerce Inc., and Matthew Charles Mullenweg's Administrative Motion to File Under Seal in connection with Automattic Inc., WooCommerce Inc., and Matthew Charles Mullenweg's Motion for Summary Judgment ("Motion") (Dkt. 465).

4. Automattic makes internal written guidance available to all employees concerning confidentiality. Automattic informs its employees that all employees must maintain confidentiality around internal company information, which includes information transmitted via Slack, and that sharing private or confidential information externally is a serious breach that may jeopardize employment at Automattic. Automattic also informs its employees that there is an expectation that information shared in a private channel is generally treated as private and confidential.

5. In my role, I am knowledgeable of the processes that Automattic follows to ensure confidentiality when negotiating with third parties regarding their WordPress and WooCommerce hosting offerings and use of the WordPress and WooCommerce trademarks. When a deal is successfully negotiated, Automattic enters into a partnership and/or license agreement with the third party. These third parties include companies that compete with Automattic in offering WordPress web hosting services to customers. Before entering into negotiations with these third parties, Automattic typically enters into nondisclosure agreements to ensure the confidentiality of the negotiations.

6. Automattic employees frequently discuss business strategy internally, including candid evaluation of competition and partnership opportunities with other hosting providers. These communications are strictly internal to Automattic and treated as confidential.

7. In my experience and to the best of my knowledge, the confidentiality obligations specified above have been carefully followed at Automattic. I have reviewed the Motion from the

perspective of whether it includes information that Automattic would consider confidential under the policies and practices described above.

8. I have reviewed Exhibit 19, Volume III of the deposition of Matthew Mullenweg, CEO of Automattic. This deposition testimony discusses confidential information of Automattic, including Automattic's nonpublic business strategy and competitive analysis.

9. I have reviewed Exhibit 20, the Rebuttal Report of Dr. Andres Lerner. Dr. Lerner's report discusses confidential business information of both WP Engine, Inc. and Automattic.

10. I have reviewed Exhibit 27, Volume I of the deposition of Barry Abrahamson, 30(b)(6) designee for Automattic. This deposition testimony discusses confidential information of Automattic, including Automattic's nonpublic business strategy and competitive analysis.

11. I have reviewed Exhibit 28, Volume II of the deposition of Barry Abrahamson, 30(b)(6) designee for Automattic. This deposition testimony discusses confidential information of Automattic, including Automattic's nonpublic business strategy and competitive analysis.

12. I have reviewed Exhibit 29, A8C00680100. The exhibit is a copy of Automattic's services agreement with another corporation. The terms of this agreement are nonpublic, confidential corporate information. Disclosure of the terms of this agreement would allow competitors insight into Automattic's and the contracting party's negotiating posture, and would put both companies at a disadvantage in negotiating such agreements in the future.

13. I have reviewed Exhibit 30, Volume II of the deposition of Matthew Mullenweg at 401:13–25. This deposition testimony discusses confidential information of Automattic, including Automattic's nonpublic business strategy and competitive analysis.

14. I have reviewed Exhibit 34, the deposition of Vik Patel. This deposition testimony discusses confidential information of Automattic, including Automattic's nonpublic business strategy and competitive analysis.

15. I have reviewed Exhibit 35, Volume I of the deposition of Mary Hubbard, 30(b)(6) designee for Automattic. This deposition testimony discusses confidential information of Automattic, including Automattic's nonpublic business strategy and competitive analysis.

16. I have reviewed Exhibit 36, Volume I of the deposition of Matthew Mullenweg. This deposition testimony discusses confidential information of Automattic, including Automattic's nonpublic business strategy and competitive analysis.

17. I have reviewed Exhibit 49, the Rebuttal Report of David J. Youssef. Mr. Youssef's report discusses confidential business information of both WP Engine, Inc. and Automattic.

18. I have reviewed Exhibit 56, A8C00675242. This exhibit contains internal and confendential communications between Automattic employees.

19. The information in each of the above exhibits and excerpts is not publicly known. Public disclosure of this information would harm Automattic by allowing competitors insight into Automattic's business practices. Actual and potential counterparties could use the confidential information excerpted in and attached to the Motion as a negotiating tool in potential business transactions or to otherwise alter their business relationship with Automattic. The public filing of this information would be a gain to competitors they could not otherwise obtain.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 20th day of November, 2026, at Houston, Texas.

By: */s/ Sarah Menendez*
Sarah Menendez